IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | No. _____ |
| GEORGE A. WHITING PAPER COMPANY, | )<br>)<br>) | |
| Defendant. | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT NAMING
P.H. GLATFELTER COMPANY AS A PARTY DEFENDANT**

Plaintiffs Appleton Papers Inc. and NCR Corporation (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit the following brief in support of their Motion for Leave to File an Amended Complaint.

**INTRODUCTION**

This case concerns the allocation of costs for the cleanup of polychlorinated biphenyl ("PCB") contamination that exists in the sediment of the Lower Fox River in Wisconsin. The cleanup will be the largest environmental dredging project ever undertaken in the world. For many years, several of the parties who are potentially responsible for the PCB contamination ("PRPs") have worked with the United States Environmental Protection Agency ("USEPA") and the Wisconsin Department of Natural Resources ("WDNR") to evaluate options for this cleanup work. The preference has been for cooperative action to keep the work moving forward. To this end, most PRPs entered into tolling and standstill agreements with each other so that their resources could be directed toward the cleanup work, rather than litigation. In

addition, four consent decrees relating to the Lower Fox River cleanup have been previously approved by this Court.  *See United States of America and the State of Wisconsin v. Appleton Papers Inc. and NCR Corporation,* 2:01-cv-00816-LA; *United States of America and the State of Wisconsin v. Fort James Operating Company*, 2:02-cv-00602-LA; *United States of America and the State of Wisconsin  v. P.H. Glatfelter Company and WTM I Company,* 2:03-cv-00949-LA; *United States of America and the State of Wisconsin  v. NCR Corporation and Sonoco-US Mills Inc.,* 2:06-cv-00484-LA.

The bulk of the cleanup work is yet to be done, and in November 2007, USEPA issued a unilateral administrative order to certain of the Lower Fox River PRPs, requiring them to perform this remaining work.  Knowing that this order was forthcoming, certain of the PRPs embarked on a mediation process to try to reach an agreement about how much of the total costs each would pay.  That process is still ongoing, with the next mediation session scheduled for early February.  However, it is not clear whether this mediation process will be ultimately successful.  Moreover, one major PRP – P.H. Glatfelter Company ("Glatfelter") – has taken actions indicating it will not meaningfully participate further in the mediation, including filing a motion to reopen the consent decree proceeding (E.D. Wisc., docket no. 2:03-cv-00949-LA) for the cleanup of the upper part of the Lower Fox River (known as "operable unit 1," or "OU 1") so it can litigate its purported liability defenses in a piece-meal fashion (as discussed further below).  Given these circumstances, and the impending substantial costs that must be allocated, Plaintiffs had no choice but to file the instant action.  Plaintiffs have served notice that they are terminating the tolling and standstill agreements with Glatfelter.

The purpose of this lawsuit is to put in place a procedure for determining each unsettled PRP's allocable share of the cleanup costs and natural resource damages.  Originally,

2

only Defendant George Whiting Company was named in the Complaint, because it had declined to execute a tolling and standstill agreement.  Pursuant to this Motion to Amend, Plaintiffs now seek leave of the Court to add Glatfelter as a party as well, upon expiration of the existing tolling and standstill agreements with Glatfelter.  And depending on how the upcoming mediation proceeds, Plaintiffs may need to add additional parties.  In the end, Plaintiffs expect that all the PRPs who have not otherwise resolved their responsibility will be before the Court in this single action, so that all their respective evidence can be presented at one time for the Court's consideration.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(1)(A) grants a party the right to "amend its pleading once as a matter of course . . . before being served with a responsive pleading."  FED. R. CIV. P. 15(a)(1)(A).  Federal Rule of Civil Procedure 21 governs the addition of parties to a lawsuit, and provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  FED. R. CIV. P. 21.  The "liberal standards upon which amendments are to be granted when leave of court is required under Rule 15(a) should also guide the trial judge in resolving motions to add parties under Rule 21."  *Rollins Burdick Hunter, Inc. v. Lemberger*, 105 F.R.D. 631, 637 (E.D. Wis. 1985).  Specifically, courts have recognized that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

These requirements are plainly met here.  At this point, Defendant George A. Whiting Paper Company has not filed a responsive pleading, and this action is in its earliest stage.  Nor have Plaintiffs previously amended their Complaint.  Leave to file an Amended Complaint should therefore be granted as a matter of course.  *See* FED. R. CIV. P. 15(a)(1)(A); *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served").

Furthermore, there is no indication that this Motion for Leave to Amend has been filed for any improper purpose.  On the contrary, adding Glatfelter as a party defendant is clearly in the interests of justice and judicial economy.  Glatfelter recently moved to re-open the OU 1 consent decree proceeding in order to litigate with the United States and the State of Wisconsin, and no one else, its responsibility for cleanup costs and natural resource damages over the entire Lower Fox River.  By so doing, Glatfelter would have this Court resolve the allocable share issue in a piece-meal (not to mention jurisdictionally suspect) way.  In contrast, Plaintiffs will seek, through this lawsuit, to bring before this Court every PRP that has not voluntarily resolved its responsibility.  This will allow for a global resolution of the share allocation issues in a single action specifically designed for this purpose.  In this way, this Motion represents the first step towards establishing a cost-effective, efficient and comprehensive process for resolving the share allocation issues.  This Motion is therefore clearly in the interests of justice and judicial economy, and should be granted under Rules 15(a) and 21.  *See e.g., Lemberger*, 105 F.R.D. at 636 (Rule 21 "has long been invoked as a remedial device for the addition of parties where such is appropriate in the interest of justice . . . In this context, it is specifically intended to permit the joinder of a person who, through inadvertence, mistake, or for some other reason, had not been made a party and is later found to be necessary or desirable") (citations omitted).

4

## **CONCLUSION**

For the foregoing reasons, Plaintiffs Appleton Papers Inc. and NCR Corporation hereby request that the Court grant their Motion and issue an Order permitting Plaintiffs to file on or before February 8, 2008, and upon expiration of the tolling and standstill agreements, an Amended Complaint adding P.H. Glatfelter Corporation as a party defendant, with summons to issue.

Dated this 7th day of January 2008.

APPLETON PAPERS INC.

_/s/ Linda Doyle_____
By: One of Its Attorneys

NCR CORPORATION

_/s/ J. Andrew Schlickman_____
By: One of its Attorneys

Counsel for NCR Corporation:
J. Andrew Schlickman
Evan Westerfield
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Counsel for Appleton Papers Inc.:
Linda Doyle
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 984-6905
Fax: (312) 984-7700

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 7th day of January 2008, true and correct copies of Plaintiffs' Motion for Leave to File an Amended Complaint, and Brief in Support, were attached to the Summons to be served on George A. Whiting Paper Company for courtesy service.

 /s/ J. Andrew Schlickman
J. Andrew Schlickman