

GASS WEBER MULLINS LLC

309 N WATER ST  MILWAUKEE WI 53202
TEL 414 223 3300  FAX 414 224 6116
WWW.GASSWEBERMULLINS.COM

**<u>VIA MESSENGER</u>**

J. RIC GASS
DIRECT DIAL: 414 224-7697
gass@gasswebermullins.com

January 14, 2008

Hon. Lynn S. Adelman
United States District Court
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, WI 53202

      Re:   *United States, et al. v. PH Glatfelter Co., et al.*
             Case No. 03-CV-949

Dear Judge Adelman:

      I represent NCR Corporation in the matter *Appleton Papers Inc. v. George Whiting Paper Co.*, Case No. 08-C-0016, pending before Judge Griesbach. (That matter was assigned to Judge Griesbach by Judge Stadtmueller.) Filed last week, this new matter concerns the allocation of costs and damages arising out of the PCB contamination in the Fox River among the potentially responsible parties (PRPs), including P.H. Glatfelter Company.

      We understand that you currently have pending before you a motion by Glatfelter seeing leave to adjudicate its responsibility for the Fox River contamination in a separate, consent decree proceeding, No. 2:03-CV-00949. We wanted to ensure you were aware of the pendency of this other action before Judge Griesbach given the motion filed by Glatfelter in Case No. 2:03-CV-00949. Accordingly, enclosed are the complaint and motion for leave to amend that have been filed in Case No. 08-C-0016 before Judge Griesbach.

                         Very truly yours,

                         J. Ric Gass

DJT:JRG/kjb

Enclosures

Hon. Lynn S. Adelman
January 14, 2008
Page 2


cc:     Randall M. Stone (w/encl.)
        Daniel C. Beckhard (w/encl.)
        Matthew V. Richmond (w/encl.)
        Jerry L. Hancock (w/encl.)
        David G. Mandelbaum (w/encl.)
        William H. Harbeck (w/encl.)

APPLETON PAPERS INC. and                    )
NCR CORPORATION,                            )
                                            )
                    Plaintiffs,             )
                                            )
            v.                              )    No. __08-C-0016__
                                            )
                                            )
GEORGE A. WHITING PAPER COMPANY,            )
                                            )
                                            )
                    Defendant.              )

## COMPLAINT

Plaintiffs Appleton Papers Inc. ("API") and NCR Corporation ("NCR"), by and through their undersigned counsel, allege as follows:

## INTRODUCTION

1.      This civil action is brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. § 9601 et seq. ("CERCLA"), also known as Superfund.  It concerns the allocation of costs and damages arising out of polychlorinated biphenyl ("PCB") contamination of the Lower Fox River and Green Bay in Wisconsin ("Lower Fox River Contamination").

2.      API and NCR have been the leaders among the responsible parties in working with the U.S. Environmental Protection Agency ("USEPA") and the Wisconsin Department of Natural Resources ("WDNR") (together, the "Agencies") to address and

remediate Lower Fox River Contamination. As set forth below in more detail, API and NCR have provided the Agencies with critical funding to complete their investigations of the Lower Fox River Contamination and their evaluations of cleanup options. Also, NCR has worked with another responsible party to conduct the design of the remedy selected by the Agencies, and has worked with yet another responsible party to undertake the first phase of the remedial work in the Lower Fox River, and API has contributed both money and support to these efforts. In addition, API and NCR have made substantial payments to the trustees for natural resource damages to allow them to implement various restoration projects even before the design of the remedy is complete. The amounts API and NCR have spent on these activities are well in excess of their responsibility for this work.

3.     The purpose of this lawsuit is to allocate the equitable shares of the cleanup costs and natural resource damages associated with the Lower Fox River Contamination, and to require Defendant and the other responsible parties to pay for the upcoming remedial work and natural resource damages activities in accordance with their allocated shares. Altogether, there are in excess of two dozen parties responsible for the Lower Fox River Contamination. Most of these parties have entered into tolling and standstill agreements with regard to claims relating to Lower Fox River Contamination. Some of the parties have been engaged in a mediation process in an effort to allocate among themselves the shares for cleanup costs and natural resource damages. The mediation is ongoing, with the next session scheduled for early 2008. If the mediation effort is not successful, and as the various tolling and standstill agreements expire, then it will be necessary to add other parties to this action. Defendant in this action, George A. Whiting Paper Company, declined to enter into a tolling and standstill agreement.

2

4.     The responsible parties disagree about the size of the other parties' shares of the Lower Fox River cleanup costs and damages. Also, the vast majority of the cleanup costs for the Lower Fox River have yet to be incurred. Accordingly, in this Complaint API and NCR seek a declaratory judgment allocating the API/NCR share of future cleanup costs and damages, as well as the shares of Defendant and all other parties that are added to this action. API and NCR also seek judgment against Defendant and all other parties that are added to this action for the cleanup costs and damages API and NCR have incurred to date, allocated in accordance with such shares.

## JURISDICTION

5.     This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331 (federal question).

6.     Venue is proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the events giving rise to the claims stated in this Complaint, including the alleged releases of hazardous substances, occurred in this District, and the Lower Fox River is located entirely within this District. Additionally, Defendant conducted business or operations within this District at times relevant to the events described in this Complaint.

## PARTIES

7.     Plaintiff API is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

8.     Plaintiff NCR is a Maryland corporation with its principal place of business in Dayton, Ohio.

3

9.      Defendant George A. Whiting Paper Company ("Whiting Paper Co.") is a Wisconsin corporation with its principal place of business in Menasha, Wisconsin.

## GENERAL ALLEGATIONS

### The Lower Fox River Site

10.     This case concerns PCB contamination of the Lower Fox River and Green Bay ("Lower Fox River Site"). The Lower Fox River Site runs 39 miles northeast from Lake Winnebago until it discharges into Green Bay. WDNR has estimated that the sediments in the Lower Fox River Site contain approximately 210,000 pounds of PCBs.

### Whiting Paper Co. Releases

11.     At all relevant times, Defendant Whiting Paper Co. owned and operated a paper mill in Menasha, Wisconsin (the "Whiting Paper Co. Mill"). During that time, PCBs were released from the Whiting Paper Co. Mill, either directly or through a municipal wastewater treatment plant, into the Lower Fox River Site.

### Cleanup Work and Natural Resource Damages at the Lower Fox River Site

12.     On November 13, 2007, USEPA issued a unilateral administrative order (the "Order"), pursuant to 42 U.S.C. § 9606(a), which requires API, NCR and other respondents to conduct certain remedial actions in the downriver part of the Lower Fox River Site. Only eight companies were identified as respondents by USEPA in the Order.

13.     The Order comes after various parties have been working for years to address the Lower Fox River Contamination. In the mid-1990s, API, NCR and several other entities joined together to form the Fox River Group. The Fox River Group, among other

4

activities, identified and evaluated methods to address environmental issues at the Lower Fox River Site. Defendant Whiting Paper Co. has not been involved in the Fox River Group.

14.     In January 1997, API, NCR and the other members of the Fox River Group signed an agreement with the State of Wisconsin ("State Agreement") to, among other things, spend a total of $10,000,000 assessing and responding to the Lower Fox River Contamination and implementing certain natural resource damages restoration projects. Pursuant to the State Agreement, API, NCR and the other members of the Fox River Group paid for and supervised projects that removed over 2,000 pounds of PCBs from the Lower Fox River Site.

15.     The members of the Fox River Group performed this work between 1997 and 2001 and paid in excess of $20,000,000 in costs and damages, a substantial portion of which were borne by API and NCR. At this time, the obligations imposed by the State Agreement have been completed. The State of Wisconsin formally terminated the State Agreement in July 2001.

16.     On December 10, 2001, a Consent Decree involving API, NCR, the United States and the State of Wisconsin was approved and entered by this Court ("2001 Consent Decree"). Under the terms of the 2001 Consent Decree, API and NCR agreed to provide $41,500,000 over four years to fund, among other things, response action and natural resource damages restoration projects at the Lower Fox River Site that were consistent with the National Contingency Plan and CERCLA, and to reimburse natural resource damages trustees for past assessment costs. In December 2005, API and NCR agreed to extend the 2001 Consent Decree for an additional year to allow funding of certain additional natural resource damage restoration projects and assessment costs ("2005 Consent Decree Extension"). API

5

and NCR have paid, pursuant to the 2001 Consent Decree and the 2005 Consent Decree Extension, in excess of $42 million for response action projects and natural resource damages at the Lower Fox River Site.

17.     In January 2003, after many years of study, WDNR and USEPA released a Record of Decision outlining in broad terms the remedial action to be conducted in the upriver portion of the Lower Fox River Site ("Upriver ROD"). The remedy selected in the Upriver ROD consisted of a combination of dredging sediments with PCB concentrations exceeding 1 part per million and monitoring sediments with lower levels of PCBs.

18.     In July of 2003, WDNR and USEPA released a Record of Decision outlining in broad terms the remedial action to be conducted in the downriver portion of the Lower Fox River Site ("Downriver ROD"). The remedy selected in the Downriver ROD consisted primarily of dredging sediments with PCB concentrations exceeding 1 part per million and monitoring sediments with lower levels of PCBs at the mouth of the river at Green Bay.

19.     In March 2004, NCR and Fort James Operating Company ("Fort James") entered into an Administrative Settlement Agreement and Order on Consent with the State of Wisconsin and the United States, pursuant to which NCR and Fort James agreed to perform the work necessary to design the remedy outlined in the Downriver ROD, and API has contributed both money and support to the design effort. As of the filing of this Complaint, API and NCR have paid, pursuant to this Administrative Settlement Agreement and Order on Consent alone, in excess of $2.8 million for response actions to design the Downriver ROD.

20.     In April 2006, NCR and U.S. Paper Mills Corp. ("U.S. Paper") entered into a Consent Decree with the United States and the State of Wisconsin to implement Phase 1

6

of the downriver remedy ("2006 Phase 1 Consent Decree"), and API has contributed both money and support to this effort. To date, API and NCR have paid in excess of $7.8 million pursuant to the 2006 Phase 1 Consent Decree and further estimate that over the next year they will pay $1.8 million or more to fulfill the obligations under the 2006 Phase 1 Consent Decree.

21.     In June 2007, the United States and the State of Wisconsin issued an amendment to the 2003 Downriver ROD ("2007 Amended ROD"). Very little if any of the work required under the 2007 Amended ROD has been performed to date, and accordingly few of the costs of the 2007 Amended ROD have been incurred yet. The Order recently issued by USEPA requires the eight named respondents to complete the design of and then implement the remedy set forth in the 2007 Amended ROD. API/NCR expect that they will be required to pay considerably more than they have paid to date in order to comply with the Order.

22.     USEPA has determined that remedial action was and is necessary at the Lower Fox River Site.

23.     USEPA has determined that the actions that have been taken and are being taken by API and NCR at the Lower Fox River Site were and are consistent with the National Contingency Plan.

24.     In addition to those costs and damages paid or to be paid pursuant to the State Agreement, the 2001 Consent Decree, the 2005 Consent Decree Extension, the Administrative Settlement Agreement and Order on Consent and the 2006 Phase 1 Consent Decree, API and NCR have paid additional costs, including the costs of identifying other responsible parties, conducting risk assessments, funding natural resource damages projects, and otherwise investigating and responding to the Lower Fox River Contamination.

7

## COUNT I -- CLAIM UNDER CERCLA § 107

25.     API and NCR reallege and incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

26.     Pursuant to Section 107(a)(4)(B) and 107(a)(4)(C) of CERCLA, 42 U.S.C. §§ 9607(a)(4)(B) and 9607(a)(4)(C), any person who is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), shall be liable for necessary response costs incurred by any other person consistent with the National Contingency Plan and for natural resource damages.

27.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), makes liable, among others: (i) the current owner and operator of a facility; (ii) the owner or operator, at the time of disposal of hazardous substances, of a facility at which such hazardous substances were disposed of; and (iii) any person who, by contract, agreement or otherwise, arranged for disposal or treatment of hazardous substances at any facility containing such hazardous substances.

28.     The Lower Fox River Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29.     The Whiting Paper Co. Mill also is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

30.     Defendant Whiting Paper Co. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

31.     API is a "person" within the meaning of Sections 101(21) and 107(a)(4)(B) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a)(4)(B).

32.     NCR is a "person" within the meaning of Sections 101(21) and 107(a)(4)(B) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a)(4)(B).

8

33.     PCBs are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

34.     Papermaking activities conducted by Whiting Paper Co. at the Whiting Paper Co. Mill resulted in the release of PCBs, either directly or through a municipal wastewater treatment plant, into the Lower Fox River Site. As a result, Whiting Paper Co. arranged for the disposal and/or treatment of hazardous substances it owned or possessed at a facility containing such substances within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

35.     Whiting Paper Co. was a person who at the time of disposal of a hazardous substance owned or operated a facility, the Whiting Paper Co. Mill, at which such hazardous substances were disposed of, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

36.     Whiting Paper Co. is the current owner and operator of a facility, the Whiting Paper Co. Mill, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

37.     PCBs have been released at and from the facilities identified above, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

38.     In connection with these releases of PCBs from the facilities identified above, API and NCR have paid and will continue to pay costs for necessary response actions at the Lower Fox River Site consistent with the National Contingency Plan, within the meaning of Section 101(31) of CERCLA, 42 U.S.C. § 9601(31) ("Lower Fox River Costs"), and natural resource damages.

9

39. Defendant Whiting Paper Co. is liable for the Lower Fox River Costs and damages paid to date by API and NCR, and consequently API and NCR are entitled to recover these costs and damages from Defendant.

40. Alternatively, API and NCR have paid more than API/NCR's allocable share of the Lower Fox River Costs and damages paid to date. API and NCR request that the Court determine the parties' proper allocable shares with respect to Lower Fox River Costs and damages and determine that Defendant Whiting Paper Co. is liable to API and NCR for those Lower Fox River Costs and damages paid by API and NCR that are in excess of API/NCR's allocable share and that are properly attributable to Defendant.

41. Pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l), API and NCR have provided a copy of this Complaint to the Attorney General of the United States and the Administrator of USEPA.

42. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), API and NCR are entitled to recover interest on the Lower Fox River Costs and damages they have paid or may pay in the future.

10

## COUNT II – CLAIM UNDER CERCLA § 113

43.     API and NCR reallege and incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

44.     Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), authorizes any person to seek contribution from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42. U.S.C. § 9607(a).

45.     API and NCR have reimbursed the United States and the State of Wisconsin for amounts greater than API/NCR's allocable share of the Lower Fox River Costs and damages paid to date. API and NCR also have made other payments relating to Lower Fox River Costs and damages that are greater than API/NCR's allocable share of Lower Fox River Costs and damages. Defendant Whiting Paper Co. is liable for those Lower Fox River Costs and damages paid by API and NCR that are in excess of API/NCR's allocable share and that are properly attributable to Defendant.

46.     Pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l), API and NCR have provided a copy of this Complaint to the Attorney General of the United States and the Administrator of USEPA.

47.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), API and NCR are entitled to recover interest on the Lower Fox River Costs and damages they have paid and will pay in the future in excess of API/NCR's allocable share.

11

## COUNT III – CLAIM FOR DECLARATORY RELIEF

48.     API and NCR reallege and incorporate by reference paragraphs 1 through 47 as if fully set forth herein.

49.     Through various letters and most recently the Order to implement the remedy set forth in the 2007 Amended ROD, the United States, the State of Wisconsin and the natural resource damages trustees have demanded that API, NCR and other potentially responsible parties fund the response work and natural resource damages projects to be undertaken at the Lower Fox River Site.

50.     Defendant has refused to acknowledge that it is liable to API and NCR for response costs and damages arising out of the Lower Fox River Contamination. Thus, an actual, substantial, and legal controversy has arisen and now exists between API and NCR, on the one hand, and Defendant Whiting Paper Co., on the other, with regard to responsibility for the Lower Fox River Costs and damages and how these should be allocated among API and NCR, on the one hand, and Defendant, on the other. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.     Absent a judicial declaration setting forth the parties' rights and obligations, including the appropriate allocable shares under CERCLA, a multiplicity of actions may result, and API and NCR may be obligated in the future to pay costs and damages that, under CERCLA, are in fact the responsibility of Defendant.

52.     For these reasons, API and NCR seek a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Section 2201 of the Judicial Code, 28 U.S.C. § 2201, allocating Lower Fox River Costs and damages among API/NCR, on the one

12

hand, and Defendant, on the other, and holding Defendant liable for that share of Lower Fox River Costs and damages allocated to it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Appleton Papers Inc. and NCR Corporation respectfully request that the Court enter judgment in favor of API and NCR and against Defendant:

(1) Awarding API and NCR a declaratory judgment determining API/NCR's allocable share, on the one hand, and Defendant's share, on the other, for Lower Fox River Costs and damages, determining that Defendant is liable for those costs and damages that are allocable to Defendant, and holding that these determinations will be binding on any subsequent action or actions to recover further response costs or damages;

(2) Awarding API and NCR recovery against Defendant for the Lower Fox River Costs and damages paid by API and NCR, with interest;

(3) Awarding API and NCR contribution against Defendant for Lower Fox River Costs and damages paid by API and NCR that are allocable to Defendant, with interest; and

(4) Granting API and NCR such other legal and equitable relief as the Court deems just, proper, or necessary.

Respectfully Submitted,

APPLETON PAPERS INC.

By: One of Its Attorneys

NCR CORPORATION

By: One of Its Attorneys

13

Counsel for Appleton Papers Inc.
Linda Doyle (Illinois Bar No. 6269231)
Admitted in the E.D. of Wisconsin
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 984-6905
Fax: (312) 984-7700

Counsel for NCR Corporation
J. Andrew Schlickman (Illinois Bar No. 3122104)
Evan Westerfield (Illinois Bar No. 6217037)
Admitted in the E.D. of Wisconsin
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Dated: January 7, 2008

14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| | ) | |
| GEORGE A. WHITING PAPER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT NAMING P.H. GLATFELTER COMPANY AS A PARTY DEFENDANT

Plaintiffs Appleton Papers Inc. and NCR Corporation (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move this Court for an Order granting Plaintiffs leave to file on or before February 8, 2008, and upon expiration of the tolling and standstill agreements, an Amended Complaint naming P.H. Glatfelter Company as a party defendant, with summons to issue. Plaintiffs bring this Motion pursuant to Federal Rules of Civil Procedure 15(a)(1)(A) and 21. Pursuant to Local Rule 15.1, a copy of the Amended Complaint, in its entirety, is attached as Exhibit 1 to this Motion. Plaintiffs also submit along with this Motion a brief in support.

Dated this 7th day of January 2008.

APPLETON PAPERS INC.


  /s/ Linda Doyle
By: One of Its Attorneys


NCR CORPORATION


  /s/ J. Andrew Schlickman
By: One of its Attorneys


Counsel for NCR Corporation:
J. Andrew Schlickman
Evan Westerfield
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Counsel for Appleton Papers Inc.:
Linda Doyle
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606
(312) 984-6905
Fax: (312) 984-7700

CHI 4113409v.1

2

**EXHIBIT**

**1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| GEORGE A. WHITING PAPER COMPANY,<br>P. H. GLATFELTER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED COMPLAINT

Plaintiffs Appleton Papers Inc. ("API") and NCR Corporation ("NCR"), by and through their undersigned counsel, allege as follows:

### INTRODUCTION

1.     This civil action is brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. § 9601 et seq. ("CERCLA"), also known as Superfund. It concerns the allocation of costs and damages arising out of polychlorinated biphenyl ("PCB") contamination of the Lower Fox River and Green Bay in Wisconsin ("Lower Fox River Contamination").

2.     API and NCR have been the leaders among the responsible parties in working with the U.S. Environmental Protection Agency ("USEPA") and the Wisconsin Department of Natural Resources ("WDNR") (together, the "Agencies") to address and

remediate the Lower Fox River Contamination. As set forth below in more detail, API and NCR have provided the Agencies with critical funding to complete their investigations of the Lower Fox River Contamination and their evaluations of cleanup options. Also, NCR has worked with another responsible party to conduct the design of the remedy selected by the Agencies, and has worked with yet another responsible party to undertake the first phase of the remedial work in the Lower Fox River, and API has contributed both money and support to these efforts. In addition, API and NCR have made substantial payments to the trustees for natural resource damages to allow them to implement various restoration projects even before the design of the remedy is complete. The amounts API and NCR have spent on these activities are well in excess of their responsibility for this work.

       3.     The purpose of this lawsuit is to allocate the equitable shares of the cleanup costs and natural resource damages associated with the Lower Fox River Contamination, and to require Defendants and the other responsible parties to pay for the upcoming remedial work and natural resource damages activities in accordance with their allocated shares. Altogether, there are in excess of two dozen parties responsible for the Lower Fox River Contamination. Most of these parties have entered into tolling and standstill agreements with regard to claims relating to Lower Fox River Contamination. Some of the parties have been engaged in a mediation process in an effort to allocate among themselves the shares for cleanup costs and natural resource damages. The mediation is ongoing, with the next session scheduled for early 2008. If the mediation effort is not successful, and as the various tolling and standstill agreements expire, then it will be necessary to add other parties to this action.

       4.     Defendant George A. Whiting Paper Company declined to enter into a tolling and standstill agreement. Defendant P.H. Glatfelter Company has taken actions

2

indicating it will not participate further in the mediation, including moving to reopen the consent decree proceeding for the cleanup of the upper part of the Lower Fox River (known as operable unit 1, or OU 1), 2:03-cv-00949-LA, in order to litigate with the United States and the State of Wisconsin, and no one else, its responsibility for cleanup costs and natural resource damages over the entire Lower Fox River Site.

        5.     The responsible parties disagree about the size of the other parties' shares of the Lower Fox River cleanup costs and damages. Also, the vast majority of the cleanup costs for the Lower Fox River have yet to be incurred. Accordingly, in this Complaint API and NCR seek a declaratory judgment allocating the API/NCR share of future cleanup costs and damages, as well as the shares of Defendants and all other parties that are added to this action. API and NCR also seek judgment against Defendants and all other parties that are added to this action for the cleanup costs and damages API and NCR have incurred to date, allocated in accordance with such shares.

## JURISDICTION

        6.     This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331 (federal question).

        7.     Venue is proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the events giving rise to the claims stated in this Complaint, including the alleged releases of hazardous substances, occurred in this District, and the Lower Fox River is located entirely within this District. Additionally, Defendants conducted business or operations within this District at times relevant to the events described in this Complaint.

3

## PARTIES

8.    Plaintiff API is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

9.    Plaintiff NCR is a Maryland corporation with its principal place of business in Dayton, Ohio.

10.    Defendant George A. Whiting Paper Company ("Whiting Paper Co.") is a Wisconsin corporation with its principal place of business in Menasha, Wisconsin.

11.    Defendant P.H. Glatfelter Company ("Glatfelter") is a Pennsylvania corporation with its principal place of business in York, Pennsylvania.  P.H. Glatfelter Company is a successor to Bergstrom Paper Company.  P.H. Glatfelter Company and Bergstrom Paper Company shall be referred to collectively hereafter as "Glatfelter."

## GENERAL ALLEGATIONS

### The Lower Fox River Site

12.    This case concerns PCB contamination of the Lower Fox River and Green Bay ("Lower Fox River Site").  The Lower Fox River Site runs 39 miles northeast from Lake Winnebago until it discharges into Green Bay.  WDNR has estimated that the sediments in the Lower Fox River Site contain approximately 210,000 pounds of PCBs.

### Defendants' Releases

13.    At all relevant times, Defendant Whiting Paper Co. owned and operated a paper mill in Menasha, Wisconsin (the "Whiting Paper Co. Mill").  During that time, PCBs were released from the Whiting Paper Co. Mill, either directly or through a municipal wastewater treatment plant, into the Lower Fox River Site.

4

14.    At all relevant times, Defendant Glatfelter owned and operated a paper
mill in Neenah, Wisconsin (the "Glatfelter Mill"). During that time, PCBs were released from
the Glatfelter Mill into the Lower Fox River Site, both directly and through a paper mill sludge
landfill used by Glatfelter.

### Cleanup Work and Natural Resource Damages at the Lower Fox River Site

15.    On November 13, 2007, USEPA issued a unilateral administrative order
(the "Order"), pursuant to 42 U.S.C. § 9606(a), which requires API, NCR, Glatfelter and other
respondents to conduct certain remedial actions in the downriver part of the Lower Fox River
Site. Only eight companies were identified as respondents by USEPA in the Order.

16.    The Order comes after various parties have been working for years to
address the Lower Fox River Contamination. In the mid-1990s, API, NCR and several other
entities joined together to form the Fox River Group. The Fox River Group, among other
activities, identified and evaluated methods to address environmental issues at the Lower Fox
River Site. Defendant Glatfelter was a member of the Fox River Group. Defendant Whiting
Paper Co. has not been involved in the Fox River Group.

17.    In January 1997, API, NCR and the other members of the Fox River
Group signed an agreement with the State of Wisconsin ("State Agreement") to, among other
things, spend a total of $10,000,000 assessing and responding to the Lower Fox River
Contamination and implementing certain natural resource damages restoration projects.
Pursuant to the State Agreement, API, NCR and the other members of the Fox River Group paid
for and supervised projects that removed over 2,000 pounds of PCBs from the Lower Fox River
Site.

18.     The members of the Fox River Group performed this work between 1997
and 2001 and paid in excess of $20,000,000 in costs and damages, a substantial portion of which
were borne by API and NCR.  At this time, the obligations imposed by the State Agreement have
been completed.  The State of Wisconsin formally terminated the State Agreement in July 2001.

19.     On December 10, 2001, a Consent Decree involving API, NCR, the
United States and the State of Wisconsin was approved and entered by this Court ("2001
Consent Decree").  Under the terms of the 2001 Consent Decree, API and NCR agreed to
provide $41,500,000 over four years to fund, among other things, response action and natural
resource damages restoration projects at the Lower Fox River Site that were consistent with the
National Contingency Plan and CERCLA, and to reimburse natural resource damages trustees
for past assessment costs.  In December 2005, API and NCR agreed to extend the 2001 Consent
Decree for an additional year to allow funding of certain additional natural resource damage
restoration projects and assessment costs ("2005 Consent Decree Extension").  API and NCR
have paid, pursuant to the 2001 Consent Decree and the 2005 Consent Decree Extension, in
excess of $42 million for response action projects and natural resource damages at the Lower
Fox River Site.

20.     In January 2003, after many years of study, WDNR and USEPA released a
Record of Decision outlining in broad terms the remedial action to be conducted in the upriver
portion of the Lower Fox River Site ("Upriver ROD").  The remedy selected in the Upriver ROD
consisted of a combination of dredging sediments with PCB concentrations exceeding 1 part per
million and monitoring sediments with lower levels of PCBs.

21.     In July of 2003, WDNR and USEPA released a Record of Decision
outlining in broad terms the remedial action to be conducted in the downriver portion of the

6

Lower Fox River Site ("Downriver ROD"). The remedy selected in the Downriver ROD consisted primarily of dredging sediments with PCB concentrations exceeding 1 part per million and monitoring sediments with lower levels of PCBs at the mouth of the river at Green Bay.

22.      In March 2004, NCR and Fort James Operating Company ("Fort James") entered into an Administrative Settlement Agreement and Order on Consent with the State of Wisconsin and the United States, pursuant to which NCR and Fort James agreed to perform the work necessary to design the remedy outlined in the Downriver ROD, and API has contributed both money and support to the design effort. As of the filing of this Complaint, API and NCR have paid, pursuant to this Administrative Settlement Agreement and Order on Consent alone, in excess of $2.8 million for response actions to design the Downriver ROD.

23.      In April 2006, NCR and U.S. Paper Mills Corp. ("U.S. Paper") entered into a Consent Decree with the United States and the State of Wisconsin to implement Phase 1 of the downriver remedy ("2006 Phase 1 Consent Decree"), and API has contributed both money and support to this effort. To date, API and NCR have paid in excess of $7.8 million pursuant to the 2006 Phase 1 Consent Decree, and API and NCR further estimate that over the next year they will pay $1.8 million or more to fulfill the obligations under the 2006 Phase 1 Consent Decree.

24.      In June 2007, the United States and the State of Wisconsin issued an amendment to the 2003 Downriver ROD ("2007 Amended ROD"). Very little if any of the work required under the 2007 Amended ROD has been performed to date, and accordingly few of the costs of the 2007 Amended ROD have been incurred yet. The Order recently issued by USEPA requires the eight named respondents to complete the design of and then implement the remedy set forth in the 2007 Amended ROD. API/NCR expect that they will be required to pay considerably more than they have paid to date in order to comply with the Order.

7

25. USEPA has determined that remedial action was and is necessary at the Lower Fox River Site.

26. USEPA has determined that the actions that have been taken and are being taken by API and NCR at the Lower Fox River Site were and are consistent with the National Contingency Plan.

27. In addition to those costs and damages paid or to be paid pursuant to the State Agreement, the 2001 Consent Decree, the 2005 Consent Decree Extension, the Administrative Settlement Agreement and Order on Consent and the 2006 Phase 1 Consent Decree, API and NCR have paid additional costs, including the costs of identifying other responsible parties, conducting risk assessments, funding natural resource damages projects, and otherwise investigating and responding to the Lower Fox River Contamination.

## COUNT I -- CLAIM UNDER CERCLA § 107

28. API and NCR reallege and incorporate by reference paragraphs 1 through 27 as if fully set forth herein.

29. Pursuant to Section 107(a)(4)(B) and 107(a)(4)(C) of CERCLA, 42 U.S.C. §§ 9607(a)(4)(B) and 9607(a)(4)(C), any person who is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), shall be liable for necessary response costs incurred by any other person consistent with the National Contingency Plan and for natural resource damages.

30. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), makes liable, among others: (i) the current owner and operator of a facility; (ii) the owner or operator, at the time of disposal of hazardous substances, of a facility at which such hazardous substances were disposed of; and (iii) any person who, by contract, agreement or otherwise, arranged for disposal or treatment of hazardous substances at any facility containing such hazardous substances.

8

31.    The Lower Fox River Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

32.    The Whiting Paper Co. Mill is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

33.    The Glatfelter Mill is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

34.    Defendant Whiting Paper Co. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

35.    Defendant Glatfelter is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

36.    API is a "person" within the meaning of Sections 101(21) and 107(a)(4)(B) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a)(4)(B).

37.    NCR is a "person" within the meaning of Sections 101(21) and 107(a)(4)(B) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a)(4)(B).

38.    PCBs are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

39.    Papermaking activities conducted by Whiting Paper Co. at the Whiting Paper Co. Mill resulted in the release of PCBs, either directly or through a municipal wastewater treatment plant, into the Lower Fox River Site. As a result, Whiting Paper Co. arranged for the disposal and/or treatment of hazardous substances it owned or possessed at a facility containing such substances within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

40.    Whiting Paper Co. was a person who at the time of disposal of a hazardous substance owned or operated a facility, the Whiting Paper Co. Mill, at which such

9

hazardous substances were disposed of, within the meaning of Section 107(a)(2) of CERCLA, 42
U.S.C. § 9607(a)(2).

      41.     Whiting Paper Co. is the current owner and operator of a facility, the
Whiting Paper Co. Mill, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. §
9607(a)(1).

      42.     Papermaking activities conducted by Glatfelter at the Glatfelter Mill
resulted in the release of PCBs into the Lower Fox River Site, both directly and through a paper
mill sludge landfill used by Glatfelter. As a result, Glatfelter arranged for the disposal and/or
treatment of hazardous substances it owned or possessed at a facility containing such substances
within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

      43.     Glatfelter was a person who at the time of disposal of a hazardous
substance owned or operated a facility, the Glatfelter Mill, at which such hazardous substances
were disposed of, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

      44.     Glatfelter is the current owner of a facility, the Glatfelter Mill, within the
meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

      45.     PCBs have been released at and from the facilities identified above, within
the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

      46.     In connection with these releases of PCBs from the facilities identified
above, API and NCR have paid and will continue to pay costs for necessary response actions at
the Lower Fox River Site consistent with the National Contingency Plan, within the meaning of
Section 101(31) of CERCLA, 42 U.S.C. § 9601(31) ("Lower Fox River Costs"), and natural
resource damages.

10

47.    Defendants Whiting Paper Co. and Glatfelter are liable for the Lower Fox River Costs and damages paid to date by API and NCR, and consequently API and NCR are entitled to recover these costs and damages from Defendants.

48.    Alternatively, API and NCR have paid more than API/NCR's allocable share of the Lower Fox River Costs and damages paid to date. API and NCR request that the Court determine the parties' proper allocable shares with respect to Lower Fox River Costs and damages and determine that Defendants Whiting Paper Co. and Glatfelter are liable to API and NCR for those Lower Fox River Costs and damages paid by API and NCR that are in excess of API/NCR's allocable share and that are properly attributable to Defendants.

49.    Pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l), API and NCR have provided a copy of this Complaint to the Attorney General of the United States and the Administrator of USEPA.

50.    Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), API and NCR are entitled to recover interest on the Lower Fox River Costs and damages they have paid or may pay in the future.

## COUNT II – CLAIM UNDER CERCLA § 113

51.    API and NCR reallege and incorporate by reference paragraphs 1 through 50 as if fully set forth herein.

52.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), authorizes any person to seek contribution from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42. U.S.C. § 9607(a).

53.    API and NCR have reimbursed the United States and the State of Wisconsin for amounts greater than API/NCR's allocable share of the Lower Fox River Costs

11

and damages paid to date. API and NCR also have made other payments relating to Lower Fox River Costs and damages that are greater than API/NCR's allocable share of Lower Fox River Costs and damages. Defendants Whiting Paper Co. and Glatfelter are liable for those Lower Fox River Costs and damages paid by API and NCR that are in excess of API/NCR's allocable share and that are properly attributable to Defendants.

54.     Pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l), API and NCR have provided a copy of this Complaint to the Attorney General of the United States and the Administrator of USEPA.

55.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), API and NCR are entitled to recover interest on the Lower Fox River Costs and damages they have paid and will pay in the future in excess of API/NCR's allocable share.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

56.     API and NCR reallege and incorporate by reference paragraphs 1 through 55 as if fully set forth herein.

57.     Through various letters and most recently the Order to implement the remedy set forth in the 2007 Amended ROD, the United States, the State of Wisconsin and the natural resource damages trustees have demanded that API, NCR and other potentially responsible parties fund the response work and natural resource damages projects to be undertaken at the Lower Fox River Site.

58.     Defendant Whiting Paper Co. has refused to acknowledge that it is liable to API and NCR for response costs and damages arising out of the Lower Fox River Contamination.

12

59.     Defendant Glatfelter has moved to re-open its consent decree proceeding involving cleanup of a portion of the Lower Fox River Site in order to litigate with the United States and the State of Wisconsin, and no one else, its responsibility for cleanup costs and natural resource damages over the entire Lower Fox River Site.

60.     Thus, an actual, substantial, and legal controversy has arisen and now exists between API and NCR, on the one hand, and Defendants, on the other, with regard to responsibility for the Lower Fox River Costs and damages and how these should be allocated among API and NCR, on the one hand, and Defendants, on the other. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.     Absent a judicial declaration setting forth the parties' rights and obligations, including the appropriate allocable shares under CERCLA, a multiplicity of actions may result, and API and NCR may be obligated in the future to pay costs and damages that, under CERCLA, are in fact the responsibility of Defendants.

62.     For these reasons, API and NCR seek a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Section 2201 of the Judicial Code, 28 U.S.C. § 2201, allocating Lower Fox River Costs and damages among API/NCR, on the one hand, and Defendants, on the other, and holding Defendants liable for that share of Lower Fox River Costs and damages allocated to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Appleton Papers Inc. and NCR Corporation respectfully request that the Court enter judgment in favor of API and NCR and against Defendants:

13

(1)    Awarding API and NCR a declaratory judgment determining API/NCR's allocable share, on the one hand, and Defendants' shares, on the other, for Lower Fox River Costs and damages, determining that Defendants are liable for those costs and damages that are allocable to Defendants, and holding that these determinations will be binding on any subsequent action or actions to recover further response costs or damages;

(2)    Awarding API and NCR recovery against Defendants for the Lower Fox River Costs and damages paid by API and NCR, with interest;

(3)    Awarding API and NCR contribution against Defendants for Lower Fox River Costs and damages paid by API and NCR that are allocable to Defendants, with interest; and

(4)    Granting API and NCR such other legal and equitable relief as the Court deems just, proper, or necessary.

Respectfully Submitted,

APPLETON PAPERS INC.

_____

By: One of Its Attorneys

NCR CORPORATION

_____

By: One of Its Attorneys

Counsel for Appleton Papers Inc.
Linda Doyle (Illinois Bar No. 6269231)
Admitted in the E.D. of Wisconsin
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606
(312) 984-6905
Fax:  (312) 984-7700

14

<u>Counsel for NCR Corporation</u>
J. Andrew Schlickman (Illinois Bar No. 3122104)
Evan Westerfield (Illinois Bar No. 6217037)
Admitted in the E.D. of Wisconsin
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Dated:

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 7th day of January 2008, true and correct copies of Plaintiffs' Motion for Leave to File an Amended Complaint, and Brief in Support, were attached to the Summons to be served on George A. Whiting Paper Company for courtesy service.

/s/ J. Andrew Schlickman
J. Andrew Schlickman

CH1 4113404v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

|  |  |  |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>) | |
| | ) | |
| Plaintiffs, | )<br>) | |
| | ) | |
| v. | )<br>) | No. _____ |
| | ) | |
| GEORGE A. WHITING PAPER COMPANY, | )<br>) | |
| | ) | |
| Defendant. | )<br>) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT NAMING
P.H. GLATFELTER COMPANY AS A PARTY DEFENDANT**

Plaintiffs Appleton Papers Inc. and  NCR Corporation (collectively, "Plaintiffs"),

by and through their undersigned counsel, hereby submit the following brief in support of their

Motion for Leave to File an Amended Complaint.

**INTRODUCTION**

This case concerns the allocation of costs for the cleanup of polychlorinated

biphenyl ("PCB") contamination that exists in the sediment of the Lower Fox River in

Wisconsin.  The cleanup will be the largest environmental dredging project ever undertaken in

the world.  For many years, several of the parties who are potentially responsible for the PCB

contamination ("PRPs") have worked with the United States Environmental Protection Agency

("USEPA") and the Wisconsin Department of Natural Resources ("WDNR") to evaluate options

for this cleanup work.  The preference has been for cooperative action to keep the work moving

forward.  To this end, most PRPs entered into tolling and standstill agreements with each other

so that their resources could be directed toward the cleanup work, rather than litigation.  In

addition, four consent decrees relating to the Lower Fox River cleanup have been previously approved by this Court. *See United States of America and the State of Wisconsin v. Appleton Papers Inc. and NCR Corporation,* 2:01-cv-00816-LA; *United States of America and the State of Wisconsin v. Fort James Operating Company,* 2:02-cv-00602-LA; *United States of America and the State of Wisconsin v. P.H. Glatfelter Company and WTM I Company,* 2:03-cv-00949-LA; *United States of America and the State of Wisconsin v. NCR Corporation and Sonoco-US Mills Inc.,* 2:06-cv-00484-LA.

The bulk of the cleanup work is yet to be done, and in November 2007, USEPA issued a unilateral administrative order to certain of the Lower Fox River PRPs, requiring them to perform this remaining work. Knowing that this order was forthcoming, certain of the PRPs embarked on a mediation process to try to reach an agreement about how much of the total costs each would pay. That process is still ongoing, with the next mediation session scheduled for early February. However, it is not clear whether this mediation process will be ultimately successful. Moreover, one major PRP – P.H. Glatfelter Company ("Glatfelter") – has taken actions indicating it will not meaningfully participate further in the mediation, including filing a motion to reopen the consent decree proceeding (E.D. Wisc., docket no. 2:03-cv-00949-LA) for the cleanup of the upper part of the Lower Fox River (known as "operable unit 1," or "OU 1") so it can litigate its purported liability defenses in a piece-meal fashion (as discussed further below). Given these circumstances, and the impending substantial costs that must be allocated, Plaintiffs had no choice but to file the instant action. Plaintiffs have served notice that they are terminating the tolling and standstill agreements with Glatfelter.

The purpose of this lawsuit is to put in place a procedure for determining each unsettled PRP's allocable share of the cleanup costs and natural resource damages. Originally,

2

only Defendant George Whiting Company was named in the Complaint, because it had declined to execute a tolling and standstill agreement. Pursuant to this Motion to Amend, Plaintiffs now seek leave of the Court to add Glatfelter as a party as well, upon expiration of the existing tolling and standstill agreements with Glatfelter. And depending on how the upcoming mediation proceeds, Plaintiffs may need to add additional parties. In the end, Plaintiffs expect that all the PRPs who have not otherwise resolved their responsibility will be before the Court in this single action, so that all their respective evidence can be presented at one time for the Court's consideration.

## **ARGUMENT**

Federal Rule of Civil Procedure 15(a)(1)(A) grants a party the right to "amend its pleading once as a matter of course . . . before being served with a responsive pleading." FED. R. CIV. P. 15(a)(1)(A). Federal Rule of Civil Procedure 21 governs the addition of parties to a lawsuit, and provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. The "liberal standards upon which amendments are to be granted when leave of court is required under Rule 15(a) should also guide the trial judge in resolving motions to add parties under Rule 21." *Rollins Burdick Hunter, Inc. v. Lemberger*, 105 F.R.D. 631, 637 (E.D. Wis. 1985). Specifically, courts have recognized that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3

These requirements are plainly met here. At this point, Defendant George A. Whiting Paper Company has not filed a responsive pleading, and this action is in its earliest stage. Nor have Plaintiffs previously amended their Complaint. Leave to file an Amended Complaint should therefore be granted as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(A); *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served").

Furthermore, there is no indication that this Motion for Leave to Amend has been filed for any improper purpose. On the contrary, adding Glatfelter as a party defendant is clearly in the interests of justice and judicial economy. Glatfelter recently moved to re-open the OU 1 consent decree proceeding in order to litigate with the United States and the State of Wisconsin, and no one else, its responsibility for cleanup costs and natural resource damages over the entire Lower Fox River. By so doing, Glatfelter would have this Court resolve the allocable share issue in a piece-meal (not to mention jurisdictionally suspect) way. In contrast, Plaintiffs will seek, through this lawsuit, to bring before this Court every PRP that has not voluntarily resolved its responsibility. This will allow for a global resolution of the share allocation issues in a single action specifically designed for this purpose. In this way, this Motion represents the first step towards establishing a cost-effective, efficient and comprehensive process for resolving the share allocation issues. This Motion is therefore clearly in the interests of justice and judicial economy, and should be granted under Rules 15(a) and 21. *See e.g., Lemberger*, 105 F.R.D. at 636 (Rule 21 "has long been invoked as a remedial device for the addition of parties where such is appropriate in the interest of justice . . . In this context, it is specifically intended to permit the joinder of a person who, through inadvertence, mistake, or for some other reason, had not been made a party and is later found to be necessary or desirable") (citations omitted).

4

## CONCLUSION

For the foregoing reasons, Plaintiffs Appleton Papers Inc. and NCR Corporation hereby request that the Court grant their Motion and issue an Order permitting Plaintiffs to file on or before February 8, 2008, and upon expiration of the tolling and standstill agreements, an Amended Complaint adding P.H. Glatfelter Corporation as a party defendant, with summons to issue.

Dated this 7th day of January 2008.

APPLETON PAPERS INC.

  /s/ Linda Doyle
By: One of Its Attorneys

NCR CORPORATION

  /s/ J. Andrew Schlickman
By: One of its Attorneys

Counsel for NCR Corporation:
J. Andrew Schlickman
Evan Westerfield
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Counsel for Appleton Papers Inc.:
Linda Doyle
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 984-6905
Fax: (312) 984-7700

5

CHI 4113406v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 7th day of January 2008, true and correct copies of Plaintiffs' Motion for Leave to File an Amended Complaint, and Brief in Support, were attached to the Summons to be served on George A. Whiting Paper Company for courtesy service.

_/s/ J. Andrew Schlickman_____
J. Andrew Schlickman

CHI 4113404v.1