UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION
_____

APPLETON PAPERS, INC., and
NCR CORPORATION,

         Plaintiffs,

v.               Case No. 08-C-0016

GEORGE A WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY and
MENASHA CORPORATION,

         Defendants.
_____

**DEFENDANT GEORGE A WHITING PAPER COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM**
_____

  Defendant, George A. Whiting Paper Company ("Whiting Paper Co."), answers Plaintiffs' Second Amended Complaint as follows:

## INTRODUCTION

  1.  Admits the allegations contained in paragraph 1.

  2.  Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 2 and, therefore, denies them.

  3.  Whiting Paper Co. admits the first sentence of paragraph 3 and lacks information sufficient to either affirm or deny the remaining allegations and, therefore, denies them.

  4.  Admits the allegations set forth in paragraph 4.

## JURISDICTION

5. Admits the allegations set forth in paragraph 5, except as they relate to the intent of Plaintiffs, which allegations Whiting Paper Co. denies.

6. Admits the allegations set forth in paragraph 6.

## PARTIES

7. Admits the allegations set forth in paragraph 7.

8. Admits the allegations set forth in paragraph 8.

9. Admits the allegations set forth in paragraph 9.

10. Admits the allegations set forth in paragraph 10.

11. Admits the allegations set forth in paragraph 11.

## GENERAL ALLEGATIONS

### The Lower Fox River Site

12. Admits the allegations set forth in the first sentence of paragraph 12 and lacks information sufficient to either affirm or deny the remaining allegations and, therefore, denies them.

### Defendants' Releases

13. Admits the allegations in the first sentence of paragraph 13 and denies all other allegations set forth therein.

14. Admits the allegations set forth in paragraph 14.

15. Admits the allegations set forth in paragraph 15.

**Cleanup Work and Natural Resource Damages at the Lower Fox River Site**

16. Admits the allegations set forth in paragraph 16.

17. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 17 and, therefore, denies them.

18. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 18 and, therefore, denies them.

19. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 19 and, therefore, denies them.

20. Whiting Paper Co. admits the allegations set forth in paragraph 20, except the allegations set forth in the last sentence, which allegations it lacks information sufficient to either affirm or deny and, therefore, denies them.

21. Admits the allegations set forth in paragraph 21.

22. Admits the allegations set forth in paragraph 22.

23. Whiting Paper Co. admits the allegations set forth in paragraph 23, except the allegations set forth in the last sentence, which allegations it lacks information sufficient to either affirm or deny and, therefore, denies them.

24. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 24 and, therefore, denies them.

25. Admits the allegations set forth in paragraph 25.

26. Admits the allegations set forth in paragraph 26.

27. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 27 and, therefore, denies them.

28. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 28 and, therefore, denies them.

## COUNT I – CLAIM UNDER CERCLA § 107

29. Whiting Paper Co. realleges and incorporates by reference its responses to paragraphs 1 through 28 above.

30. The allegations of paragraph 30 set forth a legal conclusion, which is denied.

31. The allegations of paragraph 31 set forth a legal conclusion, which is denied.

32. Denies the allegations set forth in paragraph 32.

33. The allegations of paragraph 33 set forth a legal conclusion, which is denied.

34. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 34 and, therefore, denies them.

35. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 35 and, therefore, denies them.

36. The allegations of paragraph 36 set forth a legal conclusion, which is denied.

37. Admits the allegations set forth in paragraph 37.

38. Admits the allegations set forth in paragraph 38.

39. Admits the allegations set forth in paragraph 39.

40. Admits the allegations set forth in paragraph 40.

41. Admits the allegations set forth in paragraph 41.

42. Denies the allegations set forth in paragraph 42.

43. Denies the allegations set forth in paragraph 43.

44. The allegations of paragraph 44 set forth a legal conclusion, which are denied.

45. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 45 and, therefore, denies them.

46. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 46 and, therefore, denies them.

47. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 47 and, therefore, denies them.

48. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 48 and, therefore, denies them.

49. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 49 and, therefore, denies them.

50. Denies the allegations set forth in paragraph 50.

51. Denies the allegations set forth in paragraph 51.

52. Denies the allegations set forth in paragraph 52.

53. Denies the allegations set forth in paragraph 53.

54. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 54 and, therefore, denies them.

55. Denies the allegations set forth in paragraph 55.

## **COUNT II – CLAIM UNDER CERCLA § 113**

56. Whiting Paper Co. realleges and incorporates by reference its responses to paragraphs 1 through 55 above.

57. The allegations of paragraph 57 set forth a legal conclusion which is denied.

58. Denies the allegations set forth in paragraph 58.

59. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 59 and, therefore, denies them.

60. Denies the allegations set forth in paragraph 60.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

61. Whiting Paper Co. realleges and incorporates by reference its responses to paragraphs 1 through 60 above.

62. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 62 and, therefore, denies them.

63. Admits that Whiting Paper Co. has refused to acknowledge that it is liable to API and NCR for response costs and damages arising out of the Lower Fox River Contamination; lacks information sufficient to either affirm or deny the allegations set forth in the second sentence of paragraph 63 and, therefore, denies them and denies all other allegations set forth in paragraph 63.

64. Denies the allegations set forth in paragraph 64.

65. Denies the allegations set forth in paragraph 65.

## AFFIRMATIVE DEFENSES

1. The contribution to the PCB contamination of the Lower Fox River through Whiting Paper Co., if any, is infinitesimal such that any allocation of liability to Whiting Paper Co. would be inequitable.

2. Whiting Paper Co.'s liability, if any, is the result of acts of a third party or parties within the meaning of 42 U.S.C. §9607(b)(3).

3. Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which Whiting Paper Co. was not directly or indirectly involved.

4. Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

5. The claims set forth in Plaintiffs' Second Amended Complaint fail to state a claim upon which relief may be granted.

6. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

7. Plaintiffs' claims are barred by the doctrine of res judicata and/or the doctrine of collateral estoppel as a result, *inter alia*, of the Consent Decree entered in *United States v. P.H. Glatfelter Co.*, No. 2:03-cv-949.

8. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the sole result of the negligence of Plaintiffs and other parties.

9. Plaintiffs' claims are barred by the doctrine of laches.

10. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), Whiting Paper Co. is exempt from liability as a De Micromis party, if it has any liability at all.

WHEREFORE, Whiting Paper Co. demands judgment against Plaintiffs dismissing the Second Amended Complaint on its merits and for its costs and disbursements of this action.

## COUNTERCLAIM

Defendant, George A. Whiting Paper Company ("Whiting Paper Co."), by and through their undersigned counsel and, to the extent Plaintiffs' Second Amended Complaint states a claim for joint and several liability under 42 U.S.C. §9607, counterclaims pursuant to 42 U.S.C. §9113(f) as follows:

## PARTIES

1. Defendant, Whiting Paper Co., is a Wisconsin corporation engaged in the business of selling specialty papers with offices located at 100 River Street, Menasha, Wisconsin 54952.

2. Plaintiff, Appleton Papers, Inc. ("API"), is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3. Plaintiff, NCR Corporation, is a Maryland corporation with its principal place of business in Dayton, Ohio.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. §9601, *et seq.* ("CERCLA"), pursuant to Section 113(b) of CERCLA, 42 U.S.C. §9613(b) and 28 U.S.C. §1331 (federal question).

## CLAIM FOR CONTRIBUTION

5. The Second Amended Complaint alleges a claim for joint and several liability against Whiting Paper Co., pursuant to 42 U.S.C. §9607, which claim Defendant denies.

6. Plaintiffs are liable, pursuant to 42 U.S.C. §9607, for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Second Amended Complaint.

7. To the extent that the Second Amended Complaint states a claim for joint and several liability for response costs or damages at the Lower Fox River Site, and results in a judgment against Defendant Whiting Paper Co., Whiting Paper Co. is entitled to contribution from Plaintiffs pursuant to 42 U.S.C. §9613(f)(1).

WHEREFORE, Whiting Paper Co. demands judgment against Plaintiffs dismissing the Second Amended Complaint on the merits or, in the event judgment is rendered against Whiting Paper Co., for judgment against Plaintiffs for costs and damages properly allocable to them pursuant to 42 U.S.C. §9613(f)(1) and for its costs and disbursements of this action.

Dated: March 24, 2008.

/s/ Scott B. Fleming
State Bar No. 1016135
Weiss Berzowski Brady LLP
*Attorneys for the Defendant, George A. Whiting Paper Company*
700 North Water Street  Suite 1400
Milwaukee, WI  53202
Telephone:  (414)276-5800
Fax:  (414)276-0458
E-mail: sbf@wbb-law.com