IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

    Plaintiffs,

v.

No. 2:08-cv-00016-WCG

GEORGE A. WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM INC.,
THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY, and
WISCONSIN PUBLIC SERVICE CORP.

    Defendants.

## DEFENDANT P.H. GLATFELTER COMPANY'S RESPONSE TO PLAINTIFFS' APRIL 14, 2008 LETTER MOTION

Defendant P.H. Glatfelter Company ("Glatfelter") submits this response to a letter motion submitted to the Court by plaintiffs NCR Corporation ("NCR") and Appleton Papers Inc. ("API") on April 14, 2008 ("Letter Motion"), requesting that the Court issue an Order indefinitely suspending discovery and the exchange of initial disclosures. *See* Letter Motion, Dkt. No. 81, April 14, 2008. Glatfelter opposes the entry of such an Order.

Glatfelter notes at the outset that plaintiffs' filing is not proper form. Rule 7(b)(1) of the Federal Rules of Civil Procedure provides that "[a] request for a court order must be made by motion," which must "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Rule 7(b)(2)

states that the rules applicable to captions and other matters of form of pleadings apply to all motions. Further, Civil Local Rule 7.1(a) states:

> Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

The Letter Motion is not in the proper form of a motion under the federal or local rules, and should be disregarded by this Court. However, in the interest of focusing on substance rather than procedure, for the purposes of this response, Glatfelter will treat the Letter Motion as a motion and respond on the merits to the relief sought by plaintiffs. Glatfelter wants to bring this case to a resolution and does not share plaintiffs' apparent enthusiasm for delay.

Plaintiffs purportedly brought this lawsuit to reallocate (a) costs of cleaning up polychlorinated biphenyl ("PCB") contamination in sediments in the Fox River and (b) natural resource damages caused by contamination in those sediments. *See* Third Amended Complaint ¶ 3. The contamination at issue, and the parties' fair shares of the liability for cleaning up that contamination, has been an issue between Glatfelter and NCR for over fifteen years. In fact, Glatfelter first gave notice to NCR of NCR's responsibility for the contamination in the Fox River in April 1993. Other parties and non-parties have been involved in this dispute since 1991.

To bring this case to a resolution, the parties must proceed with the investigation and preparation of the issues under the federal and local rules of discovery. In the Letter Motion, plaintiffs propose an indefinite stay of discovery. That stay would not advance resolution of this matter, comport with the rules, respect Glatfelter's interest in prompt and efficient litigation, and should not be tolerated by this Court.

2

On February 8, 2008, this Court entered an Order From Status Conference ("Feb. 8 Order") requiring the parties to submit a report on their Rule 26(f) scheduling conference no later than April 14, 2008. Pursuant to Rule 26(f), "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Following the Court's Feb. 8 Order, the parties held a Rule 26(f) conference on April 1, 2008, at the offices of plaintiffs' counsel. In fact, each defendant's counsel traveled to Chicago for this conference from Philadelphia, Denver, and Milwaukee. Because the Rule 26(f) conference was in fact held, mandatory initial disclosures under Rule 26(a) are due to be exchanged within 14 days of that conference -- April 15, 2008 -- unless a different time is set by stipulation or by court order. *See* Fed. R. Civ. P. 26(a)(1)(C).

On April 10, 2008, plaintiffs wrote to the Court and represented that they would be adding additional parties to the lawsuit. Plaintiffs also indicated that the defendants to this lawsuit at that time -- Glatfelter, Menasha Corporation ("Menasha"), and George A. Whiting Paper Company ("Whiting") -- agreed to an indefinite extension of the deadline to submit the joint report of parties from the Rule 26(f) conference and to the case management conference scheduled by the Court for April 23, in light of the impending joinder of new parties. Glatfelter, however, did not agree to an indefinite extension of all deadlines. In fact, on April 11, 2008, Glatfelter contacted plaintiffs' counsel to remind plaintiffs that the deadline for exchange of initial disclosures remained April 15, and, in consideration of plaintiffs' request for a stipulated extension of that date to June 1, 2008, Glatfelter proposed a stipulated extension to May 2,

2008.[1] A copy of the electronic mail exchanged on this issue is attached hereto as Exhibit A. Plaintiffs responded to Glatfelter's proposal (joined by Menasha, and agreed to by Whiting ) on April 14 by stating that they do not believe the disclosures were due to be exchanged on April 15. *See* Exhibit A. In response Glatfelter maintained its position, and inquired as to whether plaintiffs "would like to suggest an alternative for handling the stipulation we propose on tomorrow's deadline." *Id.*

Instead of continuing to attempt to work out this issue and to come to a stipulation, and despite the requirement of Civil Local Rule 37.1 that any discovery motion be preceded by personal consultation with the adverse party and sincere attempts to resolve the dispute, minutes after receiving defendants' electronic mail, plaintiffs approached this Court with the Letter Motion. Plaintiffs thereby make clear that they seek only to delay these proceedings.

This tactic of delay is reflected in plaintiffs' piecemeal joinder of parties they allege bear some share of responsibility for response costs incurred to address contamination in the Lower Fox River. They initiated this lawsuit on January 7, 2008, against Whiting. Plaintiffs then filed an Amended Complaint, with leave of Court, adding Glatfelter as a party on February 8, 2008. On February 21, 2008, plaintiffs filed a Second Amended Complaint joining Menasha and not the other parties specifically identified in Plaintiffs' Local Rule 7.4 Expedited Non-Dispositive Motion for Leave to File a Second Amended Complaint ("Second Motion for Leave to Amend Complaint'), whom they characterized as "necessary PRPs." *See* Second Motion for Leave to Amend Complaint, Dkt. No. 30, at ¶ 5. Then, just after the parties held their Rule 26(f) conference on April 1, 2008, and days before the deadline to submit a report from that

---

[1] The parties discussed these dates, and others, during the April 1, 2008 Rule 26(f) conference, and on a subsequent telephone conference on April 8, 2008, as well as in various drafts of the joint report, which had been due to be filed on April 14, 2008.

conference, plaintiffs informed Glatfelter, Menasha, and Whiting that they intended to add a host of unspecified additional defendants. Plaintiffs subsequently advised the Court of their intentions. Consequently, in an Order dated April 10, 2008 ("April 10 Order"), the Court vacated the deadlines in the Feb. 8 Order, canceling both an April 14 deadline for submission of a report on the Rule 26(f) conference and an April 23 scheduling conference before the Court. April 10 Order, Dkt. No. 79.

On April 11, plaintiffs filed their Third Amended Complaint, this time joining seven corporate entities -- Green Bay Packaging, Inc., International Paper Company, Leicht Transfer & Storage Company, Neenah Foundry Company, Newpage Wisconsin System Inc., The Procter & Gamble Paper Products Company, and Wisconsin Public Service Corp. -- who were not identified in the Second Motion for Leave to Amend Complaint, who had not previously been named by the United States or the State of Wisconsin on any enforcement action or administrative order, and who otherwise had not been involved in any of the extensive work and effort already undertaken by various parties to address PCB contamination in the Lower Fox River. Meanwhile, plaintiffs have still not named the "necessary PRPs."

Plaintiffs have intended to distract from the main issue and to divert this litigation into a quagmire in an effort to exert pressure on those "necessary PRPs" whom they identified but have not sued. In joining the seven new defendants in the Third Amended Complaint, plaintiffs revealed their intention to obfuscate the real issues of dispute and to use the threat of complex, prolonged, tedious litigation to strong-arm those parties into a settlement; they are threatening Georgia-Pacific, U.S. Paper Mills, and WTMI with involvement in this lawsuit (and specifically litigation with Glatfelter), and wish to complicate and delay this case as much as

5

DMEAST #10020275 v2
Case 2:08-cv-00016-WCG   Filed 04/15/08   Page 5 of 7   Document 82

possible so as to maximize the value of that threat. That threat is not a proper basis for indefinite extension of the deadline for Rule 26(a) disclosures.

Plaintiffs brought this lawsuit in a big hurry more than three months ago, and now propose to extend indefinitely the time for making initial disclosures to allow themselves indefinite time to decide whether to continue their piecemeal addition of new parties. The Court should not condone their delay. Plaintiffs brought Glatfelter and the other defendants before this Court. Their subsequent actions suggest they filed this lawsuit simply to have a lawsuit, and not to resolve it in any reasonable time. All Glatfelter seeks is to move this litigation forward in a meaningful and productive fashion.

Accordingly, Glatfelter respectfully requests that the Court deny plaintiffs' Letter Motion and to instead enter an Order requiring the parties to exchange initial disclosures under Rule 26(a) no later than May 2, 2008.

Respectfully submitted,

s/ Sabrina Mizrachi
David G. Mandelbaum
Marc E. Davies
Sabrina Mizrachi
Jennifer E. Simon
Ronald M. Varnum
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215-665-8500

Attorneys for Defendant,
P.H. Glatfelter Company

Dated: April 15, 2008

Of Counsel:

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8102 (Mr. Mandelbaum direct)
(215) 864-9761 (facsimile)
mandelbaum@ballardspahr.com
davies@ballardspahr.com
mizrachis@ballardspahr.com
simonj@ballardspahr.com
varnumr@ballardspahr.com