# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>GEORGE A. WHITING PAPER COMPANY, P.H. GLATFELTER COMPANY, MENASHA CORPORATION, GREEN BAY PACKAGING INC., INTERNATIONAL PAPER COMPANY, LEICHT TRANSFER & STORAGE COMPANY, NEENAH FOUNDRY COMPANY, NEWPAGE WISCONSIN SYSTEM INC., THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY, and WISCONSIN PUBLIC SERVICE CORP.<br><br>        Defendants. | No. 2:08-cv-00016-WCG<br><br>**DEFENDANT MENASHA CORPORATION'S RESPONSE TO PLAINTIFFS' APRIL 14, 2008 LETTER** |

## INTRODUCTION

On April 14, 2008, NCR Corporation ("NCR") and Appleton Papers, Inc. ("Appleton"), sent a letter to the Court (the "April 14 Letter") asking the Court to enter an order suspending discovery and initial disclosures until the scheduling conference or further order of the Court. Menasha Corporation ("Menasha") opposes the April 14 Letter and the request for relief contained therein. This Court should refuse to consider NCR and Appleton's April 14 Letter because it violates the Federal Rules of Civil Procedure. Even if the Court entertains the April 14 Letter, the Court should deny NCR and Appleton's request to suspend indefinitely discovery and initial disclosures because it is unwarranted and solely aimed at further delaying this case.

Instead, the Court should require the parties to the Second Amended Complaint to file initial disclosures by May 2, 2008.

## ARGUMENT

As a preliminary matter, this Court should refuse to consider the request contained in the April 14 Letter because the letter violates Fed. R. Civ. P. 7(b)(1) and Eastern District of Wisconsin Civil L.R. 7.1 and 7.4. Under the Federal Rules, "A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). The April 14 Letter is not a Motion and violates this Rule. The April 14 Letter also violates Eastern District of Wisconsin Civil L.R. 7.1 and 7.4, which state that motions must set forth the rule pursuant to which they are made and must be accompanied by a supporting brief or a certificate stating no brief will be filed, or, in the case of expedited motions, must be designated as a "Rule 7.4 Non-Dispositive Motion."

Although the April 14 Letter violates the Federal Rules, for purposes of this Response, Menasha treats the April 14 Letter as a Motion and requests that the Court deny NCR and Appleton's request to suspend discovery and initial disclosures. NCR and Appleton have identified no valid reason to delay the resolution of this case any further. Menasha has already spent a large amount of time and money responding to NCR and Appleton's Second Amended Complaint. NCR and Appleton have had plenty of time to join potentially responsible parties on the Lower Fox River to this litigation, but have failed to do so. The Court should not tolerate NCR and Appleton's delay tactics any longer.

As this Court is well aware, NCR and Appleton have already requested to amend, or have amended, their Complaint to join additional parties three times: on January 7, 2008, February 6,

2008, and February 21, 2008. (Dkt. Nos. 8, 30, 41.) Despite naming several potential parties in their second Motion to Amend, NCR and Appleton only served two of those additional parties with their Second Amended Complaint: Menasha and Glatfelter. (See Dkt. Nos. 30, 48, 49.) On March 24, Menasha and Glatfelter filed Motions to Dismiss NCR and Appleton's Second Amended Complaint. (Dkt. Nos. 58, 63, 64.) NCR and Appleton's response to the Motions to Dismiss is due on April 17, 2008.

Proceeding as directed by the Court's February 8 Order, the parties to the Second Amended Complaint held a Rule 26(f) conference at NCR's counsel's (Sidley & Austin) office in Chicago on April 1, 2008. (See Dkt. No. 38.) All of the parties to the Second Amended Complaint were represented by counsel at that meeting. At the Rule 26(f) conference, the parties spent substantial time and expense discussing a case management order, only to later learn that NCR and Appleton intended to name additional parties. On April 8, 2008, the parties held a lengthy follow-up phone call to discuss further issues relating to the scheduling order. During that call, NCR's counsel informed the parties that they intended to join additional parties by Friday, April 11, 2008. Therefore, the parties agreed to contact the Court about the upcoming scheduling conference on April 23, 2008. The parties did not discuss delaying their Rule 26(a) disclosures, which were due on April 15, 2008- within 14 days of the Rule 26(f) conference under Rule 26(a). See Fed. R. Civ. P. 26(a)(1)(C).

On Friday, April 11, 2008, NCR and Appleton filed a Third Amended Complaint naming seven additional parties. None of those additional parties were identified in NCR and Appleton's earlier requests to amend. (See Dkt. Nos. 8, 30.) None of those additional parties appear to be significant participants in the Lower Fox River cleanup. Following that filing, Glatfelter's counsel contacted NCR's counsel to discuss the Rule 26(a) disclosure deadline, suggesting that

3

the parties delay their initial disclosures for an additional two weeks, to May 2, 2008. NCR and Appleton refused, instead taking the position that the parties' Rule 26(a) disclosures and discovery in this case should be delayed, for all intents and purposes, indefinitely.

NCR's and Appleton's request to suspend discovery and initial disclosures is unwarranted and can only be intended to delay further the proceedings in this case. There is no reason why joining additional parties to this litigation at this time should substantially delay the April 15 disclosure deadline, the beginning of the discovery process, or the course of this litigation. NCR and Appleton have had at least three months to prepare for their disclosures and discovery. NCR and Appleton have also known for months, if not years, that there are many other parties they could join. Instead, they have engaged in piecemeal joinder of parties and have thus far refused to join some of the most significant potentially responsible parties involved in the Lower Fox River cleanup. Menasha has already spent substantial amounts of time and expense responding to NCR and Appleton's Second Amended Complaint and attempting to advance the resolution of this case. Given the amount of time, money, and energy Menasha has already spent responding to NCR and Appleton's Second Amended Complaint, Glatfelter's offer to extend the April 15 disclosure deadline by two weeks, to May 2, 2008, was reasonable.

## CONCLUSION

NCR and Appleton initiated this action. They cannot continue to delay its proper course. Menasha therefore requests that the Court deny NCR and Appleton's request to suspend discovery and initial disclosures and order the parties to the Second Amended Complaint to file initial disclosures by May 2, 2008.

Dated: April 15, 2008

        s/ Colin C. Deihl

        Mark R. Feldmann
        Wisconsin Bar No. 1017847
        Joseph J. Beisenstein
        Wisconsin Bar No. 1013866
        Menn Law Firm, Ltd.
        2501 E. Enterprise Avenue
        P.O. Box 785
        Appleton, WI 54912-0785
        Telephone: 920-731-6631
        Facsimile: 920-734-0981
        mark-feldmann@mennlaw.com
        joseph-beisenstein@mennlaw.com

        Delmar R. Ehrich
        Minnesota Bar No. 148660
        Faegre & Benson LLP
        2200 Wells Fargo Center
        90 S. Seventh Street
        Minneapolis, MN 55402
        Telephone: 612-766-7000
        Facsimile: 612-766-1600
        dehrich@faegre.com

        Colin C. Deihl
        Colorado Bar No. 19737
        Jacy T. Rock
        Colorado Bar No. 36717
        Faegre & Benson LLP
        1700 Lincoln Street, Suite 3200
        Denver, CO 80203
        Telephone: 303-607-3500
        Facsimile: 303-607-3600
        cdeihl@faegre.com
        jrock@faegre.com

        Attorneys for Defendant Menasha Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, **DEFENDANT MENASHA CORPORATION'S RESPONSE TO PLAINTIFFS' APRIL 14, 2008 LETTER** was electronically filed with the Clerk of the Court using the ECF system.

The ECF system will send notification of the filing to:

Linda Doyle
McDermott, Will & Emery LLP
227 W. Monroe Street, Suite 4400
Chicago, IL 60606
ldoyle@mwe.com

J. Andrew Schlickman
Evan B. Westerfield
Joan Radovich
Kathleen L. Roach
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
jaschlickman@sidley.com

J. Ric Gass
Gass Weber Mullins LLC
309 N. Water Street, #700
Milwaukee, WI 53202-5769
gass@gasswebermullins.com
Scott B. Fleming
Weiss Berzowski Brady LLP
700 N. Water Street, Suite 1400
Milwaukee, WI 53202-4206
sbf@wbb-law.com

Philip A. Monroe
Di Renzo & Bomier, LLC
Two Neenah Center, Suite 701
PO Box 788
Neenah, WI 54957-0788
pmunroe@direnzollc.com

Michael L. Hermes
Metzler Timm Treleven & Hermes SC
222 Cherry St.
Green Bay, WI 54301-4223
mhermes@mtthlaw.com

David G. Mandelbaum
Marc E. Davies
Jennifer E. Simon
Ronald M. Varnum
Sabrina Mizrachi
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
mandelbaum@ballardspahr.com
daviesm@@ballardspahr.com
simonj@ballardspahr.com
varnumr@ballardspahr.com
mizrachis@ballardspahr.com

                                s/ Gregory S. Apt
                                Gregory S. Apt

fb.us.2779201.02