UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION
_____

APPLETON PAPERS, INC. and
NCR CORPORATION,

                                  Plaintiffs,

                                                                               Case No. 08-C-0016

v.

GEORGE A WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING, INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM, INC.,
THE PROCTER & GAMBLE PAPER PRODUCTS
COMPANY, and WISCONSIN PUBLIC
SERVICE CORP.,

                                  Defendants.
_____

**DEFENDANT GEORGE A WHITING PAPER COMPANY'S ANSWER
TO THIRD AMENDED COMPLAINT
AND COUNTERCLAIM**
_____

       Defendant, George A. Whiting Paper Company ("Whiting Paper Co."), answers Plaintiffs' third amended complaint as follows:

### INTRODUCTION

       1.     Admits the allegations contained in paragraph 1.

       2.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 2 and, therefore, denies them.

3. Whiting Paper Co. admits the first sentence of paragraph 3 and lacks information sufficient to either confirm or deny the allegations set forth in the last two sentences of paragraph 3 and, therefore, denies them.

4. Admits the allegations set forth in paragraph 4.

## JURISDICTION

5. Admits the allegations set forth in paragraph 5.

6. Admits the allegations set forth in paragraph 6.

## PARTIES

7. Admits the allegations set forth in paragraph 7.

8. Admits the allegations set forth in paragraph 8.

9. Admits the allegations set forth in paragraph 9.

10. Admits the allegations set forth in paragraph 10.

11. Admits the allegations set forth in paragraph 11.

12. Admits the allegations set forth in paragraph 12.

13. Admits the allegations set forth in paragraph 13.

14. Admits the allegations set forth in paragraph 14.

15. Admits the allegations set forth in paragraph 15.

16. Admits the allegations set forth in paragraph 16.

17. Admits the allegations set forth in paragraph 17.

18. Admits the allegations set forth in paragraph 18

## GENERAL ALLEGATIONS

### The Lower Fox River Site

19. Admits the allegations set forth in paragraph 19.

**Defendants' Releases**

20. Admits the allegations set forth in the first sentence of paragraph 20 and denies the allegations set forth in the second sentence.

21. Admits the allegations set forth in paragraph 21.

22. Admits the allegations set forth in paragraph 22.

23. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 23 and, therefore, denies them.

24. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 24 and, therefore, denies them.

25. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 25 and, therefore, denies them.

26. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 26 and, therefore, denies them.

27. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 27 and, therefore, denies them.

28. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 28 and, therefore, denies them.

29. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 29 and, therefore, denies them.

**Cleanup Work and Natural Resource Damages at the Lower Fox River Site**

30. Admits the allegations set forth in paragraph 30.

31. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 31 and, therefore, denies them.

32. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 32 and, therefore, denies them.

33. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 33 and, therefore, denies them.

34. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in the last sentence of paragraph 34 and, therefore, denies the same; admits all other allegations.

35. Admits the allegations set forth in paragraph 35.

36. Admits the allegations set forth in paragraph 36.

37. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in the last sentence of paragraph 37 and, therefore, denies the same; admits all other allegations.

38. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 38 and, therefore, denies them.

39. Admits the allegations set forth in paragraph 39.

40. Admits the allegations set forth in paragraph 40.

41. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 41 and, therefore, denies them.

42. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 42 and, therefore, denies them.

## **COUNT I – CLAIM UNDER CERCLA § 107**

43. Whiting Paper Co. realleges and incorporates by reference its answers to paragraphs 1 through 42 above.

44. The allegations of paragraph 44 set forth a legal conclusion, which is denied.

45. The allegations of paragraph 45 set forth a legal conclusion, which is denied.

46. Denies the allegations set forth in paragraph 46.

47. The allegations of paragraph 47 set forth a legal conclusion, which is denied.

48. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 48 and, therefore, denies them.

49. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 49 and, therefore, denies them.

50. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 50 and, therefore, denies them.

51. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 51 and, therefore, denies them.

52. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 52 and, therefore, denies them.

53. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 53 and, therefore, denies them.

54. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 54 and, therefore, denies them.

55. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 55 and, therefore, denies them.

56. Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 56 and, therefore, denies them.

57. The allegations of paragraph 57 set forth a legal conclusion, which is denied.

58. Admits the allegations set forth in paragraph 58.

59. Admits the allegations set forth in paragraph 59.

60. Admits the allegations set forth in paragraph 60.

61. Admits the allegations set forth in paragraph 61.

62. Admits the allegations set forth in paragraph 62.

63. Admits the allegations set forth in paragraph 63.

64. Admits the allegations set forth in paragraph 64.

65. Admits the allegations set forth in paragraph 65.

66. Admits the allegations set forth in paragraph 66.

67. Admits the allegations set forth in paragraph 67.

68. Admits the allegations set forth in paragraph 68.

69. Admits the allegations set forth in paragraph 69.

70. Denies the allegations set forth in paragraph 70.

71. Denies the allegations set forth in paragraph 71.

72. The allegations of paragraph 72 set forth a legal conclusion, which is denied.

73. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 73 and, therefore, denies them.

74. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 74 and, therefore, denies them.

75. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 75 and, therefore, denies them.

76. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 76 and, therefore, denies them.

77. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 77 and, therefore, denies them.

78. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 78 and, therefore, denies them.

79. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 79 and, therefore, denies them.

80. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 80 and, therefore, denies them.

81. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 81 and, therefore, denies them.

82. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 82 and, therefore, denies them.

83. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 83 and, therefore, denies them.

84. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 84 and, therefore, denies them.

85. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 85 and, therefore, denies them.

86. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 86 and, therefore, denies them.

87. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 87 and, therefore, denies them.

88. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 88 and, therefore, denies them.

90. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 90 and, therefore, denies them.

91. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 91 and, therefore, denies them.

92. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 92 and, therefore, denies them.

93. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 93 and, therefore, denies them.

94. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 94 and, therefore, denies them.

95. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 95 and, therefore, denies them.

96. Denies the allegations set forth in paragraph 96.

97. Denies the allegations set forth in paragraph 97.

98. Denies the allegations set forth in paragraph 98.

99. Denies the allegations set forth in paragraph 99.

100. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 100 and, therefore, denies them.

101. Denies the allegations set forth in paragraph 101.

## COUNT II – CLAIM UNDER CERCLA § 113

102. Whiting Paper Co. realleges and incorporates by reference its answers to paragraphs 1 through 101 above.

103. The allegations of paragraph 103 set forth are a legal conclusion, which is denied.

104. Denies the allegations set forth in paragraph 104.

105. Denies the allegations set forth in paragraph 105.

106. Denies the allegations set forth in paragraph 106.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

107. Whiting Paper Co. realleges and incorporates by reference its answers to paragraphs 1 through 106 above.

108. Admits the allegations set forth in paragraph 108.

109. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 109 and, therefore, denies them.

110. Denies the allegations set forth in paragraph 110.

111. Denies the allegations set forth in paragraph 111.

## DEFENSES

1. Counts I and III of Plaintiffs' Third Amended Complaint fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

3. Whiting Paper Co.'s liability, if any, is the result of an act or omission of a third party or parties within the meaning of 42 U.S.C. §9607(b)(3).

4. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), Whiting Paper Co. is exempt from liability as a De Micromis party, if it has any liability at all.

5. Plaintiffs lack standing to pursue claims for natural resource damages.

6. The contribution to the PCB contamination of the Lower Fox River through Whiting Paper Co., if any, is infinitesimal such that any allocation of liability to Whiting Paper Co. would be inequitable.

7. Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which Whiting Paper Co. was not directly or indirectly involved.

8. Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

9. Plaintiffs' claims are barred by the doctrine of res judicata and/or the doctrine of collateral estoppel as a result, *inter alia*, of the Consent Decree entered in *United States v. P.H. Glatfelter Co.*, No. 2:03-cv-949.

10. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the sole result of the negligence of Plaintiffs and other parties.

11. Plaintiffs' claims are barred by the doctrine of laches.

WHEREFORE, Whiting Paper Co. demands judgment against Plaintiffs dismissing the Third Amended Complaint on its merits and for its costs and disbursements of this action.

## COUNTERCLAIM

Defendant, George A. Whiting Paper Company ("Whiting Paper Co."), by and through their undersigned counsel and, to the extent Plaintiffs' Third Amended Complaint states a claim for joint and several liability under 42 U.S.C. §9607(a), counterclaims pursuant to 42 U.S.C. §9113(f), 42 U.S.C. §9607(a) and/or as a matter of equity, as follows:

## PARTIES

1. Defendant, Whiting Paper Co., is a Wisconsin corporation engaged in the business of selling specialty papers with offices located at 100 River Street, Menasha, Wisconsin 54952.

2. Plaintiff, Appleton Papers, Inc. ("API"), is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3. Plaintiff, NCR Corporation, is a Maryland corporation with its principal place of business in Dayton, Ohio.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. §9601, *et seq.* ("CERCLA"), pursuant to Section 113(b) of CERCLA, 42 U.S.C. §9613(b) and 28 U.S.C. §1331 (federal question).

## CLAIM FOR CONTRIBUTION

5. The Third Amended Complaint alleges a claim for joint and several liability against Whiting Paper Co., pursuant to 42 U.S.C. §9607(a), which claim Defendant denies.

6. Plaintiffs are liable, pursuant to 42 U.S.C. §9607(a), for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Third Amended Complaint.

7. To the extent that the Third Amended Complaint states a claim for joint and several liability for response costs or damages at the Lower Fox River Site, and results in a judgment against Defendant Whiting Paper Co., Whiting Paper Co. is entitled to contribution from Plaintiffs pursuant to 42 U.S.C. §9613(f), 42 U.S.C. §9607(a) and/or as a matter of equity.

WHEREFORE, Whiting Paper Co. demands judgment against Plaintiffs dismissing the Third Amended Complaint on the merits or, in the event judgment is rendered against Whiting Paper Co., for judgment against Plaintiffs for costs and damages properly allocable to them pursuant to 42 U.S.C. §9613(f), 42 U.S.C. §9607(a) and/or as a matter of equity and for its costs and disbursements of this action.

Dated: April 18, 2008.

/s/ Scott B. Fleming
State Bar No. 1016135
Weiss Berzowski Brady LLP
*Attorneys for the Defendant, George A. Whiting Paper Company*
700 North Water Street  Suite 1400
Milwaukee, WI  53202
Telephone:  (414)276-5800
Fax:  (414)276-0458; E-mail: sbf@wbb-law.com