IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
Green Bay Division

|  |  |  |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) |  |
| Plaintiffs, | )<br>) | No. 08-CV-00016-WCG |
| v. | )<br>) |  |
| GEORGE A. WHITING PAPER CO., et al., | )<br>) |  |
| Defendants. | )<br>) |  |

### UNITED STATES' MOTION FOR AN OPPORTUNITY TO DETERMINE WHETHER TO PARTICIPATE AS AMICUS CURIAE

The United States hereby requests that the Court defer ruling on two pending motions to allow the United States time to determine whether to file an amicus brief. On March 24, 2008, two of the defendants in this action, P.H. Glatfelter Co. ("Glatfelter") and Menasha Corp. ("Menasha"), filed motions to dismiss for failure to state a claim upon which relief can be granted. These motions, which the Court has not yet ruled on, raise issues as to the interpretation of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as well as a recent Supreme Court case, United States v. Atlantic Research Corp., 127 S. Ct. 2331 (2007). The United States respectfully asks this Court to defer ruling on these motions for at least thirty days so that it may determine whether to file an amicus brief addressing one or more issues raised by the motions.[1]

---

[1] Any amicus brief, of course, would be accompanied by a motion for leave of court. To the extent it is necessary for the United States to request leave of court at this juncture, before having made a decision to file a brief, the United States requests it.

1. On March 24, 2008, Glatfelter and Menasha filed their motions to dismiss, which remain pending before the Court. The plaintiffs, Appleton Papers Inc. ("Appleton") and NCR Corporation ("NCR"), filed a consolidated response on April 17, 2008. Under the local rules of this Court, the defendants have fourteen days to file replies to this response.

2. The United States, primarily through the U.S. Environmental Protection Agency ("EPA"), administers the program for the cleanup of hazardous waste sites around the country under CERCLA. The United States has a substantial interest in assuring that CERCLA is interpreted, as intended by Congress, in a manner that promotes the protection of public health and the environment through the efficient and effective cleanup of hazardous waste sites. Also, as noted in the plaintiffs' pleadings and the memoranda filed by the defendants in support of their motions to dismiss, the United States has filed enforcement actions against, and/or entered into settlements with, a number of the parties to this action.

3. The instant case presents issues regarding the interpretation of CERCLA, as well as a recent Supreme Court case, <u>Atlantic Research</u>. The United States has a substantial interest in how <u>Atlantic Research</u> is interpreted and applied by courts. The views of the United States may be of substantial assistance to the Court in resolving certain issues raised in the motions to dismiss, such as the issue of whether a plaintiff that has, or at one time had, a remedy under section 113(f) of CERCLA is required to bring claims under that provision, rather than section 107(a)(4)(B) of CERCLA.

4. Counsel for the United States contacted counsel for the parties and discussed the instant motion with them. Counsel for Menasha and George A. Whiting Paper Co. have stated
2

on behalf of their clients that they do not oppose the instant motion. We were unable to determine whether Appleton, NCR, and Glatfelter oppose this motion.

5. Participation of the United States as amicus curiae in any matter requires significant analysis and coordination within the executive branch. The Environment and Natural Resources Division of the U.S. Department of Justice and EPA need thirty days to analyze this matter and coordinate their views in order to determine whether to file a brief and prepare such a brief, if any. As the briefing of the motions to dismiss will be complete in about two weeks, the United States will be unable to provide meaningful assistance to the Court, unless the Court defers ruling on these motions for a short period of time.

For the above reasons, the United States asks the Court to defer ruling on the motions to dismiss for at least thirty days.[2/] If the United States determines that no amicus brief should be filed in this matter, it will so notify the Court. Otherwise, the United States will seek leave to file a brief as amicus curiae in accordance with this schedule.

---

[2/] The Court may ultimately wish to defer ruling on the motions to dismiss for more than thirty days to allow the parties an opportunity to respond to any brief filed by the United States.

3

Respectfully submitted,

For the United States of America

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: April 24, 2008        *s/ Randall M. Stone*
                             RANDALL M. STONE
                             LESLIE ALLEN
                             Environmental Enforcement Section
                             Environment and Natural Resources Division
                             U.S. Department of Justice
                             P.O. Box 7611
                             Washington, DC 20044-7611
                             Telephone:    (202) 514-1308
                             Facsimile:    (202) 616-6584
                             E-Mail:       randall.stone@usdoj.gov


PETER J. McVEIGH
Law and Policy Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 4390
Washington, DC 20044-4390


STEVEN M. BISKUPIC
United States Attorney


MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2008, a copy of the foregoing, and a Notice of Appearance, filed herewith, were sent via the Court's electronic case filing system to the following counsel:

| | |
|---|---|
| Michael L. Hermes<br>Metzler Timm Treleven & Hermes SC<br>222 Cherry St<br>Green Bay, WI 54301-4223<br>Counsel for Appleton | Jennifer E. Simon<br>Marc E. Davies<br>Ronald M. Varnum<br>Sabrina Mizrachi<br>David G. Mandelbaum<br>Ballard Spahr Andrews & Ingersoll LLP<br>1735 Market St - 51st Floor<br>Philadelphia, PA 19103<br>Counsel for Glatfelter |
| Evan B. Westerfield<br>J. Andrew Schlickman<br>Joan Radovich<br>Kathleen L Roach<br>Sidley Austin LLP<br>1 S Dearborn St<br>Chicago, IL 60603<br>Counsel for NCR | Joseph J. Beisenstein<br>Mark R. Feldmann<br>Menn Law Firm Ltd<br>2501 E. Enterprise Ave., P.O. Box 785<br>Appleton, WI 54912-0785<br>Counsel for Menasha |
| J. Ric Gass<br>Gass Weber Mullins LLC<br>309 N Water St - Suite 700<br>Milwaukee, WI 53202<br>Counsel for NCR | Colin C. Deihl<br>Jacy T. Rock<br>Faegre & Benson LLP<br>3200 Wells Fargo Center<br>1700 Lincoln St<br>Denver, CO 80203<br>Counsel for Menasha |
| Philip A. Munroe<br>DiRenzo & Bomier LLC<br>Two Neenah Center - Suite 701<br>P.O. Box 788<br>Neenah, WI 54957-0788<br>Counsel for George A Whiting Paper Co. | Delmar R. Ehrich<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 S. 7th St.<br>Minneapolis, MN 55402-3901<br>Counsel for Menasha |
| Scott B. Fleming<br>Weiss Berzowski Brady LLP<br>700 N Water St - Suite 1400<br>Milwaukee, WI 53202-4206<br>Counsel for George A Whiting Paper Co. | Christopher P. Riordan<br>David J. Edquist<br>Patrick L. Wells<br>von Briesen & Roper SC<br>411 E Wisconsin Ave - Suite 700<br>P.O. Box 3262<br>Milwaukee, WI 53201-3262<br>Counsel for Green Bay Packaging Inc. |

          *s/ Randall M. Stone*
          RANDALL M. STONE