UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS, INC. and
NCR CORPORATION,

        Plaintiffs,

    v.                                          Case No. 08-C-16

GEORGE A. WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY and
MENASHA CORPORATION,

        Defendants.

**ORDER ON MOTION TO WITHHOLD RULING AND
REQUEST TO POSTPONE RULE 26 INITIAL DISCLOSURES**

      The United States of America has filed a motion requesting that the court withhold ruling for at least thirty days on two motions to dismiss presently pending in this matter so that it may determine whether it wishes to file an amicus brief addressing one or more of the issues raised in the two motions. The United States notes that the pending motions raise issues as to the interpretation of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as well as a recent United States Supreme Court case, *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007). In support of its motion, the United States claims it has a substantial interest in assuring that CERCLA is interpreted as intended by Congress in a manner that promotes the protection of public health and the environment through the efficient and effective cleanup of hazardous waste sites. In addition, it has filed enforcement actions against, and/or entered into settlements with, a number of the parties to this action. The United States seeks thirty

days to determine whether to file an amicus brief and, if it decides to do so, to prepare such a brief. The time is needed, the United States contends, in order to permit the Environment and Natural Resources Division of the United States Department of Justice and the Environmental Protection Agency to coordinate their analysis of the matter.

The United States' motion is hereby **GRANTED**. The United States has a substantial interest in the matter before the court and the issues raised by the pending motions to dismiss. Briefing on the pending motions is not yet complete, and the brief delay requested by the United States to determine whether to submit an amicus brief will likely have no effect on the timing of the court's decision. If the United States does in fact seek leave to file an amicus brief, concerns over delay can be addressed at that time. Accordingly, the court will withhold ruling on the two pending motions to dismiss until at least May 24, 2008. The United States is directed to file its motion for leave to file or advise the court that it does not intend to do so on or before that date.

A second issue that has surfaced in the case is whether the parties who have already appeared should make the initial disclosures required under Fed. R. Civ. P. 26(a)(1). The Plaintiffs initially sought and obtained a Case Management Order providing for an expedited Rule 16(b) hearing before the court on April 14, 2008. In accordance with Rule 26, the parties met and conferred regarding discovery matters on April 1, 2008, which would make their initial disclosures due no later than April 15, 2008. Fed. R. Civ. P. 26(a)(1)(C). Shortly before the scheduled Rule 16(b) conference with the court, however, Plaintiffs advised the court of their intent to add additional parties to the action and suggested that the conference should be postponed. The court entered an order adjourning the conference until the earlier of a further request by the parties or entry of appearances by all defendants. Plaintiffs request that the time for initial disclosures under

2

Rule 26 be postponed as well. Defendants P.H. Glatfelter Company and Menasha Corporation, on the other hand, oppose postponing the initial disclosures and argue Plaintiffs intent is to delay.

In light of the fact that Plaintiffs initially sought an expedited hearing and an early Case Management Order, the basis of the accusation that their intent is to delay is not apparent. This fact and the possibility that the pending motions to dismiss two of the three counts could narrow the scope of the case provide some support for Plaintiffs' request that initial disclosures be delayed. Yet, the Defendants have been named in a lawsuit in which they are charged with at least partially contributing to the PCB contamination of the lower Fox River. On the basis of this allegation, Plaintiffs seek a determination from the court that the Defendants must pay some portion of the vast sums required for the clean-up costs. The magnitude of potential liability arising out of the suit, as well as the costs of litigating such a claim, more than justifies Defendants' desire to be apprised of the evidence Plaintiffs believe support their allegations as soon as possible. Add to this the fact that Plaintiffs are still in the process of adding potentially responsible parties and stipulating to extensions of time within which the new parties must file a response, and the Defendants' request that the initial disclosures be made without further delay appears reasonable. Based on the foregoing, Plaintiffs' request to further delay the initial disclosures required under Rule 26(a)(1) is **DENIED**. The parties to the Second Amended Complaint, unless otherwise mutually agreed, shall make their initial disclosures on or before May 2, 2008.

**SO ORDERED** this   28th   day of April, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3