IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>          Plaintiffs,<br><br>v.<br><br>GEORGE A. WHITING PAPER COMPANY,<br>P.H. GLATFELTER COMPANY,<br>MENASHA CORPORATION,<br>GREEN BAY PACKAGING, INC.,<br>INTERNATIONAL PAPER COMPANY,<br>LEICHT TRANSFER & STORAGE COMPANY,<br>NEENAH FOUNDRY COMPANY,<br>NEWPAGE WISCONSIN SYSTEM INC.,<br>THE PROCTER & GAMBLE PAPER PRODUCTS<br>COMPANY, and WISCONSIN PUBLIC SERVICE<br>CORP.,<br><br>          Defendants. | DEFENDANT LEICHT TRANSFER &<br>STORAGE COMPANY'S<br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS<br><br>Case No. 08-CV-00016-WCG |

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant Leicht Transfer & Storage Company ("Leicht"), by its attorneys, Ruder, Ware, L.L.S.C., submits this memorandum in support of its accompanying motion to dismiss Counts I and III of plaintiffs' Third Amended Complaint ("Complaint").

INTRODUCTION

The grounds for this motion to dismiss have already been articulated fully and clearly in the Memorandum of Defendant Menasha Corporation in Support of Its Motion to Dismiss. (Dkt. No. 64.) Accordingly, Leicht joins in the motion to dismiss brought by Defendant Menasha

Corporation ("Menasha"). (Dkt. No. 63.) This Defendant adopts the facts and arguments as set forth in Menasha's memorandum. Rather than restating those grounds, this memorandum briefly summarizes them.

## ARGUMENT

I. STANDARD OF REVIEW.

This motion under Rule 12(b)(6) is appropriate because matters about which judicial notice may be taken, including consent decrees and administrative orders, do not convert such motion to dismiss into a motion for summary judgment. Rather, motions of public record that are integral to the complaint may be relied upon by the court in testing the sufficiency of the complaint on its face in a Rule 12(b)(6) motion. This motion is also appropriate under Rule 12(b)(1) insofar as the Third Amended Complaint seeks relief not authorized by statute.

II. PLAINTIFFS HAVE FAILED IN COUNT I TO STATE A CLAIM FOR RELIEF UNDER SECTION 107 OF CERCLA.

The plaintiffs allege in Count I of their Complaint that Leicht and the other defendants are liable under Section 107 of CERCLA for amounts the plaintiff have allegedly paid pursuant to certain consent decrees into which they entered with the government. (Dkt. No. 80 ¶¶ 30-42, 97-101.) The plaintiffs cannot bring claims under both Section 107 and 113 because their Section 113 contribution claim precludes the possibility of asserting a Section 107 claim. Moreover, natural resource damages ("NRD") can only be recovered by the government. Therefore, the plaintiffs do not have standing to assert an NRD claim. Count I, therefore, fails to state a claim upon which relief can be granted. It must be dismissed.

A. Plaintiffs Cannot Recover Under Section 107 Of CERCLA.

As spelled out in Menasha's memorandum, the United States Supreme Court clearly distinguished between the purposes and functions of Sections 107 and 113 of CERCLA. United States v. Atlantic Research Corp., 127 S. Ct. 2331, 2337 (2007). Potentially responsible parties ("PRPs") are not at liberty to avoid the equitable distribution of reimbursement costs under Section 113(f) of CERCLA by seeking to impose joint and several liability on another PRP under Section 107(a). In this case, the plaintiffs allege that they have incurred response costs pursuant to certain consent decrees described in paragraphs 30 through 42 of their Third Amended Complaint. In deciding Atlantic Research Corp., the Supreme Court expressly did not decide whether costs compelled under a consent decree where recoverable under Section 113(f), Section 107(a), or both. Atl. Research Corp., 127 S. Ct. at 2338 n.6. The effect of that decision is not to overrule Metropolitan Water Reclamation District of Greater Chicago v. North American Galvanizing & Coatings, Inc., 473 F.3d 824 (7th Cir. 2007), which had previously found that a private party who has involuntarily incurred costs by government action is limited to a Section 113 claim against any other potentially responsible party.

The complaint seeks recovery of costs and damages related to consent decrees and administrative settlements that are specified in that complaint. It is clear from the face of the complaint that the plaintiffs incurred those costs involuntarily. In light of the involuntary nature of the plaintiffs' payments, they cannot recover under Section 107 of CERCLA. The only claim available to them lies under Section 113 of CERCLA for contribution.

B.   Plaintiffs Lack Standing To Assert A Claim For NRD Under CERCLA.

Standing is jurisdictional. <u>Vt. Agency of Natural Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 771 (2000). Plaintiffs' complaint seeks NRD under Count I, yet they have no standing to assert that claim. Only governmental agencies may seek NRD. <u>Artesian Water Co. v. Gov't of New Castle County</u>, 851 F.2d 643, 649 (3d Cir. 1988). The complaint does not, and cannot, allege that the plaintiffs are trustees of natural resources. Being neither a governmental agency, nor an authorized trustee of natural resources, Count I insofar as it alleges NRD must be dismissed for lack of standing.

III.   THE DECLARATORY JUDGMENT ACTION SOUGHT IN COUNT III IS UNAUTHORIZED, PREMATURE, AND CONTRARY TO THE PURPOSES OF CERCLA.

Count III of the complaint, which seeks a declaratory judgment allocating both past and future costs and damages associated with the cleanup of the Lower Fox River, including NRD, should be dismissed for several reasons. First, the plaintiffs are unable to state a claim for relief under Section 107 of CERCLA. Therefore, a declaratory judgment insofar as Section 107 is concerned is not available to the plaintiffs. There is no declaration to be had to the extent the plaintiffs seek a declaration of liability under Section 107.

Second, the express language of Section 113 of CERCLA does not provide for declarations of future liability or future allocations of costs. Section 113(g)(2) authorized declaratory judgments as to liability in direct actions under Section 107. Defendant Menasha's memorandum lists the cases[1] that stand for the proposition that the authorization for declaration

---

[1] <u>Boeing Co. v. Cascade Corp.</u>, 207 F.3d 1177, 1191 n.48 (9th Cir. 2000); <u>Raytheon Co. v. McGraw-Edison Co.</u>, 979 F. Supp. 858, 865 n.8 (E.D. Wis. 1997); <u>Reichhold Chemicals, Inc. v. Textron, Inc.</u>, 888 F. Supp. 1116, 1124 (N.D. Fla. 1995); <u>Mercury Mall Associates, Inc. v. Nick's Market, Inc.</u>, 368 F. Supp. 2d 513, 520 (E.D. Va. 2005).

of liability in Section 113(g)(2) has been interpreted to mean only direct actions under Section 107. Even then, a declaratory judgment action under Section 107 is limited to determination of liability, not allocation of costs.

Third, the Court may exercise its discretion under Rule 57, <u>Leslie Wilton, Etc. v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995), to refrain from entering a declaratory judgment, which is precisely what the Court should do in this case. A declaratory judgment would be inherently speculative. The Lower Fox River is over 35 miles in length, not even taking into account Green Bay. Remedial actions will be taken in specified sections ("operating units"). Moreover, NRD may be incurred by governmental agencies at specific locations to be designated in the future. Allocating contribution for cleanup costs in a river is more complex than clean up of a subsurface contamination plume to which various responsible parties have contributed. Here, downstream polluters are obviously in a different position relative to upstream polluters. Attempting to declare allocation of costs at this time is simply a speculative venture. The Court should exercise its discretion to avoid doing so.

<u>CONCLUSION</u>

Counts I and III of the Third Amended Complaint should be dismissed for the reasons fully developed and clearly articulated in the memorandum submitted by Defendant Menasha in support of its motion to dismiss.

Dated this 29th day of April, 2008.

                RUDER WARE, L.L.S.C.
                Attorneys for Defendant Leicht Transfer & Storage Company

                By: s/ Russell W. Wilson
                    Russell W. Wilson
                    State Bar No. 1017482
                    RUDER WARE
                    500 First Street, Suite 8000
                    P.O. Box 8050
                    Wausau, WI 54402-8050
                    Telephone: 715.845.4336
                    Fax: 715.845.2718
                    Email: rwilson@ruderware.com