IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC., et al., | CASE NO. 08-CV0000MAYW5GP 4:26 |
| Plaintiffs, | JUDGE WILLIAM C. GRIESBACH |
| v. | |
| GEORGE A. WHITING PAPER COMPANY, et al., | |
| Defendants. | |

## DEFENDANT NEENAH FOUNDRY COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Neenah Foundry Company ("Neenah"), by and through its undersigned counsel, answers the Third Amended Complaint of Plaintiffs Appleton Papers Inc. ("Appleton" or "API") and NCR Corporation ("NCR") (collectively "Plaintiffs") as follows:

1. Admits the allegations contained in paragraph 1.

2. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 2 and, therefore, denies them.

3. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 3 and, therefore, denies them.

4. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 4, and, therefore, denies them.

5. Admits the allegations set forth in paragraph 5.

6. Admits only that venue is proper in this district and otherwise denies the allegations set forth in paragraph 6.

## PARTIES

7. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 7 and, therefore, denies them.

8. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 8 and, therefore, denies them.

9. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 9 and, therefore, denies them.

10. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 10 and, therefore, denies them.

11. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 11 and, therefore, denies them.

12. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 12 and, therefore, denies them.

13. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 13 and, therefore, denies them.

14. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 14 and, therefore, denies them.

15. Admits the allegations set forth in paragraph 15.

16. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 16 and, therefore, denies them.

17. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 17 and, therefore, denies them.

18. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 18 and, therefore, denies them.

19. Admits the allegations set forth in the first sentence of paragraph 19 and lacks information sufficient either to admit or deny the remaining allegations and, therefore, denies them.

20. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 20 and, therefore, denies them.

21. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 21 and, therefore, denies them.

22. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 22 and, therefore, denies them.

23. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 23 and, therefore, denies them.

24. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 24 and, therefore, denies them.

25. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 25 and, therefore, denies them.

26. Neenah admits the first sentence of paragraph 26 and otherwise denies the remaining allegations contained in paragraph 26.

27. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 27 and, therefore, denies them.

28. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 28 and, therefore, denies them.

29. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 29 and, therefore, denies them.

30. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 30 and, therefore, denies them.

31. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 31 and, therefore, denies them.

32. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 32 and, therefore, denies them.

33. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 33 and, therefore, denies them.

34. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 34 and, therefore, denies them.

35. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 35 and, therefore, denies them.

36. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 36 and, therefore, denies them.

37. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 37 and, therefore, denies them.

38. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 38 and, therefore, denies them.

39. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 39 and, therefore, denies them.

40. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 40 and, therefore, denies them.

41. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 41 and, therefore, denies them.

42. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 42 and, therefore, denies them.

### COUNT I -- CLAIM UNDER CERCLA § 107

43. In response to Paragraph 43 of Plaintiffs' Third Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 42 of the Third Amended Complaint.

44. The allegations of paragraph 44 set forth a legal conclusion, which is denied.

45. The allegations of paragraph 45 set forth a legal conclusion, which is denied.

46. Denies the allegations set forth in paragraph 46.

47. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 47 and, therefore, denies them.

48. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 48 and, therefore, denies them.

49. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 49 and, therefore, denies them.

50. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 50 and, therefore, denies them.

51.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 51 and, therefore, denies them.

52.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 52 and, therefore, denies them.

53.  Denies the allegations set forth in paragraph 53.

54.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 54 and, therefore, denies them.

55.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 55 and, therefore, denies them.

56.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 56 and, therefore, denies them.

57.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 57 and, therefore, denies them.

58.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 58 and, therefore, denies them.

59.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 59 and, therefore, denies them.

60.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 60 and, therefore, denies them.

61.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 61 and, therefore, denies them.

62.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 62 and, therefore, denies them.

63. Denies the allegations set forth in paragraph 63.

64. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 64 and, therefore, denies them.

65. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 65 and, therefore, denies them.

66. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 66 and, therefore, denies them.

67. Admits the allegations set forth in paragraph 67.

68. Admits the allegations set forth in paragraph 68.

69. The allegations of paragraph 69 set forth a legal conclusion, which is denied.

70. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 70 and, therefore, denies them.

71. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 71 and, therefore, denies them.

72. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 72 and, therefore, denies them.

73. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 73 and, therefore, denies them.

74. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 74 and, therefore, denies them.

75. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 75 and, therefore, denies them.

76. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 76 and, therefore, denies them.

77. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 77 and, therefore, denies them.

78. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 78 and, therefore, denies them.

79. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 79 and, therefore, denies them.

80. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 80 and, therefore, denies them.

81. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 81 and, therefore, denies them.

82. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 82 and, therefore, denies them.

83. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 83 and, therefore, denies them.

84. Denies the allegations set forth in paragraph 84.

85. Denies the allegations set forth in paragraph 85.

86. The allegations of paragraph 86 set forth a legal conclusion, which is denied.

87. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 87 and, therefore, denies them.

88. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 88 and, therefore, denies them.

{00282918.DOC;3}

Case 2:08-cv-00016-WCG    Filed 05/05/08    Page 8 of 15    Document 123

89. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 89 and, therefore, denies them.

90. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 90 and, therefore, denies them.

91. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 91 and, therefore, denies them.

92. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 92 and, therefore, denies them.

93. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 93 and, therefore, denies them.

94. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 94 and, therefore, denies them.

95. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 95 and, therefore, denies them.

96. Denies the allegations set forth in paragraph 96.

97. Denies the allegations set forth in paragraph 97.

98. Denies the allegations set forth in paragraph 98.

99. Denies the allegations set forth in paragraph 99.

100. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 100 and, therefore, denies them.

101. Denies the allegations set forth in paragraph 101.

## COUNT II -- CLAIM UNDER CERCLA § 113

102. In response to Paragraph 102 of Plaintiffs' Third Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 101 of the Third Amended Complaint.

103. The allegations of paragraph 103 set forth a legal conclusion, which is denied.

104. Denies the allegations set forth in paragraph 104.

105. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 105 and, therefore, denies them.

106. Denies the allegations set forth in paragraph 106.

### COUNT III -- CLAIM FOR DECLARATORY RELIEF

107. In response to Paragraph 107 of Plaintiffs' Third Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 106 of the Third Amended Complaint.

108. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 108 and, therefore, denies them.

109. Admits that Neenah is not liable to API and NCR for response costs and damages arising out of the Lower Fox River Contamination; lacks information sufficient either to admit or deny the allegations set forth in the first and second sentence of paragraph 109 as to all other defendants and, therefore, denies them; and denies all other allegations set forth in paragraph 109.

110. Denies the allegations set forth in paragraph 110.

111. Denies the allegations set forth in paragraph 111.

112. Neenah denies any and all other allegations in Plaintiffs' Third Amended Complaint that are not expressly responded to above.

## AFFIRMATIVE DEFENSES

113. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted.

114. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

115. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the result of the negligence of Plaintiffs and/or other persons.

116. Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

117. Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

118. Plaintiffs' damages, if any, are the result of their own acts or omissions over which Neenah has no control.

119. Neenah's liability, if any, is the result of acts of a third persons within the meaning of 42 U.S.C. § 9607(b)(3) over whom Neenah has no control.

120. Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which Neenah was not directly or indirectly involved.

121. The contribution to the PCB contamination of the Lower Fox River through Neenah, if any, is so infinitesimal such that any allocation of liability to Neenah would be inequitable.

122. Neenah does not, and has not, discharge into the Fox River or into Little Lake Butte des Morts.

123. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), Neenah is exempt from liability as a de micromis party, if it has any liability at all.

124. Plaintiffs' claims are barred because they are not ripe for adjudication and/or Plaintiffs lack standing to assert them.

WHEREFORE, Defendant Neenah prays that all of the claims asserted in Plaintiffs' Third Amended Complaint be dismissed, with prejudice, at Plaintiffs' costs, and that this Court grant Neenah such other and further relief as this Court deems just and proper, including an award of Neenah's attorney's fees, expenses, disbursements and costs.

## COUNTERCLAIM

Defendant, Neenah Foundry Company ("Neenah"), by and through its undersigned counsel and, to the extent Plaintiffs' Third Amended Complaint states a claim, sets forth its counterclaims as follows:

1. Defendant, Neenah Foundry Company ("Neenah"), is a Wisconsin corporation with offices located at 2121 Brooks Avenue, Neenah, Wisconsin 54957.

2. Plaintiff, Appleton Papers, Inc. ("API"), is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3. Plaintiff, NCR Corporation, is a Maryland corporation with its principal place of business in Dayton, Ohio.

4. This Court has jurisdiction over the subject matter of this counterclaim pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), 28 U.S.C. § 1331, and supplemental jurisdiction.

5. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the events giving rise to the claims in this Counterclaim and in Plaintiffs' Third Amended Complaint, including the alleged releases of hazardous substances, occurred in this District. In addition, the Lower Fox River and Plaintiffs' relevant businesses or operations are/were located entirely within this District.

5. The Third Amended Complaint alleges a claims for liability against Neenah, which claim Neenah denies.

6. Plaintiffs are liable for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Third Amended Complaint.

7. To the extent that the Third Amended Complaint states a claim for liability for response costs or damages at the Lower Fox River Site, and results in a judgment against Defendant Neenah Foundry Company, Neenah Foundry Company is entitled to statutory and/or common law contribution, cost recovery, and/or indemnity from Plaintiffs.

WHEREFORE, Neenah demands judgment against Plaintiffs dismissing the Third Amended Complaint on the merits or, in the event judgment is rendered against Neenah Foundry Company, for judgment against Plaintiffs for costs and damages properly allocable to them, for such other and further relief as this Court deems just and proper, and for its attorneys' fees, costs, disbursements and expenses of this action.

Dated: May 5, 2008

/s/ _____
TIMOTHY B. ANDERSON (1035959)
REMLEY & SENSENBRENNER, S.C.
219 E. Wisconsin Avenue
Neenah, Wisconsin 54956
Telephone: (920) 725-2601
Facsimile: (920) 725-5814
tanderson@remleylaw.com

and


WILLIAM E. COUGHLIN (0010874)*
THOMAS R. O'DONNELL (0067105)*
CALFEE, HALTER & GRISWOLD LLP
1400 Key Bank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
wcoughlin@calfee.com
todonnell@calfee.com

Attorneys for Defendant
Neenah Foundry Company


*Application for admission to bar of U.S. District Court for Eastern District of Wisconsin pending.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC., et al., | ) | CASE NO. 08-CV-00016-WCG |
| | ) | |
| | ) | JUDGE WILLIAM C. GRIESBACH |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE A. WHITING PAPER COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of May, 2008, a true and accurate copy of the foregoing Neenah Foundry Company's Answer to Plaintiffs' Third Amended Complaint and Counterclaim was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ _____
One of the attorneys for Defendant/Counterclaimant
Neenah Foundry Company