# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

APPLETON PAPERS INC., et al.,

        Plaintiffs,

v.

GEORGE A. WHITING PAPER
COMPANY, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 08-CV-00016-WCG

JUDGE WILLIAM C. GRIESBACH

**JURY DEMAND ENDORSED HEREON**

---

## DEFENDANT NEENAH FOUNDRY COMPANY'S FIRST AMENDED ANSWER AND COUNTERCLAIM TO THIRD AMENDED COMPLAINT

---

Defendant Neenah Foundry Company ("Neenah"), by and through its undersigned counsel, for its First Amended Answer and Counterclaim, filed as of right, to the Third Amended Complaint of Plaintiffs Appleton Papers Inc. ("Appleton" or "API") and NCR Corporation ("NCR") (collectively "Plaintiffs") states as follows:

1.     Admits the allegations contained in paragraph 1.

2.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 2 and, therefore, denies them.

3.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 3 and, therefore, denies them.

4.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 4, and, therefore, denies them.

5.     Admits the allegations set forth in paragraph 5.

6. Admits only that venue is proper in this district and otherwise denies the allegations set forth in paragraph 6.

7. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 7 and, therefore, denies them.

8. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 8 and, therefore, denies them.

9. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 9 and, therefore, denies them.

10. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 10 and, therefore, denies them.

11. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 11 and, therefore, denies them.

12. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 12 and, therefore, denies them.

13. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 13 and, therefore, denies them.

14. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 14 and, therefore, denies them.

15. Admits the allegations set forth in paragraph 15.

16. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 16 and, therefore, denies them.

17. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 17 and, therefore, denies them.

18.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 18 and, therefore, denies them.

19.     Admits the allegations set forth in the first sentence of paragraph 19 and lacks information sufficient either to admit or deny the remaining allegations and, therefore, denies them.

20.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 20 and, therefore, denies them.

21.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 21 and, therefore, denies them.

22.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 22 and, therefore, denies them.

23.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 23 and, therefore, denies them.

24.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 24 and, therefore, denies them.

25.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 25 and, therefore, denies them.

26.     Neenah admits the first sentence of paragraph 26 and otherwise denies the remaining allegations contained in paragraph 26.

27.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 27 and, therefore, denies them.

28.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 28 and, therefore, denies them.

29.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 29 and, therefore, denies them.

30.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 30 and, therefore, denies them.

31.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 31 and, therefore, denies them.

32.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 32 and, therefore, denies them.

33.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 33 and, therefore, denies them.

34.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 34 and, therefore, denies them.

35.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 35 and, therefore, denies them.

36.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 36 and, therefore, denies them.

37.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 37 and, therefore, denies them.

38.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 38 and, therefore, denies them.

39.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 39 and, therefore, denies them.

40.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 40 and, therefore, denies them.

41.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 41 and, therefore, denies them.

42.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 42 and, therefore, denies them.

43.     In response to Paragraph 43 of Plaintiffs' Third Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 42 of the Third Amended Complaint.

44.     The allegations of paragraph 44 set forth a legal conclusion, which is denied.

45.     The allegations of paragraph 45 set forth a legal conclusion, which is denied.

46.     Denies the allegations set forth in paragraph 46.

47.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 47 and, therefore, denies them.

48.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 48 and, therefore, denies them.

49.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 49 and, therefore, denies them.

50.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 50 and, therefore, denies them.

51.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 51 and, therefore, denies them.

52.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 52 and, therefore, denies them.

53.     Denies the allegations set forth in paragraph 53.

54.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 54 and, therefore, denies them.

55.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 55 and, therefore, denies them.

56.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 56 and, therefore, denies them.

57.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 57 and, therefore, denies them.

58.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 58 and, therefore, denies them.

59.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 59 and, therefore, denies them.

60.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 60 and, therefore, denies them.

61.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 61 and, therefore, denies them.

62.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 62 and, therefore, denies them.

63.     Denies the allegations set forth in paragraph 63.

64.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 64 and, therefore, denies them.

65.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 65 and, therefore, denies them.

66.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 66 and, therefore, denies them.

67.     Admits the allegations set forth in paragraph 67.

68.     Admits the allegations set forth in paragraph 68.

69.     The allegations of paragraph 69 set forth a legal conclusion, which is denied.

70.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 70 and, therefore, denies them.

71.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 71 and, therefore, denies them.

72.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 72 and, therefore, denies them.

73.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 73 and, therefore, denies them.

74.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 74 and, therefore, denies them.

75.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 75 and, therefore, denies them.

76.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 76 and, therefore, denies them.

77.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 77 and, therefore, denies them.

78.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 78 and, therefore, denies them.

79.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 79 and, therefore, denies them.

80.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 80 and, therefore, denies them.

81.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 81 and, therefore, denies them.

82.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 82 and, therefore, denies them.

83.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 83 and, therefore, denies them.

84.     Denies the allegations set forth in paragraph 84.

85.     Denies the allegations set forth in paragraph 85.

86.     The allegations of paragraph 86 set forth a legal conclusion, which is denied.

87.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 87 and, therefore, denies them.

88.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 88 and, therefore, denies them.

89.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 89 and, therefore, denies them.

90.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 90 and, therefore, denies them.

91.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 91 and, therefore, denies them.

92.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 92 and, therefore, denies them.

93.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 93 and, therefore, denies them.

94.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 94 and, therefore, denies them.

95.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 95 and, therefore, denies them.

96.     Denies the allegations set forth in paragraph 96.

97.     Denies the allegations set forth in paragraph 97.

98.     Denies the allegations set forth in paragraph 98.

99.     Denies the allegations set forth in paragraph 99.

100.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 100 and, therefore, denies them.

101.    Denies the allegations set forth in paragraph 101.

102.    In response to Paragraph 102 of Plaintiffs' Third Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 101 of the Third Amended Complaint.

103.    The allegations of paragraph 103 set forth a legal conclusion, which is denied.

104. Denies the allegations set forth in paragraph 104.

105. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 105 and, therefore, denies them.

106. Denies the allegations set forth in paragraph 106.

107. In response to Paragraph 107 of Plaintiffs' Third Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 106 of the Third Amended Complaint.

108. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 108 and, therefore, denies them.

109. Admits that Neenah is not liable to API and NCR for response costs and damages arising out of the Lower Fox River Contamination; lacks information sufficient either to admit or deny the allegations set forth in the first and second sentence of paragraph 109 as to all other defendants and, therefore, denies them; and denies all other allegations set forth in paragraph 109.

110. Denies the allegations set forth in paragraph 110.

111. Denies the allegations set forth in paragraph 111.

112. Neenah denies any and all other allegations in Plaintiffs' Third Amended Complaint that are not expressly responded to above.

## AFFIRMATIVE DEFENSES

113. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted.

114. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

115. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the result of the negligence of Plaintiffs and/or other persons.

116. Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

117. Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

118. Plaintiffs' damages, if any, are the result of their own acts or omissions over which Neenah has no control.

119. Neenah's liability, if any, is the result of acts of a third persons within the meaning of 42 U.S.C. § 9607(b)(3) over whom Neenah has no control.

120. Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which Neenah was not directly or indirectly involved.

121. The contribution to the PCB contamination of the Lower Fox River through Neenah, if any, is so infinitesimal such that any allocation of liability to Neenah would be inequitable.

122. Neenah does not, and has not, discharge into the Fox River or into Little Lake Butte des Morts.

123. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), Neenah is exempt from liability as a de micromis party, if it has any liability at all.

124. Plaintiffs' claims are barred because they are not ripe for adjudication and/or Plaintiffs lack standing to assert them.

WHEREFORE, Defendant Neenah prays that all of the claims asserted in Plaintiffs' Third Amended Complaint be dismissed, with prejudice, at Plaintiffs' costs, and that this Court grant Neenah such other and further relief as this Court deems just and proper, including an award of Neenah's attorney's fees, expenses, disbursements and costs.

## COUNTERCLAIM

Defendant Neenah Foundry Company, by and through its undersigned counsel and, to the extent Plaintiffs' Third Amended Complaint states a claim, sets forth its counterclaims as follows:

1. Defendant Neenah Foundry Company ("Neenah") is a Wisconsin corporation with offices located at 2121 Brooks Avenue, Neenah, Wisconsin 54957.

2. Plaintiff Appleton Papers, Inc. ("API") is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3. Plaintiff NCR Corporation is a Maryland corporation with its principal place of business in Dayton, Ohio.

4. This Court has jurisdiction over the subject matter of this counterclaim pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), 28 U.S.C. § 1331, and supplemental jurisdiction.

5. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the events giving rise to the claims in this Counterclaim and in Plaintiffs' Third Amended Complaint, including the alleged releases of hazardous substances, occurred in this

District.  In addition, the Lower Fox River and Plaintiffs' relevant businesses or operations are/were located entirely within this District.

## COUNT ONE

6.    Neenah incorporates the allegations and averments set forth in Paragraphs 1 through 5 hereof as if fully rewritten herein.

7.    The Third Amended Complaint alleges a claims for liability against Neenah, which claim Neenah denies.

8.    Plaintiffs are liable for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Third Amended Complaint.

9.    To the extent that the Third Amended Complaint states a claim for liability for response costs or damages at the Lower Fox River Site, and results in a judgment against Neenah, Neenah is entitled to statutory and/or common law contribution, cost recovery, and/or indemnity from Plaintiffs.

## COUNT TWO

10.    Neenah incorporates each of the allegations set forth in Paragraphs 1 through 9 hereof as if fully rewritten herein.

11.    On or about December 9, 2004, Plaintiffs and Neenah entered into a written Tolling and Standstill Agreement ("Tolling Agreement").  A copy of the Tolling Agreement is attached hereto.

12.    During the "Effective Period" of the Tolling Agreement, Plaintiffs covenanted not to sue Neenah on any claims they may have arising in connection with the Fox River.  Plaintiffs' covenants terminated at the end of the "Effective Period."

13.    The "Effective Period" continued until 30 days after the day on which Plaintiffs provided notice to Neenah that they wished to terminate the Tolling Agreement.

14.    Neenah actually received Plaintiffs' notice of termination on March 13, 2008. Plaintiffs filed the Third Amended Complaint joining Neenah to this action on April 11, 2008.

15.    Consequently, Plaintiffs materially breached the covenant not to sue by suing Neenah during the "Effective Period." In direct consequence of Plaintiffs' material breach of the Tolling Agreement, Neenah: 1) has suffered compensatory damages in an amount to be proven at trial; 2) is excused from its obligations, if any, under the Tolling Agreement; and 3) is entitled to have Plaintiffs' Complaint against it dismissed, with prejudice.

WHEREFORE, Neenah demands judgment against Plaintiffs, jointly and severally, as follows:  1) awarding it compensatory damages in an amount to be proven at trial; (2) dismissing the Third Amended Complaint, with prejudice; 3) in the event judgment is rendered against Neenah, awarding judgment against Plaintiffs for costs and damages properly allocable to them; 4) awarding such other and further relief as this Court deems just and proper, and 5) awarding Neenah its attorneys' fees, costs, disbursements and expenses of this action.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

APPLETON PAPERS INC., <u>et al.</u>,          )          CASE NO. 08-CV-00016-WCG
                                              )
                                              )          JUDGE WILLIAM C. GRIESBACH
                    Plaintiffs,               )
                                              )
          v.                                  )
                                              )
GEORGE A. WHITING PAPER                       )
COMPANY, <u>et al.</u>,                       )
                                              )
                    Defendants.               )
                                              )

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 22nd day of May, 2008, a true and accurate copy of the foregoing Neenah Foundry Company's Answer to Plaintiffs' Third Amended Complaint and Counterclaim was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Timothy B. Anderson
One of the Attorneys for Defendant/Counterclaimant
Neenah Foundry Company

Dated: May 22, 2008

s/ Timothy B. Anderson
TIMOTHY B. ANDERSON:  1035959
Attorney for Defendant
Remley & Sensenbrenner, S.C.
219 E. Wisconsin Avenue
Neenah, Wisconsin 54956
Telephone: (920) 725-2601
Facsimile: (920) 725-5814
tanderson@remleylaw.com

and

WILLIAM E. COUGHLIN (0010874)*
THOMAS R. O'DONNELL (0067105)*
CALFEE, HALTER & GRISWOLD LLP
1400 Key Bank Center
800 Superior Avenue
Cleveland, Ohio  44114-2688
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
wcoughlin@calfee.com
todonnell@calfee.com

Attorneys for Defendant and Counterclaimant
Neenah Foundry Company

*Application for admission to bar of U.S.
District Court for Eastern District of
Wisconsin pending.

## JURY DEMAND

Pursuant to Civil Rule 38, Neenah Foundry hereby demands a trial by jury as to all issues

so triable.

s/ Timothy B. Anderson
One of the Attorneys for Defendant/Counterclaimant
Neenah Foundry Company

# FOX RIVER TOLLING AND STANDSTILL AGREEMENT

This Fox River Tolling and Standstill Agreement ("Agreement") is made by and between NCR Corporation (NCR), Appleton Papers Inc. (API), Arjo Wiggins Appleton Ltd., and Neenah Foundry Company (sometimes collectively referred to herein as the "Parties" or individually as the "Party") whose authorized representatives have executed this Agreement.

WHEREAS, there is polychlorinated biphenyl ("PCB") and other hazardous substance contamination in certain sediments of the Lower Fox River and Green Bay ("Fox River Contamination").

WHEREAS, the United States, the State of Wisconsin, the State of Michigan, and several Native American Indian tribes (collectively, the Intergovernmental Parties or "IGP") have asserted that certain entities, including NCR and API, contributed to some degree to the Fox River Contamination, and therefore may be responsible to conduct remedial action in response to the Fox River Contamination and/or pay response costs and/or natural resource damages incurred as a result of the Fox River Contamination.

WHEREAS, certain entities, including NCR and API, have previously entered into agreements, administrative orders and/or consent decrees with some or all of the IGP relating to the Fox River Contamination, including but not limited to the Consent Decree in No. 01-C-0816, entered by the Court on December 10, 2001 (involving the United States, the State of Wisconsin, Appleton Papers Inc. and NCR Corporation).

WHEREAS, pursuant to these agreements, administrative orders and consent decrees, and otherwise, certain entities, including NCR and API have incurred costs and damages in connection with the Fox River Contamination for which they may be entitled to seek recovery or contribution under applicable law, including but not limited to 42 U.S.C. § 9613.

WHEREAS, these claims for recovery or contribution may be subject to certain statutes of limitations that, if applicable, could potentially require that these claims be brought prior to the conclusion of activities under these agreements, administrative orders, and consent decrees.

WHEREAS, the initiation of cost recovery and contribution litigation, at this time, would likely have a deleterious effect on activities under these agreements, administrative orders, and consent decrees, and on any other settlement discussions.

WHEREAS, the Parties have therefore decided that it is in their collective best interests to agree, for a limited period and subject to termination as provided below, to avoid cost-recovery or contribution litigation at this time and to toll all applicable statutes of limitation.

NOW, THEREFORE, in consideration of the foregoing, the Parties mutually agree as follows:

1.  During the Effective Period of this Agreement, as defined in Paragraph 3, below, NCR and API, on behalf of themselves, their successors and assigns, covenant not to sue Neenah Foundry Company on any claims they may have arising in connection with the Fox River Contamination. This covenant not to sue terminates at the end of the Effective Period.

2.  In consideration of the foregoing, Neenah Foundry Company, on behalf of itself and its successors and assigns, agrees that the Effective Period shall not be included in the calculation of the time that has elapsed for purposes of determining whether NCR's and API's Claims against Neenah Foundry Company are barred by any applicable statute of limitations, statute of repose, laches, or any other bar or restriction based on timing. For the purpose of this Agreement, "Claim" shall mean any claim relating to or arising in connection with the Fox River Contamination.

3.  The "Effective Period" shall mean that period of time beginning with the date on which this Agreement is executed by all Parties and continuing until thirty (30) days after the day on which any Party provides notice to all the other Parties, pursuant to Paragraph 4, below, that it wishes to terminate the Agreement.

4.  Each Party has the right to terminate this Agreement at any time. Notice to terminate this Agreement shall be provided to the other Parties by such means that will ensure its timely receipt, and will be deemed to have provided on the date that the other Party actually receives the notice. Notice shall be sent to each Party's representative, as designated on Exhibit A. Each Party shall have the right to change its representative upon ten (10) days written notice to the other Parties.

5.  This Agreement contains the entire Agreement between the Parties, and this Agreement may not be enlarged, modified, or altered except in writing signed by the Parties.

6.  Nothing in this Agreement should be construed to indicate, or as an admission, that any applicable statute of limitations has begun to run or has expired. Nothing in this Agreement shall be construed as reviving or altering any statutes of limitations that expired prior to the date of this Agreement. The Parties agree that nothing in this Agreement shall be construed as an admission of liability, responsibility or fault in connection with the Fox River Contamination. The Parties agree that nothing in this Agreement shall be construed as a waiver of any claim, defense, argument or position that any Party may have against any other Party or other entity with respect to the Fox River Contamination, except as specifically stated in this Agreement.

7.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.  This Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

2

9.     This Agreement shall become effective on the date it has been executed by all Parties to the Agreement.

IN WITNESS WHEREOF, the Parties shall cause this Agreement to be executed by their respective duly authorized representatives.


NCR CORPORATION                          APPLETON PAPERS INC.

By: _~Jm S. Hoch~ /snt~                  By: _Paul J. Karch_ /snt~

Title: _Senior Vice President_ and       Title: _Vice President, Human Resources_
                    General Counsel                           and Laws

Date: _12-9-04_                          Date: _12-9-04_


Neenah Foundry Company

By: _Gary Lackey_

Title: _Corporate V.P, Finance_

Date: _11/1/04_


3

9.     This Agreement shall become effective on the date it has been executed by all Parties to the Agreement.

IN WITNESS WHEREOF, the Parties shall cause this Agreement to be executed by their respective duly authorized representatives.

NCR CORPORATION

By: _____

Title: _____

Date: _____


APPLETON PAPERS INC.

By: _____

Title: _____

Date: _____


ARJO WIGGINS APPLETON LTD.

By: _____ C GOWER

Title: DIR of LEGAL AFFAIRS

Date: 10 NOV 04


NEENAH FOUNDRY COMPANY

By: _____

Title: _____

Date: _____


3

# EXHIBIT A

Notice to Appleton Papers Inc. shall be sent to:

> Paul J. Karch, Esq.
> Appleton Papers Inc.
> 825 E. Wisconsin Ave.
> Appleton, WI 54912-0359

with a copy to:

> Jeffrey Bates, Esq.
> McDermott Will & Emery
> 28 State Street, 34th Floor
> Boston, MA 02109

Notice to Arjo Wiggins Appleton Ltd. shall be sent to:

> Christopher Gower, Esq.
> Arjo Wiggins Appleton Ltd.
> c/o Worms et Cie.
> 25 Avenue Franklin D. Roosevelt
> 75008 Paris, France

with a copy to:

> Jeffrey Bates, Esq.
> McDermott Will & Emery
> 28 State Street, 34th Floor
> Boston, MA 02109

Notice to NCR Corporation shall be sent to:

> Susan M. Chema, Esq.
> NCR Corporation
> Law Department
> 1700 South Patterson Blvd.
> Dayton, OH 45479

with a copy to:

> J. Andrew Schlickman, Esq.
> Sidley Austin Brown & Wood LLP
> 10 South Dearborn St.
> Chicago, IL 60603

Notice to Neenah Foundry Company shall be sent to:

> Neenah Foundry Company
> Attn: Gary Lackey
> 2121 Brooks Ave.
> Neenah, WI 54957