IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 08-CV-00016-WCG |
| GEORGE A. WHITING PAPER COMPANY,<br>P. H. GLATFELTER COMPANY,<br>MENASHA CORPORATION,<br>GREEN BAY PACKAGING INC.,<br>INTERNATIONAL PAPER COMPANY,<br>LEICHT TRANSFER & STORAGE COMPANY,<br>NEENAH FOUNDRY COMPANY,<br>NEWPAGE WISCONSIN SYSTEM INC.,<br>THE PROCTER & GAMBLE PAPER<br>PRODUCTS COMPANY, and<br>WISCONSIN PUBLIC SERVICE CORP. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
LEICHT TRANSFER & STORAGE COMPANY'S MOTION TO DISMISS**

Plaintiffs Appleton Papers Inc. and NCR Corporation (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file their Response to the Motion to Dismiss Plaintiffs' Third Amended Complaint of Defendant Leicht Transfer & Storage Company ("Leicht").[1] For the reasons set forth herein, the Motion should be denied.

**STANDARD OF REVIEW**

The plain language of Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] Leicht filed its motion to dismiss on April 29, 2008. Plaintiffs' response was therefore due on May 23, 2008. However, on May 15, 2008, prior to the date for Plaintiffs' response, Leicht filed a reply brief. On May 16, 2008, Plaintiffs discussed this procedural error with Leicht's counsel, Russell Wilson. Mr. Wilson stated that Leicht would stand on its prematurely filed reply, rather than withdraw it, and would not file another reply after Plaintiffs filed their response.

relief." In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is to "accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999). The federal rules generally require "only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Westerfield v. Quizno's Franchise Co., LLC*, 527 F.Supp. 2d 840, 845 (E.D. Wis. 2007) (*citing Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)).

## ARGUMENT

Leicht states that it is joining in the Motion to Dismiss of Defendant Menasha Corporation ("Menasha"), and that it is adopting the "the facts and arguments" set forth in Menasha's Memorandum in Support of its Motion to Dismiss ("Menasha Mem."), Dkt. No. 64. As such, Leicht's Motion to Dismiss fails for the same reasons as Menasha's Motion to Dismiss. These reasons are summarized briefly below and set forth in in more detail in Plaintiffs' Consolidated Response to Defendants P.H. Glatfelter Company's and Menasha Corporation's Motions to Dismiss (the "Consolidated Response"), Dkt. No. 92, which is incorporated herein by reference.

**I.   Plaintiffs Have Stated a Claim for Cost Recovery under CERCLA Section 107(a).**

Leicht contends that the Court should dismiss Plaintiffs' claim in Count I to recover certain of their costs pursuant to Section 107(a) of CERCLA, citing the arguments contained in Menasha's Motion to Dismiss. However, none of these arguments has any merit, as discussed in Plaintiffs' Consolidated Response. *See* Consolidated Response, Dkt. No. 92, pp. 16-18. For example, Leicht, like Menasha, attempts to mischaracterize all of Plaintiffs' costs as

"involuntary" costs, arguing that such "involuntary" costs cannot be sought under Section 107. *See* Leicht Mem., Dkt. No. 104-2, pp. 2-3. In so doing, Leicht ignores, just as Menasha did, the fact that Plaintiffs unambiguously allege the incurrence of "voluntary" (i.e., not compelled by government order) costs. *See* Third Amended Complaint, Dkt. No. 80, ¶ 42. Paragraph 42 specifically alleges that "in addition to" the costs described in paragraphs 30 through 39, Plaintiffs also incurred costs associated with "identifying other responsible parties, conducting risk assessments, funding natural resource damages projects, and otherwise investigating and responding to the Lower Fox River Contamination." Third Amended Complaint, Dkt. No. 80, ¶ 42. This "in addition to" language, as well as the nature of the expenditures themselves, make clear that Paragraph 42 is referring to a category of costs other than those compelled by government order – and the Supreme Court has made clear that these types of costs are recoverable *only* under Section 107. *See United States v. Atlantic Research*, 127 S. Ct. 2331, 2338 n6 (2007).

Leicht also specifically adopts Menasha's misinterpretation of *Metropolitan Water Reclamation District v. N. Am. Galvanizing & Coatings, Inc.*, 473 F.3d 824 (7th Cir. 2007). In *Metropolitan Water*, the Seventh Circuit held that a Section 113(f) claim can only be brought following a Section 106 or Section 107 action. It did *not* hold, as Leicht and Menasha contend, that a Section 113(f) claim is the *only* claim that can be brought following a Section 106 or Section 107 action. *See* Consolidated Response, Dkt. No. 92, pp. 17-18. In fact, the Seventh Circuit's ultimate decision was that Metropolitan Water's claim was *properly brought under Section 107(a)*, as it was not bringing "an action 'for an appropriate division of the payment one of them ha[d] been *compelled* to make.'" *Metropolitan Water*, 473 F.3d at 836 (emphasis added). As discussed above, Plaintiffs have plainly alleged the incurrence of costs that they were not "compelled to make." *See* Third Amended Complaint, Dkt. No. 80, ¶ 42. Accordingly,

Plaintiffs' claim to recover those costs is properly brought under Section 107(a), and Leicht's motion to dismiss Count I should be denied.

## II. Plaintiffs Have Stated a Claim to Recover, Pursuant Section 107(a), Payments Made to the Natural Resource Damages Trustees.

Leicht further argues that Plaintiffs lack standing to assert a Section 107(a) claim to recover natural resource damages, again adopting Menasha's argument. However, as explained in the Consolidated Response, Dkt. No. 92, p. 19, Plaintiffs are not seeking to recover actual natural resource damages in the first instance, as Leicht claims. There is no dispute that only the "natural resource damage trustees," as that term is defined in CERCLA, have standing to assert such a claim. Instead, Plaintiffs are seeking to recover their allocable share of monies Plaintiffs paid to other parties, so that those other parties could investigate and address alleged impacts to natural resources. To the extent these payments were "voluntary" (i.e., not compelled by government order), they are clearly recoverable pursuant to a claim under Section 107(a), as discussed above. *See Atlantic Research*, 127 S. Ct. at 2338 n6 ("costs incurred voluntarily are recoverable only by way of § 107(a)(4)(B)"). Like Menasha, Leicht has fundamentally misconstrued Plaintiffs' allegations, and as a result, Leicht's Motion to Dismiss this portion of Count I should be denied.

## III. Plaintiffs Have Stated a Claim For Declaratory Relief Allocating Future Response Costs Pursuant to Their Claim Under Section 113(f).

Finally, Leicht asks this Court to dismiss Plaintiffs' Count III, which seeks a declaratory judgment allocating future response costs pursuant to their claim under Section 113(f). In support, Leicht again adopts the arguments raised by Menasha, none of which has any basis in the plain language of CERCLA or in the case law, as explained in Plaintiffs' Consolidated Response. *See* Consolidated Response, Dkt. No. 92, pp. 4-15.

Leicht first contends that the Court is authorized under CERCLA to issue declaratory judgments *only* in "direct actions under Section 107." Leicht Mem., Dkt. No. 104-2, p. 4. Like Menasha, however, Leicht fails to account for the fact that virtually every court that has interpreted the scope of Section 113(g)(2), including two Courts of Appeal and numerous district courts, has held that Section 113(g)(2) authorizes the issuance of declaratory relief for claims brought under Section 113(f). *See generally United States v. Davis*, 261 F.3d 1, 46 (1st Cir. 2001) ("§ 9613(g)(2), the declaratory judgment provision of CERCLA, applies to § 9613(f) contribution actions for both past and future response costs"); *Boeing Co. v. Cascade Corp*., 207 F.3d 1177, 1191 (9th Cir. 2000) (CERCLA "does not prohibit" declaratory judgments in contribution actions brought under Section 113); *Norfolk South. Railway Co. v. Gee Co., et al.*, No. 98-C-1619, 2002 U.S. Dist. LEXIS 18980, *111 (N.D. Ill. September 30, 2002) ("[i]n actions under CERCLA § 113, the court has discretion to enter a declaratory judgment" under Section 113(g)(2)).

As if recognizing the weakness in this argument, Leicht then falls back on the argument that, even if the Court is authorized to enter a declaratory judgment, the Court should exercise its discretion *not* to do so in this case because "[a] declaratory judgment would be inherently speculative." Leicht Mem., Dkt. No. 104-2, p. 5.[2]  However, like Menasha, Leicht ignores the fact that courts have consistently held that "where . . . future response costs are likely to be incurred, but the exact amount remains unknown, a [declaratory] judgment on proportional liability is an appropriate remedy." *Tosco*, 216 F.3d at 897 (*citing Kelley v. E.I. DuPont de Nemours & Co.*, 17 F.3d 836, 844-45 (6th Cir. 1994) (a declaration of liability is

---

[2] According to Leicht, "[a]ttempting to declare allocation of costs at this time is simply a speculative venture" because "downstream polluters are obviously in a different position relative to upstream polluters." *Id*. However, such alleged factual differences are not relevant at this stage of the litigation. The extent to which the "downstream" and "upstream" sources may be in "different" positions can only be evaluated once full discovery has been taken of all sources, and so this argument cannot be the basis for a motion to dismiss.

appropriate even if future costs are somewhat speculative)); *see also Davis*, 261 F.3d at 46-48; *Boeing,* 207 F.3d at 1191-92 (rejecting the defendant's argument that the "facts of this case do not render it appropriate for declaratory relief because the costs of remediation are not sufficiently stable to permit declaratory relief"); *Sherwin-Williams Co. v. ARTRA Group, Inc.*, 125 F. Supp. 2d 739, 754 (D. Md. 2001) ("the speculative nature of future costs does not bar a present declaration of liability") (citation omitted); *Organic Chemical Site PRP Group v. Total Petroleum, Inc.*, 58 F.Supp. 2d 755, 760 (W.D. Mich. 1999) (same). In *Davis*, the First Circuit specifically held that "[t]he ongoing nature of [cleanup] work and the fact that its ultimate cost [is not] known at trial [does] not affect the district court's ability to consider the evidence that other PRPs contributed to the waste in the soil, and to determine whether some [share of the] costs should thus be allocated to them." *Davis*, 261 F.3d at 48.

The Third Amended Complaint alleges – nor can there be any dispute – that response costs will be incurred in the future, and that the cleanup of the Lower Fox River Site will be a massive undertaking. Moreover, as Plaintiffs have explained before, the purpose of this lawsuit is to bring all the PRPs that have not otherwise settled their liability into this one proceeding, so that the Court can enter a global resolution of the share allocation issues in a single action. *See* Consolidated Response, Dkt. No. 92, p. 14; Plaintiffs' Brief in Support of Motion for Leave to File an Amended Complaint, Dkt. No. 9, p. 4. In light of these circumstances, a declaratory judgment allocating future response costs in this case is not only appropriate, but necessary. As the Ninth Circuit explained in *Boeing*:

> CERCLA was intended to encourage quick response and to place the costs on those responsible. Declaratory relief serves these purposes because all parties, like those in this case, will know their share of costs before they are incurred. The more liability can be limited and quantified, the more practical it is for a party to budget and borrow to finance it. Environmental litigation is tremendously complex, lengthy, and expensive. The costs and time involved in

> relitigating issues as complex as these where new costs are incurred would be massive and wasteful. Declaratory relief allocating future costs is therefore consistent with the broader purposes of CERCLA.

*Boeing*, 207 F.3d at 1191. Given that the case law clearly establishes that the Court is authorized under CERCLA to issue a declaratory judgment on allocation in this case, and given that declaratory relief could ultimately promote the cleanup of the Lower Fox River Site, there is no basis upon which to dismiss Plaintiffs' claim for declaratory relief at this stage in the litigation. Accordingly, Leicht's motion to dismiss Count III of the Third Amended Complaint should be denied.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Plaintiffs' Response to Menasha's Motion to Dismiss, Plaintiffs Appleton Papers Inc. and NCR Corporation hereby request that the Court deny in its entirety Defendant Leicht Transfer & Storage Corporation's Motion to Dismiss Plaintiffs' Third Amended Complaint.

APPLETON PAPERS INC.


s/ Michael L. Hermes
By: One of Its Attorneys


NCR CORPORATION


s/ Kathleen L. Roach
By: One of its Attorneys

Counsel for NCR Corporation:
J. Andrew Schlickman (Illinois Bar No. 3122104)
Kathleen L. Roach (Illinois Bar No. 6191432)
Evan Westerfield (Illinois Bar No. 6217037)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass (Wisconsin Bar No. 1011998)
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Counsel for Appleton Papers Inc.:
Michael L. Hermes (Wisconsin Bar No. 1019623)
Metzler Timm Treleven & Hermes SC
222 Cherry Street
Green Bay, Wisconsin 54301
(920) 435-9393
Fax: (920) 435-8866


Dated: May 23, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and <br> NCR CORPORATION, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 08-CV-00016-WCG |
| GEORGE A. WHITING PAPER COMPANY, <br> P. H. GLATFELTER COMPANY, <br> MENASHA CORPORATION, <br> GREEN BAY PACKAGING INC., <br> INTERNATIONAL PAPER COMPANY, <br> LEICHT TRANSFER & STORAGE COMPANY, <br> NEENAH FOUNDRY COMPANY, <br> NEWPAGE WISCONSIN SYSTEM INC., <br> THE PROCTER & GAMBLE PAPER <br> PRODUCTS COMPANY, and <br> WISCONSIN PUBLIC SERVICE CORP., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2008, 2008, I electronically filed Plaintiffs' Response to Defendant Leicht Transfer & Storage Company's Motion to Dismiss using the ECF system, which will send notification of such filing to: Philip Munroe at DiRenzo & Bomier LLC, pmunroe@direnzollc.com; Scott Fleming at Weiss Berzowski Brady LLP, sbf@wbb-law.com; David Mandelbaum at Ballard Spahr Andrews & Ingersoll, LLP, mandelbaum@ballardspahr.com; Marc Davies at Ballard Spahr Andrews & Ingersoll, LLP, davies@ballardspahr.com; Ronald Varnum at Ballard Spahr Andrews & Ingersoll, LLP, varnumr@ballardspahr.com; Jennifer Simon at Ballard Spahr Andrews & Ingersoll, LLP, simonj@ballardspahr.com; Sabrina Mizrachi at Ballard Spahr Andrews & Ingersoll, LLP, mizrachis@ballardspahr.com; Mark Feldmann at Menn Law Firm, Ltd., mark-feldmann@mennlaw.com; Joseph Beisenstein at Menn Law Firm, Ltd.,

joseph-beisenstein@mennlaw.com; Jacy T. Rock at Faegre & Benson LLP, jrock@faegre.com; Colin Deihl at Faegre & Benson LLP, cdeihl@faegre.com; Delmar Ehrich at Faegre & Benson LLP, dehrich@faegre.com; David Edquist at von Briesen & Roper, s.c., dedquist@vonbriesen.com; Christopher Riordan at von Briesen & Roper, s.c., criordan@vonbriesen.com; Patrick Wells at von Briesen & Roper, s.c., pwells@vonbriesen.com; Russell Wilson at Ruder Ware, rwilson@ruderware.com; Linda Benfield at Foley & Lardner LLP, lbenfield@foley.com; Sarah Slack at Foley & Lardner LLP, sslack@foley.com; Arthur Radke at Dykema Gossett PLLC, aradke@dykema.com; Michelle Gale at Dykema Gossett PLLC, mgale@dykema.com; Daniel Murray at Johnson & Bell, Ltd., murrayd@jbltd.com; Mathew Beredo at Baker & Hostetler LLP, mberedo@bakerlaw.com; Timothy Anderson at Remley & Sensenbrenner, S.C., tanderson@remleylaw.com; Thomas O'Donnell at Calfee Halter & Griswold LLP, todonnell@calfee.com; William Coughlin at Calfee Halter & Griswold LLP, wcoughlin@calfee.com; Randall Stone at U.S. Department of Justice, randall.stone@usdoj.gov; Michael Hermes at Metzler, Timm, Treleven & Hermes, S.C., mhermes@mtthlaw.com; J. Ric Gass at Gass Weber Mullins LLC, gass@gasswebermullins.com; Joan Radovich at Sidley Austin LLP, jradovich@sidley.com; Kathleen Roach at Sidley Austin LLP, kroach@sidley.com; Evan Westerfield at Sidley Austin LLP, evanwesterfield@sidley.com; and J. Andrew Schlickman at Sidley Austin LLP, jschlickman@sidley.com.

NCR CORPORATION

 s/ Kathleen L. Roach
By: One of Its Attorneys

Kathleen L. Roach (Illinois Bar No. 6191432)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

2
Case 2:08-cv-00016-WCG    Filed 05/23/08    Page 10 of 10    Document 133