IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. AND NCR CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE A. WHITING PAPER COMPANY, et al., <br><br> Defendants. | Case No.　　08-CV-00016-WCG |

**DEFENDANT THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY'S
ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant The Procter & Gamble Paper Products Company ("P&G"), by its attorneys Dykema Gossett PLLC, answers Plaintiffs' Third Amended Complaint:

**INTRODUCTION**

1.　　P&G admits the allegations in paragraph 1.

2.　　P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.　　P&G admits the allegations in the first sentence of paragraph 3 and lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

4.　　P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

**JURISDICTION**

5.　　P&G admits that this Court has jurisdiction over the subject matter of this action.

6. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

## PARTIES

7. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. P&G admits the allegations set forth in paragraph 17.

18. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

## GENERAL ALLEGATIONS

### The Lower Fox River Site

19. P&G admits the allegations in the first sentence of paragraph 19 and denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

### Defendants' Releases

20. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. P&G currently owns and/or operates the Charmin Mill in Green Bay, Wisconsin and P&G denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

29. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

**Cleanup Work and Natural Resource Damages at the Lower Fox River Site**

30. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

## COUNT I – CLAIM UNDER § 107

43. P&G hereby incorporates its responses to the allegations in Paragraphs 1 through 42 of the Third Amended Complaint.

44. P&G admits that it may be subject to duties imposed on it by operation of law, denies that it is not in compliance with those duties, and otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

45. P&G admits that it may be subject to duties imposed on it by operation of law, denies that it is not in compliance with those duties, and otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

46. P&G denies the allegations in paragraph 46.

47. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55. P&G denies the allegations in paragraph 55.

56. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65. P&G denies the allegations set forth in paragraph 65.

66. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

67. P&G admits the allegations in paragraph 67.

68. P&G admits the allegations in paragraph 68.

69. P&G admits the allegations of paragraph 69.

70. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

75. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90. P&G denies the allegations set forth in paragraph 90.

91. P&G denies the allegations set forth in paragraph 91.

92. P&G admits whatever duties may be imposed on it by operation of law and denies any breach of those duties whether imposed under CERCLA or otherwise.

93. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96. P&G denies the allegations in paragraph 96 insofar as they pertain to P&G. P&G lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 96.

97. P&G denies the allegations in paragraph 97 insofar as the allegations pertain to P&G. P&G lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 97.

98. P&G denies the allegations in paragraph 98 insofar as the allegations pertain to P&G. P&G lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 98.

99. P&G denies the allegations in paragraph 99 insofar as the allegations pertain to P&G. P&G lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99.

100. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.

101. P&G denies the allegations in paragraph 101.

## COUNT II – CLAIM UNDER CERCLA § 113

102. P&G hereby incorporates its responses to the allegations in Paragraphs 1 through 101 of the Third Amended Complaint.

103. P&G admits whatever duties may be imposed on it by operation of law, and denies that Plaintiffs are entitled to contribution.

104. P&G denies the allegations in paragraph 104 insofar as they pertain to P&G. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

105. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105.

106. P&G denies the allegations in paragraph 106 insofar as they pertain to P&G. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

107. P&G hereby incorporates its responses to the allegations in Paragraphs 1 through 106 of the Third Amended Complaint.

108. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109. P&G lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110. P&G denies the allegations in paragraph 110.

111. P&G denies the allegations in paragraph 111.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

3. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the result of the negligence of Plaintiffs and/or other persons.

4. Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

5. Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

6. Plaintiffs' damages, if any, are the result of their own acts or omissions over which P&G has no control.

7. P&G's liability, if any, is the result of acts or omissions of a third person within the meaning of 42 U.S.C. § 9607(b)(3).

8. Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which P&G was not directly or indirectly involved.

9. The contribution to the PCB contamination of the Lower Fox River through P&G, if any, is so infinitesimal such that any allocation of liability to P&G would be inequitable.

10. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. § 9607(o), P&G is exempt from liability as a <u>de micromis</u> party, if it has any liability at all.

11. Plaintiffs' claims are barred because they are not ripe for adjudication and/or Plaintiffs lack standing to assert them.

12. Plaintiffs are not the real party in interest to make a claim for natural resources damages.

Therefore, Defendant P&G requests that all of the claims asserted in Plaintiffs' Third Amended Complaint be dismissed, with prejudice, at Plaintiffs' costs, and that this Court grant P&G such other and further relief as this Court deems proper.

## COUNTERCLAIM

Defendant The Procter & Gamble Paper Products Company's ("P&G"), by its attorneys Dykema Gossett PLLC, and to the extent Plaintiffs' Third Amended Complaint states a claim, sets forth its counterclaims as follows:

### PARTIES

1. Defendant P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

2. Plaintiff Appleton Papers Inc. ("API") is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3. Plaintiff NCR Corporation is a Maryland corporation with its principal place of business in Dayton, Ohio.

### JURISDICTION

4. This Court has jurisdiction over the subject matter of this counterclaim under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), 28 U.S.C. § 1331, and supplemental jurisdiction.

5. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the events giving rise to the claims in this Counterclaim and in Plaintiffs' Third Amended Complaint, including the alleged releases of hazardous substances, occurred in this District. In addition, the Lower Fox River and Plaintiffs' relevant businesses or operations are/were located entirely within this District.

## CLAIM FOR CONTRIBUTION

6. The Third Amended Complaint alleges claims for liability against P&G, which claims P&G denies.

7. Plaintiffs are liable for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Third Amended Complaint.

8. To the extent that the Third Amended Complaint states a claim for liability for responses costs or damages at the Lower Fox River Site, and results in a judgment against P&G, P&G is entitled to statutory and/or common law contribution, cost recovery, and/or indemnity from Plaintiffs.

Therefore, P&G demands judgment against Plaintiffs dismissing the Third Amended Complaint, with prejudice; or, if judgment is rendered against P&G, for judgment against Plaintiffs for costs and damages properly allocable to them, and for such further relief as this Court deems proper.

Dated: June 4, 2008

Attorneys for Defendant, The Procter & Gamble Paper Products Company

By: /s/ Michelle A. Gale_____
Joseph C. Basta (Michigan 24645)
Michelle A. Gale (Illinois 6277913)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Telephone: (312) 627-2108
Facsimile: (312) 627-2302

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed the foregoing **Defendant The Procter & Gamble Paper Products Company's Answer to Third Amended Complaint and Counterclaim** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Timothy B Anderson (tanderson@remleylaw.com)
> Joseph J Beisenstein (joseph-beisenstein@mennlaw.com)
> Linda E Benfield (lbenfield@foley.com)
> Mathew B Beredo (mberedo@bakerlaw.com)
> William E Coughlin (wcoughlin@calfee.com)
> Marc E Davies (davies@ballardspahr.com)
> Colin C Deihl (cdeihl@faegre.com)
> David J Edquist (dedquist@vonbriesen.com)
> Delmar R Ehrich (dehrich@faegre.com)
> Mark R Feldmann (mark-feldmann@mennlaw.com)
> Scott B Fleming (sbf@wbb-law.com(
> J Ric Gass (gass@gasswebermullins.com)
> Charles M Gering (cgering@foley.com)
> Michael L Hermes (mhermes@mtthlaw.com)
> Sonja A Inglin (singlin@bakerlaw.com)
> David G Mandelbaum (mandelbaum@ballardspahr.com)
> Sabrina Mizrachi (mizrachis@ballardspahr.com)
> Philip A Munroe (pmunroe@direnzollc.com)
> Daniel C Murray (murrayd@jbltd.com)
> Thomas R O'Donnell (todonnell@calfee.com)
> Joan Radovich (jradovich@sidley.com)
> Christopher P Riordan (criordan@vonbriesen.com)
> Kathleen L Roach (kroach@sidley.com)
> Jacy T Rock (jrock@faegre.com)
> J Andrew Schlickman (jaschlickman@sidley.com)
> Jennifer E Simon (simonj@ballardspahr.com)
> Sarah A Slack (sslack@foley.com)
> Randall M Stone (randall.stone@usdoj.gov)
> Ronald M Varnum (varnumr@ballardspahr.com)
> Patrick L Wells (pwells@vonbriesen.com)
> Evan B Westerfield (evanwesterfield@sidley.com)
> Russell W Wilson (rwilson@ruderware.com)

s/ Irina V. Frye