IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

    v.

GEORGE A. WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING, INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM INC.,
THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY, and
WISCONSIN PUBLIC SERVICE CORP.,

        Defendants.

Case No. 08-CV-00016-WCG

**JURY DEMAND
ENDORSED HEREON**

---

## DEFENDANT INTERNATIONAL PAPER COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM

---

Defendant International Paper Company (hereinafter "International Paper"), answers the

Third Amended Complaint of Plaintiff Appleton Papers Inc. ("API") and NCR Corporation

("NCR," and collectively with API, "Plaintiffs"), as follows:

### ANSWER

    1.    Answering Paragraph 1, International Paper admits these allegations of such

paragraph.

2.      Answering Paragraph 2, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph, and on that basis, denies such allegations.

3.      Answering Paragraph 3, International Paper admits that Plaintiffs contend that the purpose of the lawsuit is as described in that paragraph, that it entered into a tolling agreement with Plaintiffs and that such tolling agreement was terminated by Plaintiffs. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and on that basis, denies such allegations.

4.      Answering Paragraph 4, International Paper admits that a dispute exists regarding responsibility for certain alleged costs and damages and that Plaintiffs are seeking a declaratory judgment. International Paper denies that it is one of the "responsible parties" with respect to the Lower Fox River Contamination (as that term is defined in the Third Amended Complaint) and further denies that it has any liability or obligation to Plaintiffs or with respect to the Lower Fox River Contamination. International Paper is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and on that basis, denies such allegations.

5.      International Paper admits the allegations of Paragraph 5.

6.      Answering Paragraph 6, International Paper admits that venue is proper in this District. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and on that basis, denies such allegations.

501901768

## PARTIES

7.    Answering Paragraph 7, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

8.    Answering Paragraph 8, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

9.    Answering Paragraph 9, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

10.    Answering Paragraph 10, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

11.    Answering Paragraph 11, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

12.    Answering Paragraph 12, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

13.    Answering Paragraph 13, International Paper admits that it is a New York corporation with its principal place of business in Memphis, Tennessee and that Plaintiffs' references in the Third Amended Complaint to "International Paper" are intended to be with respect to International Paper and its alleged predecessors identified in such paragraph. Except as so admitted, International Paper denies the allegations of Paragraph 13.

14. Answering Paragraph 14, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

15. Answering Paragraph 15, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

16. Answering Paragraph 16, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

17. Answering Paragraph 17, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

18. Answering Paragraph 18, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

## GENERAL ALLEGATIONS

19. Answering Paragraph 18, International Paper admits that the Third Amended Complaint asserts claims with respect to polychlorinated biphenyls ("PCB") contamination of the Lower Fox River, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraph, and on that basis, denies such allegations.

20.     Answering Paragraph 20, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

21.     Answering Paragraph 21, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

22.     Answering Paragraph 22, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

23.     Answering Paragraph 23, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

24.     Answering Paragraph 24, International Paper admits that Hammermill Paper Company, to which International Paper is the successor by merger, in or after May 1985 acquired certain assets from Philip Morris Industrial Incorporated with respect to a mill located in Nicolet, Wisconsin. International Paper denies, for lack of sufficient information and belief, the allegations of Paragraph 24 regarding the Kaukauna Mill (as that term is defined Paragraph 24). International Paper denies the remaining allegations of Paragraph 24 and further specifically denies that it is responsible for the release of any PCBs with respect to the Lower Fox River Site (as that term is defined in such paragraph).

25.     Answering Paragraph 25, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

26.     Answering Paragraph 26, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

27.     Answering Paragraph 27, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

28.     Answering Paragraph 28, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

29.     Answering Paragraph 29, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

30.     Answering Paragraph 30, International Paper admits that the United States Environmental Protection Agency ("USEPA") has taken certain enforcement actions related to the Fox River Superfund Site, including the issuance of a unilateral administrative order as reference in such paragraph and that such order identifies certain companies as respondents. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis, denies such allegations.

31.     Answering Paragraph 31, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

32.     Answering Paragraph 32, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

33.     Answering Paragraph 33, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

34.     Answering Paragraph 34, International Paper admits that consent decrees have been entered that relate to the Lower Fox and Green Bay Site (the "Fox River Superfund Site") and to which the United States and Plaintiffs are parties and that Plaintiffs claim to have incurred costs or made payments pursuant to such consent decrees. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and on that basis, denies such allegations.

35.     Answering Paragraph 35, International Paper admits that USEPA has issued a Record of Decision with respect to the selection of a remedy for portions of the Fox River Superfund Site. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies such allegations.

36.     Answering Paragraph 36, International Paper admits that USEPA has issued a Record of Decision with respect to the selection of a remedy for portions of the Fox River Superfund Site. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies such allegations.

37.     Answering Paragraph 37, International Paper admits that publicly available information that indicate NCR has entered into an administrative settlement. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies such allegations.

38.     Answering Paragraph 38, International Paper admits that consent decrees related to the Fox River Superfund Site to which the United States and Plaintiffs are parties have been entered and that Plaintiffs claim to have incurred costs or made payments pursuant to such consent decrees. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies such allegations.

39.     Answering Paragraph 39, International Paper admits that publicly available information indicates that in or about June 2007, USEPA amended a previously issued Record of Decision. Except as so admitted, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies such allegations.

40.     Answering Paragraph 40, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies the allegations of such paragraph.

41.     Answering Paragraph 41, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies the allegations of such paragraph.

42.     Answering Paragraph 42, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies the allegations of such paragraph.

## COUNT I – CLAIM UNDER CERCLA § 107

43.     Answering Paragraph 43, International Paper hereby incorporates by reference its answer to Paragraphs 1 through 42 of the Third Amended Complaint.

44.     Paragraph 44 contains legal conclusions to which an answer is not required.  To the extent such allegations require an answer, International Paper admits that Section 107(a)(4) of the Comprehensive Environmental Response, Compensation & Liability Act, 42 U.S.C. § 9601 *et seq*. ("CERCLA") contains provisions imposing liability in accordance with its terms and otherwise denies the allegations of Paragraph 44.

45.     Paragraph 45 contains legal conclusions to which an answer is not required.  To the extent such allegations require an answer, International Paper admits that Section 107(a) of CERCLA identifies certain categories of persons that are liable parties under CERCLA and otherwise denies the allegations of Paragraph 45.

46.     Answering Paragraph 46, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

47.     Answering Paragraph 47, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

48.     Answering Paragraph 48, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

49.     Answering Paragraph 49, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

50.     Answering Paragraph 50, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

51.     International Paper denies the allegations of Paragraph 50 and further specifically denies that it has any liability associated with the alleged release of PCBs from the International Paper Mills (as that term is defined in Paragraph 24 of the Third Amended Complaint).

52.     Answering Paragraph 52, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

53.     Answering Paragraph 53, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

54.     Answering Paragraph 54, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

55.     Answering Paragraph 55, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

56.    Answering Paragraph 56, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

57.    Answering Paragraph 57, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

58.    Answering Paragraph 58, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

59.    Answering Paragraph 59, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

60.    Answering Paragraph 60, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

61.    International Paper admits the allegations of Paragraph 61.

62.    Answering Paragraph 62, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

63.    Answering Paragraph 63, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

64.     Answering Paragraph 64, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

65.     Answering Paragraph 65, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

66.     Answering Paragraph 66, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

67.     Answering Paragraph 67, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

68.     Answering Paragraph 68, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

69.     International Paper admits the allegations of Paragraph 69.

70.     Answering Paragraph 70, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

71.     Answering Paragraph 71, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

72. Answering Paragraph 72, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

73. Answering Paragraph 73, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

74. Answering Paragraph 74, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

75. Answering Paragraph 75, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

76. Answering Paragraph 76, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

77. Answering Paragraph 77, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

78. Answering Paragraph 78, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

79.     Answering Paragraph 79, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

80.     Answering Paragraph 80, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

81.     International Paper denies the allegations of Paragraph 81 and further specifically denies it has any liability associated with the alleged release of PCBs from the International Paper Mills (as that term is defined in Paragraph 24 of the Third Amended Complaint).

82.     Answering Paragraph 82, International Paper admits that it is a person, but otherwise denies the allegations of such paragraph it has any liability associated with the alleged release of PCBs from the International Paper Mills (as that term is defined in Paragraph 24 of the Third Amended Complaint).

83.     Answering Paragraph 83, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

84.     Answering Paragraph 84, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

85.     Answering Paragraph 85, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

501901768

86.     Answering Paragraph 86, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

87.     Answering Paragraph 87, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

88.     Answering Paragraph 88, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

89.     Answering Paragraph 89, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

90.     Answering Paragraph 90, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

91.     Answering Paragraph 91, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

92.     Answering Paragraph 92, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

501901768

93.     Answering Paragraph 93, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

94.     Answering Paragraph 94, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

95.     Answering Paragraph 95, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

96.     Answering Paragraph 96, International Paper denies that it has any liability for any such alleged releases from the International Paper Mills (as such term is defined in Paragraph 24 of the Third Amended Complaint) and denies the remaining allegations of such paragraph for lack of information and belief sufficient to admit or deny such allegations.

97.     Answering Paragraph 97, International Paper denies that it has any liability for any alleged releases from the International Paper Mills (as such term is defined in Paragraph 24 of the Third Amended Complaint), denies the allegations of such paragraph with respect to other facilities for lack of information and belief sufficient to admit or deny such allegations, and denies the remaining allegations of such paragraph.

98.     International Paper denies the allegations of Paragraph 98.

99.     Answering Paragraph 99, International Paper admits that Plaintiffs have requested that the Court determine the parties' allocable shares of liability and otherwise denies the allegations of such paragraph.

100.     Answering Paragraph 100, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

101.     International Paper denies the allegations of Paragraph 101.

## COUNT II – CLAIM UNDER CERCLA § 113

102.     Answering Paragraph 102, International Paper hereby incorporates by reference its answer to Paragraphs 1 through 101 of the Third Amended Complaint.

103.     Paragraph 103 contains legal conclusions to which an answer is not required.  To the extent such allegations require an answer, International Paper admits that Section 113(f)(1) of CERCLA contains provisions governing contribution claims and except as so admitted, denies the allegations of Paragraph 103.

104.     Answering Paragraph 104, International Paper denies the allegations of such paragraph.

105.     Answering Paragraph 105, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

106.     International Paper denies the allegations of Paragraph 106.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

107.     Answering Paragraph 107, International Paper hereby incorporates by reference its answer to Paragraphs 1 through 106 of the Third Amended Complaint.

108.     Answering Paragraph 108, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, denies such allegations.

109.    Answering Paragraph 109, International Paper admits that Plaintiffs contend that a controversy that provides the basis for declaratory relief exists, and is without knowledge or information sufficient to form a belief as to the truth of allegations regarding the refusal of other defendants to acknowledge liability and on that basis denies such allegations.  International Paper denies the remaining allegations of Paragraph 109.

110.    Answering Paragraph 110, International Paper denies the allegations of such paragraph.

111.    Answering Paragraph 111, International Paper admits that Plaintiffs are seeking a judicial declaration and otherwise denies the allegations of such paragraph.

### AFFIRMATIVE DEFENSES

International Paper alleges the affirmative defenses set forth below.

112.    The Third Amended Complaint, and each count thereof, fails to state a claim upon which relief may be granted as against International Paper.

113.    Plaintiffs' claims against International Paper are barred in whole or in part by the applicable statute of limitations under CERCLA.

114.    On information and belief, during any time International Paper may have owned or operated or otherwise be liable with respect to any of the International Paper Mills (as such term is defined in Paragraph 24 of the Third Amended Complaint), carbonless paper and other products associated with PCBs were not used or contained in products produced at such Mills. International Paper therefore cannot be held liable for any alleged PCB releases.

115.    To the extent that International Paper has any liability to Plaintiffs (which International Paper denies), International Paper's alleged liability is the result of actions of a third party or parties over which it had not control and within the meaning of Section 107(b)(3)

of CERCLA, 42 U.S.C. §9607(b)(3), and International Paper therefore cannot be held liable to Plaintiffs for such actions.

116. Plaintiffs are not entitled to recovery for costs that are not necessary costs of response and were not incurred in accordance with the requirements contained in the National Contingency Plan.

117. To the extent that International Paper has any liability to Plaintiffs (which it denies), the harm, if any, attributable to operations of the International Paper Mills (as defined in Paragraph 24 of the Third Amended Complaint) for which International Paper may be liable is divisible.

118. Plaintiffs are not entitled to any recovery from International Paper on the claims asserted in the Third Amended Complaint for any payments which they have made with respect to or arising out of alleged natural resources damages.

119. To the extent International Paper has any liability to Plaintiffs (which it denies), any contribution to the PCB contamination of the Lower Fox River for which International Paper might be held liable would be so infinitesimal, particularly in comparison with the contribution resulting from Plaintiffs' actions, it did not and could not cause response costs to be incurred. Any allocation of liability to International Paper under either Section 107 or Section 113 of CERCLA would be inequitable.

120. To the extent that International Paper has any responsibility for the contamination that is the basis for Plaintiffs' claims (which International Paper denies), it is exempt from liability pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), as a *de micromis* party.

121. Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

122. Plaintiffs' claims are barred by the equitable doctrine of estoppel.

123. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

124. Plaintiffs' claims for declaratory relief as against International Paper are barred because such claims are not ripe for adjudication and/or Plaintiffs lack standing to assert them.

125. Plaintiffs are not the real party to interest to bringing a claim for or arising out of alleged natural resource damages.

126. Plaintiffs have failed to name all necessary and indispensable parties.

127. International Paper asserts and relies upon all defenses available under CERCLA.

128. International Paper relies upon and incorporates applicable defenses asserted by other defendant and reserves its right to amend this Answer to add affirmative defenses and to amend its affirmative defenses, based on discovery in this action.

**WHEREFORE,** International Paper prays (1) that Plaintiffs have no recovery from International Paper based on the Third Amended Complaint, (2) that each and all of the claims asserted in the Third Amended Complaint be dismissed, with prejudice, (3) for an award of costs and for attorneys' fees (to the extent permitted under the claims asserted by Plaintiffs), and (4) for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

International Paper Company ("International Paper"), to the extent that Plaintiffs' Third Amended Complaint states a claim pursuant to Section 107 of CERCLA, make the following Counterclaims:

1. Defendant International Paper Company ("International Paper") is a New York corporation with its principal place of business in Memphis, Tennessee.

2. On information and belief, Plaintiff and Counter-Defendant Appleton Papers Inc. ("API"), is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3.     On information and belief, Plaintiff and Counter-Defendant NCR Corporation ("NCR") is a Maryland corporation with its principal place of business in Dayton, Ohio.

4.     The Court has jurisdiction over the subject matter of this counterclaim pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. § 9601, *et seq.*, ("CERCLA"), 28 U.S.C. § 1331, and supplemental jurisdiction.

5.     Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the events giving rise to the claims in this Counterclaim and in Plaintiffs' Third Amended Complaint, including the alleged releases of hazardous substances, occurred in this District.  In addition, the Lower Fox River and Plaintiffs' relevant businesses or operations are/were located entirely within this District.

6.     The Third Amended Complaint alleges claims for liability against International Paper, which claims International Paper denies.

7.     Plaintiffs are liable for responses costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Third Amended Complaint.

8,     To the extent that the Third Amended Complaint states a claim for liability for response costs or damages at the Lower Fox River Site, and results in a judgment against International Paper, International Paper is entitled to statutory and/or common law contribution, cost recovery, and/or indemnity from Plaintiffs.

**WHEREFORE**, International Paper demands judgment against Plaintiffs dismissing the Third Amended Complaint on the merits or, in the event judgment is rendered against International Paper, for judgment against Plaintiffs for costs and damages properly allocable to

them, for such other and further relief as this Court deems just and proper, and for its attorneys'

fees, costs, disbursements and expenses of this action.

Dated: June 4, 2008   BAKER & HOSTETLER

        By: s/John F. Cermak, Jr.

         Attorneys for Defendant,
         International Paper Company
         12100 Wilshire Boulevard, 15th Floor
         Los Angeles, California 90025
         Telephone: (310) 820-8800
         Facsimile: (310) 820-8859
         singling@bakerlaw.com

## JURY DEMAND

Pursuant to Civil Rule 38, International Paper Company hereby demands a trial by jury as

to all issues so triable.

Dated: June 4, 2008   s/John F. Cermak, Jr.
         One of the Attorneys for Defendant
         International Paper Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

    v.

GEORGE A. WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING, INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY
NEWPAGE WISCONSIN SYSTEM INC.
THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY, and
WISCONSIN PUBLIC SERVICE CORP.

        Defendants.

Case No. 08-CV-00016-WCG

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on June 4, 2008, I electronically filed *Defendant International Paper Company's Answer to Third Amended Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of such filings to Joseph J. Beisenstein, joseph-beisenstein@mennlaw.com; Mark R. Feldmann, mark-feldmann@mennlaw.com; Colin C. Deihl, cdeihl@faegre.com; Delmar R. Ehrich, dehrich@faegre.com; Jacy T. Rock, jrock@faegre.com; Scott B. Fleming, sbf@wbb-law.com; J. Ric Gass, gass@gasswebermullins.com; Philip A. Munroe, pmunroe@direnzollc.com; Michael L. Hermes, mhermes@mtthlaw.com; David G.

Mandelbaum, mandelbaum@ballardspahr.com; Sabrina Mizrachi,

mizrachis@balladrdspahr.com; Marc E. Davies, davies@ballardspahr.com; Jennifer E. Simon,

simonj@ballardspahr.com; Ronald M. Varnum, varnumr@ballardspahr.com; J. Andrew

Schlickman, jaschlickman@sidley.com; Kathleen L. Roach, kroach@sidley.com; Joan

Radovich, jradovich@sidley.com; Evan B. Westerfield, evanwesterfield@sidley.com; Patrick L.

Wells, pwells@vonbriesen.com; Christopher P. Riordan, criordan@vonbriesen.com; David J.

Erquist, dedquist@vonbriesen.com; Russell W. Wilson, rwilson@ruderware.com; Thomas R.

O'Donnell, todonnell@calfee.com; William E. Coughlin, wcoughlin@calfee.com; Timothy B.

Anderson, tanderson@remleylaw.com; Daniel C. Murray, murrayd@jbltd.com; Michelle Gale,

mgale@dykema.com; Arthur F. Radke, aradke@dykema.com; Joseph C. Basta,

jbasta@dykema.com; Charles M. Gering, cgering@foley.com; Sarah A. Slack,

sslack@foley.com; Linda E. Benfield, lbenfield@foley.com.

Dated:  June 4, 2008          **BAKER & HOSTETLER LLP**


By:  s/John F. Cermak, Jr.
           John F. Cermak, Jr.
     Attorneys for Defendant, International Paper Company
     12100 Wilshire Boulevard, 15th Floor
     Los Angeles, CA 90025
     Telephone: (310) 820-8800
     jcermak@bakerlaw.com