UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS, INC. and
NCR CORPORATION,

              Plaintiffs,

                                  Case No. 08-C-0016

v.

GEORGE A WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING, INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM, INC.,
THE PROCTER & GAMBLE PAPER PRODUCTS
COMPANY, WISCONSIN PUBLIC SERVICE CORP.,
CITY OF APPLETON, CITY OF DE PERE,
CITY OF GREEN BAY, CITY OF KAUKAUNA,
BROWN COUNTY, GREEN BAY METROPOLITAN
SEWERAGE DISTRICT, HEART OF THE VALLEY
METROPOLITAN SEWERAGE DISTRICT,
NEENAH-MENASHA SEWERAGE COMMISSION,
VILLAGE OF KIMBERLY, VILLAGE OF
WRIGHTSTOWN, WTM I COMPANY and
U.S. PAPER MILLS CORPORATION,

              Defendants.

## DEFENDANT GEORGE A WHITING PAPER COMPANY'S ANSWER TO FIFTH AMENDED COMPLAINT AND COUNTERCLAIM

Defendant, George A. Whiting Paper Company ("Whiting Paper Co."), answers
Plaintiffs' fifth amended complaint as follows:

## INTRODUCTION

1.      Admits the allegations contained in paragraph 1.

2.      Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 2 and, therefore, denies them.

3.      Whiting Paper Co. admits the first sentence of paragraph 3 and lacks information sufficient to either confirm or deny the allegations set forth in the last two sentences of paragraph 3 and, therefore, denies them.

4.      Admits the allegations set forth in paragraph 4.

## JURISDICTION

5.      Admits the allegations set forth in paragraph 5.

6.      Admits the allegations set forth in paragraph 6.

## PARTIES

7.      Admits the allegations set forth in paragraph 7.

8.      Admits the allegations set forth in paragraph 8.

9.      Admits the allegations set forth in paragraph 9.

10.     Admits the allegations set forth in paragraph 10.

11.     Admits the allegations set forth in paragraph 11.

12.     Admits the allegations set forth in paragraph 12.

13.     Admits the allegations set forth in paragraph 13.

14.     Admits the allegations set forth in paragraph 14.

15.     Admits the allegations set forth in paragraph 15.

16.     Admits the allegations set forth in paragraph 16.

17.     Admits the allegations set forth in paragraph 17.

18.     Admits the allegations set forth in paragraph 18.

19.     Admits the allegations set forth in paragraph 19.

20.     Admits the allegations set forth in paragraph 20.

21.     Admits the allegations set forth in paragraph 21.

22.     Admits the allegations set forth in paragraph 22.

23.     Admits the allegations set forth in paragraph 23.

24.     Admits the allegations set forth in paragraph 24.

25.     Admits the allegations set forth in paragraph 25.

26.     Admits the allegations set forth in paragraph 26.

27.     Admits the allegations set forth in paragraph 27.

28.     Admits the allegations set forth in paragraph 28.

29.     Admits the allegations set forth in paragraph 29.

30.     Admits the allegations set forth in paragraph 30.

## GENERAL ALLEGATIONS

### The Lower Fox River Site

31.     Admits the allegations set forth in paragraph 31.

### Defendants' Releases

32.     Admits the allegations set forth in the first sentence and denies the allegations set forth in the second sentence of paragraph 32.

33.     Admits the allegations set forth in paragraph 33.

34.     Admits the allegations set forth in paragraph 34.

35.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 35 and, therefore, denies them.

3

36.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 36 and, therefore, denies them.

37.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 37 and, therefore, denies them.

38.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 38 and, therefore, denies them.

39.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 39 and, therefore, denies them.

40.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 40 and, therefore, denies them.

41.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 41 and, therefore, denies them.

42.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 42 and, therefore, denies them.

43.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 43 and, therefore, denies them.

44.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 44 and, therefore, denies them.

45.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 45 and, therefore, denies them.

46.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 46 and, therefore, denies them.

47.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 47 and, therefore, denies them.

48.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 48 and, therefore, denies them.

49.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 49 and, therefore, denies them.

50.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 50 and, therefore, denies them.

51.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 51 and, therefore, denies them.

52.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 52 and, therefore, denies them.

53.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 53 and, therefore, denies them.

**Cleanup Work and Natural Resource Damages at the Lower Fox River Site**

54.     Admits the allegations set forth in paragraph 54.

55.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 55 and, therefore, denies them.

56.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 56 and, therefore, denies them.

57.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 57 and, therefore, denies them.

58.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in the last sentence of paragraph 58 and, therefore, denies the same; admits all other allegations.

59.     Admits the allegations set forth in paragraph 59.

60.     Admits the allegations set forth in paragraph 60.

61.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in the last sentence of paragraph 61 and, therefore, denies the same; admits all other allegations.

62.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 62 and, therefore, denies them.

63.     Admits the allegations set forth in paragraph 63.

64.     Admits the allegations set forth in paragraph 64.

65.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 65 and, therefore, denies them.

66.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 66 and, therefore, denies them.

## COUNT I – CLAIM UNDER CERCLA § 107

67.     Whiting Paper Co. realleges and incorporates by reference its answers to paragraphs 1 through 66 above.

68.     The allegations of paragraph 68 set forth a legal conclusion, which is denied.

69.     The allegations of paragraph 69 set forth a legal conclusion, which is denied.

70.     The allegations of paragraph 70 set forth a legal conclusion, which is denied.

71.     The allegations of paragraph 71 set forth a legal conclusion, which is denied.

72.     Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 72 and, therefore, denies them.

73.     Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 73 and, therefore, denies them.

74.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 74 and, therefore, denies them.

75.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 75 and, therefore, denies them.

76.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 76 and, therefore, denies them.

77.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 77 and, therefore, denies them.

78.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 78 and, therefore, denies them.

79.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 79 and, therefore, denies them.

80.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 80 and, therefore, denies them.

81.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 81 and, therefore, denies them.

82.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 82 and, therefore, denies them.

83.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 83 and, therefore, denies them.

84.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 84 and, therefore, denies them.

85.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 85 and, therefore, denies them.

86.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 86 and, therefore, denies them.

87.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 87 and, therefore, denies them.

88.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 88 and, therefore, denies them.

89.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 89 and, therefore, denies them.

90.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 90 and, therefore, denies them.

91.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 91 and, therefore, denies them.

92.     Whiting Paper Co. lacks information sufficient to either confirm or deny the allegations set forth in paragraph 92 and, therefore, denies them.

93.     The allegations of paragraph 93 set forth a legal conclusion, which is denied.

94.     Admits the allegations set forth in paragraph 94.

95.     Admits the allegations set forth in paragraph 95.

96.     Admits the allegations set forth in paragraph 96.

97.     Admits the allegations set forth in paragraph 97.

98.     Admits the allegations set forth in paragraph 98.

99.     Admits the allegations set forth in paragraph 99.

100.    Admits the allegations set forth in paragraph 100.

101.    Admits the allegations set forth in paragraph 101.

102.    Admits the allegations set forth in paragraph 102.

103.    Admits the allegations set forth in paragraph 103.

104.    Admits the allegations set forth in paragraph 104.

105.    Admits the allegations set forth in paragraph 105.

106.    Admits the allegations set forth in paragraph 106.

107.    Admits the allegations set forth in paragraph 107.

108.    Admits the allegations set forth in paragraph 108.

109.    Admits the allegations set forth in paragraph 109.

110.    Admits the allegations set forth in paragraph 110.

111.    Admits the allegations set forth in paragraph 111.

112.    Admits the allegations set forth in paragraph 112.

113.    Admits the allegations set forth in paragraph 113.

114.    Admits the allegations set forth in paragraph 114.

115.    Admits the allegations set forth in paragraph 115.

116.    Admits the allegations set forth in paragraph 116.

117.    Admits the allegations set forth in paragraph 117.

118.    Denies the allegations set forth in paragraph 118.

119. Denies the allegations set forth in paragraph 119.

120. The allegations of paragraph 120 set forth a legal conclusion, which is denied.

121. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 121 and, therefore, denies them.

122. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 122 and, therefore, denies them.

123. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 123 and, therefore, denies them.

124. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 124 and, therefore, denies them.

125. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 125 and, therefore, denies them.

126. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 126 and, therefore, denies them.

127. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 127 and, therefore, denies them.

128. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 128 and, therefore, denies them.

129. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 129 and, therefore, denies them.

130. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 130 and, therefore, denies them.

131.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 131 and, therefore, denies them.

132.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 132 and, therefore, denies them.

133.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 133 and, therefore, denies them.

134.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 134 and, therefore, denies them.

135.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 135 and, therefore, denies them.

136.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 136 and, therefore, denies them.

137.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 137 and, therefore, denies them.

138.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 138 and, therefore, denies them.

139.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 139 and, therefore, denies them.

140.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 140 and, therefore, denies them.

141.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 141 and, therefore, denies them.

142.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 142 and, therefore, denies them.

143.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 143 and, therefore, denies them.

144.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 144 and, therefore, denies them.

145.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 145 and, therefore, denies them.

146.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 146 and, therefore, denies them.

147.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 147 and, therefore, denies them.

148.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 148 and, therefore, denies them.

149.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 149 and, therefore, denies them.

150.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 150 and, therefore, denies them.

151.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 151 and, therefore, denies them.

152.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 152 and, therefore, denies them.

Case 2:08-cv-00016-WCG    Filed 06/20/08    Page 12 of 22    Document 155

153.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 153 and, therefore, denies them.

154.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 154 and, therefore, denies them.

155.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 155 and, therefore, denies them.

156.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 156 and, therefore, denies them.

157.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 157 and, therefore, denies them.

158.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 158 and, therefore, denies them.

159.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 159 and, therefore, denies them.

160.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 160 and, therefore, denies them.

161.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 161 and, therefore, denies them.

162.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 162 and, therefore, denies them.

163.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 163 and, therefore, denies them.

164. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 164 and, therefore, denies them.

165. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 165 and, therefore, denies them.

166. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 166 and, therefore, denies them.

167. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 167 and, therefore, denies them.

168. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 168 and, therefore, denies them.

169. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 169 and, therefore, denies them.

170. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 170 and, therefore, denies them.

171. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 171 and, therefore, denies them.

172. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 172 and, therefore, denies them.

173. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 173 and, therefore, denies them.

174. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 174 and, therefore, denies them.

175.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 175 and, therefore, denies them.

176.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 176 and, therefore, denies them.

177.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 177 and, therefore, denies them.

178.    Denies the allegations set forth in paragraph 178.

179.    Denies the allegations set forth in paragraph 179.

180.    Denies the allegations set forth in paragraph 180.

181.    Denies the allegations set forth in paragraph 181.

182.    Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 182 and, therefore, denies them.

183.    Denies the allegations set forth in paragraph 101.

## COUNT II – CLAIM UNDER CERCLA § 113

184.    Whiting Paper Co. realleges and incorporates by reference its answers to paragraphs 1 through 183 above.

185.    The allegations of paragraph 185 set forth are a legal conclusion, which is denied.

186.    Denies the allegations set forth in paragraph 186.

187.    Denies the allegations set forth in paragraph 187.

188.    Denies the allegations set forth in paragraph 188.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

189. Whiting Paper Co. realleges and incorporates by reference its answers to paragraphs 1 through 188 above.

190. Admits the allegations set forth in paragraph 190.

191. Whiting Paper Co. lacks information sufficient to either affirm or deny the allegations set forth in paragraph 191 and, therefore, denies them.

192. Denies the allegations set forth in paragraph 192.

193. Denies the allegations set forth in paragraph 193.

## DEFENSES

1. Counts I and III of Plaintiffs' Third Amended Complaint fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

3. Whiting Paper Co.'s liability, if any, is the result of an act or omission of a third party or parties within the meaning of 42 U.S.C. §9607(b)(3).

4. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), Whiting Paper Co. is exempt from liability as a De Micromis party, if it has any liability at all.

5. Plaintiffs lack standing to pursue claims for natural resource damages.

6. The contribution to the PCB contamination of the Lower Fox River through Whiting Paper Co., if any, is infinitesimal such that any allocation of liability to Whiting Paper Co. would be inequitable.

7.     Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which Whiting Paper Co. was not directly or indirectly involved.

8.     Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

9.     Plaintiffs' claims are barred by the doctrine of res judicata and/or the doctrine of collateral estoppel as a result, *inter alia*, of the Consent Decree entered in *United States v. P.H. Glatfelter Co.*, No. 2:03-cv-949.

10.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the sole result of the negligence of Plaintiffs and other parties.

11.     Plaintiffs' claims are barred by the doctrine of laches.

WHEREFORE, Whiting Paper Co. demands judgment against Plaintiffs dismissing the Fifth Amended Complaint on its merits and for its costs and disbursements of this action.

## COUNTERCLAIM

Defendant, George A. Whiting Paper Company ("Whiting Paper Co."), by and through their undersigned counsel and, to the extent Plaintiffs' Fifth Amended Complaint states a claim for joint and several liability under 42 U.S.C. §9607(a), counterclaims pursuant to 42 U.S.C. §9113(f), 42 U.S.C. §9607(a) and/or as a matter of equity, as follows:

17

**PARTIES**

1.      Defendant, Whiting Paper Co., is a Wisconsin corporation engaged in the business of selling specialty papers with offices located at 100 River Street, Menasha, Wisconsin 54952.

2.      Plaintiff, Appleton Papers, Inc. ("API"), is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3.      Plaintiff, NCR Corporation, is a Maryland corporation with its principal place of business in Dayton, Ohio.

**JURISDICTION**

4.      This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. §9601, *et seq.* ("CERCLA"), pursuant to Section 113(b) of CERCLA, 42 U.S.C. §9613(b) and 28 U.S.C. §1331 (federal question).

**CLAIM FOR CONTRIBUTION**

5.      The Fifth Amended Complaint alleges a claim for joint and several liability against Whiting Paper Co., pursuant to 42 U.S.C. §9607(a), which claim Defendant denies.

6.      Plaintiffs are liable, pursuant to 42 U.S.C. §9607(a), for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Fifth Amended Complaint.

7.      To the extent that the Fifth Amended Complaint states a claim for joint and several liability for response costs or damages at the Lower Fox River Site, and results in a judgment against Defendant Whiting Paper Co., Whiting Paper Co. is entitled to contribution

from Plaintiffs pursuant to 42 U.S.C. §9613(f), 42 U.S.C. §9607(a) and/or as a matter of equity.

WHEREFORE, Whiting Paper Co. demands judgment against Plaintiffs dismissing the Fifth Amended Complaint on the merits or, in the event judgment is rendered against Whiting Paper Co., for judgment against Plaintiffs for costs and damages properly allocable to them pursuant to 42 U.S.C. §9613(f), 42 U.S.C. §9607(a) and/or as a matter of equity and for its costs and disbursements of this action.

Dated: June 20, 2008.

/s/ Scott B. Fleming
State Bar No. 1016135
Weiss Berzowski Brady LLP
*Attorneys for the Defendant, George A. Whiting Paper*
*Company*
700 North Water Street  Suite 1400
Milwaukee, WI 53202
Telephone:  (414)276-5800
Fax:  (414)276-0458; E-mail: sbf@wbb-law.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS, INC., and
NCR CORPORATION,

Plaintiffs,

Case No. 08-C-0016

v.

GEORGE A WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING, INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM, INC.,
THE PROCTER & GAMBLE PAPER PRODUCTS
COMPANY, WISCONSIN PUBLIC SERVICE CORP.,
CITY OF APPLETON, CITY OF DE PERE,
CITY OF GREEN BAY, CITY OF KAUKAUNA,
BROWN COUNTY, GREEN BAY METROPOLITAN
SEWERAGE DISTRICT, HEART OF THE VALLEY
METROPOLITAN SEWERAGE DISTRICT,
NEENAH-MENASHA SEWERAGE COMMISSION,
VILLAGE OF KIMBERLY, VILLAGE OF
WRIGHTSTOWN, WTM I COMPANY and
U.S. PAPER MILLS CORPORATION,

Defendants.

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that on June 20, 2008, George A. Whiting Paper Company's Answer to

Fifth Amended Complaint and Counterclaim was electronically filed with the Clerk of Court

using the ECF system. The ECF system will send notification of the filing to:

Timothy B. Anderson – tanderson@remleylaw.com; tfischer@remleylaw.com;
Joseph C. Basta – jbasta@dykema.com; sgoodman@dykema.com; jmaynard@dykema.com;
Joseph J. Beisenstein – joseph-beisenstein@mennlaw.com; mjgraf@mennlaw.com;
Linda Benfield – lbenfield@foley.com; tgraziano@foley.com;
Mathew B. Beredo – mberedo@bakerlaw.com; sjeney@bakerlaw.com;
John F. Cermak, Jr. – jcermak@bakerlaw.com;
William E. Coughlin - wcoughlin@calfee.com;
Marc E. Davies – davies@ballardspahr.com;
Colin C. Diehl – cdeihl@faegre.com; jsullivan@faegre.com;
David J. Edquist – dedquist@vonbriesen.com;
Delmar R. Ehrich – dehrich@faegre.com; cnelson@faegre.com; dherber@faegre.com;
mlokken@faegre.com; rcox@faegre.com;
Mark R. Feldmann – mark-feldmann@mennlaw.com; donna-benson@mennlaw.com;
Scott B. Fleming – sbf@wbb-law.com; gms@wbb-law.com;
Michelle A. Gale – mgale@dykema.com; idejesus@dykema.com;
J. Ric Gass – gass@gasswebermullins.com; paskiewicz@gasswebermullins.com;
Charles M. Gering – cgering@foley.com;
Michael L. Hermes – mhermes@mtthlaw.com; tcavin@mtthlaw.com;
Sonja I. Inglin – singling@bakerlaw.com;
David G. Mandelbaum – mandelbaum@ballardspahr.com;
Sabrina Mizrachi – mizrachis@ballardspahr.com;
William     J.     Mulligan     –     wmulligan@dkattorneys.com;     attygunz@msn.com;
mritzman@dkattorneys.com;
Philip A. Munroe – pmunroe@direnzollc.com; prand@direnzollc.com;
Daniel C. Murray – murryd@jbltd.com;
Thomas R. O'Donnell – todonnell@calfee.com;
Arthur F. Radke – aradke@dykema.com; cmandel@dykema.com; ifrye@dykema.com;
Joan Radovich – jradovich@sidley.com; efilingnotice@sidley.com; shalicky@sidley.com;
Christopher P. Riordan – criordan@vonbriesen.com; jgroom@bonbriesen.com;
Kathleen L. Roach – kroach@sidley.com; efilingnotice@sidley.com;
Jacy T. Rock – jrock@faegre.com; gapt@faegre.com;
J.     Andrew     Schlickman     –     jaschlickman@sidley.com;     dfmanheim@sidley.com;
efilingnotice@sidley.com;
Jennifer E. Simon – simonj@ballardspahr.com;
Sarah A. Slack – sslack@foley.com;
Randall M. Stone – randall.stone@usdoj.gov;
Ronald M. Varnum – varnumr@ballardspahr.com;
Ted Waskowski – twaskowski@staffordlaw.com; rladieu@staffordlaw.com;
Patrick L. Wells – pwells@vonbriesen.com; abarrett@vonbriesen.com; swochos@bgp.com;
Evan     B.     Westerfield     –     evanwesterfield@sidley.com;     dfmanheim@sidley.com;
efilingnotice@sidley.com;
Russell W. Wilson – rwilson@ruderware.com; cdahlke@ruderware.com;
Lora L. Zimmer – lzimmer@hinshawlaw.com; ssmith@hinshawlaw.com;

2

Dated:        June 20, 2008.

/s/ Scott B. Fleming
State Bar No. 1016135
Weiss Berzowski Brady LLP
*Attorneys for the Defendant, George A. Whiting Paper*
      *Company*
700 North Water Street  Suite 1400
Milwaukee, WI  53202
Telephone:  (414)276-5800
Fax:  (414)276-0458
E-mail: sbf@wbb-law.com

3