| | | |
|---|---|---|
| APPLETON PAPERS INC. and | : | |
| NCR CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:08-cv-00016-WCG |
| | : | |
| GEORGE A. WHITING PAPER COMPANY, | : | |
| P.H. GLATFELTER COMPANY, MENASHA | : | |
| CORPORATION, GREEN BAY PACKAGING | : | |
| INC., INTERNATIONAL PAPER COMPANY, | : | |
| LEICHT TRANSFER & STORAGE COMPANY, | : | |
| NEENAH FOUNDRY COMPANY, NEWPAGE | : | |
| WISCONSIN SYSTEM INC., THE PROCTER | : | |
| & GAMBLE PAPER PRODUCTS, and | : | |
| WISCONSIN PUBLIC SERVICE CORP. | : | |
| CITY OF APPLETON, | : | |
| CITY OF DE PERE, | : | |
| CITY OF GREEN BAY, | : | |
| CITY OF KAUKAUNA, | : | |
| BROWN COUNTY, | : | |
| GREEN BAY METROPOLITAN | : | |
| SEWERAGE DISTRICT, | : | |
| HEART OF THE VALLEY METROPOLITAN | : | |
| SEWERAGE DISTRICT, | : | |
| NEENAH-MENASHA SEWERAGE | : | |
| COMMISSION, | : | |
| VILLAGE OF KIMBERLY, | : | |
| VILLAGE OF WRIGHTSTOWN, | : | |
| WTM I COMPANY, and | : | |
| U.S. PAPER MILLS CORPORATION, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DEFENDANT P.H. GLATFELTER COMPANY IN RESPONSE
TO UNITED STATES' BRIEF AS *AMICUS CURIAE***

In an order dated June 3, 2008 (Dkt. No. 145), the Court granted the United

States' request to file a brief as *amicus curiae* addressing issues raised by motions to dismiss

certain claims in plaintiffs' complaint ("United States' Brief") (Dkt. No. 132) and invited all parties to respond to the United States' Brief within twenty-one days. Defendant P.H. Glatfelter Company ("Glatfelter") writes solely in response to the United States' comments about Glatfelter's motion to dismiss the declaratory judgment claim in Count III of what is now the Fifth Amended Complaint. The United States and Glatfelter agree that Count III should be dismissed. However, the United States disagrees with Glatfelter's offered rationale.

The United States has over-read Glatfelter's argument. The facts pleaded in plaintiffs' complaint[1] could not support issuance of a declaration of liability under section 113(f) of CERCLA that would resolve anything more than would the doctrines of issue preclusion and claim preclusion. Issues will be resolved here. They may or may not come up again. But this case is not postured so that the Court can decide on allocation of all costs for all time under all circumstances.

Glatfelter moved to dismiss Plaintiffs NCR Corporation's ("NCR") and Appleton Papers Inc.'s ("API") claims in (i) all portions of Counts I and II of the complaint seeking to recover from Glatfelter "OU1 Response Activities and Costs" as defined in the consent decree entered in *United States v. P.H. Glatfelter Co.*, No. 2:03-cv-949-LA, (ii) all portions of Count I of the complaint seeking to recover natural resource damages, and (iii) Count III of the complaint

---

[1] Plaintiffs filed an initial complaint and then have amended that complaint on five separate occasions, each time to join additional defendants and not to add new claims. The complaints -- the latest of which, the Fifth Amended Complaint, was filed on June 12, 2008 -- each allege a claim for cost recovery under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) (Count I), a claim for contribution under section 113(f) of CERCLA, 42 U.S.C. § 9613(f) (Count II), and a claim for declaratory judgment under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) and the Declaratory Judgments Act, 28 U.S.C. § 2201 (Count III). For purposes of this brief, any reference to "complaint" refers to each of these complaints.

in its entirety. The United States supports dismissal of Count I in its entirety and that portion of Count II that seeks contribution from Glatfelter for "OU1 Response Costs and Activities." The United States also takes the position that because plaintiffs cannot assert a claim under CERCLA § 107(a), plaintiffs may not obtain declaratory relief on that issue. *See* United States' Brief at 39 ("declaratory relief under CERCLA § 113(g) is available in . . . (2) any private action under § 107(a)(4)(B) that is consistent with the limitations imposed by CERCLA and Atlantic Research").

Nonetheless, the United States goes out of its way to address Glatfelter's argument that plaintiffs NCR Corporation ("NCR") and Appleton Papers Inc. ("API") have not stated a valid claim for declaratory judgment in part because they do not bring the "initial action" under section 107(a). The United States worries that Glatfelter's position would lead to "wasteful re-litigation of issues." United States' Brief at 38.

The United States' concern is misplaced. Neither Glatfelter nor any other party suggests that issue and claim preclusion would not attach to any judgment in the present action. These doctrines guard against re-litigating issues decided here, offering the protection the United States wishes to preserve.

Plaintiffs seek a declaratory judgment fixing allocation of future response costs and natural resource damages among the parties, without pleading what the future costs and damages may be and when they may be incurred, and without pleading any obligation or commitment on their part to incur those expenditures. Moreover, plaintiffs seek an *allocation* of future costs and damages based upon equitable factors, but their complaint does not plead facts sufficient for the Court to have any reasonable belief that the equitable factors that may apply to any consideration of any *past* costs plaintiffs already have incurred would have any relevance for

allocation of what presently are unknown *future* costs that plaintiffs have not actually incurred and are not committed to incur. Indeed, no party can say with any degree of confidence what costs and damages will be incurred, by whom, or when. Thus, as Glatfelter has highlighted previously, any declaratory judgment on allocation of future costs would be wholly premature and improper under CERCLA and the Declaratory Judgment Act. *See* Memorandum in Support of Defendant P.H. Glatfelter Company's Motion to Dismiss (Dkt. No. 58) ("Glatfelter's Memorandum") at 10-12; Reply Memorandum of Defendant P.H. Glatfelter Company in Support of its Motion to Dismiss (Dkt. No. 120) ("Glatfelter's Reply Memorandum") at 1-3, 6-8.

Nothing in the United States' position alters the reality in this case. Plaintiffs have not alleged facts from which a Court could conclude that an actual controversy of "sufficient immediacy and reality" exists among the parties. Their allegations stem from a unilateral administrative order ("UAO") issued by United States Environmental Protection Agency and directed to plaintiffs, Glatfelter, Menasha Corporation, WTM I Company, U.S. Paper Mills Corporation, and two other entities not parties to this proceeding, imposing joint and several obligations for a certain geographic region of the Lower Fox River. To date, the parties named in the UAO have not resolved how they will manage responsibility for complying with its terms. Indeed, plaintiffs have not alleged that they will comply with the UAO. Plaintiffs have not alleged that the UAO has been enforced, or that plaintiffs otherwise are in fact committed to incur future costs and damages. Rather, Plaintiffs simply allege that they "expect that they will be required to pay considerably more than they have paid to date in order to comply with the [UAO]." Fifth Amended Complaint ¶ 63. Their factual allegations do not "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Their statement that "an actual, substantial, and legal controversy has arisen" as to allocation that

"is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," Fifth Amended Complaint ¶ 191, is the type of "formulaic recitation of the elements of a cause of action" that is insufficient to maintain a cause of action. *Bell Atlantic Corp.*, 127 S. Ct. at 1965; *see also Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).

Even if Plaintiffs had alleged that they had pre-paid or had committed to pay future costs in excess of their allocable shares, they have not alleged conditions to suggest that the equitable factors that might be relevant for allocating costs and damages already incurred by the parties would be appropriate for allocating yet unknown future costs. As a result, the Court can have little confidence that the issues actually litigated in this proceeding will be the same issues relevant to allocating equitably any future costs. Any declaratory judgment would necessitate a "contingency clause" allowing the parties to re-litigate allocation issues as new evidence emerges during any future response action in which the parties incur costs. *See Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 449 (3d Cir. 2005). This contingency entirely defeats any purpose that a declaratory judgment would serve. Issue and claim preclusion sufficiently protect against unnecessary re-litigation in any future proceedings.

The United States goes to great lengths to comment on when a declaratory judgment may be authorized under section 107(a) of CERCLA. Nevertheless, the United States confirms that plaintiffs do not state a valid claim for cost recovery under CERCLA section 107(a). And for the reasons set forth above and in Glatfelter's Memorandum and Glatfelter's Reply Memorandum, Plaintiffs do not have a valid claim for declaratory judgment under section 113 of CERCLA or the Declaratory Judgment Act. Thus, in the end the point is clear: plaintiffs have not pleaded a valid claim for a declaratory judgment and Count III should be dismissed.

Respectfully submitted,

s/ David G. Mandelbaum_____
David G. Mandelbaum
Marc E. Davies
Sabrina Mizrachi
Jennifer E. Simon
Ronald M. Varnum
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: 215-665-8500
Facsimile: 215-864-8999
mandelbaum@ballardspahr.com
davies@ballardspahr.com
mizrachis@ballardspahr.com
simonj@ballardspahr.com
varnumr@ballardspahr.com

Attorneys for Defendant,
P.H. Glatfelter Company

Dated: June 24, 2008

# CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of June, 2008, a true and correct copy of the foregoing Memorandum of Defendant P.H. Glatfelter Company in Response to United States' Brief as *Amicus Curiae* was filed electronically via the Electronic Court Filing system and is available for viewing and downloading by the following:

| | |
|---|---|
| Joseph J. Beisenstein<br>Mark R. Feldmann<br>Menn Law Firm Ltd.<br>2501 East Enterprise Ave.<br>P.O. Box 785<br>Appleton, WI 54912-0785<br>Attorneys for Menasha Corporation | Colin C. Deihl<br>Jacy T. Rock<br>Faegre & Benson LLP<br>3200 Wells Fargo Center<br>1700 Lincoln St.<br>Denver, CO 80203<br>Attorneys for Menasha Corporation |
| David J. Edquist<br>Patrick L. Wells<br>Christopher P. Riordan<br>von Briesen & Roper SC<br>411 East Wisconsin Ave., Suite 700<br>P.O. Box 3262<br>Milwaukee, WI 53201-3262<br>Attorneys for Green Bay Packaging Inc. | Delmar R. Ehrich<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South 7th St.<br>Minneapolis, MN 55402-3901<br>Attorney for Menasha Corporation |
| J. Ric Gass<br>Gass Weber Mullins LLC<br>309 North Water St., Suite 700<br>Milwaukee, WI 53202<br>Attorney for NCR Corporation | Scott B. Fleming<br>Weiss Berzowski Brady LLP<br>700 North Water St., Suite 1400<br>Milwaukee, WI 53202-4206<br>Attorney for George A. Whiting Paper Company |
| Philip A. Munroe<br>DiRenzo & Bomier LLC<br>Two Neenah Center, Suite 701<br>P.O. Box 788<br>Neenah, WI 54957-0788<br>Attorney for George A. Whiting Paper Company | Michael L. Hermes<br>Metzler Timm Treleven & Hermes SC<br>222 Cherry St.<br>Green Bay, WI 54301-4223<br>Attorney for Appleton Papers Inc. |

| | |
|---|---|
| Russell W. Wilson<br>Ruder Ware LLSC<br>500 1st St., Suite 8000<br>P.O. Box 8050<br>Wausau, WI 54402-8050<br>Attorney for Leicht Transfer & Storage Company | Kathleen L. Roach<br>Joan Radovich<br>Evan B. Westerfield<br>J. Andrew Schlickman<br>Sidley Austin LLP<br>1 South Dearborn St.<br>Chicago, IL 60603<br>Attorneys for NCR Corporation |
| Randall M. Stone<br>United States Department of Justice (D.C.)<br>Environment & Natural Resources Division<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Attorney for United States of America Department of Justice, Environmental Enforcement Section | Linda E. Benfield<br>Sarah A. Slack<br>Foley & Lardner, LLP<br>777 East Wisconsin Ave.<br>Milwaukee, WI 53202-5300<br>Attorneys for Wisconsin Public Service Corporation |
| Michelle A. Gale<br>Arthur F. Radke<br>Dykema Gossett PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>Attorneys for Procter<br>& Gamble Paper Products Company | Garrett L. Boehm, Jr.<br>Frederick S. Mueller<br>Daniel C. Murray<br>Johnson & Bell Ltd.<br>33 West Monroe St., Suite 2700<br>Chicago, IL 60603-5404<br>Attorneys for Newpage Wisconsin System, Inc. |
| Sonja A. Inglin<br>John F. Cermak, Jr.<br>Baker Hostetler LLP<br>12100 Wilshire Blvd., 15th Floor<br>Los Angeles, CA 90025<br>Attorneys for International Paper Company | Timothy B. Anderson<br>Remley & Sensenbrenner SC<br>219 East Wisconsin Ave.<br>Neenah, WI 54956<br>Attorney for Neenah Foundry Company |
| William E. Coughlin<br>Thomas R. O'Donnell<br>Calfee, Halter & Griswold, LLP<br>Key Bank Center<br>800 Superior Ave., Suite 1400<br>Cleveland, OH 44114-2688<br>Attorneys for Neenah Foundry Company | Charles M. Gering<br>Foley & Lardner LLP<br>321 North Clark St., Suite 2800<br>Chicago, IL 60610-5313<br>Attorney for Wisconsin Public Service Corporation |

| | |
|---|---|
| Joseph C. Basta<br>Dykema Gossett PLLC<br>2723 S. State St., Suite 400<br>Ann Arbor, MI 48104<br>Attorney for Procter &<br>Gamble Paper Products Company | Ted Waskowski<br>Richard C. Yde<br>Stafford Rosenbaum LLP<br>222 West Washington Ave., Suite 900<br>P.O. Box 1784<br>Madison, WI 53701-1784<br>Attorneys for City of De Pere |
| Lora L. Zimmer<br>Hinshaw & Culbertson LLP<br>100 West Lawrence St.<br>Appleton, WI 54911<br>Attorney for Heart of the Valley Metropolitan Sewerage District | Kevin J. Lyons<br>William J. Mulligan<br>Davis & Kuelthau SC<br>111 East Kilbourn Ave., Suite 1400<br>Milwaukee, WI 53202-6613<br>Attorneys for Neenah-Menasha Sewerage Commission |
| Thomas R. Schrimpf<br>Hinshaw & Culbertson LLP<br>100 East Wisconsin Ave., Suite 2600<br>Milwaukee, WI 53202-4115<br>Attorney for Heart of the Valley Metropolitan Sewerage District | Bruce A. Olson<br>Davis & Kuelthau SC<br>318 South Washington St., Suite 300<br>Green Bay, WI 54301<br>Attorney for Neenah-Menasha Sewerage Commission |

In addition, a copy will be sent by U.S. Mail to the following:

| | |
|---|---|
| James A. Gunz<br>Gunz Law Office<br>1142 Glenayre Dr.<br>Neenah, WI 54956-4236<br>Attorney for Neenah-Menasha Sewerage Corporation | City of Appleton<br>100 North Appleton St.<br>Appleton, WI 54911 |
| City of Green Bay<br>100 North Jefferson St.<br>Green Bay, WI 54301-5026 | City of Kaukauna<br>201 West 2nd St.<br>Kaukauna, WI 54130-2442 |
| Brown County<br>P.O. Box 23600<br>Green Bay, WI 54305-3600 | Green Bay Metropolitan Sewerage District<br>P.O. Box 19015<br>2231 North Quincy St.<br>Green Bay, WI 54307-9015 |
| Village of Kimberly<br>Kimberly Municipal Complex<br>515 West Kimberly Ave.<br>Kimberly, WI 54136 | Village of Wrightstown<br>P.O. Box 227<br>Wrightstown, WI 54180 |
| WTM I Company<br>c/o SCA Tissue North America<br>P.O. Box 2400<br>Neenah, WI 54957-2400 | U.S. Paper Mills Corporation<br>c/o Sonoco Products Company<br>One North 2nd St.<br>Hartsville, SC 29550 |

                                                        s/ Ronald M. Varnum_____
                                                        Ronald M. Varnum