**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | | |
|---|---|---|
| APPLETON PAPERS INC., <u>et al.</u>, | ) | CASE NO. 08-CV-00016-WCG |
| | ) | |
| | ) | JUDGE WILLIAM C. GRIESBACH |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE A. WHITING PAPER | ) | **JURY DEMAND ENDORSED HEREON** |
| COMPANY, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT NEENAH FOUNDRY COMPANY'S ANSWER TO FIFTH AMENDED
COMPLAINT AND COUNTERCLAIM**

---

Defendant Neenah Foundry Company ("Neenah"), by and through its undersigned counsel, answers the Fifth Amended Complaint of Plaintiffs, Appleton Papers Inc. ("Appleton" or "API") and NCR Corporation ("NCR") (collectively "Plaintiffs"), as follows:

1.  Admits the allegations contained in paragraph 1.

2.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 2 and, therefore, denies them.

3.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 3 and, therefore, denies them.

4.  Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 4, and, therefore, denies them.

5.  Admits the allegations set forth in paragraph 5.

6.     Admits only that venue is proper in this district and otherwise denies the allegations set forth in paragraph 6.

7.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 7 and, therefore, denies them.

8.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 8 and, therefore, denies them.

9.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 9 and, therefore, denies them.

10.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 10 and, therefore, denies them.

11.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 11 and, therefore, denies them.

12.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 12 and, therefore, denies them.

13.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 13 and, therefore, denies them.

14.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 14 and, therefore, denies them.

15.     Admits the allegations set forth in paragraph 15.

16.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 16 and, therefore, denies them.

17.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 17 and, therefore, denies them.

18.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 18 and, therefore, denies them.

19.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 19 and, therefore, denies them.

20.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 20 and, therefore, denies them.

21.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 21 and, therefore, denies them.

22.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 22 and, therefore, denies them.

23.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 23 and, therefore, denies them.

24.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 24 and, therefore, denies them.

25.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 25 and, therefore, denies them.

26.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 26 and, therefore, denies them.

27.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 27 and, therefore, denies them.

28.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 28 and, therefore, denies them.

29.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 29 and, therefore, denies them.

30.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 30 and, therefore, denies them.

31.     Admits the allegations set forth in the first sentence of paragraph 31 and lacks information sufficient either to admit or deny the remaining allegations and, therefore, denies them.

32.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 32 and, therefore, denies them.

33.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 33 and, therefore, denies them.

34.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 34 and, therefore, denies them.

35.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 35 and, therefore, denies them.

36.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 36 and, therefore, denies them.

37.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 37 and, therefore, denies them.

38.     Neenah admits the first sentence of paragraph 38 and otherwise denies the remaining allegations contained in paragraph 38.

39.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 39 and, therefore, denies them.

40. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 40 and, therefore, denies them.

41. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 41 and, therefore, denies them.

42. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 42 and, therefore, denies them.

43. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 43 and, therefore, denies them.

44. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 44 and, therefore, denies them.

45. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 45 and, therefore, denies them.

46. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 46 and, therefore, denies them.

47. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 47 and, therefore, denies them.

48. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 48 and, therefore, denies them.

49. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 49 and, therefore, denies them.

50. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 50 and, therefore, denies them.

51.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 51 and, therefore, denies them.

52.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 52 and, therefore, denies them.

53.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 53 and, therefore, denies them.

54.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 54 and, therefore, denies them.

55.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 55 and, therefore, denies them.

56.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 56 and, therefore, denies them.

57.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 57 and, therefore, denies them.

58.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 58 and, therefore, denies them.

59.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 59 and, therefore, denies them.

60.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 60 and, therefore, denies them.

61.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 61 and, therefore, denies them.

62.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 62 and, therefore, denies them.

63.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 63 and, therefore, denies them.

64.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 64 and, therefore, denies them.

65.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 65 and, therefore, denies them.

66.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 66 and, therefore, denies them.

67.     In response to Paragraph 67 of Plaintiffs' Fifth Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 66 of the Fifth Amended Complaint.

68.     The allegations of paragraph 68 set forth a legal conclusion, which is denied.

69.     The allegations of paragraph 69 set forth a legal conclusion, which is denied.

70.     Denies the allegations set forth in paragraph 70.

71.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 71 and, therefore, denies them.

72.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 72 and, therefore, denies them.

73.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 73 and, therefore, denies them.

74.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 74 and, therefore, denies them.

75.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 75 and, therefore, denies them.

76.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 76 and, therefore, denies them.

77.    Denies the allegations set forth in paragraph 77.

78.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 78 and, therefore, denies them.

79.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 79 and, therefore, denies them.

80.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 80 and, therefore, denies them.

81.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 81 and, therefore, denies them.

82.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 82 and, therefore, denies them.

83.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 83 and, therefore, denies them.

84.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 84 and, therefore, denies them.

85.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 85 and, therefore, denies them.

86.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 86 and, therefore, denies them.

87.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 87 and, therefore, denies them.

88.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 88 and, therefore, denies them.

89.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 89 and, therefore, denies them.

90.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 90 and, therefore, denies them.

91.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 91 and, therefore, denies them.

92.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 92 and, therefore, denies them.

93.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 93 and, therefore, denies them.

94.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 94 and, therefore, denies them.

95.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 95 and, therefore, denies them.

96.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 96 and, therefore, denies them.

97.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 97 and, therefore, denies them.

98.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 98 and, therefore, denies them.

99.     Denies the allegations set forth in paragraph 99.

100.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 100 and, therefore, denies them.

101.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 101 and, therefore, denies them.

102.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 102 and, therefore, denies them.

103.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 103 and, therefore, denies them.

104.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 104 and, therefore, denies them.

105.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 105 and, therefore, denies them.

106.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 106 and, therefore, denies them.

107.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 107 and, therefore, denies them.

108.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 108 and, therefore, denies them.

109. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 109 and, therefore, denies them.

110. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 110 and, therefore, denies them.

111. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 111 and, therefore, denies them.

112. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 112 and, therefore, denies them.

113. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 113 and, therefore, denies them.

114. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 114 and, therefore, denies them.

115. Admits the allegations set forth in paragraph 115.

116. Admits the allegations set forth in paragraph 116.

117. The allegations of paragraph 117 set forth a legal conclusion, which is denied.

118. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 118 and, therefore, denies them.

119. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 119 and, therefore, denies them.

120. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 120 and, therefore, denies them.

121. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 121 and, therefore, denies them.

122.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 122 and, therefore, denies them.

123.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 123 and, therefore, denies them.

124.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 124 and, therefore, denies them.

125.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 125 and, therefore, denies them.

126.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 126 and, therefore, denies them.

127.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 127 and, therefore, denies them.

128.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 128 and, therefore, denies them.

129.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 129 and, therefore, denies them.

130.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 130 and, therefore, denies them.

131.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 131 and, therefore, denies them.

132.    Denies the allegations set forth in paragraph 132.

133.    Denies the allegations set forth in paragraph 133.

134.    The allegations of paragraph 134 set forth a legal conclusion, which is denied.

135.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 135 and, therefore, denies them.

136.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 136 and, therefore, denies them.

137.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 137 and, therefore, denies them.

138.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 138 and, therefore, denies them.

139.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 139 and, therefore, denies them.

140.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 140 and, therefore, denies them.

141.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 141 and, therefore, denies them.

142.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 142 and, therefore, denies them.

143.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 143 and, therefore, denies them.

144.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 144 and, therefore, denies them.

145.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 145 and, therefore, denies them.

146.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 146 and, therefore, denies them.

147.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 147 and, therefore, denies them.

148.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 148 and, therefore, denies them.

149.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 149 and, therefore, denies them.

150.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 150 and, therefore, denies them.

151.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 151 and, therefore, denies them.

152.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 152 and, therefore, denies them.

153.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 153 and, therefore, denies them.

154.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 154 and, therefore, denies them.

155.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 155 and, therefore, denies them.

156.     Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 156 and, therefore, denies them.

157.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 157 and, therefore, denies them.

158.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 158 and, therefore, denies them.

159.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 159 and, therefore, denies them.

160.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 160 and, therefore, denies them.

161.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 161 and, therefore, denies them.

162.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 162 and, therefore, denies them.

163.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 163 and, therefore, denies them.

164.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 164 and, therefore, denies them.

165.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 165 and, therefore, denies them.

166.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 166 and, therefore, denies them.

167.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 167 and, therefore, denies them.

168.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 168 and, therefore, denies them.

169.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 169 and, therefore, denies them.

170.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 170 and, therefore, denies them.

171.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 171 and, therefore, denies them.

172.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 172 and, therefore, denies them.

173.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 173 and, therefore, denies them.

174.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 174 and, therefore, denies them.

175.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 175 and, therefore, denies them.

176.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 176 and, therefore, denies them.

177.    Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 177 and, therefore, denies them.

178.    Denies the allegations set forth in paragraph 178.

179.    Denies the allegations set forth in paragraph 179.

180.    Denies the allegations set forth in paragraph 180.

181. Denies the allegations set forth in paragraph 181.

182. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 182 and, therefore, denies them.

183. Denies the allegations set forth in paragraph 183.

184. In response to Paragraph 184 of Plaintiffs' Fifth Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 183 of the Fifth Amended Complaint.

185. The allegations of paragraph 185 set forth a legal conclusion, which is denied.

186. Denies the allegations set forth in paragraph 186.

187. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 187 and, therefore, denies them.

188. Denies the allegations set forth in paragraph 188.

189. In response to Paragraph 189 of Plaintiffs' Fifth Amended Complaint, Neenah hereby incorporates, as if fully rewritten, its responses to the allegations contained in paragraphs 1 through 188 of the Fifth Amended Complaint.

190. Neenah lacks information sufficient either to admit or deny the allegations set forth in paragraph 190 and, therefore, denies them.

191. Admits that Neenah is not liable to API and NCR for response costs and damages arising out of the Lower Fox River Contamination; lacks information sufficient either to admit or deny the allegations set forth in the first and second sentence of paragraph 191 as to all other defendants and, therefore, denies them; and denies all other allegations set forth in paragraph 191.

192. Denies the allegations set forth in paragraph 192.

193.    Denies the allegations set forth in paragraph 193.

194.    Neenah denies any and all other allegations in Plaintiffs' Fifth Amended Complaint that are not expressly responded to above.

## AFFIRMATIVE DEFENSES

195.    Plaintiffs' Fifth Amended Complaint fails to state a claim upon which relief may be granted.

196.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

197.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the result of the negligence of Plaintiffs and/or other persons.

198.    Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

199.    Plaintiffs have failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

200.    Plaintiffs' damages, if any, are the result of their own acts or omissions over which Neenah has no control.

201.    Neenah's liability, if any, is the result of acts of a third persons within the meaning of 42 U.S.C. § 9607(b)(3) over whom Neenah has no control.

202.    Plaintiffs' claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which Neenah was not directly or indirectly involved.

203. The contribution to the PCB contamination of the Lower Fox River through Neenah, if any, is so infinitesimal such that any allocation of liability to Neenah would be inequitable.

204. Neenah does not, and has not, discharge into the Fox River or into Little Lake Butte des Morts.

205. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), Neenah is exempt from liability as a de micromis party, if it has any liability at all.

206. Plaintiffs' claims are barred because they are not ripe for adjudication and/or Plaintiffs lack standing to assert them.

WHEREFORE, Defendant Neenah prays that all of the claims asserted in Plaintiffs' Fifth Amended Complaint be dismissed, with prejudice, at Plaintiffs' costs, and that this Court grant Neenah such other and further relief as this Court deems just and proper, including an award of Neenah's attorney's fees, expenses, disbursements and costs.

## COUNTERCLAIM

Defendant Neenah Foundry Company, by and through its undersigned counsel and, to the extent Plaintiffs' Fifth Amended Complaint states a claim, sets forth its counterclaims as follows:

1. Defendant Neenah Foundry Company ("Neenah") is a Wisconsin corporation with offices located at 2121 Brooks Avenue, Neenah, Wisconsin 54957.

2. Plaintiff Appleton Papers, Inc. ("API") is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

3. Plaintiff NCR Corporation is a Maryland corporation with its principal place of business in Dayton, Ohio.

4.     This Court has jurisdiction over the subject matter of this counterclaim pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended by the Superfund Amendments and the Authorization Act of 1986, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), 28 U.S.C. § 1331, and supplemental jurisdiction.

5.     Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the events giving rise to the claims in this Counterclaim and in Plaintiffs' Fifth Amended Complaint, including the alleged releases of hazardous substances, occurred in this District.   In addition, the Lower Fox River and Plaintiffs' relevant businesses or operations are/were located entirely within this District.

## COUNT ONE

6.     Neenah incorporates the allegations and averments set forth in Paragraphs 1 through 5 hereof as if fully rewritten herein.

7.     The Fifth Amended Complaint alleges a claims for liability against Neenah, which claim Neenah denies.

8.     Plaintiffs are liable for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River Site as those terms are defined in Plaintiffs' Fifth Amended Complaint.

9.     To the extent that the Fifth Amended Complaint states a claim for liability for response costs or damages at the Lower Fox River Site, and results in a judgment against Neenah, Neenah is entitled to statutory and/or common law contribution, cost recovery, and/or indemnity from Plaintiffs.

## COUNT TWO

10.     Neenah incorporates each of the allegations set forth in Paragraphs 1 through 9 hereof as if fully rewritten herein.

11.     On or about December 9, 2004, Plaintiffs and Neenah entered into a written Tolling and Standstill Agreement ("Tolling Agreement"). A copy of the Tolling Agreement is attached hereto.

12.     During the "Effective Period" of the Tolling Agreement, Plaintiffs covenanted not to sue Neenah on any claims they may have arising in connection with the Fox River. Plaintiffs' covenants terminated at the end of the "Effective Period."

13.     The "Effective Period" continued until 30 days after the day on which Plaintiffs provided notice to Neenah that they wished to terminate the Tolling Agreement.

14.     Neenah actually received Plaintiffs' notice of termination on March 13, 2008. Plaintiffs filed the Third Amended Complaint joining Neenah to this action on April 11, 2008.

15.     Consequently, Plaintiffs materially breached the covenant not to sue by suing Neenah during the "Effective Period." In direct consequence of Plaintiffs' material breach of the Tolling Agreement, Neenah: 1) has suffered compensatory damages in an amount to be proven at trial; 2) is excused from its obligations, if any, under the Tolling Agreement; and 3) is entitled to have Plaintiffs' Complaint against it dismissed, with prejudice.

WHEREFORE, Neenah demands judgment against Plaintiffs, jointly and severally, as follows: 1) awarding it compensatory damages in an amount to be proven at trial; (2) dismissing the Fifth Amended Complaint, with prejudice; 3) in the event judgment is rendered against Neenah, awarding judgment against Plaintiffs for costs and damages properly allocable to them;

4) awarding such other and further relief as this Court deems just and proper, and 5) awarding

Neenah its attorney's fees, costs, disbursements and expenses of this action.

Dated: June 30, 2008

<div style="margin-left: 40%;">

TIMOTHY B. ANDERSON (1035959)
REMLEY & SENSENBRENNER, S.C.
219 E. Wisconsin Avenue
Neenah, Wisconsin 54956
Telephone: (920) 725-2601
Facsimile: (920) 725-5814
tanderson@remleylaw.com

and


/s/William E. Coughlin
WILLIAM E. COUGHLIN (0010874)
THOMAS R. O'DONNELL (0067105)
CALFEE, HALTER & GRISWOLD LLP
1400 Key Bank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
wcoughlin@calfee.com
todonnell@calfee.com

Attorneys for Defendant
Neenah Foundry Company

</div>

## JURY DEMAND

Pursuant to Civil Rule 38, Neenah Foundry hereby demands a trial by jury as to all issues

so triable.

<div style="margin-left: 40%;">

/s/William E. Coughlin
One of the Attorneys for Defendant/Counterclaimant
Neenah Foundry Company

</div>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

APPLETON PAPERS INC., <u>et al.</u>,                )          CASE NO. 08-CV-00016-WCG
                                                                     )
                                                                     )          JUDGE WILLIAM C. GRIESBACH
                    Plaintiffs,                              )
                                                                     )
        v.                                                      )
                                                                     )
GEORGE A. WHITING PAPER                   )
COMPANY, <u>et al.</u>,                                  )
                                                                     )
                    Defendants.                            )
                                                                     )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of June, 2008, a true and accurate copy of the foregoing Neenah Foundry Company's Answer to Plaintiffs' Fifth Amended Complaint and Counterclaim was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/William E. Coughlin
One of the attorneys for Defendant/Counterclaimant
Neenah Foundry Company

# FOX RIVER TOLLING AND STANDSTILL AGREEMENT

This Fox River Tolling and Standstill Agreement ("Agreement") is made by and between NCR Corporation (NCR), Appleton Papers Inc. (API), Arjo Wiggins Appleton Ltd., and Neenah Foundry Company (sometimes collectively referred to herein as the "Parties" or individually as the "Party") whose authorized representatives have executed this Agreement.

**WHEREAS,** there is polychlorinated biphenyl ("PCB") and other hazardous substance contamination in certain sediments of the Lower Fox River and Green Bay ("Fox River Contamination").

**WHEREAS,** the United States, the State of Wisconsin, the State of Michigan, and several Native American Indian tribes (collectively, the Intergovernmental Parties or "IGP") have asserted that certain entities, including NCR and API, contributed to some degree to the Fox River Contamination, and therefore may be responsible to conduct remedial action in response to the Fox River Contamination and/or pay response costs and/or natural resource damages incurred as a result of the Fox River Contamination.

**WHEREAS,** certain entities, including NCR and API, have previously entered into agreements, administrative orders and/or consent decrees with some or all of the IGP relating to the Fox River Contamination, including but not limited to the Consent Decree in No. 01-C-0816, entered by the Court on December 10, 2001 (involving the United States, the State of Wisconsin, Appleton Papers Inc. and NCR Corporation).

**WHEREAS,** pursuant to these agreements, administrative orders and consent decrees, and otherwise, certain entities, including NCR and API have incurred costs and damages in connection with the Fox River Contamination for which they may be entitled to seek recovery or contribution under applicable law, including but not limited to 42 U.S.C. § 9613.

**WHEREAS,** these claims for recovery or contribution may be subject to certain statutes of limitations that, if applicable, could potentially require that these claims be brought prior to the conclusion of activities under these agreements, administrative orders, and consent decrees.

**WHEREAS,** the initiation of cost recovery and contribution litigation, at this time, would likely have a deleterious effect on activities under these agreements, administrative orders, and consent decrees, and on any other settlement discussions.

**WHEREAS,** the Parties have therefore decided that it is in their collective best interests to agree, for a limited period and subject to termination as provided below, to avoid cost-recovery or contribution litigation at this time and to toll all applicable statutes of limitation.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties mutually agree as follows:

1.     During the Effective Period of this Agreement, as defined in Paragraph 3, below, NCR and API, on behalf of themselves, their successors and assigns, covenant not to sue Neenah Foundry Company on any claims they may have arising in connection with the Fox River Contamination. This covenant not to sue terminates at the end of the Effective Period.

2.     In consideration of the foregoing, Neenah Foundry Company, on behalf of itself and its successors and assigns, agrees that the Effective Period shall not be included in the calculation of the time that has elapsed for purposes of determining whether NCR's and API's Claims against Neenah Foundry Company are barred by any applicable statute of limitations, statute of repose, laches, or any other bar or restriction based on timing. For the purpose of this Agreement, "Claim" shall mean any claim relating to or arising in connection with the Fox River Contamination.

3.     The "Effective Period" shall mean that period of time beginning with the date on which this Agreement is executed by all Parties and continuing until thirty (30) days after the day on which any Party provides notice to all the other Parties, pursuant to Paragraph 4, below, that it wishes to terminate the Agreement.

4.     Each Party has the right to terminate this Agreement at any time. Notice to terminate this Agreement shall be provided to the other Parties by such means that will ensure its timely receipt, and will be deemed to have provided on the date that the other Party actually receives the notice. Notice shall be sent to each Party's representative, as designated on Exhibit A. Each Party shall have the right to change its representative upon ten (10) days written notice to the other Parties.

5.     This Agreement contains the entire Agreement between the Parties, and this Agreement may not be enlarged, modified, or altered except in writing signed by the Parties.

6.     Nothing in this Agreement should be construed to indicate, or as an admission, that any applicable statute of limitations has begun to run or has expired. Nothing in this Agreement shall be construed as reviving or altering any statutes of limitations that expired prior to the date of this Agreement. The Parties agree that nothing in this Agreement shall be construed as an admission of liability, responsibility or fault in connection with the Fox River Contamination. The Parties agree that nothing in this Agreement shall be construed as a waiver of any claim, defense, argument or position that any Party may have against any other Party or other entity with respect to the Fox River Contamination, except as specifically stated in this Agreement.

7.     This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.     This Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

2

9.    This Agreement shall become effective on the date it has been executed by all Parties to the Agreement.

IN WITNESS WHEREOF, the Parties shall cause this Agreement to be executed by their respective duly authorized representatives.

NCR CORPORATION

By: _Jon S. Hoek /sty_

Title: _Senior Vice President and General Counsel_

Date: _12-9-04_

APPLETON PAPERS INC.

By: _Paul J. Karch /sty_

Title: _Vice President, Human Resources and Laws_

Date: _12-9-04_

Neenah Foundry Company

By: _Gary Lackey_

Title: _Corporate V. P. Finance_

Date: _11/1/04_

3

9.     This Agreement shall become effective on the date it has been executed by all Parties to the Agreement.

IN WITNESS WHEREOF, the Parties shall cause this Agreement to be executed by their respective duly authorized representatives.

NCR CORPORATION

By: _____

Title: _____

Date: _____


ARJO WIGGINS APPLETON LTD.

By: _____ C GOWER _____

Title: DIR of LEGAL AFFAIRS

Date: 10 NOV 04


APPLETON PAPERS INC.

By: _____

Title: _____

Date: _____


NEENAH FOUNDRY COMPANY

By: _____

Title: _____

Date: _____

3

# EXHIBIT A

Notice to Appleton Papers Inc. shall be sent to:

    Paul J. Karch, Esq.
    Appleton Papers Inc.
    825 E. Wisconsin Ave.
    Appleton, WI 54912-0359

with a copy to:

    Jeffrey Bates, Esq.
    McDermott Will & Emery
    28 State Street, 34th Floor
    Boston, MA 02109

Notice to Arjo Wiggins Appleton Ltd. shall be sent to:

    Christopher Gower, Esq.
    Arjo Wiggins Appleton Ltd.
    c/o Worms et Cie.
    25 Avenue Franklin D. Roosevelt
    75008 Paris, France

with a copy to:

    Jeffrey Bates, Esq.
    McDermott Will & Emery
    28 State Street, 34th Floor
    Boston, MA 02109

Notice to NCR Corporation shall be sent to:

    Susan M. Chema, Esq.
    NCR Corporation
    Law Department
    1700 South Patterson Blvd.
    Dayton, OH 45479

with a copy to:

    J. Andrew Schlickman, Esq.
    Sidley Austin Brown & Wood LLP
    10 South Dearborn St.
    Chicago, IL 60603

Notice to Neenah Foundry Company shall be sent to:

    Neenah Foundry Company
    Attn: Gary Lackey
    2121 Brooks Ave.
    Neenah, WI 54957