UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. and
NCR CORPORATION,

            Plaintiffs,

v.
                                         No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER COMPANY,
P. H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM INC.,
THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY,
WISCONSIN PUBLIC SERVICE CORP.,
CITY OF APPLETON, CITY OF DE PERE,
CITY OF GREEN BAY, CITY OF KAUKATINA,
BROWN COUNTY, GREEN BAY METROPOLITAN
SEWERAGE DISTRICT, HEART OF THE
VALLEY METROPOLITAN SEWERAGE
DISTRICT, NEENAH-MENASHA SEWERAGE
COMMISSION, VILLAGE OF KIMBERLY,
and VILLAGE OF WRIGHTSTOWN,

            Defendants.

---

## CITY OF DE PERE'S ANSWER TO FIFTH AMENDED COMPLAINT

---

NOW COMES defendant, City of De Pere, by its attorneys, Stafford Rosenbaum

LLP, by Ted Waskowski and Richard Yde, and as for an answer to the plaintiffs' Fifth

Amended Complaint, admits, denies and alleges as follows:

H:\DOCS\012465\000004\00262069.DOC
0630081649

## INTRODUCTION

1.     Answering paragraph 1, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

2.     Answering paragraph 2, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

3.     Answering paragraph 3, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same; specifically denies that the City of De Pere is a party responsible for Lower Fox River contamination.

4.     Answering paragraph 4, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same; specifically denies that the City of De Pere is in any way liable for any costs and damages that API and NCR have incurred to date.

## JURISDICTION

5.     Answering paragraph 5, admits.

6.     Answering paragraph 6, as to the first sentence, admits venue is proper in the Eastern District of Wisconsin as alleged; as to the second sentence, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

## PARTIES

7.     Answering paragraph 7, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

8.    Answering paragraph 8, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

9.    Answering paragraph 9, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

10.    Answering paragraph 10, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

11.    Answering paragraph 11, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

12.    Answering paragraph 12, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

13.    Answering paragraph 13, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

14.    Answering paragraph 14, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

15.    Answering paragraph 15, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

16.    Answering paragraph 16, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

17.    Answering paragraph 17, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

18.    Answering paragraph 18, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

19.     Answering paragraph 19, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

20.     Answering paragraph 20, admits the allegations.

21.     Answering paragraph 21, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

22.     Answering paragraph 22, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

23.     Answering paragraph 23, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

24.     Answering paragraph 24, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

25.     Answering paragraph 25, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

26.     Answering paragraph 26, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

27.     Answering paragraph 27, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

28.     Answering paragraph 28, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

29.     Answering paragraph 29, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

30.     Answering paragraph 30, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

## GENERAL ALLEGATIONS

### The Lower Fox River Site

31.     Answering paragraph 31, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

### Defendants' Releases

32.     Answering paragraph 32, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

33.     Answering paragraph 33, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

34.     Answering paragraph 34, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

35.     Answering paragraph 35, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

36.     Answering paragraph 36, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

37.     Answering paragraph 37, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

38.     Answering paragraph 38, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

39.     Answering paragraph 39, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

40.     Answering paragraph 40, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

41.     Answering paragraph 41, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

42.     Answering paragraph 42, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

43.     Answering paragraph 43, admits that the City of De Pere owned and operated a municipal wastewater treatment plant in De Pere, Wisconsin at certain times relevant to the allegations in this complaint; denies sufficient information to form a belief as to all other allegations and, accordingly, denies same.

44.     Answering paragraph 44, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

45.     Answering paragraph 45, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

46.     Answering paragraph 46, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

47.     Answering paragraph 47, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

48.     Answering paragraph 48, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

49.     Answering paragraph 49, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

50.     Answering paragraph 50, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

51.     Answering paragraph 51, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

52.     Answering paragraph 52, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

53.     Answering paragraph 53, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

**Cleanup Work and Natural Resource Damages at the Lower Fox River Site**

54.     Answering paragraph 54, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

55.     Answering paragraph 55, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

56.     Answering paragraph 56, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

57.     Answering paragraph 57, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

58.     Answering paragraph 58, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

59.     Answering paragraph 59, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

60.     Answering paragraph 60, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

61.     Answering paragraph 61, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

62.     Answering paragraph 62, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

63.     Answering paragraph 63, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

64.     Answering paragraph 64, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

65.     Answering paragraph 65, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

66.     Answering paragraph 66, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

## COUNT I – CLAIM UNDER CERCLA § 107

67.     Answering paragraph 67, the City of De Pere restates its responses to paragraphs 1 through 66 of plaintiffs' Fifth Amended Complaint as though fully set forth here.

68.     Answering paragraph 68, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

69.     Answering paragraph 69, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

70.     Answering paragraph 70, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

71.     Answering paragraph 71, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

72.     Answering paragraph 72, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

73.     Answering paragraph 73, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

74.     Answering paragraph 74, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

75.     Answering paragraph 75, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

76.     Answering paragraph 76, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

77.     Answering paragraph 77, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

78.     Answering paragraph 78, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

79.     Answering paragraph 79, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

80.    Answering paragraph 80, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

81.  `  Answering paragraph 81, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

82.    Answering paragraph 82, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

83.    Answering paragraph 83, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

84.    Answering paragraph 84, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

85.    Answering paragraph 85, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

86.    Answering paragraph 86, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

87.    Answering paragraph 87, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

88.    Answering paragraph 88, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

89.    Answering paragraph 89, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

90.    Answering paragraph 90, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

Case 2:08-cv-00016-WCG    Filed 06/30/08    Page 10 of 27    Document 171

91.    Answering paragraph 91, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

92.    Answering paragraph 92, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

93.    Answering paragraph 93, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

94.    Answering paragraph 94, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

95.    Answering paragraph 95, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

96.    Answering paragraph 96, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

97.    Answering paragraph 97, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

98.    Answering paragraph 98, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

99.    Answering paragraph 99, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

100.    Answering paragraph 100, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

101.    Answering paragraph 101, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

102.   Answering paragraph 102, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

103.   Answering paragraph 103, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

104.   Answering paragraph 104, admits.

105.   Answering paragraph 105, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

106.   Answering paragraph 106, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

107.   Answering paragraph 107, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

108.   Answering paragraph 108, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

109.   Answering paragraph 109, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

110.   Answering paragraph 110, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

111.   Answering paragraph 111, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

112.   Answering paragraph 112, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

113. Answering paragraph 113, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

114. Answering paragraph 114, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

115. Answering paragraph 115, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

116. Answering paragraph 116, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

117. Answering paragraph 117, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

118. Answering paragraph 118, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

119. Answering paragraph 119, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

120. Answering paragraph 120, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

121. Answering paragraph 121, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

122. Answering paragraph 122, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

123. Answering paragraph 123, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

124. Answering paragraph 124, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

125. Answering paragraph 125, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

126. Answering paragraph 126, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

127. Answering paragraph 127, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

128. Answering paragraph 128, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

129. Answering paragraph 129, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

130. Answering paragraph 130, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

131. Answering paragraph 131, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

132. Answering paragraph 132, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

133. Answering paragraph 133, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

134. Answering paragraph 134, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

135.    Answering paragraph 135, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

136.    Answering paragraph 136, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

137.    Answering paragraph 137, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

138.    Answering paragraph 138, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

139.    Answering paragraph 139, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

140.    Answering paragraph 140, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

141.    Answering paragraph 141, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

142.    Answering paragraph 142, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

143.    Answering paragraph 143, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

144.    Answering paragraph 144, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

145.    Answering paragraph 145, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

146.     Answering paragraph 146, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

147.     Answering paragraph 147, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

148.     Answering paragraph 148, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

149.     Answering paragraph 149, denies.

150.     Answering paragraph 150, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

151.     Answering paragraph 151, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

152.     Answering paragraph 152, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

153.     Answering paragraph 153, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

154.     Answering paragraph 154, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

155.     Answering paragraph 155, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

156.     Answering paragraph 156, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

Case 2:08-cv-00016-WCG     Filed 06/30/08     Page 16 of 27     Document 171

157. Answering paragraph 157, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

158. Answering paragraph 158, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

159. Answering paragraph 159, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

160. Answering paragraph 160, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

161. Answering paragraph 161, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

162. Answering paragraph 162, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

163. Answering paragraph 163, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

164. Answering paragraph 164, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

165. Answering paragraph 165, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

166. Answering paragraph 166, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

167. Answering paragraph 167, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

168.    Answering paragraph 168, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

169.    Answering paragraph 169, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

170.    Answering paragraph 170, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

171.    Answering paragraph 171, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

172.    Answering paragraph 172, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

173.    Answering paragraph 173, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

174.    Answering paragraph 174, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

175.    Answering paragraph 175, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

176.    Answering paragraph 176, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

177.    Answering paragraph 177, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

178.    Answering paragraph 178, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

179. Answering paragraph 179, denies that API and/or NCR have paid and will continue to pay costs for necessary response actions as a result of any release from any facility owned or operated by the City of De Pere; denies sufficient information to form a belief as to the truth of all other allegations and, accordingly, denies same.

180. Answering paragraph 180, denies that the City of De Pere is liable for the Fox River costs and damages paid to date by API and/or NCR; denies that API and/or NCR are entitled to recover any costs or damages from the City of De Pere; denies sufficient information to form a belief as to the truth of all other allegations and, accordingly, denies same.

181. Answering paragraph 181, denies that the City of De Pere is liable to API and/or NCR for any costs or damages; denies that any portion of the Lower Fox River costs and damages are properly attributable to the City of De Pere; denies sufficient information to form a belief as to the truth of all other allegations and, accordingly, denies same.

182. Answering paragraph 182, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

183. Answering paragraph 183, denies that API and/or NCR are entitled to any relief from the City of De Pere, including interest, costs or damages; denies sufficient information to form a belief as to the truth of all other allegations and, accordingly, denies same.

Case 2:08-cv-00016-WCG    Filed 06/30/08    Page 19 of 27    Document 171

## COUNT II – CLAIM UNDER CERCLA § 113

184. Answering paragraph 184, the City of De Pere restates its responses to paragraphs 1 through 183 of plaintiffs' Fifth Amended Complaint as though fully set forth here.

185. Answering paragraph 185, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

186. Answering paragraph 186, denies the City of De Pere is liable for any Lower Fox River costs or damages; denies that any Lower Fox River costs or damages are properly attributable to the City of De Pere; denies sufficient information to form a belief as to the truth of the remaining allegations and, accordingly, denies same.

187. Answering paragraph 187, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

188. Answering paragraph 188, denies that API and/or NCR are entitled to recover any interest, costs or damages from the City of De Pere; denies sufficient information to form a belief as to the truth of the remaining allegations and, accordingly, denies same.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

189. Answering paragraph 189, the City of De Pere restates its responses to paragraphs 1 through 188 of plaintiffs' Fifth Amended Complaint as though fully set forth here.

190. Answering paragraph 190, denies sufficient information to form a belief as to the truth of the allegations and, accordingly, denies same.

191. Answering paragraph 191, denies the City of De Pere is liable for any Lower Fox River costs or damages; denies that any Lower Fox River costs or damages are properly attributable to the City of De Pere; denies sufficient information to form a belief as to the truth of the remaining allegations and, accordingly, denies same.

192. Answering paragraph 192, denies any costs and damages are the responsibility of the City of De Pere; denies sufficient information to form a belief as to the truth of the remaining allegations and, accordingly, denies same.

193. Answering paragraph 193, denies that the City of De Pere is liable for any share of the costs and damages alleged; denies sufficient information to form a belief as to the truth of the remaining allegations and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1. For its first affirmative defense, the City of De Pere alleges that the Plaintiffs' damages, if any, are a result of their own acts or omissions, over which the City of De Pere had no control.

2. For its second affirmative defense, the City of De Pere alleges that Plaintiffs' Fifth Amended Complaint fails to state a claim upon which relief may be granted.

3. For its third affirmative defense, the City of De Pere alleges that Plaintiffs may have failed to mitigate their damages.

4.     For its fourth affirmative defense, the City of De Pere alleges that the Plaintiffs may lack standing to pursue some or all of their claims.

5.     For its fifth affirmative defense, the City of De Pere alleges that the release or threat of release of a hazardous substance alleged in the Plaintiffs' Fifth Amended Complaint and any resulting damages were caused solely by an act or omission of a third party that was not under the control of the City of De Pere or an employee or agent of the City of De Pere.

6.     For its sixth affirmative defense, the City of De Pere alleges, upon information and belief, that any and all discharge of waste into the Fox River by the City of De Pere was pursuant to a valid Wisconsin Pollutant Discharge Elimination System Permit and was a discharge in compliance with a permit under § 1342 of Title 33.

7.     For its seventh affirmative defense, the City of De Pere alleges, upon information and belief, that the applicable statute of limitations bars the Plaintiffs' claims against the City of De Pere for cost recovery under CERCLA § 107(a).

8.     For its eighth affirmative defense, the City of De Pere alleges, upon information and belief, that the applicable statute of limitations bars the Plaintiffs' claims against the City of De Pere for contribution under CERCLA § 113(f).

9.     For its ninth affirmative defense, the City of De Pere alleges, upon information and belief, that it is exempt from liability based upon the provisions of 42 U.S.C. § 9607(o).

10. For its tenth affirmative defense, the City of De Pere alleges, upon information and belief, that its discharge of PCBs into the Fox River, if any, was so infinitesimal as to make an allocation of liability to the City of De Pere inequitable.

11. For its eleventh affirmative defense, the City of De Pere alleges, upon information and belief, that the Plaintiffs' claims are barred due to their failure to comply with the National Oil and Hazardous Substances Pollution Contingency Plan.

12. For its twelfth affirmative defense, the City of De Pere alleges, upon information and belief, that the Plaintiffs' claims are barred by the doctrine of unclean hands.

13. For its thirteenth affirmative defense, the City of De Pere alleges, upon information and belief, that the Plaintiffs' claims are barred by the doctrine of laches.

14. For its fourteenth affirmative defense, the City of De Pere alleges, upon information and belief, that the Plaintiffs' claims for response costs are barred in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper or other products in which the City of De Pere was neither directly nor indirectly involved and over which it had no control.

15. For its fifteenth affirmative defense, the City of De Pere reserves the right to plead additional affirmative defenses as the discovery process continues and as justice so requires.

WHEREFORE, Defendant City of De Pere respectfully demands judgment dismissing Plaintiffs' Fifth Amended Complaint on the merits, with prejudice, together

Case 2:08-cv-00016-WCG    Filed 06/30/08    Page 23 of 27    Document 171

with the costs and attorneys' fees which it incurs in the defense of this action and which are allowed by law.

Dated: June 30, 2008.          STAFFORD ROSENBAUM LLP

_____
Ted Waskowski
State Bar Number 1003254
Richard C. Yde
State Bar Number 1013600
Attorneys for Defendant City of De Pere


222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
608.256.0226

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

          Plaintiffs,

v.                                       No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER COMPANY,
P. H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM INC.,
THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY,
WISCONSIN PUBLIC SERVICE CORP.,
CITY OF APPLETON, CITY OF DE PERE,
CITY OF GREEN BAY, CITY OF KAUKATINA,
BROWN COUNTY, GREEN BAY METROPOLITAN
SEWERAGE DISTRICT, HEART OF THE
VALLEY METROPOLITAN SEWERAGE
DISTRICT, NEENAH-MENASHA SEWERAGE
COMMISSION, VILLAGE OF KIMBERLY,
and VILLAGE OF WRIGHTSTOWN,

          Defendants.

---

## CERTIFICATE OF SERVICE

---

    I hereby certify that on June 30, 2008, I electronically filed City of De Pere's

Answer to Fifth Amended Complaint using the ECF system, which will send notification

of such filing to: J. Andrew Schlickman at Sidley Austin LLP,

jaschlickman@sidley.com; Kathleen L. Roach at Sidley Austin LLP,

kroach@sidley.com; Philip Munroe at DiRenzo & Bomier LLC,

pmunroe@direnzollc.com; Scott Fleming at Weiss Berzowski BradyLLP, sbf@wbb-law.com; David Mandelbaum at Ballard Spahr Andrews & Ingersoll, LLP,

mandelbaum@ballardspahr.com; Marc Davies at Ballard Spahr Andrews & Ingersoll,

LLP, davies@ballardspahr.com; Ronald Varnum at Ballard Spahr Andrews & Ingersoll,

LLP, varnumr@ballardspahr.com; Jennifer Simon at Ballard Spahr Andrews & Ingersoll,

LLP, simonj@ballardspahr.com; Sabrina Mizrachi at Ballard Spahr Andrews &

Ingersoll, LLP, mizrachis@ballardspahr.com; Mark Feldmann at Menn Law Firm, Ltd.,

mark-feldmann@mennlaw.com; Joseph Beisenstein at Menn Law Firm, Ltd., joseph-beisenstein@mennlaw.com; Jacy T. Rock at Faegre & Benson LLP, jrock@faegre.com;

Colin Deihl at Faegre & Benson LLP, cdeihl@faegre.com; Delmar Ehrich at Faegre &

Benson LLP, dehrich@faegre.com; David Edquist at von Briesen & Roper, s.c.,

dedquist@vonbriesen.com; Christopher Riordan at von Briesen & Roper, s.c.,

criordan@vonbriesen.com; Patrick Wells at von Briesen & Roper, s.c.,

pwells@vonbriesen.com; Russell Wilson at Ruder Ware, rwilson@ruderware.com; Linda

Benfield at Foley & Lardner LLP, lbenfield@foley.com; Sarah Slack at Foley & Lardner

LLP, sslack@foley.com; Charles M. Gering at Foley & Lardner LLP,

cgering@foley.com; Arthur Radke at Dykema Gossett PLLC, aradke@dykema.com;

Michelle Gale at Dykema Gossett PLLC, mgale@dykema.com; Joseph Basta at Dykema

Gossett PLLC, jbasta@.dykema.com; Daniel Murray at Johnson & Bell, Ltd.,

murrayd@jbltd.com; John Cermak, Jr. at Baker & Hostetler LLP,

jcermak@bakerlaw.com; Sonja Inglin at Baker & Hostetler LLP, singlin@bakerlaw.com;

Timothy Anderson at Remley & Sensenbrenner, S.C., tanderson@remleylaw.com;

Thomas O'Donnell at Calfee Halter & Griswold LLP, todonnell@calfee.com; William

Coughlin at Calfee Halter & Griswold LLP, wcoughlin@calfee.com; Randall Stone at

U.S. Department of Justice, randall.stone@.usdoj.gov; Michael Hermes at Metzler,

Timm, Treleven & Hermes, S.C., mhermes@mtthlaw.com; J. Ric Gass at Gass Weber

Mullins LLC, gass@gasswebermullins.com.


_____
Karen Pence


Subscribed and sworn to before me
this 30 day of June, 2008.


_____
Notary Public, State of Wisconsin
My commission expires: 9/12/2010