UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

        v.                                  No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY,
MENASHA CORPORATION,
GREEN BAY PACKAGING INC.,
INTERNATIONAL PAPER COMPANY,
LEICHT TRANSFER & STORAGE COMPANY,
NEENAH FOUNDRY COMPANY,
NEWPAGE WISCONSIN SYSTEM, INC.,
THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY,
WISCONSIN PUBLIC SERVICE CORP.,
CITY OF APPLETON,
CITY OF DE PERE,
CITY OF GREEN BAY,
CITY OF KAUKAUNA,
BROWN COUNTY,
GREEN BAY METROPOLITAN
SEWERAGE DISTRICT,
HEART OF THE VALLEY METROPOLITAN
SEWERAGE DISTRICT,
NEENAH-MENASHA SEWERAGE
COMMISSION,
VILLAGE OF KMBERLY,
VILLAGE OF WRIGHTSTOWN,
WTM I COMPANY, and
U.S. PAPER MILLS CORPORATION,

        Defendants.

---

**DEFENDANT NEENAH-MENASHA SEWERAGE COMMISSION'S
ANSWER AND AFFIRMATIVE DEFENSES TO FIFTH AMENDED COMPLAINT
AND COUNTERCLAIMS**

---

Defendant Neenah-Menasha Sewerage Commission (NMSC) by its undersigned counsel, in answer to Plaintiffs' Fifth Amended Complaint, states:

## INTRODUCTION

1.     Admits the Fifth Amended Complaint purports to assert claims pursuant to CERCLA and it concerns the allocation of costs and damages relating to alleged PCB contamination of the Lower Fox River and Green Bay; and denies the remaining allegations of paragraph 1.  Affirmatively alleges that plaintiffs and other paper companies disposed of their PCBs in the Fox River and caused the costs and damages they now seek to allocate in part to NMSC.

2.     Denies the allegations in the last sentence of paragraph 2.  Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2.

3.     Admits the allegations in the third sentence of paragraph 3.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.     Denies that the NMSC has a share of Lower Fox River clean-up costs and damages, or clean-up costs yet to be incurred or that the plaintiffs are entitled to judgment against it for clean-up costs that either plaintiff has incurred to date; alleges that it is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.

## JURISDICTION

5.     Admits the allegations in paragraph 5.

6.      Admits venue is proper in this District pursuant to Section 113(b) of CERCLA, and 42 U.S.C. § 9613(b) and 28 U.S. C § 1391(b); alleges that it is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.

## PARTIES

7.      Admits the allegations in paragraph 7.

8.      Admits the allegations in paragraph 8.

9.      Admits the allegations in paragraph 9.

10.     Admits the allegations in paragraph 10.

11.     Admits the allegations in the last sentence of paragraph 11.  Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegation of paragraph 11.

12.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 12.

13.     Admits the allegations in the last sentence of paragraph 13.  Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13.

14.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14.

15.     Admits the allegations in paragraph 15.

16.     Admits the allegations in the last sentence of paragraph 16.  Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 16.

17.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

3

18.     Admits the allegations in paragraph 18.

19.     Admits the allegations in paragraph 19.

20.     Admits the allegations in paragraph 20.

21.     Admits the allegations in paragraph 21.

22.     Admits the allegations in paragraph 22.

23.     Admits the allegations in paragraph 23.

24.     Alleges that it is without knowledge or information sufficient to form a belief as to the allegation that the Green Bay Metropolitan Sewerage District was commissioned by Brown County; admits the remaining allegation of paragraph 24.

25.     Alleges that it is without knowledge or information sufficient to form a belief as to the allegation that Heart of the Valley Metropolitan Sewerage District was commissioned by Outagamie County; admits the remaining allegations of paragraph 25.

26.     Denies that the Neenah-Menasha Sewerage Commission was commissioned by the governments of the Cities of Neenah and Menasha, Wisconsin, but admits that the NMSC operates a publicly owned treatment works.

27.     Admits the allegations in paragraph 27.

28.     Admits the allegations in paragraph 28.

29.     Admits the allegations in the last sentence of paragraph 29.  Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 29.

30.     Admits the allegations in the last sentence of paragraph 30.  Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 30.

## GENERAL ALLEGATIONS

### The Lower Fox River Site

31.     Alleges that it is without knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 31.  Admits the remaining allegations in paragraph 31.

### Defendants' Releases

32.     Admits the allegations in the first sentence of paragraph 32; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.     Admits the allegations in the first sentence of paragraph 33 that after 1976 Glatfelter owned and operated a paper mill in Menasha, Wisconsin (the "Glatfelter Mill"); deny the allegations before 1976; alleges that it is without knowledge to form a belief as to the truth of the remaining allegations in paragraph 33.

34.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Admits the allegations in the first sentence of paragraph 38.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.     Admits the allegations in the first sentence of paragraph 42.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42.

43.     Admits the allegations in the first sentence of paragraph 43.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43.

44.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Admits the allegations in the first sentence of paragraph 45.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45.

46.     Denies upon information and belief the allegations of the first sentence of paragraph 46.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46.

47.     Admits the allegations in the first sentence of paragraph 47.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

6

48. Admits the allegations in the first sentence of paragraph 48. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49. Admits the allegations in the first sentence of paragraph 49 that at all relevant times, the NMSC operated a municipal wastewater treatment plant in Menasha, Wisconsin (the Neenah-Menasha POTW) but denies the remaining allegations of this sentence. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50. Admits the allegations in the first sentence of paragraph 50. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50.

51. Admits the allegations in the first sentence of paragraph 51. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

52. Admits the allegations in the first sentence of paragraph 52. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52.

53. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

**Cleanup Work and Natural Resource Damages at the Lower Fox River Site**

54. Admits upon information and belief the allegations in paragraph 54.

55. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

7

56.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and in addition alleges that the terms of the State Agreement speaks for itself.

57.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Admits the allegations in the first sentence of paragraph 58.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58; in addition alleges that the terms of the 2002 Consent Decree speaks for itself.

59.     Admits the allegations in paragraph 59 that in January 2003, after many years of study, WDNR and USEPA released a Record of Decision (ROD) for Operable Unit One (OU-1); denies plaintiffs' characterization of the ROD is complete and accurate and further alleges that the document speaks for itself and further alleges that this ROD has been modified and amended by WDNR and USEPA.

60.     Admits the allegations in paragraph 60 that in July 2003, WDNR and USEPA issued a ROD for OU-2 – OU-5, denies plaintiffs' characterization of the ROD is complete and accurate and further alleges that the document speaks for itself and further alleges that the ROD has been modified and amended by WDNR and USEPA.

61.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Admits that in April 2006, NCR and US Paper Mills Corporation entered into a Consent Decree with the United States and the State of Wisconsin; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62.

63.     Admits the allegations in the first sentence of paragraph 63.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63.

64.     Admits the allegations in the last sentence of paragraph 64.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64.

65.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

## COUNT I – CLAIM UNDER CERCLA § 107

67.     In answer to paragraph 67, NMSC realleges and incorporates by reference its answers to paragraphs 1 through 66 as if fully set forth herein.

68.     Paragraph 68 states a legal conclusion to which no answer is required.  To the extent that a response is deemed required, NMSC denies the allegations of paragraph 68.

69.     Paragraph 69 states a legal conclusion to which no answer is required.  To the extent that a response is deemed required, NMSC denies the allegations of paragraph 69.

70.     Admits the allegations in paragraph 70.

71.     Admits the allegation in paragraph 71.

72.     Admits the allegation in paragraph 72.

73.     Admits the allegation in paragraph 73.

74.     Admits the allegation in paragraph 74.

75.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

9

76. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Admits the allegations in paragraph 77.

78. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 79.

80. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Admits the allegations in paragraph 81.

82. Admits the allegations in paragraph 82.

83. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. Admits the allegations in paragraph 84.

85. Admits the allegations in paragraph 85.

86. Admits the allegations in paragraph 86.

87. Admits the allegations in paragraph 87.

88. Admits the allegations in paragraph 88.

89. Admits the allegations in paragraph 89.

90. Admits the allegations in paragraph 90.

91. Admits the allegations in paragraph 91.

92. Admits the allegations in paragraph 92.

93. Admits the allegations in paragraph 93.

94. Admits the allegations in paragraph 94.

95.     Admits the allegations in paragraph 95.

96.     Admits the allegations in paragraph 96.

97.     Admits the allegations in paragraph 97.

98.     Admits the allegations in paragraph 98.

99.     Admits the allegations in paragraph 99.

100.    Admits the allegations in paragraph 100.

101.    Admits the allegations in paragraph 101.

102.    Admits the allegations in paragraph 102.

103.    Admits the allegations in paragraph 103.

104.    Admits the allegations in paragraph 104.

105.    Admits the allegations in paragraph 105.

106.    Admits the allegations in paragraph 106.

107.    Admits the allegations in paragraph 107.

108.    Admits the allegations in paragraph 108.

109.    Admits the allegations in paragraph 109.

110.    Admits the allegations in paragraph 110.

111.    Admits the allegations in paragraph 111.

112.    Admits the allegations in paragraph 112.

113.    Admits the allegations in paragraph 113.

114.    Admits the allegations in paragraph 114.

115.    Admits the allegations in paragraph 115.

116.    Admits the allegations in paragraph 116.

117.    Admits the allegations in paragraph 117.

118.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Whiting Mill released PCBs through a municipal wastewater treatment plant; admits the remaining allegations of the first sentence of paragraph 118. The second sentence states a legal conclusion to which no answer is required. To the extent that a response is deemed required, NMSC denies the allegations of the second sentence of paragraph 118.

119.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Admits that Whiting Paper Co. is the current owner of the Whiting Mill; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 120.

121.     Alleges that Glatfelter's predecessor Bergstrom conducted papermaking activities at the site now referred to as the "Glatfelter Mill," further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121.

122.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.     Admits that Whiting Paper Co. is the current owner of the Whiting Mill; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123.

124.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

14

150.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

152.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.     Denies upon information and belief that Brown County owned Renard Island; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 155.

156.     Denies upon information and belief that Brown County is the current owner of Renard Island; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 156.

157.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

160.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

163.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

164.     Denies the allegations in the last sentence of paragraph 164.  Alleges that it is without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 164.

165.     Denies the allegations in paragraph 165.

166.     Admits the allegations in paragraph 166 that NMSC is the current owner and current operator of the Neenah-Menasha POTW.  Denies the remaining allegations of paragraph 166.

167.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

170.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.     Admits the allegations in paragraph 171 upon information and belief the Village of Wrightstown is the current owner of Wrightstown POTW; alleges that it is without knowledge

16

or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 171.

172.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173.

174.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175.

176.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

177.    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.    In answer to paragraph 178, NMSC denies that it released PCBs; NMSC realleges and incorporates by reference its answer to all paragraphs above that relate to "facilities identified above" as if fully set forth herein.

179.    NMSC denies that it released PCBs, NMSC alleges that it is without knowledge or information sufficient to form a belief as to all the remaining allegations of paragraph 179.

180.    NMSC denies that it is liable for the Lower Fox River costs and damages allegedly paid to date by API and NCR and further denies that API and NCR are entitled to recover these alleged costs and damages from it; NMSC further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 180.

17

181.     Denies the allegations in paragraph 181.

182.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182.

183.     Denies the allegations in paragraph 183.

## COUNT II – CLAIM UNDER CERCLA § 113

184.     NMSC realleges and incorporates by reference all of its answers to paragraphs 1 through 183 as if fully set forth herein.

185.     Paragraph 185 states a legal conclusion to which no answer is required.  To the extent that a response is deemed required, NMSC denies the allegations in paragraph 185.

186.     NMSC denies that it is liable for Lower Fox River costs and damages paid by API and NCR; NMSC further denies any share of the Lower Fox River costs and damages are properly attributable to NMSC; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 186.

187.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187.

188.     Paragraph 188 states a legal conclusion to which no answer is required.  To the extent that a response is deemed required, NMSC denies the allegations in paragraph 188.

## COUNT III – CLAIM FOR DECLARATORY RELIEF

189.     NMSC realleges and incorporates by reference all of its answers to paragraphs 1 through 188 as if fully set forth herein.

190.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190.

191.     Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 191, NMSC denies that it is liable

18

to API and NCR for response costs and damages arising out of the Lower Fox River contamination, alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegations of the second sentence of said paragraph; NMSC further denies the remaining allegations of paragraph 191.

192. NMSC denies the allegations of paragraph 192.

193. NMSC denies that it is liable for a share of Lower Fox River costs and damages and further denies that such costs and damages are properly allocatable to it, NMSC further alleges that it is without knowledge or information sufficient to form a belief as to all the remaining allegations of paragraph 193.

## **AFFIRMATIVE DEFENSES**

NMSC states its affirmative defenses to Plaintiffs' Fifth Amended Complaint as follows:

1. NMSC acted in good faith to carry out its Wisconsin Statutory mandate to receive, convey, and treat sewage, actions it took in conformance with its WPDES permit issued by the Wisconsin Department of Natural Resources (WDNR).

2. Plaintiff paper companies and other paper companies have caused the damages of which they complain by their own conduct in their use and disposal of PCBs via sewerage systems or by direct dumping into the Fox River or both. Plaintiffs and other paper companies used PCBs in making carbonless paper, a process over which NMSC had no control.

3. NMSC has no liability for the alleged release or threatened release of PCBs and any resulting injury or damage were caused solely by the acts or omissions of entities other than NMSC over which NMSC had no control, pursuant to 42 U.S.C. 9607(b).

4. NMSC did not cause any of the harm of which plaintiffs complain.

5. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

19

6.     The Fifth Amended Complaint, and each count thereof, fails to state a claim upon which relief may be granted as against NMSC.

7.     Plaintiffs have failed to name all necessary and indispensable parties.

8.     Plaintiffs are not the real party in interest to make a claim for natural resources damages.

9.     Plaintiffs have failed to comply with the requirements of the National Contingency Plan and are not entitled to recovery for costs that are not necessary costs of response and were not incurred in accordance with the requirements contained in the National Contingency Plan.

10.    Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

11.    Plaintiffs' claims are barred by the equitable doctrine of estoppel.

12.    Plaintiffs' claims are barred by the equitable doctrines of laches and waiver.

13.    Plaintiffs' claims are barred by plaintiffs' failure to comply with Wis. Stat. § 893.80.

14.    Plaintiffs' recoveries, if any, are subject to and limited by the damage cap contained in Wis. Stat. § 893.80.

15.    NMSC relies upon and incorporates applicable defenses asserted by other defendants and reserves its right to amend this Answer to add affirmative defenses and to amend its affirmative defenses based on discovery in this action.

## **COUNTERCLAIM**

Neenah-Menasha Sewerage Commission (NMSC), through its undersigned counsel, asserts the following counterclaims against the Plaintiffs:

1.     The Neenah-Menasha Sewerage Commission was created pursuant to Wis. Stat. § 66.30 (1979) with offices located at 101 Garfield Avenue, Menasha, Wisconsin  54952.

20

2.     On information and belief, Appleton Papers, Inc. (API) is a Delaware corporation with its principal place of business in Appleton, Wisconsin.  Furthermore, API is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601 (21), and its operations resulted in releases of PCBs to the Fox River.

3.     On information and belief, NCR Corporation is a Maryland corporation with its principal place of business in Dayton, Ohio, and with operations along the Lower Fox River. Furthermore, NCR is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and its operations resulted in releases of PCBs to the Lower Fox River.

4.     This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because the claim stated herein arose in this judicial district, and the Lower Fox River and Plaintiffs' relevant businesses or operations are/were located within this district.

6.     The Fifth Amended Complaint alleges claims for liability against NMSC which claims NMSC denies.

7.     Plaintiffs API and NCR are liable for response costs or damages incurred, or to be incurred, for PCB contamination of the Lower Fox River and Green Bay Site as those terms are defined in the Fifth Amended Complaint.

8.     To the extent that the Fifth Amended Complaint states a claim for liability for response costs or damages at the Lower Fox River and Green Bay Site, and results in a judgment against NMSC, NMSC is entitled to statutory and common law contribution, cost recovery, and indemnity from Plaintiffs API and NCR.

21

## SECOND COUNTERCLAIM

1.     NMSC incorporates each of the allegations set forth in paragraphs 1 through 8 above in its first counterclaim.

2.     On or about November 15, 2004, plaintiffs and NMSC entered into a written Tolling and Standstill Agreement (Tolling Agreement).  A copy of the Tolling Agreement is attached and incorporated as Exhibit 1.

3.     During the "Effective Period" of the Tolling Agreement, plaintiffs agreed not to sue NMSC on any claims they may have arising in connection with the Fox River contamination. Plaintiffs' covenants terminated at the end of the "Effective Period."

4.     The "Effective Period" continued until thirty days after the day on which NMSC received notice that plaintiffs wished to terminate the Tolling Agreement.

5.     On March 20, 2008, counsel for NMSC received a letter from plaintiffs' counsel in which they asked NMSC to negotiate.  Plaintiffs declared they would terminate the Tolling Agreement if NMSC did not agree to negotiate, and asked for a response by April 4, 2008.

6.     On April 3, 2008, counsel for NMSC wrote to plaintiffs' counsel that NMSC agreed to negotiate in good faith.

7.     On May 13, 2008 NMSC actually received plaintiffs' Notice of Termination of the Tolling Agreement.  Plaintiffs filed the Fourth Amended Complaint joining NMSC to this action on June 11, 2008.

8.     Plaintiffs materially violated the Tolling Agreement when they breached their duty of good faith owed NMSC by asking for negotiations, receiving an affirmative answer, then responding with termination and a lawsuit.  Plaintiffs also breached the Tolling Agreement by suing before the 30 day notice period expired.  As a result of plaintiffs' material breaches of the Tolling Agreement, NMSC has suffered compensatory damages in an amount to be proven at

trial, is excused from its obligation, if any, under the Tolling Agreement, and is entitled to have plaintiffs' Fourth and Fifth Amended Complaints against it dismissed with prejudice.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Neenah-Menasha Sewerage Commission respectfully requests that the Court enter judgment in favor of it and against the Plaintiffs Appleton Papers, Inc. and NCR Corporation dismissing all claims in the Fourth and Fifth Amended Complaints and awarding Neenah-Menasha Sewerage Commission damages as determined at trial and its costs and attorneys' fees and granting such other legal and equitable relief as the Court deems just, proper and appropriate. In the alternative, NMSC respectfully requests that, in the event judgment is rendered against NMSC on Plaintiffs' Fifth Amended Complaint, the Court enter judgment against Plaintiffs API and NCR for costs and damages properly allocable to them, judgment for NMSC allocating no costs or damages to it, for such other and further legal and equitable relief as this Court deems just and proper, and for its attorneys' fees, costs, disbursements and expenses of this action.

Dated: July 2, 2008.

s/William J. Mulligan
William J. Mulligan (WI Bar No. 1008465)
Kevin J. Lyons (WI Bar No. 1013826)
Davis & Kuelthau, s.c.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-0200
Facsimile: (414) 276-9369
Email: wmulligan@dkattorneys.com
klyons@dkattorneys.com

Bruce A. Olson (WI Bar No. 1014754)
Davis & Kuelthau, s.c.
318 S. Washington Street, Suite 300
Green Bay, WI 54301
Telephone: (920) 435-2230
Facsimile: (920) 431-2270
Email: bolson@dkattorneys.com

23

James B. Gunz (WI Bar No. 1014541)
Gunz Law Office
1142 Glenayre
Neenah, WI 54956-4236
Telephone:  (920) 729-6358
Facsimile:  (920) 886-6286
Email:  attygunz@msn.com