## FOX RIVER TOLLING AND STANDSTILL AGREEMENT

This Fox River Tolling and Standstill Agreement ("Agreement") is made by and between NCR Corporation (NCR), Appleton Papers Inc. (API), Arjo Wiggins Appleton Ltd. (AWA), and Neenah-Menasha Sewerage Commission ("NMSC") (sometimes collectively referred to herein as the "Parties" or individually as the "Party") whose authorized representatives have executed this Agreement.

WHEREAS, there is polychlorinated biphenyl ("PCB") and other hazardous substance contamination in certain sediments of the Lower Fox River and Green Bay ("Fox River Contamination").

WHEREAS, the United States, the State of Wisconsin, the State of Michigan, and several Native American Indian tribes (collectively, the Intergovernmental Parties or "IGP") have asserted that certain entities, including NCR and API, contributed to some degree to the Fox River Contamination, and therefore may be responsible to conduct remedial action in response to the Fox River Contamination and/or pay response costs and/or natural resource damages incurred as a result of the Fox River Contamination.

WHEREAS, certain entities, including NCR and API, have previously entered into agreements, administrative orders and/or consent decrees with some or all of the IGP relating to the Fox River Contamination, including but not limited to the Consent Decree in No. 01-C-0816, entered by the Court on December 10, 2001 (involving the United States, the State of Wisconsin, Appleton Papers Inc. and NCR Corporation).

WHEREAS, pursuant to these agreements, administrative orders and consent decrees, and otherwise, certain entities, including NCR and API have incurred costs and damages in connection with the Fox River Contamination for which they may be entitled to seek recovery or contribution under applicable law, including but not limited to 42 U.S.C. § 9613.

WHEREAS, these claims for recovery or contribution may be subject to certain statutes of limitations that, if applicable, could potentially require that these claims be brought prior to the conclusion of activities under these agreements, administrative orders, and consent decrees.

WHEREAS, the initiation of cost recovery and contribution litigation, at this time, would likely have a deleterious effect on activities under these agreements, administrative orders, and consent decrees, and on any other settlement discussions.

WHEREAS, the Parties have therefore decided that it is in their collective best interests to agree, for a limited period and subject to termination as provided below, to avoid cost-recovery or contribution litigation at this time and to toll all applicable statutes of limitation.

NOW, THEREFORE, in consideration of the foregoing, the Parties mutually agree as follows:

Neenah-Menasha
Sewerage
Commission
**Exhibit 1**

1.      During the Effective Period of this Agreement, as defined in Paragraph 3, below, NCR and API, on behalf of themselves, their successors and assigns, covenant not to sue NMSC on any claims they may have arising in connection with the Fox River Contamination. This covenant not to sue terminates at the end of the Effective Period.

2.      In consideration of the foregoing, NMSC, on behalf of itself and its successors and assigns, agrees that the Effective Period shall not be included in the calculation of the time that has elapsed for purposes of determining whether NCR's and API's Claims against NMSC are barred by any applicable statute of limitations, statute of repose, laches, or any other bar or restriction based on timing. For the purpose of this Agreement, "Claim" shall mean any claim relating to or arising in connection with the Fox River Contamination.

3.      The "Effective Period" shall mean that period of time beginning with the date on which this Agreement is executed by all Parties and continuing until thirty (30) days after the day on which any Party provides notice to all the other Parties, pursuant to Paragraph 4, below, that it wishes to terminate the Agreement.

4.      Each Party has the right to terminate this Agreement at any time. Notice to terminate this Agreement shall be provided to the other Parties by such means that will ensure its timely receipt, and will be deemed to have provided on the date that the other Party actually receives the notice. Notice shall be sent to each Party's representative, as designated on Exhibit A. Each Party shall have the right to change its representative upon ten (10) days written notice to the other Parties.

5.      This Agreement contains the entire Agreement between the Parties, and this Agreement may not be enlarged, modified, or altered except in writing signed by the Parties.

6.      Nothing in this Agreement should be construed to indicate, or as an admission, that any applicable statute of limitations has begun to run or has expired. Nothing in this Agreement shall be construed as reviving or altering any statutes of limitations that expired prior to the date of this Agreement. The Parties agree that nothing in this Agreement shall be construed as an admission of liability, responsibility or fault in connection with the Fox River Contamination. The Parties agree that nothing in this Agreement shall be construed as a waiver of any claim, defense, argument or position that any Party may have against any other Party or other entity with respect to the Fox River Contamination, except as specifically stated in this Agreement.

7.      This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.      This Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

2

9.     This Agreement shall become effective on the date it has been executed by all Parties to the Agreement.

IN WITNESS WHEREOF, the Parties shall cause this Agreement to be executed by their respective duly authorized representatives.

NCR CORPORATION

By: _____

Title: _Attorney_____

Date: _Nov. 9, 2004_____

APPLETON PAPERS INC.

By: _Paul O. Karch /JHY_

Title: _Vice Presdt - Human Resources & Law_

Date: _Nov. 9, 2004_

ARJO WIGGINS APPLETON LTD.

By: _CHRISTOPHER GOWER_

Title: _DIR. of LEGAL AFFAIRS_

Date: _9 Nov 2004_

NEENAH-MENASHA
SEWERAGE COMMISSION

By: _Dale F. Subers_

Title: _V Pres._

Date: _11-15-04_

3

## EXHIBIT A
### (Page 1)

Notice to Neenah-Menasha Sewerage Commission shall be sent to:

> James Gunz
> Attorney at Law
> 1142 Glenayre Drive
> Neenah, WI 54956

with a copy to:

> Richard J. Delacenserie, Esq.
> Davis & Kuelthau, s.c.
> Ten East Doty Street, Suite 600
> Madison, WI 53703

Notice to Appleton Papers Inc. shall be sent to:

> Paul J. Karch, Esq.
> Appleton Papers Inc.
> 825 E. Wisconsin Ave.
> Appleton, WI 54912-0359

with a copy to:

> Jeffrey Bates, Esq.
> McDermott Will & Emery
> 28 State Street, 34th Floor
> Boston, MA 02109

Notice to NCR Corporation shall be sent to:

> Susan M. Chema, Esq.
> NCR Corporation
> Law Department
> 1700 South Patterson Blvd.
> Dayton, OH 45479

with a copy to:

> J. Andrew Schlickman, Esq.
> Sidley Austin Brown & Wood LLP
> 10 South Dearborn Street
> Chicago, IL 60603

CHI 3090465v1

**EXHIBIT A**
(Page 2)

Note to Arjo Wiggins Appleton Ltd. shall be sent to:

> Christopher Gower
> Director of Legal Affairs
> c/o Worms & Cie
> 25 avenue Franklin D. Roosevelt
> 75008 Paris, France
> Europe

with a copy to:

> Jeffrey Bates, Esq.
> McDermott Will & Emery
> 28 State Street, 34th Floor
> Boston, MA 02109

CH1 3090465v1

## FOX RIVER TOLLING AND STANDSTILL AGREEMENT

### Notice of Change of Representative
### For Receipt of Notices

TO:    APPLETON PAPERS, INC.
       Paul J. Karch, Esq.               Jeffrey Bates, Esq.
       Appleton Papers Inc.          McDermott Will & Emery
       825 E. Wisconsin Ave.        28 State St., 34th Fl.
       Appleton, WI 54912-0359    Boston, MA 02109

TO:    NCR CORPORATION
       Susan M. Chema, Esq.        ✓ J. Andres Schlickman, Esq.
       NCR Corporation             Sidley Austin Brown & Wood, LLP
       Law Department              10 S. Dearborn St.
       1700 S. Patterson Blvd.      Chicago, IL 60603
       Dayton, OH 45479

TO:    ARJO WIGGINS APPLETON LTD.
       Christopher Gower           Jeffrey Bates, Esq.
       Director of Legal Affairs      McDermott Will & Emery
       c/o Worms & Cie            28 State St., 34th Fl.
       25 avenue Franklin D. Roosevelt  Boston, MA 02109
       75008 Paris, France - Europe

Please take notice that the Neenah-Menasha Sewerage Commission, pursuant to Paragraph 4 of the Fox River Tolling and Standstill Agreement, hereby changes its representative as designated on Exhibit A for receipt of copies of all notices to be sent as required by the Agreement by substituting

       William J. Mulligan, Esq.
       Davis & Kuelthau, s.c.
       111 E. Kilbourn Ave., Suite 1400
       Milwaukee, WI 53202-6613

       for

       Richard J. Delacenserie, Esq.
       Davis & Kuelthau, s.c.
       Ten E. Doty St., Suite 600
       Madison, WI 53703

This change shall become effective in ten (10) days pursuant to paragraph 4 of the Agreement.

Dated October 25, 2005.

                        _____
                        William J. Mulligan, Esq.
                        Attorney for Neenah-Menasha Sewerage Commission

cc:    James Gunz