# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS, INC. and
NCR CORPORATION,

        Plaintiffs,

      v.                                 Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

        Defendants.

## ORDER

       Defendants Kimberly-Clark Co. and Green Bay Packaging, Inc. have filed motions seeking extensions of the temporary stay of discovery imposed on behalf of them and other similarly situated defendants in this action. The purpose of the extension, they assert, is to allow them breathing room to finalize ongoing settlement negotiations and to obtain court approval of a consent decree.

       The Plaintiffs have filed objections to any extension of the four-month stay. Several Defendants do not oppose an extension of the stay as to the parties that are in the process of settling, but they oppose any extension with respect to the non-settling parties. The United States has filed a brief seeking an extension of the stay with respect to discovery propounded against it. (It has been sued as a PRP by Menasha Corp.)

       In opposing any extension of the stay, Plaintiffs note that they are entitled to comment on any proposed settlement, and they would be unable to comment meaningfully if they were unable to conduct any discovery on the potential liability being relieved by the settlement. They further

suggest that discovery conducted on the non-UAO parties may lead to relevant information about the other defendants.

I am satisfied that the stay should be lifted as scheduled. The pendency of a settlement with the United States does not insulate the non-UAO parties completely from discovery in these proceedings. Still, this Court is reluctant to allow extensive and costly discovery upon parties whose culpability for PCB discharge appears highly questionable. If it proves that discovery is unduly burdensome or strays into areas of irrelevance, parties seeking relief may move for a protective order under Fed. R. Civ. P. 26(c). Rule 26(c)(3) makes cost shifting available. For the time being, however, the motions to extend the stay are **DENIED**. The United States' request, however, is **GRANTED**. The United States has only recently become involved in this case as a potential defendant, and its answer is not yet due. Accordingly, the stay of discovery set forth in Section 3.(c) of the Court's Case Management Decision and Scheduling Order is extended, with respect to the United States, until May 1, 2009.

**SO ORDERED** this ___4th___ day of February, 2009.


  s/ William C. Griesbach
William C. Griesbach
United States District Judge

2