UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS, INC. and
NCR CORPORATION,

        Plaintiffs,

    v.                                               Case No. 08-C-16

GEORGE A. WHITING PAPER COMPANY,
et al.,

        Defendants .

**ORDER**

Several Defendants have moved to compel production of certain notebooks from Plaintiffs Appleton Papers, Inc. and NCR Corp. (Dkt. # 509.) NCR states that it has produced every responsive notebook it has, explaining that most such notebooks were transferred to Appleton Papers in 1978 when it sold the assets of the company to Appleton Papers. NCR's explanation is reasonable, and the Defendants have shown no reason to question it. For its part, Appleton Papers explains that it never received a meet-and-confer request prior to the filing of the motion to compel (due to moving counsel's use of an out-of-date email address) and that its search for responsive notebooks is ongoing. As such, as to Appleton Papers, the motion to compel is not ripe. *See* Civil L. R. 37.1. Accordingly, the motion will be denied.

    Defendant U.S. Paper Mills Corp. has also moved to compel the Plaintiffs to produce two agreements that govern and define the relationship between them. (Dkt. # 513.) U.S. Paper Mills describes the documents as an interim settlement agreement and a mediated settlement agreement. It notes that the agreements are described in the Plaintiffs' SEC filings and thus should not be

considered confidential. The agreements may also govern how the Plaintiffs share documents and what documents they retain. In short, U.S. Paper Mills seeks to uncover more information about the Plaintiffs' relationship, especially as it affects this litigation.

Plaintiffs protest that the documents are indeed confidential and that in any event they are utterly unrelated to the issues to be determined in Phase I of this action. The documents reflect the settlement of the Plaintiffs' disputes regarding liability for cleanup costs – they do not have any bearing on the factual questions to be addressed at trial, i.e., who had knowledge about PCBs and what actions they took. Plaintiffs note that the documents date to 1998 and 2001, some thirty years after those factual issues arose.

Although it is understandable that a defendant might want to uncover certain information about the relationship between two companies that are suing it, Plaintiffs are correct that these kinds of documents are wholly unrelated to Phase I issues. The agreements relate to the Plaintiffs' efforts to settle their own liability *vis-a-vis* each other, and as such they cannot be expected to shed any light on Phase I matters. And even if the agreements set forth certain procedures for handling documents and records, that kind of information is not itself evidence, nor is it the sort of thing that litigants normally receive in discovery. Accordingly, the motion to compel will be denied.

For the reasons set forth above, the motions to compel (Dkt. # 509, 513) are **DENIED**.

**SO ORDERED** this   25th   day of August, 2009.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

2