IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC.
AND NCR CORPORATION,

        Plaintiffs,

    vs.                                 Case No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER
COMPANY, et al.,

        Defendants.

**DEFENDANT CITY OF APPLETON'S PROPOSED FINDINGS OF FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant City of Appleton submits the following proposed Findings of Fact in support of its Motion for Summary Judgment. Pursuant to Civil Local Rule 56.2, each statement is supported by appropriate citation to the Record.

1. The Court has jurisdiction over this case under § 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331 (federal question). Dkt. Nos. 258, 261, 265, 283, 293, 300, and 327, each at ¶5.

2. Venue is proper under § 113(b) of CERCLA, 28 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b). Dkt. Nos. 258, 261, 265, 283, 293, 300, and 327, each at ¶6.

3. Plaintiff Appleton Papers Inc. is a Delaware corporation with its principal place of business in Appleton, Wisconsin. Dkt. Nos. 261, 265, 293, 300, and 327, each at ¶7.

4. Plaintiff NCR is a Maryland corporation with its principal place of

business in Dayton, Ohio. Appleton Papers Inc. and NCR are collectively referred to as "Plaintiffs." Dkt. Nos. 261, 265, 293, 300, and 327, each at ¶8.

5. Defendant City of Appleton is a Wisconsin municipal corporation organized under the laws of the State of Wisconsin, with its principal place of business located in Appleton, Wisconsin. Dkt. Nos. 148 at ¶19.

6. On December 10, 2001, a consent decree was entered in the United States District Court for the Eastern District of Wisconsin among the United States of America, the State of Wisconsin, Appleton Papers Inc., and NCR Corporation, U.S.D.C.-Eastern District of Wisconsin, Case No. 01-C-0816, Dkt. No. 2, Dec. of Arts, Exh. A.

7. The consent decree determined certain payments to be made by Plaintiffs for past natural resources damages assessment costs and payments for response action projects and natural resource damage restoration projects. Dec. of Arts, Exh. A, p. 7-10, ¶¶5, 6(a)-(b).

8. On December 9, 2004, the City of Appleton, NCR Corporation, and Appleton Papers Inc. entered into a Fox River Tolling and Standstill Agreement. Dec. of Arts, Exh. B.

9. The Fox River Tolling and Standstill Agreement, by its terms, became effective ". . . beginning with the date on which this Agreement is executed by all Parties", which was December 9, 2004. Dec. of Arts, Exh. B, p. 2, ¶3.

10. The Fox River Tolling and Standstill Agreement, by its terms, remained effective ". . . until thirty (30) days after the day on which any Party provides notice to all the other Parties, pursuant to Paragraph 4, below, that it wishes to terminate the Agreement." Dec. of Arts, Exh. B, p. 2, ¶3.

11. The time between the date of execution of the Fox River Tolling and Standstill Agreement by all of the parties and thirty (30) days after notice of termination of the Agreement is referred to in the Agreement as the "Effective Period." Dec. of Arts, Exh. B, p. 2, ¶3.

12. During the Effective Period, Plaintiffs covenanted not to sue the City of Appleton on "any claims they may have arising in connection with the Fox River Contamination." The covenant not to sue "terminates at the end of the Effective Period." Dec. of Arts, Exh. B, p. 2, ¶1.

13. A "Claim," as defined in the Fox River Tolling and Standstill Agreement, is ". . . any claim relating to or arising in connection with the Fox River Contamination." Dec. of Arts, Exh. B., p. 2, ¶2.

14. "Fox River Contamination" is defined in the Fox River Tolling and Standstill Agreement as ". . . polychlorinated biphenyl ("PCB") and other hazardous substance contamination in certain sediments of the Lower Fox River and Green Bay." Dec. of Arts, Exh. B, p. 1.

15. In consideration of the covenant not to sue, the City of Appleton agreed that the "Effective Period shall not be included in the calculation of the time that has elapsed for purposes of determining whether [Plaintiffs'] Claims against the City of Appleton are barred by any applicable statute of limitations." Dec. of Arts, Exh. B, p. 2, ¶2.

16. The Fox River Tolling and Standstill Agreement, by its terms, could be terminated at any time by any party. Termination is achieved by sending a notice to terminate to the other parties, with notice of termination effective upon receipt of the

3

notice. Dec. of Arts, Exh. B, p. 2, ¶4.

17. Plaintiffs gave notice of termination of the Fox River Tolling and Standstill Agreement to the City of Appleton in a notice dated May 12, 2008, sent by by Federal Express, next-day delivery. Dec. of Arts, Exh. C.

18. The notice of termination of the Fox River Tolling and Standstill Agreement was received by the City of Appleton on May 13, 2009. Dec. of Arts, Exh. D.

19. The Effective Period of the Fox River Tolling and Standstill Agreement, by its terms, ended thirty days after the day on which notice was actually received, May 14, 2008. Dec. of Arts, Exh. B, p. 2, ¶3.

20. Plaintiffs first sued the City of Appleton for contribution under Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), on June 11, 2008. Dec. of Arts, Exh. E.

Dated this 28th day of August, 2009.

Respectfully Submitted,

*/s/Paul G. Kent*
Paul G. Kent (#1002924)
Waltraud A. Arts (#1008822)
Attorneys for Defendant City of Appleton
Anderson & Kent, S.C.
1 North Pinckney Street, Suite 200
Madison, WI 53703
Phone: 608-246-8500
Fax: 608-246-8511
pkent@andersonkent.com
WArts@andersonkent.com