UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

        Plaintiffs,

v.                                      Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

        Defendants.

**ORDER**

This order addresses two motions pertaining to Rule 30(b)(6) witnesses. First, Defendant Georgia-Pacific has filed a motion to compel Appleton Papers, Inc. to produce a witness to appear at a second Rule 30(b)(6) deposition. Appleton Papers has not complied with the noticed deposition on the grounds that it had already been deposed in March. Georgia-Pacific argues that nothing in the rules forbids it from taking more than one Rule 30(b)(6) deposition because the topics at issue in the second-noticed deposition are different from those set forth in the earlier deposition. Accordingly, it asks the Court to compel Appleton Papers to produce its witness or witnesses.

Georgia-Pacific is jumping the gun. Rule 30(a)(2)(ii) requires leave of court if "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(ii). Appleton Papers "has already been deposed in the case," and thus leave of court "must" be obtained prior to the deposition. *Id.* Because prior leave of court is required, and because such leave was not obtained, there is no basis to "compel" Appleton Papers to do anything at all.

If I read the motion to compel generously, I might interpret it as a motion for leave to take a second deposition under Rule 30(a)(2)(ii) rather than a motion to compel. But Georgia Pacific has provided little reason to construe the motion in that fashion because its premise is that it has some sort of unqualified right to take a second 30(b)(6) deposition. That premise is not correct, however:

> The defendants contend that they had no obligation to obtain leave of court to conduct a second set of Rule 30(b)(6) depositions. In their view, Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions, especially where the second deposition relates to different topics than the first. The argument ignores the text, history, and purpose of the 1993 Amendment to Rule 30.

*In re Sulfuric Acid Antitrust Litigation,* 2005 WL 1994105, 1 (N.D. Ill. 2005); *see also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 192 (1st Cir. 2001) ("Here, [General Electric Aircraft Engines] was previously deposed. On April 8, 1999, GEAE presented two witnesses . . . to testify on its behalf. Counsel for Signal was present. One year later . . . Signal issued a Rule 30(b)(6) subpoena to GEAE. Because this second Rule 30(b)(6) subpoena was issued to GEAE without leave of the court, it was invalid.")[1]

But even if I construed the motion as a request for leave, the motion would be denied. At a previous hearing, as both parties recognize, I denied a similar request from Newpage Corp., another defendant. (Dkt. # 508 at 90-100.) I explained on the record: "Well, a 30(b)(6) motion, you don't have to address that. I'm satisfied it's not appropriate at this point to reopen 30(b)(6) depositions where parties have already -- the plaintiffs have already submitted to those." *Id.* at 100.[2] Although Georgia Pacific is correct that this was not some sort of omnibus ruling with applicability

---

[1] Moreover, the case management order also requires leave of court. (Dkt. # 252 at § 5(d)).

[2] Newpage has moved to adopt Georgia Pacific's motion and asks that I revisit that decision.

2

to all parties, I remain satisfied that there has been ample opportunity for extensive discovery in this action. Leave of court is to be granted only when a second deposition would be "consistent with Rule 26(b)(2)," which requires consideration of several pragmatic factors (e.g., burden and expense, whether the party seeking discovery has been afforded ample opportunity, etc.). Fed. R. Civ. P. 26(b)(2)(C). Although Georgia Pacific's motion sets forth its position that an additional deposition would not be unduly burdensome, I am not satisfied that it has shown adequate grounds for taking such a deposition. Accordingly, the motion to compel [530] and motion to adopt [536] are **DENIED**.

Second, U.S. Paper moves for a protective order to prevent Plaintiff NCR Corp. from taking a (first) Rule 30(b)(6) deposition. It argues that it has already provided ample information through multiple depositions and interrogatory answers, and thus any deposition of a corporate designee would be duplicative and unduly burdensome. Much of U.S. Paper's brief involves its objection to a stipulation NCR proposed, under which NCR would not take the deposition but would require U.S. Paper's witnesses to stick to topics asked during NCR's depositions of them.

But regardless of the fairness or wisdom of NCR's proposed stipulation (a stipulation to which another defendant has agreed), NCR undeniably has a right to take the deposition in the first place. No court is in a position to police which matters in discovery may be duplicative unless there is some manifest abuse or overreaching going on. Corporate designees are commonly produced, and no doubt some of their testimony may be a re-hash of what's been covered elsewhere, but their testimony is the testimony of the corporation itself, and for that reason alone it may not be duplicative. Barring some indication of abuse or harassment, I presume that the attorneys in this

3

action have plenty of work to do without undertaking meaningless discovery into cumulative matters.

As to the alleged burden of producing a Rule 30(b)(6) witness, such an objection falls flat when one considers the amount of communication between the parties on the subject, not to mention the filing of a motion for a protective order, a response, and the Court's own involvement. It would have arguably been less burdensome for all concerned to simply prepare and produce the witness in the first place. In short, I see little reason to bar NCR from undertaking the Rule 30(b)(6) deposition it proposes. Accordingly, the motion [527] is **DENIED**. The motion to compel second depositions [530] and to adopt [536] are also **DENIED**.

**SO ORDERED** this   2nd   day of September, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge