IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

vs.

Case No.: 08-C-00016-WCG

GEORGE A. WHITING PAPER
COMPANY, ET AL.,

        Defendants.

## DEFENDANT CITY OF DePERE'S PROPOSED FINDINGS OF FACT IN SUPPORT OF ITS SUMMARY JUDGMENT MOTION

Defendant City of DePere submits the following proposed Findings of Fact in support of its Motion for Summary Judgment. Pursuant to Civil Local Rule 56.2, each statement is supported by appropriate citation to the record.

1.     The Court has jurisdiction over the claims against the City under § 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331 (federal question). Dkt. Nos. 148, 149, 171, 247, 255 each at ¶ 5.

2.     Venue is proper under § 113(b) of CERCLA, 28 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b). *Id.*, each at ¶ 6.

3. Plaintiff Appleton Papers Inc. is a Delaware corporation with its principal place of business in Appleton, Wisconsin. Dkt. Nos. 148, 149, 247, and 265 each at ¶ 7.

4. Plaintiff NCR is a Maryland corporation with its principal place of business in Dayton, Ohio. Appleton Papers Inc. and NCR are collectively referred to as "Plaintiffs." *Id.*, each at ¶ 8.

5. Defendant City of DePere is a Wisconsin municipal corporation organized under the laws of the State of Wisconsin, with its principal place of business located in DePere, Wisconsin. Dkt. No. 149, ¶ 20; Dkt. No. 171, ¶ 20.

6. On December 10, 2001, a consent decree was entered in the United States District Court for the Eastern District of Wisconsin among the United States of America, the State of Wisconsin, Appleton Papers Inc., and NCR Corporation, U.S.D.C.-Eastern District of Wisconsin, Case No. 01-C-0816, Dkt. No. 2, Vergeront Decl., Ex. A.

7. The consent decree determined certain payments to be made by Plaintiffs for past natural resources damages assessment costs and payments for response action projects and natural resource damage restoration projects. Vergeront Decl., Ex. A, pp. 7-13, ¶¶ 5-6.

8. On December 9, 2004, the City of DePere, NCR Corporation, and Appleton Papers Inc. entered into a Fox River Tolling and Standstill Agreement. Charlene M. Peterson Decl., Ex. A, p. 3.

H:\DOCS\012465\000004\00354478.DOCX
0930090828

Case 2:08-cv-00016-WCG   Filed 09/30/09   Page 2 of 5   Document 642

9. The Fox River Tolling and Standstill Agreement, by its terms, became effective on the date it had been "executed by all Parties," which was December 9, 2004. Peterson Decl., Ex. A., p. 2, ¶ 3 and p. 3.

10. The Fox River Tolling and Standstill Agreement, by its terms, remained effective ". . . until thirty (30) days after the day on which any Party provides notice to all the other Parties, pursuant to Paragraph 4, below, that it wishes to terminate the Agreement." *Id.*

11. The time between the date of execution of the Fox River Tolling and Standstill Agreement by all of the parties and thirty (30) days after notice of termination of the Agreement is referred to in the Agreement as the "Effective Period." *Id.*

12. During the Effective Period, Plaintiffs covenanted not to sue the City of Appleton on "any claims they may have arising in connection with the Fox River Contamination." The covenant not to sue "terminates at the end of the Effective Period." Peterson Decl., Ex. A, p. 2, ¶ 1.

13. A "Claim," as defined in the Fox River Tolling and Standstill Agreement, is ". . . any claim relating to or arising in connection with the Fox River Contamination." Peterson Decl., Ex. A, p. 2, ¶ 2.

H:\DOCS\012465\000004\00354478.DOCX
0930090828

14. "Fox River Contamination" is defined in the Fox River Tolling and Standstill Agreement as ". . . polychlorinated biphenyl ("PCB") and other hazardous substance contamination in certain sediments of the Lower Fox River and Green Bay." Peterson Decl., Ex. A, p. 1.

15. In consideration of the covenant not to sue, the City of DePere agreed that the "Effective Period shall not be included in the calculation of the time that has elapsed for purposes of determining whether [Plaintiffs'] Claims against the City of DePere are barred by any applicable statute of limitations." Peterson Decl., Ex. A, p. 2, ¶ 2.

16. The Fox River Tolling and Standstill Agreement, by its terms, could be terminated at any time by any party. Termination is achieved by sending a notice to terminate to the other parties, with notice of termination effective upon receipt of the notice. Peterson Decl., Ex. A, p. 2, ¶ 4.

17. Plaintiffs gave notice of termination of the Fox River Tolling and Standstill Agreement to the City of DePere in a notice dated May 12, 2008, sent by Federal Express, next-day delivery. Peterson Decl., ¶ 3 and Ex. B.

18. The notice of termination of the Fox River Tolling and Standstill Agreement was received by the City of DePere on May 13, 2009. Peterson Decl., Ex. B.

19. The Effective Period of the Fox River Tolling and Standstill Agreement, by its terms, ended 30 days after the day on which notice was actually received, May 14, 2008. Peterson Decl., Ex. A, p. 2, ¶ 3.

20.     Plaintiffs first sued the City of Appleton for contribution under § 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), on June 11, 2008.  Vergeront Decl., Ex. B.

21.     Plaintiffs did not file any action against the City on June 13, 2008.

Dated: September 30, 2009.

/s/     Meg Vergeront
Ted Waskowski
Richard C. Yde
Meg Vergeront
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
Email:  twaskowski@staffordlaw.com
         ryde@staffordlaw.com
         mvergeront@staffordlaw.com
608.256.0226
Attorneys for Defendant City of DePere
