IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and NCR CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE A. WHITING PAPER COMPANY, et al., <br><br> Defendants. | No. 08-CV-00016-WCG |
| NCR CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY-CLARK CORPORATION, et al., <br><br> Defendants. | No. 08-CV-0895-WCG |

**PLAINTIFFS' PROPOSED FINDINGS OF FACT IN OPPOSITION TO DEFENDANT CITY OF APPLETON'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Appleton Papers Inc. ("API") and NCR Corporation ("NCR") (collectively referred to as "Plaintiffs"), pursuant to Civil L. R. 56.2(b)(2), hereby submit the following Proposed Findings of Fact in Opposition to Defendant City of Appleton's ("City") Motion for Summary Judgment:

**I.    THE CONSENT DECREE**

1.    On December 10, 2001, a consent decree ("Consent Decree") was entered in the Eastern District of Wisconsin, case number 01-C-0816, dismissing by stipulation and without

1

prejudice a lawsuit between the United States of America and the State of Wisconsin as plaintiffs and API and NCR as defendants. Dkt. # 566-2 (Consent Decree) at 37.[1]

2. The Consent Decree was a funding mechanism so certain cleanup and natural resource damages ("NRD") projects could be undertaken while the agencies continued their studies of cleanup and NRD options. Dkt. # 566-2 (Consent Decree) at 9.

3. The Statement of Purpose of the Consent Decree states:

> This Consent Decree is intended to advance the following purposes: providing interim funding for response action projects and natural resource damage restoration projects at the Site; acquiring knowledge from projects performed under this Consent Decree, so that knowledge gained can be utilized in selecting and implementing future response action projects and restoration projects, providing partial reimbursement for past natural resource damage assessment costs for the Site paid by DOI; and providing an opportunity for the parties to focus on negotiations concerning potential resolution of the Defendants' alleged liability for the Site, as well as their potential counterclaims.

Dkt. # 566-2 (Consent Decree) at 9.

4. The Consent Decree states:

> Appleton Papers Inc. and NCR Corporation (collectively 'Defendants') are current and/or former owners and operators of two paper mill facilities at or near the Site. By entry into this Consent Decree, the Defendants do not admit any liability arising out of the transactions or occurrences alleged in the complaint.

Dkt. # 566-2 (Consent Decree) at 5.

5. The Consent Decree provides:

> The Plaintiffs, the Tribes, and the Defendants mutually intend to consult and engage in good faith efforts to negotiate a resolution of Defendants' alleged CERCLA liability for the Site, including alleged liability for all necessary response actions and alleged liability for natural resource damages, as well as Defendants' alleged potential counterclaims.

Dkt. # 566-2 (Consent Decree) at 22.

---

[1] All documents cited herein have been previously submitted to the Court and are part of the Court's record in these consolidated matters. Plaintiffs would be happy to provide the Court with duplicate copies of the documents cited herein upon request.

6. The Consent Decree provides:

> The Parties agree that nothing in this Consent Decree shall be construed as a waiver of any claim, defense, argument or position that the Defendants may have against the Plaintiffs, the Tribes, or others, including without limitation: … (ii) the right to contest liability for response costs and response actions at the Site;….

Dkt. #566-2 (Consent Decree) at 33.

7. The Consent Decree provides:

> The Parties agree that this Consent Decree and the payment of funds hereunder are not based on any views or assumptions of what the Defendants' share of costs, damages, or liability should be. The Defendants reserve their right to contest, litigate, and/or argue what their applicable and appropriate share should be and to bring contribution and other actions against persons who are not Parties to this Consent Decree to recover those amounts paid hereunder that are in excess of Defendants' fair and allocable share as determined by appropriate law. This Consent Decree is without prejudice to any arguments positions, claims and defenses of the Defendants with respect to allocation matters.

Dkt. # 566-2 (Consent Decree) at 34.

8. The Consent Decree provides:

> Pursuant to Fed. R. Civ. P. 41(a)(2), as of the Effective Date of this Consent Decree, the above-captioned action is hereby *dismissed without prejudice*, upon the terms and conditions set forth in this Consent Decree.

Dkt. # 566-2 (Consent Decree) at 40.

9. Nowhere does the Consent Decree indicate that any claims against API and NCR were adjudicated, resolved or settled. Dkt. # 566-2 (Consent Decree).

10. The Consent Decree does not involve a "settlement" as contemplated by CERCLA. Dkt. # 566-2 (Consent Decree).

11. The United States and the State of Wisconsin covenanted not to sue API and NCR during the Effective Period of the Consent Decree. Dkt. # 566-2 (Consent Decree) at 26-28.

12. The governments did not agree that any claims they have against API and NCR are released or foreclosed. Dkt. # 566-2 (Consent Decree) at 26-29.

3

13. The Consent Decree does not establish or absolve any potential liability of API and NCR for the Fox River Contamination. Dkt. # 566-2 (Consent Decree).

14. The Consent Decree nowhere provides that judgment was entered on any of the governments' claims in the complaint. Dkt. # 566-2 (Consent Decree).

**II.   TOLLING AGREEMENT**

15. Plaintiffs and the City entered into an agreement entitled, "Fox River Tolling and Stand Still Agreement" ("Tolling Agreement"). Dkt. # 566-3 (Tolling Agreement).

16. Plaintiffs both signed the Tolling Agreement on December 9, 2004. Dkt. # 566-3 (Tolling Agreement) at 4.

17. The City signed the Tolling Agreement on December 1, 2004. Dkt. # 566-3 (Tolling Agreement) at 5.

18. The stated purpose for the Tolling Agreement was to delay litigation for a limited period of time. Dkt. # 566-3 (Tolling Agreement) Preamble.

19. The Tolling Agreement states:

> Whereas, the Parties have therefore decided that it is in their collective best interests to agree, for a limited period and subject to termination as provided below, to avoid cost-recovery or contribution litigation at this time and to toll applicable statutes of limitation.

Dkt. # 566-3 (Tolling Agreement) at 2.

20. Paragraph number one of the Tolling Agreement states:

> During the Effective Period of this Agreement, as defined in Paragraph 3, below, NCR and API, on behalf of themselves, their successors and assigns, covenant not to sue the City of Appleton on any claims they may have arising in connection with the Fox River Contamination. This covenant not to sue terminates at the end of the Effective Period.

Dkt. # 566-3 (Tolling Agreement) at 3.

21. Paragraph number two of the Tolling Agreement states:

> In consideration of the foregoing, the City of Appleton, on behalf of itself and its successors and assigns, agrees that the Effective Period shall not be included in the calculation of the time that has elapsed for purposes of determining whether NCR's and API's Claims against the City of Appleton are barred by any applicable statute of limitations, statute of repose, laches, or any other bar or restriction based on timing. For the purpose of this Agreement, "Claim" shall mean any claim relating to or arising in connection with the Fox River Contamination.

Dkt. # 566-3 (Tolling Agreement) at 3.

22. Paragraph number three of the Tolling Agreement provides as follows:

> The "Effective Period" shall mean that period of time beginning with the date on which this Agreement is executed by all Parties and continuing until thirty (30) days after the day on which any Party provides notice to all the other Parties, pursuant to Paragraph 4, below that it wishes to terminate the Agreement.

Dkt. # 566-3 (Tolling Agreement) at 3.

23. Paragraph number four of the Tolling Agreement provides as follows:

> Each Party has the right to terminate this Agreement at any time. Notice to terminate this Agreement shall be provided to the other Parties by such means that will ensure its timely receipt, and will be deemed to have provided on the date that the other Party actually receives the notice. Notice shall be sent to each Party's representative, as designed on Exhibit A. Each Party shall have the right to change its representative upon ten (10) days written notice to the other Parties.

Dkt. # 566-3 (Tolling Agreement) at 3.

24. The Tolling Agreement was a temporary covenant not to sue. Dkt. # 566-3 (Tolling Agreement).

25. The Effective Period of the Tolling Agreement includes the date on which Notice of Termination ("Notice") was received. Dkt. # 566-3 (Tolling Agreement) at 3.

26. The Effective Period of the Tolling Agreement does not include the thirtieth (30th) day after Notice was received. Dkt. # 566-3 (Tolling Agreement) at 3.

### III. TERMINATION OF THE TOLLING AGREEMENT

27. On May 12, 2008, Plaintiffs sent the City its Notice, which alerted the City of its intent to name the City as a Defendant in this action. Dkt. # 566-4 (Notice) at 2.

28. The City received Notice on May 13, 2008. Dkt. # 566-5 (Stamped Notice) at 2.

### IV. THIS ACTION

29. June 11, 2008 was the first day on which Plaintiffs could sue the City under the Tolling Agreement. Dkt. # 566-3 (Tolling Agreement) at 3; Dkt. # 566-4 (Notice) at 2.

30. On June 11, 2008, Plaintiffs filed the Fourth Amended Complaint, naming the City as a defendant in this action for the first time. Dkt. # 148 (Fourth Amended Complaint).

31. On June 12, 2008, Plaintiffs filed the Fifth Amended Complaint which added Defendants who were not included in the Fourth Amended Complaint. Dkt. # 148 (Fourth Amended Complaint); Dkt. # 149 (Fifth Amended Complaint).

32. Plaintiffs filed the Sixth Amended Complaint on September 15, 2008. Dkt. # 247 (Sixth Amended Complaint).

33. Plaintiffs filed the Seventh Amended Complaint on September 29, 2008. Dkt. # 265 (Seventh Amended Complaint).

34. The Fifth Amended Complaint, and all subsequent complaints, named the City as a defendant in this action. Dkt. # 149 (Fifth Amended Complaint); Dkt. # 247 (Sixth Amended Complaint); Dkt. # 265 (Seventh Amended Complaint).

### V. CONSIDERATION FOR TOLLING AGREEMENT.

35. The Plaintiffs did not sue the City at any time from December 9, 2004, through June 10, 2008. Dkt. # 1 (Complaint); Dkt. #35 (Amended Complaint); Dkt. 41 (Second

Amended Complaint); Dkt. # 80 (Third Amended Complaint); Dkt. # 148 (Fourth Amended Complaint).

36. The City received consideration under the Tolling Agreement. Dkt. # 566-3 (Tolling Agreement) at 3.

## VI. THE CITY HAS NOT BEEN HARMED

37. The record contains no evidence that the City was harmed or damaged by being sued on June 11, 2008, or June 12, 2008, as opposed to any other day in June. Dkt. # 565 (City's brief); Dkt. # 566 (Arts Declaration).

Respectfully submitted,

| APPLETON PAPERS INC. | NCR CORPORATION |
|---|---|
| /s/ Michael L. Hermes | /s/ Kathleen L. Roach |
| Michael L. Hermes | Kathleen L. Roach |

Counsel for Appleton Papers Inc.:
Michael L. Hermes (WI Bar No. 1019623)
Brandon J. Evans (WI Bar No. 1063940)
Anthony J. Steffek (WI Bar No. 1053615)
Heidi D. Melzer (IL Bar No. 6277340)
Hermes Law, Ltd.
333 Main Street, Suite 601
Green Bay, WI 54301
(920) 436-9870
Fax: (920) 436-9871
mlh@hermeslawltd.com
bje@hermeslawltd.com
ajs@hermeslawltd.com
hdm@hermeslawltd.com

Ronald R. Ragatz (WI Bar No. 1017501)
Dennis P. Birke (WI Bar No. 1018345)
Megan A. Senatori (WI Bar No. 1037314)
DeWitt Ross & Stevens, S.C.
Two East Mifflin Street
Madison, WI 53703
(608) 255-8891
Fax: (608) 252-9243

Counsel for NCR Corporation:
Kathleen L. Roach (IL Bar No. 6191432)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Fax: (312) 853-7036
kroach@sidley.com

J. Ric Gass (WI Bar No. 1011998)
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, WI 53202
(414) 224-7697
Fax: (414) 224-6116
gass@gasswebermullins.com

7

rrr@dewittross.com
db@dewittross.com
ms@dewittross.com

Dated: September 30, 2009