UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS, INC. and
NCR CORPORATION,

        Plaintiffs,

    v.                                  Case No. 08-C-16

GEORGE A. WHITING PAPER COMPANY,
P.H. GLATFELTER COMPANY and
MENASHA CORPORATION,

        Defendants .

**ORDER**

This order addresses two discovery motions as well as the pending proposal to alter the trial schedule.

**I. City of Appleton's Motion to Compel (Dkt. # 543)**

The first motion is a motion to compel filed by the City of Appleton (the "City") in which it seeks an order compelling Appleton Papers, Inc. ("API") to respond to its interrogatories and requests for production. The City asked API for information about API's own activities, and API objected on a number of grounds. In its briefing on the motion to compel, API has apparently abandoned several of its earlier objections. The principal remaining objection to the discovery propounded is that API is not a recycler of NCR-brand carbonless copy paper.

As both sides recognize, the key questions to be addressed in discovery for Phase I are: **(i) when each party knew, or should have known, that recycling NCR-brand carbonless paper**

**would result in the discharge of PCBs to a waterbody, thereby risking environmental damage; and (ii) what, if any, action each party took upon acquiring such knowledge to avoid the risk of further PCB contamination**. (Dkt. # 252 at 8.) API argues that as a non-recycler, it did not discharge PCBs to a waterbody through the recycling process, and thus the City's discovery requests about API's own use of water, its disposal of wastewater and sludge, and its internal testing, are outside the scope of Phase I because they do not relate to recycling discharges to a waterbody. API admits that its own discovery asked several defendants about issues similar to those raised by the City, but that was in the context of learning what actions they took after learning the recycled material contained PCBs – a subject clearly within the scope of Phase I. As such, API contends that its own discovery requests are much more narrow than the City's.

The City responds that its own requests are in a similar vein, and it notes that the other plaintiff, NCR, did not make the objection API now raises. In short, at some point (the defendants say 1967) API learned about the risks of PCBs. The City wants to know what API did with its own sludge and wastewater, and who it warned about PCBs. Even if API was not itself a recycler, its actions (or lack of actions) to inhibit the continued flow of PCBs are within the scope of Phase I. Moreover, its actions might reveal what it knew about PCB risks more generally, even if it was not the actual cause of discharges to the waterbody. In other words, the City is correct: Phase I deals not only with each party's actions in actually discharging the PCBs to a waterbody, but also includes any actions a party took or failed to take to prevent further PCB contamination. This includes not only API's own use of water and its waste, but also any testing it conducted relating to PCBs or any information it conveyed to others. API's position is ultimately too narrow: it asserts that all we are

2

concerned with is *recycling*, as if that were some idiosyncratic application for the paper it created. It was not. API was creating a product that inherently required disposal of some waste byproducts which it discharged to the City's treatment plant. Phase I is not concerned only with the specifics of the recycling process the Defendants used and whether the Plaintiffs knew that that process, *per se*, would cause environmental damage. It also encompasses the more basic notion that if the Plaintiffs knew the PCBs in their carbonless copy paper were harmful, they could reasonably have believed (regardless of their knowledge of the specifics of the recycling process) that sending their waste products and waste water to the Defendants would result in harmful discharges into the river. The point is that even if API itself did not discharge the product into the river through recycling, its knowledge and actions relating to how it handled the product itself could lead to discoverable information about what it knew (or should have known) about the risks of recycling PCBs. In an equitable action like this one, the Plaintiffs' own knowledge and activities could be relevant to the determination of fault, and API must therefore respond to those of the City's requests that seek such information. API also objected to other discovery requests involving its plant in Portage, on the grounds that the Portage plant did not emit any PCBs into the Fox River. But similar considerations apply. The City explains that the Portage plant manufactured the PCB coating, and Plaintiffs' activities there may shed light on their knowledge of the harmfulness of PCBs. These topics are also fair game.

A final objection involves the City's use of the term "PCBs" and API's responses that provide information about Aroclor 1242, the specific PCB used in NCR carbonless paper. It is not clear that this topic was the subject of a proper meet-and-confer, nor is it clear how other PCBs not

3

used in the paper at issue here would be relevant to this action. Accordingly, the motion to compel will be denied as to that issue.

**II. Kimberly-Clark Motion to Compel (Dkt. 557.)**

The response to this motion strongly suggests that the information sought in the motion has been, or is being, provided via other avenues. As such, it is unclear whether the motion is still ripe for decision. Accordingly, Kimberly-Clark is directed to inform the Court as soon as possible whether or not the matter has been resolved.

**III. Pre-trial and Trial Schedule**

On September 17, counsel for Plaintiffs filed a letter proposing certain dates governing the conduct of the pre-trial and trial schedule. One of the key proposals involves pushing the trial back until the week of January 4, 2010. Given the number of motions presently pending[1], the holidays, and the lack of opposition to such a move, I concur with the suggestion proposed. **The trial will now begin January 4, 2010.** Given that alteration, it seems prudent to adopt (in part) the other dates proposed by the United States in its letter (below). (Dkt. # 625.)

- December 2, 2009 – The Parties are to identify exhibits, witness lists and deposition designations, and file motions in limine.

- December 11, 2009 – The Parties are to submit Proposed Findings of Fact to the Court, file responses to the motions in limine, and identify counter-deposition designations.

---

[1] I note the request for oral argument on the pending motions. I will schedule an argument if, upon reviewing the motions, I believe it would be helpful to their resolution.

• December 17, 2009 – Final Pretrial Conference at the United States Courthouse in Milwaukee, Wisconsin at 1:30 p.m.

The motion to compel [543] is **GRANTED**, in part, as set forth herein.

**SO ORDERED** this   5th    day of October, 2009.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge