IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and NCR CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE A. WHITING PAPER COMPANY, et al., <br><br> Defendants. | No. 08-CV-00016-WCG |

**DEFENDANT CITY OF APPLETON'S REPLY TO PLAINTIFFS APPLETON PAPERS INC. AND NCR CORPORATION'S RESPONSE TO DEFENDANT CITY OF APPLETON'S PROPOSED FINDINGS OF FACT**

Defendant City of Appleton's ("City") hereby submits the following reply to the three Proposed Findings of Fact which were disputed by the Plaintiffs.

**PROPOSED FINDING NO. 6:** On December 10, 2001, a consent decree was entered in the United States District Court for the Eastern District of Wisconsin among the United States of America, the State of Wisconsin, Appleton Papers Inc., and NCR Corporation, U.S.D.C. Eastern District of Wisconsin, Case No. 01-C-0816, Dkt. No. 2, Dec. of Arts, Exh. A.

**RESPONSE:** Disputed in part. It is undisputed that the United States of America, Appleton Papers Inc. and NCR Corporation were parties to the December 10, 2001, Consent Decree ("Consent Decree") entered in United States District Court - Eastern District of Wisconsin Case No. 01-C-0816; however, the Menominee Indian Tribe of Wisconsin and the Oneida Tribe of Indians of Wisconsin were also parties to the Consent Decree. (Dkt. # 566-2 (Consent Decree), p. 5.)

**REPLY:** Undisputed and immaterial.

**PROPOSED FINDING NO. 11:** The time between the date of execution of the Fox River Tolling and Standstill Agreement by all of the parties and thirty (30) days after notice of termination of the Agreement is referred to in the Agreement as the "Effective Period." Dec. of Arts, Exh. B, p. 2, ¶3.

**RESPONSE:** Disputed. The "Effective Period" is "that period of time beginning with the date on which this Agreement is executed by all Parties and continuing until thirty (30) days after the day on which any Party provides notice to all other Parties, pursuant to Paragraph 4, below, that it wishes to terminate the Agreement." (Dkt. # 566-3 (Tolling Agreement), p. 3.)

**REPLY:** Undisputed that this is an attempted accurate quotation of the language in the Tolling Agreement, however, 'the' was omitted between 'all' and 'other' in line 3, above. The language quoted has the identical meaning to the City's Proposed Finding of Fact #11.

**PROPOSED FINDING NO. 19:** The Effective Period of the Fox River Tolling and Standstill Agreement, by its terms, ended thirty days after the day on which notice was actually received, May 14, 2008. Dec. of Arts, Exh. B, p. 2, ¶3.

**RESPONSE:** Disputed. The Effective Period of the Fox River Tolling and Standstill Agreement, by its terms, did not end on May 14, 2008. (*See* Dkt. # 566-3 (Tolling Agreement).

**REPLY:** The Plaintiffs correctly dispute this proposed finding of fact as it contains an error. The Proposed Finding of Fact should have read: "The Effective Period of the Fox River Tolling and Standstill Agreement, by its terms, ended on June 12, 2008, thirty days after the date on which notice was actually received, so that the first day suit could be brought after the Effective Period was June 13, 2008."

Dated this 19th day of October, 2009.

                    Respectfully submitted,

                    */s/Paul G. Kent*
                    Paul G. Kent (#1002924)
                    Waltraud A. Arts (#1008822)
                    Attorneys for Defendant City of Appleton
                    Anderson & Kent, S.C.
                    1 North Pinckney Street, Suite 200
                    Madison, WI 53703
                    Phone: 608-246-8500
                    Fax: 608-246-8511
                    pkent@andersonkent.com
                    WArts@andersonkent.com