# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |
| Moscow | |

File No. 042400-0043

October 20, 2009

**VIA ECF**

The Honorable William C. Griesbach
United States District Court Judge
Eastern District of Wisconsin
Green Bay Division
125 South Jefferson Street
Green Bay, WI 54305-2490

Re: *Appleton Papers, Inc., et al. v. George A. Whiting Paper Co., et al.*; Case No. 08-CV-00016 WCG, in the United States District Court for the Eastern District of Wisconsin

Dear Judge Griesbach:

This letter is to advise the Court of an error in the Responses to Plaintiffs' Proposed Findings of Fact (Doc. #726) filed by Certain Defendants[1] yesterday, October 19th.

Specifically, there is an error to Menasha Corporation's ("Menasha") Response to Plaintiffs' Proposed Finding of Fact ("PPFF") No. 300. PPFF No. 300 states:

> Menasha received a bulletin from the American Paper Institute dated January 12, 1971 that explained that PCBs had previously been used in the manufacture of CCP, and that recycling mills should "be careful that paper stock to be used in making combination paperboard for food packaging does not include [CCP]." Roach Decl., Ex. 184 [D. Austin Dep. at 103:1-25]; Ex. 110 [Jan. 12, 1971 American Paper Institute Letter (NCR-FOX-0334431)].

Menasha's response, as submitted to the Court on October 19th (Doc. #726), reads as follows:

> Undisputed that Menasha at some point received a bulletin from the American Paper Institute dated January 12, 1971. However,

---

[1] Certain Defendants includes the City of Appleton, Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC (collectively, "Georgia-Pacific"), CBC Coating, Inc., Menasha Corporation, Neenah-Menasha Sewerage Commission, P.H. Glatfelter Company, US Paper Mills Corporation, and WTM I Company.

**LATHAM&WATKINS**LLP

the proposed finding of fact is defective under L.R. 56.2(a) because it is not supported by the evidentiary material cited in support of this proposed finding of fact.

Mr. Austin's deposition at 103:15-17 states:

15 Q Were you told that Menasha Corporation received this
16   document?
17 A No.

Mr. Austin has no personal knowledge that the bulletin from the American Paper Institute dated January 12, 1971 was received by Menasha.

This response is incorrect to the extent it reads "Undisputed that Menasha at some point received a bulletin from the American Paper Institute dated January 12, 1971." While Menasha acknowledges receiving a document that referenced the January 12, 1971 American Paper Institute Letter — the BRDA's September 15, 1971 letter, Roach Decl. Ex. 107 [Sep. 1971 BRDA Bulletin (MENFOX00001640)] — there in fact is no evidence that Menasha ever actually received the January 12, 1971 letter from the American Paper Institute at any time, nor has NCR produced any evidence to support such a contention. The initial response was, therefore, in error, and needs to be revised.

Menasha's revised response to PPFF 300 is as follows:

<u>Unsupported</u>. The proposed finding of fact is defective under L.R. 56.2(a) because it is not supported by the evidentiary material cited in support of this proposed finding of fact.

Mr. Austin's deposition at 103:15-17 states:

15 Q Were you told that Menasha Corporation received this
16   document?
17 A No.

Mr. Austin has no personal knowledge that the bulletin from the American Paper Institute dated January 12, 1971 was received by Menasha.

Concurrent with submission of this letter, Certain Defendants are filing "Corrected Responses To Plaintiffs' Proposed Findings Of Fact In Support Of Plaintiffs' Opposition To Certain Defendants' Motion For Summary Judgment, Or In The Alternative, Partial Summary Judgment."

Best regards,

*Andrea M. Hogan*

Andrea M. Hogan
of LATHAM & WATKINS LLP