# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**APPLETON PAPERS, INC. and**
**NCR CORPORATION,**

                Plaintiffs,

   v.

                                     **MOTION HEARING**

**GEORGE A. WHITING PAPER**                    Case No. 08-C-16
**COMPANY, et al.**,

                Defendants.

---

| | |
|---|---|
| HONORABLE WILLIAM C. GRIESBACH, presiding | Tape: 111009 |
| Deputy Clerk: Mary | Hearing Began: 9:06 a.m. |
| Proceeding Held: November 10, 2009 | Hearing Ended: 11:24 a.m. |

**Appearances:**

   **Plaintiffs:**    See attached seating chart

   **Defendants:**    See attached seating chart

---

9:06 a.m. The case is called.
9:06 a.m. The Court addresses pending motions [548] motion for leave to file eighth amended complaint and [556] motion to modify the Court's September 23, 2008 case management scheduling order.
9:07 a.m. Atty. Roach addresses [548] motion to amend complaint. Cites <u>Burlington Northern</u> case.
9:08 a.m. The Court inquires as to declaratory relief and liability.
9:10 a.m. Atty. Roach replies.
9:10 a.m. Atty. Westerfield states U.S. was added to complaint in separate action.
9:11 a.m. The Court inquires as to background action and amount of liability.
9:12 a.m. Atty. Roach replies, they have not conceded liability, but have complied with the order voluntarily.
9:13 a.m. Atty Westerfield addresses liability of possible fines.
9:14 a.m. Atty. Roach resumes argument.
9:29 a.m. Atty. Hermes addresses [556] motion to modify case management scheduling order.
9:30 a.m. The Court inquires as to what effect amending complaint would have on scheduling order.
9:31 a.m. Atty. Hermes replies.
9:39 a.m. Atty. Mandelbaum puts forth response to motions.
9:44 a.m. The Court inquires as to declaratory relief.
9:44 a.m. Atty. Mandelbaum responds and requests case scheduling order not be modified.
10:16 a.m. Atty. Stone responds to motions. He puts forth four questions of the Court and makes statements on 1)declaratory judgment question 2)sufficient cause question 3)difference between contribution under Sec. 113 and traditional common law 4) did <u>Burlington Northern</u> change the law? Attorney Stone presents document to the Court. Court entitles document - Demonstrative Exhibit 1 and directs it be docketed.

10:43 a.m. The Court recesses.
10:53 a.m. The Court resumes on the record. The Court questions Atty. Stone.
10:54 p.m. Atty. Stone responds.
10:58 a.m. Atty. Roach puts forth reply on [548] motion for leave to file.
11:04 a.m. Atty. Hermes puts forth reply on [556] motion to modify case management scheduling order.
11:09 a.m. The Court expects to issue a decision next week. The Court reschedules Final Pretrial from December 17 to December 21, 2009 at 1:30 p.m. in Milwaukee in Judge Adelman's courtroom. The parties are directed to contact Chief Deputy Clerk Michael Williams for general information regarding the pretrial and court trial in Milwaukee. Counsel tables will be set up and, probably, the rail and some benches removed. There will be a podium set up for questioning witness and the trial will run Mondays through Thursdays.
11:14 a.m. Atty. Roach inquires as to 1) opening statements 2) fact witnesses.
11:15 a..m. The Court confirms, witnesses will be called once and not recalled. Court does not think it will need opening statements.
11:16 a.m. Atty. Scott Hansen addresses secure live streaming Q&A over the internet for clients and attorneys to tap into. Atty. Hanson requests the court consider this in regard to its no-camera and broadcasting policy. This is not a voice or video transmission, just a written transmission.
11:17 a.m. Atty. Roach states no objections.
11:18 a.m. The Court will contact court reporter, but is inclined to grant the streaming Q&A.
11:18 a.m. Atty. Mulligan addresses the Court regarding data bases and electrical power constraints in the courtroom.
11:20 a.m. The Court directs Atty. Mulligan to Jeff Runge who is head of IT. The Court is willing to lift the local rule or policy that would prohibit transmission, if it is necessary, and as long it does not interfere with presentation of evidence.
11:20 a.m. Atty. Levin addresses the issue of fact witnesses having immediate access to testimony.
11:21 a.m. The Court states if there is a sequestration order it would prohibit witnesses to having access to testimony.
11:22 a.m. The Court refers parties to Michael Williams for logistics and Jeff Runge for technology issues.
11:22 a.m. Atty. Levin asks the Court's intention on order of proof.
11:23 a.m. The Court intended to have plaintiffs first, followed by defendants. The Court directs parties to to work out those issues on presentation, if there are difficulties the Court will make a ruling on it.
11:24 a.m. The Court adjourns.