# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

        Plaintiffs,

    v.                              Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

        Defendants.

## ORDER

Plaintiff Appleton Papers has filed a motion for a protective order (Dkt. # 633) which seeks to keep confidential certain laboratory notebooks produced in discovery. Appleton Papers contends that the notebooks from as far back as the 1950s contain trade secrets, which if disclosed could damage its business. The United States has filed a brief in partial opposition, but the rest of the Defendants do not oppose the motion.

The purpose of protective orders is generally to protect trade secrets or other confidential information whose exposure could result in a diminution of their value. Here, Appleton Papers argues that various production techniques, such as encapsulation, are disclosed in the notebooks, and their disclosure would injure Appleton Papers. The United States' objection is that the proposed protective order would limit use of the information disclosed to *this* litigation, and the government wants the ability (only in theory, at this point) to use the information in its role as chief law enforcement officer of the nation's environmental laws. The government also notes that various federal laws, including the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Records Act ("FRA"), 44 U.S.C. §§ 2101 *et seq.*, 2901 *et seq.*, 3101 *et seq.*, and 3301 *et seq.*,

mandate disclosure and retention of records notwithstanding any agreement to the contrary. The United States is not seeking the ability to use any such information – e.g., trade secrets – for any competitive purpose, which would violate the spirit of a protective order. That is, the government's proposal would not subject the information to exposure *as* a trade secret but merely as information that might be relevant to the government's ability to enforce the environmental laws or if disclosure were required under federal law.

At this point the debate seems largely academic. The information contained in the notebooks, as noted above, date back decades, and it is less than clear how, after so many years, information that may have constituted trade secrets at the time would still have commercial value as such. No evidence supporting such a finding has yet been made. Instead, the parties have been willing to accept Appleton Papers' assertion that good cause exists to maintain confidentiality so that they can obtain immediate access to the information without litigating what to them is only a side-issue. The non-governmental parties have no interest in disclosing any information they obtain from Appleton Papers except as may be needed to prove their case at trial.

The government, however, stands in a different position. While it has no interest in disclosing Appleton Papers' confidential trade secrets, it may be bound by federal law to disclose and retain records it obtains, even if it does not want to do so. While there may be exceptions sufficient to protect any true trade secrets or other confidential information Appleton Papers is required to disclose in this litigation, the government insists it is unable to stipulate to maintain confidentiality or to destroy such records at the conclusion of the litigation at this point. Accordingly, the government has requested language in the proposed protective order that would

recognize that any obligation it has under the order will be subject to federal law and its obligations to enforce federal law.

I am satisfied that the government's objections are reasonable. The government should not be hamstrung by one party's claim of confidentiality. It should not, in other words, be forced to agree to a protective order and sacrifice its law enforcement role in the process. That role, after all, trumps any commercial confidentiality concerns, perhaps particularly when the party with such concerns is the Plaintiff who brought the civil case in the first place. And it cannot agree to act contrary to what other federal laws may require. Accordingly, Appleton Paper's motion that the Court enter its proposed protective order is denied.

The government has suggested several modifications that would meet its concerns and that would still provide protection for legitimate trade secrets that may be contained in the material at issue. If it so desires, Appleton Papers may submit a proposed order that incorporates the government's suggested language, and the Court will enter the order without further notice. Otherwise, Appleton Papers must either produce the documents in question to the government without conditions or make a proper showing that the information sought is not discoverable.

That said, it is worth pointing out that the agreement or acquiescence of the parties to a protective order is not controlling in any event. The presumption in federal court proceedings is openness. *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000). Civil actions are public proceedings, and should any challenges to confidential designations arise, they will be dealt with on their merits. The protective order submitted by Appleton Papers will merely expedite discovery and postpone the specific finding of good cause the Court must make before any pleading or filing in the case can be maintained under seal. Moreover, to the extent the Court relies upon any

3

of the confidential information in its rulings, the ability to keep such information secret will be limited to the specific processes or data Appleton Papers alleges is a trade secret. *Hicklin Engineering, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006) ("We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence."). At some point, Appleton Paper, or any other party claiming confidentiality, will have to make a specific showing of good cause in order for any document filed with the Court to remain confidential.

In any event, for the reasons set forth, Appleton Papers' motion is **denied.**

**SO ORDERED** this   2nd   day of December, 2009.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge