UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

    Plaintiffs,

    v.        Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

    Defendants.

**ORDER**

In my December 16, 2009 decision and order dismissing Plaintiffs' contribution claims, I directed the parties to inform the Court as to their positions on the feasibility of entering judgment immediately. Plaintiffs argue that there is no just reason for delay and have now moved for entry of partial judgment under Fed. R. Civ. P. 54(b). Many Defendants oppose an immediate, partial, judgment, on the grounds that there are still counterclaims and third-party claims to resolve and these may be intertwined with the issues already decided. The United States has not taken a position on the question, but it indicates it will be filing a response to the motion in due course.

It is not surprising that Plaintiffs would like to get the wheels moving on their appeal, but that would be true in nearly every Rule 54(b) context. Rule 54(b) asks whether there is any "just reason for delay," and one of the salient questions in that analysis is whether the proceedings that

remain will drag out for years or whether they may be wrapped up relatively swiftly. If remaining proceedings can be resolved within the vicinity of a half year's time or less, there would be little reason to chop up the case and create multiple judgments for a piecemeal appeal. If, however, the remainder of the case would last significantly longer than that, the Plaintiffs would have a better argument for entry of a partial judgment immediately.

From the filings received, two things are evident. First, I note that many parties have indicated a preference that action on the remaining claims be stayed, at least until March, to allow settlement proceedings to occur. Second, it appears that the issues remaining (which include contribution claims by some of the Defendants for funds they have expended in the cleanup action) may be susceptible to motion practice and little or no additional discovery. Georgia-Pacific has indicated an intent to "promptly seek summary judgment on its counterclaim against the defendants as to liability." (Doc. 800.) In its view, "[t]he same equitable factors considered in the Court's Order overlap with Georgia-Pacific's counterclaims." (*Id.*) Additional equitable principles may also apply, such as the "made whole doctrine" borrowed from subrogation law. *See, e.g., Lagerstrom v. Myrtle Werth Hos.-Mayo Health System,* 2005 WI ¶ 41,285 Wis.2d 1, 700 N.W.2d 201. Given the fact that my December 16 decision obviated the need for a lengthy trial, it is possible that the parties now have the time and resources to focus their efforts on resolving any remaining claims in a relatively speedy manner. But they are the masters of their own counterclaims, and I do not want to impose a briefing schedule *sua sponte* that might be at odds with their own plans and expectations.

Accordingly, any party still seeking relief should indicate, within ten days, their intentions and expectations as to how long they would need to prepare and brief the claims they are pursuing.

2

Case 2:08-cv-00016-WCG    Filed 01/20/10    Page 2 of 3    Document 811

If briefing could be accomplished relatively quickly, I would be more inclined to deny entry of a partial judgment at this time. The parties seeking further relief are encouraged to work together to propose a briefing schedule, and all parties, including the United States, are encouraged to find an acceptable means of facilitating settlement.[1] On the other hand, given the history of the case and the stakes involved, I am reluctant to stay proceedings for further settlement efforts absent a request to do so by all parties.

**SO ORDERED** this 20th day of January, 2010.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge

---

[1] At least one party has suggested the assistance of a magistrate judge to aid in settlement proceedings. That would likely be difficult to schedule given the tight time schedule now being considered.