UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

    Plaintiffs,

  v.                                  Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

    Defendants.

**ORDER**

Following my grant of summary judgment to several Defendants, Plaintiffs have moved for entry of partial judgment under Rule 54(b). They argue that the Defendants' remaining counterclaims and other proceedings in this action could require a significant expenditure of time and resources; as such, they believe there is no just reason for delaying entry of a partial judgment, which would allow them to file an immediate appeal of the summary judgment decision as well as the denial of their motion to amend the complaint.

I note that the briefing places the parties in rather unusual circumstances. The Plaintiffs are in the position of arguing how extensive and lengthy resolution of the Defendants' counterclaims will be, whereas the Defendants are arguing, in effect, that their counterclaims are not a big deal. At this stage it is too soon to predict which side is right. Plaintiffs are probably correct that resolution of the counterclaims is not as simple as extrapolating from the basic principles set forth in this Court's summary judgment order: determining that A is not entitled to contribution from B does not mandate a conclusion that B *is* entitled to contribution from A. On the other hand, it is not

as though the remaining claims have little to do with the Plaintiffs' action – there will be significant overlap, as all sides seem to recognize. Moreover, the complexity and difficulty of any remaining claims likely pale in comparison to the contribution claims brought by the Plaintiffs. Those claims were resolved in relatively short order (given the number of parties and number of issues raised), and I am satisfied that the remaining issues in this action can be resolved without substantially delaying entry of judgment.

The cases Plaintiffs cite suggest that certification of a Rule 54(b) judgment may be appropriate or permissible under these circumstances, but they do not suggest that certification *should* be entered. Instead, it must be remembered that the rule itself is permissive (Rule 54(b) states that a court "may" direct entry of a partial judgment), and the Seventh Circuit has pointed out that multiple judgments are the exception, not the norm.

> To avoid time-consuming duplicative appeals, the norm in litigation-embodied in the general rule that a final judgment is one that leaves nothing to be decided-is one appeal per case. The decision to send part of a case to immediate appeal under Rule 54(b) is left to the district court's discretion. But leaving the decision to the district court's discretion does not give that court carte blanche to send to this court any decision involving a separate claim or party. A district court may not enter judgment under Rule 54(b) merely to accommodate an attorney who wants to appeal immediately, and mechanically noting "no just cause for delay" on a judgment does not make it immediately appealable. Rather, because Rule 54(b) departs from the norm, and has the potential to multiply litigation costs for parties and the appellate court, the district court must carefully consider whether immediate appeal is appropriate in a particular case.

*United States v. Ettrick Wood Products, Inc.,* 916 F.2d 1211, 1218 (7th Cir. 1990) (citations omitted).

The United States and some of the Defendants have proposed a briefing schedule that would allow the parties to file dispositive motions on the remaining claims. If such motions do not resolve

2

the remaining claims, they propose that any remaining claims then be stayed so that an appeal may be taken. This approach allows for the possibility that all claims can be resolved relatively swiftly (i.e., this year), but still affords an "out" – a 54(b) certification and appeal – if the claims cannot. No one disputes that, barring settlement, a decision from the Court of Appeals on the important legal issues raised in this case will be crucial in directing how this case proceeds, if at all. But I believe a fuller resolution of this case at the district court level is achievable without excessive delay, and accordingly the motion for partial judgment is **DENIED**.

Dispositive motions as to any remaining claims may be filed by April 3. Responses may be filed by May 3, and replies, if any, by May 24.

**SO ORDERED** this    10th    day of February, 2010.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge