# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

    Plaintiffs,

    v.                          Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

    Defendants.

# ORDER

Plaintiffs have filed a motion for leave to take discovery and to modify the case schedule this Court recently adopted. They assert that the remaining claims will require extensive discovery, and that adjudicating these claims on the fast track I have ordered will deny them a full and fair opportunity to litigate them.

In denying the Plaintiffs' motion for partial judgment, my intent was to allow for the *possibility* that the remaining claims could be handled expeditiously, which would then forestall the need for piecemeal appeals. In so ruling, however, I explicitly acknowledged the possibility that discovery would be needed and that the Defendants' claims could *not* be handled as swiftly as they propose. This latter possibility seems to be the genesis of the Plaintiffs' instant motion, and as such the motion will be denied because these concerns have already been accounted for. That is, if Plaintiffs are right, then the Defendants' claims will not be resolved swiftly (perhaps because they cannot be resolved without extensive discovery) and this Court will deny the Defendants' motions and, in all likelihood, grant the very partial judgment that Plaintiffs are seeking. In other words, the

very concerns Plaintiffs now assert as reasons for modification of the schedule would be grounds for denying the Defendants' motions. No one is attempting to railroad claims against the Plaintiffs; instead, the schedule simply allows the remaining claims to be considered quickly. Whether they can be *resolved* quickly is another matter altogether. Plaintiffs' concerns are apt and will be considered within the context of any motions that are brought.

The United States has raised one additional concern seeking clarification about the scheduling order. It is correct that the most recent scheduling order does not function as the order that would trigger the assertion of additional reserved claims by the government.

The motion for leave to take discovery and to modify the scheduling order is **DENIED**.

**SO ORDERED** this   1st   day of March, 2010.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge