UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

        Plaintiffs,                        No. 08-C-00016

    v.

GEORGE A. WHITING PAPER CO., et al.,

        Defendants.

---

NCR CORPORATION,

        Plaintiff,                         No. 08-C-00895

    v.

KIMBERLY-CLARK CORPORATION, et al.,

        Defendants.

**ORDER CONCERNING SECOND STIPULATION
REGARDING RESERVED CLAIMS OF THE UNITED STATED OF AMERICA**

Based upon the "Second Stipulation Regarding Reserved Claims of the United States of America" (the "Second Stipulation") between the United States and certain other Stipulating Parties, **IT IS HEREBY ORDERED** as follows:

    1.     The United States need not assert the United States' Reserved Claims – as that term is defined in the Second Stipulation – against the signatories to the Second Stipulation before October 15, 2010.

    2.     The United States may assert the Reserved Claims against the signatories to the Second Stipulation, without leave of Court, at any time on or before October 15, 2010.

    3.     Nothing in this Order shall affect the time period for when the United States must assert the Reserved Claims against Plaintiffs. The time period for asserting those claims shall continue to be governed by the Orders entered by the Court on December 10, 2008.

4. The Stipulating Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, merger and bar, claim-splitting, or other defenses based upon any contention that the Reserved Claims should have been brought in the United States' responsive pleadings in the above-captioned actions, or otherwise between February 15, 2010 and October 15, 2010. The Stipulating Parties reserve the right to assert any such defense or claim with respect to any of the Reserved Claims that are first asserted after October 15, 2010.

5. The Stipulating Parties agree that the period commencing on February 15, 2010 and ending on October 15, 2010, inclusive (the "Tolling Period"), shall not be included in computing the running of any statute of limitations potentially applicable to any action brought by the United States on the Reserved Claims. Similarly, the Stipulating Parties agree that any defenses of laches, estoppel, or waiver, or other similar equitable defenses based upon the running or expiration of any time period shall not include the Tolling Period for the Reserved Claims.

6. The Stipulating Parties shall not assert, plead, or raise against the United States in any fashion, whether by answer, motion or otherwise, any defense of laches, estoppel, or waiver, or other similar equitable defense based on the running of any statute of limitations during the Tolling Period or the passage of time during the Tolling Period in any action brought on the Reserved Claims.

**SO ORDERED** this 11th day of March, 2010.

    s/William C. Griesbach
William C. Griesbach
United States District Judge