IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS, INC. and
NCR CORPORATION,

    Plaintiffs,

v.      No. 2:08-cv-00016-WCG

GEORGE A. WHITING PAPER COMPANY,
et al.,

    Defendants,

## BROWN COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Brown County respectfully submits the following proposed findings of fact and conclusions of law in support of its Motion for Summary Judgment.

## FINDINGS OF FACT

1. Plaintiffs' claims against Brown County stem from its alleged ownership and operation of disposal sites at Renard Isle and Bay Port. (Eighth Amended Complaint, Dkt. No. 548-2, at ¶¶ 43, 155).

2. Plaintiffs allege that "Brown County's management of the Bay Port Disposal Site and Renard Isle landfill operations resulted in the release of PCBs into the Lower Fox River Site." (Id., ¶ 155).

3. Any discharges from Bay Port and Renard Isle would have been included as a tiny fraction of the already miniscule percentage the Court previously found to be attributable to Defendants during the post-production period. (See Decision & Order Dismissing Plaintiffs' Claims for Contribution ("Decision & Order"), Dkt. No. 795, p. 38-40).

4. There is insufficient evidence to support a conclusion that PCBs have been released from the Bay Port facility to the Lower Fox River Site. (Larscheid Decl., ¶ 3).

5. Sampling data from the Bay Port facility show insignificant concentrations of PCBs and a 1992 study by the Wisconsin Department of Natural Resources indicated that discharges, if any, from the Bay Port facility were miniscule. (Larscheid Decl., ¶ 3).

6. The Army Corps of Engineers owns and operates the Renard Isle facility. (Larscheid Decl., ¶ 4).

7. Brown County's only relationship to that facility is as a local sponsor for the Corps' activities. (Larscheid Decl., ¶ 4).

8. Brown County has never manifested other indicia of ownership or control over the facility, such as maintenance or upkeep, which is all administered by the Corps of Engineers. (Larscheid Decl., ¶ 4).

9. Plaintiffs had substantial knowledge concerning the toxic nature of the discharged product prior to 1971 and Defendants did not. (Decision & Order, pp. 8-21).

10. Brown County had no greater knowledge than the Defendants whose claims have already been dismissed. (Larscheid Decl., ¶ 5).

11. Brown County's Port and Solid Waste Director, Charles J. Larscheid, is familiar with Brown County's documents demonstrating its historical knowledge concerning PCB contamination. He is unaware of any evidence in the documentary record which would support a conclusion that Brown County had knowledge of the toxic effects of PCB contamination, or establish Brown County's alleged role in contributing to the PCB contamination of the Lower Fox River prior to 1971. (Larscheid Decl., ¶ 5).

# CONCLUSIONS OF LAW

1. Summary judgment is proper under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id.

3. A complete failure of proof on an essential element of a plaintiff's case makes all other facts immaterial. Id. at 323.

4. A defendant moving for summary judgment satisfies its burden by pointing to the plaintiff's failure to introduce sufficient evidence to support each essential element of the cause of action. *Anderson v. Liberty Lobby, Inc.*, 377 U.S. 242, 256 (1986).

5. Summary judgment functions as "'the put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wisconsin Dept. of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999)).

6. Equitable considerations require dismissal of Plaintiffs' claims against Brown County. (See generally, Decision & Order).

7. Brown County is not an owner or operator of the Renard Isle disposal facility. *United States v. Capital Tax Corp.*, 545 F.3d 525, 531 (7th Cir. 2008); WI Const. Art. IX, § 1;

*City of Madison v. State*, 1 Wis. 2d 252, 83 N.W.2d 674 (1957); *Meunch v. Public Service Comm'n*, 261 Wis. 2d 492, 53 N.W.2d 514 (1952).

8. Brown County's contribution to the discharge of contaminating materials, if any, is indistinguishable from that of other responsible parties and cannot be apportioned. As a result, Plaintiffs' contribution claim fails. *Burlington Northern & Santa Fe Railway Co. v. United States*, 129 S. Ct. 1870 (2009).

9. To the extent any release of PCBs is attributable to Brown County at all, the amount of hazardous waste involved is *de minimus* compared to Plaintiffs' substantial contributions to the problem in the Lower Fox River. (See generally, Decision & Order).

Dated this 5th day of April, 2010.

                                        Respectfully submitted,

                                        s/ Ian A. J. Pitz
                                        David A. Crass, Esq.; SBN 1000731
                                        Ian A. J. Pitz, Esq.; SBN 1031602
                                        *Attorneys for Defendant Brown County*
                                        MICHAEL BEST & FRIEDRICH, LLP
                                        One South Pinckney Street, Ste. 700
                                        Madison, WI 53703-4257
                                        Telephone: (608) 257-3501
                                        Fax: (608) 283-2275
                                        Email: dacrass@michaelbest.com
                                                iapitz@michaelbest.com