IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 08-CV-00016-WCG |
| v. | )<br>) | |
| GEORGE A. WHITING PAPER COMPANY, et al., | )<br>) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NCR CORPORATION, | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 08-CV-0895-WCG |
| KIMBERLY-CLARK CORPORATION, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' STATEMENT OF PROPOSED FINDINGS OF FACT IN OPPOSITION TO DEFENDANT CITY OF APPLETON'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Civil L.R. 56(b)(2)(B)(ii) of the United States District Court for the Eastern District of Wisconsin, Plaintiffs NCR Corporation and Appleton Papers Inc. respectfully submit the following additional facts that require the denial of summary judgment, and which support Plaintiffs' Memorandum of Law in Opposition to Defendant City of Appleton's Motion for Summary Judgment.

Plaintiffs respectfully submit that they are unable to adequately present with the Court will *all* facts that would require the denial of summary judgment, because to date Plaintiffs have not been permitted the full discovery necessary to respond adequately to Defendants' motions for

summary judgment. Plaintiffs' Rule 56(f) Declaration, filed herewith, sets forth in detail the numerous issues that are centrally relevant to Defendants' motions for summary judgment, and on which Plaintiffs have not been permitted to take discovery. The facts identified below represent Plaintiffs' good faith effort to come forward with evidence based on the existing, limited record (or from publicly available sources), in order to respond to Defendants' ten summary judgment motions. Plaintiffs preserve all objections and arguments contained in the record regarding the Court's decision to proceed with Defendants' dispositive motions on their counterclaims without allowing Plaintiffs the opportunity to take the additional discovery necessary to respond adequately to those dispositive motions.

1. Defendant City of Appleton ("COA") discharged suspended solids pollution during the 1954-71 time frame. In their 1957 Findings, the Wisconsin Committee on Water Pollution and State Board of Health found that COA was contributing to river pollution and creating a public health hazard by sending untreated sewage directly to the Lower Fox River:

> 1. That the City of Appleton provides a primary plant, equipped for chemical treatment for the processing of sewage and industrial wastes tributary to the municipal sewers.
>
> 2. That a substantial part of the sewer system is of the combined type and that during thaws and rainstorms, excessive amounts of surface waters enter the sewer system, making necessary the by-passing of untreated sewage, creating a hazard to public health.

(Declaration of Michael L. Hermes in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant City of Appleton's Motion for Summary Judgment ("Hermes Decl."), Ex. A at NCR-FOX-0230571.)

2. COA was ordered to construct adequate treatment facilities by the end of 1961. (*Id.*)

3. However, a 1966 study of COA's waste treatment plant found that the raw wastes

2

were "substantially greater than the plant was designed to handle and it appears that the additional treatment capacity is necessary to provide effective secondary treatment for all wastes." (*Id.*, Ex. B at GPFOX00008655.)

4. Further, COA still found "it necessary to bypass some raw wastes during periods of storm water runoff." (*Id.*)

5. These problems had still not been resolved several years later, and the DNR issued COA an order on March 5, 1970, directing COA to put a system in place to adequately treat all wastes and reduce suspended solids by 90 percent. (*Id.*, Ex. C at NCR-FOX-0570834-35.)

6. There is no evidence in the record indicating that either Appleton Coated Paper Company or Appleton Papers, Inc., had knowledge of COA's intentional bypasses or that said bypasses resulted from the discharges of wastewater from Appleton Coated Paper Company or Appleton Papers, Inc., to COA. (*Id.*, ¶ 5.)

Respectfully submitted,

| APPLETON PAPERS INC. | NCR CORPORATION |
|---|---|
| /s/ Michael L. Hermes | /s/ Kathleen L. Roach |
| Counsel for Appleton Papers Inc.: | Counsel for NCR Corporation: |
| Michael L. Hermes | Kathleen L. Roach (Illinois Bar No. 6191432) |
| HERMES LAW LTD. | SIDLEY AUSTIN LLP |
| 333 Main Street, Suite 601 | One South Dearborn Street |
| Green Bay, Wisconsin 54301 | Chicago, Illinois 60603 |
| (920) 436-9870 | (312) 853-7000 |
| Fax: (920) 436-9871 | Fax: (312) 853-7036 |
| | |
| Ronald R. Ragatz | J. Ric Gass (Wisconsin Bar No. 1011998) |
| DEWITT ROSS & STEVENS S.C. | GASS WEBER MULLINS LLC |
| 2 E. Mifflin Street, Suite 600 | 309 North Water Street |
| Madison, Wisconsin 53703 | Milwaukee, Wisconsin 53202 |
| (608) 255-8891 | (414) 224-7697 |
| Fax: (608) 252-9243 | Fax: (414) 224-6116 |

Dated: May 3, 2010