IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GEORGE A. WHITING PAPER COMPANY, et al.,<br><br>　　　　　Defendants. | No. 08-CV-00016-WCG |
| NCR CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIMBERLY-CLARK CORPORATION, et al.,<br><br>　　　　　Defendants. | No. 08-CV-0895-WCG |

**RESPONSE OF PLAINTIFFS APPLETON PAPERS INC. AND NCR CORPORATION
TO CITY OF APPLETON'S PROPOSED FINDINGS FACTS IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM**

Pursuant to Civil L.R. 56(b)(2)(B) of the United States District Court for the Eastern District of Wisconsin, Plaintiffs Appleton Papers Inc. ("API") and NCR Corporation ("NCR") (collectively, "Plaintiffs"), respectfully submits this Response to the Proposed Findings of Facts in Support of its Motion for Summary Judgment on its Counterclaim filed by Defendant City of Appleton.

　　1.　　The Court has jurisdiction over this case under CERCLA § 113 (b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331 (federal question). Dkt. No. 258 at ¶5.

**RESPONSE**: Undisputed.

2. Venue is proper under CERCLA § 113 (b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b). Dkt. No. 265 at ¶6.

**RESPONSE**: Undisputed.

3. Plaintiff Appleton Papers Inc. is a Delaware corporation with its principal place of business in Appleton, Wisconsin. Dkt. No. 265 at ¶7.

**RESPONSE**: Undisputed.

4. Plaintiff NCR is a Maryland corporation with its principal place of business in Dayton, Ohio. Dkt. No. 265 at ¶8.

**RESPONSE**: It is undisputed that NCR's principal place of business as of the filing date of Docket No. 265 was Dayton, Ohio. However, since that time, NCR's principal place of business has moved to Atlanta, Georgia. The remainder of paragraph 4 is undisputed.

5. Defendant City of Appleton is a Wisconsin municipal corporation organized under the laws of the State of Wisconsin, with its principal place of business located in Appleton, Wisconsin. Dkt. No. 258 at ¶19.

**RESPONSE**: Undisputed.

6. Defendant City of Appleton operated a publicly-owned wastewater treatment facility (POTW) from approximately 1937 until the present. Walsh Dec. at ¶12; Dkt. No. 265 at ¶41; City of Appleton's Amended Response to API's Interrogatories, No. 2; Baldwin Dec. at ¶4, Exh. B.

**RESPONSE**: Undisputed.

7. Wastewater from the process of coating paper with an emulsion containing PCBs was sent by Appleton Coated Paper Company to the POTW from approximately 1954 until 1971. Walsh Dec. at ¶13; API's Second Amended Response to City of Appleton's First Set of Interrogatories, Nos. 9 and 16; Baldwin Dec. at ¶¶6, 7, Exhs. D, E.

**RESPONSE**: It is undisputed that wastewater was sent by Appleton Coated Paper Company to the POTW from approximately 1954 until 1971. The remainder of Paragraph 7 not supported by the evidence cited.

8. The POTW, as a public utility, was required by state law from the period 1954 through 1971 to accept the wastewater discharged to it from anyone in its service area, which included Appleton Coated Paper Company. Walsh Dec. at ¶¶ 14, 15.

**RESPONSE**: It is undisputed that Appleton Coated Paper Company was located within the POTW's service area from the period 1954 through 1971. The remainder of Paragraph 8, which consist of legal conclusions improperly posited as proposed findings of fact, are not supported by the evidence cited.

9. In 1968, Appleton Coated Paper Company completed an industrial wastewater survey form sent to it by the City of Appleton. Walsh Dec. at ¶16, Exh. C.

**RESPONSE:** Undisputed.

10. The information sought on the survey included "principal raw materials used." Appleton Coated Paper Company did not indicate that it was using PCBs when it completed the form. Walsh Dec. at ¶16, Exh. C; COA-FOX-00020224 to COA-FOX00020226.

**RESPONSE**: Disputed in part. While the record evidence cited does seek information regarding "principal raw materials used," the record evidence does not establish that Appleton Coated Paper Company was using PCBs when it completed the form. (Walsh Dec., ¶ 16, Ex. C.)

11. In 1970, Appleton Coated Paper Company completed an industrial wastewater survey form sent to it by the City of Appleton. Walsh Dec. at ¶17, Exh. D.

**RESPONSE**: Disputed and not supported by the record evidence cited. In 1970, Appleton Coated Paper Company completed an industrial wastewater survey form sent to it by Consoer, Townsend and Associates; this industrial wastewater survey form makes no reference to the City of Appleton or the POTW. (Walsh Dec., Ex. D.)

12. The information sought on the survey included "amounts and kinds of chemical used daily." Appleton Coated Paper Company did not indicate that it was using PCBs when it completed the form. Walsh Dec. at ¶17, Exh. D; COA-FOX-00006031 to COA-FOX-00006032.

**RESPONSE**: Disputed in part. While the record evidence cited includes a

3

section seeking "amounts and kinds of chemicals used daily," the record evidence does not establish that Appleton Coated Paper Company was using PCBs when it completed the form. (Walsh Dec., ¶ 17, Ex. D.)

13. The plaintiffs did not tell the City of Appleton or the Appleton POTW about PCBs at any time during the production period. API's Second Amended Response to City of Appleton's First Set of Interrogatories, No. 1; Baldwin Dec. ¶5, Exh. C.

**RESPONSE**: Disputed and not supported by the record evidence cited. The interrogatory response cited states that as of the time it provided its Second Amended Response to the City of Appleton's First Set of Interrogatories, API "[had] not been able to identify any specific communications between API, or its predecessors, and the City of Appleton and/or the Appleton POTW regarding Aroclor 1242 and the recycling of NCR brand carbonless copy paper from 1954-1978." (Baldwin Dec., Ex. C.)

13. The City of Appleton was a member of a coalition of municipalities, wastewater treatment facilities, state and local government, and industries beginning in 1992 called the Fox River Coalition. Walsh Dec. at ¶4.

**RESPONSE**: The proposed finding of fact is not supported by the record evidence. The evidence cited by COA in support of this finding of fact says that COA was a member of a coalition of municipalities, wastewater treatment facilities, state and local governments, and industries beginning in 1992 called the Fox River Coalition. However, given that Plaintiffs have been denied discovery into COA's membership in the Fox River Coalition, Plaintiffs dispute this proposed finding of fact. (*See* Rule 56(f) Declaration of Kathleen L. Roach ("Roach Decl."), ¶ 28(d).)

14. The purpose of the Fox River Coalition was to address the problem of PCB-contaminated sediment in the Lower Fox River in conjunction with the State of Wisconsin's Department of Natural Resources, by forming a plan and timetable for contaminated sediment clean-up. Walsh Dec. at ¶5.

**RESPONSE**: The proposed finding of fact is not supported by the record

4

evidence. The evidence cited by COA in support of this finding of fact says that the purpose of the Fox River Coalition was to address the problem of PCB-contaminated sediment in the Lower Fox River in conjunction with the State of Wisconsin's Department of Natural Resources by forming a plan and timetable for contaminated sediment clean-up. However, given that Plaintiffs have been denied discovery into the purpose of the Fox River Coalition, Plaintiffs dispute this proposed finding of fact. (*See* Roach Decl., ¶ 28(d).)

15. As part of its participation in the Fox River Coalition, the City of Appleton made a payment to the State of Wisconsin, Department of Natural Resources, pursuant to a Cooperative Agreement, dated May, 1994. Walsh Dec. at ¶6, Exh. A.

**RESPONSE:** The proposed finding of fact is not supported by the record evidence. It is undisputed that the evidence cited by Defendants in support of this finding of fact is a Cooperative Agreement with the State of Wisconsin Department of Natural Resources and participating members of the Fox River Coalition, but this "Cooperative Agreement" is not signed by the City of Appleton and does not indicate any acceptance by the WDNR. Additionally, the record evidence cited does not indicate that the City of Appleton actually made any payment to WDNR.

16. The amount of the payment made was $26,700.00. Walsh Dec. at ¶9, Exh. B.

**RESPONSE:** The proposed finding of fact is not supported by the record evidence. The exhibit is simply a cover letter from the City of Appleton indicating that a check for $26,700.00 was enclosed, but the exhibit omits any enclosures. Given that Plaintiffs have been denied any discovery into City of Appleton's claimed response costs, Plaintiffs dispute this proposed finding of fact. (*See* Roach Decl., ¶ 28(d).)

17. The purpose of the payment made by the City of Appleton was to help finance a contract for the remedial investigation of certain contaminated sediment sites in the Lower Fox River that were identified in the Green Bay Remedial Action Plan Update and to fund a feasibility study of certain of these sites. Walsh Dec. at ¶8, Exh. A.

5

**RESPONSE**: The proposed finding of fact is not supported by the record evidence. As noted above, the "Cooperative Agreement" is not signed by the City of Appleton and does not indicate any acceptance by the WDNR. Additionally, no record evidence establishes that the City of Appleton actually made any payment to WDNR. *See* Response to ¶ 16. Finally, the record evidence does not support the contention that any payment was made related to the Lower Fox River remediation. Given that Plaintiffs have been denied any discovery into City of Appleton's claimed response costs, Plaintiffs dispute this proposed finding of fact. (*See* Roach Decl., ¶ 28(d).)

Respectfully submitted,

| | |
|---|---|
| APPLETON PAPERS INC. | NCR CORPORATION |
| /s/ Michael L. Hermes | /s/ Kathleen L. Roach |
| Counsel for Appleton Papers Inc. | Counsel for NCR Corporation |
| Michael L. Hermes (WI Bar No. 1019623) | William F. Conlon (IL Bar No. 0499072) |
| HERMES LAW, LTD. | Kathleen L. Roach (IL Bar No. 6191432) |
| 333 Main Street, Suite 601 | SIDLEY AUSTIN LLP |
| Green Bay, WI 54301 | One South Dearborn Street |
| (920) 436-9870 | Chicago, Illinois 60603 |
| Fax: (920)436-9871 | (312) 853-7000 |
| | Fax: (312) 853-7036 |
| Ronald R. Ragatz (WI Bar No. 1017501) | |
| DEWITT ROSS & STEVENS S.C. | J. Ric Gass (WI Bar No. 1011998) |
| Two East Mifflin Street | GASS WEBER MULLINS LLC |
| Madison, WI 53703 | 309 North Water Street |
| (608) 255-8891 | Milwaukee, Wisconsin 53202 |
| Fax: (608) 252-9243 | (414) 224-7697 |
| | Fax: (414) 224-6116 |

Dated: May 3, 2010