IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) | |
| Plaintiffs,<br>v. | )<br>)<br>) | No. 08-CV-16-WCG |
| GEORGE A. WHITING PAPER COMPANY,<br>ET AL., | )<br>)<br>) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| NCR CORPORATION, | )<br>) | |
| Plaintiff,<br>v. | )<br>)<br>) | No. 08-CV-0895-WCG |
| KIMBERLY-CLARK CORPORATION,<br>ET AL., | )<br>)<br>) | |
| Defendants. | ) | |

### PLAINTIFF NCR'S STATEMENT OF ADDITIONAL FACTS OPPOSING MOTION FOR SUMMARY JUDGMENT ON NCR'S CLAIM AGAINST THE U.S. ARMY CORPS OF ENGINEERS IN CIVIL ACTION NO. 08-CV-0895

Pursuant to Civil L.R. 56(b)(2)(B)(ii) of the United States District Court for the Eastern District of Wisconsin, Plaintiff NCR Corporation respectfully submits the following additional facts that require the denial of summary judgment, in support of its Memorandum of Law in Opposition to United States' Motion for Summary Judgment.

### I. BACKGROUND

1. Between 1957 and 1998, more than 17 million cubic yards of sediments were dredged by, or on behalf of, of the Corps between DePere and Green Bay Harbor. Declaration of Kathleen L. Roach, filed concurrently herewith ("KLR Decl.") Ex. 32 [Tech Memo 2g, p. 33 (API-GE009866)].

2. The Corps began to use contractors for dredging operations in the Lower Fox River Site in the mid-1980s. KLR Decl. Ex. 32 [Tech Memo 2g, p. 26 (API-GE009914)].

3. The 1972 Interdepartmental Task Force Report on PCBs was well-publicized. Dkt. 660, ¶17.

4. In 1971, Green Bay area newspaper articles carried stories relaying the State of Wisconsin's warning to its residents against eating excessive amounts of certain fish due to potential PCB contamination. KLR Decl. Ex. 40 [10/2/1971 Neenah Menasha Northwestern (APIFOX00054850)]. The articles informed the public that PCBs were used in a variety of products, including manufacture of carbonless copy paper, hydraulic fluids, plastics and plywood. *Id*.

## II. BY 1967 THE CORPS KNEW THAT THE LOWER FOX RIVER SEDIMENTS WERE CONTAMINATED.

5. By 1967, the Corps knew that the Lower Fox River sediments the Corps was dredging potentially were "seriously contaminated." Dkt. 870-2, p. 30.

6. In 1969, the Federal Water Quality Administration ("FWQA"), the predecessor to the U.S. Environmental Protection Agency ("U.S. EPA"), sampled the Green Bay Harbor Channel. KLR Decl. Ex. 31 [Final Environmental Impact Statement relating to Operation, Maintenance, and Dredging Material Disposal at Green Bay Harbor, Army Corps, November 1977].

7. The 1969 FWQA sampling found that the Lower Fox River sediments were moderately to heavily polluted, and concluded that "[n]one of the sediments in this channel are suitable for disposal in the open waters of Green Bay or Lake Michigan." KLR Decl. Ex. 31

[Final Environmental Impact Statement relating to Operation, Maintenance, and Dredging Material Disposal at Green Bay Harbor, Army Corps, November 1977].

8.  The Corps sampled Green Bay sediment in 1974-1975 for the presence of PCBs to study the effects of dredging and open-water discharge on the release of PCBs. KLR Decl. Ex. 41 [Laboratory Study of the Release of Pesticide and PCB Materials to the Water Column During Dredging and Disposal Operations, December 1975, p. 19-20, 49, 65].

9.  By January 1975, at the latest, sampling conducted on behalf of the Corps confirmed that the contamination in the Lower Fox River sediments included PCBs. KLR Decl. Ex. 41 [Laboratory Study of the Release of Pesticide and PCB Materials to the Water Column During Dredging and Disposal Operations, December 1975, p. 19-20, 49, 65].

10. Sampling in January 1975 revealed the presence of PCBs similar to both Aroclor 1242 and Aroclor 1254 in sediment from Green Bay. KLR Decl. Ex. 41 [Laboratory Study of the Release of Pesticide and PCB Materials to the Water Column During Dredging and Disposal Operations, December 1975, p. 1, 19-20]. *Id*.

### III. DESPITE ITS KNOWLEDGE THAT THE LOWER FOX RIVER SEDIMENTS WERE HEAVILY CONTAMINATED, INCLUDING WITH PCBS, THE CORPS KNOWINGLY ENGAGED IN DREDGING PRACTICES THAT SPREAD CONTAMINATION TO NEW AREAS AND EXACERBATED EXISTING CONTAMINATION.

*A.  Open Water Dredging*

11. From 1957 through at least 1974, in at least 14 of 18 years, the Corps engaged in open water disposal of Lower Fox River sediments, which involved taking dredged sediment and dumping it indiscriminately into other areas of the Lower Fox River and sidecasting them outside the channel, often in biologically rich shallows. Declaration of Evan B. Westerfield in Support

3

of NCR's Memorandum of Law in Opposition to United States' Motion for Summary Judgment ("Westerfield Decl.") Ex. 1 [Annual Report Dredging Data, Oct. 20, 1997]; KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶5].

12. The Corps disposed of more than 4 million cubic yards of dredged sediments in open water from 1957 through 1974, in at least the years 1957-1965, 1969-1971, 1973 and 1974. Westerfield Decl. Ex. 1 [Annual Report Dredging Data, Oct. 20, 1997]. More than 2 million cubic yards of sediment were disposed in open waters from 1969 through 1974. *Id.*

13. The Corps continued to engage in open water disposal for two years after U.S. EPA instituted a new policy that "all discharges to the aquatic environment involving PCBs be restricted to the lowest possible level." Westerfield Decl. Ex. 2 [Apr. 24, 1972 EPA Letter (GPFOX00033019)]; Westerfield Decl. Ex. 1 [Annual Report Dredging Data, Oct. 20, 1997].

14. The Wisconsin Department of Natural Resources ("WDNR") has determined that the open water disposal conducted by the Corps was "a potentially significant PCB transport pathway." KLR Decl. Ex. 32 [Tech Memo 2g, p.12 (API-GE009866)].

15. Open-water disposal constituted nearly one-quarter of all sediment dredged from the Fox River by or on behalf of the Corps through 1998. KLR Decl. Ex. 32 [Tech Memo 2g, p. 12 (API- GE009866)].

B. *Dredging Practices*

16. In its Lower Fox River dredging operations, the Corps typically used bucket and dipper dredges upstream of Green Bay, which allowed overflow of suspended dredged materials back into the Lower Fox River. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶7].

17. Many U.S. ports historically have prohibited or restricted barge overflow because of concerns over the impacts on water quality, even when uncontaminated sediment is being dredged. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶7].

18. As recently as 2002, barge overflow was observed in Lower Fox River dredging operations. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶7].

19. As recently as 2002, bucket dredging operations took place on the Lower Fox River Site, which involved placing sediments on a flat-top deck barge with wooden fences loosely holding the sediment in place. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶7].

20. As recently as 2002, sediment-laden water poured through wooden fences on flat-top deck barges back into the Lower Fox River Site. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶7].

21. Hopper dredges, which use a hydraulic suction pipe to move sediments to onboard hoppers, also can result in barge overflow when suspended sediments in water overflow the hoppers and return to the Lower Fox River. KLR Decl. Ex. 31 [Final Environmental Impact Statement Relating to Operation, Maintenance, and Dredged Material Disposal at Green Bay Harbor, Nov. 1977, P1-6]; KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶8].

22. In 1977, WDNR expressed concerns about the method of dredging used in the Lower Fox River Site, because barge overflow during hopper dredging did not "minimize the effects of dredging … operations on water quality." KLR Decl. Ex. 31 [Final Environmental

5

Impact Statement relating to Operation, Maintenance, and Dredged Material Disposal at Green Bay Harbor, Nov. 1977, P9-17].

23. In 1977, WDNR recommended that the Corps change its operations so as to "eliminate this overflow problem" in Green Bay Harbor. KLR Decl. Ex. 31 [Final Environmental Impact Statement relating to Operation, Maintenance, and Dredged Material Disposal at Green Bay Harbor, Nov. 1977, P9-17].

24. In 1977, the Corps acknowledged that hopper dredging typically resulted in some overflow of suspended dredged materials. KLR Decl. Ex. 31 [Final Environmental Impact Statement relating to Operation, Maintenance, and Dredged Material Disposal at Green Bay Harbor, Nov. 1977, P9-17].

25. In 1977, the Corps acknowledged that "overflow may degrade water quality" where dredged materials were "seriously contaminated." KLR Decl. Ex. 31 [Final Environmental Impact Statement relating to Operation, Maintenance, and Dredged Material Disposal at Green Bay Harbor, Nov. 1977, P9-17].

26. In 1977, the Corps announced it was implementing a policy to prohibit barge overflow. KLR Decl. Ex. 31 [Final Environmental Impact Statement relating to Operation, Maintenance, and Dredged Material Disposal at Green Bay Harbor, Nov. 1977, P9-17].

27. The Corps did not enforce the policy of prohibiting barge overflow 25 years later. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶7].

**IV. THE CORPS' DREDGING OPERATIONS CAUSED HARM TO THE LOWER FOX RIVER.**

28. The Corps could have used more environmentally sound practices in its navigational dredging of the Lower Fox River. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶11].

29. Inappropriate dredging practices by and on behalf of the Corps increased the scope and cost of remedial actions at the Lower Fox River Site. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶12].

30. Sidecast disposal of dredged sediments, wood fence coaming on deck barges, barge overflow, and hopper overflow do not, and did not, represent best management practices for contaminated sediment dredging operations at the Lower Fox River Site. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶11].

31. Inappropriate dredging practices by and on behalf of the Corps (i) made high concentrations of suspended sediments available for downstream transport; (ii) directly spread contamination to other, previously uncontaminated areas of the site; and (iii) in some cases removed PCB-contaminated sediment from the bottom of the river (where they presented little biological risk) only to move them to shallow and more biologically rich locations. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶¶5,9].

32. Areas outside of the channel may not have required remediation if inappropriate dredging practices were not used by and on behalf of the Corps. KLR Decl. Ex. 3 [April 30, 2010 Declaration of D. Hayes, ¶10].

Respectfully submitted,

NCR CORPORATION

/s/ Kathleen L. Roach

Counsel for NCR Corporation:
William F. Conlon (IL Bar No. 0499072)
Kathleen L. Roach (IL Bar No. 6191432)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Fax: (312) 853-7036

J. Ric Gass (WI Bar No. 1011998)
GASS WEBER MULLINS LLC
309 North Water Street
Milwaukee, Wisconsin 53202
(414) 224-7697
Fax: (414) 224-6116

Dated: May 3, 2010

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2010, I electronically filed the foregoing using the ECF system, which will send notification of such filing to: Philip Munroe at DiRenzo & Bomier LLC, pmunroe@direnzollc.com; Scott Fleming at Weiss Berzowski Brady LLP, sbf@wbb-law.com; David Mandelbaum at Greenberg Traurig, LLP, mandelbaumd@gtlaw.com; Marc Davies at Greenberg Traurig, LLP, daviesm@gtlaw.com; Sabrina Mizrachi at Greenberg Traurig, LLP, mizrachis@gtlaw.com; Monique Mooney at Greenberg Traurig, LLP, mooneym@gtlaw.com; Caleb Holmes at Greenberg Traurig, LLP, holmesc@gtlaw.com; Patrick Zaepfel at Kegel Kelin Almy & Grimm, LLP, zaepfel@kkaglaw.com; Philip Hunsucker at Hunsucker Goodstein & Nelson PC, phunsucker@hgnlaw.com; David Rabbino at Hunsucker Goodstein & Nelson PC, drabbino@hgnlaw.com; Christopher Dow at Hunsucker Goodstein & Nelson PC, cdow@hgnlaw.com; Allison McAdam at Hunsucker Goodstein & Nelson PC, amcadam@hgnlaw.com; Eric Mroz at Hunsucker Goodstein & Nelson, P.C, mroz@hgnlaw.com; David Edquist at von Briesen & Roper, s.c., dedquist@vonbriesen.com; Christopher Riordan at von Briesen & Roper, s.c., criordan@vonbriesen.com; Patrick Wells at von Briesen & Roper, s.c., pwells@vonbriesen.com; Russell Wilson at Ruder Ware, rwilson@ruderware.com; Linda Benfield at Foley & Lardner LLP, lbenfield@foley.com; Sarah Slack at Foley & Lardner LLP, sslack@foley.com; Charles Gering at Foley & Lardner LLP, cgering@foley.com; Michelle Gale at Dykema Gossett PLLC, mgale@dykema.com; Joseph Basta at Dykema Gossett PLLC, jbasta@dykema.com; Daniel Murray at Johnson & Bell, Ltd., murrayd@jbltd.com; Garrett Boehm, Jr. at Johnson & Bell, Ltd., boehmg@jbltd.com; Frederick Mueller at Johnson & Bell, Ltd., muellerf@jbltd.com; John Cermak, Jr. at Baker & Hostetler LLP, jcermak@bakerlaw.com; Sonja Inglin at Baker & Hostetler LLP, singlin@bakerlaw.com; Timothy Anderson at Remley & Sensenbrenner, S.C., tanderson@remleylaw.com; Thomas O'Donnell at Calfee Halter &

Griswold LLP, todonnell@calfee.com; William Coughlin at Calfee Halter & Griswold LLP, wcoughlin@calfee.com; Ted Waskowski at Stafford Rosenbaum LLP, twaskowski@staffordlaw.com; Richard Yde at Stafford Rosenbaum LLP, ryde@staffordlaw.com; Meg Vergeront at Stafford Rosenbaum LLP, mvergeront@staffordlaw.com; Lora L. Zimmer at Hinshaw & Culbertson LLP, lzimmer@hinshawlaw.com; William Mulligan at Davis & Kuelthau, s.c., wmulligan@dkattorneys.com; Kevin Lyons at Davis & Kuelthau, s.c., klyons@dkattorneys.com; Tara Mathison at Davis & Kuelthau, s.c., tmathison@dkattorneys.com; Elizabeth Miles at Davis & Kuelthau, s.c., emiles@dkattorneys.com; Thomas Schrimpf at Hinshaw & Culbertson LLP, tschrimpf@hinshawlaw.com; Paul Kent at Anderson & Kent, S.C., pkent@andersonkent.com; Waltraud Arts at Anderson & Kent, warts@andersonkent.com; James P. Walsh at the Appleton City Attorney's Office, jim.walsh@appleton.org; Ian Pitz at Michael Best & Friedrich, LLP, iapitz@michaelbest.com; Allison Swanson at the City of Green Bay, allisonsw@ci.green-bay.wi.us; Ted Warpinski at Friebert, Finerty & St. John, S.C., taw@ffsj.com; S. Todd Farris at Friebert, Finerty & St. John, S.C., stf@ffsj.com; M. Andrew Skwierawski at Friebert, Finerty & St. John, S.C., mas@ffsj.com; Scott Hansen at Reinhart Boerner Van Deuren s.c., shansen@reinhartlaw.com; Steven Bogart at Reinhart Boerner Van Deuren s.c., sbogart@reinhartlaw.com; John Van Lieshout at Reinhart Boerner Van Deuren s.c., jvanlieshout@reinhartlaw.com; David Frank at Reinhart Boerner Van Deuren s.c., dfrank@reinhartlaw.com; Thomas Gottshall at Haynsworth Sinkler Boyd, P.A., tgottshall@hsblawfirm.com; Stephen McKinney at Haynsworth Sinkler Boyd, P.A., smckinney@hsblawfirm.com; William Harbeck at Quarles & Brady LLP, whh@quarles.com; David Strifling at Quarles & Brady, LLP, dstrifli@quarles.com; Nancy Peterson at Quarles &

Brady LLP, nkp@quarles.com; Susan Lovern at von Briesen & Roper, s.c., slovern@vonbriesen.com; Thomas Armstrong at von Briesen & Roper, s.c., tarmstro@vonbriesen.com; Michael P. Carlton at von Briesen & Roper, s.c., mcarlton@vonbriesen.com; Kelly Noyes at von Briesen & Roper, s.c., knoyes@vonbriesen.com; Arthur Foerster at Latham & Watkins LLP, Arthur.Foerster@law.com; Margrethe Kearney at Latham & Watkins LLP, Margrethe.Kearney@lw.com; Mary Rose Alexander at Latham & Watkins LLP, Mary.Rose.Alexander@lw.com; Ernest Getto at Latham & Watkins LLP, Ernie.Getto@lw.com; Karl Lytz at Latham & Watkins LLP, Karl.Lytz@lw.com; Andrea Hogan at Latham & Watkins LLP, Andrea.Hogan@lw.com; Patrick J. Ferguson at Latham & Watkins LLP, Patrick.Ferguson@lw.com; Nathan Fishbach at Whyte Hirschboeck Dudek S.C., nfishbach@whdlaw.com; Jan Conlin at Robins, Kaplan, Miller & Ciresi L.L.P., jmconlin@rkmc.com; Sarah Lindsey at Warner Norcross & Judd LLP, slindsey@wnj.com; Steven Kohl at Warner Norcross & Judd LLP, skohl@wnj.com; Thomas Andreoli at Sonnenschein Nath & Rosenthal LLP, tandreoli@sonnenschein.com; Matthew Adams at Sonnenschein Nath & Rosenthal LLP, madams@sonnenschein.com; Randall Stone at U.S. Department of Justice, randall.stone@usdoj.gov; Joshua Levin at U.S. Department of Justice, joshua.levin@usdoj.gov; Matthew R. Oakes at U.S. Department of Justice, matthew.oakes@usdoj.gov; Perry Rosen at U.S. Department of Justice, perry.rosen@usdoj.gov; Michael Hermes at Hermes Law, Ltd., mlh@hermeslawltd.com; Brandon Evans at Hermes Law, Ltd., bje@hermeslawltd.com; Anthony Steffeck at Hermes Law, Ltd., ajs@hermeslawltd.com; Heidi D. Melzer at Hermes Law, Ltd., hdm@hermeslawltd.com; Dennis Birke at DeWitt Ross & Stevens S.C., db@dewittross.com; Ronald Ragatz at DeWitt Ross & Stevens S.C., rrr@dewittross.com; Megan Senatori at DeWitt Ross & Stevens S.C., ms@dewittross.com; J.

Ric Gass at Gass Weber Mullins LLC, gass@gasswebermullins.com David Turek at Gass Weber Mullins LLC, turek@gasswebermullins.com.

 

        NCR CORPORATION

        s/ Kathleen L. Roach
        By: One of Its Attorneys