IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>    Plaintiffs,<br> v.<br><br>GEORGE A. WHITING PAPER<br>COMPANY, *et al.*,<br><br>    Defendants. | No. 08-CV-16-WCG |

## DEFENDANTS'[1] MOTION AND MEMORANDUM SEEKING CLARIFICATION UNDER RULE 60(a) REGARDING THE COURT'S MARCH 1, 2011 DECISION AND ORDER CONCERNING NATURAL RESOURCE DAMAGE COSTS

In the Court's February 28, 2011 Decision and Order (the "February 2011 Decision"), the Court concluded, based on the equities, "that Defendants are entitled to full contribution from the Plaintiffs for OU2-OU5 cleanup costs." Dkt. 1080, at 19. When the Court discussed Defendants' claims for prospective relief to address natural resource damages ("NRDs") at the Lower Fox River and Green Bay Site ("the Site"), however, the Court stated that:

> Plaintiffs also raise a specific objection in arguing that the Defendants are not entitled to obtain natural resource assessment costs and damages because they lack standing. The Defendants have not responded to this argument, and in fact they made a similar argument in seeking dismissal of Plaintiffs' own claims. Because private parties lack standing to seek natural resource damages, the motion will be denied to the extent it seeks such damages.

*Id.* at 28.

---

[1] This motion is filed by WTM I Company and joined by Defendants CBC Coating Inc., the City of Appleton, Neenah-Menasha Sewerage Commission, P.H. Glatfelter Company, Menasha Corporation and U.S. Paper Mills Corp. These parties are collectively referenced herein as "Defendants."

Defendants seek clarification of the February 2011 Decision in light of the Court's August 20, 2008 Decision and Order (the "August 2008 Decision") regarding recovery of NRD payments. In the August 2008 Decision, the Court ruled that while the Plaintiffs lacked standing under CERCLA[2] Section 107, overpayments of NRDs are recoverable under CERCLA Section 113. It is our understanding, based on the Court's above-quoted statement in the February 2011 Decision, that the Court meant to refer to the lack of standing under CERCLA Section 107. There is no dispute that private parties lack standing to bring claims for NRDs under CERCLA Section 107.[3]

Here, Defendants are not seeking recovery of damages for injuries to their *own* natural resources under Section 107. Instead what they are seeking is recovery of overpayments they have made to federal, state or tribal Trustees for NRDs under CERCLA Section 113. Those overpayments are what this Court ruled are recoverable under CERCLA Section 113, in its August 2008 Decision, and the overpayments are the basis upon which Defendants seek recovery for NRDs here, along with declaratory relief under CERCLA Section 113(g)(2)(B).

**I.     Defendants' NRD Costs Are Recoverable under Section 113 as this Court has Already Ruled.**

In its August 2008 Decision, the Court correctly ruled that Plaintiffs cannot maintain a CERCLA Section 107(a) claim, and, more specifically, that Plaintiffs cannot maintain a CERCLA Section 107(a) claim for NRDs:

> As discussed above, **Plaintiffs' overpayments [for NRDs], if any, are recoverable under § 113**(a), and they therefore have no claim under § 107(a). Even aside from this, however, Plaintiffs have not cited any authority suggesting that private parties can use § 107(a) to recover for natural resources damages, regardless of whether a § 113(f) contribution claim is available or not. Based on

---

[2] The Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et seq*. ("CERCLA").
[3] In the briefing underlying the Court's August 2008 decision, Defendants argued that "[p]rivate plaintiffs, like NCR and API, may not assert claims to recover natural resource damages under section 107(a)(1-4)(C)." Dkt. 58 at 5.

the authority cited by the moving parties, I conclude that they cannot. Accordingly, that portion of Count I seeking recovery of natural resources damages [under Section 107] will be dismissed for this reason as well.

Dkt. 227 at 15 (emphasis added). The Court carefully explained that NCR and API are not entitled to maintain a CERCLA Section 107 claim and concluded:

In sum, the costs at issue here were incurred by the Plaintiffs in an effort to discharge the liability they claim to hold in common with the Defendants. Plaintiffs allege that they paid more than their proportionate share of such liability and thus are entitled to recover the excess they paid from those Defendants who have failed to pay their proportionate share. This is a claim for contribution specifically authorized under § 113(f). Since any excess payments made by Plaintiffs are recoverable, if at all, under that section, they have no need to resort to § 107(a). Count One will therefore be dismissed.

*Id.* at 14-15. Thus, in the August 2008 Decision, the Court held that NRD costs paid by a party over and above its equitable share are recoverable in contribution under CERCLA Section 113, but not Section 107(a).

In their briefs underlying the February 2011 Decision, Defendants admittedly spent little discussion on the recoverability of NRDs under CERCLA Section 113 because Defendants believed the question had already been decided by the Court in the August 2008 Decision. Several of Defendants' briefs relied on the August 2008 Decision for the proposition that NRD overpayments are recoverable by private parties under CERCLA Section 113, even though private parties lack standing to bring claims for NRDs under CERCLA Section 107. *See* Dkt. 878 at 25-26; Dkt. 894 at 11-12. As to declaratory relief, the Defendants referenced CERCLA Section 113(g), providing in relevant part: "In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or *damages* that will be binding on any subsequent action or actions to recover further response costs or *damages*." Dkt. 915 at 22 (emphasis added).

3

While Plaintiffs themselves have asked this Court to "determine *the parties'* proper allocable shares with respect to Lower Fox River Costs *and damages*," Dkt. 265 ¶ 177 (emphasis added), they opposed Defendants' motion for declaratory relief stating that "private parties lack standing to bring an action for NRDs," citing this Court's August 2008 Decision. Yet Plaintiffs' citation to the August 2008 Decision is to the very page at which the Court decided that although Plaintiffs have no claim under CERCLA Section 107 because of a lack of standing, their overpayments (if any) to natural resource trustees are recoverable under CERCLA Section 113. The Court's August 2008 Decision was correct,[4] and granting Defendants the relief they have requested on NRD payments is consistent with the Court's August 2008 Decision on NRD payments and the February 2011 Decision on cleanup costs.

---

[4] The Court's August 2008 Decision -- that costs incurred to assess or otherwise address NRDs, like cleanup costs, are subject to contribution under CERCLA Section 113 -- is consistent with the holdings of other courts. *See Amoco Oil v. Dingwell*, 690 F. Supp. 78, 85 (D. Me. 1988) (having settled government claims for response costs and natural resource damages, the plaintiffs had a legal and factual basis for a contribution claim under CERCLA); *cf Champion Laboratories, Inc. v. Metex Corp.*, No. 02-5284, 2008 WL 1808309 (D.N.J. April 21, 2008) (deciding, on motion to dismiss, that plaintiff could bring claim for contribution under CERCLA Section 113(f)(3)(B) for plaintiff's prior settlement of CERCLA NRDs with state government). Indeed, the NRDs at the Site arise from the same releases of PCBs as the cleanup costs.

## CONCLUSION

In the Court's August 2008 Decision, the Court ruled that overpayments of NRDs are recoverable under CERCLA Section 113. Defendants respectfully ask that the Court clarify that the relief granted by the Court in its February 2011 Decision includes recovery on Defendants' CERCLA Section 113 claims for their overpayments of NRDs, and a declaration that the Plaintiffs are liable to Defendants not only for costs of cleanup but also for any NRDs paid to the federal, state or tribal Trustees.

Dated: March 29, 2011                                                                 Respectfully Submitted,

| | |
|---|---|
| /s/ Nancy K. Peterson | /s/ David G. Mandelbaum |
| Nancy K. Peterson (Wis. Bar No. 1000197 | Marc E. Davies |
| Peter C. Karegeannes (Wis. Bar No. 1015025) | Monique M. Mooney |
| William H. Harbeck (Wis. Bar No. 1007004) | Sabrina Mizrachi |
| QUARLES & BRADY LLP | Caleb J. Holmes |
| 411 East Wisconsin Avenue | GREENBERG TRAURIG, LLP |
| Milwaukee, WI 53202 | Two Commerce Square, Suite 2700 |
| Telephone: 414_-277-5000 | 2001 Market Street |
| E-mail: nancy.peterson@quarles.com | Philadelphia, PA 19103 |
| | Telephone: 215-988-7800 |
| *Attorneys for Defendant WTM I Company* | Email: mandelbaumd@gtlaw.com |
| | |
| | *Attorneys for Defendant P.H. Glatfelter Company* |

/s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
Von Briesen & Roper, s.c.
411 E. Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: 414-276-1122
Email: slovern@vonbriesen.com

*Attorneys for Defendant CBC Coating, Inc.*

/s/ Scott W. Hansen
Scott W. Hansen
Steven P. Bogart
Reinhart Boerner Van Deuren s.c.
1000 N. Water Street, Suite 1700
P.O. Box 2965
Milwaukee, WI 53202
Telephone: 414-298-1000
Email: sbogart@reinhartlawa.com

Thomas R. Gottshall
Stephen F. McKinney
Haynsworth Sinkler Boyd PA
1201 Main Street, Suite 2200
P.O. Box 11889
Columbia, SC 29211-1889
Telephone: 803-779-3080
Email: tgottshall@hsblawfirm.com

*Attorneys for Defendant U.S. Paper Mills Corp.*

/s/ William J. Mulligan
William J. Mulligan (#1008465)
Kevin J. Lyons (#1013826)
Elizabeth K. Miles (#1064284)
Davis & Kuelthau, s.c.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: 414-276-0200
Email: wmulligan@dkattorneys.com

*Attorneys for Defendant Neenah Menasha Sewerage Commission*

/s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone: 925-284-0840
Email: phunsucker@hgnlaw.com

*Attorneys for Defendant Menasha Corporation*

/s/ Paul G. Kent
Paul G. Kent (#1002924)
Richard C. Yde (#1013600)
Ted Waskowski (#1003254)
Stafford Rosenbaum LLP
222 W. Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: pkent@staffordlaw.com

James P. Walsh (#1009328)
Appleton City Attorney's Office
100 North Appleton Street
Appleton, WI 54911-4702
Telephone: 920-832-6423
Email: jim.walsh@appleton.org

*Attorneys for Defendant City of Appleton*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, I electronically filed Defendants' Motion and Memorandum Seeking Clarification Under Rule 60(a) Regarding the Court's March 1, 2011 Decision and Order Concerning Natural Resource Damage Costs using the ECF system which will send notification of such filing by operations of the Court's electronic systems. Parties may access this filing through the Court's electronic system.

/s/Andrea B. Carskadon
Andrea B. Carskadon
Assistant to William H. Harbeck
QUARLES & BRADY LLP
411 E. Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497