


**U.S. Department of Justice**

Environment and Natural Resources Division

LJG:JML
90-11-6-18414

*Joshua M. Levin*   *Telephone (202) 514-4198*
*Environmental Defense Section*   *Facsimile (202) 514-8865*
*P.O. Box 23986*
*Washington, DC 20026-3986*

April 6, 2011

VIA ECF NOTIFICATION AND U.S. MAIL

Honorable William C. Griesbach
United States District Court
Green Bay Division
125 South Jefferson Street
P.O. Box 22490
Green Bay, WI 54305-2490

    Re:    NCR v. Kimberly-Clark Corp., Civ. Action No. 08-cv-00895 (E.D. Wis.) and Appleton Papers Inc. v. George A. Whiting Paper Co., Civ. Action No. 08-cv-00016 (E.D. Wis.) (consolidated).

Dear Judge Griesbach:

    This letter is sent in response to the Court's bench order from March 30, 2011, which invited the parties to submit their views regarding the appropriate schedule to be used to govern remaining phases of this case.

    Following the Court's March 1, 2011, ruling granting the United States summary judgment on NCR's claim against the Army Corps of Engineers, only one party's claims remain pending against the federal government in this consolidated action, *i.e.*, Menasha's third-party complaint based on the dredging and recycling practices of the Corps and various other federal agencies. At last week's scheduling conference, Menasha's counsel confirmed that Menasha had no interest in resuming discovery on its third-party complaint against the United States at this time. Indeed, earlier today, Menasha filed an expedited motion to dismiss its third-party complaint against the United States (Dkt. No.1112). The proposed scheduling order filed earlier today on behalf of Plaintiffs and certain Defendants (Dkt. No. 1111) also identifies the "remaining issues" as to which discovery in this matter shall be limited. Menasha's third-party claim against the United States is not identified. It is thus apparent that the next phase of litigation in this matter is one in which the federal government, in its capacity as a defendant, will play little to no role.

    Accordingly, regardless of the scope of discovery this Court allows on others' claims, in the interests of judicial economy and consideration of the parties' resources, the Court should not authorize the propounding of written or oral discovery against the United States. Nor should it authorize discovery against the City of Green Bay and Brown County, both of whom are PRPs (based on theories associated with Corps dredging) that may soon resolve their liability to the United States and their exposure to other PRPs' contribution claims.

The proposed Consent Decree lodged by the United States and the State of Wisconsin (collectively, the "Governments") in *United States v. NCR Corp.,* No. 10-cv-910 (E.D. Wis.) ("*Enforcement Action"),* if entered by the Court, would "resolve all CERCLA liabilities of the United States at the Site and afford statutory protection against contribution claims." Enforcement Action, Dkt. No. 106, at 2. If entered, the lodged Consent Decree would also resolve the liability of Green Bay and Brown County. As a matter of law, the United States, Green Bay and Brown County would obtain protection from claims by third parties for the matters addressed in the Consent Decree, 42 U.S.C. § 9613(f)(2), and these parties' exposure to other PRPs' contribution claims for such matters – both in the Enforcement Action and in this case – would end.

Although Menasha's third-party complaint in this case has not yet been dismissed, in light of the lodged Consent Decree that would resolve the liability of the United States, Brown County and Green Bay, at a minimum, the Court should specify in any scheduling order that all discovery in this case against these parties be stayed until further other of this Court.

The United States' position on this question is unaffected by the outcome of the "Joint Motion to Strike or Dismiss all Counterclaims and Cross-Claims," now before the Court in the Enforcement Action (Dkt. No. 106). In that motion, the Governments request that the Court strike or dismiss the contribution counterclaims filed in the Enforcement Action, and that it grant the relevant parties "conditional leave to re-file any non-duplicative claims as CERCLA§ 113 contribution claims" in these consolidated cases only if the Governments "inform the Court that they no longer support the proposed Consent Decree or if the Court declines to enter the proposed Consent Decree." *Id.* at 2-3. Because neither of these conditions have occurred, the counterclaims in the Enforcement Action provide no basis to support discovery against the United States in this case at this time.

We are pleased to answer questions the Court may have regarding this letter.

                                                            Respectfully submitted,

                                                             s/ Joshua M. Levin
                                                             Joshua M. Levin

cc:      Service List