IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and <br> NCR CORPORATION, <br>        Plaintiffs, <br>   v. <br> GEORGE A. WHITING PAPER <br> COMPANY, et al., <br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 08-CV-00016-WCG |

**DEFENDANT GEORGIA-PACIFIC LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS NCR CORPORATION'S AND APPLETON PAPERS INC.'S AMENDED RENEWED MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

## I. INTRODUCTION

Plaintiffs' ("NCR/API") claims and Georgia-Pacific LLC's ("GP") counter-claims are based on the same cause of action (CERCLA Section 113) and concern the exact same scope of Fox River response costs and natural resource damage payments ("NRDs"). Moreover, these claims and counter-claims have already been found to be subject to allocation based on the same set of equitable factors.[1] They truly are reverse sides of the same coin.

As the case now stands: (1) Plaintiffs' Section 107 and 113 claims have been denied; (2) Defendants' Section 113 counter-claims for past response costs and NRDs in OU 2-5 have been

---

[1] In addition to its CERCLA Section 113 claims, GP also asserted common law claims based on nuisance theories. Following resolution of the final amount of GP's recovery, if Plaintiffs will enter a tolling agreement with GP on the nuisance claims, GP will dismiss them without prejudice pending the outcome of Plaintiffs' appeal, and dismiss them with prejudice should their appeals be denied.

granted, subject only to determining the amount of insurance offsets and, in GP's case, resolving factual issues as to a small subset ($2.7 million) of GP's $83 million claim; and (3) declaratory judgment for contribution has been entered against the Plaintiffs for any appropriate future response costs and NRDs sought by the natural resource damage trustees that the Defendants incur in OU 2-5. Apart from the minor insurance offset and response cost accounting issues, all that remains to be decided is Plaintiffs' liability under CERCLA as an "arranger."[2]

As explained below, Plaintiffs' claims so overlap with the Defendants' counter-claims as to be inappropriate for certification under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). Certifying their claims for interlocutory review would result in highly disfavored, piecemeal appeals that would require the Seventh Circuit to revisit the same facts and legal theories on at least two separate occasions.[3] Moreover, and despite their contentions to the contrary, Plaintiffs will not suffer any genuine prejudice from the denial of their motion. Dkt. #1098 ("54(b) Mot."). For these and the other reasons explained below, GP respectfully urges the Court to deny this motion.[4]

---

[2] GP is interested and will remain involved in the resolution of this issue because: (1) Plaintiffs' arranger status is an important alternative basis for their liability, and; (2) it completely nullifies their (otherwise non-meritorious) claims that Fox River costs and damages are divisible based on volume of PCBs discharged since Plaintiffs in fact are liable for the releases from Defendants' recycling plants as well as for the discharges from their own production facilities.

[3] Furthermore, a precipitous certification poses a high risk of actually lengthening the time for final resolution of this action. As the Court is aware, under circumstances like this the Seventh Circuit may reject the appeal on its own for want of jurisdiction. *See, e.g., Kerr-McGee Chem. Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857 (7th Cir. 2009).

[4] P.H. Glatfelter Company is also filing an opposition to Plaintiffs' Rule 54(b) motion, which has been joined by certain other Defendants. GP agrees with the arguments in that opposition brief, but has chosen to file a separate opposition to address GP-specific issues.

## II. ARGUMENT

### A. Plaintiffs' Claims Significantly Overlap with Defendants' Counter-Claims and Therefore Are Not Appropriate for Rule 54(b) Certification

In the Seventh Circuit, Rule 54(b) certification is only appropriate where "the subjects of the partial judgment do not overlap with those remaining in the district court." *R.D. Lottie v. West Am. Ins. Co.,* 408 F.3d 935, 938-39 (7th Cir. 2005). Only truly separate claims, i.e., those with minimal factual overlap, or judgments that resolve *all* disputes with respect to one party, may be certified for appeal. *See Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1999). As the Seventh Circuit has explained:

> The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

*Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997).

In this case, there is an absolute identity of the facts, equitable factors, response costs, NRD payments and legal theories at issue in the Plaintiffs' claims (which Plaintiffs argue should be certified for appeal now) and the Defendants' counter-claims (which Plaintiffs – not surprisingly – would prefer to leave behind). Separate appeals of the Plaintiffs' claims and the Defendants' counter-claims would therefore result in precisely the type of duplicative, piecemeal appeals that are disfavored by the Seventh Circuit and not authorized by Rule 54(b). *See, e.g., Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 592 (7th Cir. 1990); *ITOFCA, Inc. v. MegaTrans Logistics, Inc.,* 235 F.3d 360, 364 (7th Cir. 2000); *Cadleway Props v. Ossian State Bank,* 478 F.3d 767, 769 (7th Cir. 2007).[5]

---

[5] Plaintiffs have also requested certification of the Court's November 18, 2009 denial of their motion to amend their complaint to add CERCLA Section 107(a) claims. *See* 54(b)

3

### B. Defendants' Section 113 Counter-Claims for Past Response Costs and Damage Payments Should be Reduced to Money Judgments Before any Aspect of the Case Is Certified for Appeal

In CERCLA actions, the Seventh Circuit has held that a case is not ready for appeal if questions remain regarding the amount of response costs and NRD over-payments to be awarded. *See Kerr-McGee Chem. Corp.,* 570 F.3d at 857. The Court has already found Plaintiffs liable under Section 113 for the past costs and NRDs incurred by the OU 2-5 parties (i.e., CBC Coating, US Paper, and GP), and has granted GP summary judgment for the vast majority of its $83 million in past costs and damages. The remaining insurance offset and cost documentation issues for GP's counter-claims are minor matters that can be addressed promptly and with little additional discovery. In fact, GP is currently working with NCR/API to provide them with the necessary discovery on these issues, which GP has sought to do for over a year. Thus, it would make no sense whatsoever for the Court to certify the Plaintiffs' claims for appeal without – at a minimum – also finalizing GP's award and certifying the Court's February 28, 2011 Decision and Order, Dkt. # 1080, for appeal as well.

### C. The Plaintiffs Will Not Be Genuinely Prejudiced If Their Denied Claims Are Not Certified for Immediate Appeal

Plaintiffs complain that further delay in their taking an appeal will prejudice them because other settlements may be reached that will deny their ability to pursue contribution against settling Defendants. *See* 54(b) Mot. at 14-15. Plaintiffs also claim that, in the absence of

---

Mot. at 1. Decisions denying motions to amend are not immediately appealable and should be reviewed only after there is a final judgment. *See, e.g., Gaines v. White River Envtl. P'ship,* 202 F.3d 273, 2000 WL 6199, *2 (7th Cir. Jan 3, 2000) ("A decision on a motion to amend a complaint is not immediately appealable, but rather is reviewable at the end of a case."); *Wingerter v. Chester Quarry Co.,* 185 F.3d 657, 662 (7th Cir. 1999) (noting that because a "managerial" order granting leave to file an amended complaint is "reviewable at the end of the case, [it is] not immediately appealable") (internal citations omitted).

4

an immediate appeal, they will be forced to bear the entire cleanup cost for the Fox River remedial action. *Id.* at 15. Neither complaint is well-founded.

First, this Court will not approve a CERCLA settlement extending contribution protection to any Defendant unless the settlement is fair and reasonable. *See United States v. Fort James Operating Co.*, 313 F. Supp. 2d 902, 906-07 (E.D. Wis. 2004) (Adelman, J.); *see also United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85 (1st Cir. 1990) ("[T]he trial court's review function is only to satisfy itself that the settlement is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve.") (internal quotation marks and citations omitted). The Plaintiffs have the right to challenge proposed settlements and have done so in the past. *See, e.g.*, Joint Opposition of NCR Corporation and Appleton Papers Inc. to Plaintiffs' Motion to Enter Consent Decree with Georgia-Pacific Consumer Products LP, *United States v. NCR Corp. et al.,* No. 10-C-910 (E.D. Wisc. Jan. 31, 2011), Dkt. # 91. If Plaintiffs were to *correctly* contend that a settlement was not fair or reasonable, it would not be approved.[6] Moreover, one of the factors specifically provided by CERCLA to encourage early settlement is the fact that non-settling and late-settling parties assume the risk of paying more than they would have had they settled earlier. *See, e.g., Comm'r of Dep't of Planning & Natural Res. v. Esso Standard Oil Co., S.A. (In re: Tutu Water Wells CERCLA Litigation),* 326 F.3d 201, 208 (3d Cir. 2003); *United States v. SEPTA*, 235 F.3d 817, 824-35 (3d Cir. 2000); *United States v. DiBiase*, 45 F.3d 541, 546 (1st Cir. 1995) ("the statutory scheme contemplates that those who are slow to settle ought to bear the risk of paying more…."). Thus, Plaintiffs have significant procedural

---

[6] This Court recently approved the consent decree between GP and the United States and State of Wisconsin. *Id.* at Dkt. # 130 [Order Approving Consent Decree]. The Court correctly determined that the settlement was fair and reasonable, and rightly rejected NCR/API's claims that they would be prejudiced by the settlement and/or that the settlement amounted to a "taking."

5

SF\826163.5
Case 2:08-cv-00016-WCG Filed 04/18/11 Page 5 of 8 Document 1120

protections against unfair or unreasonable settlements, could perhaps themselves reach a settlement with the governments that is more favorable than the litigation outcomes they are now facing, and therefore have no legitimate complaint that other settlements would unfairly prejudice them. In addition, since settlements with the government can occur at any time, the prospect of another party receiving contribution protection is omnipresent. It is not unique to this case or any case, so this prospect – like any other which would always apply – should play no part in the Court's analysis under Rule 54(b).

Second, Plaintiffs' suggestion that an immediate appeal would provide a meaningful opportunity for them to avoid having to pay for the remaining remedial action is also without merit. Even if any aspect of this case were certified for immediate appeal and the Seventh Circuit provided some form of relief favorable to the Plaintiffs (which, as explained below, is highly unlikely), the matter would then be remanded for further proceedings before this Court. That entire process could well take over two years to complete. In short, Plaintiffs' argument that an immediate appeal would relieve them from near-term payment obligations disregards the realities of the appellate process.

More importantly, it is highly unlikely that the Plaintiffs will prevail on their appeal. Contribution decisions are made in the exercise of the Court's discretion based on whatever factor(s) the Court deems appropriate. 42 U.S.C. § 9613 (f) (2010) ("In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."); *see also Browning-Ferris Indus. of Ill., Inc. v. Ter Maat*, 195 F.3d 953, 957 (7th Cir. 1999) (characterizing district judge's power as "broad and loose"); *Envtl. Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 509 (7th Cir. 1992) (appropriate equitable factors include knowledge and fault). Appellate review of such decisions is highly

6

deferential, and the decision may be reversed only if there has been an abuse of discretion. *See Browning-Ferris Indus. of Ill.*, 195 F.3d at 959; *see also Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 216 (3d Cir. 2010), *cert. denied sub nom. Carpenter Tech. Corp. v. Agere Sys., Inc.*, 131 S.Ct. 646 (2010). That clearly has not happened in this case.

Finally, even if the Court's denial of the Plaintiffs' contribution claims and its award to the Defendants of their appropriate past and future response costs and NRD payments were reversed, Plaintiffs would have viable Section 113 claims against Defendants without contribution protection for any costs and damages they paid in excess of their equitable share.

The bottom line is that granting the Plaintiffs' request would result in duplicative appeals of intimately related claims and counter-claims, which is precisely the result that Rule 54(b)'s standards are intended to prevent. Additionally, Plaintiffs have significant procedural protections under CERCLA that would protect them from undue prejudice as a result of an unfair or unreasonable settlement, and that would allow them to recover any overpayment of costs or damages in the unlikely event that this Court's rulings were reversed.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 54(b) motion should be denied.

Dated: April 18, 2011                                       Respectfully submitted,

                                                            _/s/ Karl S. Lytz_____
                                                            Karl S. Lytz

                                                            Karl S. Lytz
                                                            CA Bar No. 110895
                                                            Patrick J. Ferguson
                                                            CA Bar No. 252778
                                                            Latham & Watkins LLP
                                                            505 Montgomery St., Ste. 2000
                                                            San Francisco, CA 94111-6538

Telephone: (415) 391-0600
Fax: (415) 395-8095
Karl.Lytz@lw.com
Patrick.Ferguson@lw.com

Mary Rose Alexander
IL Bar No. 6205313
CA Bar No. 143899
Margrethe K. Kearney
IL Bar No. 6286559
Latham & Watkins LLP
233 S. Wacker Dr.
Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com
Margrethe.Kearney@lw.com