IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>    Plaintiffs,<br>v.<br><br>GEORGE A. WHITING PAPER COMPANY,<br>et al.,<br><br>    Defendants. | Case No.: No. 08-CV-00016-WCG<br><br>(Consolidated with Case No. 08-CV-0895) |

**UNITED STATES' RESPONSE TO PLAINTIFFS' AMENDED RENEWED MOTION
FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)**

**INTRODUCTION**

  Defendant, United States of America, submits this memorandum in response to the motion of Plaintiffs NCR Corporation ("NCR") and Appleton Papers Inc. ("API"), to direct the entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure. The United States agrees that this Court, in its discretion, may properly enter partial final judgment pursuant to Rule 54(b) with respect to multiple claims and multiple parties in this action. If the Court determines that entry of partial final judgment is appropriate, however, partial final judgment is also appropriate with respect to NCR's claims against the United States – a fact that is curiously avoided in NCR and API's motion. Rather than seeking entry of final judgment with respect to certain *claims* as required by the Federal Rules, NCR and API improperly seek to limit entry of partial final judgment to *orders* issued by the Court, described as the "November 2009 Order, the December 2009 Order and the Supplemental Orders." Plaintiffs' Amended Renewed Motion ("Mot."), at 1-2 (Dkt. 1097). The relief Plaintiffs seek would serve only to cloud and muddy which claims have been resolved, and which remain. If the Court chooses to enter final

judgment it should do so with respect to specific claims, by specific parties, that have been resolved in this action, including NCR's claim against the United States.

## BACKGROUND

Plaintiffs seek entry of partial final judgment as to several dispositive orders that resolved Plaintiffs' claims against 28 separate defendants. These orders include the Court's December 16, 2009, Order on summary judgment that dismissed Plaintiffs' contribution claims under CERCLA section 113(f), 42 U.S.C. § 9613(f). Plaintiffs argue that this order – with the Court's November 18, 2009, Order denying Plaintiffs' motion for leave to file an eighth amended complaint ("November 2009 Order") – "brought final resolution to Plaintiffs' claims" and that "with no issues on Plaintiffs' claims remaining to be tried," these orders, with the other "Supplemental Orders" dismissing Plaintiffs' contribution claims against certain *de minimis* parties, are now ripe for appeal. Plaintiffs contend that their amended renewed motion for partial final judgment under Rule 54(b) is intended to facilitate that appeal. *See* Plaintiffs' Mem., at 2, 11-12 (Dkt. 1098).

The November 2009 Order, December 2009 Order and Supplemental Orders did not resolve NCR's sole claim against the United States, based on the historical dredging operations of the U.S. Army Corps of Engineers ("Corps"). The Court excluded dredging claims from the Phase I trial at the July 30, 2009, scheduling conference (Dkt. 508 at 15-16), and, accordingly, the United States did not move for summary judgment until after the December 2009 Order was issued. When the United States moved for summary judgment on April 2, 2010, (Dkt. 867, 869), in accordance with the Court's February 10, 2010, scheduling order (Dkt. 826), the United States chiefly relied upon the Court's December 2009 Order and urged that the logic of that ruling

2

"applies with full force to NCR's claims against the United States" as well. Dkt. 869, at 4-5.

Although most of the issues addressed in this Court's most recent, March 2011 Order, concerned Defendants' motions for summary judgment on their counterclaims against Plaintiffs, the March 2011 Order *also* addressed the United States' separate motion for summary judgment on *NCR's affirmative claim* against the United States based on Corps dredging activities. The Court held, in pertinent part, that "the considerations I have explained elsewhere" – in its December 2009 Order – precluded NCR "from receiving contribution from these Defendants," i.e., from the United States. March 2011 Order (Dkt. 1080) at 31. Just as the November 2009 Order, December 2009 Order, and the Supplemental Orders did for all other Defendants, the March 2011 Order "brought final resolution to [NCR's] claims" against the United States and leave "no issues on [NCR's] claims remaining to be tried[.]" Plaintiffs' Mem. at 1, 3, 12.

Plaintiffs' motion acknowledges that the Court's March 2011 summary judgment decision in favor of the United States is "based on the reasoning set forth in the December 2009 Order." Plaintiffs' Mem. at 3 n.3. Nonetheless, for reasons that are unclear, Plaintiffs seek to appeal certain of this Court's orders under Rule 54(b), rather than particular claims asserted against particular Defendants. The orders identified by Plaintiffs do *not* include the Court's ruling in the March 2011 Order, granting the government summary judgment on NCR's claim against the United States.

## ARGUMENT

### A.    Rule 54(b) Applies to "Claims," Not Particular Orders

Plaintiffs "request that the Court enter partial final judgment as to the November and December 2009 Orders," including the Supplemental Orders. Plaintiffs' Mem. at 1 n.1, 2. Entry

3

of judgment with respect to particular orders, rather than claims, is inconsistent with Rule 54(b). Rule 54(b) permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, *claims or parties* only if the Court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). As the Seventh Circuit has stated, "Rule 54(b) permits the entry of a partial final judgment concerning all claims with respect to a party, or all parties with respect to a claim." *Federal Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 663 (7th Cir. 1986). What the Federal Rules do not expressly contemplate, however, is entry of partial final judgment with respect to a particular court order.

The primary purpose of Rule 54(b) partial final judgment is to "prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Historically, federal courts prohibited piecemeal disposal of litigation by allowing only for appeal of final judgments. *See, e.g., Hohorst v. Hamburg-American Packet Co.*, 148 U.S. 262 (1893) (no appeal can be maintained absent entry of a final decree). The Rule 54(b) exception to this historical requirement for a final judgment originally applied only to discrete "claims" and evolved from a concern that a delay in judgment due to the need to resolve factually distinct claims prior to allowing an appeal could result in injustice. Fed. R. Civ. P. 54 advisory committee's note to 1946 Amendment. Final judgment with respect to "parties" was subsequently added to the scope of Rule 54(b) to eliminate ambiguity related to the appealibility of the final resolution of claims against one party, where the same claims remained viable with respect to other parties. Fed. R. Civ. P. 54 advisory committee's note to 1961 Amendment. Partial final judgment under Rule 54(b) is not routinely granted. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).

4

Thus, historically, Rule 54(b) partial final judgment was permitted with respect to the resolution of a particular claim, or resolution of all claims with respect to a particular party, but not with respect to a particular order. Plaintiffs provide no basis to deviate from historical limits of Rule 54(b) in this case.

If this Court were to enter partial final judgment with respect to particular orders, rather than entering partial final judgment with respect to particular claims or parties, the scope of the partial final judgment would remain unclear. Rule 54(b) partial final judgment is intended to clearly demarcate where final judgment has been entered, and the Seventh Circuit has repeatedly affirmed the necessity of a clear, definite, and specific judgment. *See, e.g., Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1999); *Health Cost Controls of Ill., Inc. v. Washington*, 187 F.3d 703, 707-08 (7th Cir. 1999). Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal, or to otherwise allow Plaintiffs to pick and choose which narrow slices of a case they wish to pursue on appeal. *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). To ensure a sufficiently clear, definite, and specific judgment, this Court should issue a partial final judgment with respect to specific claims by Plaintiffs against specific parties. Applying this standard, NCR's claims against the United States would be properly included under Rule 54(b) because NCR's contribution claim has been finally resolved. In fact, following the Court's April 8, 2011, Order granting Menasha's motion to dismiss its third-party complaint against the United States (Dkt. 1114), there are presently no claims against the United States in this case.[1]

---

[1] In at least one case, the Seventh Circuit has held that "Rule 54(b) does not permit entry of a partial final judgment on a claim for contribution." *Factory Mut. Ins. Co.*, 392 F.3d at 924. Because Plaintiffs seek entry of a partial final judgment with respect to their contribution claims,

5

## B. Rule 54(b) Discourages The Severing Of Factually Similar Claims

The Seventh Circuit has "insisted that only parties (and claims) whose legal and factual positions are distinct may appeal on a partial final judgment under Rule 54(b)." *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 709 (7th Cir. 1987). "The issues must be sufficiently separate that the court may deal with one appeal confident that the same problem will not recur on a later appeal in the same case." *Id.* In general, it is "implicit" in Rule 54(b) "that the retained and the appealed claims must be factually distinct." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1366 (7th Cir. 1990). Where there is "some but not complete factual overlap" between nominally separate claims, courts have discretion in fashioning a Rule 54(b) order. *Id.* at 1367 As the Supreme Court has noted, "it [is] proper for the District Judge . . . to consider such factors as . . . whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

While no precise test exists for determining whether there is a just reason to delay entry

---

some consideration of *Factory Mut. Ins. Co.* is warranted. In that case, the Seventh Circuit found that a Rule 54(b) partial judgment was not permitted where plaintiff, an insurer, sued defendant, a prior factory owner, for damages after a printing press exploded. *Id.* at 923. The defendant filed a contribution counterclaim against the plaintiff insurer. *Id.* The Seventh Circuit held that judgment with respect to the contribution counterclaim could not be issued under Rule 54(b) because the underlying liability claim was being actively litigated in district court, and defendant's counterclaim for contribution was dependant on the outcome of plaintiff's liability claim. *Id.* at 924. Here, NCR and API have only contribution claims in this case pursuant to 42 U.S.C. § 9613(f). One of the orders for which Plaintiffs seek a partial final judgment is the November 2010 Order, which denied their motion to file an eighth amended complaint invoking CERCLA section 107(a), 42 U.S.C. § 9607(a). Thus, the "finality" of Plaintiffs' contribution claims does not depend on the outcome of other claims still remaining to be tried by the Defendants, and the factual predicate to the Court's reasoning in *Factory Mut. Ins. Co.* does not exist here.

6

of a partial judgment, clearly the Court should consider the need for judicial economy and avoiding piecemeal appeals in considering whether judgment should be delayed. *See generally* 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2659, at 111-22 (3d ed. 1998). Generally, "[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." *Id.* at 114.

### C. Factors Favoring Entry of a Rule 54(b) Partial Final Judgment Should Include NCR's Claim Against the Corps

As we stated at the March 30, 2011, scheduling conference, the United States does not oppose the thrust of Plaintiffs' arguments regarding the timeliness of a Rule 54(b) partial final judgment as to Plaintiffs' claims, including Plaintiffs' claims against the United States. At this juncture, the Court may reasonably determine that claims resolved by the Court in its November and December 2009 Orders, and the Supplemental Orders, end Plaintiffs' "litigation on the merits and leaves nothing for the court to do but execute the judgment" entered on the summary judgment motions on the claims addressed in those motions. *Plaintiffs' Mem.* at 13; *id.* at 14 ("there are no damages to determine, and no further steps to take before entry of final judgment as to those claims"). These matters can reasonably be viewed as sufficiently distinct and severable from Defendants' unresolved counterclaims that any appeal on the Orders Plaintiffs identify is one, after which "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Co.*, 446 U.S. at 8. If, on the other hand, NCR's claims against the United States were carved out of the partial final judgment, then the risk of repetitious appellate review will be increased.

There are no significant distinguishing characteristics between NCR's claims against the United States and its claims (with those of API) against other Defendants, and the basis for resolution of those claims. Indeed, Plaintiffs acknowledge that the Court's March 2011 Order, as to the United States, was "based on the reasoning set forth in the December 2009 Order." *Plaintiffs' Mem.* at 3 n.3. Although the facts concerning Defendants' paper mill operations and the Corps' historical dredging operations are quite different, the Court's analysis and rationale in its ruling on both sets of claims is effectively the same. If there is "no just reason to delay" entry of partial final judgment as to Plaintiffs' resolved claims against other Defendants, there is similarly no just reason to delay entry of such a judgment with regard to NCR's dredging claims involving the Corps. An NCR appeal of the Court's March 2011 ruling as to the Corps depends heavily on the outcome of Plaintiffs' appeal of the December 2009 Order. Consequently, carving out NCR's claims against the United States from any partial final judgment will increase the possibility of duplicative appeals. Moreover, the interests of the United States could be damaged if the Court deferred the entry of final judgment on the dredging claim – arguably making it more difficult for the United States to be heard on appeal.

"An order is appealable under Rule 54(b) only if the claims designated in the order lack a substantial factual overlap with those remaining in the district court *and there would not be a need for multiple appellate consideration of the same issues*." *Exchange Nat. Bank of Chicago v. Daniels*, 763 F.2d 286, 291 (7th Cir. 1985) (emphasis added). Where there is a great deal of factual or legal overlap between claims, the Seventh Circuit considers separate counts as part of the same claim for purposes of Rule 54(b). *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). Because the factual setting of all of Plaintiffs' claims are related, and because the

legal issues are identical, if the Court chooses to issue a partial final judgment, NCR's claims against the United States should be included.

## CONCLUSION

For the foregoing reasons, if the Court determines to grant Plaintiffs' Amended Renewed Motion for Entry of Partial Final Judgment, it should include NCR's claims against the United States in this case.

FOR THE UNITED STATES:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

 s/ Joshua M. Levin
JOSHUA M. LEVIN
MATTHEW R. OAKES
PERRY M. ROSEN
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington D.C. 20026-3986
Telephone: (202) 514-4198; (202) 514-2686
Facsimile: (202) 514-8865

GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant U. S. Attorney
Eastern District of Wisconsin
State Bar # 1016482
517 E. Wisconsin Ave., Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1723
Facsimile: (414) 297-4394
susan.knepel@usdoj.gov

Dated: April 20, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
Green Bay Division

| | |
|---|---|
| APPLETON PAPERS, INC. and<br>NCR CORPORATION,<br><br>           Plaintiffs,<br>v.<br><br>GEORGE A. WHITING PAPER<br>COMPANY, *et al.*,<br><br>           Defendants. | Case No.: No. 08-CV-00016-WCG<br><br>(Consolidated with Case No. 08-CV-0895) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the accompanying UNITED STATES' RESPONSE TO PLAINTIFFS' AMENDED RENEWED MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following persons:

| | | | |
|---|---|---|---|
| Alexandra Reeve Givens | agivens@cravath.com | James E. Braza | jbraza@dkattorneys.com |
| Allison E. McAdam | amcadam@hgnlaw.com | James P. Walsh | jim.walsh@appleton.org |
| Allison C. Swanson | allisonw@ci.green-bay.wi.us | Jan M. Conlin | jmconlin@rkmc.com |
| Andrea M. Hogan | Andrea.Hogan@lw.com | John F. Cermak, Jr. | jcermak@bakerlaw.com |
| Arthur F. Foerster | arthur.foerster@lw.com | John M. Van Lieshout | jvanlieshout@reinhartlaw.com |
| Bradley M. Marten | bmarten@martenlaw.com | Joseph C. Basta | jbasta@dykema.com |
| Brandon J. Evans | bje@hermeslawltd.com | Karl S. Lytz | karl.lytz@lw.com |
| Caleb J. Holmes | holmesc@gtlaw.com | Kathleen L. Roach | kroach@sidley.com |
| Charles K. Schafer | cschafer@sidley.com | Kelly Noyes | knoyes@vonbriesen.com |
| Christopher P. Riordan | criordan@vonbriesen.com | Kevin J. Lyons | klyons@dkattorneys.com |
| Daniel C. Murray | murrayd@jbltd.com | Linda E. Benfield | lbenfield@foley.com |
| David Frank | dfrank@reinhartlaw.com | Linda R. Larson | llarson@martenlaw.com |
| David A. Rabbino | drabbino@hgnlaw.com | Lora L. Zimmer | lzimmer@hinshawlaw.com |
| David G. Mandelbaum | mandelbaumd@gtlaw.com | M. Andrew Skwierawski | mas@ffsj.com |
| David J. Turek | turek@gasswebermullins.com | Marc E. Davies | daviesm@gtlaw.com |
| David J. Edquist | dedquist@vonbriesen.com | Margrethe K. Kearney | margrethe.kearney@lw.com |
| Darin P. McTee | dmcatee@cravath.com | Margaret R. Sobota | msobota@sidley.com |
| Dennis P. Birke | db@dewittross.com | Mary Rose Alexander | mary.rose.alexander@lw.com |
| Elizabeth K. Miles | emiles@dkattorneys.com | Matthew G. Adams | madams@sonnenschein.com |
| Eric W. Ha | eha@sidley.com | Megan A. Senatori | ms@dewittross.com |
| Ericka L. Krumrie | elk@hermeslawltd.com | Meg E. Vergeront | mvergeront@staffordlaw.com |
| Evan R. Chesler | echesler@cravath.com | Meline G. MacCurdy | mmaccurdy@martenlaw.com |
| Evan B. Westerfield | evanwesterfield@sidley.com | Michael P. Carlton | mcarlton@vonbriesen.com |
| Frederick S. Mueller | muellerf@jbltd.com | Michael L. Hermes | mlh@hermeslawltd.com |
| Garrett L. Boehm, Jr. | boehmg@jbltd.com | Michelle A. Gale | mgale@dykeman.com |
| Heidi D. Melzer | hdm@hermeslawltd.com | Monique M. Mooney | mooneym@gtlaw.com |
| Ian A.J. Pitz | iapitz@michaelbest.com | Nancy K. Peterson | nancy.peterson@quarles.com |
| J. Andrew Schlickman | jaschlickman@sidley.com | Nathan A. Fishbach | nfishbach.whdlaw.com |
| J. Ric Gass | gass@gasswebermullins.com | Patrick J. Ferguson | patrick.ferguson@lw.com |

| | | | |
|---|---|---|---|
| Patrick H. Zaepfel | pz@phzlaw.com | Thomas M. Phillips | tphillips@reinhartlaw.com |
| Paul Bargren | pbargren@foley.com | Thomas R. Schrimpf | tschrimpf@hindshawlaw.com |
| Paul G. Kent | pkent@andersonkent.com | Timothy B. Anderson | tanderson@remleylaw.com |
| Patrick L. Wells | pwells@vonbriesen.com | William F. Conlon | wconlon@sidley.com |
| Peter C. Karegeannes | pck@quarles.com | William E. Coughlin | wcoughlin@calfee.com |
| Philip C. Hunsucker | phunsucker@hgnlaw.com | William H. Harbeck | william.harbeck@quarles.com |
| Philip A. Munroe | pmunroe@direnzollc.com | William J. Mulligan | wmulligan@dkattorneys.com |
| Richard C. Yde | ryde@staffordlaw.com | | |
| Ronald R. Ragatz | rrr@dewittross.com | | |
| Russell W. Wilson | rwilson@ruderware.com | | |
| S. Todd Farris | stf@ffsj.com | | |
| Sabrina Mizrachi | mizrachis@gtlaw.com | | |
| Sandra C. Goldstein | sgoldstein@cravath.com | | |
| Sarah A. Slack | sslack@foley.com | | |
| Sarah C. Lindsey | slindsey@wnj.com | | |
| Scott B. Fleming | sbf@wbb-law.com | | |
| Scott W. Hansen | shansen@reinhartlaw.com | | |
| Sonja A. Inglin | singlin@bakerlaw.com | | |
| Steven C. Kohl | skohl@wnj.com | | |
| Stephen F. McKinney | smckinney@hsblawfirm.com | | |
| Steven P. Bogart | sbogart@reinhartlaw.com | | |
| Susan E. Lovern | slovern@vonbriesen.com | | |
| Tara M. Mathison | tmathison@dkattorneys.com | | |
| Ted A. Warpinski | taw@ffsj.com | | |
| Ted Waskowski | twaskowski@staffordlaw.com | | |
| Thomas Armstrong | tarmstro@vonbriesen.com | | |
| Thomas R. Gottshall | tgottshall@hsblawfirm.com | | |
| Thomas R. O'Donnell | todonnell@calfee.com | | |

Dated: April 20, 2011

s/ *Joshua M. Levin*
JOSHUA M. LEVIN
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
Telephone: (202) 514-4198
joshua.levin@usdoj.gov