IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

            Plaintiffs,

            v.                                      No. 08-CV-16-WCG

GEORGE A. WHITING PAPER COMPANY, et al.,

            Defendants.

**PLAINTIFF APPLETON PAPERS INC.'S RESPONSE TO CERTAIN DEFENDANTS' MOTION FOR CLARIFICATION REGARDING THE COURT'S MARCH 1, 2011 DECISION AND ORDER CONCERNING NATURAL RESOURCE DAMAGES**

Plaintiff Appleton Papers Inc. ("API"), by its undersigned attorneys, respectfully submits this Memorandum in response to Certain Defendants' Motion and Memorandum Seeking Clarification Under Rule 60(a) Regarding The Court's March 1, 2011 Decision and Order Concerning Natural Resource Damage Costs. Dkt. #1103.

**INTRODUCTION**

Certain Defendants have asked the Court to clarify that portion of its March 1, 2011 Decision ("Decision") holding that Defendants lack standing to seek contribution for natural resource damages ("NRDs") from Plaintiffs. Dkt. #1080, Decision, p. 28. They ask the Court to affirmatively state that "overpayments" of NRDs may be recovered under CERCLA § 113(f). Dkt. #1103, p. 5. As demonstrated below, granting the requested clarification will not advance resolution of the pending summary judgment motions. Instead, the requested clarification is designed to elicit a ruling from the Court that will allow the Movants to settle their NRD claims and then turn around and seek to

recover their settlement from Plaintiffs. The Court should decline to be a party to this ruse.

## ARGUMENT

**I. THE REQUEST FOR CLARIFICATION IS UNNECESSARY BECAUSE NONE OF THE MOVANTS HAVE INCURRED NRDs THAT ARE PRESENTLY SUBJECT TO RECOVERY UNDER § 113(f).**

Of the seven Defendants who bring the motion for clarification, five of them have not incurred, and have not sought recovery of, past NRDs. *See* Dkt. #905 (CBC's Motion for Summary Judgment); Dkt. #892 (City of Appleton's Motion for Summary Judgment); Dkt. #881 (NMSC's Motion for Summary Judgment); Dkt. #915 (Menasha's Motion for Summary Judgment); Dkt. #858 (US Paper's Motion for Summary Judgment). Since these Defendants have no current contribution claims for NRDs, the clarification they seek will not serve to resolve any issue presently before the Court. Having paid *no* NRDs, a ruling regarding the right to recover *overpayments* of NRDs would be entirely academic.

As for the two Movants that claim to have incurred NRDs for which they seek contribution (WTM and Glatfelter), those NRD payments were paid solely as damages in OU-1. Dkt. #878 (Glatfelter's and WTM's Motion for Summary Judgment), pp. 15-16. As the Court's Decision makes clear, Plaintiffs are not liable under § 113(f) for any costs or damages incurred in connection with OU-1 unless they are found to have arranger liability following a trial (now scheduled for February 2012). Dkt. #1080, p. 12. Therefore, issuing a "clarification" now will serve no purpose, and the issue will become entirely moot if the Court ultimately rules that Plaintiffs have no arranger liability. Therefore, like the other Movants, Glatfelter and WTM have no legitimate purpose for seeking "clarification" at this time.

## II. CLARIFICATION OF MOVANTS' RIGHT TO RECOVER NRDs THAT MAY BE ASSESSED IN THE FUTURE WOULD SERVE NO PURPOSE.

Nor is there any need for the Court to clarify whether Movants may be entitled to recover "overpayments" of NRDs for which they are adjudged liable in the future. First, Movants themselves previously have argued that it would be improper for the Court to enter a declaration as to the right to recover future NRDs and costs. Menasha argued, for example, that "Section 113 does not allow a declaratory judgment for the recovery of costs or NRD." Dkt. #64, p. 10 (Menasha's Memorandum In Support of Its Motion To Dismiss). Likewise, Glatfelter previously asserted that "Plaintiffs cannot sue for a declaratory judgment allocating responsibility for costs no one has yet incurred." Dkt. #58 at 24 of 26. Movants do not explain the reason for their changed position.

Second, if a judgment for NRDs is entered against any of the Movants in the future, that judgment will be based upon the natural resource damages for which that Movant was shown to be causally responsible. Under settled law, a party is liable under CERCLA only for NRDs shown to be causally related to that party's actions. *See, e.g.*, *State of Idaho v. Bunker Hill Co.*, 635 F. Supp. 665, 676 (D. Idaho 1986) (to recover NRDs, "the damage for which recovery is sought must still be causally linked to the act of the defendant."); *United States v. Mottolo*, No. 83-547-B, 1992 WL 67473 at *7 (D.N.H. Dec. 17, 1992) (to recover NRDs, the government is "obligated to . . . connect the injuries to defendants' CERCLA liability."). *See generally* 2 RCRA and Superfund: A Practice Guide (3rd ed) § 14.138:

> Contrary to all other sections involving CERCLA liability, [natural resource] trustees are required to make a showing of causation when prosecuting a claim for natural resource damages. The statutory basis for this rest in the language of § 107(a)(4)(C), which provides that a defendant is liable for natural resource damages "resulting from a release."

- 3 -

Case 2:08-cv-00016-WCG   Filed 04/22/11   Page 3 of 5   Document 1124

Thus, there will be no "overpayments" if judgments for NRDs are entered against the Movants in the future: any such judgment will reflect only the natural resource damage caused by and attributable solely to that Movant. Therefore, again, the ruling Movants are now seeking will serve no purpose as to NRDs that may be assessed in the future.

## III. MOVANTS SEEK THE CLARIFICATION FOR REASONS UNRELATED TO THE PENDING MOTIONS.

For the reasons set forth above, the clarification Movants seek will in no way advance resolution of issues presently before the Court. Instead, Movants seek the ruling for an ulterior, unstated purpose. They seek the ruling so they might negotiate a settlement of NRDs with the Government with the comfort of a declaration by this Court in their back pocket allowing them to recover from Plaintiffs whatever amount they agree to pay in settlement. The Court should not allow itself to be used in this way. The Court should decline to issue what amounts to an advisory opinion on an issue for which a ruling by the Court is not presently needed.

## CONCLUSION

For the reasons stated above, API respectfully requests that the Court deny the relief sought by Defendants in their Motion for Clarification.

Dated this 22nd day of April, 2011.

> Respectfully Submitted,
>
> APPLETON PAPERS INC.
>
> By  /s/ Ronald R. Ragatz
>      One of Its Attorneys

Counsel for Appleton Papers Inc.:

| | |
|---|---|
| Michael L. Hermes (#1019623) | Ronald R. Ragatz (#1017501) |
| Heidi D. Melzer (#1076125) | Dennis P. Birke (#1018345) |
| Brandon J. Evans (#1063940) | Megan A. Senatori (#1037314) |
| Ericka L. Krumrie (#1066383) | DeWitt Ross & Stevens S.C. |
| Hermes Law, Ltd. | Two East Mifflin Street |
| 333 Main Street, Suite 601 | Madison, WI 53703 |
| Green Bay, WI 54301 | (608) 255-8891 |
| (920) 436-9870 | Fax: (608) 252-9243 |
| Fax: (920)436-9871 | |