IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>GEORGE A. WHITING PAPER COMPANY, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 08-CV-16-WCG<br>)<br>)<br>)<br>) |
| NCR CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>KIMBERLY-CLARK CORPORATION, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>) No. 08-CV-895-WCG<br>)<br>)<br>)<br>) |

**NCR CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION SEEKING CLARIFICATION UNDER RULE 60(a)**

    NCR Corporation ("NCR"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion Seeking Clarification Under Rule 60(a) Regarding the Court's March 1, 2011 Decision and Order Concerning Natural Resource Damage Costs ("Motion for Clarification").[1] (Dkt. #1103.) For the reasons set forth below, the Motion should be denied.

---

[1] The Defendants requesting clarification are: CBC Coating Inc., the City of Appleton, Menasha Corporation, Neenah-Menasha Sewerage Commission, P.H. Glatfelter Company, U.S. Paper Mills Corp and WTM I Company.

## SUMMARY OF ARGUMENT

Defendants' Motion for Clarification is not a request for a correction of a clerical error, but instead seeks wholesale reversal of a substantive ruling in the Court's February 28, 2011 Decision and Order, filed March 1 ("March 2011 Order"). Further, it is an attempt to expand the Court's August 20, 2008 Decision and Order ("August 2008 Order") to resolve issues that were in no way before the Court in 2008. Defendants' Motion should be denied on both procedural and substantive grounds.

In its March 2011 Order, the Court explicitly and properly denied Defendants' claims to recover payments for natural resource damages. (Dkt. #1080 at 28.) Defendants now ask the Court to "correct" or "clarify" that substantive ruling by reversing it. Federal Rule of Civil Procedure 60(a) ("Rule 60(a)") is not the vehicle for such relief – it is a limited mechanism for the correction of non-substantive clerical errors or omissions. No doubt Defendants would prefer for the Court to have ruled in their favor regarding natural resource damages in the March 2011 Order. As the Seventh Circuit has held, however, "[t]he past cannot be rewritten; Rule 60(a) allows a court to correct records to show what *was* done, rather than change them to reflect what *should have been done*". *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006).

An examination of the substantive issues that would be involved in a reversal of the March 2011 Order illustrates that Defendants are not entitled to the relief they seek. Defendants' Motion is based on the incorrect assumption that because the Court has ruled that Plaintiffs are liable to certain Defendants in contribution for costs incurred in *response actions* in

OU 2-5,[2] they are somehow necessarily liable in contribution to all Defendants for payments made toward *natural resource damages* throughout the site. However, CERCLA treats the two categories of costs very differently and requires markedly distinct showings for recovery of each type of costs.

An action for natural resource damages, unlike an action for costs of response actions, specifically requires a demonstration that releases *from a defendant's facility* caused the specific injury to the natural resources in question. Any private party seeking such a recovery must directly link its natural resources costs to such releases. Defendants have not made such a showing, and the Court has made no finding that they have in its previous Orders. Defendants cannot use the back-door mechanism of a Rule 60(a) motion to obtain relief that was properly denied by the Court.

## PROCEDURAL HISTORY

Defendants' Motion for Clarification seeks a substantive revision of the Court's March 2011 Order, where the Court specifically held that Defendants are not entitled to recover payments for natural resource damages from Plaintiffs. The Court also ruled that the "Defendants are entitled to contribution from Plaintiffs for expenses incurred in cleaning up OU 2-OU 5, but resolution of expenses relating to OU 1 will require a determination of 'arranger' liability". (Dkt. #1080 at 33.) This aspect of the March 2011 has not been challenged by the Defendants. Therefore, WTM I Company and Glatfelter's claims for both response costs and natural resources damages have been denied.

---

[2] NCR obviously contests that Defendants are entitled to recover any response costs or natural resource damages from NCR and reserves its right to appeal the Court's March 2011 and August 2008 Orders.

Defendants incorrectly assert that, because "'Defendants are entitled to full contribution from the Plaintiffs for OU2-OU5 cleanup costs'", they have been *ipso facto* awarded recovery of payments for natural resource damages at the site. (*See* Dkt. #1103 at 1 (quoting Dkt. #1080 at 19).) In their opposition to Plaintiffs' pending motion under Rule 54(b) for partial final judgment, Defendants state that they "believe" that, despite the Court's use of the word "denied" in the March 2011 Order, "they were awarded a declaration that plaintiffs owe full contribution toward any future natural resource damage liability that defendants may have to pay on claims from a natural resource damages trustee", and that the Motion to Clarify is intended "to confirm this aspect" of the Court's March 2011 Order. (Dkt. #1119 at 1, 2 n.2.)

The Court simply did not do what the Defendants believe should have been done in the August 2008 and March 2011 Orders. First, the Court's August 2008 Decision on Defendants' motion to dismiss Plaintiffs' claims was not – and cannot now be interpreted as – a decision on the merits of Defendants' claims to recover natural resource damages under CERCLA § 113. The relevant portion of the Court's August 2008 Order was limited to addressing the issue before it: whether to dismiss *Plaintiffs' § 107* action for response costs and natural resource damages payments. The Court ruled that Plaintiffs put forth a "claim for contribution specifically authorized under § 113(f)", and that, "[s]ince any excess payments made by Plaintiffs are recoverable, *if at all*, under that section, they have no need to resort to § 107(a)". (Dkt. #227 at 14-15 (emphasis added).) In so holding, the Court did not award *anyone* – Plaintiffs or Defendants – recovery of any category of claimed costs or damages, whether natural resource damages or not, and whether under § 107 or § 113.

Defendants, however, now quote this language from the August 2008 Order as support for the following proposition: "Thus, in the August 2008 Decision, the Court held that

4

[natural resource damages] costs paid by a party over and above its equitable share are recoverable in contribution under CERCLA Section 113, but not Section 107(a)." (Dkt. #1103 at 3.) The Court did not so hold. With respect to payments for natural resource damages specifically, the Court stated merely that "Plaintiffs' overpayments, *if any*, are recoverable under § 113(a), and they therefore have no claim under § 107(a)". (Dkt. #227 at 15 (emphasis added).) Defendants cannot convert the Court's ruling on a motion to dismiss Plaintiffs' claims into a determination that Defendants have been awarded the right to recover their payments for natural resource damages from NCR. The Court could not have decided such an issue in August 2008, because the Defendants' claims under CERCLA § 113 for reimbursement of payments for natural resource damages were not before the Court at that time. Moreover, the Court's wording made it clear it was not finding such a claim to be meritorious, and used carefully selected language ("if at all") to show it was not ruling categorically on the point.

Second, in the March 2011 Order, the Court found Plaintiffs to be liable for Defendants' "expenses incurred in cleaning up OU2-OU5" (Dkt. #1080 at 33), but it also ruled that "[b]ecause private parties lack standing to seek natural resources damages, [Defendants'] motion will be denied to the extent it seeks such damages". (Dkt. #1080 at 28.) The Court correctly distinguished response costs, on the one hand, from damages for injuries to natural resources, on the other, and made clear and separate rulings on the Defendants' claims for these different categories of costs – one of which was to deny Defendants the very relief they now seek.[3]

---

[3] Moreover, Defendants raised the same arguments with respect to the August 2008 Order in support of their natural resource damage claims that the Court denied in the March 2011 Order. (*See* Dkt. #878 at 26-27; #894 at 11-12.)

# ARGUMENT

## I. Defendants Cannot Use Rule 60(a) to Obtain the Relief They Seek, Nor Have Defendants Shown that They Are Entitled to Relief.

### A. Rule 60(a) is not a vehicle for reversal of a decision on the merits.

Relief under Rule 60(a), titled "Corrections Based on Clerical Mistakes; Oversights and Omissions", is limited to motions for the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record". Fed. R. Civ. P. 60(a).

The Court denied all Defendants' motions on summary judgment for recovery of payments for natural resource damages in the March 2011 Order. Rather than seeking to redress an inadvertent mistake, Defendants are in fact requesting the Court to reverse its denial of their summary judgment motion to recover payments for natural resource damages. Defendants' Motion is nothing less than a plea for the Court to rewrite the immediate past. *See Blue Cross & Blue Shield Ass'n*, 467 F.3d at 637. Defendants can use Rule 60(a) only if the supposed "error" in the Court's March 2011 Decision "was by pure inadvertence", *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 341 (7th Cir. 2004), or if "the flaw lies in the translation of the original meaning to the judgment". *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986). If Defendants instead allege that "the judgment captures the original meaning but is infected by error, then [Defendants] must seek another source of authority to correct the mistake". *Id.*

There is neither "inadvertence" nor improper translation in the Court's decision, to say nothing of "oversight or omission". Defendants' requested relief plainly "affects substantive rights of the parties", and is therefore outside the bounds of Rule 60(a). *In re W. Tex.*

*Mktg. Corp.*, 12 F.3d 497, 504-05 (5th Cir. 1994). Defendants' Motion can and should be denied on this basis alone.[4]

### B. The Court properly denied Defendants' requests for summary judgment for contribution for natural resource damages.

An examination of the merits underlying Defendants' Motion demonstrates that they are in fact asking the Court to reverse itself on substantive legal issues and to make factual determinations that are not resolvable under the current record before the Court. This type of "cerebration or research into the law or planetary excursions into the facts" is well beyond the scope of Rule 60(a). *In re W. Tex. Mktg*, 12 F.3d at 505.

In the March 2011 Order, the Court properly distinguished between response costs and payments for natural resource damages. The Court ruled that the OU 1 Defendants' claims for response costs require a trial on NCR's liability as an "arranger", and denied the claims of all Defendants for natural resource damages. Courts have recognized that, under the plain language of CERCLA, "Congress intended to treat 'response actions' differently than 'natural resource damages claims'". *United States v. Asarco Inc.*, Nos. CV 96-0122-N-EJL, CV 91-342-N-EJL, 1998 WL 1799392, at *3 (D. Idaho Mar. 31, 1998) (noting that the definition of "response action" includes only "removal and remedial actions" as set forth in CERCLA § 107(a)(4)(A) and (B)); *see also Richmond Am. Homes of Colo., Inc. v. United States*, 75 Fed.

---

[4] The Court should decline, if it is formally asked to do so, to reconsider its denial of Defendants' claim for payments for natural resource damages. Defendants have not presented timely and adequate grounds for the Court to reconsider its clear March 2011 ruling. *See County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) ("A court may grant a Rule 59(e) motion to alter or amend the judgment if . . . the movant points to evidence in the record that clearly establishes a manifest error of law or fact."); *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) ("[R]ule [60(b)] is not an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'"); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 530 (7th Cir. 2000).

Cl. 376, 394-95 (Fed. Cl. 2007). An action to recover response costs requires different proof and involves different defenses than an action involving natural resource damages.

*First*, CERCLA's plain language does not provide an equitable right to contribution for natural resources damages payments. *See* 42 U.S.C. § 9613(f)(1) ("In resolving contribution claims, the court may allocate *response costs* among liable parties using such equitable factors as the court determines are appropriate." (emphasis added)); *id.* § 9613(f)(3)(B) ("A person who has resolved its liability to the United States . . . for some or all of a *response action* or for some or all of the costs of such action in an . . . administrative or judicially approved settlement may seek contribution . . . ."(emphasis added)); *see also United States v. Atl. Research Corp.*, 551 U.S. 128, 139 (2007) ("[Section] 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under §106 or §107(a) . . . ."). The legislative history underlying Section 113 confirms this reading of the statute. *See* H.R. Rep. No. 99-253(III), at 20 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3038, 3043 (inserting provision that would eventually become Section 113(f)(3)(B) because previous version "had not by its terms affirmatively provided an express right of contribution to parties who settle with the government *for some or all of the costs of a clean-up*" (emphasis added)); H.R. Rep. No. 99-253(I), at 79 (1985), *reprinted in* 1986 U.S.C.C.A.N. 2835, 2861 (Section 113 authorizes contribution when a person "believes that it has assumed a share of the cleanup or cost that may be greater than its equitable share under the circumstances").[5]

---

[5] Defendants cite to two cases in their Motion that purportedly support their entitlement to contribution for natural resource damages under CERCLA § 113. Neither case actually holds that parties are entitled to contribution for such payments. *See Champion Labs., Inc. v. Mextex Corp.*, 2008 WL 1808309 (D.N.J. Apr. 21, 2008) (on a motion to dismiss, holding that a question of fact existed regarding whether particular costs incurred in relation to a consent decree qualified as natural resource damages); *Amoco Oil v. Dingwell*, 690 F. Supp. 78, 85 (D. Me. 1988) (stating that a consent decree triggered a contribution right without holding that the contribution right specifically included contribution for natural resource damages).

*Second*, a singular distinction between actions for response costs and actions for natural resource damages is that only the latter require the plaintiff to satisfy a prima facie element of causation, a showing that the Defendants have not made here. Unlike the provisions authorizing recovery of costs for response actions, CERCLA § 107(a) limits liability for natural resource damages to "damages for injury to, destruction of, or loss of natural resources . . . *resulting from* such a release". 42 U.S.C. § 9607(a)(4)(C) (emphasis added). *Compare id.*, *with* 42 U.S.C. § 9607(a)(4)(A) (authorizing recovery of "costs of removal or remedial action incurred . . . not inconsistent with the national contingency plan), *and id*. § 9607(a)(4)(B) (authorizing recovery of "any other necessary costs of response incurred by any other person consistent with the national contingency plan"). Courts have routinely recognized that natural resource damages claims include a causation element that is, by contrast, wholly absent in claims for response costs. *See Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 889 F.2d 1146, 1154 n.7 (2d Cir. 1989); *Coeur D'Alene Tribe v. Asarco Inc.*, 280 F. Supp. 2d 1094, 1102-03 (D. Idaho 2003); *Idaho v. Bunker Hill Co.*, 635 F. Supp. 665, 674 (D. Idaho 1986) (stating that "[t]he proof" in a natural resource damages claim "must include a causal link between releases and . . . damages which flowed therefrom"). Here, Defendants have only shown that they voluntarily made payments for unspecified natural resource damages but have not established that those payments were for injury or damage "resulting from" a release by NCR. Because this evidence is a mandatory element of their claim that NCR is *liable for* the alleged damages, Defendants' motion seeking recovery of these payments must be denied.

Finally, natural resource damages claims contain a distinct set of defenses that do not apply to actions involving response actions. *See* 42 U.S.C. § 9607(f)(1) (establishing defenses specific to natural resource damages claims, including "irrespective and irretrievable

commitment of natural resources in an environmental impact statement" and no double recovery of damages); *Bunker Hill*, 635 F. Supp. at 674 (defendant may escape liability for natural resources damages by showing that both the release and the resultant damage to natural resources occurred prior to December 11, 1980). There is no record currently before the Court that would allow it to rule on the applicability of those defenses. Defendants' Motion for "clarification" in fact requires resolution of multiple issues, themselves implicating important and substantive legal rights of the parties, that were not before the Court, and that cannot be swept aside at this stage of the proceedings.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion for Clarification.

Dated: April 22, 2011

Respectfully submitted,

NCR CORPORATION

/s/ Evan R. Chesler
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601