IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>              Plaintiffs,<br><br>    v.<br><br>GEORGE A. WHITING PAPER COMPANY, et al.<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 08-CV-16-WCG<br>)<br>)<br>)<br>) |

| | |
|---|---|
| NCR CORPORATION,<br><br>              Plaintiff,<br><br>    v.<br><br>KIMBERLY-CLARK CORPORATION, et al.<br><br>              Defendants. | )<br>)<br>)<br>)<br>) No. 08-CV-895-WCG<br>)<br>)<br>)<br>) |

**ORDER**

On April 2, 2010, Defendant Menasha Corporation ("Menasha") filed a Motion For Summary Judgment For Declaratory Relief in which Menasha specifically stated: "By this motion, Menasha does *not* seek to recover from the Plaintiffs any of the *past* response costs it paid. For purposes of this motion, the response costs Menasha paid serve solely to meet the CERCLA requirement that a party incur response costs prior to obtaining declaratory relief under CERCLA Section 113(g)(2)." Dkt. 915 at 18. Unlike Menasha, certain other Defendants are seeking to recover past response costs they paid from Plaintiffs NCR Corporation ("NCR") and Appleton Papers Inc. ("API") (collectively "Plaintiffs").

On February 28, 2011, the Court granted, in part, Menasha's Motion For Summary Judgment For Declaratory Relief and certain other Defendants' other Motions for Summary Judgment for Contribution relating to response costs incurred or to be incurred at the Lower Fox River and Green Bay Site ("Site"). In light of the Court's February 28, 2011 Decision and Order, and pursuant to the Court's Scheduling Order dated April 12, 2011, the Court has opened discovery on certain issues, including the amount of Defendants' insurance recoveries related to the Fox River, and any other information necessary to determine the amount by which any of the costs sought by Defendants from Plaintiffs are or should be offset by Defendants' insurance recoveries.

On April 4, 2011, NCR served Interrogatories and Requests for the Production of Documents ("Discovery Requests") on Menasha, seeking information related to the amount of Menasha's insurance recoveries related to the Fox River, and any other information necessary to determine the amount by which any of the costs sought by Menasha from Plaintiffs are or should be offset by Menasha's insurance recoveries.

Based on the stipulation ("Stipulation") submitted by Plaintiffs and Menasha (collectively, the "Stipulating Parties"), IT IS HEREBY ORDERED that:

1. As a condition of granting the declaratory relief sought by Menasha, Menasha agreed that its claim for *past* response costs against the Plaintiffs would be dismissed voluntarily and *without* prejudice. Dkt. 915 at 11. Having granted Menasha's motion for summary judgment on its claim for declaratory relief, any and all of Menasha's claims to recover *past* response costs from Plaintiffs are DISMISSED WITHOUT PREJUDICE. For as long as the Court's order granting declaratory relief to Menasha is effective, Menasha shall not seek to recover from Plaintiffs the response costs it has paid relating to the Fox River, including the $7

million Menasha paid for the remediation of OU 1, through the date this Order is entered ("Past Costs"). This Order will not be effective if the Court's order granting declaratory relief to Menasha is reversed or modified so as to become ineffective.

2. Based on the above dismissal without prejudice of any and all of Menasha's claims to recover Past Costs from Plaintiffs, NCR withdraws the Discovery Requests served on Menasha, and Menasha does not have to respond to the Discovery Requests.

3. If the Court's order granting declaratory relief to Menasha is reversed or modified so as to become ineffective, and if Menasha seeks to recover from Plaintiffs any of its Past Costs, Plaintiffs may reissue the Discovery Requests to Menasha and pursue discovery as provided in the April 12, 2011 Scheduling Order. Menasha shall respond within thirty (30) days of receipt of the reissued Discovery Requests. Plaintiffs expressly reserve any and all objections and defenses as to the recoverability of any past costs sought by Menasha.

4. In the event that Menasha seeks to recover from Plaintiffs any future response costs it incurs related to the Fox River after the date this Order is entered ("Future Costs"), Menasha and Plaintiffs shall engage in informal discussions for a period of thirty (30) days after Menasha makes a written demand for payment on Plaintiffs, in an effort to assess and determine whether the Future Costs sought are necessary costs of response incurred consistent with the NCP and whether any of the amounts sought by Menasha relating to the Fox River are or should be offset by any insurance recoveries obtained by Menasha. Should Menasha and Plaintiffs not be able to reach agreement during this thirty (30) day informal discussion period as to whether the costs sought are necessary costs of response incurred consistent with the NCP and whether any of the amounts sought by Menasha relating to the Fox River are or should be offset by any

insurance recoveries obtained by Menasha, Plaintiffs may propound discovery as otherwise permitted under the Federal Rules of Civil Procedure and the Local Rules of the Court.

SO ORDERED this 2nd day of June, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                U.S. District Court Judge