IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and )
NCR CORPORATION, )
                                                         )
                               Plaintiffs, )
                                                         )
                              v. )                  No. 08-CV-00016-WCG
                                                         )
GEORGE A. WHITING PAPER )
COMPANY, *et al.*, )
                                                         )
                              Defendants. )

**BRIEF IN SUPPORT OF FRG DEFENDANTS[1] MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS TO SEVENTH AMENDED COMPLAINT**

---

[1] This motion is filed on behalf of the defendants who were, or whose predecessors were, members of the Fox River Group: CBC Coating Inc., Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC (collectively, "GP"), P.H. Glatfelter Company, U.S. Paper Mills Corp., and WTM I Company (hereinafter, "FRG Defendants").

The FRG Defendants move this Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to file Amended[2] Counterclaims to add a counterclaim for anticipatory breach of contract against Appleton Papers Inc. ("API") and NCR Corporation ("NCR") (collectively, "Plaintiffs") and to amend their existing counterclaims for contribution.

The FRG Defendants seek to conform their pleadings to the circumstances of this case. As signatories to the Fox River Group ("FRG") Agreements, described below, Plaintiffs agreed that FRG assessments previously paid would be reallocated by the court's final ruling on allocation. The court has issued a final allocation ruling in two summary judgment opinions, dated December 16, 2009, and March 1, 2011. Dkt. Nos. 795 and 1080. By these rulings, Plaintiffs are 100% liable and owe full contribution to each FRG Defendant for costs each FRG Defendant may have incurred in connection with OU2-5 of this Lower Fox River Site. The FRG assessments, which are the subject of this motion, and which were sought in the FRG Defendants' initial counterclaims, were all associated with the site as a whole (that is, OU2-5) or specific projects in OU2-5.

Although the FRG Defendants believe that the court awarded them their FRG assessments in the March 1, 2011 decision, Plaintiffs now contend that the FRG Defendants may not reallocate any FRG assessments unless the underlying costs paid by those assessments can be shown to be otherwise recoverable under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75, because the FRG Defendants asserted counterclaims under section 113 of CERCLA, but did not assert contract claims. *See* Dkt. No. 969, [Plaintiffs' Memorandum of Law in Opposition to Defendants P.H. Glatfelter Company and WTM I Company's Motion for Summary Judgment on Counterclaims]

---

[2] In the case of CBC Coating Inc., this will be its Third Amended Answer, Affirmative Defenses and Counterclaim.

PHI 316,766,829v9 9-23-11

at 34-35. The FRG Defendants have consistently taken the position that the FRG agreements make FRG assessments reallocable whether or not they were used to pay CERCLA "costs of response" or "natural resource damages." *See*, *e.g.*, Dkt. No. 878, [Glatfelter & WTM I Brief in Support of Motion for Summary Judgment] at 25-26; Dkt. No. 894, [Memorandum of Law in Support of Georgia Pacific's and Certain Defendants' Motion for Summary Judgment] at 8; Dkt. 1044 at 15, [CBC's Reply Memorandum in Support of Motion for Summary Judgment]. Indeed, NCR and API themselves sought to recover amounts they paid in connection with the FRG activities in this action. Dkt. No. 265, [Seventh Amended Complaint] at ¶¶ 55, 179, 185. However, given NCR's and API's current position on recoverability of FRG costs, in order to conform the pleadings to the actual positions that have been consistently asserted in this case, the FRG Defendants seek leave to amend their counterclaim for FRG assessments as a contract claim as well as in their contribution claim.

## I. Background

### A. The FRG Agreements

In 1994, predecessors of the FRG Defendants formed the FRG in order to cooperate in defense and settlement of claims being asserted by the natural resource trustees, the United States, and the State of Wisconsin ("State"), of which the parties had received formal or informal notice. In April 1993, Defendant P.H. Glatfelter Co. provided formal notice to NCR – then known as AT&T Global Information Solutions, Inc. – of the Fox River claims, and invited NCR to participate in negotiations with the State. NCR declined.

Several years later, the federal natural resource trustees provided notice to NCR and API of their potential liability for natural resource damages associated with this site. The various governments sought to negotiate a comprehensive agreement with all seven of the noticed parties

at that time. Consequently, negotiations began in late 1996 and continued into January 1997 resulting in agreed terms under which NCR and API might join the FRG.

Negotiations for a comprehensive agreement involving the federal parties did not succeed. However, on January 31, 1997, the FRG Defendants, NCR, and API entered into several agreements (the "1997 State Agreement") among each other and the State through the Wisconsin Department of Natural Resources ("WDNR") and the Wisconsin Department of Justice ("WDOJ"). Dkt. No. 909, [Declaration of Arthur A. Vogel, Jr. ("Vogel Decl.")] at ¶¶ 2-3. The 1997 State Agreement sought to undertake and implement certain plans, studies, and related activities associated with alleged injuries to and loss of natural resources and/or services resulting from alleged releases to the Lower Fox River. These companies continued to refer to themselves as the "Fox River Group" ("FRG"), and referred to these and subsequent related agreements as the "FRG Agreements." *Id.* at ¶ 5.

At the time the FRG companies entered into the 1997 State Agreement, they also entered into an agreement among themselves under which they would fund the first $12 million of shared costs associated with undertaking the activities in connection with the 1997 State Agreement. Dkt. No. 912, [Declaration of Jayni E. Foley in Support of Georgia-Pacific LLC's and Certain Defendants' Motion for Summary Judgment on Equitable Factors ("Foley Decl.")], Ex. 105, January 31, 1997 Funding and Interim Implementation Agreement. That agreement incorporated by reference a proposed allocation scheme set forth in a memorandum from J. Andrew Schlickman, counsel for NCR, dated January 17, 1997, and revised on January 20, 1997. Mr. Schlickman's proposal provided for allocation on an interim basis only, and also provided that the single share borne by NCR and API jointly would be higher for the first $6 million than for the second $6 million. *Id.* at 5-6. Mr. Schlickman's memorandum further provided, in

4

pertinent part: "The amounts paid under this proposal would be subject to reallocation at a later date through procedures to be agreed to by the parties." *Id.* at 5.

FRG costs exceeded $12 million by a considerable amount. A disagreement arose as to how additional cash calls should be allocated on an interim basis. The FRG agreed to mediate that disagreement in 1999, and arrived at a second interim allocation agreement on July 27, 1999. Dkt No. 912, [Foley Decl.], Ex. 106, July 27, 1999 FRG Agreement on Interim Allocation. The July 27, 1999 FRG Agreement on Interim Allocation provided, in part: "The amounts paid under this agreement and previous funding agreements among the Companies will be subject to reallocation upon completion of the final allocation." *Id.* at 2. Under that agreement, the "final allocation" would be the outcome of allocation litigation that could be commenced by any party after certain events had occurred, including after an order under section 106 of CERCLA had been issued to any member of the FRG. This case is that allocation litigation.

Plaintiffs themselves sought in this action to recover assessments paid by them to the FRG, as did the FRG Defendants in their counterclaims. But in the course of resisting the FRG Defendants' motions for summary judgment on their counterclaims and again more recently in connection with their status conference submissions, Plaintiffs have taken the position that with respect to reallocation of FRG Assessments, only costs and expenses incurred by the FRG that are consistent with the National Contingency Plan ("NCP") under CERCLA are subject to reallocation. Dkt. No. 969, [Plaintiffs' Memorandum of Law in Opposition to Defendants P.H. Glatfelter Company and WTM I Company's Motion for Summary Judgment on Counterclaims] at 34-35.

By taking the position that only FRG costs consistent with the NCP are subject to reallocation, and by refusing to acknowledge their liability for all FRG Assessments, NCR and

5

PHI 316,766,829v9 9-23-11

API are in anticipatory breach of the 1997 Funding Agreement and the 1999 Interim Allocation Agreement with respect to their commitments regarding reallocation because there is no such qualification or limitation in any of the relevant agreements.

### B. The "Final Allocation"

When Plaintiffs initiated this action they sought an allocation of response costs and damages among the parties. Dkt. No. 265, [Seventh Amended Complaint] at ¶¶ 1, 179, 184. Not surprisingly, among other costs and damages, Plaintiffs sought the costs they had incurred with the Fox River Group. *Id*. at ¶¶ 54, 55. By initiating this action, NCR and API put in motion the "final allocation." This Court's December 2009 and February 2011 Decisions concluded NCR and API are not entitled to any reimbursement of their Fox River costs and damages, and instead must pay 100% of the past and future response costs and natural resource damage overpayments appropriately incurred by defendants with respect to OU2-OU5. Dkt. Nos. 795 and 1080. The FRG costs are plainly part of the costs to be allocated in this proceeding, as contemplated by the FRG Agreements and by Plaintiffs themselves when they initiated this action seeking (among other costs and damages) their own FRG costs.

Accordingly, in seeking summary judgment on their counterclaims, each Defendant sought its FRG costs. Specifically, Certain Defendants set out specific categories of costs they sought. Dkt. No. 893, [Certain Defendants' Motion for Summary Judgment on Equitable Factors]. FRG costs were identified in that motion as well. *Id*. at Section B.3 ("[a]ll assessments Defendants paid to fund the Fox River Group after January 1, 1997, plus six percent simple interest on each assessment from the date of the assessment and continuing until these judgments are satisfied"). All FRG costs and the

6

calculation of accrued interest were fully supported by the Vogel Declaration and supporting documents. *See* Dkt. No. 909.

The parties fully briefed issues surrounding the FRG Defendants' entitlement to a reallocation of the FRG costs, including that this litigation is the "final allocation." *See* Defendants' briefing, Dkt. No. 893, at 8-9, 30; Plaintiffs' briefing, Dkt. No. 998, at 25-26, 28 n.16.; Defendants' reply briefing, Dkt. No. 1044, at 6-13. This Court expressly granted Dkt. No. 893 in its February 2011 Decision and Order with certain exceptions that did not include FRG costs.[3]

Nevertheless, Plaintiffs have since failed to remit payment for the reallocated costs pursuant to the FRG Agreements. To the contrary, they argue that this Court should include the issue of whether the FRG costs are NCP consistent in the February trial. Dkt. No. 1163, [Transcript of Status Conference Before the Honorable William C. Griesbach, United States District Judge, August 1, 2011, *Appleton Papers, Inc., et al. v. George A. Whiting, et al.*, No. 08-CV-00016-WCG] at 23:10-24:2. Plaintiffs, therefore, are in anticipatory breach of their contractual obligations to the FRG Defendants under the FRG Agreements. Thus, even if not liable for contribution under section 113 of CERCLA, as set forth in the FRG Defendants' counterclaims, Plaintiffs are liable for breach of contract for failure to make payments under the FRG Agreements for reallocated costs.

---

[3] "The Defendants' summary judgment motions [857], [861], [891], [893], [902], and [914] are GRANTED in part and DENIED in part, as set forth above. These Defendants are entitled to contribution from Plaintiffs for expenses incurred in cleaning up OU2-OU5, but resolution of expenses relating to OU1 will require a determination of "arranger" liability. GP's and U.S. Paper Mills' motions for summary judgment will be denied to the extent any of the funds it seeks have been covered by insurance. Issues of fact preclude a ruling on some aspects of damages, as set forth above." Dkt. 1080 at 33.

## II. Standard For Leave To Amend Counterclaims

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, outside the period where the party may amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed R. Civ. P. 15(a)(2). A court "should freely give leave [to amend] when justice so requires." *Id*. The Court of Appeals for the Seventh Circuit takes a liberal view of Rule 15(a) and the amendment of pleadings. *Guse v. J.C. Penney Co.*, 570 F.2d 679, 680 (7th Cir. 1978) ("This court has taken a liberal view of Rule 15(a)"). Whether or not to grant a motion to amend is within the discretion of the district court. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). In the absence of a specific reason, such as undue delay, futility, or undue prejudice, leave to amend should be granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Sound of Music Co. v. Minn. Mining & Mfg. Co.,* 477 F.3d 910, 922-23 (7th Cir. 2007).

## III. There Is No Basis to Deny Leave to Amend Counterclaims

There is no basis on which the Court should deny FRG Defendants' request to amend their counterclaims to add a claim for anticipatory breach of contract against Plaintiffs. FRG Defendants have not unduly delayed bringing their counterclaim nor acted in bad faith or with dilatory motive, and Plaintiffs most certainly would not be prejudiced given that they initiated this lawsuit and the parties continue to litigate the counterclaims. There is no specific reason to deny leave to amend FRG Defendants' Counterclaims for the reasons set forth below.

First, the proposed counterclaim will not unduly prejudice Plaintiffs. Plaintiffs brought this case seeking to reallocate FRG Costs. From the outset, this case has therefore included that set of issues. Since filing their counterclaims, the FRG Defendants have maintained throughout this

PHI 316,766,829v9 9-23-11

litigation that Plaintiffs are liable for all costs associated with the Fox River contamination, including, specifically, the assessments paid by them for FRG Costs. *See*, *e.g.*, Dkt. No. 878, [Glatfelter & WTM I Brief in Support of Motion for Summary Judgment] at 25-26. There is nothing new about the claims the FRG Defendants seek to add, other than the specific form of the pleading.

Moreover, Plaintiffs cannot claim prejudice when all that the FRG Defendants seek is that the judgment in this case enforce the agreements to reallocate FRG assessments in this allocation litigation. Plaintiffs voluntarily signed the FRG Agreements. They then instituted this lawsuit seeking, among other things, their FRG payments. Plaintiffs may dislike the outcome of the case they commenced against Defendants, but Plaintiffs are the ones who put the FRG assessments in play by suing for their reallocation. Seeking to amend the pleadings in order to ensure Plaintiffs abide by the Court's allocation decisions and honor their contractual obligations does not amount to prejudice.

Second, the new claim is not futile. It includes legally cognizable claims under section 113 of CERCLA for statutory contribution and for breach of contract. The amendment merely seeks to conform the pleadings to current circumstances given the Plaintiffs' position, taken when the court's rulings have not gone their way, that the FRG costs which were the basis for the FRG Assessments, had to be NCP consistent - a condition nowhere found in any of the interim allocation agreements entered into by the parties.

Finally, the FRG Defendants have not delayed in bringing this counterclaim. The FRG Defendants have asserted the claim they now seek to plead repeatedly. Indeed in their summary judgment filings, the FRG Defendants noted in response to Plaintiffs'

9

Case 2:08-cv-00016-WCG   Filed 09/23/11   Page 9 of 14   Document 1186
PHI 316,766,829v9 9-23-11

spurious suggestion that they had not properly pled their claim for FRG costs that:

> Under Federal Rule of Civil Procedure 54(c) this Court can enter judgment on the FRG costs even if not expressly requested in Defendants' pleadings. *See* F.R.C.P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.") Plaintiffs themselves initiated this action, in part to recover their FRG costs. It therefore would be both fair and judicially efficient to resolve the FRG claims now.

Dkt. No. 1044, at 8 n.4. Yet, following the March 2011 decision, Plaintiffs persist that the pleadings must be conformed. Their recent suggestion prompts the timing of this Motion.

Therefore, for the reasons stated above, FRG Defendants respectfully request that the Court enter an Order granting leave to file the proposed Amended Counterclaims, attached as Exhibits A through E to the FRG Defendants' Motion.

Dated: September 23, 2011                                   Respectfully submitted,


s/ William H. Harbeck                                       s/ David G. Mandelbaum
William H. Harbeck (Wis. Bar No. 1007004)                   David G. Mandelbaum
Peter C. Karegeannes (Wis. Bar No. 1015025)                 Marc E. Davies
Nancy K. Peterson (Wis. Bar No. 1000197)                    Monique M. Mooney
Quarles & Brady LLP                                         Sabrina Mizrachi
411 E. Wisconsin Avenue                                     Caleb J. Holmes
Milwaukee, WI 53202                                         Adam B. Silverman
Telephone: 414-277-5000                                     GREENBERG TRAURIG, LLP
whh@quarles.com                                             Two Commerce Square, Suite 2700
                                                            2001 Market Street
                                                            Philadelphia, PA 19103
                                                            215.988.7800
**Attorneys for Defendant WTM I Company**                   mandelbaumd@gtlaw.com

                                                            **Attorneys for Defendant P.H. Glatfelter Company**

s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant CBC Coating, Inc.**

/s/ Mary Rose Alexander
Mary Rose Alexander
Margrethe K. Kearney
Latham & Watkins LLP
233 S. Wacker Dr. Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com

Karl S. Lytz
Patrick J. Ferguson
Latham & Watkins LLP
505 Montgomery St., Ste. 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Fax: (415) 395-8095
Karl.Lytz@lw.com

**Attorneys for Defendant Georgia-Pacific LLC**

s/ Scott W. Hansen
Scott W. Hansen
Steven P. Bogart
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
P.O. Box 2965
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
sbogart@reinhartlaw.com
shansen@reinhartlaw.com

Thomas R. Gottshall
Stephen F. McKinney
Haynsworth Sinkler Boyd PA
1201 Main Street, Suite 2200
P.O. Box 11889
Columbia, SC 29211-1889
Telephone: 803-779-3080
Facsimile: 803-765-1243
tgottshall@hsblawfirm.com
smckinney@hsblawfirm.com

**Attorneys for Defendant U.S. Paper Mills Corp.**

11

Case 2:08-cv-00016-WCG   Filed 09/23/11   Page 11 of 14   Document 1186
PHI 316,766,829v9 9-23-11

# CERTIFICATE OF SERVICE

I, Sabrina Mizrachi, do hereby certify that on this 23rd day of September 2011, I caused a copy of the foregoing Brief in Support of FRG Defendants' Motion For Leave to File Amended Counterclaims to the Seventh Amended Complaint to be served upon the following by electronic mail:

Matthew G. Adams (madams@sonnenschein.com)
Mary Rose Alexander (mary.rose.alexander@lw.com)
Timothy B. Anderson (tanderson@remleylaw.com)
Thomas A. Andreoli (tandreoli@sonnenschein.com)
Thomas Armstrong (tarmstro@vonbriesen.com)
Joseph C. Basta (jbasta@dykema.com)
Linda E. Benfield (lbenfield@foley.com)
Dennis P. Birke (db@dewittross.com)
Garrett L. Boehm, Jr. (boehmg@jbltd.com)
Steven P. Bogart (sbogart@reinhartlaw.com)
James E. Braza (jbraza@dkattorneys.com)
Michael P. Carlton (mcarlton@vonbriesen.com)
John F. Cermak, Jr. (jcermak@bakerlaw.com)
Jan M. Conlin (jmconlin@rkmc.com)
William F. Conlon (wconlon@sidley.com)
William E. Coughlin (wcoughlin@calfee.com)
David J. Edquist (dedquist@vonbriesen.com)
Brandon J. Evans (bje@hermeslawltd.com)
S. Todd Farris (stf@ffsj.com)
Patrick Ferguson (patrick.ferguson@lw.com)
Nathan A. Fishbach (nfishbach@whdlaw.com)
Scott B. Fleming (sbf@wbb-law.com)
Arthur F. Foerster (arthur.foerster@lw.com)
David Frank (dfrank@reinhartlaw.com)
Michelle A. Gale (mgale@dykema.com)
J. Ric Gass (gass@gasswebermullins.com)
Thomas R. Gottshall (tgottshall@hsblawfirm.com)
Eric W. Ha (eha@sidley.com)
Scott W. Hansen (shansen@reinhartlaw.com)
William H. Harbeck (whh@quarles.com)
Michael L. Hermes (mlh@hermeslawltd.com)
Andrea M. Hogan (Andrea.Hogan@lw.com)
Philip C. Hunsucker (phunsucker@hgnlaw.com)
Sonja A. Inglin (singlin@bakerlaw.com)
Robin S. Jacobs (jacobs@cf-law.com)
Peter C. Karegeannes (pck@quarles.com)
Margrethe K. Kearney (margrethe.kearney@lw.com)

Paul G. Kent (pkent@andersonkent.com)
Steven C. Kohl (skohl@wnj.com)
Joshua M. Levin (joshua.levin@usdoj.gov)
Sarah C. Lindsey (slindsey@wnj.com)
Susan E. Lovern (slovern@vonbriesen.com)
Kevin J. Lyons (klyons@dkattorneys.com)
Karl S. Lytz (karl.lytz@lw.com)
Allison E. McAdam (amcadam@hgnlaw.com)
Stephen F. McKinney (smckinney@hsblawfirm.com)
Tara M. Mathison (tmathison@dkattorneys.com)
Heidi D. Melzer (hdm@hermeslawltd.com)
Elizabeth K. Miles (emiles@dkattorneys.com)
Erik Mroz (emroz@reslawgrp.com)
Frederick S. Mueller (muellerf@jbltd.com)
William J. Mulligan (wmulligan@dkattorneys.com)
Philip A. Munroe (pmunroe@direnzollc.com)
Daniel C. Murray (murrayd@jbltd.com)
Kelly Noyes (knoyes@vonbriesen.com)
Matthew R. Oakes (matthew.oakes@usdoj.gov)
Thomas R. O'Donnell (todonnell@calfee.com)
Nancy K. Peterson (nkp@quarles.com)
Ian A.J. Pitz (iapitz@michaelbest.com)
David A. Rabbino (drabbino@hgnlaw.com)
Ronald A. Ragatz (rrr@dewittross.com)
Christopher P. Riordan (criordan@vonbriesen.com)
Kathleen L. Roach (kroach@sidley.com)
Charles K. Schafer (cschafer@sidley.com)
J. Andrew Schlickman (jaschlickman@sidley.com)
Thomas R. Schrimpf (tschrimpf@hindshawlaw.com)
Megan A. Senatori (ms@dewittross.com)
M. Andrew Skwierawski (mas@ffsj.com)
Sarah A. Slack (sslack@foley.com)
Margaret R. Sobota (msobota@sidley.com)
Randall M. Stone (randall.stone@usdoj.gov)
David J. Turek (turek@gasswebermullins.com)
John M. Van Lieshout (jvanlieshout@reinhartlaw.com)
Meg E. Vergeront (mvergeront@staffordlaw.com)
James P. Walsh (jim.walsh@appleton.org)
Ted A. Warpinski (taw@ffsj.com)
Ted Waskowski (twaskowski@staffordlaw.com)
Patrick L. Wells (pwells@vonbriesen.com)
Evan B. Westerfield (evanwesterfield@sidley.com)
Russell W. Wilson (rwilson@ruderware.com)
Richard C. Yde (ryde@staffordlaw.com)
Lora L. Zimmer (lzimmer@hinshawlaw.com)
Darin P. McTee (dmcatee@cravath.com)

Ericka L. Krumrie (elk@hermeslawltd.com)
Evan R. Chesler (echesler@cravath.com)
Patrick H. Zaepfel (pz@phzlaw.com)
Paul Bargren (pbargren@foley.com)
Perry M. Rosen (perry.rosen@usdoj.gov)
Sandra C. Goldstein (sgoldstein@cravath.com)
Vanessa Lavely (vlavely@cravath.com)
Omid Nasab (onasab@cravath.com)

/s/ Sabrina Mizrachi
Sabrina Mizrachi