IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEORGE A. WHITING PAPER COMPANY, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 08-CV-16-WCG<br>)<br>)<br>)<br>) |

___

| | |
|---|---|
| NCR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY-CLARK CORPORATION, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 08-CV-895-WCG<br>)<br>)<br>)<br>) |

___

**PLAINTIFF NCR CORPORATION'S CIVIL L.R. 7(h) EXPEDITED
NON-DISPOSITIVE MOTION TO COMPEL DIRECTED TO WTM I COMPANY**

___

Plaintiff NCR Corporation ("NCR"), through its counsel, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rules 7(h) and 37 for an order to compel Defendant WTM I Company ("WTM") to produce promptly certain unredacted insurance settlement agreements, which are needed to resolve the remaining issues in this litigation and to facilitate settlement efforts at the October 4, 2011 mediation. Pursuant to the applicable rules, NCR has met and conferred with WTM, but has been unable to reach an accord on the issues raised herein. (*See* Declaration of Vanessa A. Lavely ("Lavely Decl.") ¶¶ 3-6.)

NCR brings this motion on an expedited basis because the Court-ordered mediation is one week away. WTM's claim against NCR and API is in the $50 million range. The Court has ruled that the claim may be offset by WTM's insurance recoveries. Obviously, without knowledge of WTM's insurance situation, it is impossible for NCR and API to evaluate WTM's claim. The mediation will therefore be pointless as to WTM unless the settlement agreements are produced before the mediation begins.[1]

In its March 1, 2011 Order, the Court held that Defendants' contribution claims against NCR will be barred "to the extent any funds [they] seek[] have been covered by insurance". (Dkt. #1080 at 25.) The Court then entered a Scheduling Order expressly permitting discovery on "the amount of Defendants' insurance recoveries related to Fox River, and any other information necessary to determine the amount by which any of the costs sought by Defendants from Plaintiffs are or should be offset by Defendants' insurance recoveries". (Dkt. #1115 at 1.) On April 4, 2011, NCR served document requests and interrogatories on WTM, requesting production of all documents reflecting the amount of payments WTM has received or

---

[1] NCR contacted counsel for WTM to determine whether WTM would agree to file its three-page response by this Thursday, September 29, 2011. WTM would not consent to an expedited schedule. NCR will contact the Clerk's Office today to request a telephonic scheduling conference with the Court.

1

contracted to receive in the future from its insurers relating to the Lower Fox River claims. The Court subsequently entered a Stipulated Protective Order setting forth conditions for the disclosure of confidential insurance settlement agreements, and confirming that the Court "has designated insurance settlements as a remaining issue which must be resolved to conclude this case". (Dkt. #1127 at 1-6.) WTM has nevertheless refused to produce unredacted versions of two of its three settlement agreements, despite admitting that these agreements relate to Fox River claims and contain numerical amounts for the conditional settlement recoveries.

WTM's settlement agreements with its insurance carriers are indisputably relevant to the remaining issues in this litigation and are thus discoverable. Under the Federal Rules, the test for relevance of discovery sought for production is much broader than the general relevance requirements that govern admissibility at trial. *E.E.O.C. v. Klockner H & K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996). If there is *any possibility* that the information sought *may be* relevant to the subject matter of the action, a request for discovery should be considered relevant. *See Nalco Chem. Co. v. Hydro Techs., Inc.*, 148 F.R.D. 608, 615 (E.D. Wis. 1993). Indeed, Rule 26 requires at the outset of litigation disclosure of "any insurance agreement under which an insurance business *may be liable* to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment". Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added).

WTM has offered no legitimate reason for its refusal to produce unredacted versions of the two insurance agreements in question. That the agreements contain certain contingencies (the nature of which WTM refuses to explain) hardly renders NCR's request to review them "premature". WTM's confidentiality concerns are equally unfounded. The Protective Order—to which WTM consented—was entered precisely to allow the disclosure of

2

sensitive information as needed for discovery or settlement purposes. Even if WTM would rather its settlements remain secret, Congress and courts have clearly prioritized openness in the adversarial system over such tactical concerns. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). WTM therefore cannot meet its burden as the objecting party to show why NCR's discovery requests are improper. *See Klockner*, 168 F.R.D. at 235.

The unfairness of WTM's position is evidenced by its refusal to accept even a reasonable compromise. On September 22, 2011, counsel for NCR offered to designate WTM's insurance settlement agreements "Cravath's Eyes Only", which would prohibit disclosure to any party (including NCR and API), insurance carrier or the Government, but would permit NCR's outside counsel to advise NCR about whether to pursue further discovery concerning the agreements. WTM rejected NCR's offer, but stated that it would consider producing the agreements at a later date depending on the progress of the litigation—in effect conceding that the agreements contain highly relevant information. (*See* Lavely Decl. ¶¶ 4-5.) WTM subsequently produced one of the two agreements with the most relevant information—the payment amount and the conditions—redacted, thereby rendering the agreement useless for purposes of informing mediation decisions. (*See id.* ¶ 5.)

NCR therefore respectfully requests that the Court issue an order compelling WTM to produce promptly unredacted copies of all of its insurance settlement agreements pursuant to NCR's discovery requests. NCR would accept any condition to disclosure that the Court views as reasonable and necessary under the circumstances.[2]

---

[2] NCR reserves its right to refile its request with additional briefing and to seek to obtain WTM's insurance agreements, as well as any related documents, for any purpose in this litigation, including but not limited to trial.

3

Dated: September 26, 2011                          Respectfully submitted,

                                                            NCR CORPORATION

/s/ Darin P. McAtee
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601