IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and <br> NCR CORPORATION, <br><br>           Plaintiffs, <br><br>           v. <br><br> GEORGE A. WHITING PAPER COMPANY, et al. <br><br>           Defendants. | No. 08-CV-16-WCG |

___

| | |
|---|---|
| NCR CORPORATION, <br><br>           Plaintiff, <br><br>           v. <br><br> KIMBERLY-CLARK CORPORATION, et al. <br><br>           Defendants. | No. 08-CV-895-WCG |

___

**DECLARATION OF VANESSA A. LAVELY IN SUPPORT OF
PLAINTIFF NCR CORPORATION'S CIVIL L.R. 7(h) EXPEDITED
NON-DISPOSITIVE MOTION TO COMPEL DIRECTED TO WTM I COMPANY**
___

I, VANESSA A. LAVELY, declare as follows:

1.  I am an associate at the firm Cravath, Swaine & Moore LLP, and I am one of the attorneys representing Plaintiff NCR Corporation ("NCR") in the above-captioned action. I am admitted to practice in the Eastern District of Wisconsin.

2.  I submit this Declaration in support of NCR's Civil L.R. 7(h) Expedited Non-Dispositive Motion to Compel Directed to WTM I Company ("WTM").

3.  On Friday, June 3, 2011, I participated in a conference call at approximately 3:00 p.m. EDT, with Ms. Nancy Peterson and Mr. Bill Harbeck. Mr. Evan Westerfield also participated in the call. Counsel for WTM asserted that because WTM's three insurance settlement agreements are conditional, they are irrelevant to the issue of whether an offset should apply. Counsel for WTM declined to provide even general information about the nature or substance of the conditions.

4.  After several rounds of correspondence between WTM and NCR, and following the August 1, 2011 status conference, during which insurance issues were discussed, I participated in another conference call on Thursday, September 22, 2011, at approximately 11:30 a.m. EDT with Ms. Peterson. Mr. Darin McAtee was present for the call. Ms. Peterson again declined to provide any information about the conditions in the settlement agreements. She offered to produce the agreements with the dollar amounts and conditions redacted. Mr. McAtee stated that he would present that option to his client but that NCR was likely to reject it. Mr. McAtee explained that the redactions would remove the very information NCR needs to test WTM's assertions concerning allocation. Mr. McAtee requested that the unredacted agreements be produced in advance of the October 4, 2011 mediation, on the grounds that resolution is likely impossible if NCR is unaware of WTM's potential insurance recoveries. Ms. Peterson again

1

refused to produce the agreements, but stated that WTM would consider producing the agreements at a later date depending on the progress of the litigation. Mr. McAtee proposed that the agreements be produced for the time being only to Cravath, Swaine & Moore LLP, and designated "Cravath's Eyes Only". Mr. McAtee explained that NCR's counsel at Cravath would not disclose the agreements to any party (including NCR and API), insurance carrier or the Government, but that counsel at Cravath would be permitted to advise NCR as to whether to pursue further discovery concerning the agreements. Ms. Peterson agreed to present this compromise to her client. Mr. McAtee stated that he would confirm that the deal was acceptable to API.

5. On September 23, 2011, Mr. McAtee left Ms. Peterson a voicemail confirming that the "Cravath's Eyes Only" compromise was acceptable to both NCR and API. I was present for the call. Ms. Peterson then left Mr. McAtee a voicemail informing him that WTM rejected the "Cravath's Eyes Only" compromise. I listened to the voicemail. Later that night, Ms. Peterson produced via e-mail WTM's settlement agreement with "Carrier X", with the dollar amount and conditions redacted.

6. After a good faith effort to resolve the issue of voluntary production of the unredacted versions of WTM's insurance settlement agreements, the parties have been unable to reach an accord.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26, 2011

                                                  /s/ Vanessa A. Lavely
                                                    Vanessa A. Lavely