UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

    Plaintiffs,

    v.        Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

    Defendants.

**DECISION AND ORDER**

**I. Motion for Partial Judgment**

Plaintiffs have filed a motion for entry of partial judgment under Fed. R. Civ. P. 54(b). A previous motion to that effect was denied on the suggestion that there was some reasonable chance that all or most of the remaining claims could be disposed of through motion practice, and that the motion practice would be somewhat limited. In other words, the need for a partial, appealable, judgment was limited given the likelihood that a full judgment could be obtained in a reasonable amount of time. As it turns out, only some of the issues proved amenable to resolution, and the sheer number of motions and complexity of the issues presented has precluded their disposition in as swift a manner as was hoped. Moreover, API has only recently raised a substantial issue as to whether it has any direct liability under CERCLA at all.

Entry of a partial judgment at this time is not without its attractions. Principal among them is the fact that this Court has now decided a number of issues that posed problems both complex and novel. Although I have no reason to question any of my previous rulings, I recognize that they

rely on the resolution of an unusual number of difficult questions, and thus any judge must recognize that there is at least a non-negligible possibility of reversal. Because each step from here presupposes the correctness of these many rulings, there is a temptation to take a pause and ask the court above to bless things before we proceed too much farther forward. In fact, as Plaintiffs note, this Court has suggested previously that this case would be a candidate for a partial judgment.

The question, however, is what aspects of this case, if any, are sufficiently final such that they may be distilled down to a partial judgment. Rule 54(b), which codifies an exception to the normal rule that a judgment is not appealable until all claims are disposed of, allows district judges to certify partial judgments, but it does not give the judge the ability to ignore basic principles governing judgments, such as finality and the requirement that a judgment identify the relief to which the prevailing party is entitled. I cannot, in other words, just call a halt to these proceedings and allow the parties to appeal whatever aspects of the case they want; there must be the requisite finality to such issues before they are appealable. *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 593 (7th Cir. 1990) ("this court interprets 'claim' in Rule 54(b) to include all elements of a case with sufficient factual and legal overlap that they could generate successive appeals on the same topic. Theories of relief are not separate "claims" under Rule 54(b) even if pleaded in separate counts.") What the Seventh Circuit made clear in *Horn* and other cases is that if elements of a case have factual or legal overlap, or if the relief awarded is not distilled down to final form, an appeal should not be authorized.

Plaintiffs request a partial judgment as to the November and December 2009 orders. To recall, the November Order (Dkt. # 751) denied Plaintiffs' eighth motion to amend on the grounds that their proposed CERCLA § 107 claims were not viable ones. In December, I dismissed their

2

claims for contribution, finding that because they were primarily responsible for the PCB pollution they could not recover from the Defendants. (Dkt. # 795.) Ostensibly both of these orders set forth finalized relief. I concluded that § 107 claims were not appropriate and I further concluded that the Plaintiffs were not entitled to contribution from the Defendants. There is nothing more to be said on these issues, and no new developments in the underlying case will overlap with, or change, that result. But it is often noted that piecemeal judgments are disfavored, and one of the reasons is the desire to "spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.,* 860 F.2d 1441, 1444 (7th Cir. 1988). In this case, although there are a number of individual legal and equitable claims that may be considered distinct, there is little doubt that the court of appeals would have to re-learn the facts of this case for any subsequent appeals. This Court's resolution of the Defendants' contribution counterclaims has not been finalized yet, and so all sides agree that that issue is not amenable to partial judgment. These counterclaims, however, involve the same equitable questions (e.g., relative fault) that were the basis of this Court's December 2009 order denying Plaintiffs contribution. The March 1, 2011 decision addressing the Defendants' counterclaims discusses at length these equitable theories and the Plaintiffs' objections to them. (Dkt. # 1080.) I rejected most of Plaintiffs' arguments on the theory that "the equities here are driven by the fact that Plaintiffs created, mobilized and profited from the PCBs at issue in this case." (*Id.* at 18-19.) In fact, I incorporated the December 2009 order into the February 28, 2011 order: "For the reasons given above and in the December order, given the totality of the circumstances I do not find that the additional factors cited by Plaintiffs would play a role in my equitable contribution analysis." (*Id.* at 19.)

3

Suppose that I granted a partial judgment now and the court of appeals actually took jurisdiction and affirmed. A subsequent appeal of my resolution of the Defendants' counterclaims would involve almost the exact same issues and equitable analysis. Plaintiffs argue that the earlier order involved payments by *Plaintiffs* whereas the March 2011 order involved the *Defendants'* payments, but the identity of the payer is a small factor in the overall equitable analysis. Plaintiffs have vociferously argued that the premise of my equitable analysis (my focus on fault) has been flawed, and that would seem to be the crux of any appeal. "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." *Lawyers Title Ins. Corp. v. Dearborn Title Corp.,* 118 F.3d 1157, 1162 (7th Cir. 1997). As noted above, a partial judgment would require the court of appeals to re-learn the case – "to go over the same ground" and discuss the same equitable factors in the second appeal, and thus I am satisfied that a partial judgment would not be appropriate. "If an examination of the record reveals that the claims on appeal are too similar to the issues remaining in the district court, then we would have to conclude that there was no partial final judgment of the sort contemplated by the rule. In such a case, we would have no jurisdiction to entertain the appeal." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* 518 F.3d 459, 463-64 (7th Cir. 2008). Here, although the claims are indeed distinct, the central issue is the same, and the similarity of the claims precludes entry of a partial judgment. Perhaps an even stronger reason to decline Plaintiffs' request is that it is uncertain how API's more recent challenge to its own direct liability under CERCLA may impact the Court's prior rulings.

4

I am also mindful that an erroneously entered partial judgment could *prolong* matters because the court of appeals could find no jurisdiction and reverse. *See, e.g., General Ins. Co. of America v. Clark Mall Corp.,* 644 F.3d 375 (7th Cir. 2011). That is, even if all sides (and this Court) agreed that a partial judgment was desirable, that conclusion is not binding on the court of appeals because it has an independent duty to police its appellate jurisdiction. The parties should not divert their attentions to briefing an appeal that might well be turned back without even being argued.

For these reasons, the motion for partial judgment will be denied.

**II. Motion to Clarify**

The Defendants have also filed a motion seeking clarification of what they view as an inconsistency in two of this Court's orders. In my February 28, 2011 decision, in addressing prospective relief, I concluded that because private parties lack standing to seek natural resource damages ("NRDs"), the Defendants would not be entitled to prospective relief for such damages. (Dkt. # 1080 at 28.) This ruling comprised two sentences in the February decision and was issued in response to a one-paragraph argument contained in one of Plaintiffs' many briefs. (Dkt. # 966 at 5.) Despite (or because of) these modest beginnings, the parties have now submitted nearly 40 pages of briefing on the issue of natural resources damages.[1]

Defendants point out in their motion that my more recent conclusion stands in contrast to my earlier decision, which noted that although such damages are not recoverable under § 107, they

---

[1]The parties spend a great deal of effort discussing the appropriate procedural rules governing the present motion to clarify. The order at issue here was not a final order, however. As such, Rules 59 and 60 do not apply. This Court is free to amend its interlocutory rulings to correct an error.

5

*are* recoverable under § 113. (Dkt. # 227 at 14-15.) Indeed, the Plaintiffs' argument at the time appears to have been a mistaken effort to use my § 107 ruling as a basis for denying the § 113 claim, and in the deluge of briefing and with no response I accepted the argument. It now seems clear that the premise of my conclusion – that private parties lack standing under § 113 to recover NRDs – was erroneous. Accordingly, that portion of my decision will be vacated. Because that was the only argument directed at the NRDs the Defendants sought to recover, I conclude that they are indeed able to recover damages for overpayments for NRDs. The Plaintiffs have argued that Defendants must establish some sort of direct link between the NRDs and the Plaintiffs' discharges, but the cases cited for that principle do not support such a result. *See, e.g, Coeur d'Alene Tribe v. Asarco, Inc.,* 280 F. Supp.2d 1094 (D. Idaho 2003). Accordingly, the NRDs will be treated the same as the other realized and potential damages discussed in the February 28, 2011 decision.

**III. Conclusion**

The motion for partial judgment [1097] is **DENIED**. The Motion for Leave to File a Supplemental Reply [1131] is **GRANTED** and the Clerk shall detach and efile the sur-reply. The motion to clarify [1103] is **GRANTED**. The moving Defendants are entitled to judgment granting contribution from Plaintiffs with direct liability under CERCLA for natural resources damages overpayments as well as a declaratory judgment that they may recover from such Plaintiffs their future NRDs paid to state, tribal or federal trustees.

Dated this      30th      day of September, 2011.

BY THE COURT:

  s/ William C. Griesbach  
William C. Griesbach  
U.S. District Judge