IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>                Plaintiffs,<br><br>     v.<br><br>GEORGE A. WHITING PAPER<br>COMPANY, et al.,<br><br>                Defendants. | No. 08-CV-00016-WCG |

**DEFENDANT GEORGIA-PACIFIC LLC'S SUPPLEMENTAL REPLY
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR
CLARIFICATION**

**I.    INTRODUCTION**

As set forth in Certain Defendants' briefs, private parties do not have standing to assert natural resource damage ("NRD") claims under CERCLA Section 107(a)(4)(C) – such claims being reserved to government and tribal trustees. But Section 113(f) does provide private parties a basis for recovering their NRD overpayments to public resource trustees through Section 113 contribution actions that allocate liability among potentially responsible parties based on equitable factors. Given the Plaintiffs' relative culpability, this Court has determined that, as between the Plaintiffs and the Defendants, the Plaintiffs should bear 100 per cent of the responsibility for Fox River PCB injuries. Dkt. #795 [December 16, 2009 Decision and Order] and #1080 [February 28, 2011 Decision]. Plaintiffs defend against application of these rulings to GP's NRD overpayments on the incorrect grounds that there is no 113(f) claim for NRD overpayments – which is fully addressed in Certain Defendants' reply. Plaintiffs further argue

1

that special NRD causation requirements and defenses now preclude the award of GP's NRD overpayments. GP – who has already sought and, we believe, been awarded, $13.1 million of NRD overpayments it made to the United States and the State of Wisconsin pursuant to a judicially-approved NRD settlement – supplements Certain Defendants' reply to these assertions below.

**II.    ARGUMENT**

As Certain Defendants demonstrate in their reply, Plaintiffs have overstated what Section 107(a)'s NRD causation standard requires. In a Section 107(a) NRD case where multiple releases are at issue, the causation standard requires a trustee to demonstrate that each release was a "contributing factor" to the injury, not that it was the exclusive cause for the precise damages at issue. *See Coeur D'Alene Tribe v. Asarco, Inc.,* 280 F. Supp. 2d 1094, 1120 (D. Idaho 2003). Fingerprinting the cause of the injury to a particular defendant's release is simply not required. *Id.; see also Artesian Water Co. v. Government of New Castle County,* 659 F. Supp 1269, 1283 (D. Del. 1987) (NRD causation standard requires proof that a defendant's release was a *substantial factor* giving rise to the damages).

Once that causation standard is met, a defendant may in an appropriate case be held jointly and severally liable for a trustee's NRD claims, unless it can prove divisibility. *See New Mexico v. General Electric,* 467 F. 3d 1223, 1234 (10th Cir. 2006) ("CERCLA makes PRPs jointly and severally liable not only for all costs of removal and/or remedial action, but also for 'damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss . . . .'") (citations omitted); *see also United States v. Asarco Inc.*, No. CV 96-0122-N-EJL, 1999 WL 33313132, *10 (D. Idaho Sept. 30, 1999) ("in cases of indivisible harm" defendants may be held jointly and severally liable for natural resource damages).

2

Given the facts of this case, ACPC's significant releases were clearly a "contributing factor" to Fox River NRDs. This Court has already considered Plaintiffs' volumetric and other divisibility arguments in the context of this Section 113 proceeding and found them to be problematic. *See* Dkt. #1080 at 27. Should Plaintiffs fail to meet their significant divisibility burden in the pending US enforcement action, as likely will be the case, they would be jointly and severally liable to the United States and the State of Wisconsin for NRDs, notwithstanding Section 104(a)(4)(C)'s NRD causation standard.

From the perspective of a Section 113 claim for NRD overpayments, Plaintiffs' "causation" arguments are in essence a proxy for the volumetric and other divisibility claims they previously asserted in this action. As this Court has determined, divisibility is not a defense to a Section 113 action *per se*, but the factors that might support a divisibility defense to Section 107(a) joint and several liability can be equitable factors in a CERCLA Section 113 allocation proceeding. Dkt. #751 [November 18, 2009 Decision and Order]. Here the Court has already considered the Plaintiffs' various causation/divisibility claims as equitable factors in the Plaintiffs' and Defendants' motions for summary judgment and found them to be outweighed by the Plaintiffs' relative culpability for the releases. In short, the "causation defenses" that Plaintiffs assert in their opposition to the Motion for Clarification have already been considered, and are not some new grounds for denying GP's Section 113 NRD overpayment claim.

As to Plaintiffs' further claims that CERCLA Section 107(f)(1)'s NRD defenses would prevent the Court from awarding GP's Section 113 NRD overpayment claim, these also are not direct defenses to an equitable allocation of the amounts GP has already paid pursuant to its judicially-approved consent decree with the trustees, and GP need not prove the absence of these defenses in order to recover. Even if these defenses had any relevance, the Plaintiffs failed to raise them in their opposition to GP's motion for summary judgment and therefore waived them.

3

*See e.g.*, *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with *pertinent* authority, or by showing why it is a good point despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

Dated:  May 9, 2011                                                                 Respectfully submitted,

                                                  */s/ Karl Lytz*

Karl S. Lytz
CA Bar No. 110895
Patrick J. Ferguson
CA Bar No. 252778
Latham & Watkins LLP
505 Montgomery St., Ste. 2000
San Francisco, CA 94111-6538
Telephone:  (415) 391-0600
Fax:  (415) 395-8095
Karl.Lytz@lw.com
Patrick.Ferguson@lw.com

Mary Rose Alexander
IL Bar No. 6205313
CA Bar No. 143899
Margrethe K. Kearney
IL Bar No. 6286559
Latham & Watkins LLP
233 S. Wacker Dr.
Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com
Margrethe.Kearney@lw.com

SF\855505.2