# EXHIBIT G

# Westerfield, Evan B.

**From:** Vanessa Lavely [VLavely@cravath.com]
**Sent:** Monday, October 03, 2011 1:21 PM
**To:** Westerfield, Evan B.
**Subject:** RE: Georgia-Pacific Consumer Products, LP et al. v. NCR Corp., et al.


From:       "Garrou, Douglas" <dgarrou@hunton.com>
To:         "Darin McAtee" <DMcAtee@cravath.com>, "Alexandra Reeve Givens" <AReeveGivens@cravath.com>, "Michael L. Hermes" <mlh@hermeslawltd.com>
Cc:         <Dean.Laing@wilaw.com>
Date:       03/08/2011 10:45 AM
Subject:    RE: Georgia-Pacific Consumer Products, LP et al. v. NCR Corp., et al.


Counsel:

I very much appreciate your good-faith efforts to resolve this matter.

In light of the circumstances, and the scope of NCR's proposed stipulation, Georgia-Pacific has decided to pursue additional discovery regarding the Wiggins Teape microfiche and database.

Regards,
Doug Garrou
Hunton & Williams LLP
804-788-8355

From: Darin McAtee [mailto:DMcAtee@cravath.com]
Sent: Friday, March 04, 2011 4:54 PM
To: Garrou, Douglas
Cc: Alexandra Reeve Givens; Dean.Laing@wilaw.com; Michael L. Hermes
Subject: RE: Georgia-Pacific Consumer Products, LP et al. v. NCR Corp., et al.


Doug:

Thanks for your response. While we are happy to convene a call to discuss these issues, it would be helpful to know your initial response to our proposal to determine if further discussions would be productive. As to the points you raise:

First, as noted in our previous email, NCR is willing to stipulate that the documents that were produced by Appleton Coated in response to the subpoena in the Whitinglitigation under Bates prefix "BCFOX" are in fact accurate copies of the originals contained on the microfiche referenced in your subpoena.

In entering into that stipulation, NCR would not waive any other objections or defenses concerning the documents in question, including but not limited to their authenticity or admissibility, or whether they qualify as business records of Wiggins Teape.

1

In our view, NCR's stipulation concerning the accuracy of the copies produced in the Whiting litigation moots the need for any discovery regarding the chain of custody of the microfiche, its transfer or copying, or the production of the original microfiche itself. Given our mutual goal of avoiding unnecessary expense and delay in the discovery process, NCR proposes that the stipulation contain an agreement that GP will not pursue further discovery on these issues.

For the same reason, we do not see the need to discuss the chain of custody issues any further as part of a conference call. If you disagree, please let us know and explain what issues you think need to be discussed.

NCR obviously cannot agree to the proposal made in Item 3, since NCR does not have (and has never had) possession or control of the microfiche or database identified in your subpoena.

Please let us know if you would like to discuss any of these matters further.

Regards,

Darin