IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC., and NCR
CORPORATION,

                  Plaintiffs,        No. 08-CV-16-WCG

vs.

GEORGE A. WHITING PAPER
COMPANY, et al.,

                  Defendants.

## LIMITED JOINDER IN DEFENDANT WTM I COMPANY'S RESPONSE TO PLAINTIFF NCR CORPORATION'S MOTION TO COMPEL

**PLEASE TAKE NOTICE** that, without waiving defects as to service of process and/or personal jurisdiction, certain insurer parties, referred to herein as Certain Insurer Parties to Agreement ("CIPA"), to a certain settlement agreement with WTM I Company ("WTM"), hereby join on a limited basis and to the extent set forth herein, in WTM's Response to NCR Corporation's ("NCR") Motion Compel ("Motion").

CIPA understand that NCR desires to compel production from WTM of an unredacted copy of an insurance settlement agreement ("Agreement"). WTM and CIPA believe that the Motion seeks confidential information that cannot be adequately protected through the Stipulated Protective Order, and that the subject Agreement is irrelevant and not discoverable because the performance of the Agreement is subject to, and conditioned on, the happening of certain contingencies, referred to herein as "contingencies."

To date, none of the contingencies has happened, occurred, or been satisfied or fulfilled. Indeed, the contingencies may never happen, occur, or be satisfied or fulfilled. Accordingly, the

Agreement has not been performed and may or may not ever be performed. No money or funds have been paid by reason of, or pursuant to, the Agreement, to, on behalf of, or for the benefit of, WTM.

The result is that the Agreement is irrelevant to the issues raised by NCR's Motion. Absent performance of the Agreement, *e.g.* by payment of money or funds, the Agreement does not and cannot evidence any "insurance recovery," and the Agreement does not and cannot reflect information relevant to "offset."

In addition, NCR does not need production of the Agreement simply to confirm that performance of the Agreement is subject to contingencies. This is because WTM has represented on the record that the performance of the Agreement is subject to contingencies.

Further, CIPA consist of all but two of the signatories to the Agreement. As to those two parties, while they are not a signatory hereon, they have not expressed disagreement with the views expressed herein.

Finally, the parties have not waived the contingencies and WTM has not received or accepted the benefits and/or performance of the Agreement that would occur as a result of or in response to waiver of the contingencies. Until such time as the contingencies are satisfied (if that ever happens), the amount of such a potential settlement sum is irrelevant, and more importantly, disclosure of such a potential settlement sum to WTM's direct adversaries potentially is prejudicial to WTM.

2
Case 2:08-cv-00016-WCG   Filed 10/11/11   Page 2 of 4   Document 1205

Dated: October 11, 2011

                                        Certain Insurer Parties to Agreement

                                        By:  s/_____
                                                    **Attorney for CIPA**

John C. Heugel
Attorney at Law
105 Stonebridge Court (54313)
P.O. Box 12615
Green Bay, WI  54307-2615
Phone: 920-497-0602
Fax:  920-498-2242
E-mail: john@jheugel.com

Wayne S. Karbal
Karbal Cohen Economou Silk & Dunne, LLC
150 S. Wacker Drive, Suite 1700
Chicago, Illinois  60606
Phone:  (312) 431-3700
Fax:  (312) 431-3670
E-mail: wkarbal@karballaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2011, I electronically filed Limited Joinder in WTM I Company's Response to NCR Corporation's Motion to Compel using the ECF system which will send notification of such filing by operations of the Court's electronic systems. Parties may access this filing through the Court's electronic system.

_____