IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) |  |
| Plaintiffs, | ) |  |
| v. | ) | No. 08-CV-16-WCG |
| GEORGE A. WHITING PAPER COMPANY, et al. | )<br>)<br>) |  |
| Defendants. | ) |  |

**CARRIER X'S JOINDER IN DEFENDANT WTM I COMPANY'S RESPONSE TO NCR CORPORATION'S MOTION TO COMPEL AND SUPPLEMENTAL RESPONSE**

Third-Party Carrier X, by its attorneys, Meissner Tierney Fisher & Nichols S.C., hereby joins in Defendant WTM I Company's ("WTM I") Response to NCR Corporation's ("NCR") Motion to Compel and provides the following supplemental response.

As mentioned in WTM I's Response, in an effort to compromise with NCR, Carrier X consented to the production by WTM I to NCR of a redacted version of Carrier X's conditional settlement agreement with WTM I. The provisions of the 35 page conditional settlement agreement that were redacted were limited only to (1) the identity of Carrier X; (2) the settlement amount; (3) the conditions section; and (4) certain definitions relating to the conditions. As correctly stated by WTM I, it is critically important to recognize that Carrier X *has not paid anything* to WTM I in settlement and won't pay anything in the future unless certain specific, detailed conditions relating to a potential settlement of the Fox River matters are satisfied. Like WTM I, Carrier X would be substantially prejudiced by the disclosure of the redacted information to NCR. First, at the status conference on August 1, 2011, the Court recognized

Carrier X's stated concerns that the disclosure of its identity could prejudice Carrier X in relation to settlement negotiations with other defendants in this action that it had not yet settled with and NCR agreed not to pursue that discovery.  Second, and equally as important, as stated at the telephonic hearing on the motion held on September 30, 2011, the settlement amount and conditions (including definitions) stated in the conditional settlement agreement reflect deal points for negotiating a potential resolution of WTM 1's involvement with the Fox River remediation and accordingly reflect Carrier X and WTM I's collective views of the value of the claims and counterclaims and related coverage issues.  Granting NCR's request for disclosure of this highly sensitive information would thus unfairly and substantially prejudice WTM I and Carrier X by allowing NCR unmitigated access to WTM I's and Carrier X's settlement strategies and views of the relative value of the various claims and counterclaims in this action and the Government Action and the related coverage issues between WTM I and Carrier X *prior* to any settlement with any party to those actions.  For all practical purposes, it would provide NCR with information about WTM I's settlement authority from Carrier X in advance of negotiations and give NCR an substantially unfair advantage in the mediation.

Carrier X is unaware of any case across the country that has ever allowed such intrusive and highly prejudicial disclosure under the same or similar circumstances.  Not surprisingly, NCR has cited to none.

## CONCLUSION

For all of the above reasons and those set forth in WTM I's Response to NCR's Motion to Compel, this Court should deny NCR's Motion to Compel.

Dated this 11th day of October, 2011.

                        MEISSNER TIERNEY FISHER & NICHOLS S.C.

                        By:   /s/ Michael J. Cohen
                              Michael J. Cohen
                              **Attorneys for Third-Party Carrier X**

**Mailing Address**
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622
(414) 273-1300
mjc@mtfn.com

3