IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>        Plaintiffs,<br>v.<br><br>GEORGE A. WHITING PAPER COMPANY, et al.<br><br>        Defendants. | No. 08-CV-16-WCG |

## DECLARATION OF NANCY K. PETERSON

STATE OF WISCONSIN )
                                   ) ss
COUNTY OF MILWAUKEE )

    I, Nancy K. Peterson, declare as follows:

    1.    I am one of the attorneys representing WTM I Company ("WTM") in this action and make this declaration in support of WTM's response to NCR Corporation's Motion to Compel Discovery.

    2.    NCR's motion seeks the production of two conditional settlement agreements between WTM and its insurers relating to WTMs potential Fox River Liability.

    3.    WTM has been in negotiations with its insurers for years in connection with the Fox River site. As a result of those negotiations, WTM has reached three separate agreements; however, two of those agreements contain conditions which have not occurred.

    4.    One of WTM's insurance agreements has been completed and the settlement has been approved by the bankruptcy court. WTM provided NCR with a copy of that settlement

agreement pursuant to the stipulated protective order in this case at the same time as that agreement was filed under seal with the bankruptcy court to gain that court's approval.

5. Two other insurer settlements are potentially pending. Both were originally negotiated and signed with certain conditions that made the payment of insurance proceeds contingent, that is, if certain conditions occurred the settlements would become final and the insurers would then have an obligation to pay to WTM an agreed sum. However, if those conditions did not occur the agreement would not become final and any insurance recovery would only occur through further negotiations or contested litigation. Both conditional settlements contained strict confidentiality provisions.

6. Both conditional settlements are now the subject of further negotiations. That is because WTM and its corporate parent, Canal Corporation, filed for bankruptcy protection late in 2008, and as a result, Canal and WTM may not be able to perform certain provisions of the settlement relating to indemnification.

7. Without revealing the substance of the conditions or the settlement amount, as counsel for WTM, it is my belief that disclosure of the conditions and amounts would prejudice WTM in connection with this matter. The conditions reveal WTM and its insurers' assessment as to the value of the case and would provide an unfair negotiating advantage to NCR in connection with the current settlement negotiations. At the same time, nothing has been paid and nothing is due to be paid under either conditional agreement, so that there is no right of set off created by virtue of the agreements.

8. In an effort to reach a compromise with NCR, and with the consent of one of the carriers (who has been labeled "Carrier X"), WTM produced to NCR a redacted version of one of the two conditional settlement agreements – the agreement with Carrier X. The provisions

redacted were those most sensitive to WTM and Carrier X, namely, the settlement amount, the condition section, definitions relating to the conditions, and the carrier's name. The redacted provisions have nothing to do with allocation of insurance proceeds.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th day of October 2011.

s/Nancy K. Peterson
Nancy K. Peterson (Wis. Bar No. 1000197)
Quarles & Brady LLP
411 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: 414-277-5515
Nancy.Peterson@quarles.com

**Attorneys for Defendant WTM I Company**
