# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

               Plaintiffs,

      v.                                           No. 08-CV-16

GEORGE A. WHITING PAPER COMPANY,
ET AL.,

               Defendants.

---

NCR CORPORATION,

               Plaintiff,

      v.                                           No. 08-CV-0895

KIMBERLY-CLARK CORPORATION,
ET AL.,

               Defendants.

---

## EXTENSION OF STIPULATED PROTECTIVE ORDER

Plaintiffs Appleton Papers Inc. ("API") and NCR Corporation ("NCR" and collectively with API, "NCR/API") and Defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC, P.H. Glatfelter Company, WTM I Company, CBC Coating, Inc. (collectively, "Defendants" and together with API and NCR, "Party" or "Parties"), recognize that in the course of discovery proceedings it may be necessary for non-parties to disclose to NCR/API certain confidential insurance information such as insurance settlement agreements, policies, and related documents ("Confidential Insurance Information"), but

each all parties wish to ensure that such Confidential Insurance Information shall not be used for any purpose other than the proceedings in this case.

The parties therefore request that the Court extend the Stipulated Protective Order, which was entered on May 2, 2011, to non-party discovery of Confidential Insurance Information.

The Parties agree that the handling of all documents and other forms of information in this case shall be subject to the applicable privacy rules set forth in Federal Rule of Civil Procedure 5.2. In addition, the Parties to this Stipulated Protective Order explicitly agree to the following conditions and procedures (which shall also be binding on all parties to this action):

1) <u>Designation and Marking of Documents</u>. Designation of Confidential Insurance Information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

a) With respect to documents, each page of any document to be covered by this Protective Order which is delivered to any party shall be stamped or marked with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and either the full name of this action, the case number, or a recognizable abbreviation for the full name of the case. It shall be the duty of the parties to comply with this Protective Order from the time of such notice that information is to be considered confidential.

b) It shall be the duty of the entity producing Confidential Insurance Information to mark or otherwise indicate that such information is covered by this Protective Order and is to be considered Confidential Insurance Information.

c) The designation of information as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be made prior to, or contemporaneously with, the production or disclosure of that information.

d) Any entity that produces Confidential Insurance Information (a "Producing Entity") is only obligated to provide the Confidential Insurance Information to NCR/API. NCR/API shall only produce the Confidential Insurance Information to the respective insured party ("Respective Defendant"), and shall not provide the Confidential Insurance Information to any other party or third party unless it is determined that the

2

confidentiality designation is unwarranted, either by ruling of the Court or by agreement between NCR/API and the Producing Entity, pursuant to Paragraph 5, below.

e) Disclosure of information extracted from documents or deposition testimony that contains Confidential Insurance Information is authorized only on permission from the Producing Entity, absent a ruling of the Court or agreement between NCR/API and the Producing Entity, pursuant to Paragraph 5, below. All copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall also be deemed Confidential Insurance Information. Unauthorized disclosure of information extracted from documents or deposition testimony designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is prohibited.

2) <u>Depositions</u>. All testimony taken by deposition in this case that is related to any Defendant's Confidential Insurance Information, whether by subpoena or notice of taking deposition, will be subject to the terms of this Protective Order. Only the Producing Entity, the Respective Defendant, NCR/API and their respective counsel, employees, consultants or experts, as identified in Paragraph 3, below, may attend such depositions (or portions of a deposition relating to a Producing Entity's or the Respective Defendant's Confidential Insurance Information). In addition, such deposition transcripts shall be presumed to be Confidential Insurance Information for ten business days after the receipt of transcript, during which time the Producing Entity or the Respective Defendant may designate portions of the testimony as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by providing to counsel for the other NCR/API a written description, specifying the pages and lines number that are to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. A Producing Entity or Respective Defendant also may make that designation on the record at the time of the deposition. The cover and each page of a deposition transcript containing testimony that is Confidential Insurance Information shall be marked as required by Paragraph 1. Counsel for

3

any Party or third party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this Protective Order.

3) Material designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be viewed only by the Producing Entity, Respective Defendant, NCR/API and their counsel, except that disclosures may be made in the following circumstances:

    a)    Disclosure may be made to employees of counsel for the Producing Entity or Respective Defendant or NCR/API who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Producing Entity, Respective Defendant or NCR/API makes a disclosure shall be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

    b)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

    c)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Producing Entity, Respective Defendant or NCR/API or counsel for the Respective Defendant or NCR/API to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this stipulation requiring that the documents and information be held in confidence.

4) <u>Filing With Court</u>. Written material containing documents or deposition testimony designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, or copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, shall be made to the Court in camera and sealed from the public record. Any such material shall be filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed (1) the title and docket number of this case, (2) the phrase "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

4

> This envelope contains Confidential Insurance Information that is to
> be kept under seal except by written agreement of the Parties or order
> of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court from being hand-delivered to the Court's chambers to ensure that the same is brought promptly to its attention, provided that each page thereof that bears information containing or derived from Confidential documents or deposition testimony shall be marked in accordance with Paragraph 1.

5) <u>Challenge to Confidentiality Designation</u>. If NCR/API wishes to challenge a designation of a document or deposition testimony as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, counsel shall first request of the Producing Entity's and Respective Defendant's counsel in writing one or more of the following: (1) consent to a specified disclosure of the document or deposition testimony, or a portion thereof, or (2) the voluntary withdrawal of the designation. The Producing Entity, the Respective Defendant, and NCR/API shall attempt to resolve such a request by agreement prior to seeking relief from the Court. In the event no resolution is reached, the designation of confidentiality may be challenged by the opponent upon motion, subject to the provisions of Civil L.R. 26(e). Until and unless any challenge to the confidentiality of Confidential Insurance Information is resolved in NCR/API's favor, all documents and/or deposition testimony shall remain protected under this Order as set forth herein.

6) <u>Final Determination</u>. Upon final determination of this action (including the termination of all appeals and the expiration of the time for seeking certiorari from the Supreme Court), NCR and API shall, within 30 days of such determination, destroy all documents and deposition

transcripts marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in its possession. Further, at the request of any third-party, and again upon final determination of this action as defined above, the Clerk of the Court shall return any item filed under seal to the filing Party. After the final determination of this action, the provisions of this Protective Order shall continue to be binding upon all counsel, the Parties and their officers and employees, witnesses, third-party Producing Entities and all others subject to this Protective Order.

Dated this 12th day of October, 2011.

 s/ William C. Griesbach       
William C. Griesbach
U.S. District Judge

6