# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>    Plaintiffs,<br> v.<br><br>GEORGE A. WHITING PAPER COMPANY,<br>ET AL.,<br>    Defendants. | No. 08-CV-16-WCG |
| NCR CORPORATION,<br><br>    Plaintiff,<br> v.<br><br>KIMBERLY-CLARK CORPORATION,<br>ET AL.,<br>    Defendants. | No. 08-CV-0895-WCG |

## NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff NCR Corporation ("NCR") will take the deposition upon oral examination of Defendant WTM I Company, as to the topics listed in Schedule A, annexed hereto.

The deposition will commence on November 3, at 9:00 a.m., or another mutually agreeable date, at a location mutually agreeable to the parties, before a person duly authorized to administer oaths. The deposition will be videotaped and transcribed by stenographic means.

All parties are invited to attend and to participate if so desired.

Dated: October 4, 2011

1

Respectfully Submitted,

NCR CORPORATION

/s/ Evan B. Westerfield
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700


SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
evanwesterfield@sidley.com

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

## SCHEDULE A

1. The $9,424,690.17 disbursed from the Fox River Group Custodial Account to Blasland Bouck & Lee Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

2. The $4,923,484.81 disbursed from the Fox River Group Custodial Account to Limno-Tech Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

3. The $4,919,648.45 disbursed from the Fox River Group Custodial Account to Montgomery Watson, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

4. The payment dispute between Montgomery Watson and Four Seasons regarding the work or activities performed by Four Seasons as a subcontractor to Montgomery Watson.

5. The $3,822,050.28 disbursed from the Fox River Group Custodial Account to Exponent Environmental Group, Inc. (also known as PTI Environmental Services), including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities;

the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

6. The $2,642,321.04 disbursed from the Fox River Group Custodial Account to Triangle Economic Research, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

7. The $2,002,518.86 disbursed from the Fox River Group Custodial Account to De Maximis, Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

8. The $1,666,337.10 disbursed from the Fox River Group Custodial Account to Ruder Finn, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

9. The $1,261,734.25 disbursed from the Fox River Group Custodial Account to the Wisconsin Department of Natural Resources, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

10. The $923,301.45 disbursed from the Fox River Group Custodial Account to Fleishman-Hillard Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

11. The $682,292.28 disbursed from the Fox River Group Custodial Account to J. Joseph Cullen Public Works, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

12. The $624,044.39 disbursed from the Fox River Group Custodial Account to Amec Earth & Environmental, Inc. (also known as Ogden Environmental), including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

13. The $500,280.85 disbursed from the Fox River Group Custodial Account to the University of Wisconsin Survey Research Lab, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

14. The $294,268.03 disbursed from the Fox River Group Custodial Account to the City of Kaukauna, including but not limited to the nature of the work or activities for which these

costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

15. The $595,396.88 disbursed from the Fox River Group Custodial Account to PriceWaterhouseCoopers LLP, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

16. The $312,565.70 disbursed from the Fox River Group Custodial Account to O'Connor Communications, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

17. The $274,215.83 disbursed from the Fox River Group Custodial Account to FH&K, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

18. The $242,515.00 disbursed from the Fox River Group Custodial Account to J & H Marsh & McLennan, Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

19. The $239,515.72 disbursed from the Fox River Group Custodial Account to Entrix Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

20. The $231,984,00 disbursed from the Fox River Group Custodial Account to American Geological Institute, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

21. The $203,187.00 disbursed from the Fox River Group Custodial Account to Association for the Environmental Health of Soils, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

22. The $184,894.12 disbursed from the Fox River Group Custodial Account to Deloitte & Touche LLP, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

23. The $120,000.00 disbursed from the Fox River Group Custodial Account to the University of Wisconsin Foundation, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or

activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

24. The $107,563.62 disbursed from the Fox River Group Custodial Account to Giesy Ecotoxicology, Inc., including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

25. The $92,180.00 disbursed from the Fox River Group Custodial Account to Lancaster Consulting LLC, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

26. The $89,754.78 disbursed from the Fox River Group Custodial Account to Environmental Performance Strategies, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

27. The $65,590.63 disbursed from the Fox River Group Custodial Account to Appleton Papers Inc., Fort James Corporation, NCR Corporation, P.H. Glatfelter Company, and WTM I Company for account termination.

28. The $301,834.19 disbursed from the Fox River Group Custodial Account to Michigan State University, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the

8

dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

29. The $57,435.33 disbursed from the Fox River Group Custodial Account to W. Frank Bohlen, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

30. The $39,714.98 disbursed from the Fox River Group Custodial Account to Stein Ray & Harris, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

31. The $27,579.30 disbursed from the Fox River Group Custodial Account to Foley & Lardner, including but not limited to the nature of the work or activities for which these costs were spent; the persons who were involved with the work or activities; the dates and location(s) of the work or activities; the reasons why the work or activities were performed; and the documentation of these costs, the work or activities.

32. 56/57 Landfill Services, including but not limited to: claims for the costs of construction and operation of the landfill, and related escrow funding and insurance, the persons who were involved with the work, the dates and location(s) of the work, the reasons why the work was performed, and the documentation of these costs or work; and the method of allocation or proration of these and/or other related costs between the Fox River Group, Georgia-Pacific/Fort James and/or any other parties.

9

33. Disbursement certificates 1-7 and 9-20 that were provided as support for the April 1, 2004 – December 31, 2004 escrow account expense listed in R. Schneider's declaration, and in particular, whether those certificates total $10,878,604.30, not $10,889,684.59, as stated in the declaration.

34. Disbursement certificates 479-737, DNR2-12, and EPA1 that were provided as support for the April 1, 2008 – August 14, 2008 escrow account expense and August 2008 – February 28, 2010 subaccount expenses listed in R. Schneider's declaration, and in particular, whether those certificates total $25,300,110.15, not $25,304,385.16 as stated in the declaration.

35. Documentation substantiating the $370,000 in Initial OU1 Consent Decree costs purportedly paid to the EPA Hazardous Substance Superfund.

36. Documentation substantiating the $150,000 in natural resource damages purportedly paid to the Department of Interior NRDAR Fund.

37. Documentation substantiating the $250,000 in natural resource damages purportedly paid to the trustee-sponsored restoration efforts.

# CERTIFICATE OF SERVICE

I, Eric Ha, hereby certify that on October 4, 2011, I caused a copy of the foregoing Notice of Deposition to be served on the following counsel by electronic mail:

Philip Munroe at DiRenzo & Bomier LLC, pmunroe@direnzollc.com; Scott Fleming at Weiss Berzowski Brady LLP, sbf@wbb-law.com; David Mandelbaum at Greenberg Traurig, LLP, mandelbaumd@gtlaw.com; Marc Davies at Greenberg Traurig, LLP, daviesm@gtlaw.com; Sabrina Mizrachi at Greenberg Traurig, LLP, mizrachis@gtlaw.com; Monique Mooney at Greenberg Traurig, LLP, mooneym@gtlaw.com; Caleb Holmes at Greenberg Traurig, LLP, holmesc@gtlaw.com; Adam Silverman at Greenberg Traurig, LLP, silvermana@gtlaw.com; Philip Hunsucker at Hunsucker Goodstein & Nelson PC, phunsucker@hgnlaw.com; David Rabbino at Hunsucker Goodstein & Nelson PC, drabbino@hgnlaw.com; Allison McAdam at Hunsucker Goodstein & Nelson PC, amcadam@hgnlaw.com; David Edquist at von Briesen & Roper, s.c., dedquist@vonbriesen.com; Christopher Riordan at von Briesen & Roper, s.c., criordan@vonbriesen.com; Patrick Wells at von Briesen & Roper, s.c., pwells@vonbriesen.com; Russell Wilson at Ruder Ware, rwilson@ruderware.com; Linda Benfield at Foley & Lardner LLP, lbenfield@foley.com; Sarah Slack at Foley & Lardner LLP, sslack@foley.com; Paul Bargren at Foley & Lardner LLP, pbargren@foley.com; Howard Iwrey at Dykema Gossett PLLC, hiwrey@dykema.com; Joseph Basta at Dykema Gossett PLLC, jbasta@dykema.com; Daniel Murray at Johnson & Bell, Ltd., murrayd@jbltd.com; Garrett Boehm, Jr. at Johnson & Bell, Ltd., boehmg@jbltd.com; Frederick Mueller at Johnson & Bell, Ltd., muellerf@jbltd.com; John Cermak, Jr. at Baker & Hostetler LLP, jcermak@bakerlaw.com; Sonja Inglin at Baker & Hostetler LLP, singlin@bakerlaw.com; Timothy Anderson at Remley & Sensenbrenner, S.C., tanderson@remleylaw.com; Thomas O'Donnell at Calfee Halter & Griswold LLP, todonnell@calfee.com; William Coughlin at Calfee Halter & Griswold LLP, wcoughlin@calfee.com; Ted Waskowski at Stafford Rosenbaum LLP, twaskowski@staffordlaw.com; Richard Yde at Stafford Rosenbaum LLP, ryde@staffordlaw.com; Meg Vergeront at Stafford Rosenbaum LLP, mvergeront@staffordlaw.com; Paul Kent at Anderson & Kent, S.C., pkent@staffordlaw.com; James P. Walsh at the Appleton City Attorney's Office, jim.walsh@appleton.org; Lora L. Zimmer at Hinshaw & Culbertson LLP, lzimmer@hinshawlaw.com; William Mulligan at Davis & Kuelthau, s.c., wmulligan@dkattorneys.com; Kevin Lyons at Davis & Kuelthau, s.c.,

klyons@dkattorneys.com; Tara Mathison at Davis & Kuelthau, s.c., tmathison@dkattorneys.com; Elizabeth Miles at Davis & Kuelthau, s.c., emiles@dkattorneys.com; Thomas Schrimpf at Hinshaw & Culbertson LLP, tschrimpf@hinshawlaw.com; Ian Pitz at Michael Best & Friedrich, LLP, iapitz@michaelbest.com; Anthony S. Wachewicz, III at City of Green Bay, tonywa@ci.green-bay.wi.us; Ted Warpinski at Friebert, Finerty & St. John, S.C., taw@ffsj.com; S. Todd Farris at Friebert, Finerty & St. John, S.C., stf@ffsj.com; M. Andrew Skwierawski at Friebert, Finerty & St. John, S.C., mas@ffsj.com; Scott Hansen at Reinhart Boerner Van Deuren s.c., shansen@reinhartlaw.com; Steven Bogart at Reinhart Boerner Van Deuren s.c., sbogart@reinhartlaw.com; John Van Lieshout at Reinhart Boerner Van Deuren s.c., jvanlieshout@reinhartlaw.com; David Frank at Reinhart Boerner Van Deuren s.c., dfrank@reinhartlaw.com; Thomas Gottshall at Haynsworth Sinkler Boyd, P.A., tgottshall@hsblawfirm.com; Stephen McKinney at Haynsworth Sinkler Boyd, P.A., smckinney@hsblawfirm.com; William Harbeck at Quarles & Brady LLP, william.harbeck@quarles.com; Nancy Peterson at Quarles & Brady LLP, nancy.peterson@quarles.com; Peter Karegeannes at Quarles & Brady LLP, peter.karegeannes@quarles.com; Susan Lovern at von Briesen & Roper, s.c., slovern@vonbriesen.com; Thomas Armstrong at von Briesen & Roper, s.c., tarmstro@vonbriesen.com; Michael P. Carlton at von Briesen & Roper, s.c., mcarlton@vonbriesen.com; Kelly Noyes at von Briesen & Roper, s.c., knoyes@vonbriesen.com; Arthur Foerster at Latham & Watkins LLP, Arthur.Foerster@law.com; Margrethe Kearney at Latham & Watkins LLP, Margrethe.Kearney@lw.com; Mary Rose Alexander at Latham & Watkins LLP, Mary.Rose.Alexander@lw.com; Karl Lytz at Latham & Watkins LLP, Karl.Lytz@lw.com; Andrea Hogan at Latham & Watkins LLP, Andrea.Hogan@lw.com; Patrick J. Ferguson at Latham & Watkins LLP, Patrick.Ferguson@lw.com; Nathan Fishbach at Whyte Hirschboeck Dudek S.C., nfishbach@whdlaw.com; Jan Conlin at Robins, Kaplan, Miller & Ciresi L.L.P., jmconlin@rkmc.com; Sarah Lindsey at Warner Norcross & Judd LLP, slindsey@wnj.com; Steven Kohl at Warner Norcross & Judd LLP, skohl@wnj.com; Matthew Adams at SNR Denton, matthew.adams@snrdenton.com; James Braza at Davis & Kuelthau, s.c., jbraza@dkattorneys.com; Randall Stone at U.S. Department of Justice, randall.stone@usdoj.gov; Joshua Levin at U.S. Department of Justice, joshua.levin@usdoj.gov; Matthew R. Oakes at U.S.

Department of Justice, matthew.oakes@usdoj.gov; Perry Rosen at U.S. Department of Justice, perry.rosen@usdoj.gov; Michael Hermes at Hermes Law, Ltd., mlh@hermeslawltd.com; Brandon Evans at Hermes Law, Ltd., bje@hermeslawltd.com; Ericka L. Krumrie at Hermes Law, Ltd., elk@hermeslawltd.com; Heidi D. Melzer at Hermes Law, Ltd., hdm@hermeslawltd.com; Dennis Birke at DeWitt Ross & Stevens S.C., db@dewittross.com; Ronald Ragatz at DeWitt Ross & Stevens S.C., rrr@dewittross.com; Megan Senatori at DeWitt Ross & Stevens S.C., ms@dewittross.com; J. Ric Gass at Gass Weber Mullins LLC, gass@gasswebermullins.com David Turek at Gass Weber Mullins LLC, turek@gasswebermullins.com.

                                                              /s/ Eric Ha
                                                               Eric Ha