# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>    Plaintiffs,<br>v.<br><br>GEORGE A. WHITING PAPER COMPANY,<br>ET AL.,<br>    Defendants. | No. 08-CV-16-WCG |
| NCR CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>KIMBERLY-CLARK CORPORATION, ET AL.,<br><br>    Defendants. | No. 08-CV-0895-WCG |

## PLAINTIFF NCR CORPORATION'S INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT GEORGIA-PACIFIC CONSUMER PRODUCTS LP, GEORGIA-PACIFIC LLC, AND FORT JAMES OPERATING COMPANY AND FORT JAMES CORPORATION

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Civil Local Rules, and the Court's Scheduling Order dated April 12, 2011 (Dkt. # 1115), Plaintiff NCR Corporation ("NCR"), by its attorneys, hereby requests that Defendant Georgia-Pacific Consumer Products LP, Georgia-Pacific LLC, and Fort James Company and Fort James Corporation (collectively, "GP"), within thirty (30) days of service, (1) provide written responses to the following interrogatories separately and fully, in writing and under oath, and serve a copy thereof on counsel for NCR, and (2) provide written responses to the following requests for production and produce the documents requested herein for inspection and/or copying by counsel

CHI 5912000v.2

for NCR. Each of the following interrogatories and document requests is to be read in accordance with the definitions and respective instructions that follow.

In issuing these requests, NCR acknowledges that GP has responded to interrogatories and produced documents as part of the limited discovery permitted during Phase I of this litigation. These requests are not intended to require any duplication of previously produced interrogatory responses or documents. Rather, NCR seeks only the discovery of documents, information, and other evidence not previously produced by GP during Phase I that are relevant to the remaining issues in this litigation.

## A. DEFINITIONS

1. "GP" shall mean GP and its officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on behalf of GP or acting under its direction or control, and all of its corporate predecessors, successors, and related entities.

2. The term "action" refers to the above-captioned actions filed in the Eastern District of Wisconsin, Green Bay Division.

3. "Change Order" shall mean any document or agreement between or on behalf of the Fox River Group and a specified vendor that revises, amends or otherwise modifies the terms of the agreement, scope of the vendor's engagement with the Fox River Group, or scope of the work performed for the Fox River Group

4. "Concern" or "concerning" includes without limitation: constituting, containing, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, questioning, describing, creating or maintaining, bearing upon, referring to, having

2

CHI 5912000v.2

any relationship to, constituting a basis for, deriving or arising from, or in any manner whatsoever pertinent to that subject.

1. "Defendant" is any named defendant in *Appleton Papers Inc. and NCR Corp. v. George A. Whiting Paper Co., et al.*, Case No. 08-C-16, in the U.S. District Court for the Eastern District of Wisconsin.

5. "Document" is synonymous and equal in scope to usage of this term in Civil L.R. 26(d)(2)(B).

6. "Fox River Group" and "FRG" shall have the same meanings as in the Declaration of Arthur A. Vogel, Jr., Dkt. # 909.

7. "Identify" with respect to persons or documents shall be synonymous and equal in scope to the usage of the term in Civil L.R. 26(d)(2)(C). If you have knowledge that a person identified is deceased, please so state.

8. "Person" is synonymous and equal in scope to usage of this term in Civil L.R. 26(d)(2)(D).

9. "Retention Contract" and/or "Purchase Order" shall mean any document or agreement between or on behalf of the Fox River Group and a specified vendor that specifies the terms of the agreement, scope of the vendor's engagement with the Fox River Group, or scope of the work performed for the Fox River Group.

10. "Work Order" shall mean any document detailing or describing the work to be performed or being performed by the specified vendor for or on behalf of the Fox River Group.

11. "You" and "your" shall mean GP and the officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on behalf of GP or acting under its direction or control. "You" and "your" shall also include any predecessor or successor of GP, and the

3

CH1 5912000v.2

officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on behalf of that predecessor or successor of GP or acting under the predecessor's or successor's direction or control.

## B. INSTRUCTIONS

General Instructions

1. The past tense shall be construed to include the present tense, and vice versa, as is necessary to make the discovery request inclusive rather than exclusive.

2. The singular shall be construed to include the plural, and vice versa, as is necessary to make the discovery request inclusive rather than exclusive.

3. "Any" shall be construed to include "all," and vice versa, and "all" shall be construed to include "each," and vice versa, as is necessary to make the discovery request inclusive rather than exclusive.

4. The words "and" and "or" shall be construed conjunctively or disjunctively, as is necessary to make the discovery request inclusive rather than exclusive.

5. "Including" shall be construed to mean "including but not limited to."

Instructions for Interrogatories

1. Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation or exclusion.

2. Separate and complete responses or objections are required for each interrogatory or subpart thereof.

3. If you object to any interrogatory, please state with specificity the grounds for each such objection.

4

CH1 5912000v.2

4. If any interrogatory cannot be answered in full, answer to the extent possible, specifying the reason why the remainder cannot be answered and the efforts made to supply a complete answer.

5. These interrogatories extend to any information in your possession, custody, or control, including but not limited to any of your respective officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on your behalf or under your direction or control.

6. If you assert a claim of privilege, work product, immunity, or other discovery protection with respect to any part of these interrogatories, state the nature and basis of the privilege or other ground asserted as justification for withholding such information.

Instructions for Requests for Production of Documents

1. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

2. You should produce all of the requested documents that are in your possession, custody, or control, including but not limited to, documents in the possession, custody, or control of your officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators, and any other person acting, or purporting to act, on your behalf or under your direction or control.

3. If you object to a discovery request and withhold any information or document requested herein pursuant to a claim of privilege, work product, or other discovery protection, state with respect to each such document: (a) the privilege upon which you are relying; (b) the type of document (*e.g.*, letter, memorandum); (c) the date of the document; (d) the name and title of the author; (e) the name and title of the addressee; (f) the names and titles of all recipients; and

(g) a general description of the subject matter of the document, including all information necessary to determine the basis for assertion of the privilege or protection.

\*      \*      \*

These interrogatories and document requests shall be deemed continuing so as to require prompt supplemental responses if you learn additional information responsive to these interrogatories and document requests between the time of the initial response to these interrogatories and the time of final judgment in this action.

These interrogatories and document requests are provided without prejudice to, or waiver of, NCR's right to conduct further discovery at a later date, to the extent permitted by the Court's April 12, 2011 Scheduling Order (Dkt. #1115), or by any modification thereof approved by the Court.

## INTERROGATORIES

INTERROGATORY NO. 1: Do you contend that the costs disbursed from the Fox River Group Custodial Account to the entities listed on Exhibit 1 were response costs under CERCLA that were necessary and incurred in a manner consistent with the National Contingency Plan? Unless your answer is an unqualified negative, please state the amount of the costs paid to each entity listed on Exhibit 1 by the Fox River Group that you contend were response costs under CERCLA that were necessary and incurred in a manner consistent with the National Contingency Plan, and identify all facts and theories that support this contention.

INTERROGATORY NO. 2: Do you contend that the assessments paid by GP to the Fox River Group were response costs under CERCLA that were necessary and incurred in a manner consistent with the National Contingency Plan? Unless your answer is an unqualified negative, please state the amount of the costs paid to each entity listed on Exhibit 1 by the Fox River Group that you contend were response costs under CERCLA that were necessary and incurred in

a manner consistent with the National Contingency Plan, and identify all facts and theories that support this contention.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

For each of the entities listed in Exhibit 1, please produce all Retention Contracts and/or Purchase Orders between the entity and the Fox River Group.

REQUEST FOR PRODUCTION NO. 2:

For each of the entities listed in Exhibit 1, please produce all Change Orders between the entity and the Fox River Group, or on behalf of the Fox River Group.

REQUEST FOR PRODUCTION NO. 3

For each of the entities listed in Exhibit 1, please produce all Work Orders for any work done by, or ordered to be done by, the entity and paid for by the Fox River Group.

REQUEST FOR PRODUCTION NO. 4

For each of the entities listed in Exhibit 1 whose invoices paid by the Fox River Group included charges for expenses (as distinguished from charges for services and labor), please produce documents (including but not limited to receipts, invoices and similar documentation) sufficient to demonstrate, for each such expense charge, the amount of the expense actually incurred by the entity and the purpose for which the expense was incurred.

REQUEST FOR PRODUCTION NO.5

For each of the entities listed in Exhibit 1 whose invoices paid by the Fox River Group included charges for subcontractor fees and expenses, please produce documents (including but not limited to receipts, invoices and similar documentation) sufficient to demonstrate, for each

such subcontractor charge, the amount of the subcontractor charge actually incurred by the entity and the purpose for which the subcontractor charge was incurred.

REQUEST FOR PRODUCTION NO. 6

For each of the entities listed in Exhibit 1, please produce all documents related to any disputes between the entity and any of its subcontractors, and/or between the entity and the Fox River Group, concerning the fees or expenses claimed by the entity or subcontractor.

REQUEST FOR PRODUCTION NO. 7

For each of the entities listed in Exhibit 1 that performed Natural Resources Damages Assessment work paid for by the Fox River Group, please produce all draft or final reports prepared by the entities regarding such work.

REQUEST FOR PRODUCTION NO. 8

For the $469,000 LTC Escrow Fee listed in Exhibit E to the Declaration of Arthur A. Vogel, please produce documents sufficient to show 1) the amount, if any, of the $469,000 that has been withdrawn from the escrow account, and supporting documentation sufficient to demonstrate on what such withdrawals were spent; 2) documents sufficient to show what portion of the $469,000 remains in the escrow account, and 3) documents sufficient to show any portion of the $469,000 that has been refunded to "Georgia-Pacific".[1]

---

[1] "Georgia-Pacific" includes all entities referenced in Definition No. 7 of Plaintiff NCR Corporation's Interrogatories and Requests for the Production of Documents to Georgia-Pacific, dated April 4, 2011.

8

CHI 5912000v.2

Case 2:08-cv-00016-WCG    Filed 10/13/11    Page 9 of 11    Document 1211-6

Respectfully Submitted,

NCR CORPORATION

/s/ Evan B. Westerfield
By: One of Its Attorneys

*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
evanwesterfield@sidley.com

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

Dated: October 4, 2011

# EXHIBIT 1

1. Blasland Bouck & Lee Inc.
2. Limno-Tech Inc.
3. Montgomery Watson
4. Exponent Environmental Group, Inc. (also known as PTI Environmental Services)
5. Triangle Economic Research
6. De Maximis, Inc.
7. Ruder Finn
8. Wisconsin Department of Natural Resources
9. Fleishman-Hillard Inc.
10. J. Joseph Cullen Public Works
11. Amec Earth & Environmental (also known as Ogden Environmental)
12. University of Wisconsin Survey Research Lab
13. City of Kaukauna
14. PriceWaterhouseCoopers LLP
15. O'Connor Communications and/or The O'Connor Company
16. FH&K
17. J&H Marsh & McLennan, Inc.
18. Entrix, Inc.
19. American Geological Institute
20. Association for the Environmental Health of Soils
21. Deloitte & Touche LLP
22. University of Wisconsin Foundation
23. Giesy Ecotoxicology
24. Lancaster Consulting
25. Environmental Performance Strategies
26. Appleton Papers Inc., Fort James Corporation, NCR Corporation, P.H. Glatfelter Company, and WTM I Company for account termination
27. Michigan State University
28. W. Frank Bohlen
29. Stein Ray & Harris
30. Foley & Lardner
31. Fort James Corporation (n/k/a Georgia-Pacific LLC), in its capacity as provider of Landfill Services to the Fox River Group

CHI 5912000v.2

Case 2:08-cv-00016-WCG   Filed 10/13/11   Page 11 of 11   Document 1211-6