**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | | |
|---|---|---|
| APPLETON PAPERS INC. and | ) | |
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08-CV-16-WCG |
| | ) | |
| GEORGE A. WHITING PAPER | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-CV-0895-WCG |
| | ) | |
| KIMBERLY-CLARK CORPORATION, | ) | |
| ET AL., | ) | |
| Defendants. | ) | |

_____

## <u>PLAINTIFF NCR CORPORATION'S RESPONSE TO FRG DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS TO SEVENTH AMENDED COMPLAINT</u>

_____

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................ 1

FACTUAL BACKGROUND .................................................................. 2

STANDARD OF REVIEW ................................................................... 7

ARGUMENT .................................................................................. 8

    I.    Defendants Have Failed to Satisfy the Standard for Amending Their Pleadings to Add a New Counterclaim. ................................................................. 8

        A.    Defendant's Motion is Untimely. ............................................. 8

        B.    The Defendants' Proposed Amendment Would be Futile. ....................... 10

        C.    Granting Defendants' Motion Would Substantially Prejudice NCR. ........ 12

CONCLUSION................................................................................ 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alioto v. Town of Lisbon*,
   No.09-3921, 2011 U.S. App. LEXIS 13841 (7th Cir. Jul. 7, 2011) .........................................7

*Campania Mgmt. Co. v. Rooks, Pitts & Poust*,
   290 F.3d 843 (7th Cir. 2002) ..........................................................................................12, 13

*Feldman v. Am. Mem'l Life Ins. Co.*,
   196 F.3d 783 (7th Cir. 1999) ...................................................................................................9

*Fin. Equip. Co. v. Michael Silva*,
   No. 10-C-794, 2010 U.S. Dist. LEXIS 136736 (E.D. Wis. Dec. 14, 2010) ...........................10

*George v. Kraft Foods Global, Inc.*,
   641 F.3d 786 (7th Cir. 2011) ...................................................................................................8

*Johnson v. Cypress Hill*,
   641 F.3d 867 (7th Cir. 2011) ...............................................................................8, 10, 12, 13

*Johnson v. Methodist Med. Ctr. of Ill.*,
   10 F.3d 1300 (7th Cir. 1993) ............................................................................................9, 13

*Lands' End, Inc. v. Remy*,
   No. 05-C-368-C, 2006 U.S. Dist. LEXIS 67660 (W.D. Wis. Sept. 20, 2006) .......................13

*Leasing Serv., LLC v. I.A.M. Nat'l Pension Fund*,
   No. 10-CV-695, 2011 U.S. Dist. LEXIS 44531 (E.D. Wis. Apr. 18, 2011)..............................7

*Perrian v. O'Grady*,
   958 F.2d 192 (7th Cir. 1992) ...................................................................................................9

*Schreiber Foods, Inc. v. Lei Wang & Mature Sky, Ltd.*,
   No. 08-C0962, 2010 U.S. Dist. Lexis 12125 (E.D. Wis. Feb. 11, 2010)................................10

*Sound of Music Co. v. 3M*,
   477 F.3d 910 (7th Cir. 2007) ...........................................................................................10, 11

*Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*,
   424 F.3d 542 (7th Cir. 2005) ...................................................................................................7

*Walgreen Co. v. Sara Creek Prop. Co.*,
   775 F. Supp. 1192 (E.D. Wis. 1991)......................................................................................10

*Young Radiator Co. v. Celotex Corp.*,
   881 F.2d 1408 (7th Cir. 1989) ........................................................................................1, 10, 12

Case 2:08-cv-00016-WCG   Filed 10/17/11   Page 3 of 21   Document 1212

## PRELIMINARY STATEMENT

With discovery set to close on November 4, 2011, certain of the Defendants[1] now seek leave to inject an entirely different theory of relief into the case. This last-minute maneuvering should not be permitted, for at least three reasons. First, Defendants' motion is untimely. Defendants concocted their anticipatory breach of contract theory at least eighteen months ago. However, since then, Defendants have had numerous opportunities to give notice or seek formal leave to amend, including the status conference in March, the scheduling order negotiations in April, and the status conference in August—but they did not raise the issue with the Court until now. Plaintiffs thus had every indication that Defendants had abandoned this unpled and unsupportable theory. Instead, Defendants waited to spring this new cause of action at the very end of discovery. Such gamesmanship is sufficient reason to deny the motion.

Second, the motion would be futile. A claim for anticipatory breach of contract will be dismissed unless there is an "unequivocal manifestation" of an intention to repudiate the contract at issue. *Young Radiator Co. v. Celotex Corp.*, 881 F.2d 1408, 1414-15 (7th Cir. 1989). Defendants cannot meet this burden. There is no evidence that NCR intends to repudiate any obligations arising from the 1999 Agreement among members of the Fox River Group ("FRG Agreement"). While NCR has argued that certain FRG costs are not recoverable *in statutory contribution* under CERCLA Section 113 (because they are not "response costs"), NCR has never taken any position regarding whether those costs might be recovered under some other legal theory—nor has it had any obligation to do so. Given that there is no "unequivocal"

---

[1] The movants are CBC Coating Inc., Georgia-Pacific Consumer Products LP (f/k/a/ Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC (collectively, "GP"), P.H. Glatfelter Company, U.S. Paper Mills Corp., and WTM I Company. ("Defendants").

1

evidence of an intention to breach, Defendants' proposed claim would be summarily dismissed. Defendants therefore should not be granted leave in the first place.

Finally, granting the motion would be prejudicial to NCR. Resolution of this new theory would require substantial additional investigation, including oral discovery into a host of issues, including but not limited to (1) the meaning of critical but ambiguous terms in the FRG Agreement; and (2) the circumstances of NCR's alleged repudiation of this agreement (something NCR denies ever having done). None of this discovery has been conducted, nor can it be conducted, given that the time for serving written discovery has already ended, and all discovery will be closed by the time this motion is fully briefed. Permitting Defendants' proposed amendment, then, would force NCR to go to trial on claims it has had no opportunity to investigate. This is the very type of severe prejudice that justifies denial of the motion.

At some point there may be a "final allocation" within the meaning of the FRG Agreement. The parties to the FRG Agreement will then need to determine their respective obligations. Until that time, however, Defendants cannot be permitted to shoehorn these claims into the current proceeding when they are premature, lack a basis in law and would substantially prejudice NCR.

NCR therefore respectfully requests that the Court deny the FRG Defendants' motion for leave to amend.

## FACTUAL BACKGROUND

In the mid-1990s, Plaintiffs NCR and Appleton Papers Inc. ("API"), and Defendants Glatfelter, WTM I Company, U.S. Paper, Georgia-Pacific (then known as Fort Howard Company) and CBC Coatings (then known as Riverside Paper Corporation) joined together to form the Fox River Group ("FRG"). (Dkt. # 265, Seventh Amended Complaint ("Complaint"), at ¶ 53.) The FRG was formed, as Defendants acknowledge, "in order to

2

cooperate in defense and settlement of claims being asserted by the natural resource trustees, the United States, and the State of Wisconsin." (Dkt. # 1186, Brief in Support of FRG Defendants' Motion for Leave to Amend ("Defendants' Brief"), at 3.) As part of this "defense and settlement" effort, the FRG periodically assessed funds from each of its members, and then disbursed those funds to pay vendors and contractors to perform various projects. Some of those costs were spent for the purpose of "assessing and responding to the Lower Fox River Contamination and implementing certain natural resource damages restoration projects." (Dkt. # 265, Complaint, at ¶ 54.) Other costs were spent on litigation and settlement-related activities, including lobbying and public relations efforts. (Dkt. # 969, Plaintiffs' Memo of Law in Opp. to P.H. Glatfelter Co. and WTM I Co.'s Motion for Summary Judgment, at 29; Dkt. # 998, Plaintiffs' Memo of Law in Opp. to Georgia-Pacific's and Certain Defendants' Motion for Summary Judgment, at 28.)

Because the FRG members could not reach a final agreement about how much each should pay toward these projects, the FRG members instead agreed that their payments would be made on an interim basis and reallocated in the future upon certain specified conditions. This was memorialized in the 1999 FRG Agreement, which provides, in part: "The amounts paid under this agreement and previous funding agreements among the Companies will be subject to reallocation upon completion of the final allocation." (Dkt. # 912-26, July 27, 1999 Agreement on Interim Allocation, at 2.) The agreement does not define the term "final allocation."

In 2008, NCR and API sued Defendants, among others, for contribution under Section 113 of CERCLA and for a declaratory judgment establishing each party's equitable

3

share of the costs of responding to the Lower Fox River Contamination.[2] (Dkt. # 265, Complaint.) As part of this claim, Plaintiffs sought contribution for all costs properly recoverable under CERCLA, including certain of the costs spent by the FRG.[3]

The Complaint does not assert any state law or common law claims. In particular, the Complaint does not include any contract claim against Defendants relating to the FRG costs, or any request for "reallocation" under the FRG Agreement. In fact, the Complaint never even references the FRG Agreement. Contrary to Defendants' assertions, then, Plaintiffs did not bring "this case seeking to reallocate FRG costs" pursuant to the FRG Agreement, nor did they "put the FRG assessments in play by suing for their reallocation." (Dkt. # 1186, Defendants' Brief, at 9.)

In response to the Complaint, Defendants filed counterclaims during 2008. These counterclaims included CERCLA contribution claims, as well as various state law claims. However, *none* of the Defendants asserted an anticipatory breach of contract claim relating to the FRG costs, or any request for "reallocation" under the FRG Agreement. In fact, like the Complaint, Defendants' counterclaims never reference the FRG Agreement.

In April 2010, Defendants moved for summary judgment on their counterclaims. Defendants specifically argued that they were entitled to all of their FRG costs under their existing CERCLA Section 113 claims. (Dkt. # 861, Motion of Defendants P.H. Glatfelter and WTM I Co. for Summary Judgment on Counterclaims; Dkt. # 893, Georgia-Pacific's and Certain Defendants' Motion for Summary Judgment on Equitable Factors; Dkt. # 905, CBC's Memo. Of

---

[2] Plaintiffs also sought to state a claim under Sec. 107 of CERCLA, which the Court refused. (Dkt. # 227, Decision and Order; Dkt. # 751, Decision and Order Denying Motions for Leave to Amend and to Modify Case Management Order.) NCR respectfully disagrees with these rulings.

[3] Contrary to what Defendants contend, Plaintiffs specifically did not seek contribution for *all* of the FRG costs. (Dkt. # 265, Complaint, at ¶¶ 54-55.)

4

Law in Supp. of Motion for Summary Judgment.)  Moreover, Defendants adamantly opposed Plaintiffs' contemporaneous effort to seek summary judgment on Defendants' state law counterclaims. (Dkt.# 950, Defendants' Notice of Expedited Motion and Motion to Stay Consideration of Plaintiffs' Motion for Summary Judgment on Defendants' State Common Law Counterclaims, at 2.)  Defendants argued that consideration of non-CERCLA issues was unnecessary.  (*Id.*)

In May 2010, Plaintiffs properly challenged Defendants' argument that all of their FRG costs were recoverable under Section 113.  (Dkt. # 969; Dkt. # 974; Dkt. # 998.)  Despite the limited time and discovery available, Plaintiffs identified numerous examples (which were clearly identified as such) of FRG costs that did not qualify as necessary "response costs" incurred consistent with the National Contingency Plan.  (Dkt. #998, at 30-31.)  Because CERCLA's requirements were not satisfied for many of the FRG costs sought by Defendants, Plaintiffs argued that the Court could not award these costs under the existing claims.  The argument was thus limited solely to the recoverability of these costs under CERCLA; NCR did not take any position regarding whether these FRG costs were separately recoverable under some other legal theory that is not yet ripe and has not been pled.

Defendants subsequently filed reply briefs in late May 2010.  It was at that point, almost two and one-half years after the case had started, that Defendants referred—for the first time—to seeking "reallocation" under the FRG Agreement.  (Dkt. # 1021, Reply Memo. of Defendants P.H. Glatfelter and WTM I Co. in Supp. of Motion for Summary Judgment, at 14; Dkt. # 1040, Reply Memo. in Supp. of GP's Motion for Summary Judgment, at 11; Dkt. # 1044, CBC's Reply Memo in Supp. of Motion for Summary Judgment, at 6-8.)  However, Defendants were not specific regarding whether they were seeking damages for an alleged breach of

5

contract,[4] or whether they were simply arguing that the FRG Agreement provided further justification for contribution under their existing CERCLA Section 113 claim.

Plaintiffs objected to Defendants' attempt to insert this new issue into the case. (Dkt. # 1057-1, Plaintiffs' Surreply, at 5-6.) Plaintiffs stated that they "were given no notice that this claim was even in the case, much less any opportunity to take discovery [on it]," and therefore the claim was not ripe for adjudication. (*Id*. at 5.) Plaintiffs further noted that it would be inequitable to consider a claim raised for the first time in reply briefs. (*Id.*) Finally, Plaintiffs explained that consideration of state law contract claims would be contrary to the stay of non-CERCLA claims that Defendants themselves asked the Court to enter. (*Id.* at 6.) Even though put squarely on notice of their pleading deficiency, Defendants never moved at any point during the briefing for leave to add the purported contract claim. In fact, Defendant CBC, one of the FRG members, moved with its reply brief to add a CERCLA Section 113 counterclaim—***but elected not to seek leave to add a breach of contract claim***.

In March 2011, the Court ruled on Defendants' motions for summary judgment. (Dkt. # 1080, Decision and Order.) The Court's ruling never mentions the FRG Agreement or discusses any of Defendants' arguments relating to it. Since that ruling, Defendants have been fully aware of NCR's intention to challenge the recoverability of certain FRG costs under Defendants' CERCLA Section 113 claims. Nevertheless, Defendants did not advise the Court or the parties during the status hearing on March 30, 2011, of their intention to pursue a contract-based theory of relief. Defendants also did not seek to have this issue included in the Scheduling Order for this final phase entered by the Court on April 12, 2011. And Defendants chose not to

---

[4] It was not clear whether Defendants were truly asserting a contract claim because they never addressed, for example, the FRG Agreement's requirement of a "final allocation," nor how Defendants could seek relief under a state law contract claim when they themselves had asked the Court to stay consideration of any state law claims.

6

mention this issue either in the briefing leading up to the August 1, 2011 status hearing, or at the hearing itself.[5]  Instead, Defendants waited until barely a month before the close of discovery, and over five months after the entry of the Scheduling Order, to seek such leave.  As before with their reply briefs, Defendants chose to spring this issue at a time when NCR would have no opportunity to properly investigate the claim.

## STANDARD OF REVIEW

A party must show "good cause" to amend its pleadings after the date provided for such amendments in a scheduling order.  *Alioto v. Town of Lisbon*, No.09-3921, 2011 U.S. App. LEXIS 13841, at *10 (7th Cir. Jul. 7, 2011); *see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'"); *Leasing Serv., LLC v. I.A.M. Nat'l Pension Fund*, No. 10-CV-695, 2011 U.S. Dist. LEXIS 44531, at *3 (E.D. Wis. Apr. 18, 2011) ("In order to modify a schedule, the movant must show 'good cause.'").

The Case Management Order in this case required that any motions to amend pleadings without leave of Court be filed no later than thirty-one days after the issuance of a scheduling order.  (Dkt. # 252, at 8.)  The most recent scheduling order, dated April 12, 2011, did not alter this deadline.  (Dkt. # 1115.)  Because Defendants' current motion was not filed within thirty-one days of the most recent scheduling order, but was instead filed more than five

---

[5] At the August 1, 2011 status conference, NCR continued to maintain that not all of the FRG costs are recoverable under CERCLA.  (8-1-2011 Hearing Transcript, at 15:20-16:9.)  The Court agreed that further discovery on this issue was warranted, stating that "to the extent that my earlier decision reflects this is closed, I will agree that they're not."  (8-1-2011 Transcript, at 16:21-25.)  Still, Defendants made no attempt to alert the Court of their intention to seek leave to amend their counterclaims or to add a new theory of relief.

7

months after that scheduling order, Defendants' motion must be denied because they have not met their burden of proof to show good cause.

## ARGUMENT

### I. DEFENDANTS HAVE FAILED TO SATISFY THE STANDARD FOR AMENDING THEIR PLEADINGS TO ADD A NEW COUNTERCLAIM.

Motions to amend pleadings are "not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871 (7th Cir. 2011). "District courts have broad discretion to deny leave to amend where there is undue delay, . . . undue prejudice to the [non-moving party], or where the amendment would be futile." *Id.* at 872 (alternations and internal quotation marks omitted). Defendants' motion suffers from all three of these defects and should therefore be denied.

#### A. Defendant's Motion is Untimely.

District courts may deny a motion for leave to amend when the motion is unduly delayed. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789 (7th Cir. 2011). Moreover, "'the longer the delay the greater the presumption against granting leave to amend.'" *Johnson*, 641 F.3d at 872 (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)).

Here, the Defendants have inexplicably waited over eighteen months to move to add their proposed anticipatory breach of contract claim. The alleged basis for Defendants' claim—that NCR has disputed the recoverability of FRG-related costs under the existing CERCLA Section 113 claims—has been known to Defendants since no later than May 2010, when NCR responded to Defendants' motions for summary judgment on their counterclaims. (Dkt. # 969; Dkt. # 974; Dkt. # 998.) Defendants should have asserted their proposed amendment at that time, rather than waiting until a couple weeks before the close of discovery.

8

While such a proposed amendment at that time would still have been subject to dismissal as "futile," for the reasons discussed below, Defendants' unjustified delay in bringing this motion is sufficient reason to deny it now. *See, e.g.*, *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (affirming denial of motion to amend as untimely when party did not move until five months after learning of basis for amendment); *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of motion to amend as untimely based on five-month delay after discovering the facts that allegedly necessitated the amendment); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (affirming denial of motion to amend when party "ha[d] not explained why he waited [three and a half months]" to add additional defendants).

Defendants' attempt to excuse their last-minute motion by arguing that NCR has long been aware of Defendants' breach of contract theory. This excuse has no basis in fact. The issue of the FRG Agreement was first raised by Defendants in their reply briefs in support of their motions for summary judgment on their counterclaims. (Dkt. # 1021, at 14; Dkt. # 1040, at 11; Dkt. # 1044, at 6-8.) However, Defendants' principal argument there was that the existence of the FRG Agreement provided further reason for the Court to award Defendants' their FRG costs ***under their existing CERCLA Section 113 claims***. (*Id.*)

Moreover, since that time, Defendants have elected repeatedly not to pursue their alleged anticipatory breach of contract theory, despite numerous opportunities. For example, Defendants could have sought leave to add such a claim during the briefing on the summary judgment motions in May 2010; at the status hearing in March 2011; in connection with the negotiated scheduling order submitted to the Court in April 2011; or at the status hearing in August 2011. However, in each instance, Defendants took no action concerning their alleged contract claims. Having sat on their defective claims for so long, apparently for strategic

9

reasons, Defendants are now trying to pull "exactly the sort of switcheroo [the Seventh Circuit has] counseled against." *Johnson*, 641 F.3d at 873. Accordingly, Defendants' motion should be denied.

### B.      The Defendants' Proposed Amendment Would be Futile.

A motion to amend is also inappropriate if the "amended pleading could not survive a motion to dismiss or a motion for summary judgment." *Fin. Equip. Co. v. Michael Silva*, No. 10-C-794, 2010 U.S. Dist. LEXIS 136736, at *3 (E.D. Wis. Dec. 14, 2010). Under such circumstances, the amendment would be a "futile gesture." *Id.*; *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007); *Schreiber Foods, Inc. v. Lei Wang & Mature Sky, Ltd.*, No. 08-C0962, 2010 U.S. Dist. Lexis 12125, at *7 (E.D. Wis. Feb. 11, 2010).

Defendants' proposed amendment would be just such a "futile gesture." Under Wisconsin law,[6] a claim for anticipatory breach of contract requires "a definite and unequivocal manifestation of an intention on the part of the repudiator that it will not render the promised performance when the time fixed for it in the contract arrives." *Young Radiator Co. v. Celotex Corp.*, 881 F.2d 1408 (7th Cir. 1989); *Walgreen Co. v. Sara Creek Prop. Co.*, 775 F. Supp. 1192, 1195 (E.D. Wis. 1991) (same). In particular, there must be proof that the party "intentionally repudiated its obligation [under the relevant agreement] in advance." *Id*.

Defendants do not offer any evidence of such an "unequivocal" intention to repudiate the FRG Agreement, nor can they. During the course of this litigation, NCR has not taken ***any*** position regarding the FRG Agreement or the obligations contained in them. In particular, NCR has not taken any position with respect to the reallocation of FRG costs under

---

[6] The FRG Agreement does not include a choice of law provision. For the purposes of this opposition only, NCR has assumed that Wisconsin law would apply. However, NCR reserves its rights to argue that another jurisdiction's law should govern the Agreement.

the FRG agreement. The **only** position NCR has taken is that some or all of the FRG costs **are not recoverable through a CERCLA Section 113 claim**.[7] But arguing that the FRG costs cannot be awarded **in contribution** is not a repudiation of whether those costs can be awarded **in a contract action**. There has thus been no "unequivocal manifestation" of an intention to breach the FRG Agreement. Defendants' claim would therefore be subject to summary dismissal, and allowing the amendment would be futile and inappropriate. *Sound of Music*, 477 F.3d at 923-34 (affirming denial of motion to amend when there was no evidence to support the amended claim and it would not survive summary judgment).

The Defendants attempt to manufacture an "intention to breach" in several ways, but none has any merit. First, Defendants falsely claim Plaintiffs have argued that "only costs consistent with the NCP are subject to reallocation" under the FRG Agreement. NCR has never made such an argument. Instead, as noted above, NCR's sole argument has been that some or all of these costs are not recoverable through a CERCLA Section 113 claim. That argument has no bearing on what is (or is not) required by the FRG Agreement itself.

Second, Defendants mistakenly argue that Plaintiffs have evidenced an intention to breach by "refusing to acknowledge their liability for all FRG costs." By the very terms of the FRG Agreement, Plaintiffs do not have to acknowledge (or deny) any obligations until there is a "final allocation." That time has not yet arrived. Even if the "allocation" to which the FRG Agreement refers is the "outcome of allocation litigation," as Defendants contend, that outcome is not yet final in the district court, much less on appeal. (Dkt. # 1186, Defendants' Brief, at 5.)

---

[7] In its summary judgment briefing, NCR repeatedly argued that the FRG costs could be properly challenged under CERCLA. (*See* Dkt. # 969, at 29 ("[N]othing in the FRG agreements reflects any sort of *a priori* acceptance that costs incurred by the FRG are necessary or consistent with the NCP, or otherwise immune from challenge"); Dkt. # 998, at 27 ("As above, these [FRG] costs, do not qualify as 'necessary' or 'consistent with the NCP' under CERCLA, and GP has not even attempted to meet its burden otherwise.)) However, nowhere in the briefs does NCR take a position regarding any party's contractual obligations under the FRG Agreement.

11

Defendants implicitly recognize that no "final allocation" has been made; otherwise they would have pled a claim for actual breach of contract, rather than one for *anticipatory* breach. Given that no obligations have yet to arise under the FRG Agreement, the fact that Plaintiffs have not taken any position regarding the FRG Agreement can hardly qualify as the necessary "unequivocal manifestation" of an intention to breach. *See Young*, 881 F.2d at 1415 (affirming there is no anticipatory breach when no evidence was presented that the alleged breaching party ever took a position with respect to performance under the contract).

Finally, Defendants erroneously argue that Plaintiffs are in breach because the Court has already held that Defendants are entitled to all their FRG costs under the FRG Agreement. (Dkt. # 1186, Defendants' Brief, at 2.) There clearly has been no such ruling. The Court clarified as much at the August 1, 2011 status conference: "[T]o the extent that my earlier decision reflects [that issues concerning costs, including the FRG costs, are] closed, I will agree that they're not." (8-1-2011 Transcript, at 16:21-25.) Contrary to Defendants' claim, then, the Court has not issued any adjudication regarding the FRG costs or the FRG Agreement. Because there is no factual basis to this argument, or any of Defendants' other efforts to manufacture an intention to breach, Defendants' proposed amendment is subject to summary dismissal. Defendants' motion must therefore be denied as futile.

### C.    Granting Defendants' Motion Would Substantially Prejudice NCR.

District courts also have broad discretion to deny a motion for leave to amend when the motion will result in undue prejudice to the non-moving party. *Johnson*, 641 F.3d at 871. In particular, "[a] trial court may deny leave to amend when the amendment would cause the opposing party to bear additional discovery costs litigating a new issue." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

NCR would suffer this very type of prejudice if the Defendants' motion were granted. In particular, resolution of Defendants' proposed claim could require significant discovery, including at a minimum:

- Depositions of the seven parties and their counsel that negotiated the FRG Agreement to determine what was meant by the triggering condition of a "final allocation" (e.g., summary judgment ruling, final judgment in the district court, final judgment from an appellate court, etc.);

- Depositions of the seven parties and their counsel that negotiated the FRG Agreement to determine whether the triggering condition of a "final allocation" included a judicial ruling or was limited to an "agreed" allocation through mediation or settlement; and

- Identification and depositions of the individuals who were present when NCR allegedly expressed its intention not to comply with the FRG Agreement (something NCR denies ever doing).

To date, no such discovery has been conducted—and by the time this motion is resolved, fact discovery will have closed. Granting Defendants' motion, then, would require NCR to proceed to trial on Defendants' new claim without the benefit of *any* discovery. This result would substantially prejudice NCR. Under similar circumstances, courts have repeatedly denied motions for leave to amend. *Johnson*, 641 F.3d at 872-73 (affirming denial of motion to amend as prejudicial when discovery was closed and the amendment would require a lengthy delay to allow for additional discovery to litigate the claims); *Methodist Med.*, 10 F.3d at 1304 (affirming denial of motion to amend as prejudicial when the parties would have to engage in substantial additional discovery to litigate the amendment); *Campania Mgmt.*, 290 F.3d at 850 (affirming denial of a motion to amend as prejudicial when the amendment would have raised additional, complex issues days before the close of discovery, delaying the matter for several months); *Lands' End, Inc. v. Remy*, No. 05-C-368-C, 2006 U.S. Dist. LEXIS 67660, at *6 (W.D. Wis. Sept. 20, 2006) (denying a motion to amend "[g]iven the speed with which the trial date is

13

approaching").  For similar reasons, NCR respectfully requests that the Court deny the motion here as well.

As noted above, Defendants erroneously argue that there would be no prejudice to NCR because "Plaintiffs brought this case seeking to reallocate FRG Costs."  (Dkt. # 1186, Defendants' Brief, at 8.)  This argument mischaracterizes the Complaint.  The Complaint seeks only to recover from Defendants any past costs that Plaintiffs have incurred that are recoverable under CERCLA Section 113.  (Dkt. # 265.)  Plaintiffs have never asserted any non-CERCLA claim, let alone a claim for breach of contract or a claim for "reallocation" under the FRG Agreement.  There is thus no basis to Defendants' suggestion that this issue has been present "[f]rom the outset."  (Dkt. # 1186, Defendants' Brief, at 8.)  Instead, Defendants' breach of contract theory is an entirely new and separate claim, sprung at the last possible minute, that cannot be investigated prior to trial.  This is the very type of prejudice  that necessitates denial of the motion.

## CONCLUSION

For the foregoing reasons, NCR respectfully requests that the Court deny

Defendants' Motion for Leave to File Amended Counterclaims to Seventh Amended Complaint.

Dated: October 17, 2011

Respectfully submitted,

NCR CORPORATION

/s/ _Evan B. Westerfield_____
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

15

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed Plaintiff NCR Corporation's Response to FRG Defendants' Motion for Leave to File Amended Counterclaims to Seventh Amended Complaint using the ECF system, which will send notification of such filing to: Philip Munroe at DiRenzo & Bomier LLC, pmunroe@direnzollc.com; Scott Fleming at Weiss Berzowski Brady LLP, sbf@wbb-law.com; David Mandelbaum at Greenberg Traurig, LLP, mandelbaumd@gtlaw.com; Marc Davies at Greenberg Traurig, LLP, daviesm@gtlaw.com; Sabrina Mizrachi at Greenberg Traurig, LLP, mizrachis@gtlaw.com; Monique Mooney at Greenberg Traurig, LLP, mooneym@gtlaw.com; Caleb Holmes at Greenberg Traurig, LLP, holmesc@gtlaw.com; Adam Silverman at Greenberg Traurig, LLP, silvermana@gtlaw.com; Philip Hunsucker at Hunsucker Goodstein & Nelson PC, phunsucker@hgnlaw.com; David Rabbino at Hunsucker Goodstein & Nelson PC, drabbino@hgnlaw.com; Allison McAdam at Hunsucker Goodstein & Nelson PC, amcadam@hgnlaw.com; David Edquist at von Briesen & Roper, s.c., dedquist@vonbriesen.com; Christopher Riordan at von Briesen & Roper, s.c., criordan@vonbriesen.com; Patrick Wells at von Briesen & Roper, s.c., pwells@vonbriesen.com; Russell Wilson at Ruder Ware, rwilson@ruderware.com; Linda Benfield at Foley & Lardner LLP, lbenfield@foley.com; Sarah Slack at Foley & Lardner LLP, sslack@foley.com; Paul Bargren at Foley & Lardner LLP, pbargren@foley.com; Howard Iwrey at Dykema Gossett PLLC, hiwrey@dykema.com; Joseph Basta at Dykema Gossett PLLC, jbasta@dykema.com; Daniel Murray at Johnson & Bell, Ltd., murrayd@jbltd.com; Garrett Boehm, Jr. at Johnson & Bell, Ltd., boehmg@jbltd.com; Frederick Mueller at Johnson & Bell, Ltd., muellerf@jbltd.com; John Cermak, Jr. at Baker & Hostetler LLP, jcermak@bakerlaw.com; Sonja Inglin at Baker & Hostetler LLP, singlin@bakerlaw.com; Timothy Anderson at Remley & Sensenbrenner, S.C., tanderson@remleylaw.com; Thomas O'Donnell at Calfee Halter & Griswold LLP, todonnell@calfee.com; William Coughlin at Calfee Halter & Griswold LLP, wcoughlin@calfee.com; Ted Waskowski at Stafford Rosenbaum LLP, twaskowski@staffordlaw.com; Richard Yde at Stafford Rosenbaum LLP, ryde@staffordlaw.com; Meg Vergeront at Stafford Rosenbaum LLP, mvergeront@staffordlaw.com; Paul Kent at Anderson & Kent, S.C., pkent@staffordlaw.com; James P. Walsh at the Appleton City Attorney's Office, jim.walsh@appleton.org; Lora L. Zimmer at Hinshaw & Culbertson LLP, lzimmer@hinshawlaw.com; William Mulligan at Davis & Kuelthau, s.c., wmulligan@dkattorneys.com; Kevin Lyons at Davis & Kuelthau, s.c., klyons@dkattorneys.com; Tara Mathison at Davis & Kuelthau, s.c., tmathison@dkattorneys.com; Elizabeth Miles at Davis & Kuelthau, s.c., emiles@dkattorneys.com; Thomas Schrimpf at Hinshaw & Culbertson LLP, tschrimpf@hinshawlaw.com; Ian Pitz at Michael Best & Friedrich, LLP, iapitz@michaelbest.com; Anthony S. Wachewicz, III at City of Green Bay, tonywa@ci.green-bay.wi.us; Ted Warpinski at Friebert, Finerty & St. John, S.C., taw@ffsj.com; S. Todd Farris at Friebert, Finerty & St. John, S.C., stf@ffsj.com; M. Andrew Skwierawski at Friebert, Finerty & St. John, S.C., mas@ffsj.com; Scott Hansen at Reinhart Boerner Van Deuren s.c., shansen@reinhartlaw.com; Steven Bogart at Reinhart Boerner Van Deuren s.c., sbogart@reinhartlaw.com; John Van Lieshout at Reinhart Boerner Van Deuren s.c., jvanlieshout@reinhartlaw.com; David Frank at Reinhart Boerner Van Deuren s.c., dfrank@reinhartlaw.com; Thomas Gottshall at Haynsworth Sinkler Boyd, P.A., tgottshall@hsblawfirm.com; Stephen McKinney at Haynsworth Sinkler Boyd, P.A., smckinney@hsblawfirm.com; William Harbeck at Quarles & Brady LLP,

william.harbeck@quarles.com; Nancy Peterson at Quarles & Brady LLP, nancy.peterson@quarles.com; Peter Karegeannes at Quarles & Brady LLP, peter.karegeannes@quarles.com; Susan Lovern at von Briesen & Roper, s.c., slovern@vonbriesen.com; Thomas Armstrong at von Briesen & Roper, s.c., tarmstro@vonbriesen.com; Michael P. Carlton at von Briesen & Roper, s.c., mcarlton@vonbriesen.com; Kelly Noyes at von Briesen & Roper, s.c., knoyes@vonbriesen.com; Arthur Foerster at Latham & Watkins LLP, Arthur.Foerster@law.com; Margrethe Kearney at Latham & Watkins LLP, Margrethe.Kearney@lw.com; Mary Rose Alexander at Latham & Watkins LLP, Mary.Rose.Alexander@lw.com; Karl Lytz at Latham & Watkins LLP, Karl.Lytz@lw.com; Andrea Hogan at Latham & Watkins LLP, Andrea.Hogan@lw.com; Patrick J. Ferguson at Latham & Watkins LLP, Patrick.Ferguson@lw.com; Nathan Fishbach at Whyte Hirschboeck Dudek S.C., nfishbach@whdlaw.com; Jan Conlin at Robins, Kaplan, Miller & Ciresi L.L.P., jmconlin@rkmc.com; Sarah Lindsey at Warner Norcross & Judd LLP, slindsey@wnj.com; Steven Kohl at Warner Norcross & Judd LLP, skohl@wnj.com; Matthew Adams at SNR Denton, matthew.adams@snrdenton.com; James Braza at Davis & Kuelthau, s.c., jbraza@dkattorneys.com; Randall Stone at U.S. Department of Justice, randall.stone@usdoj.gov; Joshua Levin at U.S. Department of Justice, joshua.levin@usdoj.gov; Matthew R. Oakes at U.S. Department of Justice, matthew.oakes@usdoj.gov; Perry Rosen at U.S. Department of Justice, perry.rosen@usdoj.gov; Michael Hermes at Hermes Law, Ltd., mlh@hermeslawltd.com; Brandon Evans at Hermes Law, Ltd., bje@hermeslawltd.com; Ericka L. Krumrie at Hermes Law, Ltd., elk@hermeslawltd.com; Heidi D. Melzer at Hermes Law, Ltd., hdm@hermeslawltd.com; Dennis Birke at DeWitt Ross & Stevens S.C., db@dewittross.com; Ronald Ragatz at DeWitt Ross & Stevens S.C., rrr@dewittross.com; Megan Senatori at DeWitt Ross & Stevens S.C., ms@dewittross.com; Gregory A. Krauss at Gregory A. Krauss PLLC, gkrauss@krausspllc.com; J. Ric Gass at Gass Weber Mullins LLC, gass@gasswebermullins.com David Turek at Gass Weber Mullins LLC, turek@gasswebermullins.com.

NCR CORPORATION

   /s/ Evan B. Westerfield
    One of Its Attorneys

Kathleen L. Roach
Evan B. Westerfield
Eric W. Ha
Margaret R. Sobota
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax:    (312) 853-7036
Email: kroach@sidley.com
        evanwesterfield@sidley.com
        eha@sidley.com
        msobota@sidley.com

17

Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Omid H. Nasab
Vanessa A. Lavely
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax:    (212) 474-3700
Email: echesler@cravath.com
        sgoldstein@cravath.com
        dmcatee@cravath.com
        onasab@cravath.com
        vlavely@cravath.com