IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION, | )<br>)<br>) | |
|        Plaintiffs, | ) | |
|     v. | ) | No. 08-CV-16-WCG |
| GEORGE A. WHITING PAPER<br>COMPANY, et al., | )<br>)<br>) | |
|        Defendants. | ) | |

_____

| | | |
|---|---|---|
| NCR CORPORATION, | )<br>) | |
|        Plaintiff, | )<br>) | |
|     v. | ) | No. 08-CV-0895-WCG |
| KIMBERLY-CLARK CORPORATION,<br>ET AL., | )<br>)<br>) | |
|        Defendants. | ) | |

_____

**PLAINTIFF NCR CORPORATION'S OPPOSITION TO FRG DEFENDANTS'
CIVIL LOCAL RULE 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR
PROTECTIVE ORDER REGARDING DISCOVERY FROM NCR CORPORATION**

Although the Defendants[1] seek to recover from NCR more than $42 million in costs relating to Fox River Group ("FRG") activities, they are refusing to allow *any* oral discovery into this claim. NCR is clearly entitled to discover information these Defendants may have concerning whether these costs are "response costs" recoverable under CERCLA. And NCR has proposed a compromise that would accomplish its goal in the most economical way conceivable: one Rule 30(b)(6) deposition—rather than individual depositions of Defendants' employees and more than thirty FRG contractors. Defendants never responded to this proposal, or to NCR's offer to consider a stipulation in lieu of a deposition. *See* Westerfield Declaration, at ¶¶ 3-4. That Defendants filed this Motion without responding to NCR's reasonable compromise or providing notice to NCR violates the spirit, if not the letter, of Federal Rule of Civil Procedure 26(c)(1). The Court should deny this motion, just as the Court denied one of the Defendant's previous efforts to block a (first) Rule 30(b)(6) deposition. (*See* Dkt. #527, #593.)

NCR's right to this discovery is clear. Much of the work authorized and paid for by the FRG was for purposes that disqualify these costs from being "response costs" recoverable under CERCLA (*e.g.*, lobbying and public relations activities). (*See* Dkt. #998 at 31; Dkt. #969 at 35.) Nevertheless, Defendants continue to press for the recovery of ***all*** FRG costs under their CERCLA counterclaims. NCR is entitled to learn and test the factual bases for Defendants' position, as well as what information Defendants have that causes them to assert that FRG expenditures wholly unrelated to cleanup work are nonetheless recoverable under CERCLA. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09-C-0916, 2010 U.S. Dist. LEXIS 91082, at *4 (E.D. Wis. July 27, 2010); *Reynolds v. Jamison*, 488 F.3d 756, 770 (7th Cir. 2007); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 95 (S.D.N.Y. 2002) ("[A]

---

[1] For the purposes of this Opposition, "Defendants" refers to the movants: Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC (collectively, "GP"), P.H. Glatfelter Company, and WTM I Company.

party has a right to conduct discovery on the claims brought against it, even if it already has some information on such claims.").

The requested deposition will not be burdensome. It will be confined to the larger FRG costs and less than half of the FRG contractors. The questions will focus primarily on the overall purpose of the work done by each of the contractors, and less on individual details.[2] As such, the inquiry will be entirely consistent with the representations made at the August 1, 2011 status conference. As this Court observed when previously presented with this very same objection: "As to the alleged burden of producing a Rule 30(b)(6) witness, such an objection falls flat when one considers the amount of communication between the parties on the subject, not to mention the filing of a motion for a protective order, a response, and the Court's own involvement. It would have arguably been less burdensome for all concerned to simply prepare and produce the witness in the first place." (Dkt. #593 at 4.)[3]

Defendants insist, erroneously, that NCR does not need this discovery because NCR was a member of the FRG. Just because NCR was part of a group that authorized certain expenditures does not mean that NCR agrees with, or is even privy to, *Defendants'* understanding of *why* those costs were incurred; indeed, there is clear disagreement as to the basis for entitlement (or not) to recovery. For example, Defendants apparently do not agree now, even though it was well understood at the time, that many of the FRG costs were spent on projects not actually tied to any cleanup work. The basis for Defendants' current position

---

[2] At no point do Defendants contend that the topics themselves are not set forth with the necessary particularity.

[3] NCR even suggested two concessions to reduce any perceived burden. NCR offered to consolidate the 30(b)(6) notices and depose one witness as a representative of all the Defendants. And NCR offered to consider a written declaration in lieu of live testimony. Defendants never responded to either suggestion, choosing instead to just file the instant motion. *See* Westerfield Declaration, at ¶¶ 3-4.

3

concerning these costs has not been covered in prior depositions.[4]  Again, as this Court stated previously: "NCR undeniably has a right to take the deposition in the first place.  No court is in a position to police which matters in discovery may be duplicative unless there is some manifest abuse or overreaching going on.  Corporate designees are commonly produced, and no doubt some of their testimony may be a re-hash of what's been covered elsewhere, but their testimony is the testimony of the corporation itself, and for that reason alone it may not be duplicative." (Dkt. #593 at 3.)

Finally, NCR's deposition notices were timely.  Defendants were given reasonable notice, and the depositions will be completed within the time provided by the Scheduling Order.  (Dkt. #1115.)  Moreover, Defendants can hardly complain about the timing of the notices given the last-minute discovery served on NCR by certain Defendants in this phase as well as in Phase I.  *See* Westerfield Declaration, at ¶¶ 5-6.

In sum, it would be inconsistent with the Federal Rules, as well as unfair and prejudicial to NCR, to allow the Defendants to avoid simple, cost-effective, limited oral discovery on their claim for FRG costs, when they have the burden of demonstrating the recoverability of their costs, and no doubt plan to challenge NCR's factual assertions regarding these costs at the February trial.  Accordingly, the Court should either deny the instant motion and allow the deposition to proceed, as noticed, or enter an order prohibiting Defendants from contesting any factual assertions regarding the FRG costs offered into evidence by NCR at trial. *See Am. Stock,* 215 F.R.D. at 93 ("The purpose of these rules is to avoid 'surprise' or 'trial by ambush.'").

---

[4] Defendants also attempt to make a specious distinction between *assessments* paid into the FRG and *disbursements* paid out of the FRG.  Regardless of the form of payment, the recoverability of these costs requires a showing they were "response costs" that were necessary and incurred consistently with the National Contingency Plan.  The fact that the FRG may have approved certain disbursements is immaterial.  Approval by the FRG does not equate to recoverability under CERCLA; the costs still must meet the statutory requirements for contribution.

4

## CONCLUSION

For the foregoing reasons, NCR respectfully requests that the Court deny Defendants' Civil Local Rule 7(h) Expedited Non-Dispositive Motion for Protective Order Regarding Discovery from NCR Corporation.

Dated: October 17, 2011

Respectfully submitted,

NCR CORPORATION

/s/ Evan B. Westerfield
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

**CERTIFICATE OF SERVICE**

I, Evan Westerfield, hereby certify that on October 17, 2011, I electronically filed Plaintiff NCR Corporation's Opposition to FRG Defendants' Civil Local Rule 7(h) Expedited Non-Dispositive Motion for Protective Order Regarding Discovery from NCR Corporation using the ECF system, which will send notification of such filing to: Philip Munroe at DiRenzo & Bomier LLC, pmunroe@direnzollc.com; Scott Fleming at Weiss Berzowski Brady LLP, sbf@wbb-law.com; David Mandelbaum at Greenberg Traurig, LLP, mandelbaumd@gtlaw.com; Marc Davies at Greenberg Traurig, LLP, daviesm@gtlaw.com; Sabrina Mizrachi at Greenberg Traurig, LLP, mizrachis@gtlaw.com; Monique Mooney at Greenberg Traurig, LLP, mooneym@gtlaw.com; Caleb Holmes at Greenberg Traurig, LLP, holmesc@gtlaw.com; Adam Silverman at Greenberg Traurig, LLP, silvermana@gtlaw.com; Philip Hunsucker at Hunsucker Goodstein & Nelson PC, phunsucker@hgnlaw.com; David Rabbino at Hunsucker Goodstein & Nelson PC, drabbino@hgnlaw.com; Allison McAdam at Hunsucker Goodstein & Nelson PC, amcadam@hgnlaw.com; David Edquist at von Briesen & Roper, s.c., dedquist@vonbriesen.com; Christopher Riordan at von Briesen & Roper, s.c., criordan@vonbriesen.com; Patrick Wells at von Briesen & Roper, s.c., pwells@vonbriesen.com; Russell Wilson at Ruder Ware, rwilson@ruderware.com; Linda Benfield at Foley & Lardner LLP, lbenfield@foley.com; Sarah Slack at Foley & Lardner LLP, sslack@foley.com; Paul Bargren at Foley & Lardner LLP, pbargren@foley.com; Howard Iwrey at Dykema Gossett PLLC, hiwrey@dykema.com; Joseph Basta at Dykema Gossett PLLC, jbasta@dykema.com; Daniel Murray at Johnson & Bell, Ltd., murrayd@jbltd.com; Garrett Boehm, Jr. at Johnson & Bell, Ltd., boehmg@jbltd.com; Frederick Mueller at Johnson & Bell, Ltd., muellerf@jbltd.com; John Cermak, Jr. at Baker & Hostetler LLP, jcermak@bakerlaw.com; Sonja Inglin at Baker & Hostetler LLP, singlin@bakerlaw.com; Timothy Anderson at Remley & Sensenbrenner, S.C., tanderson@remleylaw.com; Thomas O'Donnell at Calfee Halter & Griswold LLP, todonnell@calfee.com; William Coughlin at Calfee Halter & Griswold LLP, wcoughlin@calfee.com; Ted Waskowski at Stafford Rosenbaum LLP, twaskowski@staffordlaw.com; Richard Yde at Stafford Rosenbaum LLP, ryde@staffordlaw.com; Meg Vergeront at Stafford Rosenbaum LLP, mvergeront@staffordlaw.com; Paul Kent at Anderson & Kent, S.C., pkent@staffordlaw.com; James P. Walsh at the Appleton City Attorney's Office, jim.walsh@appleton.org; Lora L. Zimmer at Hinshaw & Culbertson LLP, lzimmer@hinshawlaw.com; William Mulligan at Davis & Kuelthau, s.c., wmulligan@dkattorneys.com; Kevin Lyons at Davis & Kuelthau, s.c., klyons@dkattorneys.com; Tara Mathison at Davis & Kuelthau, s.c., tmathison@dkattorneys.com; Elizabeth Miles at Davis & Kuelthau, s.c., emiles@dkattorneys.com; Thomas Schrimpf at Hinshaw & Culbertson LLP, tschrimpf@hinshawlaw.com; Ian Pitz at Michael Best & Friedrich, LLP, iapitz@michaelbest.com; Anthony S. Wachewicz, III at City of Green Bay, tonywa@ci.green-bay.wi.us; Ted Warpinski at Friebert, Finerty & St. John, S.C., taw@ffsj.com; S. Todd Farris at Friebert, Finerty & St. John, S.C., stf@ffsj.com; M. Andrew Skwierawski at Friebert, Finerty & St. John, S.C., mas@ffsj.com; Scott Hansen at Reinhart Boerner Van Deuren s.c., shansen@reinhartlaw.com; Steven Bogart at Reinhart Boerner Van Deuren s.c., sbogart@reinhartlaw.com; John Van Lieshout at Reinhart Boerner Van Deuren s.c., jvanlieshout@reinhartlaw.com; David Frank at Reinhart Boerner Van Deuren s.c., dfrank@reinhartlaw.com; Thomas Gottshall at Haynsworth Sinkler Boyd, P.A., tgottshall@hsblawfirm.com; Stephen McKinney at Haynsworth Sinkler Boyd, P.A., smckinney@hsblawfirm.com; William Harbeck at Quarles & Brady LLP,

william.harbeck@quarles.com; Nancy Peterson at Quarles & Brady LLP, nancy.peterson@quarles.com; Peter Karegeannes at Quarles & Brady LLP, peter.karegeannes@quarles.com; Susan Lovern at von Briesen & Roper, s.c., slovern@vonbriesen.com; Thomas Armstrong at von Briesen & Roper, s.c., tarmstro@vonbriesen.com; Michael P. Carlton at von Briesen & Roper, s.c., mcarlton@vonbriesen.com; Kelly Noyes at von Briesen & Roper, s.c., knoyes@vonbriesen.com; Arthur Foerster at Latham & Watkins LLP, Arthur.Foerster@law.com; Margrethe Kearney at Latham & Watkins LLP, Margrethe.Kearney@lw.com; Mary Rose Alexander at Latham & Watkins LLP, Mary.Rose.Alexander@lw.com; Karl Lytz at Latham & Watkins LLP, Karl.Lytz@lw.com; Andrea Hogan at Latham & Watkins LLP, Andrea.Hogan@lw.com; Patrick J. Ferguson at Latham & Watkins LLP, Patrick.Ferguson@lw.com; Nathan Fishbach at Whyte Hirschboeck Dudek S.C., nfishbach@whdlaw.com; Jan Conlin at Robins, Kaplan, Miller & Ciresi L.L.P., jmconlin@rkmc.com; Sarah Lindsey at Warner Norcross & Judd LLP, slindsey@wnj.com; Steven Kohl at Warner Norcross & Judd LLP, skohl@wnj.com; Matthew Adams at SNR Denton, matthew.adams@snrdenton.com; James Braza at Davis & Kuelthau, s.c., jbraza@dkattorneys.com; Randall Stone at U.S. Department of Justice, randall.stone@usdoj.gov; Joshua Levin at U.S. Department of Justice, joshua.levin@usdoj.gov; Matthew R. Oakes at U.S. Department of Justice, matthew.oakes@usdoj.gov; Perry Rosen at U.S. Department of Justice, perry.rosen@usdoj.gov; Michael Hermes at Hermes Law, Ltd., mlh@hermeslawltd.com; Brandon Evans at Hermes Law, Ltd., bje@hermeslawltd.com; Ericka L. Krumrie at Hermes Law, Ltd., elk@hermeslawltd.com; Heidi D. Melzer at Hermes Law, Ltd., hdm@hermeslawltd.com; Dennis Birke at DeWitt Ross & Stevens S.C., db@dewittross.com; Ronald Ragatz at DeWitt Ross & Stevens S.C., rrr@dewittross.com; Megan Senatori at DeWitt Ross & Stevens S.C., ms@dewittross.com; Gregory A. Krauss at Gregory A. Krauss PLLC, gkrauss@krausspllc.com; J. Ric Gass at Gass Weber Mullins LLC, gass@gasswebermullins.com David Turek at Gass Weber Mullins LLC, turek@gasswebermullins.com.

    NCR CORPORATION

     /s/ Evan B. Westerfield
     One of Its Attorneys

    Kathleen L. Roach
    Evan B. Westerfield
    Eric W. Ha
    Margaret R. Sobota
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, Illinois 60603
    Phone: (312) 853-7000
    Fax: (312) 853-7036
    Email: kroach@sidley.com
         evanwesterfield@sidley.com
         eha@sidley.com
         msobota@sidley.com

Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Omid H. Nasab
Vanessa A. Lavely
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax:    (212) 474-3700
Email: echesler@cravath.com
        sgoldstein@cravath.com
        dmcatee@cravath.com
        onasab@cravath.com
        vlavely@cravath.com