# EXHIBIT A



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES

NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

evanwesterfield@sidley.com
(312) 853 7150

FOUNDED 1866

October 11     , 2011

**BY E-MAIL**

Mary Rose Alexander
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606

> Re:     Appleton Papers Inc. and NCR Corporation v. George A. Whiting Paper
> Company, et al.

Dear Mary Rose:

Mary Rose,

Thank you for your letter of October 7.  You are correct that the primary purpose of the noticed Rule 30(b)(6) depositions is to determine the positions of Georgia-Pacific, Glatfelter and WTM I Co. regarding the reasons for the work done by each of the thirty-one listed recipients of FRG funds.  NCR believes that much of the work authorized by the FRG was for purposes – such as lobbying and public relations – that disqualify these costs from being "response costs" recoverable under CERCLA.  While there should not be much disagreement about this, Defendants nevertheless continue to press for the recovery of all FRG costs under their CERCLA counterclaims.  NCR has the clear right to understand the factual bases for these assertions, as well as what information Defendants have that causes them to conclude that FRG expenditures wholly unrelated to cleanup work are nonetheless recoverable under CERCLA.

During the call, you and the other counsel for Defendants asked if there might be some way to reduce the claimed burden and purported inconvenience of presenting a corporate designee for each Defendant.  I reiterated NCR's offer to depose just one individual, for all three companies, given that it is likely that all of the Defendants share a common position on these issues (even if there is a disagreement between Defendants and NCR).  This would substantially reduce any perceived burden.  I ask again that you let me know if you are agreeable to this.

Glatfelter's counsel asked if NCR would be willing to receive a written declaration or set of stipulations regarding the purposes of each FRG vendor's work, in lieu of a live deposition.  (Contrary to your claim in your letter, this suggestion came from Defendants, not NCR; NCR's interest continues to be obtaining admissible live testimony, unfiltered by

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Mary Rose Alexander
October 11, 2011
Page 2

lawyers' drafting.)  I responded that while such an effort could be time-consuming and likely unsuccessful (given our experience trying to negotiate arranger stipulations), there was a possibility that it could at least reduce the scope of the deposition, and encouraged you to prepare such a document for NCR's review.  During the call, and now in your letter, you instead ask NCR to prepare such a declaration in the first instance, as opposed to yourselves carrying out the task that you suggested.  Given that it is Defendants who carry the burden of proof regarding the recoverability of these costs, and that it is Defendants who propose something other than a live deposition, NCR's view is that it is Defendants who should prepare the document they themselves have suggested as an alternative.  We will provide NCR's reactions on your draft as soon as practical.

    If you have any questions or would like to discuss further, please do not hesitate to contact me.

                    Sincerely

                    /s *Evan*

                    Evan Westerfield