IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

v.                              No. 08-CV-16-WCG

GEORGE A. WHITING PAPER
COMPANY, *et al*.,

        Defendants.

**RESPONSE OF PLAINTIFF APPLETON PAPERS INC. TO THE
FRG DEFENDANTS' MOTION FOR LEAVE TO FILE
AMENDED COUNTERCLAIMS**

Plaintiff Appleton Papers Inc. ("API") opposes the FRG Defendants' Motion for Leave to File Amended Counterclaims (Dkt. 1185) for the reasons set forth in Plaintiff NCR Corporation's Response to FRG Defendants' Motion for Leave to File Amended Counterclaims to Seventh Amended Complaint ("NCR Response"). Dkt. 1212. API joins the NCR Response and adopts the arguments and authorities set forth therein.

An assertion made in the FRG Defendants' brief warrants comment. The Defendants erroneously assert that the Court has ruled that "NCR *and API* . . . must pay 100% of the past and future response costs and natural resource damage overpayments appropriately incurred by defendants with respect to OU2-OU5." Dkt. 1186 at 6 (emphasis added). Although the Court initially ruled that "Plaintiffs' liability under § 107 for the OU2-5 portions of the river is not contested," Dkt. 1080 at 14, the Court retracted this finding as to API when it granted API's motion for reconsideration, stating: "Appleton Papers is correct that there was no basis to conclude that it had 'conceded' its liability in this action." Dkt. 1139 at 1.

Further, in a decision released the same day in the Government's Fox River enforcement action (Case No. 10-CV-910), the Court denied the Government's motion for preliminary injunction because it concluded that "Appleton Papers Inc. is likely not liable under CERCLA." Dkt. 172 at 21 in Case No. 10-CV-910. The Court reaffirmed that ruling in a subsequent decision in the enforcement action. Dkt. 193.

At the August 1, 2011 status conference in this case, the Court opined on the likely impact of its reconsideration ruling on the Defendants' pending counterclaims:

> Yeah, it seems to me the ruling I've made now, the reconsideration would eliminate any liability you [API] would have on the counterclaims by the defendants.
>
> * * *
>
> Now, this is the guidance part. We haven't ruled this way. I mean, it hasn't been raised, but that seems to be the consequences of my ruling, my more recent ruling.

Transcript of August 1, 2011 Hearing, at 59:16-19 & 60:1-7. Thus, while the Court has not yet rendered a final decision on API's liability under CERCLA, that liability clearly is in doubt. Therefore, Defendants are wrong in asserting that the Court has ruled that API and NCR are liable for 100% of recoverable response costs in OU2-OU5.

## CONCLUSION

For the foregoing reasons, Plaintiff Appleton Papers Inc. respectfully requests that the Court deny the FRG Defendants' motion for leave to amend their counterclaims.

Dated this 17th day of October, 2011.

           Respectfully Submitted,

           APPLETON PAPERS INC.


           By /s/ Ronald R. Ragatz
             One of Its Attorneys

Counsel for Appleton Papers Inc.:

| | |
|---|---|
| Michael L. Hermes (#1019623) | Ronald R. Ragatz (#1017501) |
| Heidi D. Melzer (#1076125) | Dennis P. Birke (#1018345) |
| Brandon J. Evans (#1063940) | Megan A. Senatori (#1037314) |
| Ericka L. Krumrie (#1066383) | DeWitt Ross & Stevens S.C. |
| Hermes Law, Ltd. | Two East Mifflin Street |
| 333 Main Street, Suite 601 | Madison, WI 53703 |
| Green Bay, WI 54301 | (608) 255-8891 |
| (920) 436-9870 | Fax: (608) 252-9243 |
| Fax: (920)436-9871 | |