UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

APPLETON PAPERS INC. and NCR CORP.,

               Plaintiffs,

  v.                                                                              Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

               Defendants.

---

## DECISION AND ORDER

---

       Presently pending are two discovery motions. In the first, Dkt. # 1187, NCR seeks an order compelling Defendant WTM I Company to produce documents pertaining to two settlement agreements it has reached with its insurer(s). A hearing was held, at which I denied the motion to the extent it requested immediate relief but allowed further briefing on the subject.

       WTM's objection focuses on the fact that the agreements in question are "contingent." In addition, WTM suggests that the agreements are not even solidified agreements but merely drafts of documents "in the midst of negotiations." (Br. at 2.) It should go without saying that the terms of ongoing negotiations need not be disclosed, and that is not the intent of NCR's motion. Instead, by "contingent" WTM means that payments under settlement agreements will not be triggered until the occurrence of some unspecified event which has not yet occurred.

       I am satisfied that the agreements, even though contingent, are least plausibly relevant given the broad context of discovery practice. It goes without saying that there are millions of dollars at stake here, and I have ruled that insurance proceeds may be offset from amounts NCR owes. That

some of these proceeds may not yet have been realized does not automatically mean that the agreements under which they may be paid are irrelevant to the offset issue. The import of future insurance payments has not been explored at any length, and in fact the entire insurance offset question was among the many novel aspects of this contribution action. The fact is that any potential payments (or lack of payments) to WTM could have an impact on the amount NCR owes. This is certainly at least potentially relevant to the offset issue. In light of the complexity of the issues presented, and given the large amounts of money at stake, WTM has not met its burden to demonstrate that the settlements at issue are not discoverable. Accordingly, the motion will be granted.

The second discovery motion was filed by the Fox River Group Defendants, who seek a protective order barring NCR from taking Rule 30(b)(6) depositions of WTM and Glatfelter. NCR seeks information about disbursements made by the Fox River Group because it wants to explore what the purpose of those disbursements was. For example, if a payment was made for public relations purposes, it would not be recoverable because it would not qualify as a response cost.

Defendants seek the protective order because in their view the information NCR seeks is already known to it. During the time period in question, NCR was a member of the Fox River Group and during that time either NCR or API had a representative on the group with the power to approve such expenses. In other words, nothing was disbursed from the Fox River Group without the Plaintiffs' say-so. As such, it would be unduly burdensome to require the Defendants to prepare witnesses to answer questions about matters NCR were itself in a better position to know. Moreover, Defendants note, NCR had promised as recently as August that its inquiries into FRG

activities would be limited. Then, on the last day of discovery, it served discovery requests directed to information on multiple topics requiring substantial information and witness preparation.

NCR protests that it is entitled to explore the issue because even if it was a member of the FRG, it has no means of knowing why the Defendants continue to insist that all of the expenses incurred by that Group qualify as recoverable response costs. That is, although it was involved in approving the costs initially, and it certainly has significant information about those costs, it is *not* in any position to know why the *Defendants* believe certain of the costs are recoverable. It is obvious that there is a dispute about some of the FRG costs, and NCR is entitled to obtain discovery on the nature of the dispute during discovery rather than being surprised at trial.

I am satisfied that NCR should be allowed the discovery it seeks. First, there is no inkling that NCR is engaged in some sort of effort to harass any of the defendants through the taking of two Rule 30(b)(6) depositions. The weight of discovery in this action is already overwhelming, no doubt, and two more depositions will not add materially to the load. Moreover, it is obvious that there is a genuine dispute as to the nature of some of the FRG expenses, and NCR should not have to wait until trial to learn why the Defendants believe some of these expenses are recoverable. As suggested above, NCR has been found liable to pay millions of dollars, and in light of the broad rules governing discovery it should be given a reasonably free hand to attempt to mitigate some of those damages. The manner it now proposes is a reasonable one. Accordingly, the motion for a protective order is **DENIED**.

The motion to compel is **GRANTED**. The motion for a protective order is **DENIED**. The motion to file a sur-reply is **GRANTED**. **SO ORDERED** this   24th   day of October, 2011.

      s/ William C. Griesbach  
    William C. Griesbach  
    United States District Judge