Karl S. Lytz
Direct Dial: (415) 395-8136
karl.lytz@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

File No. 042400-0078

# LATHAM&WATKINS LLP

December 9, 2011

The Honorable William C. Griesbach
United States District Court Judge
Eastern District of Wisconsin
Green Bay Division
125 South Jefferson Street
P.O. Box 22370
Green Bay, WI 54305-2370

Re: Appleton Paper Inc. v. George A. Whiting Co., Case No. 08-CV-00016 WCG

Dear Judge Griesbach:

We write on behalf of Defendants/Counterclaim Plaintiffs Georgia-Pacific LLC, Georgia-Pacific Consumer Products LP and Fort James Corporation (collectively "GP") in response to NCR Corporation's ("NCR") letter of this date requesting a telephonic hearing to discuss their view that GP's recently filed motion for summary judgment on the issue of arranger liability (Docket No. 1246) be stricken. Based on our subsequent conversation today with NCR's Counsel, we understand their position to be that this matter was already decided by the Court's February 28, 2011 Decision and Order (Dkt. #1080) (the "Decision") denying Certain Defendants' prior summary judgment motion on arranger issues. We also understand that NCR contends GP's motion is improper because the Court's current discovery and trial schedule does not expressly provide for further dispositive motions. We write to set forth briefly GP's contrary views in advance of next Monday's teleconference hearing.

In opposing Certain Defendants' prior arranger summary judgment motion, Plaintiffs filed a Rule 56(f) affidavit asserting that additional discovery was required before the arranger issue could be decided. They argued that the Court's Phase I orders had prohibited full discovery on those issues, and in response, the Court authorized full discovery. Since then, hundreds of thousands of pages of additional documents have been produced by both party and third-party sources, additional written discovery has occurred, twenty six (26) depositions have been taken (or retaken) of percipient witnesses, and fourteen (14) expert reports have been produced. In the course of all this, significant new evidence has come to light, and the additional discovery has vanquished any claim about prior defects in the scope of discovery.

In reaching its Decision, the Court also resolved the parties' divergent views about the correct arranger liability standard, concluding that: "it is probable that Plaintiffs would have arranger liability if Defendants can show their intent to dispose of broke (even valuable broke) combined with a particular knowledge that nontrivial amounts of the broke waste product would

LATHAM&WATKINS LLP

inevitably end up in the river." (Decision at 9). The Court also decided that the arranger determination was a fact-intensive inquiry.

With fact discovery now complete, expert reports exchanged and new evidence in hand, and with the Court's confirmation of the relevant legal standard, the only question that remains is whether there is a genuine dispute as to anything truly relevant to the fact-intensive inquiry that is required for the arranger liability determination. Even fact-intensive inquiries may be decided on summary judgment where – as here – there is no genuine dispute as to those facts. And in this regard, there is no debate about what ancient documents say, and there is no doubt about what ACPC's and the Defendants' witnesses swore to in their depositions. GP believes that the totality of the evidence, as adduced after the completion of full discovery, establishes beyond any reasonable doubt, and without genuine dispute as to any truly material fact, that the Court's legal standard for ACPC's arranger liability is met on the grounds set forth in GP's motion and supporting record. The only "dispute" between the parties as to ACPC's arranger liability is not about the underlying facts, but instead is only about the legal conclusions to be drawn from those facts, and specifically, whether ACPC's sale of its waste broke constituted the sale of a useful product exempted from CERCLA liability.

In short, the circumstances have changed dramatically since the Court's Decision. Any potential legal defect regarding arranger discovery has been eliminated, and the relevant legal standard for ACPC's liability (and thus NCR's successor liability) has been clarified. Both new and old evidence focused on the correct liability standard has been presented, and GP believes that the arranger case can now be decided entirely as a matter of law on its pending motion. If NCR truly believe it can win, why not submit an opposition? At a minimum, that would likely narrow the issues to be heard and decided at what otherwise would be an expensive trial. In particular, the Court can decide as a result of the present motion whether it is really necessary (as a matter of law) to hear the testimony of nine separate experts about ACPC's useful product defense.[1]

GP would not have filed this motion absent a good faith belief that that it really can resolve all, or at least a very substantial portion, of this case (*i.e.*, useful product defense). By doing so, we can hasten a final and cost-effective disposition of all issues that will and should be subject to appeal. GP therefore requests that the Court allow the present summary judgment motion to proceed, or that fuller briefing on the Plaintiffs' threatened motion to strike be allowed.

---

[1] Also changed from the Phase I briefing is the fact that GP is contending for the first time that NCR itself has arranger liability based on its own conduct. *See* Defendant/Counterclaim-Plaintiff Georgia-Pacific LLC's Memorandum of Law in Support of Its Motion for Summary Judgment Regarding Plaintiffs' Arranger Liability, December 7, 2011 (Dkt. #1247) at 7-12. This issue was not raised previously and therefore is not part of the Decision in any way.

The Honorable William c. Griesbach
December 9, 2011
Page 3

**LATHAM&WATKINS**LLP

                                        Respectfully,        MKK

                                        *Karl S. Lytz*

                                        Karl S. Lytz
                                        of LATHAM & WATKINS LLP

cc:     Counsel of Record