# CRAVATH, SWAINE & MOORE LLP
| | | | | |
|---|---|---|---|---|
| ALLEN FINKELSON | SUSAN WEBSTER | | THOMAS E. DUNN | CRAIG F. ARCELLA |
| STUART W. GOLD | DAVID MERCADO | WORLDWIDE PLAZA | MARK I. GREENE | TEENA-ANN V. SANKOORIKAL |
| JOHN W. WHITE | ROWAN D. WILSON | 825 EIGHTH AVENUE | SARKIS JEBEJIAN | ANDREW R. THOMPSON |
| EVAN R. CHESLER | CHRISTINE A. VARNEY | NEW YORK, NY 10019-7475 | DAVID R. MARRIOTT | DAMIEN R. ZOUBEK |
| MICHAEL L. SCHLER | PETER T. BARBUR | | MICHAEL A. PASKIN | LAUREN ANGELILLI |
| RICHARD LEVIN | SANDRA C. GOLDSTEIN | TELEPHONE: (212) 474-1000 | ANDREW J. PITTS | TATIANA LAPUSHCHIK |
| KRIS F. HEINZELMAN | THOMAS G. RAFFERTY | FACSIMILE: (212) 474-3700 | MICHAEL T. REYNOLDS | ERIC L. SCHIELE |
| B. ROBBINS KIESSLING | MICHAEL S. GOLDMAN | | ANTONY L. RYAN | ALYSSA K. CAPLES |
| ROGER D. TURNER | RICHARD HALL | | GEORGE E. ZOBITZ | JENNIFER S. CONWAY |
| PHILIP A. GELSTON | JULIE A. NORTH | CITYPOINT | GEORGE A. STEPHANAKIS | MINH VAN NGO |
| RORY O. MILLSON | ANDREW W. NEEDHAM | ONE ROPEMAKER STREET | DARIN P. MCATEE | KEVIN J. ORSINI |
| RICHARD W. CLARY | STEPHEN L. BURNS | LONDON EC2Y 9HR | GARY A. BORNSTEIN | MATTHEW MORREALE |
| WILLIAM P. ROGERS, JR. | KEITH R. HUMMEL | TELEPHONE: 44-20-7453-1000 | TIMOTHY G. CAMERON | |
| JAMES D. COOPER | DANIEL SLIFKIN | FACSIMILE: 44-20-7860-1150 | KARIN A. DEMASI | |
| STEPHEN L. GORDON | JEFFREY A. SMITH | | LIZABETHANN R. EISEN | SPECIAL COUNSEL |
| DANIEL L. MOSLEY | ROBERT I. TOWNSEND, III | | DAVID S. FINKELSTEIN | |
| PETER S. WILSON | WILLIAM J. WHELAN, III | WRITER'S DIRECT DIAL NUMBER | DAVID GREENWALD | SAMUEL C. BUTLER |
| JAMES C. VARDELL, III | SCOTT A. BARSHAY | | RACHEL G. SKAISTIS | GEORGE J. GILLESPIE, III |
| ROBERT H. BARON | PHILIP J. BOECKMAN | | PAUL H. ZUMBRO | |
| KEVIN J. GREHAN | ROGER G. BROOKS | | JOEL F. HEROLD | |
| STEPHEN S. MADSEN | WILLIAM V. FOGG | (212) 474-1480 | ERIC W. HILFERS | OF COUNSEL |
| C. ALLEN PARKER | FAIZA J. SAEED | | GEORGE F. SCHOEN | PAUL C. SAUNDERS |
| MARC S. ROSENBERG | RICHARD J. STARK | | ERIK R. TAVZEL | |

December 12, 2011

_Appleton Papers Inc., et al. v. George A. Whiting Paper Co., et al._, No. 08-cv-16

Dear Judge Griesbach:

       We represent NCR Corporation ("NCR") in the above-referenced matter. We write to respond to Georgia-Pacific's ("GP") letter of December 9, 2011, regarding the motion for summary judgment recently filed by GP on behalf of itself and certain other Defendants. Because the motion is procedurally improper and deficient on the merits, NCR respectfully requests that the Court strike the motion.

       Defendants' motion is procedurally improper because it is an unauthorized, successive motion for summary judgment. On April 12, 2011, the Court entered a scheduling order—proposed and agreed-upon by all of the parties—that makes no provision for successive summary judgment motions. (Dkt. #1115; _see_ Aug. 1, 2011 Status Conf. Tr. at 7:14-15 ("THE COURT: This is a trial. We're not talking summary judgment.").) Indeed, at the outset of Phase II, Defendants advocated for an aggressive schedule leading to a date-certain trial. (_See_ Mar. 30, 2011 Status Conf. Tr. at 34:5-6 ("MR. MANDELBAUM: [W]ould we like you to set a trial date? The answer is yes.").) In the remaining weeks between now and trial, which starts on February 21, 2012, the schedule requires the parties to prepare and exchange numerous rebuttal expert reports, depose arranger liability, insurance and cost experts, file motions in limine, designate trial exhibits, exchange deposition designations and counter-designations, submit pretrial reports and briefs, and prepare their witnesses to testify. (_See_ Dkt. # 1115.) NCR has been relying on the scheduling order that the parties asked the Court to enter and would be materially prejudiced by having to oppose Defendants' unexpected and unauthorized motion as it simultaneously finishes discovery and prepares for trial.

      GP's justification for filing a summary judgment motion at this time is insufficient and inaccurate. In its letter, GP claims that the motion comes "after the completion of full discovery", but expert discovery will not close until the eve of trial.

(Dkt. #1115 at 2.) Defendants' motion relies on expert testimony from four experts. NCR is entitled to offer rebuttal expert opinions for the Court's consideration, but work on rebuttal expert reports is necessarily ongoing. NCR is also entitled to depose Defendants' experts and obtain admissions about their opinions, but expert depositions will not conclude until January 27, 2012. It would be unfair to require NCR to oppose summary judgment before the close of this highly relevant discovery.

Defendants' motion also fails on the merits. Defendants filed a summary judgment motion in Phase I that sought the same relief requested here: a ruling that NCR is liable as an "arranger" as a matter of law. Courts do not allow successive summary judgment motions absent a showing of good cause. *See Badger v. Greater Clark Cnty. Sch.*, 4:03-CV-00101, 2005 WL 1320107, at *1 (S.D. Ind. June 1, 2005). Here, Defendants have not provided good cause for their motion on either legal or factual grounds. The Court's reasons for denying Defendants' first summary judgment motion on arranger liability apply equally to this motion. Intent and knowledge, both of which are central to arranger liability under the Court's analysis, are fact-intensive issues. Contrary to what GP suggests, numerous material factual disputes remain concerning, among other things, what ACPC intended when it sold CCP broke and what ACPC knew about Defendants' recycling and wastewater treatment processes. The Court already decided, after intensive briefing on the earlier summary judgment motion, that trial is needed to resolve these issues. NCR should not be required to litigate again why summary judgment should be denied, especially as it prepares for trial.[1]

While GP obliquely refers to new factual developments, the discovery conducted over the past eight months has bolstered, not undercut, NCR's position. NCR sought and was permitted additional discovery on the nature of CCP broke transactions. Sixteen depositions were taken in this phase on arranger issues—almost all of which were depositions of Defendants' own former employees noticed by NCR or API.[2] GP also mischaracterizes its reliance on the documents produced during this phase. The vast majority of the documents cited in Defendants' brief were produced during Phase I; they cite only 7 documents produced during Phase II. There has been no change in circumstances since the prior motion that warrants relitigation of summary judgment. Defendants' motion is a "do-over" filed solely to obtain a tactical advantage.

---

[1] GP admits that its recent allegation that NCR has arranger liability based on a formulator theory of liability was not addressed in the Court's March 2011 Order and "was not raised previously". This theory of liability has never been pleaded in this case by any of the Defendants, despite the pendency of this case for nearly four years. The sudden introduction of this theory appears to be an effort by GP to obtain a favorable ruling to import into the Kalamazoo litigation. It is too late for GP or any other Defendant to assert a new allegation, whether in an unauthorized summary judgment motion or at trial.

[2] The 26 depositions to which GP refers in its letter include insurance and cost depositions, which have no bearing on Defendants' motion. Similarly, there are only 9, not 14, expert reports that address arranger issues.

Finally, GP's suggestion that it would ease the Court's burden to decide a successive summary judgment motion in the short window before trial begins is untenable. The proper way to ensure that judicial economy is served is for the parties to stay on track with the current scheduling order and to work on presenting their trial evidence as efficiently as possible. The Court does not face the prospect of a lengthy trial. Both NCR and Defendants have estimated that the February trial will take no more than two weeks. (Aug. 1, 2011 Status Conf. Tr. at 72:21-73:4 ("MS. ALEXANDER: We agree with [NCR's] two-week estimate.").) NCR is committed to working with the Court and the other parties to meet this estimate.

We look forward to answering any questions the Court may have during today's telephone conference.

Respectfully submitted,

Darin P. McAtee

Hon. Judge William C. Griesbach
   United States District Court
      Eastern District of Wisconsin
         Jefferson Court Building
           125 S. Jefferson St., Rm. 203
              Green Bay, WI 54301-4541

VIA CM/ECF

COPY TO:    All Counsel of Record