IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and NCR CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-CV-00016-WCG |
| GEORGE A. WHITING PAPER COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## RESPONSE OF CERTAIN DEFENDANTS[1] TO PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO VACATE ORDER STAYING BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON CERTAIN DEFENDANTS' STATE LAW COUNTERCLAIMS

Plaintiffs NCR Corporation ("NCR") and Appleton Papers Inc. ("API") (together, "Plaintiffs") have moved to reopen briefing on their motion for summary judgment on Certain Defendants' state law counterclaims, Dkt. Nos. 942-943.[2] The issue posed by the underlying motion for summary judgment is premature, and therefore the Court should deny the motion to reopen briefing and defer resolution of the issue until it becomes more concrete.

Plaintiffs seek to argue in the underlying motion for summary judgment that all state law counterclaims asserted by Certain Defendants in this case against NCR and API are preempted by the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"),

---

[1] This response is filed on behalf of Defendants CBC Coating, Inc., City of Appleton, Georgia-Pacific LLC, Menasha Corporation, Neenah Menasha Sewerage Commission, P.H. Glatfelter Company, U.S. Paper Mills Corp., and WTM I Company.
[2] This is the opposite of the position NCR and API asserted in connection with Defendants' motion for summary judgment on the "arranger" issue. *See* Dkt. Nos. 1260, 1263, 1264.

42 U.S.C. §§ 9601-75, and specifically the allocation of costs of response and damages under section 113(f).  Certain Defendants agree that if this Court allocates a specific cost or specific natural resource damages among jointly and severally liable parties under section 113(f), an issue arises as to whether those same dollars can be reallocated on any basis other than contract.  *See* 42 U.S.C. § 9607(e)(1).  However, this issue only arises if the Court actually allocates that particular cost.  If, on the other hand, some costs claimed in this case cannot be allocated under section 113(f) – because they are not costs of response incurred consistently with the National Contingency Plan or are not natural resource damages, for example – then there is no reasonable argument that the non-application of CERCLA's allocation scheme to those costs preempts the application of some other allocation scheme.  Put simply, if there is no conflict between the claims, there is no preemption.  For example, if one's neighbor spills paint thinner containing hazardous substances on one's prize petunias, the value of the petunias is not recoverable under CERCLA, but that does not mean that all tort claims are preempted by CERCLA, and it also does not mean that one's neighbor does not have a state law contribution claim against the manufacturer of the leaky paint thinner container if one recovers the value of the petunias from the neighbor.

As the parties and the Court discussed on March 30, 2011, Dkt. No. 1109, whether any dollars not allocated under CERCLA may be allocated under some other law could well become moot.  The Court may award all of the claimed amounts to defendants, and defendants will have no reason to pursue any other claims.  On the other hand, that might not occur.  As a result, Certain Defendants respectfully suggest that briefing of the CERCLA preemption issue should await a determination as to which dollars, if any, are not recoverable under their CERCLA

Section 113(f) claims. At that point, the preemption issue may be addressed with definiteness and specificity, as it must, rather than as an abstract matter.[3]

This approach will not cost plaintiffs any time on their appeal. The briefing can occur in conjunction with any motions made after the Court issues findings and conclusions. If the briefing seems likely to cause delay, NCR and API (or anyone else) is free to seek a separate judgment on the resolved CERCLA claims under Federal Rule of Civil Procedure 54(b). Indeed, several of the cases cited by NCR/API specifically recognize the ability of a party to seek a Rule 54(b) interlocutory appeal in spite of other claims having been dismissed without prejudice. *See* Plaintiffs' Motion at 2-3 citing to, e.g., *Arrow Gear Co. v. Downers Grove Sanitary District*, 629 F.3d 633, 636 (7th Cir. 2010); *see also, West v. Macht*, 197 F.3d 1185, 1189-1190 (7th Cir. 1999)(in dismissing appeal for lack of § 1291 jurisdiction, court stated that appellant could have sought judgment under 54(b)). If, however, the Court is inclined to grant Plaintiffs' motion to reopen briefing, Certain Defendants will brief the preemption motion. Certain Defendants further note that this briefing would be most efficiently accomplished after disposition of the FRG Defendants' pending motion to for leave to file amended counterclaims, Dkt. No. 1185. If the originally pleaded counterclaims do not allow the Court to allocate assessments made by the Fox River Group according to the governing agreements, as NCR and API will apparently contend at trial, then the FRG Defendants seek to have those costs allocated at the February 21,

---

[3] Federal preemption of state law can occur: (i) where Congress expressly preempts state law; (ii) where Congress intends to occupy the entire field; and (iii) where state law conflicts with federal law. *See Gracia v. Volvo Europa Truck, N.V.* 112 F.3d 291, 294 (7th Cir. 1997). Plaintiffs invoke implied conflict preemption, which turns on the identification of an actual conflict between state and federal law. *See Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 884 (2000); *Mason v. SmithKline Beecham Corp.,* 596 F.3d 387, 390 (7th Cir. 2010). "Any conflict must be 'irreconcilable.... The existence of a hypothetical or potential conflict is insufficient to warrant the pre-emption of'" state law. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 110 (1992) (Kennedy, J., concurring) (quoting *Rice v. Norman Williams Co.,* 458 U.S. 654, 659 (1982)). *See also Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 131 (1978) (a hypothetical conflict is insufficient to warrant preemption).

2012 trial under a repleaded state law contract claim. If the Court is to decide which state law claims are part of this case, that motion should be decided in concert with Plaintiffs' preemption motion.

Accordingly, Certain Defendants respectfully request that Plaintiffs' motion to vacate the stay on briefing their summary judgment motion be denied and that resolution of the summary judgment motion be deferred until after the February trial.

Dated: December 14, 2011

                                          Respectfully submitted,

                                          /s/ David G. Mandelbaum
                                          David G. Mandelbaum
                                          Marc E. Davies
                                          Monique M. Mooney
                                          Sabrina Mizrachi
                                          Caleb J. Holmes
                                          Adam B. Silverman
                                          GREENBERG TRAURIG, LLP
                                          Two Commerce Square, Suite 2700
                                          2001 Market Street
                                          Philadelphia, PA  19103
                                          215.988.7800
                                          mandelbaumd@gtlaw.com

                                          **Attorneys for Defendant P.H. Glatfelter Company**

| | |
|---|---|
| s/ Mary Rose Alexander | s/ William H. Harbeck |
| Mary Rose Alexander | William H. Harbeck (Wis. Bar No. 1007004) |
| Margrethe K. Kearney | Peter C. Karegeannes (Wis. Bar No. 1015025) |
| Latham & Watkins LLP | Nancy K. Peterson (Wis. Bar No. 1000197) |
| 233 S. Wacker Dr. Ste. 5800 | Quarles & Brady LLP |
| Chicago, IL 60606 | 411 E. Wisconsin Avenue |
| Telephone: (312) 872-7700 | Milwaukee, WI 53202 |
| Facsimile: (312) 993-9767 | Telephone: 414-277-5000 |
| Mary.Rose.Alexander@lw.com | whh@quarles.com |
| | |
| Karl S. Lytz | **Attorneys for Defendant WTM I** |
| Patrick J. Ferguson | **Company** |
| Latham & Watkins LLP | |
| 505 Montgomery St., Ste. 2000 | |
| San Francisco, CA 94111-6538 | |
| Telephone: (415) 391-0600 | |
| Fax: (415) 395-8095 | |
| Karl.Lytz@lw.com | |

**Attorneys for Defendant
Georgia-Pacific LLC**

s/ Scott W. Hansen
Scott W. Hansen
Steven P. Bogart
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
P.O. Box. 2965
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
sbogart@reinhartlaw.com
shansen@reinhartlaw.com

Thomas R. Gottshall
Stephen F. McKinney
Haynsworth Sinkler Boyd PA
1201 Main Street, Suite 2200
P.O. Box 11889
Columbia, SC 29211-1889
Telephone: 803-779-3080
Facsimile: 803-765-1243
tgottshall@hsblawfirm.com
smckinney@hsblawfirm.com
**Attorneys for Defendant**
**U.S. Paper Mills Corp.**

s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant**
**CBC Coating, Inc**

/s/ Paul G. Kent
Paul G. Kent (#1002924)
Richard C. Yde (#1013600)
Ted Waskowski (#1003254)
Stafford Rosenbaum LLP
222 W. Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  608-256-0226
Email:  pkent@staffordlaw.com

James P. Walsh (#1009328)
Appleton City Attorney's Office
100 North Appleton Street
Appleton, WI 54911-4702
Telephone:  920-832-6423
Email:  jim.walsh@appleton.org

**Attorneys for Defendant
City of Appleton**

/s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone:  925-284-0840
Email:  phunsucker@hgnlaw.com

**Attorneys for Defendant Menasha
Corporation**

s/William J. Mulligan
William J. Mulligan (WI Bar No. 1008465)
Kevin J. Lyons (WI Bar No. 1013826)
Elizabeth K. Miles (WI Bar No. 1064284)
Davis & Kuelthau, s.c.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-0200
Facsimile: (414) 276-9369
Email: wmulligan@dkattorneys.com
klyons@dkattorneys.com
emiles@dkattorneys.com

**Attorneys for Defendant Neenah Menasha
Sewerage Commission**

## CERTIFICATE OF SERVICE

I, David G. Mandelbaum, do hereby certify that on this 14th day of December 2011, I caused a copy of the foregoing Response of Certain Defendants to Plaintiffs' Civil L.R. 7(h) Expedited Non-Dispositive Motion to Vacate Order Staying Briefing on Plaintiffs' Motion for Summary Judgment on Certain Defendants' State Law Counterclaims to be served upon the following by electronic mail:

Matthew G. Adams (madams@sonnenschein.com)
Mary Rose Alexander (mary.rose.alexander@lw.com)
Timothy B. Anderson (tanderson@remleylaw.com)
Thomas A. Andreoli (tandreoli@sonnenschein.com)
Thomas Armstrong (tarmstro@vonbriesen.com)
Joseph C. Basta (jbasta@dykema.com)
Linda E. Benfield (lbenfield@foley.com)
Dennis P. Birke (db@dewittross.com)
Garrett L. Boehm, Jr. (boehmg@jbltd.com)
Steven P. Bogart (sbogart@reinhartlaw.com)
James E. Braza (jbraza@dkattorneys.com)
Michael P. Carlton (mcarlton@vonbriesen.com)
John F. Cermak, Jr. (jcermak@bakerlaw.com)
Jan M. Conlin (jmconlin@rkmc.com)
William F. Conlon (wconlon@sidley.com)
William E. Coughlin (wcoughlin@calfee.com)
David J. Edquist (dedquist@vonbriesen.com)
Brandon J. Evans (bje@hermeslawltd.com)
S. Todd Farris (stf@ffsj.com)
Patrick Ferguson (patrick.ferguson@lw.com)
Nathan A. Fishbach (nfishbach@whdlaw.com)
Scott B. Fleming (sbf@wbb-law.com)
Arthur F. Foerster (arthur.foerster@lw.com)
David Frank (dfrank@reinhartlaw.com)
Michelle A. Gale (mgale@dykema.com)
J. Ric Gass (gass@gasswebermullins.com)
Thomas R. Gottshall (tgottshall@hsblawfirm.com)
Eric W. Ha (eha@sidley.com)
Scott W. Hansen (shansen@reinhartlaw.com)
William H. Harbeck (whh@quarles.com)
Michael L. Hermes (mlh@hermeslawltd.com)
Andrea M. Hogan (Andrea.Hogan@lw.com)
Philip C. Hunsucker (phunsucker@hgnlaw.com)

- 8 -
Case 2:08-cv-00016-WCG   Filed 12/14/11   Page 8 of 10   Document 1267

Sonja A. Inglin (singlin@bakerlaw.com)
Robin S. Jacobs (jacobs@cf-law.com)
Peter C. Karegeannes (pck@quarles.com)
Margrethe K. Kearney (margrethe.kearney@lw.com)
Paul G. Kent (pkent@andersonkent.com)
Steven C. Kohl (skohl@wnj.com)
Joshua M. Levin (joshua.levin@usdoj.gov)
Sarah C. Lindsey (slindsey@wnj.com)
Susan E. Lovern (slovern@vonbriesen.com)
Kevin J. Lyons (klyons@dkattorneys.com)
Karl S. Lytz (karl.lytz@lw.com)
Allison E. McAdam (amcadam@hgnlaw.com)
Stephen F. McKinney (smckinney@hsblawfirm.com)
Tara M. Mathison (tmathison@dkattorneys.com)
Heidi D. Melzer (hdm@hermeslawltd.com)
Elizabeth K. Miles (emiles@dkattorneys.com)
Erik Mroz (emroz@reslawgrp.com)
Frederick S. Mueller (muellerf@jbltd.com)
William J. Mulligan (wmulligan@dkattorneys.com)
Philip A. Munroe (pmunroe@direnzollc.com)
Daniel C. Murray (murrayd@jbltd.com)
Kelly Noyes (knoyes@vonbriesen.com)
Matthew R. Oakes (matthew.oakes@usdoj.gov)
Thomas R. O'Donnell (todonnell@calfee.com)
Nancy K. Peterson (nkp@quarles.com)
Ian A.J. Pitz (iapitz@michaelbest.com)
David A. Rabbino (drabbino@hgnlaw.com)
Ronald A. Ragatz (rrr@dewittross.com)
Christopher P. Riordan (criordan@vonbriesen.com)
Kathleen L. Roach (kroach@sidley.com)
Charles K. Schafer (cschafer@sidley.com)
J. Andrew Schlickman (jaschlickman@sidley.com)
Thomas R. Schrimpf (tschrimpf@hindshawlaw.com)
Megan A. Senatori (ms@dewittross.com)
Adam B. Silverman (silvermana@gtlaw.com)
M. Andrew Skwierawski (mas@ffsj.com)
Sarah A. Slack (sslack@foley.com)
Margaret R. Sobota (msobota@sidley.com)
Randall M. Stone (randall.stone@usdoj.gov)
David J. Turek (turek@gasswebermullins.com)
John M. Van Lieshout (jvanlieshout@reinhartlaw.com)
Meg E. Vergeront (mvergeront@staffordlaw.com)
James P. Walsh (jim.walsh@appleton.org)
Ted A. Warpinski (taw@ffsj.com)

Ted Waskowski (twaskowski@staffordlaw.com)
Patrick L. Wells (pwells@vonbriesen.com)
Evan B. Westerfield (evanwesterfield@sidley.com)
Russell W. Wilson (rwilson@ruderware.com)
Richard C. Yde (ryde@staffordlaw.com)
Lora L. Zimmer (lzimmer@hinshawlaw.com)
Darin P. McTee (dmcatee@cravath.com)
Ericka L. Krumrie (elk@hermeslawltd.com)
Evan R. Chesler (echesler@cravath.com)
Patrick H. Zaepfel (pz@phzlaw.com)
Paul Bargren (pbargren@foley.com)
Perry M. Rosen (perry.rosen@usdoj.gov)
Sandra C. Goldstein (sgoldstein@cravath.com)
Vanessa Lavely (vlavely@cravath.com)
Omid Nasab (onasab@cravath.com)

/s/ David G. Mandelbaum
David G. Mandelbaum