# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | | |
|---|---|---|
| APPLETON PAPERS INC. and | ) | |
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08-CV-00016-WCG |
| | ) | |
| GEORGE A. WHITING PAPER COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER RE:  PRETRIAL & TRIAL PROCEDURES

Based on the stipulation submitted by Defendants/Counter-Plaintiffs the Georgia-Pacific Defendants,[1] P.H. Glatfelter Company, WTM I Company, CBC Coating, Inc., U.S. Paper Mills Corp., Menasha Corp., City of Appleton and Neenah-Menasha Sewerage Commission (collectively, "Defendants"), and Plaintiffs/Counter-Defendants NCR Corporation and Appleton Papers Inc. (collectively, "Plaintiffs"), IT IS HEREBY ORDERED that:

1.  **Stipulated Facts:**  On or before <u>Tuesday, January 10, 2012</u>, Defendants may send to Plaintiffs, by email, proposed stipulated facts related to any issues subject to adjudication at the February 21, 2012, trial ("relevant issues").  On or before <u>Tuesday, January 17, 2012</u>, Plaintiffs shall send to Defendants, by email, responses to Defendants' proposed stipulated facts.  Plaintiffs may also send to Defendants, by email, proposed stipulated facts related to any relevant issues.  On or before <u>Tuesday, January 24, 2012</u>, Defendants shall send to Plaintiffs, by email, responses to Plaintiffs' proposed stipulated facts.  On or before <u>Monday, January 30, 2012</u>, Defendants and

---

[1] The "Georgia-Pacific Defendants" refers to Defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation and Georgia-Pacific LLC.

1

Plaintiffs shall jointly file, as part of the pretrial report, any facts to which both sides are willing to stipulate.

2.     **Preliminary Witness Lists:**  On or before <u>Thursday, January 19, 2012</u>, Defendants and Plaintiffs shall exchange, by email, witness lists, which shall be limited in good faith to only those witnesses whose live testimony (or deposition testimony in lieu of live testimony) Defendants and Plaintiffs expect to present during the February trial.  If either side plans to supplement its list after Thursday, January 19, 2012, as a result of the responses to the proposed stipulated facts (*see* Paragraph 1) or for any other reason, it shall promptly notify the other side.

3.     **Use of Deposition Testimony:**  Witnesses within the subpoena power of the Court can be presented by deposition testimony in lieu of live testimony pursuant to the agreement of all parties.  If a party lists a witness within the subpoena power of the Court as being presented by deposition, other parties have the right to object on or before <u>Thursday, January 26, 2012</u>.  If an objection is made, the witness must be called live pursuant to the Federal Rules.

4.     **Motions in Limine:**  On or before <u>Thursday, February 2, 2012</u>, all motions in limine shall be filed; any response shall be filed seven days after a motion is filed.

5.     **Joint Initial Pretrial Report:**  Defendants shall provide a draft of the joint initial pretrial report to Plaintiffs, by email, on or before <u>Thursday, January 19, 2012</u>. Plaintiffs shall incorporate their sections into the report and provide any other comments to Defendants on or before <u>Tuesday, January 24, 2012</u>.  Defendants and Plaintiffs shall then meet and confer about the report as needed.  On or before <u>Monday, January 30, 2012</u>, Defendants and Plaintiffs shall jointly file the report.  The report

2

shall include the following, pursuant to Civil L. R. 16(b), as amended by agreement of Defendants and Plaintiffs:

(A)     A concise summary, not to exceed two pages, of the facts, claims and defenses.  Defendants and Plaintiffs shall work in good faith to prepare a joint summary.  If agreement cannot be reached, Defendants and Plaintiffs shall have the option of preparing separate summaries;

(B)     A concise statement of the issues.  Defendants and Plaintiffs shall work in good faith to prepare a joint statement.  If agreement cannot be reached, Defendants and Plaintiffs shall have the option of preparing separate statements;

(C)     A list of stipulated facts, if any;

(D)     The names and addresses of all witnesses expected to testify.  Any witness not listed will not be permitted to testify absent a showing of good cause; and

     i.     Defendants may present any witness during trial who appears on their list(s) or on Plaintiffs' list;

     ii.     Plaintiffs may present any witness during trial who appears on their list or on Defendants' list(s);

(E)     A concise statement of the background of all expert witnesses listed.

6.     **Pretrial Conference:**  The parties request for a February 16, 2012 pretrial is granted and the Court will hold such a pretrial on that date at 1:30 p.m. in the Milwaukee Courthouse in Judge Adelman's courtroom.  Nevertheless, the Court also intends to retain the February 2, 2012 date to address "housekeeping"  matters.  Specifically, the Court and the Clerk need to have some understanding as to the

manner in which the courtroom should be set up to accommodate the attorneys who intend to actively participate in the case. For example, how many tables will counsel require, what if any video or audio equipment may be necessary, and any other practical concerns that arise in cases involving a large number of parties. Delay in consideration of these matters until the 16th of February with trial scheduled to commence on February 21 would not allow the Clerk's office sufficient time to make the arrangements that may be necessary. Accordingly, the February 2nd date and time will be kept for this purpose. Counsel who do not plan to take an active role in the trial or who wish to simply advise the Court of any requests they may have in writing need not appear. The Court does not intend to address substantive issues on February 2, absent a specific request.

7.  **Deposition designations:**   The schedule for exchanging deposition designations shall be as follows:

    (A)   On or before <u>Monday, January 30, 2012</u>, Defendants and Plaintiffs shall exchange, by email, initial deposition designations;

    (B)   On or before <u>Monday, February 6, 2012</u>, Defendants and Plaintiffs shall exchange, by email, counter-designations and objections; and

    (C)   On or before <u>Thursday, February 9, 2012</u>, Defendants and Plaintiffs shall exchange, by email, counter-counter designations and counter-objections.

8. **Intended Trial Exhibits:** The schedule for exchanging intended trial exhibits shall be as follows:

> (A)     On or before <u>Wednesday, February 1, 2012</u>, Defendants and Plaintiffs shall exchange, by email, lists of intended trial exhibits;

> (B)     On or before <u>Wednesday, February 8, 2012</u>, Defendants and Plaintiffs shall exchange, by email, objections to the intended trial exhibits;

> (C)     All unobjected-to intended trial exhibits listed by the parties shall be deemed admitted when offered by either side during trial.  Notwithstanding the foregoing, Defendants and Plaintiffs agree that objections based on relevance are reserved for trial and need not be asserted as set forth above.

> (D)     Subject to any objections, Defendants may offer any exhibit during trial that appears on their list(s) or on Plaintiffs' list;

> (E)     Subject to any objections, Plaintiffs may offer any exhibit during trial that appears on their list or on Defendants' list(s); and

> (F)     Demonstratives do not need to be included on the lists of intended trial exhibits.

9. **Supplemental Pretrial Report:**  On or before <u>Monday, February 13, 2012</u>, Defendants and Plaintiffs shall jointly file a supplemental pretrial report, which shall include the following:

> (A)     Designations, counter-designations and counter-counter designations, along with any objections to those designations, of all depositions or portions of transcripts or other recordings of depositions to be offered in evidence as part of this trial; and

5

(B)     A list of the intended trial exhibits, which shall be sequentially numbered according to General L.R. 26 where possible, along with any objections to those exhibits.

10.     **Pretrial Briefs:** Any pretrial briefs are due on or before <u>Tuesday, February 14, 2012</u>.  There shall be no rebuttal pretrial briefs.

11.     **Trial Schedule:**  Consistent with the Court's procedures and subject to the Court's approval, Defendants and Plaintiffs propose the following trial schedule:

(A)     This case shall be called for trial on <u>Tuesday, February 21, 2012</u>, at 9 a.m., in the United State Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin;

(B)     Trial shall begin each morning at 9 a.m., unless otherwise directed by the Court; and

(C)     Trial shall last no longer than nine or ten business days, adjourning on <u>Friday, March 2, 2012</u> or <u>Monday, March 5, 2012</u>.

12.     **Trial Management:**

(A)     Pursuant to the Court's Minute Entry of December 12, 2011 (Dkt. #1265), Defendants and Plaintiffs shall evenly split the available trial time;

(B)     Defendants shall present their case-in-chief first, followed by Plaintiffs.

(C)     Defendants reserve their right to present a rebuttal, if the Court so allows and they have time remaining;

(D)     Plaintiffs reserve their right to present a surrebuttal, if the Court so allows and they have time remaining;

6

(E)  Defendants and Plaintiffs shall each have 30 hours total to present their respective cases.  The amount of time used by each side shall be monitored by a neutral party, to be agreed-upon by Defendants and Plaintiffs in advance of trial, as well as by Defendants and Plaintiffs themselves.  After trial is adjourned each day, Defendants and Plaintiffs shall confer about the time used by each side that day and in total.  Defendants and Plaintiffs shall work in good faith to resolve any discrepancies, with disputes taken to the Court only as a last resort;

(F)  The following shall be deducted from Defendants' available time:

    i.  Direct and re-direct testimony of Defendants' witnesses;

    ii.  Cross-examination of Plaintiffs' witnesses;

    iii.  Presentation of deposition designations or counter-designations by Defendants, whenever presented;

    iv.  Presentation of written statements in lieu of testimony by Defendants;

    v.  Presentation of trial exhibits by Defendants;

    vi.  Presentation and resolution of objections raised by Defendants;

    vii.  Presentation of Defendants' rebuttal, if any; and

    viii.  Any other arguments or presentations raised by Defendants.

(G)  The following shall be deducted from Plaintiffs' available time:

    i.  Direct and re-direct testimony of Plaintiffs' witnesses;

    ii.  Cross-examination of Defendants' witnesses;

    iii.  Presentation of deposition designations or counter-designations by Plaintiffs, whenever presented;

iv.    Presentation of written statements in lieu of testimony by Plaintiffs;

v.    Presentation of trial exhibits by Plaintiffs;

vi.    Presentation and resolution of objections raised by Plaintiffs;

vii.    Presentation of Plaintiffs' surrebuttal, if any; and

viii.    Any other arguments or presentations raised by Plaintiffs.

(H)    Housekeeping matters shall not be deducted from either Defendants' or Plaintiffs' available time; and

(I)    Neither side shall present an opening or closing argument to the Court.

13.    **Expert Testimony:**

(A)    Defendants and Plaintiffs shall have the option but not obligation to present a written statement prepared by an expert witness in lieu of live direct testimony of that expert;

(B)    All prepared written statements must be provided to the other side at least 48 hours (excluding weekend hours) in advance of when the statement will be presented to the Court. For example, if a party plans to present a written statement on Tuesday morning at 10 a.m., then the statement must be provided to the other side no later than the preceding Friday at 10 a.m.;

(C)    Any objections to a written statement shall be made at the time the statement is presented to the Court; and

(D)    Defendants and Plaintiffs agree to make any testifying expert witness available for cross-examination regardless of whether the expert's direct testimony is presented via written statement or live.

8

14. **Notification of Witness Testimony:** Defendants and Plaintiffs shall notify each other at least 48 hours (excluding weekend hours) in advance of when any particular fact or expert witness will be called live, as well as of the order in which witnesses will be called on that particular trial day.

15. **Exchange of Demonstrative Exhibits:** Defendants and Plaintiffs shall provide the other side with any demonstrative exhibit at least 48 hours in advance of when that demonstrative exhibit will be used at trial.

16. **Trial Equipment:** Defendants and Plaintiffs shall share the cost of any audio-visual equipment that both sides intend to use at trial. The parties shall work together and with the Court in advance of trial to make the necessary arrangements.

17. **Post-Trial Submissions:**

> (A) On or before <u>Monday, April 2, 2012</u>, Defendants and Plaintiffs shall file proposed findings of fact and conclusions of law, together with any required supplementation to the pretrial briefs. Such submissions shall not exceed 60 pages in total; and

> (B) On or before <u>Monday, April 23, 2012</u>, Defendants and Plaintiffs may file responses to the proposed findings of fact and conclusions of law. Such submissions shall not exceed 30 pages in total.

SO ORDERED this 6th day of January, 2012.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

9