

Please respond to: Capitol Square Office
Direct line: 608-252-9351
Email: rrr@dewittross.com

January 23, 2012

**VIA ECF FILING SYSTEM**

The Honorable William C. Griesbach
U.S. District Court Eastern District
Green Bay Division
125 S. Jefferson Street
Green Bay, WI 54305-2490

RE: *Appleton Papers Inc., et al. v. George A. Whiting Paper Company, et al.*
Case No. 08-CV-16-WCG

Dear Judge Griesbach:

I am writing on behalf of Plaintiff Appleton Papers Inc. to call the Court's attention to an issue that API believes warrants discussion during the Court's telephone conference with the parties on Tuesday, January 24. The issue concerns the unresolved question of API's liability under CERCLA. The parties have different views on whether this issue is to be addressed at the upcoming trial, and API respectfully requests clarification.

A summary of the proceedings and rulings on this issue may assist the Court. Defendants have asserted contribution claims under CERCLA § 113(f) against API (and NCR). In order to be entitled to contribution from API, Defendants have the burden to establish that API is liable under CERCLA. In its March 1, 2011 Decision and Order (Dkt. 1080), the Court granted summary judgment in favor of Defendants on their § 113(f) claim as to OU2-5, predicated on its finding that "Plaintiffs' liability under § 107 for the OU2-5 portions of the river is not contested." *Id*. at 14.

On March 29, 2011, API filed a motion to reconsider the Court's ruling that API's liability under CERLCA was uncontested. Dkt. 1101. On April 12, 2011, the Court entered a Scheduling Order that provided for discovery regarding certain enumerated matters left unresolved by the March 1 Decision, and scheduled those issues for trial commencing February 21, 2012. Dkt. 1115.[1] The Scheduling Order made no reference to API's pending motion for reconsideration or the issue of API's CERCLA liability.

On July 5, 2011, the Court denied the Government's motion for preliminary injunction in *United States v. NCR Corporation*, Case No. 10-C-910 ("Enforcement Action"). The Court held that the Government was unlikely to establish that API was liable under CERCLA.

---

[1] The Court's March 1 Decision denied the Defendants' motion for summary judgment as to OU1 (finding that there were disputed material facts regarding arranger liability). The Court also ruled that there were disputed issues of material fact pertaining to Defendants' right to recover certain costs.

Capitol Square Office: Two East Mifflin Street, Suite 600, Madison, WI 53703-2865 • P 608.255.8891 • F 608.252.9243
Metro Milwaukee Office: 13935 Bishop's Drive, Suite 300, Brookfield, WI 53005-6605 • P 262.754.2840 • F 262.754.2845
www.dewittross.com

Case 2:08-cv-00016-WCG   Filed 01/23/12   Page 1 of 3   Document 1293



Dkt. 172 in No. 10-C-910.  On the same day, the Court issued an order in the *Whiting* Action granting API's motion for reconsideration, stating:

> Appleton Papers is correct that there was no basis to conclude that it had "conceded" its liability in this action.  Although there are a number of arguments suggesting that it is, or will be, liable, these arguments had not yet been addressed squarely.  (They are addressed in today's order in Case No. 10-C-910.)

Dkt. 1139 at 1.

On July 28, 2011, API filed a motion for summary judgment in the Enforcement Action on the ground that it was not liable under CERCLA.  Dkts. 194/197 in No. 10-C-910.  On December 19, 2011, the Court entered a Decision and Order that denied API's motion, stating:  "I am satisfied that the purchase agreement, as interpreted and applied by the arbitration panel, *could* impose liability upon API."  Dkt. 279 at 11 in No. 10-C-910 (emphasis added).  The Court later reiterated that the terms of the purchase agreement "as applied in the parties' arbitration, are broad enough that they *could* encompass that liability."  *Id.* at 12 (emphasis added).

On January 10, 2012, API filed a motion to reconsider the December 19 Decision.  Dkts. 286/287 in No. 10-C-910.  The motion explained that the Court's Decision overlooked certain express provisions in the purchase agreement that negate the Court's conclusions.

Therefore, the current state of affairs with respect to the issue of API's CERCLA liability is as follows:

- All parties appear to agree that Defendants must establish that API is liable under CERCLA in order to be entitled to relief against API under CERCLA § 113(f).

- The Court's July 5, 2011 Decision granting API's motion for reconsideration acknowledges that the issue of API's CERCLA liability had not been "addressed squarely" in the March 1 Decision.  While the issue was addressed in the July 5 Decision in the Enforcement Action (which concluded that API was unlikely to have CERCLA liability), the reasoning in the Court's July 5 Decision subsequently was undermined by the reasoning in the Court's December 19 Decision.

- The December 19 Decision in the Enforcement Action did not, however, decide the question of API's liability under CERCLA.  Rather, the Court denied API's motion for summary judgment because it concluded that the 1978 Purchase Agreement "*could* impose liability upon API," without deciding whether in fact the Agreement did so.  Dkt. 279 at 11 (emphasis added).



The Honorable William C. Griesbach
January 23, 2012
Page 3

- Therefore, the December 19 Decision contemplates further proceedings before API's CERCLA liability is determined.

In API's view, it is premature to embark on these further proceedings before the Court decides API's motion to reconsider the December 19 Decision. That motion raises points that the Court did not consider before issuing the December 19 Decision. Granting the motion would obviate the need for the further proceedings.

Moreover, the issue of API's CERCLA liability is central to the disposition of claims in both the *Whiting* and the Enforcement Actions. Assuming additional proceedings are necessary to decide the issue, it makes little sense to conduct those proceedings in the *Whiting* Action without the participation of the Government, which is not a party in that action.

Hence, without even discussing whether sufficient notice has been provided to the parties to prepare on this issue for the February trial, API requests that the Court clarify that the issue of API's CERCLA liability will not be addressed at the trial to remove any uncertainty over the matter.

API takes this position reluctantly. As the Court is aware, for over two years API (along with NCR) has asked the Court to permit appellate review of the Court's *Whiting* decisions. API, in the meantime, has spent tens of millions of dollars under the draconian specters associated with the Government's use of the Unilateral Administrative Order without any ability to obtain a hearing on the merits in the Enforcement Action or an appeal of the Court's adverse decisions in the *Whiting* Action. The lack of resolution of API's CERCLA liability threatens to further delay appellate review. As much as API needs that review, it is obliged to present to the Court what it believes is the sensible and fair way to proceed for all parties in both actions.

Very truly yours,

**DeWitt Ross & Stevens s.c.**

/s/ Ronald R. Ragatz

Ronald R. Ragatz

RRR:dvz

cc:   All Counsel of Record (via electronic filing system)