UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS INC. and NCR CORP.,

    Plaintiffs,

v.                                      Case No. 08-C-16

GEORGE A. WHITING PAPER CO., et al.,

    Defendants.

**DECISION AND ORDER**

      Several Defendants, participants in a group called the Fox River Group ("FRG"), have filed a motion for leave to file amended counterclaims. They wish to add a claim for anticipatory breach of contract and to amend their contribution counterclaims to account for payments they made as a part of the FRG. These Defendants assert that their proposed amendment is designed to conform the pleadings to the nature of the case as it has developed over four years. Specifically, they assert that the Plaintiffs are now taking the position that certain FRG costs are not recoverable (in contrast to their earlier position), and the Defendants need to amend their pleadings to account for this new argument.

      Plaintiffs oppose the motion on the grounds of timeliness, prejudice and futility. First, they assert that the Defendants sat on their hands and waited until the close of discovery to file the motion at a stage where a decision would likely be reached only weeks prior to the February 21, 2012 trial on arranger liability. Relatedly, they further assert that these new counterclaims would require additional discovery and would unduly burden the parties' preparations for trial. Finally,

they claim that a claim for anticipatory breach would be futile because there has been no concrete expression of the Plaintiffs' intent to breach the parties' contract.

I begin with the well-worn maxim that motions to amend are to be freely granted. Fed. R. Civ. P. 15(a). This is true even when proceedings are far along in the process. Against that backdrop, however, courts routinely fashion scheduling orders that set deadlines for such things as amendments. The current motion to amend was filed several months after the latest deadline for amendments. With a trial on the immediate horizon, this is no minor detail. There is a concern that this case is already so large and unwieldy that additional claims may result in tangential expenditures of already-strained efforts and confuse the very matters that all parties are so keen to bring to final resolution.

In addition, I am concerned that the proposed amendment would be an exercise in futility. A claim for anticipatory breach, which is the crux of the proposed amendment, must be founded upon concrete statements or actions made by the would-be breacher. After all, it is no small thing to allege that one's counterparty is repudiating a contract.

> [I]n order to constitute an anticipatory breach of contract (repudiation), there must be a definite and unequivocal manifestation of intention on the part of the repudiator that he will not render the promised performance when the time fixed for it in the contract arrives. Doubtful and indefinite statements that performance may or may not take place and statements that, under certain circumstances that in fact do not yet exist, the performance will not take place, are not held to create an immediate right of action.

*Wisconsin Dairy Fresh, Inc. v. Steel & Tube Products Co.,* 20 Wis.2d 415, 427, 122 N.W.2d 361, 367 (Wis.1963).

Here, the Defendants have cited a number of statements made orally and in writing by Plaintiffs' counsel. The cited statements assert that all FRG costs are not recoverable under

2

CERCLA. The Defendants claim that this is a repudiation of the FRG agreement, which in their view requires allocation of *all* FRG costs, regardless of whether they are consistent with the National Contingency Plan. But the Plaintiffs note that they are merely talking about what's recoverable *under CERCLA*. If the parties' private FRG agreement provides otherwise, then they may be held liable in *contract* for those costs. But by arguing merely that CERCLA itself does not provide for such costs, the Plaintiffs are not expressing any opinion about their contractual duties. As such, they cannot be found to have made any "unequivocal statement" that they intend to breach the FRG agreement. Their position as to their rights and responsibilities under that agreement has simply not been expressed thus far.

In short, I agree with the Plaintiffs that there has been no expression at all pertaining to their contractual duties, much less an unequivocal one. A claim for anticipatory breach is a cumbersome enough claim to begin with, and given the lack of such a statement and the other issues cited above, I conclude that an amendment should not be allowed. In making this ruling, in has not been my intention to substitute the futility analysis for a dispositive ruling on the merits of the proposed claim; instead, I am merely concluding that such a claim, as currently framed, would be unlikely to succeed and that we are too far along in this case for amendment to be a worthwhile endeavor. Nothing within this order precludes the bringing of such a claim in the future or in some other iteration.

For the reasons given above, the motion to amend is **DENIED**.

**SO ORDERED** this __23rd__ day of January, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3

Case 2:08-cv-00016-WCG   Filed 01/25/12   Page 3 of 3   Document 1294