

David G. Mandelbaum
Tel 215.988.7813
Fax 215.717.5201
mandelbaumd@gtlaw.com

February 2, 2012

Honorable William C. Griesbach
United States District Court
Eastern District of Wisconsin
Green Bay Division
125 South Jefferson Street
P.O. Box 22490
Green Bay, Wisconsin 54305-2490

Re: *Appleton Papers Inc., et al., v. George A. Whiting Paper Company, et al.*
Case No. 2:08-CV-00016-WCG

Dear Judge Griesbach:

We write in response to Plaintiffs' letter dated January 31, 2012, in which Plaintiffs object to both the number of witnesses on Defendants' witness list and the inclusion of certain specific witnesses. Both the length of the list and the addition of the witnesses drawing Plaintiffs' objections are a direct consequence of Plaintiffs' refusal, on the eve of trial, to stipulate regarding matters about which there are no reasonable disputes and to agree that defendants may introduce designations from octogenarians' depositions, even though they may be within the subpoena power of this Court.

The essence of the problem is that Plaintiffs now insist that Defendants prove many of their costs, rather than stipulate to the fact that many of Defendants' invoices were in fact invoices Defendants received, reviewed and paid. There are eight defendants. Five of them have incurred costs at issue in this matter to which Plaintiffs will not stipulate, notwithstanding their having had the invoices and proofs of payment in hand for months. The costs at issue include both costs that Defendants seek to recover here, and costs that would reduce any insurance offset that Plaintiffs may prove, such as attorneys' fees. Thus, each of those parties will now require witnesses to prove up these payments (and, if Plaintiffs object to trial exhibits, to authenticate underlying documents). Plaintiffs' refusal to stipulate is unprincipled and needless, particularly given Plaintiffs' commitment at the August 1, 2011, conference with your Honor that the trial of this matter could be completed in two weeks.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY⁺
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP
⁺OPERATES AS GREENBERG TRAURIG, S.C.
**STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
2700 Two Commerce Square, 2001 Market Street ■ Philadelphia, Pennsylvania 19103 ■ Tel 215.988.7800 ■ Fax 215.988.7801

Plaintiffs' refusal to stipulate that certain bills are what they purport to be, that they were received, reviewed, and paid in the ordinary course is precisely the reason that David Elder, Jay O'Keefe, Tom Metivier, Jim Schaad, and John Visneski are on the witness list. Witness Kenneth Smith is being called merely to authenticate the total costs from the historical invoices. Defendants have made clear that only one of Mr. O'Keefe and Mr. Elder will testify at trial, depending on their availability to travel from Pennsylvania for trial. A deposition would have told Plaintiffs no more than the documents themselves.

Many of the other witnesses on Defendants' witness list have similarly arisen as a result of Plaintiffs' unwillingness to stipulate to certain other facts. Hence, rather than working with Defendants to save time during trial, Plaintiffs' actions have caused an expansion of the number of employee witnesses at trial, many of whom are elderly. The parties had previously agreed to allow testimony by deposition designation even for available witnesses, unless any party objected. In an effort to be efficient, Defendants designated the 2009 depositions of many of those former employees.[1] NCR then objected to allowing introduction of designations from the depositions of Jerome Bodmer, Bill Goetz, Fred Heinritz, Helmut Schwab, and Larry Casey, thus forcing Defendants to put them on their "live" witness list.[2] While Defendants can forego calling Mr. Schwab and Mr. Casey, they cannot forego the opportunity to call *all* of these individuals when NCR is complaining that Defendants are not relying sufficiently on witnesses such as these.

Likewise, as of the August 1 status conference, NCR had suggested that its only objection to recovery of costs incurred by Defendants in order to comply with the OU1 Consent Decree was that some amounts in the OU1 Escrow Account had not yet been spent. Nevertheless, NCR now refuses to stipulate that the OU1 work and costs incurred were in compliance with the Consent Decree. Accordingly, Defendants have named Mike Jury to confirm these simple (and undisputed) points. Plaintiffs to date also refuse to stipulate to the amounts of interest incurred on the OU1 Escrow Account and devoted to the project. Accordingly, Defendants now need Arthur (Tony) Vogel Jr. to serve as an authenticator of the undisputed OU1 Escrow Account earnings and payments. Mr. Vogel is included on Plaintiffs' list of live witnesses.

---

[1] As promised, Defendants did not redepose these former employees in 2011.
[2] Defendants did not object to Plaintiffs intention to designate any witness' deposition, including, for example, C.L. Missimer. Dr. Missimer, Glatfelter's Environmental, Health and Safety Director, presently expects to be in court as a client representative for the latter part of this trial. He could not be more available, but a deposition would be more efficient.

Plaintiffs are objecting to any effort by Defendants to introduce trial testimony from David Elder, Michael Jury, Jay O'Keefe or Kenneth Smith because these witnesses were not previously disclosed. Their disclosure, however, is in direct response to Plaintiffs' just-announced refusal to stipulate to costs and to compliance with the OU1 Consent Decree, when they have had project and cost documentation for months. Whether a late disclosure is substantially justified or harmless is guided by four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Thermal Design, Inc. v. Guardian Bldg. Products, Inc.*, No. 08-C-828, 2011 WL 5105490, *1 (E.D. Wis. Oct. 25, 2011) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). In this case, Plaintiffs have suffered no prejudice or surprise, as they have been long ago informed of the costs for which Defendants seek recovery, and been provided the documents reflecting those costs. Thus, there is no prejudice to be cured, as Plaintiffs have long had notice of these issues and possession of the relevant documents.[3] There is no likelihood of disruption of the trial as a result of the new witnesses, who will be testifying regarding a known issue and known documents, whereas there would be a great risk of disruption and prejudice to Defendants if the witnesses were excluded, as they will then be required to deal with the problem of authenticating costs that are in no genuine dispute. And there was no bad faith or willfulness involved in Defendants' non-disclosure of the witnesses at an earlier date, as there was every reason to believe that the Plaintiffs would stipulate to facts about which there is no genuine dispute.

Under Fed. R. Civ. P. 16(c)(2)(C), at any pretrial conference, the Court may consider and take appropriate action on "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof[.]" Consistent with that rule, the Eastern District of Wisconsin has adopted Civil Local Rule 16(c)(2), stating, "In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case. ***Counsel are also expected to arrive at stipulations that will save time during the trial.***" (emphasis added). Given Plaintiffs' unexplained refusal to stipulate, Defendants should be permitted to put on these witnesses to authenticate records and testify regarding facts about which there has been no controversy.

---

[3] In the unlikely event that any of these witnesses were to testify to anything that surprised Plaintiffs, a solution could be crafted at the time. This is a bench trial. If Plaintiffs require leave to recall a witness to complete their cross-examination out of order, that can be accommodated. Defendants do not expect to ask these witnesses anything that would require such a remedy, but it is available if needed to assure fairness.

Honorable William C. Griesbach
February 2, 2012
Page 4

Indeed, Defendants respectfully suggest that Plaintiffs' refusal to stipulate violates Local Rule 16(c)(2). Plaintiffs' refusal to stipulate, like any other filing, must satisfy the standards of Fed. R. Civ. P. 11(b), including the requirements that they not be presented for "any improper purpose" and that their denials of factual contentions be "warranted on the evidence[.]" Fed. R. Civ. P. 11(b)(1)(4).

Plaintiffs correctly observe that Defendants have identified more witnesses than can potentially be accommodated in a nine-day trial. That is the situation Plaintiffs have created by insisting upon authentication and proof of matters not genuinely at issue. Defendants are working to address this issue, but have not yet developed a fully satisfactory solution. If a cooperative resolution cannot be reached, Defendants may well have to make some choices about which witnesses to call during the trial and will keep Plaintiffs apprised of any decisions in this regard.

At the end of the day, Plaintiffs have turned their suggestion of a time-constrained trial on its head. Initially, the short trial was intended to allow limited issues to be tried in a reasonable and prompt manner. Now, it seems that Plaintiffs are using the length of the trial to constrain the Defendants' presentation of evidence, and to set up an argument that the evidence actually presented is insufficient. The materials that the Court considered in its rulings on motions for summary judgment were necessarily more complete on those topics than what could possibly be introduced at a nine-day trial without stipulations or unconventional methods for presenting testimony.

If Plaintiffs persist in their current posture, Defendants will have to address the time constraints of the trial as they proceed, subject to the agreement to disclose the order of witnesses 48 hours in advance. Defendants would be pleased to discuss solutions with Plaintiffs, or with the Court if the Court so prefers.

Respectfully submitted,

/s/ David G. Mandelbaum

David G. Mandelbaum

cc: All Counsel of Record

GREENBERG TRAURIG, LLP