# Exhibit 1

# Georgia-Pacific Consumer Products LP's (f/k/a Fort James Operating Company's), Fort James Corporation's and Georgia-Pacific LLC's Rule 26(a)(1) Initial Disclosures, dated October 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | |
|---|---|
| APPLETON PAPERS, INC. and<br>NCR CORPORATION,<br><br>      Plaintiffs,<br><br>  v.<br><br>GEORGE A. WHITING PAPER<br>COMPANY, et al.,<br><br>      Defendants. | No. 08-CV-00016-WCG |

**GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S (f/k/a FORT JAMES OPERATING COMPANY'S), FORT JAMES CORPORATION'S AND GEORGIA-PACIFIC LLC'S RULE 26(a)(1) INITIAL DISCLOSURES**

  Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation and Georgia-Pacific LLC (collectively, "Georgia-Pacific") hereby submit their Initial Disclosures. These disclosures are based on information reasonably available to Georgia-Pacific at the present time, and Georgia-Pacific reserves the right to supplement these disclosures if Georgia-Pacific becomes aware of any additional information.

  Georgia-Pacific makes these disclosures subject to, and without waiving, its right to protect from disclosure any and all communications protected by the attorney-client privilege, the attorney work product doctrine, the insured-insurer privilege, the joint defense privilege, and any other applicable privilege or discovery protection. Georgia-Pacific's disclosures are also made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any information disclosed herein, for any purpose, in whole or in part, in any subsequent

proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any discovery request or proceeding involving or relating to the subject matter of these disclosures. Nothing in these disclosures is intended to admit any fact, affirm the existence or admissibility of any document, or agree with or accept any of plaintiffs' legal theories or allegations. These disclosures are preliminary, as Georgia-Pacific's investigation and fact-gathering continues. Georgia-Pacific reserves the right to supplement or amend these disclosures based upon subsequent developments, including without limitation, further factual investigation by Georgia-Pacific and on the basis of additional information and discovery.

All of the following disclosures are made subject to, and without waiving, the above objections and qualifications.

1. **Identification of Individuals Pursuant to Rule 26(a)(1)(A)(i).**

Based on the information currently and reasonably available at this time, Georgia-Pacific believes the following individuals are likely to have discoverable information that may support its claims or defenses, other than solely for impeachment. The witnesses identified below will be able to testify regarding their knowledge of the facts pertaining to the allegations made in the Seventh Amended Complaint. All contacts with these individuals should be made only through counsel for Georgia-Pacific. This contact information is: Mary Rose Alexander and Arthur F. Foerster of Latham & Watkins, LLP, 233 S. Wacker Dr., Suite 5800, Chicago, IL 60606, (312) 876-7700.

    a. Dennis Blanz
       Process Specialist

    b. Richard Bohn
       Former Pulp Processing Supervisor

    c. Roger W. Carriveau
       Former Pulper Operator

d. Walter J. Charles
   Former Clerk in Purchasing Department

e. Vern DeNeys
   Former Materials Handler

f. Tom Froelich
   Former Purchasing

g. Jean Gettleman
   Former Purchasing

h. Kenneth Graves
   Environmental Program Manager

i. James R. Herb
   Former Group Engineering Supervisor

j. Jerry Hulce
   Former Engineering

k. Bob Krause
   Former Pulp Processing Lead Screen Operator

l. Peter J. Krause
   Former Assistant Superintendent Pulp Processing

m. Gary Larson
   Former Pulper Operator

n. Russell D. Lemerande
   Process Engineer

o. Bill Martens
   Former Purchasing

p. Doug McLaughlin, PhD
   Former Environmental Research Manager

q. Al Mork
   Former Lab Technician

r. Dave Pagel
   Former Director of Environmental Technology

s. Jackie Powell
   Senior Environmental Engineer

t. Jack Rantanen
   Former Waste paper processor and unloader

u. Paul Schierl
   Former President

v. Donald J. Schneider
   Former Vice President of Research and Development

w. Albert H. Toma
   Regional Manager – Government Affairs

x. Glen Williams

Georgia-Pacific believes that discoverable information is also possessed by third parties, federal and state officials, as well as persons who are current or former employees of the plaintiffs or the other defendants. Georgia-Pacific has not listed the former or current employees of the plaintiffs or other defendants as those parties are in a better position to identify such persons. Based on the information currently and reasonably available at this time, Georgia-Pacific believes the following third parties, in addition to federal and state officials, may have discoverable information that may support Georgia-Pacific's claims or defenses, other than solely for impeachment:

a. Wisconsin Alumni Research Foundation
   (Donald L. Hughes and various unidentified individuals who worked for this organization may have information relevant to Georgia-Pacific's claims or defenses.)

b. Shrader Analytical Labs
   (Various unidentified individuals who worked for this organization may have information relevant to Georgia-Pacific's claims or defenses.)

c. Elbert Engineering
   (Various unidentified individuals who worked for this organization may have information relevant to Georgia-Pacific's claims or defenses.)

4

d. Wisconsin State Laboratory of Hygiene
(Various unidentified individuals who worked for this organization may have information relevant to Georgia-Pacific's claims or defenses.)

e. Monsanto Company
(Various unidentified individuals who worked for this organization may have information relevant to Georgia-Pacific's claims or defenses.)

Georgia-Pacific reserves the right to supplement this initial disclosure to add the names of persons who may have discoverable information if subsequent information and investigation so warrant. Georgia-Pacific also reserves the right to examine any and all witnesses disclosed by any of the other parties to this action. Investigation continues.

### 2. Rule 26(a)(1)(A)(ii) Documents.

Plaintiffs already have in their possession documents relevant to this action, whether from Georgia-Pacific, other parties, federal and state agencies or documents which are a matter of public record. Nevertheless, subject to the above qualifications and reservations, Georgia-Pacific provides the following description by category of documents, data compilations and tangible things in its possession, custody or control that it may use to support its claims or defenses. These documents are located at the offices of Georgia-Pacific (or in off-site storage) in Atlanta, Georgia and/or Green Bay, Wisconsin, or are in the possession of counsel.

a. Documents associated with the Section 104(e) Requests for Information issued by the United States Fish & Wildlife Service to potentially responsible parties associated with the Lower Fox River, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*.

b. Documents related to Georgia-Pacific's manufacturing and waste treatment processes at its Green Bay mills, including wastepaper volume, usage, production and treatment efficiencies.

c. Documents related to the manufacturing and waste treatment processes at other paper mills located within and without the Lower Fox River Valley.

d. Documents related to the investigation and remediation of the Lower Fox River Site, including without limitation, agreements, administrative orders and

consent decrees entered by and between federal and state agencies and other entities, as well as documents related to work done pursuant to those agreements, orders and decrees.

e. Documents related to natural resources damages and assessments, including work done and/or payments made regarding such natural resource damages and assessments.

f. Documents related to current and historic conditions of the Lower Fox River.

g. Technical documents and reports related to the environmental conditions at portions of the Fox River put into question in the Seventh Amended Complaint.

h. Documents related to the Fox River Group and its various efforts.

i. Documents related to the costs and damages incurred in connection with the Lower Fox River Site by Georgia-Pacific.

Georgia-Pacific's investigation continues, and it will provide further information regarding documents if and when such information becomes available. Upon entry of an appropriate protective order, and upon a proper and appropriate request, Georgia-Pacific will produce non-privileged documents falling within the foregoing categories at a mutually agreeable time and place.

### 3. Rule 26(a)(1)(A)(iii) Damages.

Without waiving the right to amend and/or supplement its disclosures, Georgia Pacific states that it is currently seeking to recover damages including, but not limited to, the following categories of damages with respect to Georgia Pacific's Counterclaim:

a) amounts yet to be determined reflecting payments made by Georgia Pacific related to the Fox River investigation and cleanup;

b) attorneys fees and costs; and

c) pre-judgment interest.

Georgia Pacific's investigation continues, and it will provide further information regarding damages if and when such information becomes available.

### 4. Insurance Policies.

Georgia-Pacific continues to investigate whether there are any insurance policies under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If Georgia-Pacific becomes aware of information regarding any relevant insurance policies, it will provide such information if and when such information becomes available.

This 20th day of October, 2008.

Respectfully Submitted,

Georgia-Pacific LLC
By its Counsel

s/ Margrethe K. Kearney
Ernest J. Getto
Karl S. Lytz
Mary Rose Alexander
Arthur F. Foerster
Margrethe K. Kearney
Latham & Watkins LLP
233 S. Wacker Dr.
Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Karl.Lytz@lw.com
Ernie.Getto@lw.com
Mary.Rose.Alexander@lw.com
Arthur.Foerster@lw.com
Margrethe.Kearney@lw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of October, 2008, a true and correct copy of the foregoing GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S (f/k/a FORT JAMES OPERATING COMPANY'S), FORT JAMES CORPORATION'S AND GEORGIA-PACIFIC LLC'S RULE 26(a)(1) INITIAL DISCLOSURES was served electronically to the following:

Timothy B. Anderson – tanderson@remleylaw.com; tfischer@remleylaw.com;
Joseph C. Basta – jbasta@dykema.com; sgoodman@dykema.com; jmaynard@dykema.com;
Joseph J. Beisenstein – joseph-beisenstein@mennlaw.com; mjgraf@mennlaw.com;
Linda E. Benfield – lbenfield@foley.com; tgraziano@foley.com;
Garret L. Boehm, Jr. – boehmg@jbltd.com
Steven P. Bogart – sbogart@reinhartlaw.com; hbasso@reinhartlaw.com
John F. Cermak, Jr. – jcermak@bakerlaw.com;
William E. Coughlin - wcoughlin@calfee.com;
Marc E. Davies – davies@ballardspahr.com;
David J. Edquist – dedquist@vonbriesen.com;
Mark R. Feldmann – mark-feldmann@mennlaw.com; donna-benson@mennlaw.com;
Scott B. Fleming – sbf@wbb-law.com; gms@wbb-law.com;
Michelle A. Gale – mgale@dykema.com; idejesus@dykema.com;
J. Ric Gass – gass@gasswebermullins.com; paskiewicz@gasswebermullins.com;
Charles M. Gering – cgering@foley.com;
Thomas R. Gottshall – tgottshall@hsblawfirm.com; lgantt@hsblawfirm.com; bvaldes@hsblawfirm.com
Scott W. Hansen – shansen@reinhartlaw.com; ccabelka@reinhartlaw.com
William H. Harbeck – whh@quarles.com; sc3@quarles.com
Michael L. Hermes – mhermes@mtthlaw.com; tcavin@mtthlaw.com;
Philip C. Hunsucker – phunsucker@reslawgrp.com
Sonja I. Inglin – singling@bakerlaw.com;
Paul G. Kent – pkent@andersonkent.com; mirving@andersonkent.com
Alan G.B. Kim – akim@andersonkent.com; kendres@andersonkent.com
Kevin J. Lyons – klyons@dkattorneys.com; lmeyer@dkattorneys.com
David G. Mandelbaum – mandelbaum@ballardspahr.com;
Stephen F. McKinney – smckinney@hsblawfirm.com; kgray@hsblawfirm.com
Sabrina Mizrachi – mizrachis@ballardspahr.com;
Frederick S. Mueller – Mueller@jbltd.com
William J. Mulligan – wmulligan@dkattorneys.com; attygunz@msn.com; mritzman@dkattorneys.com; porin@dkattorneys.com
Philip A. Munroe – pmunroe@direnzollc.com; prand@direnzollc.com;
Daniel C. Murray – murryd@jbltd.com;
Thomas R. O'Donnell – todonnell@calfee.com;

Bruce A. Olson – bolson@dkattorneys.com; Kholdmann@dkattorneys.com
Nancy K. Peterson – nkp@quarles.com; kmh@quarles.com
Ian A.J. Pitz – iapitz@michaelbest.com; pmclevenger@michaelbest.com
Arthur F. Radke – aradke@dykema.com; cmandel@dykema.com; ifrye@dykema.com;
Joan Radovich – jradovich@sidley.com; efilingnotice@sidley.com; shalicky@sidley.com;
Christopher P. Riordan – criordan@vonbriesen.com; jgroom@bonbriesen.com;
Kathleen L. Roach – kroach@sidley.com; efilingnotice@sidley.com;
J. Andrew Schlickman – jaschlickman@sidley.com; dfmanheim@sidley.com;
Thomas R. Schrimpf – tschrimpf@hinshawlaw.com; kwerner@hinshawlaw.com
Jennifer E. Simon – simonj@ballardspahr.com;
Sarah A. Slack – sslack@foley.com;
Randall M. Stone – randall.stone@usdoj.gov;
David A. Strifling – dstrifli@quarles.com; lg1@quarles.com
Allison C. Swanson – allisonsw@ci.green-bay.wi.us; bethca@ci.green-bay.wi.us
Ronald M. Varnum – varnumr@ballardspahr.com;
James P. Walsh – jim.walsh@appleton.org; jamie.sova@appleton.org
Ted A. Warpinski – taw@ffsj.com; swk@ffsj.com
Ted Waskowski – twaskowski@staffordlaw.com; kpence@staffordlaw.com
Patrick L. Wells – pwells@vonbriesen.com; abarrett@vonbriesen.com; swochos@bgp.com;
Evan B. Westerfield – evanwesterfield@sidley.com; dfmanheim@sidley.com;
Russell W. Wilson – rwilson@ruderware.com; cdahlke@ruderware.com;
Richard C. Yde – ryde@staffordlaw.com; ksharpee@staffordlaw.com
Lora L. Zimmer – lzimmer@hinshawlaw.com; ssmith@hinshawlaw.com;
Scott B. Fleming – sbf@wbb-law.com

    I also hereby certify that on October 20, 2008 I caused a copy of the foregoing to be sent by United States mail, postage pre-paid, to the following:

    James B. Gunz, Esq.
    Gunz Law Office
    1142 Glenayre Drive
    Neenah, WI 54956-4236

    John M. Van Lieshout, Esq.
    Reinhart Boerner Van Deuren SC
    1000 North Water Street, Suite 2100
    P.O. Box 2965
    Milwaukee, WI 53202

    Peter C. Karegeannes, Esq.
    Quarles & Brady LLP
    411 East Wisconsin Avenue, Suite 2040
    Milwaukee, WI 53202-4497

                                  s/ Margrethe K. Kearney
                                    Margrethe K. Kearney