# Exhibit 3

# Georgia-Pacific Consumer Products LP's (f/k/a Fort James Operating Company's), Fort James Corporation's and Georgia-Pacific LLC's Second Supplement to Rule 26(a)(1) Initial Disclosures, dated September 14, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and <br> NCR CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE A. WHITING PAPER <br> COMPANY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 08-CV-00016-WCG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S (f/k/a FORT JAMES OPERATING COMPANY'S), FORT JAMES CORPORATION'S AND GEORGIA-PACIFIC LLC'S SECOND SUPPLEMENT TO RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) and 26(e) of the Federal Rules of Civil Procedure, defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation and Georgia-Pacific LLC (collectively, "Georgia-Pacific") hereby supplement their Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures dated October 20, 2008 and their Supplement to Rule 26(a)(1) Initial Disclosures dated August 28, 2009. This supplement is based on information reasonably available to Georgia-Pacific at the present time, and Georgia-Pacific reserves the right to further supplement these disclosures if Georgia-Pacific becomes aware of any additional information.

Georgia-Pacific makes these disclosures subject to, and without waiving, its right to protect from disclosure any and all communications protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or discovery protection. Georgia-Pacific's disclosures are also made without waiving, in any

way: (1) the right to object on any basis permitted by law to the use of any information disclosed herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any discovery request or proceeding involving or relating to the subject matter of these disclosures.  Nothing in these disclosures is intended to admit any fact, affirm the existence or admissibility of any document, or agree with or accept any of plaintiffs' legal theories or allegations.  Georgia-Pacific reserves the right to supplement or amend these disclosures based upon subsequent developments.

All of the following disclosures are made subject to, and without waiving, the above objections and qualifications.

### 1. Identification of Individuals Pursuant to Rule 26(a)(1)(A)(i).

Pursuant to Rule 26(a)(1)(A)(i) and 26(e), Georgia-Pacific hereby supplements its disclosures regarding individuals who may have discoverable information that Georgia-Pacific may use to support it claims or defenses, unless solely for impeachment.  Georgia-Pacific reserves its right to identify and rely on additional witnesses whose names appear in documents produced during the course of discovery in this litigation or to have any identified witness testify concerning additional or different topics, and to supplement this initial disclosure as appropriate.

The following witnesses will be able to testify regarding their knowledge of the facts pertaining to Georgia-Pacific's claims and defenses, other than solely for impeachment.  All contacts with these individuals should be made only through counsel for Georgia-Pacific.  This contact information is: Mary Rose Alexander of Latham & Watkins, LLP, 233 S. Wacker Dr., Suite 5800, Chicago, IL 60606, (312) 876-7700.

      a. Paul Montney
         Director of Field Services

Georgia-Pacific believes that discoverable information is also possessed by third parties, federal and state officials, as well as persons who are current or former employees of the plaintiffs or the other defendants. Based on the information currently and reasonably available at this time, Georgia-Pacific supplements its Initial Disclosures to include the following individuals that may have discoverable information that may support Georgia-Pacific's claims or defenses, other than solely for impeachment.

   a. RG Bartz
   b. Daniel Van Boxtel
   c. Adrian Van Geffen
   d. Phillip Graf
   e. Elliot Elfner
   f. Don Clark
   g. James Ryan
   h. Paul Rosenow
   i. Martin Kelly
   j. David Hatton
   k. Reinhold Vogt
   l. Lawrence Casey

To the extent that individuals not identified in Georgia-Pacific's Initial Disclosures, Supplemental Initial Disclosures, or Second Supplemental Initial Disclosures, have been identified in other parties' Disclosures, Georgia-Pacific incorporates those individuals here. To the extent that those individuals have been deposed, they may have discoverable information that

3

may support Georgia-Pacific's claims or defenses, other than solely for impeachment, on the subjects upon which they were deposed.

**2.     Rule 26(a)(1)(A)(ii) Documents.**

In addition to the documents identified in Georgia-Pacific's Initial Disclosures and Supplemental Initial Disclosures, and without waiving the right to amend and/or supplement its disclosures, Georgia-Pacific states that Plaintiffs already have in their possession documents relevant to this action, whether from Georgia-Pacific, other parties, federal and state agencies or documents which are a matter of public record. Nevertheless, subject to the above qualifications and reservations, Georgia- Pacific provides the following description by category of documents, data compilations and tangible things in its possession, custody or control that it may use to support its claims or defenses. These documents are located at the offices of Georgia-Pacific (or in off-site storage) in Atlanta, Georgia and/or Green Bay, Wisconsin, or are in the possession of counsel.

a. Documents related to the following topics: (1) Deinking; (2) Recycling Processes; (3) NCR and NCR Paper; (4) Broke; (5) Appleton Coated Paper Company; (6) Mead Corporation; (7) Wiggins Teape; and (8) Environmental issues caused by deinking or recycling NCR Broke.

b. Documents produced during Phase I of this litigation by both Parties and non-Parties related to the above topics.

c. Documents that have been bates-stamped with the BCFOX or BCFOX2 prefix, which are documents from the Wiggins Teape Butler's Court

4

microfiche and microfilm records that were produced by Appleton Papers Inc. ("API") related to the above topics.

d. Documents related to the above topics that have been bates-stamped with the GPARG prefix, which are documents that Georgia-Pacific obtained from public records or pursuant to third-party subpoena from the following locations: (1) IPST f-k-a Institute of Paper Chemistry in Atlanta, GA; (2) Official Board Market archives maintained in Duluth, MN; (3) Western Michigan University - Waldo Library; (4) Western Michigan University - Valley Archives; (5) Dayton Public Library; (5) TAPPI in Atlanta, GA; (6) Institute of Scrap Recycling Industries. in Washington, DC; (7) New York Public Library; (8) University of Washington Library; (9) Georgia Tech University Library; (1) University of Maine; and (11) University of Utah

To the extent that documents not identified in Georgia-Pacific's Initial Disclosures, Supplemental Initial Disclosures, or Second Supplemental Initial Disclosures, have been identified in other parties' Disclosures, Georgia-Pacific incorporates those documents here. Georgia-Pacific's investigation continues, and it will provide further information regarding documents if and when such information becomes available. Georgia-Pacific has and will continue to produce non-privileged documents falling within the foregoing categories at a mutually agreeable time and place.

5

### 3. Rule 26(a)(1)(A)(iii) Damages.

In addition to the damages identified in Georgia-Pacific's Initial Disclosures and Supplemental Initial Disclosures, and without waiving the right to amend and/or supplement its disclosures, Georgia Pacific states that it is currently seeking to recover damages including, but not limited to, the following categories of damages with respect to Georgia Pacific's Counterclaim:

- a. $63,899,177.83 in past response costs and damages, plus pre-judgment interest, and $20,563,737.00 in reallocated FRG Agreement costs (interest calculated through August 31, 2011). *See Whiting* Dkt. #894 [Georgia-Pacific's 2010 Motion for Summary Judgment on Equitable Factors].
- b. $7,000,000 paid by Georgia-Pacific to Plaintiffs' United States and State of Wisconsin pursuant to a consent decree in *U.S. v. NCR Corp., et al* (Case No. 10-C-910). *See* Dkt. #168 [Order].
- c. amounts yet to be determined reflecting payments made by Georgia Pacific related to the Fox River investigation and cleanup;
- d. attorney's fees and costs; and
- e. pre-judgment interest.

Georgia Pacific's investigation continues, and it will provide further information regarding damages if and when such information becomes available.

### 4. Rule 26(a)(1)(A)(iv) Insurance Policies.

In addition to the damages identified in Georgia-Pacific's Initial Disclosures and Supplemental Initial Disclosures, and without waiving the right to amend and/or supplement its

disclosures, Georgia Pacific states that pursuant to settlement agreements, Georgia-Pacific has received payments from its insurers (USF&G and Insurer A) due to damages, fees, costs or other expenses Georgia-Pacific incurred and will incur in the future relating to the Lower Fox River Environmental Claims. Such settlement payments were made to resolve Georgia-Pacific's insurance claims for both defense and indemnity. Such settlement payments were made to resolve fully the insurers' risk of future liability.

Georgia-Pacific hereby incorporates its May 9, 2011 Responses to Plaintiff NCR Corporation's Interrogatories and Requests for the Production of Documents concerning insurance policies. Georgia Pacific's investigation continues, and it will provide further information regarding insurance policies if and when such information becomes available.

Dated: September 14, 2011                                     Respectfully submitted,


                                                               */s/ Mary Rose Alexander*

                                                               Karl S. Lytz
                                                               *CA Bar No. 110895*
                                                               Patrick J. Ferguson
                                                               *CA Bar No. 252778*
                                                               Latham & Watkins LLP
                                                               505 Montgomery St., Ste. 2000
                                                               San Francisco, CA 94111-6538
                                                               Telephone: (415) 391-0600
                                                               Fax: (415) 395-8095
                                                               Karl.Lytz@lw.com
                                                               Patrick.Ferguson@lw.com

                                                               Mary Rose Alexander
                                                               *IL Bar No. 6205313*
                                                               *CA Bar No. 143899*
                                                               Margrethe K. Kearney
                                                               *IL Bar No. 6286559*
                                                               Latham & Watkins LLP
                                                               233 S. Wacker Dr., Ste. 5800
                                                               Chicago, IL 60606
                                                               Telephone: (312) 872-7700

Facsimile: (312) 993-9767  
Mary.Rose.Alexander@lw.com  
Margrethe.Kearney@lw.com

# CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of September, 2011, a true and correct copy of the foregoing GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S (f/k/a FORT JAMES OPERATING COMPANY'S), FORT JAMES CORPORATION'S AND GEORGIA-PACIFIC LLC'S SECOND SUPPLEMENT TO RULE 26(a)(1) INITIAL DISCLOSURES
was served electronically to the following:

ajs@HERMESLAWLTD.COM;
mary.rose.alexander@LW.COM;
allisonsw@CI.GREEN-BAY.WI.US;
amcadam@HGNLAW.COM;
bethca@CI.GREEN-BAY.WI.US;
bje@HERMESLAWLTD.COM;
boehmg@JBLTD.COM;
cdow@HGNLAW.COM;
cgering@FOLEY.COM;
criordan@VONBRIESEN.COM;
cschafer@SIDLEY.COM;
daviesm@GTLAW.COM;
dedquist@VONBRIESEN.COM;
dfmanheim@SIDLEY.COM;
drabbino@HGNLAW.COM;
dstrifli@QUARLES.COM;
eha@SIDLEY.COM;
emiles@DKATTORNEYS.COM;
evanwesterfield@SIDLEY.COM;
patrick.ferguson@LW.COM;
gass@GASSWEBERMULLINS.COM;
ernie.getto@LW.COM;
holmesc@GTLAW.COM;
iapitz@MICHAELBEST.COM;
jamie.sova@APPLETON.ORG;
jaschlickman@SIDLEY.COM;
jbasta@DYKEMA.COM;
jgroom@VONBRIESEN.COM;
jim.walsh@APPLETON.ORG;
jmhess@SONNENSCHEIN.COM;
joan.marshman@USDOJ.GOV;
Joseph-Beisenstein@MENNLAW.COM;
joshua.levin@USDOJ.GOV;
jradovich@SIDLEY.COM;
jvanlies@REINHARTLAW.COM;
klyons@DKATTORNEYS.COM;
knoyes@VONBRIESEN.COM;
kroach@SIDLEY.COM;

kroubik@WHDLAW.COM;
ksmith@VONBRIESEN.COM;
ksoto@SONNENSCHEIN.COM;
jputnam@WNJ.COM;
latawiec@GASSWEBERMULLINS.COM;
lbenfield@FOLEY.COM;
lgeralds@WNJ.COM;
linda.beard@USDOJ.GOV;
lmeyer@DKATTORNEYS.COM;
karl.lytz@LW.COM;
lzimmer@HINSHAWLAW.COM;
madams@SONNENSCHEIN.COM;
Mandelbaum@GTLAW.COM;
Mark-Feldmann@MENNLAW.COM;
margrethe.kearney@lw.com
mas@FFSJ.COM;
matthew.oakes@USDOJ.GOV;
mcarlton@VONBRIESEN.COM;
mgale@DYKEMA.COM;
mizrachis@GTLAW.COM;
mjgraf@MENNLAW.COM;
mlh@HERMESLAWLTD.COM;
MooneyM@GTLAW.COM;
msaggio@DKATTORNEYS.COM;
msobota@SIDLEY.COM;
muellerf@JBLTD.COM;
murrayd@JBLTD.COM;
mvergeront@STAFFORDLAW.COM;
nfishbach@WHDLAW.COM;
nkp@QUARLES.COM;
paszkiewicz@GASSWEBERMULLINS.COM;
phunsucker@HGNLAW.COM;
pkent@ANDERSONKENT.COM;
pmclevenger@MICHAELBEST.COM;
pmunroe@DIRENZOLLC.COM;
pwells@VONBRIESEN.COM;
randall.stone@USDOJ.GOV;
rwilson@RUDERWARE.COM;
ryde@STAFFORDLAW.COM;
sbf@WBB-LAW.COM;
sbogart@REINHARTLAW.COM;
sdikos@SIDLEY.COM;
sgoodman@DYKEMA.COM;
shalicky@SIDLEY.COM;
shansen@REINHARTLAW.COM;
singlin@BAKERLAW.COM;
skohl@WNJ.COM;
slindsey@WNJ.COM;

slovern@VONBRIESEN.COM;
smckinney@HSBLAWFIRM.COM;
sslack@FOLEY.COM;
stf@FFSJ.COM;
tanderson@REMLEYLAW.COM;
tandreoli@SONNENSCHEIN.COM;
tarmstro@VONBRIESEN.COM;
taw@FFSJ.COM;
tgottshall@HSBLAWFIRM.COM;
tgraziano@FOLEY.COM;
tmathison@DKATTORNEYS.COM;
todonnell@CALFEE.COM;
tschrimpf@HINSHAWLAW.COM;
turek@GASSWEBERMULLINS.COM;
twaskowski@STAFFORDLAW.COM;
VarnumR@BALLARDSPAHR.COM;
warts@ANDERSONKENT.COM;
wcoughlin@CALFEE.COM;
whh@QUARLES.COM;
wmulligan@DKATTORNEYS.COM;
zaepfel@KKAGLAW.COM;
andrea.hogan@LW.COM;
tjc@HERMESLAWLTD.COM;
lgl@QUARLES.COM;
hdm@HERMESLAWLTD.COM;
ssmith@HINSHAWLAW.COM;
jlm@FFSJ.COM;
donna-benson@MENNLAW.COM;
rmaier@STAFFORDLAW.COM;
idejesus@DYKEMA.COM;
cearleya@BALLARDSPAHR.COM;
kmh@QUARLES.COM;
jgregory@VONBRIESEN.COM;
rangelo@VONBRIESEN.COM;
swochos@GBP.COM;
mirving@ANDERSONKENT.COM;
prand@DIRENZOLLC.COM;
dflores@HGNLAW.COM;
ksharpee@STAFFORDLAW.COM;
jacobs@CF-LAW.COM;
fraire@CF-LAW.COM;
ruderwausau@HOTMAIL.COM;
sjf@FFSJ.COM;
gms@WBB-LAW.COM;
ccabelka@REINHARTLAW.COM;
kgray@HSBLAWFIRM.COM;
hbasso@REINHARTLAW.COM;
earce@VONBRIESEN.COM;

lmccaust@VONBRIESEN.COM;
ahalase@DKATTORNEYS.COM;
kdomenos@VONBRIESEN.COM;
swk@FFSJ.COM;
lgantt@HSBLAWFIRM.COM;
bvaldes@HSBLAWFIRM.COM;
kwerner@HINSHAWLAW.COM;
tfischer@REMLEYLAW.COM;
kendres@ANDERSONKENT.COM;
sc3@QUARLES.COM;
attygunz@MSN.COM;
mritzman@DKATTORNEYS.COM;
porin@DKATTORNEYS.COM;
wconlon@SIDLEY.COM;
db@DEWITTROSS.COM;
rrr@DEWITTROSS.COM;
ms@DEWITTROSS.COM;
jmaynard@dykema.com;
dvz@dewittross.com;
jcermak@bakerlaw.com;
jmconlin@rkmc.com;
ljlewis@rkmc.com;
emroz@hgnlaw;
bpaulo@hgnlaw.com;
bsloan@hgnlaw.com;
cranmer@ballardspahr.com;
emroz@reslawgrp;
bpaulo@reslawgrp.com;
ymm@dewittross.com;
kpence@staffordlaw.com;
rreynolds@staffordlaw.com;
dfrank@reinhartlaw.com;
dheracov@reinhartlaw.com; perry.rosen@usdoj.gov;
saylorg@gtlaw.com;

*/s  Patrick Ferguson*
Patrick J. Ferguson