**Mary Rose Alexander**
Direct Dial: +1.312.876.7672
mary.rose.alexander@lw.com

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 23, 2012

The Honorable William C. Griesbach
United State District Court Judge
Eastern District of Wisconsin
Green Bay Division
125 South Jefferson Street
P.O. Box 22370
Green Bay, WI 54305-2370

Re:     *Appleton Papers, Inc., et al. v. George A. Whiting Paper Co., et al.*; Case No. 08-CV-00016 WCG, in the United States District Court for the Eastern District of Wisconsin

Dear Judge Griesbach:

We write on behalf of Defendants/Counterclaim Plaintiffs Georgia-Pacific LLC, Georgia-Pacific Consumer Products LP and Fort James Corporation ("GP"), in response to Plaintiffs' Rule 7(h) Expedited Non-Dispositive Motion for Extension of Time to File Post-Trial Submissions (Dkt. 1352). GP does not believe a telephonic conference is necessary for the Court to resolve this matter, and will abide by whatever decision the Court makes based on the papers. GP's views are set forth below.

GP is the only PRP to have completely settled the governments' response cost claims, including through the Consent Decree entered by this Court on April 4, 2011 (US v. NCR, Dkt. 130). GP is also the only party to have resolved the natural resource damages claims of the federal and state trustees. Plaintiffs, however, deny liability and seek delay. For the second year in a row, they have apparently refused to comply with their Fox River cleanup obligations. They have stated that they will not dredge as directed by USEPA, thus forcing the United States to again seek injunctive relief. The current state of affairs is their fault, and they alone can fix it by continuing to work. At a minimum, NCR and API should not be allowed to delay the proceedings in this case by claiming that their time is better spent defending against the enforcement action, where they are seeking to avoid liability entirely.

As the Court is aware, GP's past cleanup efforts have resulted in response costs and damages in excess of $90 million dollars. GP may also incur substantial future costs in Lower OU 4 pursuant to the Consent Decree (subject to reimbursement by Plaintiffs). GP is entitled to a final judgment on its past and future response costs and damages, and opposes any efforts to delay the Court's ability to issue a final judgment.

LATHAM&WATKINS LLP

       The post-trial briefing schedule was agreed to by the parties before trial.  The US did not file its injunction motion until this week, and presumably Plaintiffs (like Defendants) have already been working on their post-trial filings for weeks.  Six separate law firms have appeared for NCR and API in this case.  Plaintiffs certainly have the resources to complete the post-trial filings in this case on schedule and respond to the United States motion in *US v. NCR* on the schedule set by the Court in that case.

       Thank you for your consideration.

       Very truly yours,

       Mary Rose Alexander
       of LATHAM & WATKINS LLP

cc:    Counsel of Record