Mary Rose Alexander  
Direct Dial: 1-312-876-7672  
Email: mary.rose.alexander@lw.com

233 S. Wacker Drive, Suite 5800  
Chicago, Illinois 60606  
Tel: +1.312.876.7700 Fax: +1.312.993.9767  
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 14, 2012

The Honorable William C. Griesbach  
United States District Court Judge  
Eastern District of Wisconsin  
Green Bay Division  
125 South Jefferson Street  
P.O. Box 22370  
Green Bay, WI 54305-2370

Re: <u>Appleton Paper Inc. v. George A. Whiting Co., Case No. 08-CV-00016 WCG</u>

Dear Judge Griesbach:

I reluctantly write on behalf of certain Defendants[1] in response to Plaintiff Appleton Papers Inc.'s Reply Memorandum In Support of Its Objections to Certain of Defendants' Trial Exhibits. Dkt. No. 1398 ("Reply"). API's Reply is procedurally improper, duplicative, and unfairly characterizes the evidentiary briefing that has already fully been submitted to the Court by all the parties. Defendants respectfully request that the Court disregard API's Reply.

The parties, including API and NCR, presented argument on the first day of trial regarding Plaintiffs' objections to certain Defendants' trial exhibits. Trial Tr. 7:8-42:22. The Court reserved ruling on these objections. *Id.* 39:25-41:2. At the close of trial, the Court requested that the parties address their evidentiary objections in the context of the post-trial briefs, *id.* 1440:5-10, and NCR's counsel stated that all the parties had agreed "that there would be a first round of simultaneous exchange, and just one other round of simultaneous responses to the first round." *Id*. 1442:17-22. NCR's counsel specifically explained that the parties had agreed not to file a third round of reply briefs; the Court agreed with this approach. *Id*. Accordingly, API and NCR filed a brief in support of their evidentiary objections with the first round of briefing on April 26, 2012, Dkt. No. 1381, and Defendants filed a response during the second round of briefing on May 23. Dkt. No. 1393.

On June 12, twenty days after the final post-trial submissions by all parties, API filed its Reply. There is no justification for this procedurally-improper filing—which directly contradicts the parties' agreement and has no other legal basis—and API does not even attempt to offer one

---

[1] This letter is filed on behalf of the following Defendants: CBC Coating, Inc., City of Appleton, Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC (collectively, "GP"), Menasha Corporation, Neenah-Menasha Sewerage Commission, P.H. Glatfelter Company, U.S. Paper Mills Corporation, and WTM I Company.

LATHAM&WATKINS LLP

in its Reply. Rather, API simply re-packages the same arguments that it made during trial and in its post-trial evidentiary brief, namely that certain of Defendants' exhibits are not authentic, contain hearsay and double hearsay, and are irrelevant. The parties have already fully briefed these issues (per their agreement), and Defendants' responsive brief sets forth the numerous reasons why the Court should admit these ancient business records. Dkt. No. 1393.

Not surprisingly, API's Reply focuses on several of the key ancient business records from the Butler's Court microfiche files that demonstrate that ACPC and NCR are liable as CERCLA arrangers. Defendants remind the Court that these records were found in a locked safe in the library of Wiggins Teape's research facility, and API and its corporate relatives only reluctantly produced these records upon this Court's Order and after several rounds of motions to compel. API's claim that these records are not authentic defies logic. Similarly, API's attack on the credibility of former and current Butler's Court employees, such as John Gough and Stacey Taylor, has no factual basis and should be ignored. The Court can certainly rely on these witness declarations to further support the admissibility of the Butler's Court documents.

For these reasons, Defendants respectfully request that the Court disregard API's Reply. Defendants are available should the Court wish to discuss this issue further.

Respectfully,

Mary Rose Alexander
of LATHAM & WATKINS LLP

cc: Counsel of Record.