IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

       Plaintiffs,

  v.

No. 08-CV-16 WCG

GEORGE A. WHITING PAPER
COMPANY, *et al*.,

       Defendants.

**PLAINTIFF APPLETON PAPERS INC.'S PROPOSED FINDINGS OF FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' CERCLA COUNTERCLAIMS**

Plaintiff Appleton Papers Inc. ("API"), by its undersigned counsel, pursuant to Local Rule 56(b)(i)(C), submits the following proposed findings of fact in support of its Motion for Summary Judgment as to Defendants' CERCLA Counterclaims.

1. In 2008, API and NCR filed a civil action ("the *Whiting* Action") to recover response costs incurred responding to Government orders compelling remediation of PCB contamination in the Lower Fox River. Whiting Dkt. 265.

2. Defendants asserted counterclaims against API and NCR, including claims for contribution under CERCLA § 113(f) for response costs Defendants had incurred and expected to incur in the future, in connection with the Lower Fox River. Whiting Dkt. 310 at 30; Dkt. 298 at 28; Dkt. 300 at 24; Dkt. 293 at 28; Dkt. 283 at 31 and Dkt. 240 at 18; Dkt. 327 at 22; Dkt. 261 at 22; and Dkt. 172 at 32.

3. On March 1, 2011, this Court entered a Decision and Order ("March 2011 Decision") that addressed Defendants' motions for summary judgment on their CERCLA § 113(f) counterclaims. Whiting Dkt. 1080.

4. In the March 2011 Decision, the Court denied Defendants' motions as to Operating Unit ("OU") 1 because it concluded that there were disputed material facts regarding whether API and NCR were liable as "arrangers" under CERCLA § 107(a)(3) as a result of the sale of broke. Whiting Dkt. 1080 at 9.

5. The Court, however, granted summary judgment in favor of Defendants as to costs incurred in OU2-5. Whiting Dkt. 1080 at 33.

6. The Court initially ruled that NCR and API were liable because they had not contested their CERCLA liability: "Plaintiffs' liability under § 107 for the OU2-5 portions of the river is not contested." Whiting Dkt. 1080 at 14.

7. API filed a motion seeking reconsideration of this finding on the ground that API's submissions in opposition to Defendants' motion demonstrated that API in fact disputed its liability under CERCLA. Whiting Dkt. 1101; Dkt. 1102 at 4-8.

8. In July 2011, the Court granted API's motion for reconsideration, finding that "Appleton Papers is correct that there was no basis to conclude that it had 'conceded' its liability in this action." Whiting Dkt. 1139 at 1.

9. In February 2012, the Court conducted a trial on certain issues concerning Defendants' counterclaims. Whiting Dkt. 1320.

10. The parties' Final Pretrial Report expressly provided that "API's liability under CERCLA will not be addressed at the February 2012 trial." Whiting Dkt. 1320 at 2 n.1.

11. On July 3, 2012, the Court ruled that Defendants had failed to prove that the sale of broke by Appleton Coated Paper Company ("ACPC") constituted an arrangement

for the disposal of a hazardous substance under CERCLA § 107(a)(3). Whiting Dkt. 1405 at 20-21.

12. The Court indicated, however, that at least some Defendants may be entitled to relief under § 113(f) with respect to costs they incurred in OU2-5 under other theories of CERCLA liability. Whiting Dkt. 1405 at 22-28.

13. In October 2010, the Government filed the Enforcement Action. EA Dkt. 1.[1]

14. The Government's First Amended Complaint in the Enforcement Action asserts various claims arising under CERCLA, including (in Count V) a request for an injunction pursuant to CERCLA § 106 compelling the Defendants in that action, including API, to perform the Unilateral Administrative Order (or 106 Order) that the Government issued to API and other parties in November 2007. EA Dkt. 30 at 32.

15. In March 2011, the Government filed a motion for preliminary injunction seeking to compel API and NCR to perform the Government's remedial action work plan for 2011. EA Dkt. 122.

16. In July 2011, the Court denied the motion because it concluded that the Government was unlikely to prove that API was liable under CERCLA. EA Dkt. 172 at 21.

17. In its brief in support of its motion for preliminary injunction, the Government had asserted that API was liable under CERCLA because it "assumed liability as a successor to ACPC, CPM and NCR" under a certain 1978 Purchase Agreement (pursuant to which API purchased certain assets from NCR) and/or a 1998 Settlement

---

[1] "EA Dkt." refers to docket entries in the Enforcement Action.

Agreement (in which NCR and API resolved certain disputed claims). EA Dkt. 150 at 7 of 35.

18. In its July 2011 decision, the Court rejected the Government's theory, finding (1) that the agreements "do not establish successorship because the original liability under CERCLA has remained with the seller," (EA Dkt. 172 at 20) and (2) there was no equitable reason for subjecting API to successor liability because "NCR, the seller of the assets, remains in existence and is undeniably liable to the United States under CERCLA." *Id*. at 18.

19. API then filed a motion seeking summary judgment on the ground that it was not liable under CERCLA. EA Dkt. 194, 197.

20. The Government and the Defendants in the Enforcement Action who are asserting contribution counterclaims in the *Whiting* Action filed briefs and evidentiary submissions in opposition to API's summary judgment motion. EA Dkt. 203 – 205; EA Dkt. 206 – 208.

21. In December 2011, the Court denied API's motion after concluding that the 1978 Purchase Agreement and the 1998 Settlement Agreement could be read to render API liable for Fox River liabilities. EA Dkt. 279 at 11-12.

22. API filed a motion for reconsideration of the December 2011 decision. EA Dkt. 286, 287.

23. The Government and the Defendants in the Enforcement Action who are asserting contribution counterclaims in the *Whiting* Action (with one exception) filed briefs in opposition to API's motion for reconsideration.

24. On April 10, 2012, the Court granted API's reconsideration motion. EA Dkt. 349.

25. The Court concluded that "the terms of the 1978 assumption agreement are not broad enough to encompass the CERCLA liability at issue here." EA Dkt. 349 at 9.

26. The Court granted API's summary judgment motion and dismissed all claims against API in the Enforcement Action. EA Dkt. 349 at 9.

Dated this 17th day of July, 2012.

        Respectfully submitted,

        APPLETON PAPERS INC.

        By: /s/ Ronald R. Ragatz
            One of Its Attorneys

Counsel for Appleton Papers Inc.:

| | |
|---|---|
| Michael L. Hermes (#1019623) | Ronald R. Ragatz (#1017501) |
| Heidi D. Melzer (#1076125) | Dennis P. Birke (#1018345) |
| Hermes Law, Ltd. | Megan A. Senatori (#1037314) |
| 333 Main Street, Suite 601 | DeWitt Ross & Stevens S.C. |
| Green Bay, WI 54301 | Two East Mifflin Street |
| (920) 436-9870 | Madison, WI 53703 |
| Fax: (920) 436-9871 | (608) 255-8891 |
| | Fax: (608) 252-9243 |
| | |
| | Gregory A. Krauss |
| | Gregory A. Krauss PLLC |
| | 1629 K St. NW |
| | Suite 300 |
| | Washington, DC 20006 |
| | (202) 355-6430 |