IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

              Plaintiffs,

    v.                                              Case No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER COMPANY, et al.

              Defendants.

**CBC COATING, INC.'S BRIEF IN OPPOSITION TO APPLETON PAPERS INC.
AND NCR CORPORATION'S MOTION FOR SUMMARY JUDGMENT
ON CERTAIN DEFENDANTS' STATE COMMON LAW COUNTERCLAIMS**

## INTRODUCTION

Defendant CBC Coating, Inc. ("CBC"), a party located in OU2 of the Fox River, joins the arguments made by P.H. Glatfelter Company and WTM I Company in their brief filed on August 2, 2012, except for the argument in Section V of that brief, which relates to a claim not made by CBC.

The Glatfelter/WTM brief states at page 14: " When CERCLA does ***not*** allocate costs between parties, it does not conflict with state law claims over the same costs or damages. However, when CERCLA does allocate, it may." Here, even though CERCLA does allocate as between CBC and the Plaintiffs, it still does not preempt state law claims predicated upon the breach of a state common law duty owed by one PRP to another, and which are not based upon contribution.

## ARGUMENT

**CERCLA DOES NOT PREEMPT STATE COMMON LAW CLAIMS PREDICATED UPON THE BREACH OF A STATE COMMON LAW DUTY OWED BY ONE PRP TO ANOTHER.**

To the extent that CBC purchased any PCB-containing broke from NCR, CBC asserted four state common law tort claims against NCR arising out of those purchases:

(1)  NCR was negligent to the extent it sold CBC any broke containing PCBs. (CBC Second Amended Answer, Affirmative Defenses and Counterclaim to Seventh Amended Complaint, Dkt. 1081 ("CBC Counterclaim"), at ¶¶25-34).

(2)  NCR had a common law duty to warn CBC of the dangers known by NCR to have been posed by NCR broke containing PCBs, and NCR negligently breached that duty. (CBC Counterclaim ¶¶35-39).

(3)  Any NCR broke containing PCBs sold to CBC was defective and unreasonably dangerous to consumers, rendering NCR strictly liable under Restatement (Second) Torts, § 402A, for any damages caused by NCR's placing broke containing PCBs into the stream of commerce. (CBC Counterclaim ¶¶40-44).

(4)  NCR had a duty to warn CBC of the dangers posed by NCR broke containing PCBs, and NCR's failure to do so rendered all NCR broke containing PCBs defective and unreasonably dangerous to consumers, for which NCR is strictly liable to CBC under Restatement (Second) Torts, § 402A for any damages caused by NCR's placing NCR broke containing PCBs into the stream of commerce. (CBC Counterclaim ¶¶45-49).

CBC further alleged that if, as a result of NCR's breach of the state common law duties NCR directly owed CBC in the above regards, CBC incurs any CERCLA liability for any discharge of PCBs into the Lower Fox River, CBC is entitled to be indemnified by NCR. (CBC

Counterclaim ¶¶34, 39, 44, 49). For purposes of the pending motion, CBC's claims must be presumed to state a valid claim.

API and NCR have moved for summary judgment, asking the Court to hold that each of CBC's state common law negligence and sec. 402A claims against NCR is preempted by CERCLA because conflict preemption precludes recovery for the same response costs under both CERCLA and state common law, citing *Bedford Affiliates v. Sills*, 156 F.3d 416, 426 (2nd Cir. 1998). (NCR Br., pp. 6-9). Additionally, NCR asserts that "to the extent [CBC] [seeks] to recover response costs that are found not to be consistent with the NCP, those claims also are preempted." (NCR Br., p. 7).

First, CBC seeks to recover response costs consistent with the NCP (CBC Counterclaim, Claim for Relief), so there is no viable claim of conflict preemption in this regard even assuming, *arguendo*, preemption would occur if CBC did seek to recover response costs not consistent with the NCP. Second, and most importantly, *Bedford Affiliates*, as well as every other authority NCR cites to support its conflict preemption argument, involved state common law <u>contribution</u> claims, wherein the plaintiff PRP alleged that it had paid more than its fair share of a joint liability owed a third party. CBC's state common law tort claims are not contribution claims.

None of the conflict preemption cases relied upon by API and NCR involved a claim that plaintiff-PRPs' CERCLA liability to a third party was caused by defendant-PRPs' breach of a discrete state common law duty owed by the defendant PRP to the plaintiff PRP. Rather, in each of the cases relied upon by API and NCR, a necessary element of plaintiff PRP's claim against the defendant PRP was joint CERCLA liability -- without joint CERCLA liability, plaintiff PRP would have had no state common law cause of action against the defendant PRP. In short, in the cases API and NCR rely upon to support their conflict preemption claim, the defendant-PRP

3

owed no common law duty toward plaintiff-PRP vis-à-vis its conduct or the products it sold. In such a case, when no common law duty is owed, and only in such a case, do the contribution provisions in 42 U.S.C. § 9613, which include contribution protection, preempt state common law claims. CBC is aware of no authority supporting the proposition that CERCLA preempts state common law tort claims by one PRP against another where, as here, the state common law tort claims are based upon the defendant PRP's breach of a discrete common law duty owed plaintiff PRP, and the latter's state common law cause of action against the defendant PRP does not depend upon the latter's having joint CERCLA liability with the plaintiff PRP.

CBC's state common law negligence and sec. 402A tort claims against NCR are not based upon state common law equitable principles governing contribution or indemnification, which necessarily would be premised upon CBC's and NCR's potential joint CERCLA liability to a third party. Rather, CBC seeks damages in the form of indemnification for response costs CBC has incurred, or will incur, as a result of NCR's breaches of discrete state common law tort duties it owed CBC. Because CBC's state common law claims against NCR are not predicated upon CBC and NCR having joint CERCLA liability to a third party, there is no conflict preemption. Indeed, CBC's common law tort claims against NCR do not even require that the latter have any CERCLA liability. Consequently, there is, and can be, no CERCLA preemption of CBC's common law tort claims against NCR.

If there were any question about conflict preemption in this setting, it is resolved by CERCLA itself, which contains a number of provisions evidencing the fact that Congress did not intend that CERCLA preempt state common law claims based upon a defendant PRP's breach of a discrete state common law duty owed a plaintiff PRP. CERCLA's general savings clause, 42 U.S.C. § 9652(d), provides:

> Nothing in this chapter shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contaminants. The provisions of this chapter shall not be considered, interpreted, or construed in any way as reflecting a determination, in part or whole, of policy regarding the inapplicability of strict liability, or strict liability doctrines, to activities relating to hazardous substances, pollutants, or contaminants or such other activities.

Similarly, 42 U.S.C. §§ 9607(j), and 9607(e)(1), the section of CERCLA, the section creating liability for cleanup costs, provide in pertinent part:

> Section 9607(j) . . . Nothing in this paragraph shall affect or modify in any way the obligations or liability of any person under any other provision of State or Federal law, including common law, for damages, injury, or loss resulting from a release of any hazardous substance or for removal or remedial action or the costs of removal or remedial action of such hazardous substance.
>
> * * *
>
> Section 9607(e)(1). <u>Indemnification, Hold Harmless, etc., Agreements or Conveyances; Subrogation Rights</u>. (1) No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer from the owner or operator of any vessel or facility or from any person who may be liable for a release or threat of release under this section, to any other person, the liability imposed under this section. Nothing in this subsection shall bar any agreement to insure, hold harmless or indemnify a party to such agreement for any liability under this section.

And, finally, 42 U.S.C. § 9614(a), the section of CERCLA that deals with CERCLA's relationship to other laws, states:

> Nothing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State.

After considering these savings clauses, the Seventh Circuit Court of Appeals, in *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 617-618 (7th Cir. 1998), held that CERCLA was not

intended to preempt state common law claims otherwise possessed by victims of tortious conduct by a defendant -- that conflict preemption only occurs where there is a real conflict between state common law and CERCLA:

> The purpose of CERCLA's savings clause is to preserve to victims of toxic wastes the other remedies they may have under federal or state law. . . .
>
> * * *
>
> A savings clause is not intended to allow specific provisions of the statute to be nullified. . . . CERCLA's savings clause must not be used to gut provisions of CERCLA. The purpose of a savings clause is merely to nix an inference that the statute in which it appears is intended to be the exclusive remedy for harms caused by the violation of the statute. . . . The legislature doesn't want to wipe out people's rights inadvertently, with the possible consequence of making the intended beneficiaries of the legislation worse off than before it was enacted. The passage of federal environmental laws was not intended to wipe out the common law of nuisance.

Similarly, in *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), the court held:

> The plaintiffs' complaint alleges negligent and strict liability torts under Louisiana law. . . . The defendants note that the plaintiffs' petition demanded compensatory damages in an amount commensurate with the cost of restoring and remediating the plaintiffs' property and that CERCLA creates a cause of action for such costs. See 42 U.S.C. § 9607(a). However, Louisiana law also provides a cause of action under which these plaintiffs can attempt to prove that the defendants tortiously caused damage to the plaintiffs' land and can demand the very relief they seek. . . . In enacting CERCLA, Congress expressly disclaimed an intent to preempt state tort liability for the release of hazardous substances.

*See also Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1337-39 (4th Cir. 1993) (CERCLA does not preempt state common law claims for negligent disclosure; a federal court should withhold entry of judgment on state common law tort claims until CERCLA claims are resolved); *Gopher Oil Co. v. Union Oil Co.*, 955 F.2d 519, 526-29 (8th Cir. 1992) (same); *State*

6

*v. Ametek*, 473 F. Supp. 2d 432, 434 (S.D.N.Y. 2007) (CERCLA does not preempt state common law tort claims for public nuisance because plaintiffs' CERCLA action was based upon 42 U.S.C. § 9607, not § 9613);[1] *Durham Mfg. Co. v. Merriam Mfg. Co.*, 128 F. Supp. 2d 97, 102-03 (D. Conn. 2001) (because state law tort claim requires culpability and not merely causation, as is the case under CERCLA, there is no conflict preemption. This is especially so where the plaintiff PRP's claim is not subject to a contribution protection defense under 42 U.S.C. § 9613).

In the present case, there is *no conflict* between CBC's common law tort claims against NCR and any CERCLA provision. CBC's common law tort claims are not based upon contribution principles, nor does CBC seek to recover cleanup costs not compliant with the NCP. Merely because a PRP may have greater potential liability under state common law than it might as a matter of equitable allocation under CERCLA's strict liability regimen[2] does not create preemptive conflict. This is precisely what 42 U.S.C. § 9614(a) provides -- that nothing in CERCLA shall be construed or interpreted as preempting a state from imposing any additional liability for the release of hazardous substances within a state. Indeed, in *PMC*, *supra*, 151 F.3d at 613, the Seventh Circuit held that CERCLA does not preempt a plaintiff PRP from recovering response costs from a defendant PRP where the right to recover those costs springs from the latter's violation of a discrete state common law duty owed the plaintiff PRP which, in that case, involved a contractual common law duty to indemnify the plaintiff PRP for the response costs at issue:

> Both companies [plaintiff PRP and defendant PRP] . . . are liable under CERCLA . . . and other environmental statutes for the expense of cleaning up the site. Parties are free, however, to

---

[1] Of course, contribution protection under § 9613 is not available to bar claims under § 9607.
[2] It is undisputed that under both state common law negligence and sec. 402A principles, CBC's burden to establish NCR's liability is significantly more onerous than it is under CERCLA. This fact negates conflict preemption. *See Durham, supra*. Notably, this is not the case where a plaintiff PRP sues a defendant PRP under state common law contribution and indemnity theories which are based in equity.

allocate such expenses between themselves by contract. *See e.g.*, 42 U.S.C. § 9607(e)(1).

Similarly, CERCLA does not preempt a plaintiff PRP from seeking common law indemnification of response costs from a defendant PRP based upon the latter's breach of a discrete common law tort duty owed plaintiff PRP. It would be nonsensical to acknowledge a plaintiff PRP's state common law right to recover response costs from a PRP for its breach of a state common law *contract* duty owed plaintiff PRP, but to reject, upon conflict preemption principles, a plaintiff PRP's state common law right to recover the same response costs from a PRP for its breach of a state common law *tort* duty owed plaintiff PRP.

Finally, CBC does not seek a double recovery by way of its state common law claims of amounts already awarded under CERCLA. If this Court's ruling awarding CBC CERCLA costs against NCR prevails on appeal, CBC has no need to pursue its state law claims. What CBC seeks now is the right to pursue its state common law claims as an alternative basis for the liability of NCR to CBC.

## CONCLUSION

Because CBC's state common law tort claims asserted against NCR are all predicated upon the latter's having breached a discrete state common law duty owed CBC, API's and NCR's summary judgment motion must be denied. Indeed, CERCLA itself, in its various savings clauses, expressly recognizes that no preemption occurs where a plaintiff PRP seeks to recover response costs from a defendant PRP based upon the latter's breach of a discrete state common law duty the latter owes directly to the former. Because each of CBC's state common law claims against NCR are based upon the latter's breach of discrete state common law duties owed CBC, CBC respectfully requests that the Court deny plaintiffs' motion for summary judgment.

Dated this 2nd day of August, 2012.

        s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
Attorneys for Defendant, CBC Coating, Inc.
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

23195252_3.DOC