IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

    Plaintiffs,

  v.

GEORGE A. WHITING PAPER
COMPANY, *et al*.,

    Defendants.

No. 08-CV-16 WCG

**EIGHTH AMENDED COMPLAINT OF APPLETON PAPERS INC.**

Plaintiff Appleton Papers Inc. ("API"), by its undersigned counsel, as and for its Eighth Amended Complaint incorporates by reference the Seventh Amended Complaint and, as an additional claim for relief,[1] alleges and shows the Court as follows:

**THIRD CLAIM**
**(Subrogation)**

1. In February 1996, API received a letter from the United States Fish & Wildlife Service naming API a potentially responsible party ("PRP") with respect to polychlorinated biphenyl ("PCB") contamination of the Lower Fox River ("Site").

2. In July 1997, API received a special notice letter from the United States Environmental Protection Agency ("USEPA") naming API as a PRP with respect to investigation and cleanup of PCB contamination at the Site and requesting API and others to submit a good faith offer to perform the remedial investigation and feasibility study for the Site.

---

[1] This Eighth Amended Complaint is filed solely by API, and does not supplant or supercede the Seventh Amended Complaint that API and Plaintiff NCR Corporation previously filed.

3. In 1998, API and its former parent corporation, B.A.T Industries, p.l.c. ("BAT") entered into a confidential settlement agreement ("1998 Agreement") with NCR Corporation ("NCR"), under which API undertook certain obligations, jointly and severally with BAT, regarding certain costs incurred in connection with PCB contamination at the Site, all as specified in the 1998 Agreement.

4. In November 2007, USEPA issued a Unilateral Administrative Order pursuant to CERCLA § 106, 42 U.S.C. § 9606 ("UAO" or "106 Order"), to API and other PRPs directing them to undertake remediation of OUs 2-5 of the Site.

5. USEPA claimed that API was liable under CERCLA as successor to one or more predecessors that qualified as covered persons under CERCLA § 107.

6. After receiving the 106 Order, API wrote to USEPA objecting to issuance of the 106 Order to API on the grounds that, among other things, API is not liable under CERCLA.

7. USEPA rejected API's objection.

8. Accordingly, in order to avoid the potential for imposition of severe penalties for non-compliance with a CERCLA 106 Order, NCR and API began expending large sums of money to comply with the 106 Order.

9. NCR and API commenced this action in January 2008 seeking to recover, pursuant to CERCLA §§ 113 and/or 107, costs incurred and to be incurred in connection with PCB contamination of the Lower Fox River, including compliance with the 106 Order.

10. In October 2010, the United States and the State of Wisconsin commenced an action in the United States District Court for the Eastern District of Wisconsin, Civil

Action No. 10-C-910 (the "Enforcement Action"), against API and other defendants to enforce the 106 Order and for other relief in connection with PCB contamination at the Site.

11. On July 28, 2011, API moved for summary judgment in the Enforcement Action, seeking dismissal of all claims against it on the grounds that API has no liability under CERCLA.

12. On April 10, 2012, the district court granted summary judgment to API, ruling that API is not liable under CERCLA.

13. Nonetheless, API may incur costs after April 10, 2012 to the extent that NCR is liable under CERCLA and API is obligated pursuant to the terms of the 1998 Agreement to pay some portion of NCR's costs.

14. To the extent API is determined to have paid a portion of NCR's costs pursuant to the 1998 Agreement, API is subrogated to any right that NCR may ultimately be determined to have against any of the Defendants for recovery of any portion of such costs.

15. API is entitled to subrogation pursuant to both CERCLA § 112(c), 42 U.S.C. § 9612(c), and the doctrine of equitable subrogation, as preserved pursuant to CERCLA § 107(e)(2), 42 U.S.C. § 9607(e)(2).

16. API asserts this subrogation claim in the alternative and/or in addition to claims already asserted and pending in this action and/or in the Enforcement Action.

Dated this 28th day of August, 2012.

Respectfully submitted,

APPLETON PAPERS INC.


By: /s/ Ronald R. Ragatz
 One of Its Attorneys

Counsel for Appleton Papers Inc.:

| | |
|---|---|
| Heidi D. Melzer (#1076125) | Ronald R. Ragatz (#1017501) |
| Hermes Law, Ltd. | Dennis P. Birke (#1018345) |
| 2360A Dousman Street, Suite 2 | Megan A. Senatori (#1037314) |
| Green Bay, WI 54303 | DeWitt Ross & Stevens S.C. |
| (920) 436-9870 | Two East Mifflin Street |
| Fax: (920) 436-9871 | Madison, WI 53703 |
| | (608) 255-8891 |
| | Fax: (608) 252-9243 |
| | |
| | Gregory A. Krauss |
| | Gregory A. Krauss PLLC |
| | 1629 K St. NW |
| | Suite 300 |
| | Washington, DC 20006 |
| | (202) 355-6430 |