IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

       v.                                            Case No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER
COMPANY, et al.,
        Defendants.
_____

**DEFENDANT'S, GREEN BAY PACKAGING, INC., ANSWER TO EIGHTH AMENDED COMPLAINT OF APPLETON PAPERS INC.**
_____

Defendant Green Bay Packaging, Inc., (hereafter "GBP") by its attorneys, von Briesen & Roper, s.c, provides the following answer and affirmative defenses to the Plaintiff's Eighth Amended Complaint:

GBP incorporates by reference its answer, responses and affirmative defenses to the Sixth Amended Complaint and Answers Appleton Papers Inc.'s additional claim for relief as follows:

**THIRD CLAIM**
**(Subrogation)**

1. Answering paragraph 1, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

2. Answering paragraph 2, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

3. Answering paragraph 3, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

4. Answering paragraph 4, upon information and belief, admits.

5. Answering paragraph 5, upon information and belief, admits.

6. Answering paragraph 6, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

7. Answering paragraph 7, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

8. Answering paragraph 8, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

9. Answering paragraph 9, upon information and belief, admits.

10. Answering paragraph 10, upon information and belief, admits.

11. Answering paragraph 11, upon information and belief, admits.

12. Answering paragraph 12, upon information and belief, admits.

13. Answering paragraph 13, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

14. Answering paragraph 14, this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

15. Answering paragraph 15, this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, GBP is without knowledge or information sufficient to form a belief as to the truth of these averments.

16. Answering paragraph 16, this paragraph contains a legal conclusion to which no

- 2 -
Case 2:08-cv-00016-WCG   Filed 10/19/12   Page 2 of 5   Document 1442

response is required.

## AFFIRMATIVE DEFENSES

17. Plaintiff's claims fail to state a claim upon which relief may be granted.

18. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

19. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands in that harm to the environment is the result of the negligence of Plaintiff and/or other persons.

20. Plaintiff's claims are barred by the doctrine of laches and/or waiver.

21. Plaintiff has failed to mitigate their purported damages.

22. Plaintiff has failed to comply with the requirements of the National Contingency Plan and, therefore, cannot be reimbursed for expenses they may have incurred or may later incur.

23. Plaintiff's damages, if any, are the result of their own acts or omissions over which GBP has no control.

24. Under the totality of circumstances, the Plaintiff had greater knowledge and fault than GBP, was in the best position to know about possible contamination, and had such greater relative culpability that the Plaintiff should be denied contribution altogether.

25. GBP's liability, if any, is the result of acts of a Fourth persons within the meaning of 42 U.S.C. § 9607(b)(3) over whom GBP has no control.

26. The costs purportedly incurred and/or to be incurred by Plaintiff's claims and Plaintiff's Complaint are not, and will not be, "response costs" within the meaning of CERCLA §§ 101(23), (24) and (25), 42 U.S.C. §§ 9601(23), (24) and (25), and applicable federal common

law.

27. Plaintiff's claims for recovery of response costs are barred in that a reasonable basis exists for allocation of liability in that the alleged environmental harm was caused entirely by the production or reprocessing of carbonless paper in which GBP was not directly or indirectly involved.

28. The contribution to the PCB contamination of the Lower Fox River through GBP, if any, is so infinitesimal such that any allocation of liability to GBP would be inequitable.

29. Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. §9607(o), GBP is exempt from liability as a de <u>micromis</u> party, if it has any liability at all.

30. Plaintiff's claims are barred because they are not ripe for adjudication and/or Plaintiff lack standing to assert them.

31. Plaintiff is not the real party in interest to make a claim for natural resource damages.

32. Plaintiff has failed to name all necessary and indispensable parties.

WHEREFORE, Defendant Green Bay Packaging, Inc. prays that all of the claims asserted in Plaintiff's Eighth Amended Complaint be dismissed, with prejudice, at Plaintiff's costs, and that this Court grant GBP such other and further relief as this Court deems just and proper, including an award of GBP's attorney's fees, expenses, disbursements and costs.

Dated this 19th day of October, 2012.

                                              **von BRIESEN & ROPER, s.c.**

                                              By:   s/Patrick L. Wells
                                              David J. Edquist, SBN 1010243
                                              Christopher P. Riordan, SBN 1018825
                                              Patrick L. Wells, SBN 1023290
                                              Attorneys for Defendant, Green Bay Packaging, Inc.

23345971_1.DOC