IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and NCR CORPORATION, | Case Action No. 08-CV-00016-WCG |
| Plaintiffs, | |
| v. | |
| GEORGE A. WHITING PAPER COMPANY, et al., | |
| Defendants. | |

## MENASHA CORPORATION'S ANSWER TO APPLETON PAPERS INC.'S EIGHTH AMENDED COMPLAINT

## ANSWER

Defendant Menasha Corporation ("Menasha"), by its undersigned counsel, answers Appleton Papers Inc.'s ("API") Eighth Amended Complaint ("EAC"), and incorporates by reference its Answer and Affirmative Defenses to the Seventh Amended Complaint (Dkt. 293), as follows:

### THIRD CLAIM
(Subrogation)

1. Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis denies these allegations.

2. Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis denies these allegations.

3. Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis denies these allegations.

4. Menasha admits the allegations contained in paragraph 4.

5. Menasha admits the allegations contained in paragraph 5.

6. Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis denies these allegations.

7. Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies these allegations.

8. Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies these allegations.

9. Menasha admits the allegations contained in paragraph 9.

10. Menasha admits the allegations contained in paragraph 10.

11. Menasha admits the allegations contained in paragraph 11.

12. Menasha admits the allegations contained in paragraph 12.

13. Paragraph 13 contains a legal conclusion to which no response is required. To the extent that a response is required, Menasha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis denies these allegations.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, Menasha denies that API is entitled to subrogation from Menasha. Menasha is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis denies these allegations.

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, Menasha denies that API is entitled to subrogation from

Menasha. Menasha is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and on that basis denies these allegations.

16. Paragraph 16 contains a legal conclusion to which no response is required. To the extent that a response is required, Menasha denies that API is entitled to subrogation from Menasha. Menasha is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and on that basis denies these allegations.

## ADDITIONAL AFFIRMATIVE DEFENSES

17. Menasha incorporates all affirmative defenses set forth in Menasha's Answer and Affirmative Defenses to API's Seventh Amended Complaint (Dkt. 293).

18. The EAC fails to state any claim upon which relief may be granted.

19. The EAC is conditioned on a recovery by NCR from Menasha or other defendants. NCR has not been adjudged to be entitled to recovery from Menasha or other defendants, therefore, the EAC fails.

**WHEREFORE**, Menasha respectfully requests that the Court enter judgment in favor of Menasha and rule: (1) that the claim in the EAC is dismissed with prejudice; (2) that API cannot recover any of its costs and damages against Menasha based upon the EAC; (3) for an award of costs and attorneys fees to the extent permitted by applicable law; and (4) for such other and further relief as the Court deems just and proper.

Dated:  October 19, 2012         **HUNSUCKER GOODSTEIN PC**

By:   /s/ Philip C. Hunsucker
Attorneys for Defendant Menasha Corporation

Philip C. Hunsucker (CA State Bar 135860)
David A. Rabbino (CA State Bar 182291)
Allison E. McAdam (CA State Bar 226836)
Marc A. Shapp (CA State Bar 266805 and PA State Bar 204305)

**HUNSUCKER GOODSTEIN PC**
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Ph: (925) 284-0840
Fax: (925) 284-0870
phunsucker@hgnlaw.com
drabbino@hgnlaw.com
amcadam@hgnlaw.com
mshapp@hgnlaw.com


Anne E. Lynch (DC State Bar 976226 and VA State Bar 73430)

**HUNSUCKER GOODSTEIN & NELSON PC**
5335 Wisconsin Avenue, NW, Suite 360
Washington, DC 20015
Ph: (202) 895-5380
Fax: (202) 895-5390
alynch@hgnlaw.com

4