IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

  v.                         No. 08-CV-16 WCG

GEORGE A. WHITING PAPER
COMPANY, *et al.*,

        Defendants.

---

**DEFENDANTS GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S
(f/k/a FORT JAMES OPERATING COMPANY'S), FORT JAMES
CORPORATION'S AND GEORGIA-PACIFIC LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE EIGHTH
AMENDED COMPLAINT OF APPLETON PAPERS INC.**

---

      Defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation and Georgia-Pacific LLC (collectively, "Georgia-Pacific"), by their undersigned counsel, as and for its response to the Eighth Amended Complaint of Appleton Papers Inc. ("API") incorporates by reference its Answer to the Seventh Amended Complaint filed by NCR Corporation and API and the Affirmative Defenses therein (Dkt. #310). This response to API's Eighth Amended Complaint does not supplant or supercede Georgia-Pacific's response to the Seventh Amended Complaint.

**THIRD CLAIM**
**(Subrogation)**

      1.    In February 1996, API received a letter from the United States Fish & Wildlife Service naming API a potentially responsible party ("PRP") with respect to polychlorinated biphenyl ("PCB") contamination of the Lower Fox River ("Site").

      **ANSWER**: Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

1

2. In July 1997, API received a special notice letter from the United States Environmental Protection Agency ("USEPA") naming API as a PRP with respect to investigation and cleanup of PCB contamination at the Site and requesting API and others to submit a good faith offer to perform the remedial investigation and feasibility study for the Site.

**ANSWER**: The allegations in Paragraph 2 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies them.

3. In 1998, API and its former parent corporation, B.A.T Industries, p.l.c. ("BAT") entered into a confidential settlement agreement ("1998 Agreement") with NCR Corporation ("NCR"), under which API undertook certain obligations, jointly and severally with BAT, regarding certain costs incurred in connection with PCB contamination at the Site, all as specified in the 1998 Agreement.

**ANSWER**: The allegations in Paragraph 3 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4. In November 2007, USEPA issued a Unilateral Administrative Order pursuant to CERCLA § 106, 42 U.S.C. § 9606 ("UAO" or "106 Order"), to API and other PRPs directing them to undertake remediation of OUs 2-5 of the Site.

**ANSWER**: Georgia-Pacific admits that on November 13, 2007, EPA issued a unilateral administrative order pursuant to 42 U.S.C. § 9606(a) (the "106 Order"). The remaining allegations in Paragraph 4 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. By way of further response, the 106 Order did not require Georgia-Pacific Consumer

2

Products LP (f/k/a Fort James Operating Company) to conduct any remedial activities with respect to "OU 1", "OU 2" or "OU 3" as those terms are defined in the 106 Order. Additionally, the 106 Order was not issued to Georgia-Pacific LLC or Fort James Corporation.

5. USEPA claimed that API was liable under CERCLA as successor to one or more predecessors that qualified as covered persons under CERCLA § 107.

**ANSWER**: The allegations in Paragraph 5 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. Upon information and belief, Georgia-Pacific admits the remaining allegations in Paragraph 5.

6. After receiving the 106 Order, API wrote to USEPA objecting to issuance of the 106 Order to API on the grounds that, among other things, API is not liable under CERCLA.

**ANSWER**: Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. USEPA rejected API's objection.

**ANSWER**: Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Accordingly, in order to avoid the potential for imposition of severe penalties for non-compliance with a CERCLA 106 Order, NCR and API began expending large sums of money to comply with the 106 Order.

**ANSWER**: Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. NCR and API commenced this action in January 2008 seeking to recover, pursuant to CERCLA §§ 113 and/or 107, costs incurred and to be incurred in connection

with PCB contamination of the Lower Fox River, including compliance with the 106 Order.

**ANSWER**: The allegations in Paragraph 9 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them.

10. In October 2010, the United States and the State of Wisconsin commenced an action in the United States District Court for the Eastern District of Wisconsin, Civil Action No. 10-C-910 (the "Enforcement Action"), against API and other defendants to enforce the 106 Order and for other relief in connection with PCB contamination at the Site.

**ANSWER**: The allegations in Paragraph 10 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies them.

11. On July 28, 2011, API moved for summary judgment in the Enforcement Action, seeking dismissal of all claims against it on the grounds that API has no liability under CERCLA.

**ANSWER**: The allegations in Paragraph 11 contain Plaintiffs' characterizations of a document that speaks for itself and to which no response is required, and they are therefore denied. Upon information and belief, Georgia-Pacific admits the remaining allegations in Paragraph 11.

12. On April 10, 2012, the district court granted summary judgment to API, ruling that API is not liable under CERCLA.

**ANSWER**: The allegations in Paragraph 12 contain Plaintiffs' characterizations

4

of a document that speaks for itself and to which no response is required, and they are therefore denied. Upon information and belief, Georgia-Pacific admits the remaining allegations in Paragraph 12.

13. Nonetheless, API may incur costs after April 10, 2012 to the extent that NCR is liable under CERCLA and API is obligated pursuant to the terms of the 1998 Agreement to pay some portion of NCR's costs.

**ANSWER**: Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14. To the extent API is determined to have paid a portion of NCR's costs pursuant to the 1998 Agreement, API is subrogated to any right that NCR may ultimately be determined to have against any of the Defendants for recovery of any portion of such costs.

**ANSWER**: Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. API is entitled to subrogation pursuant to both CERCLA § 112(c), 42 U.S.C. § 9612(c), and the doctrine of equitable subrogation, as preserved pursuant to CERCLA § 107(e)(2), 42 U.S.C. § 9607(e)(2).

**ANSWER**: Paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. API asserts this subrogation claim in the alternative and/or in addition to claims already asserted and pending in this action and/or in the Enforcement Action.

5

**ANSWER**: Paragraph 16 contains a legal conclusion to which no response is required. To the extent that a response is required, Georgia-Pacific lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

Dated this 22nd day of October, 2012.

                Respectfully Submitted,

                Georgia-Pacific LLC
                By its Counsel

                <u>s/Margrethe K. Kearney</u>

                Mary Rose Alexander
                Margrethe K. Kearney
                LATHAM &WATKINS LLP
                233 S. Wacker Dr. Ste. 5800
                Chicago, IL 60606
                Telephone: (312) 872-7700
                Facsimile: (312) 993-9767
                Mary.Rose.Alexander@lw.com
                Margrethe.Kearney@lw.com

                Karl S. Lytz
                Patrick J. Ferguson
                LATHAM &WATKINS LLP
                505 Montgomery St., Ste. 2000
                San Francisco, CA 94111-6538
                Telephone: (415) 391-0600
                Fax: (415) 395-8095
                Karl.Lytz@lw.com
                Patrick.Ferguson@lw.com