# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and NCR CORPORATION, | )<br>)<br>) |
| Plaintiffs, | ) Civil No. 08-CV-16-WCG |
| v. | )<br>)<br>) |
| GEORGE A WHITING PAPER COMPANY, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**WTM I COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO APPLETON PAPERS INC.'S EIGHTH AMENDED COMPLAINT**

## ANSWER

Defendant, WTM I Company ("WTM"), by and through its attorneys, hereby answers Appleton Papers Inc.'s ("API") Eighth Amended Complaint, and incorporates by reference its Answer and Affirmative Defenses to the Seventh Amended Complaint (Dkt. 300), as follows:

### Third Claim (Subrogation)

1.    In February 1996, API received a letter from the United States Fish & Wildlife Service naming API a potentially responsible party ("PRP") with respect to polychlorinated biphenyl ("PCB") contamination of the Lower Fox River ("Site").

**RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.    In July 1997, API received a special notice letter from the United States Environmental Protection Agency ("USEPA") naming API as a PRP with respect to

investigation and cleanup of PCB contamination at the Site and requesting API and others to submit a good faith offer to perform the remedial investigation and feasibility study for the Site.

**RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. In 1998, API and its former parent corporation, B.A.T Industries, p.l.c. ("BAT") entered into a confidential settlement agreement ("1998 Agreement") with NCR Corporation ("NCR"), under which API undertook certain obligations, jointly and severally with BAT, regarding certain costs incurred in connection with PCB contamination at the Site, all as specified in the 1998 Agreement.

**RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. In November 2007, USEPA issued a Unilateral Administrative Order pursuant to CERCLA § 106, 42 U.S.C. § 9606 ("UAO" or "106 Order"), to API and other PRPs directing them to undertake remediation of OUs 2-5 of the Site.

**RESPONSE:** Admits to the allegations pertaining to WTM. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 pertaining to API or other PRPs.

5. USEPA claimed that API was liable under CERCLA as successor to one or more predecessors that qualified as covered persons under CERCLA § 107.

**RESPONSE:** Admits.

6. After receiving the 106 Order, API wrote to USEPA objecting to issuance of the 106 Order to API on the grounds that, among other things, API is not liable under CERCLA.

**RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. USEPA rejected API's objection.

**RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Accordingly, in order to avoid the potential for imposition of severe penalties for non-compliance with a CERCLA 106 Order, NCR and API began expending large sums of money to comply with the 106 Order.

**RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. NCR and API commenced this action in January 2008 seeking to recover, pursuant to CERCLA §§ 113 and/or 107, costs incurred and to be incurred in connection with PCB contamination of the Lower Fox River, including compliance with the 106 Order.

**RESPONSE:** Admits that the Complaint in this action, as amended, purports to seek recovery of costs incurred in connection with PCB contamination of the Lower Fox River, including compliance with the 106 Order. Denies that WTM I is liable to plaintiffs for any costs and damages they claim to have incurred or will incur.

10. In October 2010, the United States and the State of Wisconsin commenced an action in the United States District Court for the Eastern District of Wisconsin, Civil Action No. 10-C-910 (the "Enforcement Action"), against API and other defendants to enforce the 106 Order and for other relief in connection with PCB contamination at the Site.

**RESPONSE:** Admits.

11.     On July 28, 2011, API moved for summary judgment in the Enforcement Action, seeking dismissal of all claims against it on the grounds that API has no liability under CERCLA.

**RESPONSE:** Admits.

12.     On April 10, 2012, the district court granted summary judgment to API, ruling that API is not liable under CERCLA.

**RESPONSE:** Admits.

13.     Nonetheless, API may incur costs after April 10, 2012 to the extent that NCR is liable under CERCLA and API is obligated pursuant to the terms of the 1998 Agreement to pay some portion of NCR's costs.

**RESPONSE:** The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent that any response is required, WTM knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     To the extent API is determined to have paid a portion of NCR's costs pursuant to the 1998 Agreement, API is subrogated to any right that NCR may ultimately be determined to have against any of the Defendants for recovery of any portion of such costs.

**RESPONSE:** The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent that any response is required, denies that WTM I has any liability to the plaintiffs.

15.     API is entitled to subrogation pursuant to both CERCLA § 112(c), 42 U.S.C. § 9612(c), and the doctrine of equitable subrogation, as preserved pursuant to CERCLA § 107(e)(2), 42 U.S.C. § 9607(e)(2).

4

QB\18406028.1
Case 2:08-cv-00016-WCG   Filed 10/22/12   Page 4 of 6   Document 1446

**RESPONSE:** The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent that any response is required, the allegations are denied.

16. API asserts this subrogation claim in the alternative and/or in addition to claims already asserted and pending in this action and/or in the Enforcement Action.

**RESPONSE:** The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent that any response is required, denies that WTM I has any liability to the plaintiffs.

## ADDITIONAL AFFIRMATIVE DEFENSES

17. WTM incorporates all affirmative defenses set forth in WTM's Answer and Affirmative Defenses to API's Seventh Amended Complaint (Dkt. 300).

18. The Eighth Amended Complaint fails to state any claim upon which relief may be granted.

19. The Eight Amended Complaint is conditioned on a recovery by NCR from WTM or other defendants. NCR has not been adjudged to be entitled to recovery from WTM or other defendants; therefore, the Eight Amended Complaint fails.

WHEREFORE, WTM respectfully requests that the Court enter judgment in favor of WTM and dismissing the Eight Amended Complaint with prejudice, that API cannot recover any of its costs and damages against WTM based upon the Eighth Amended Complaint, for an award of costs and attorneys fees to the extent permitted by applicable law, for such other and further relief as the Court deems just and equitable.

Dated: October 22, 2012

                          s/Nancy K. Peterson
                          Nancy K. Peterson (Wis. Bar No. 1000197)
                          Quarles & Brady LLP
                          411 E. Wisconsin Avenue
                          Milwaukee, WI 53202
                          Telephone: 414-277-5515
                          Fax: 414-271-3552
                          Email: nancy.peterson@quarles.com

Quarles & Brady LLP

Peter C. Karegeannes (Wis. Bar No. 1015025)
William H. Harbeck (Wis. Bar No. 1007004)

411 E. Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4426
Telephone: 414-277-5000
Fax: 414-271-3552

peter.karegeannes@quarles.com
william.harbeck@quarles.com

*Attorneys for Defendant WTM I Company*