| | |
|---|---|
| APPLETON PAPERS INC. and <br> NCR CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE A. WHITING PAPER COMPANY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 08-CV-00016-WCG <br> ) <br> ) <br> ) <br> ) <br> ) |

## P.H. GLATFELTER COMPANY'S ANSWER TO THE EIGHTH AMENDED COMPLAINT OF APPLETON PAPERS INC.

### ANSWER

Defendant P.H. Glatfelter Company ("Glatfelter"), by its undersigned counsel, answers Appleton Papers Inc.'s ("API") Eighth Amended Complaint, and incorporates by reference its Answer and Affirmative Defenses to the Seventh Amended Complaint, Dkt. No. 298, as follows:

### THIRD CLAIM
### (Subrogation)

1. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies these allegations.

2. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies these allegations.

3. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies these allegations.

4. Glatfelter admits the allegations contained in paragraph 4.

5. Glatfelter admits the allegations contained in paragraph 5.

6. Glatfelter admits that API objected to the 106 Order and claimed that it was not liable under CERCLA, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and therefore denies these allegations.

7. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies these allegations.

8. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies these allegations.

9. Glatfelter admits the allegations contained in paragraph 9.

10. Glatfelter admits the allegations contained in paragraph 10.

11. Glatfelter admits the allegations contained in paragraph 11.

12. Glatfelter admits the allegations contained in paragraph 12.

13. Paragraph 13 contains a legal conclusion to which no response is required. To the extent that a response is required, Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies these allegations.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, Glatfelter denies that API is entitled to subrogation from

Glatfelter. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies these allegations.

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, Glatfelter denies that API is entitled to subrogation from Glatfelter. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies these allegations.

16. Paragraph 16 contains a legal conclusion to which no response is required. To the extent that a response is required, Glatfelter denies that API is entitled to subrogation from Glatfelter. Glatfelter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies these allegations.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1. Glatfelter incorporates all affirmative defenses set forth in Glatfelter's Answer and Affirmative Defenses to API's Seventh Amended Complaint, Dkt. No. 298.

2. API's Third Claim fails to state a claim on which relief can be granted.

3. API's Third Claim is conditioned on a recovery by NCR from Glatfelter or other Defendants. Because NCR has not been adjudged to be entitled to recovery from Glatfelter or other defendants, API's Third Claim fails.

**WHEREFORE**, Glatfelter respectfully requests that the Court enter judgment in favor of Glatfelter, finding (1) that API's claims against Glatfelter are dismissed with prejudice, (2) that API cannot recover any of its costs and damages against Glatfelter, and (3) for such other relief as the Court deems just, equitable and proper.

Dated: October 22, 2012

          s/ David G. Mandelbaum
          David G. Mandelbaum
          Marc E. Davies
          Francis A. Citera
          Caleb J. Holmes
          Adam B. Silverman
          GREENBERG TRAURIG, LLP
          Two Commerce Square, Suite 2700
          2001 Market Street
          Philadelphia, PA  19103
          215.988.7800
          mandelbaumd@gtlaw.com

          **Attorneys for Defendant P.H. Glatfelter Company**