IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

        v.                         Case No. 08-CV-00016-WCG

GEORGE A. WHITING PAPER COMPANY, et al.

        Defendants.

**DEFENDANT CBC COATING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO API'S EIGHTH AMENDED COMPLAINT**

**ANSWER**

COMES NOW the Defendant, CBC Coating, Inc. ("CBC"), by its attorneys, von Briesen & Roper, s.c., and as and for its answer to Appleton Papers Inc.'s ("API's") Eighth Amended Complaint incorporates by references its Second Amended Answer, Affirmative Defenses, and Counterclaim to the Seventh Amended Complaint and, in response to API's additional claim for relief, admits, denies and shows to the Court as follows:

**THIRD CLAIM**
**(Subrogation)**

1.     Answering paragraph 1 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

2.     Answering paragraph 2 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

3. Answering paragraph 3 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

4. Answering paragraph 4 of the Complaint, admits that USEPA issued a unilateral administrative order, which order speaks for itself, and denies any allegations in addition or contrary thereto.

5. Answering paragraph 5 of the Complaint, admits that USEPA issued a unilateral administrative order, which order speaks for itself, and denies any allegations in addition or contrary thereto.

6. Answering paragraph 6 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

7. Answering paragraph 7 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

8. Answering paragraph 8 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

9. Answering paragraph 9 of the Complaint, admits that NCR and API commenced this action in January 2008, states that the claims of the parties speak from themselves, and denies any allegations in addition or contrary thereto.

10. Answering paragraph 10 of the Complaint, admits that in October 2010 the United States and the State of Wisconsin commenced the Enforcement Action, states that the claims of the parties speak from themselves, and denies any allegations in addition or contrary thereto.

11. Answering paragraph 11 of the Complaint, admits the allegations.

12. Answering paragraph 12 of the Complaint, admits that the district court issued an order on API's motion for summary judgment on April 10, 2012, which order speaks for itself, and denies any allegations in addition or contrary thereto

13. Answering paragraph 13 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

14. Answering paragraph 14 of the Complaint, asserts that the allegations of said paragraph are a legal conclusion to which no response is required. To the extent a response is required, CBC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

15. Answering paragraph 15 of the Complaint, asserts that the allegations of said paragraph are a legal conclusion to which no response is required. To the extent a response is required, CBC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

16. Answering paragraph 16 of the Complaint, asserts that the allegations of said paragraph are a legal conclusion to which no response is required. To the extent a response is required, denies that API is entitled to relief under this or its other claims, and denies all remaining allegations.

## **AFFIRMATIVE DEFENSES**

CBC incorporates by reference as if fully set forth herein the affirmative defenses asserted in its Second Amended Answer, Affirmative Defenses, and Counterclaim to Seventh Amended Complaint. In addition, without limiting or waiving any defense available to it, CBC hereby asserts the following additional defenses:

1. API's subrogation claim is barred by the statute of limitations.

2. API's Third Claim fails to state a claim upon which relief can be granted against CBC.

3. API's Third Claim is conditioned on NCR recovering from CBC or other Defendants. Because NCR has been adjudged not to be entitled to recovery from CBC or the other Defendants, API's claim fails.

WHEREFORE, CBC respectfully requests that this Court enter judgment in its favor and against API dismissing API's Eighth Amended Complaint, with prejudice, and for its costs and attorneys' fees as may be allowed by law, and for such other relief as this Court deems just and equitable.

Dated this 22nd day of October, 2012.

s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly Noyes (#1064809)
Attorneys for Defendant, CBC Coating, Inc.
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

23335176_1.DOC