IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPLETON PAPERS INC. and<br>NCR CORPORATION,<br><br>             Plaintiffs,<br><br>      v.<br><br>GEORGE A. WHITING PAPER COMPANY, *et al.*,<br><br>             Defendants. | No. 08-CV-00016-WCG |

## STIPULATION BETWEEN NCR CORPORATION AND WTM I COMPANY

WHEREAS, WTM I Company ("WTM") filed counterclaims against NCR Corporation ("NCR") and Appleton Papers Inc. ("API") (collectively, "Plaintiffs") under the Comprehensive, Environmental Response, Compensation, and Liability Act ("CERCLA") and the laws of the State of Wisconsin in its Answer and Counterclaims to the Seventh Amended Complaint (Dkt. #300);

WHEREAS, on March 1, 2011, the Court granted summary judgment, in part, to certain Defendants, including WTM, on their statutory contribution counterclaims under CERCLA, ruling that those Defendants "are entitled to contribution from Plaintiffs for expenses incurred in cleaning up OU2-OU5", subject to the Court's ruling on offsets (Dkt. #1080 at 33) (the "March 2011 Order");

WHEREAS, on July 3, 2012, the Court ruled, among other things, that (a) Plaintiffs are not liable as "arrangers", and that Defendants' costs predicated on Plaintiffs'

alleged arranger liability are not recoverable from Plaintiffs, and (b) certain other categories of costs are not recoverable under CERCLA (Dkt. #1405) (the "July 2012 Order");

WHEREAS, in the July 2012 Order, the Court stated that "there may be some minimal insurance offset issues with respect to WTM and/or Glatfelter to the extent they had expenses outside of OU1", and urged the parties to reach a settlement on those points (*id.* at 35);

WHEREAS, on October 4, 2012, the Court entered judgment in favor of Plaintiffs and against certain Defendants on all of those Defendants' counterclaims arising under the laws of the State of Wisconsin (the "state law counterclaims"), ruling that the state law counterclaims are preempted by CERCLA (Dkt. #1437 at 1-6) (the "October 2012 Order");

WHEREAS, in the October 2012 Order, the Court also granted API's Motion for Summary Judgment, dismissing the counterclaims brought against API (Dkt. #1437);

WHEREAS, WTM is a Chapter 11 debtor and debtor-in-possession and must obtain the approval of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court") for all compromises of claims;

THEREFORE, in order to allow for entry of final judgment:

1. NCR and WTM agree that the Court's judgment to be entered in favor of WTM and against NCR on WTM's CERCLA contribution counterclaim for past costs should be in the amount of $750,000, which is the amount of the NRD State Agreement portion of WTM's Fox River Group costs ($2,180,930, as described in Dkt. #1394 at 12), less an agreed-upon insurance/indemnity offset of $1,430,930 in total (the "WTM Past Costs Offset");

2. NCR and WTM agree that if the ruling on NCR's arranger liability in the Court's July 2012 Order is affirmed on appeal, the WTM Past Costs Offset shall be the full and

2

final insurance/indemnity offset of any costs that are recoverable under CERCLA that were incurred by WTM prior to the date of this Stipulation (the "WTM Past Costs");

      3. NCR and WTM agree that if the ruling on NCR's arranger liability in the Court's July 2012 Order is reversed and remanded, the WTM Past Costs Offset shall be void, and either NCR or WTM shall be entitled to litigate the appropriate insurance and/or indemnity offset that should be applied on remand to the WTM Past Costs;

      4. NCR and WTM further agree that the WTM Past Costs Offset shall not apply to any costs that are recoverable under CERCLA that WTM incurs after the date of this Stipulation (the "WTM Future Costs"), and that either NCR or WTM shall be entitled to litigate the appropriate insurance and/or indemnity offset that should be applied to the WTM Future Costs;

      5. In entering this Stipulation, NCR and WTM do not waive their rights to challenge, on appeal or otherwise, the Court's March 2011 Order (Dkt. #1080), or any other order issued by this Court, provided, however, that NCR and WTM shall not appeal the ruling on offsets in the Court's March 2011 Order as it applies to the WTM Past Costs, or the amount of the WTM Past Costs Offset, except as set forth in Paragraphs 3 and 4; and

      6. This Stipulation is contingent upon Bankruptcy Court approval and shall be binding and effective only (a) upon a final decision by the Bankruptcy Court approving it (the "Bankruptcy Court Approval Order") and (b) if the Bankruptcy Court Approval Order is entered over an objection, after the expiration of the appeal period for the Bankruptcy Court Approval Order. Once these conditions have been satisfied, NCR and WTM shall respectfully submit a Proposed Order reflecting this Stipulation for the Court's approval.

DATED: October 29, 2012

| | |
|---|---|
| /s/ Darin P. McAtee | /s/ Nancy K. Peterson |
| CRAVATH, SWAINE & MOORE LLP | Nancy K. Peterson (Wis. Bar No. 1000197) |
| Evan R. Chesler | Peter C. Karegeannes (Wis. Bar No. 1015025) |
| Darin P. McAtee | William H. Harbeck (Wis. Bar No. 1007004) |
| Worldwide Plaza, 825 Eighth Avenue | Quarles & Brady LLP |
| New York, New York 10019 | 411 E. Wisconsin Avenue |
| Phone: (212) 474-1000 | Milwaukee, WI 53202 |
| Fax: (212) 474-3700 | Telephone: (414) 277-5000 |
| dmcatee@cravath.com | Nancy.peterson@quarles.com |

SIDLEY AUSTIN LLP
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603 Phone:
Phone: (312) 853-7000
Fax: (312) 853-7036

**Attorneys for WTM I Company**

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue
Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

**Attorneys for NCR Corporation**

4

Case 2:08-cv-00016-WCG   Filed 10/29/12   Page 4 of 4   Document 1456