**Mary Rose Alexander**
Direct Dial: (312) 876-7672
mary.rose.alexander@lw.com

233 S. Wacker Drive, Suite 5800
Chicago, Illinois  60606
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

October 30, 2012

The Honorable William C. Griesbach
United States District Court Judge
Eastern District of Wisconsin
Green Bay Division
125 South Jefferson Street
P.O. Box 22370
Green Bay, WI 54305-2370

Re:  Appleton Paper Inc. v. George A. Whiting Co., Case No. 08-CV-00016 WCG

Dear Judge Griesbach:

I write on behalf of Defendant Georgia-Pacific LLC ("GP") with respect to the "Status Report Regarding Final Judgment" that NCR Corporation ("NCR") filed last night (Docket #1458). Unfortunately, NCR did not coordinate or confer with GP prior to filing and failed to inform the Court that, for the past several weeks, GP has attempted in good faith to engage NCR in resolving certain material issues surrounding the entry of a proposed Final Judgment in this case. For whatever reason, NCR has failed to respond to these overtures and similarly failed to include these issues in its recent filing. While GP will continue to discuss these issues with NCR, it feels compelled at this point to bring these outstanding issues to the attention of the Court in order to promote and facilitate full disclosure and coordination.

As this Court is aware, GP has entered into a consent decree with the United States and the State of Wisconsin, and, as part of that consent decree, may be incurring significant response costs for the cleanup of OU4B. Dkt. #130 (Order approving consent decree). If incurred, these costs will be pursuant to a judicially-approved consent decree and are therefore presumptively consistent with the National Contingency Plan. 40 C.F.R. § 300.700(c)(3)(ii); *Morrison Enters. v. McShares, Inc.*, 302 F.3d 1127, 1136 (10th Cir. 2002). Pursuant to this Court's prior Order, NCR is required to reimburse GP for all of these future response costs. Dkt. #1080 (Decision and Order). NCR and GP have agreed that the Proposed Final Judgment will include a provision that NCR shall reimburse GP and other Defendants for such costs, but we have not agreed on a mechanism by which GP can recover such costs. GP has proposed that it seek this Court's ministerial approval of such costs on a quarterly basis, and does not believe that such involvement will affect the finality of the proposed final judgment. 28 U.S.C. § 2202 is one mechanism by which the Court could enforce or monetize the declaratory judgment as to future response costs without instituting another action or affecting finality. *See, e.g., GNB Battery Techs., Inc. v. Gould, Inc*., 65 F.3d 615, 621 (7th Cir. 1995).

LATHAM&WATKINS LLP

NCR and GP have also agreed that the Proposed Final Judgment require NCR to post a supersedeas bond to stay enforcement of any money judgment during the pendency of the appeal, and that the parties will negotiate in good faith on the amount of that bond. The amount of a past cost bond is non-negotiable. Under Civil Local Rule 62(a), NCR is required to post a bond for the full amount of past costs, plus 15%. Civil Local Rule 62(b) further gives the Court discretion to increase the amount of such a bond in circumstances where the judgment is not solely for a sum of money. GP believes that the amount of NCR's bond should also address future costs. This can be done by requiring a bond that includes estimated future costs. Another option is to require that the bond be increased on a quarterly basis to account for the response costs that are actually incurred in the future. Once incurred by GP, such costs will move from "future costs" to actual past cost damages. They should, accordingly, be included in the supersedeas bond and the bond amount should be adjusted to account for them. We have made this proposal to NCR but it has not yet responded nor has it offered an alternative approach.

We are hopeful that GP and NCR will reach an agreement on these issue in the next few days. If not, the issue will need to be briefed to the Court. At this juncture, we wish to simply alert the Court to the issues given that they were not included in NCR's Status Report.

Respectfully,

Mary Rose Alexander
of LATHAM & WATKINS LLP

cc. All counsel of record