# Cravath, Swaine & Moore LLP

| | | Worldwide Plaza | | |
|---|---|---|---|---|
| STUART W. GOLD | DAVID MERCADO | 825 Eighth Avenue | DAVID R. MARRIOTT | LAUREN ANGELILLI |
| JOHN W. WHITE | ROWAN D. WILSON | New York, NY 10019-7475 | MICHAEL A. PASKIN | TATIANA LAPUSHCHIK |
| EVAN R. CHESLER | CHRISTINE A. VARNEY | | ANDREW J. PITTS | ERIC L. SCHIELE |
| MICHAEL L. SCHLER | PETER T. BARBUR | | MICHAEL T. REYNOLDS | ALYSSA K. CAPLES |
| RICHARD LEVIN | SANDRA C. GOLDSTEIN | TELEPHONE: (212) 474-1000 | ANTONY L. RYAN | JENNIFER S. CONWAY |
| KRIS F. HEINZELMAN | THOMAS G. RAFFERTY | FACSIMILE: (212) 474-3700 | GEORGE E. ZOBITZ | MINH VAN NGO |
| B. ROBBINS KIESSLING | MICHAEL S. GOLDMAN | | GEORGE A. STEPHANAKIS | KEVIN J. ORSINI |
| ROGER D. TURNER | RICHARD HALL | | DARIN P. MCATEE | MATTHEW MORREALE |
| PHILIP A. GELSTON | JULIE A. NORTH | | GARY A. BORNSTEIN | J. WESLEY EARNHARDT |
| RORY O. MILLSON | ANDREW W. NEEDHAM | CITYPOINT | TIMOTHY G. CAMERON | YONATAN EVEN |
| FRANCIS P. BARRON | STEPHEN L. BURNS | ONE ROPEMAKER STREET | KARIN A. DEMASI | BENJAMIN GRUENSTEIN |
| RICHARD W. CLARY | KEITH R. HUMMEL | LONDON EC2Y 9HR | LIZABETHANN R. EISEN | JOSEPH D. ZAVAGLIA |
| WILLIAM P. ROGERS, JR. | DANIEL SLIFKIN | TELEPHONE: 44-20-7453-1000 | DAVID S. FINKELSTEIN | |
| JAMES D. COOPER | ROBERT I. TOWNSEND, III | FACSIMILE: 44-20-7860-1150 | DAVID GREENWALD | |
| STEPHEN L. GORDON | WILLIAM J. WHELAN, III | | RACHEL G. SKAISTIS | |
| DANIEL L. MOSLEY | SCOTT A. BARSHAY | | PAUL H. ZUMBRO | SPECIAL COUNSEL |
| PETER S. WILSON | PHILIP J. BOECKMAN | WRITER'S DIRECT DIAL NUMBER | JOEL F. HEROLD | |
| JAMES C. VARDELL, III | ROGER G. BROOKS | | ERIC W. HILFERS | SAMUEL C. BUTLER |
| ROBERT H. BARON | WILLIAM V. FOGG | | GEORGE F. SCHOEN | GEORGE J. GILLESPIE, III |
| KEVIN J. GREHAN | FAIZA J. SAEED | | ERIK R. TAVZEL | |
| STEPHEN S. MADSEN | RICHARD J. STARK | | CRAIG F. ARCELLA | |
| C. ALLEN PARKER | THOMAS E. DUNN | | TEENA-ANN V. SANKOORIKAL | |
| MARC S. ROSENBERG | MARK I. GREENE | (212) 474-1480 | ANDREW R. THOMPSON | OF COUNSEL |
| SUSAN WEBSTER | SARKIS JEBEJIAN | | DAMIEN R. ZOUBEK | PAUL C. SAUNDERS |

November 5, 2012

<u>Appleton Paper Inc., et al. v. George A. Whiting Co., et al.</u>, No. 08-cv-16

Dear Judge Griesbach:

   I write on behalf of NCR Corporation ("NCR") in response to the October 30 letter filed by Georgia-Pacific LLC ("GP") concerning the parties' negotiations related to final judgment in this matter. (Dkt. No. 1459.) GP's letter, which purports to be a mere "alert" to the Court, contains numerous misrepresentations about NCR's dealings with GP and GP's alleged right to a supersedeas bond for costs it has never incurred.

   Contrary to the suggestions in GP's letter, NCR has been working diligently with GP and all of the other parties to resolve the outstanding issues in this matter. To facilitate final judgment, NCR has entered into and filed with the Court nine separate stipulations, including one with a dozen *de minimis* defendants (Dkt. No. 1457) and one with GP itself (Dkt. No. 1429). Indeed, in spite of the severe disruptions caused by Hurricane Sandy, NCR finalized stipulations with several parties and filed a Status Report on October 29 to update the Court on the parties' substantial progress and to identify the few remaining issues that preclude entry of final judgment. (Dkt. No. 1458.)

   Notwithstanding these efforts, GP's letter accuses NCR of failing to "coordinate or confer with GP" and of ignoring GP's attempts "to engage NCR in resolving certain material issues surrounding the entry of a proposed Final Judgment". These assertions are inaccurate. NCR has been communicating regularly with GP and the other parties about the proposed final judgment and has exchanged edits to various provisions with GP. As part of its ongoing communications, NCR notified GP by email that it was planning to file a Status Report on October 29. In that email, NCR also informed GP that final judgment cannot be entered until the Bankruptcy Court approves the stipulation between NCR and WTM I Company, which had just been filed. That process could take several weeks. GP did not respond to NCR's email. Instead, without notifying NCR or seeking clarification, GP filed its letter with the Court, purportedly to "promote and facilitate full disclosure and coordination".

NCR did not address the supersedeas bond in its Status Report because the bond is *not* an issue that affects final judgment. In fact, the bond, if required, need not be posted until a notice of appeal has been filed and, in any case, not earlier than 14 days after the entry of final judgment. *See* Fed. R. Civ. P. 62(a), (d). For the reasons NCR explained to GP prior to filing its Status Report, that deadline is likely at least a month away. Thus, there is no basis for GP's assertion that the parties have only a "few days" to resolve the amount of a supersedeas bond.

GP's letter does not "promote coordination" but instead advocates GP's position concerning the bond. Contrary to GP's assertion, NCR has not agreed that the Proposed Final Judgment requires NCR to post a supersedeas bond. Whether a bond must be posted (and, if so, the amount of the bond) is within the Court's discretion. *See Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986.) This issue can be addressed at the appropriate time, if the parties' ongoing negotiations on this issue prove unsuccessful.

Finally, although the issue is premature, NCR notes that GP's assertion that the bond should address future costs is unfounded. Notably, GP has not agreed to assume control of the cleanup efforts in the area of the Site for which GP has admitted liability (Lower OU4). Nor has GP actively participated in formulating next year's work plan for OU4 or committed to undertake any remediation activities under the plan. If necessary, NCR will respond in due course to GP's demand for a supersedeas bond that covers costs that GP has not incurred and may never incur. But that issue is not yet before the Court.

NCR will continue to work in good faith with GP and the other parties to resolve any open issues, and will seek relief from the Court only if negotiations prove unsuccessful.

Respectfully,

Darin P. McAtee

The Honorable William C. Griesbach
   Chief Judge, United States District Court
      Eastern District of Wisconsin
         125 South Jefferson Street, Room 203
           Green Bay, Wisconsin 54301-4541

VIA CM/ECF

Copy to: All counsel of record