

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Enforcement Section*  *Telephone (202) 514-1308*
*P.O. Box 7611*  *Facsimile (202) 616-6584*
*Washington, DC 20044-7611*  randall.stone@usdoj.gov

February 13, 2013

**FILED AND SERVED BY THE COURT'S
ELECTRONIC CASE FILING SYSTEM**

The Honorable William C. Griesbach
Chief Judge
United States District Court for the
Eastern District of Wisconsin

    Re:    *Appleton Papers Inc. and NCR Corp. v. George A. Whiting Paper Co., et al.*, Case No. 08-C-16 (E.D. Wis.)
            and
        *United States and the State of Wisconsin v. NCR Corp., et al.*, Case No. 10-C-910 (E.D. Wis.)

Dear Judge Griesbach:

    This letter responds to the Court's February 7 Order inviting the United States and other parties to address the potential interplay between the divisibility and apportionment issues tried in the government's enforcement case (the *U.S. v. NCR* case) and the cost allocation issues addressed in the form of final judgment that NCR has proposed for the related contribution case (the *Whiting* case).

    If the Court finds the defendants jointly and severally liable in *U.S. v. NCR*, we do not believe that there would be any conflict or tension between that decision and the proposed form of judgment in *Whiting*. The recipients of EPA's Unilateral Administrative Order would have a joint obligation to perform the work that it requires and the UAO recipients would allocate the costs of that work among themselves in accordance with the judgment (and any appeal) in *Whiting*.

    In contrast, if the Court accepts one of the apportionment theories advanced by NCR's experts, NCR's liability for OU 4 would be several, rather than joint and several. We believe the assignment of the several shares that NCR has proposed in *U.S. v. NCR* would be difficult to reconcile with the proposed form of judgment for the *Whiting* case.

On one hand, NCR's experts have proposed the following company-specific apportionment shares for OU 4:

|  | Mr. Butler's Proposed Apportionment Shares for OU 4 | Mr. Simon's Proposed Apportionment Shares for OU 4 |
| --- | --- | --- |
| NCR | 20.0% | 15.19% |
| Georgia-Pacific | 19.3% | 35.04% |
| Glatfelter | 22.4% | 25.89% |
| Menasha | 18.8% | 10.24% |
| International Paper Nicolet | 1.5% | 0.78% |
| CBC/Riverside | 3.3% | 1.57% |
| U.S. Paper | 4.7% | 5.45% |
| WTM | 10.0% | 5.84% |

*See U.S. v. NCR,* NCR Demonstrative Exhibits 5070, 5100, 5101.

On the other hand, the proposed form of judgment in *Whiting* includes a provision that would essentially deem NCR liable for 100% of the future OU 4 costs, as follows:

> 13. A declaratory judgment is entered in favor of each Counterclaim Defendant declaring that NCR is liable for future response costs incurred by each Counterclaim Defendant in connection with Operable Unit ("OU") 2-5 of the Lower Fox River Site (the "Site") that are properly recoverable under CERCLA, subject to any insurance/indemnity offsets that apply to those future response costs as determined by the Court (*see* Dkt. #1080, #1405) (except as set forth in the confidential agreement between Plaintiffs and GP concerning the insurance offset amount (Dkt. #1343) (sealed)).

*Whiting,* Dkt. 1481-1 at 6.

The same tension would arise with respect to at least some of the past costs that would be awarded by the proposed *Whiting* judgment. For example, NCR has suggested that Georgia-Pacific has paid about $19 million for OU 4, which is far less than its cost share as estimated by NCR's experts, but Georgia-Pacific would be entitled to recover that expenditure and more from NCR under the proposed form of judgment in *Whiting*. *See U.S. v. NCR,* NCR Demonstrative Exhibit 5102; *Whiting,* Dkt. 1481-1 at 5.

As the Court knows, in a contribution case the "allocation of shares . . . is not a mechanical process" because CERCLA Section 113 allows courts to allocate costs "'among liable parties using such equitable factors as the court determines are appropriate.'" *Akzo Nobel Coatings, Inc. v. Aigner Corp.*,

197 F.3d 302, 304 (7th Cir. 1999) (quoting 42 U.S.C. § 9613(f)(1)). One equitable factor that the Court can consider is the extent to which a party did or did not cause some of the harm. *Id.*; *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1513-14 & n.32 (11th Cir. 1996) ("distinguish[ing] among separate harms caused by different parties at a site . . . is unquestionably an 'appropriate' factor for a court to consider in making a fair division of liability" in a CERCLA contribution case). If NCR succeeds in convincing the Court in *U.S. v. NCR* that a reasonable basis for apportionment exists, the Court can (and probably should) assess whether that factor deserves consideration as a matter of equity in its final allocation determination in *Whiting*.

If the Court decided that some adjustments to the allocation were warranted, additional proceedings in *Whiting* might be required to assess the impact of an OU 4 apportionment decision on the contribution claims. Some categories of costs paid by the PRPs may not be possible to separate out by OU, such as the millions of dollars that Georgia-Pacific and NCR spent on the remedial design for all of OUs 2 though 5. *See Whiting,* Dkt. 900 at 9-10, 912-27. Other adjustments to the claims in *Whiting* might need to be made to account for statutory contribution protection afforded by settlements with the government and voluntary claim waivers. For example, NCR would need to absorb any share of the OU 4 costs ascribed to International Paper because NCR elected to waive any remaining claims that it might have against that company. *Whiting*, Dkt. 1477, 1482.

The Court's adoption of one of NCR's OU 4 apportionment theories would have no effect on some other aspects of the Court's rulings in *Whiting*. For instance, none of NCR's experts opined that an apportioned share should be assigned for navigational dredging-related activities performed by and for the Army Corps of Engineers, Brown County, and the City of Green Bay, so there would be no need to revisit the Court's dismissal of NCR's claims concerning those activities. *See Whiting*, Dkt. 1080, 1462, 1463.

For these reasons, we believe that it makes sense to defer the entry of final judgment in the *Whiting* case at least until the Court decides the joint and several liability issue that was the focus of the December trial in *U.S. v. NCR*. We do not believe that further briefing is needed at this time on the question posed by the Court's February 7 Order.

Respectfully submitted,

*Randall M. Stone*

Randall M. Stone
Senior Attorney
