UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. AND NCR
CORPORATION,

                      Plaintiffs,

        v.

GEORGE A, WHITING PAPER CO., et
al.,

                      Defendants.

Case No. 08-CV-0016

---

**U.S. PAPER'S MEMORANDUM IN OPPOSITION TO APPLETON
PAPERS' MOTION TO RECONSIDER THE COURT'S DISMISSAL OF ITS
CLAIMS FOR RELIEF UNDER CERCLA § 107[1]**

---

## INTRODUCTION

API's motion should be denied because API has demonstrated no manifest error or significant change in law or fact that would justify reconsideration. API's asserted basis — the Court's determination that API is not liable under CERCLA — does not change API's liability as NCR's indemnitor. As NCR's indemnitor, API has no CERCLA 107 claim because it did not incur CERCLA response costs. API provided no basis to ignore its own allegations in its Eighth Amended Complaint (Dkt. 1438) and its earlier statements to this Court in the Enforcement Action[2] that its payments were made due to its indemnity obligations to NCR. For those payments, API stands in NCR's shoes and is bound by the Court's decision that NCR cannot recover them from the defendants. Because API has never alleged it paid more than its

---

[1] The following other defendants have authorized U.S. Paper to indicate that they join in this memorandum: City of Appleton, Menasha Corporation, WTM I Company, Neenah-Menasha Sewerage Commission and CBC Coating, Inc.

[2] *United States and the State of Wisconsin v. NCR Corporation, et al.*, Case No. 10-C-910 in this Court.

indemnity obligation required, it has no CERCLA 107 claim and therefore has no basis to reconsider and restart this litigation from the beginning.

## ARGUMENT

I.  **API HAS PRESENTED NO BASIS TO RECONSIDER DISMISSAL OF ITS CERCLA 107 CLAIM.**

Motions for reconsideration are disfavored. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Such a motion must be based on a manifest error of law or fact or a significant change in law or fact. *Id*. API has presented neither. API suggests that the Seventh Circuit's decision in *Bernstein v. Bankert*, 702 F.3d 964 (7th Cir. 2012) provides a circumstance to warrant reconsideration of this Court's dismissal of its Section 107 Claim. But API does not assert that *Bernstein* significantly changed the law. In fact, *Bernstein* favorably cited the very decision API now seeks to have reconsidered. *See Bernstein*, 703 F3d at 982-83.

API's sole basis for its motion is this Court's determination in the Enforcement Action that it was not a liable party under CERCLA Section 107. But as API itself asserted to convince this Court to dismiss it from the Enforcement action, that finding did nothing to change API's obligation to indemnify NCR for 60% of NCR's CERCLA liability.

When API moved for summary judgment in the Enforcement Action, it told this Court:

"The sole obligation of API regarding the Fox River Contamination is as a partial indemnitor (jointly and severally with BAT) to NCR pursuant to the 1998 Settlement Agreement, which does not impose CERCLA liability on API or make API liable to the Government at all." EA Dkt 197 at p. 16-17.[3]

In the accompanying footnote, API also stated:

---

[3] EA Dkt. refers to the docket in the Enforcement Action against NCR Corporation.

> "A ruling by this Court that API did not assume NCR's CERCLA liabilities will
> not affect API's indemnification obligations to NCR. Those obligations arise
> under the 1998 Settlement Agreement . . . ." *Id.* at n.6.

API reaffirmed its position as NCR's indemnitor in its Eighth Amended Complaint, alleging a subrogation right should NCR have a claim against Certain Defendants. As discussed next, API stands in NCR's shoes concerning the payments required by its indemnity obligations and its right to recover them has been fully litigated. Because API has not even attempted to assert that it has paid more than its indemnity obligations require, it has not met its burden to demonstrate a significant change of fact as a basis for reconsideration.

## II.  AS NCR'S INDEMNITOR, API HAS NO REMAINING CERCLA CLAIMS AGAINST U.S. PAPER OR THE OTHER DEFENDANTS.

API has no recoverable CERCLA costs or damages under *either* CERCLA Section 107 or CERCLA Section 113(f) because it is out of pocket nothing beyond what it contractually obligated itself to pay, and that obligation was reduced to a final, binding judgment nine months before the government even issued its Section 106 Order. The federal judgment confirmed an arbitration panel's 2005 decision that API owes 60% of NCR's environmental obligations arising from PCB contamination of the Lower Fox River under its 1998 Settlement Agreement with NCR. EA Dkt. 197 at 7; Dkt. 144-3. API failed to support its motion with evidence that it has paid any sum in excess of its pre-existing indemnity obligations. API cannot recover its payments as NCR's indemnitor because it stands in NCR's shoes, and NCR's CERCLA claims have been fully litigated and rejected.

An indemnitor stands in the shoes and therefore has no greater rights than its indemnitee. *Fidelity & Casualty Co. v. Federal Express Inc.,* 136 F.2d 35, 38 (6th Cir. 1943); *Advanced Ground Systems Engineering Inc. v. RTW Industr. Inc.,* 388 F.3d 1036, 1042 (7th Cir. 2004). Because NCR has been determined to be 100% liable and has no right of recovery against

3

U.S. Paper and the other defendants, *see Whiting* Dkt. 795, API has no right of recovery against U.S. Paper and the other defendants either. It is not true, as API argues, that it has no recourse if it cannot pass its obligations onto U.S. Paper and the other defendants. Like U.S. Paper and the other defendants, API's recourse is against the party that was found 100% responsible for the ensuing PCB pollution--NCR. But API settled its claims against NCR years ago, and, as NCR's indemnitor, it has no claims against U.S. Paper and the other defendants. It would be inequitable to allow API to recover from U.S. Paper and the other defendants in these circumstances. The Court should deny API's motion to reconsider.

As NCR's contractual indemnitor, API lacks standing to recover its payments under either Sections 107 or 113 of CERCLA. *See Calif. Dept. of Toxic Substances Control v. City of Chico*, 297 F. Supp. 2d 1227, 1233 (E.D. Cal. 2004); *Chubb Customer Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946 (9th Cir. 2013). In *City of Chico* the Court dismissed an insurer's CERCLA Section 107 and 113 claims because it was not a PRP and "[the insurer] did not incur any response costs; rather it has indemnified [a PRP] for [its] response costs. Its involvement with the . . . Site is exclusively in its capacity as [the PRP's] insurer." *Id*. at 1232. The Ninth Circuit came to the same conclusion in *Chubb*, holding that an insurer who reimbursed its insured for response costs did not have standing to bring a Section 107 claim because it had not incurred its own response costs. Because API's sole obligation regarding the Fox River contamination was in its capacity as NCR's indemnitor, API is not a "person" who incurred response costs under CERCLA Section 107. So, like any other insurer or indemnitor, API has no CERCLA claims.

API argues that it must be allowed to recover under § 107(a) if injustice is to be avoided. API is wrong. It would be unjust to let API use CERCLA to shift its own contractual indemnity obligations to U.S. Paper and the other defendants. API offered no authority that allowed an indemnitor like API to assert a claim under Section 107 of CERCLA after the indemnitee's

4

CERCLA claims have been litigated and rejected. As NCR's indemnitor, API paid 60% of NCR's CERCLA liabilities and seeks to shift that portion of NCR's CERCLA liability to the comparatively innocent PRPs even though, as indemnitor, API has no contribution or indemnification claim against them because it stands in the shoes of a vastly more culpable PRP. Allowing API to use Section 107 in that manner would create injustice, not avoid it.

API argues that it paid because of the Section 106 Order, not because of its indemnity obligation and the federal judgment that required those payments. API relies heavily on the Seventh Circuit's decision in *Bernstein v. Bankert*, 702 F.3d 964 (7th Cir. 2012), to argue that a CERCLA 113 claim is not triggered by the Section 106 Order and therefore no statutory triggering event has occurred to provide it with a CERCLA 113 claim that would preclude its 107 claim. But the 2001 Consent Decree (and extensions) and the enforcement actions brought against API to lodge them provided the statutory trigger under CERCLA Section 113. API, side-by-side with NCR, litigated their 113 claim to its conclusion and lost. The Court found that the allocation applicable to NCR (including API's 60% share) is 100%.

API is not being candid when it asserts its payments were made pursuant to the Section 106 Order. API did not receive the Section 106 Order until November of 2007. By that time, API already knew that its settlement with NCR (as confirmed by a federal judgment) required it to pay 60% of NCR's CERCLA obligations, and it already had begun paying them. By the time it received the Section 106 Order, API had already:

- Paid response costs and natural resource damages ("NRDs") through its agreement with the State of Wisconsin in January 1997 (Compl., Dkt. 1 at ¶¶ 14-15).

- Paid response costs and NRDs under its 2001 consent decree with NCR and the government (Compl., Dkt. 1 at ¶ 16).

5

- Extended its obligations under the 2001 Consent Decree through a December 2005 consent decree (Dkt. 1 at ¶ 16).
- Contributed funds for remedial work under the March 2004 consent decree among Georgia-Pacific, NCR and the government (Dkt. 1 at ¶ 19).
- Contributed funds for remedial work under the 2006 Phase I consent decree signed only by NCR and U.S. Paper (Dkt. 1, ¶ 20).

All of that work was done and all of those payments were made prior to the November 2007 Section 106 Order that API now claims compelled it to incur those costs. In the end, the argument is a red herring because API was and is obligated to pay 60% of NCR's CERCLA liability in any event, and it never has claimed to have paid a penny more. It cannot recover any of those payments or any subsequent payments because it stands in NCR's shoes and NCR cannot recover any of it due to its overwhelming culpability.

API took great pains to align itself as NCR's indemnitor when it sought to avoid CERCLA Section 107 liability. API argued in its brief in support of its motion for summary judgment in the Enforcement Action that the "**sole obligation** of API regarding the Fox River contamination is as a **partial indemnitor** (jointly and severally with BAT) to NCR pursuant to the 1998 Settlement Agreement." (EA Dkt. 197 at pp. 16-17, emphasis added). *See also* EA Dkt. 138-1 at p. 9 ("API's obligations to NCR under the 1998 Settlement Agreement are, therefore, analogous to those of an indemnitor. As a matter of law, an agreement to indemnify does not render the indemnitor a liable party under CERCLA in its own right.") API also pointed to Judge Zuidmulder's decision in *Columbia Casualty v. Appleton Papers, Inc.*, Brown County Case No. 05-CV-36, to say that it had already been judicially determined that the 1998 Settlement Agreement and 2005 arbitration decision were not an assumption of liability, but rather a cost-sharing arrangement between NCR and API, in the event that **either of them** was,

6

eventually, determined to be liable parties under CERCLA" (EA Dkt. 143 at p. 21, emphasis added). API repeatedly assured this Court that any ruling by the Court that API did not assume NCR's liability would not affect its **indemnification obligations** to NCR since those obligations arose under the 1998 Settlement Agreement (EA Dkt. 124-1 at pp. 16-18; EA Dkt. 197, p. 16 n.6). This Court accepted API's argument, finding it is merely NCR's indemnitor and dismissing the government's CERCLA claims against API. (EA Dkt. 349). Having represented itself to this Court as NCR's indemnitor to avoid Section 107 liability, API cannot now say otherwise. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (A party that succeeds in maintaining a certain position in a legal proceeding may not, simply because its interests have changed, assume a contrary position in the same case or in a separate lawsuit, particularly where it would prejudice the other party involved. This rule of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.") So, API must be held to its prior position and this Court's finding based on that position — API's "sole obligation" regarding the Fox River contamination is and always has been as NCR's indemnitor.[4]

### III. EVEN IF API HAD A CERCLA CLAIM, IT WOULD BE LIMITED TO A SECTION 112 SUBROGATION CLAIM THAT IS NO LONGER VIABLE SINCE NCR IS 100 PERCENT LIABLE.

API brought its CERCLA Section 112 claim in its Eighth Amended Complaint. NCR has no prospect of a recovery to which API would be subrogated in light of the determination that NCR is 100 percent culpable and not entitled to recover from U.S. Paper and the other defendants. Acknowledging that position, API stipulated to dismissal of that claim as part of the

---

[4] Having filed its Eighth Amended Complaint seeking subrogation claims under CERCLA Section 112 and common law, API has reconfirmed its position as NCR's indemnitor.

stipulated judgment filed in this case (Dkt. 1481 and 1481-1 at 4). API has no further CERCLA claims.

## CONCLUSION

API has not provided a proper basis for reconsideration of the Court's dismissal of its CERCLA 107 claim. API has presented no manifest error or significant change in law or fact. In any event, API has incurred no recoverable CERCLA costs and therefore has no CERCLA claims against U.S. Paper and the other defendants. API's payments were required as NCR's indemnitor, regardless of its own CERCLA liability. Because API stands in NCR's shoes and NCR has no claim against U.S. Paper and the other defendants under either Sections 107 or 113, API has no such claims either and its motion to reconsider dismissal of its CERCLA 107 claim should be denied.

Dated this 13th day of May, 2013.

/s/Steven P. Bogart
Scott W. Hansen
WI State Bar ID No. 1017206
shansen@reinhartlaw.com
Steven P. Bogart
WI State Bar ID No. 1005758
sbogart@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Thomas R. Gottshall
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, Suite 2200
Columbia, SC 29201
Telephone: 803-779-3080
Facsimile: 803-765-1243
tgottshall@hsblawfirm.com

**Attorneys for U.S. Paper Mills Corp.**

9823955