UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

APPLETON PAPERS INC. and NCR
CORPORATION,

                             Plaintiffs,

               v.

GEORGE A. WHITING PAPER
COMPANY, et al.,

                             Defendants.

Case No. 08-CV-16

---

**GEORGIA-PACIFIC'S OPPOSITION TO PLAINTIFF APPLETON
PAPERS INC.'S MOTION TO RECONSIDER THE COURT'S DISMISSAL
OF ITS CLAIMS FOR RELIEF UNDER CERCLA § 107**

---

## INTRODUCTION

      This Court was correct in dismissing API's CERCLA § 107 claim. As a potentially liable party, API had a claim for contribution under CERCLA § 113. Neither this Court's subsequent finding of non-liability nor any intervening case law suggest reversal of this Court's prior conclusion that API's claim for contribution under CERCLA § 113 precludes it from bringing a claim for cost recovery under CERCLA § 107. Having pursued to finality its CERCLA § 113 claim, API has no claim under CERCLA § 107, and the only form of relief available to it under CERCLA is § 106(b) – which API is already pursuing in a parallel matter. Moreover, API cannot have a CERCLA § 107 claim because API has not itself incurred any response costs. Rather, API is contractually obligated to indemnify NCR for 60% of the response costs NCR incurs at the Fox River Site. It would be unjust – and would give API an enormous windfall – if API could continue to re-litigate the same issues under CERCLA in an attempt to use the statute

to shift its own indemnity obligations to innocent parties who were among the casualties of NCR's culpable behavior.

**ARGUMENT**

**I.     STANDARD OF REVIEW**

API has moved for reconsideration of the Court's August 8, 2008 decision and order granting Defendant's Motion to Dismiss API's CERCLA § 107 claims. Dkt. #1489. A motion for reconsideration under Federal Rule of Civil Procedure 54(b) serves a very limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, 2013 WL 494073, *1 (E.D. Wisc. Feb. 7, 2013) (Griesbach, J.) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). **"**A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Neal v. Honeywell, Inc.*, No. 93–1143, 1996 WL 627616, at *3 (N.D.Ill. Oct. 25, 1996) (quotation omitted). Furthermore, "[m]otions for reconsideration [of interlocutory orders] generally are not encouraged." *Johnson v. City of Kankakee*, No. 04–2009, 2007 WL 1431874, at *1 (C.D.Ill. May 11, 2007) (quoting *Wilson v. Cahokia Sch. Dist. # 187*, 470 F.Supp.2d 897, 913 (S.D.Ill. 2007)).

**II.    API HAS A CERCLA § 113 CLAIM THAT IT HAS FULLY PURSUED IN THIS CASE**

API claims to have incurred costs complying with the UAO issued by the government on November 13, 2007. In 2008, API sought to recover those costs under either CERCLA § 107 or

CERCLA § 113, the cost recovery and contribution provisions of CERCLA.  This Court granted Defendants' motion to dismiss the CERCLA § 107 claim on the basis that any payments made by API that exceeded its responsibility were recoverable under § 113(f) and therefore API could not use §107 to recover those costs.  Dkt. #227 at 13.  There was no manifest error of law or fact in this Court's decision dismissing API's CERCLA § 107 claim.  When API filed the *Whiting* case, it had a § 113 claim, and it litigated that claim to finality.  Regardless of any later finding of non-liability, API had a contribution claim that it litigated through a final allocation.

This Court's finding of non-liability in the Enforcement Case does not impact this Court's decision in this case dismissing API's CERCLA § 107 claim.  Section 113 does not require a party to be liable.  Rather, CERCLA § 113 is available to any party "who is liable or **potentially liable**" under CERCLA for response costs.  42 U.S.C. § 9413(f); *see also United States v. Atl. Research Corp.*, 551 U.S. 128, 138-139 (U.S. 2007) ("§ 113(f)(1) permits suit before or after the establishment of common liability.")  As this Court explained in its order dismissing API's CERCLA § 107 claim, "there is no requirement that [proof of common liability] take the form of a prior judicial determination of liability."  Dkt. 227 at 14.  API was a potentially liable party when it filed its complaint, and remains potentially liable to this day.  No final judgment has been entered for this Court's order on non-liability, and that order is subject to appeal.

Opinions decided after this Court's dismissal of API's CERCLA § 107 claim support this Court's prior decision.  API relies heavily on the Seventh Circuit's recent decision in *Bernstein v. Bankert*, 702 F.3d 964, 978-80 (7th Cir. 2012).  *Bernstein* does not support API's argument for reconsideration because this Court's order dismissing API's CERCLA § 107 claim was consistent with the reasoning in *Bernstein*.  In *Bernstein* the Seventh Circuit evaluated costs

incurred under two separate Administrative Orders separately to determine whether CERCLA § 113 had been triggered for both "buckets" of costs. 702 F.3d at 985. The Seventh Circuit concluded that CERCLA § 113 had been triggered for one bucket but not for the other, and that the plaintiff therefore had a CERCLA § 107 claim for one group of costs and a CERCLA § 113 claim for another group of costs. Like the *Bernstein* court, this Court considered whether each "bucket" of costs alleged by API could be recovered under CERCLA § 113. This Court did not conclude that, because the 2001 Consent Decree had triggered a right to contribution under CERCLA § 113, any costs incurred by API at any time were recoverable only under CERCLA § 113. *See* Dkt. 227 at 13 ("If, on the other hand, some of their payments can not be recovered under 113(f), then their § 107(a) claim survives."). This Court concluded that the 2001 Consent Decree triggered a 113 claim for any payments API made to discharge their potentially common liability at the site. Dkt. #227 at 14. *Bernstein* does nothing to change that analysis. Indeed, Bernstein only reinforces this Court's decision by holding that a cost recovery action is unavailable where a contribution action exists. 702 F.3d at 978-80.[1]

Because API has a valid CERCLA § 113 claim, this Court's prior order dismissing its CERCLA § 107 claim must stand. Indeed, this Court has repeatedly considered, evaluated, and rejected API's misplaced attempts to assert a CERCLA § 107 claim given the procedural posture of this matter. In its July 5, 2011 Order dismissing API's CERCLA § 107 claim against Georgia-Pacific in the Enforcement Case, for example, the Court explained that "I have addressed at length the reasons why a PRP in the position of API and NCR cannot bring a § 107 claim against other PRPs" and noted that although "these matters have already been litigated at

---

[1] The *Bernstein* court was well aware of this Court's decision dismissing API's CERCLA § 107 claim, and cited the opinion favorably. 702 F.3d at 983.

4

great length . . . Nothing of substance has changed." *See* Enforcement Action ("EA"), Dkt #171, at 2-3. API should not be allowed to re-litigate an issue that has already been properly decided by this Court. *See, e.g., United States v. Menominee Tribal Enterprises*, 2009 WL 1373952, *1 (E.D. Wisc. May 15, 2009) (Griesbach, J.) (denying motion for reconsideration and noting that "[f]ederal district courts have hundreds of civil and criminal cases that require attention, and a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold."); *Securities and Exchange Commission v. Wealth Management, LLC*, 2012 WL 2589319, *2 (E.D. Wisc. July 3, 2012) (Griesbach, J.) (denying motion for reconsideration because"[a]llowing a do-over now would waste judicial resources and would not serve the interests of justice.").

### III. API HAS NOT INCURRED RESPONSE COSTS UNDER CERCLA § 107

Even if this Court were to conclude that API did not have a CERCLA § 113 claim, API has no claim under CERCLA § 107 because it has incurred no response costs. Throughout its brief, API ignores this basic pre-requisite to recovery. Instead, API jumps ahead to the argument that, because it does not have a claim under CERCLA § 113, it must have a claim under CERCLA § 107. API is wrong. API is out of pocket nothing beyond what it contractually obligated itself to pay. In its 1998 Settlement Agreement with NCR, API obligated itself to pay a portion of NCR's costs arising from PCB contamination of the Lower Fox River. API did not contractually agree to clean up the polluted site, nor did it agree to perform the actual cleanup. In what API describes as a "private financial arrangement between API and NCR" that is "in the nature of indemnity," API agreed only to a contractual allocation of costs related to the cleanup of the Fox River – an allocation that would be applied irrespective of API's actual liability at the Site. EA Dkt. #197 at 1. That obligation was reduced to a final, binding judgment in February 2007 – nine months before the government even issued its Section 106 Order – when a federal

5

court confirmed an arbitration panel's 2005 decision that API is obligated to reimburse NCR for 60% of its cleanup costs at the Fox River. EA Dkt. #197 at 7; EA Dkt. 144-3.

API's status as NCR's indemnitor has already been established by this Court. EA Dkt. #349. API took great pains to describe itself as NCR's indemnitor when it sought to avoid CERCLA § 107 liability in the parallel enforcement case. API asserted in its brief in support of its motion for summary judgment that the "**sole obligation** of API regarding the Fox River contamination is as a **partial indemnitor** (jointly and severally with BAT) to NCR pursuant to the 1998 Settlement Agreement." EA Dkt. 197 at pp. 16-17, emphasis added. *See also* EA Dkt. 138-1 at p. 9 ("API's obligations to NCR under the 1998 Settlement Agreement are, therefore, analogous to those of an indemnitor. As a matter of law, an agreement to indemnify does not render the indemnitor a liable party under CERCLA in its own right.") API also pointed to Judge Zuidmulder's decision in *Columbia Casualty v. Appleton Papers, Inc.*, Brown County Case No. 05-CV-36, to say that it had already been judicially determined that the 1998 Settlement Agreement and the 2005 arbitration decision were not an assumption of liability, but rather represent a cost-sharing arrangement between NCR and API, in the event that **either of them** were, eventually, determined to be liable parties under CERCLA" EA Dkt. 143 at p. 21, emphasis added. API repeatedly assured this Court that any ruling that API did not assume NCR's liability would not affect its **indemnification obligations** to NCR since those obligations arose under the 1998 Settlement Agreement. EA Dkt. #124-1 at pp. 16-18; EA Dkt. #197, p. 16 n.6). Having represented itself to this Court as NCR's indemnitor to avoid CERCLA § 107 liability, API cannot now say otherwise. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (A party that succeeds in maintaining a certain position in a legal proceeding may not, simply because its interests have changed, assume a contrary position in the same case or in a

separate lawsuit, particularly where it would prejudice the other party involved. This rule of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.") So, API must be held to its prior position – its "sole obligation" regarding the Fox River contamination is and always has been as NCR's indemnitor.

As an indemnitor, API has not itself incurred response costs and cannot bring a CERCLA § 107 claim. As the Supreme Court has said:

> § 107(a) permits recovery of cleanup costs but does not create a right to contribution. A private party may recover under § 107(a) without any establishment of liability to a third party. Moreover, § 107(a) permits a PRP to recover only the costs it has "incurred" in cleaning up a site. 42 U.S.C. § 9607(a)(4)(B). When a party pays to satisfy a **settlement agreement** or a court judgment, it does not incur its own costs of response. Rather, it reimburses other parties for costs that those parties incurred.

*Atl. Research Corp.*, 551 U.S. at 139 (emphasis added). Here, it is clear that API is paying pursuant to its **settlement with NCR**. EA Dkt. 197 at pp. 16-17 and EA Dkt. 138-1 at p. 9.

The Ninth Circuit recently upheld the dismissal of a CERCLA § 107 claim brought by an insurer who, like API, had paid for environmental cleanup costs pursuant to a private agreement. *Chubb Custom Ins. v. Space Systems/Loral, Inc.*, 710 F.3d 946 (9th Cir. 2013). In *Chubb*, the insurer had reimbursed its insured for $2.4 million dollars in environmental response costs incurred by its insured in cleaning up a contaminated site. The Ninth Circuit concluded that the insurer had no standing to bring suit under CERCLA 107(a) because it did not itself incur any costs of response related to the removal or remediation of a polluted Site. *Id*. at 952-53, 962. Because the insurer was only obligated pursuant to the agreement to reimburse the insured for cleanup costs (not to conduct the cleanup), the insurer had not itself incurred response costs

7

within the meaning of CERCLA § 107. *Id*. at 962.² The court concluded that, just as a PRP does not incur its own costs of response by reimbursing other parties' response costs, the insurer had not incurred response costs "solely by virtue of reimbursing [the insured's] response costs." *Id*. at 964. So too here, where API as indemnitor has only reimbursed NCR for response costs NCR incurred.

API acknowledges that, as an indemnitor, it is not liable for response costs under CERCLA, but only contractually responsible for those costs pursuant to an independent agreement. EA Dkt. # 197. Therefore, API, who has only reimbursed response costs pursuant to contract, has not itself incurred response costs. *See Chubb*, 710 F.3d at 962. Likewise, in *Calif. Dept. of Toxic Substances Control v. City of Chico*, 297 F. Supp. 2d 1227, 1233 (E.D. Cal. 2004), the court dismissed an insurer's CERCLA §§ 107 and 113 claims because it was not a PRP and "[the insurer] ***has not incurred any response costs***; rather it has indemnified [a PRP] for [its] response costs. Its involvement with the . . . Site is exclusively in its capacity as [the PRP's] insurer." *Id*. at 1232 (emphasis added). Because API's sole obligation regarding payment for cleanup of the Fox River contamination was in its capacity as NCR's indemnitor, API has not incurred response costs under CERCLA § 107. So, like any other insurer or indemnitor who has not incurred response costs, API has no claim under CERCLA § 107.

Indeed, the sole basis for API's argument that it has a CERCLA § 107 claim is that it does not have a CERCLA § 113 claim. But API *did* have a CERCLA § 113 claim. It litigated and lost that claim along with NCR. Furthermore, in each of the cases cited by API in support of

---

² Although in *Chubb*, the insurer reimbursed the insured for cleanup costs after the cleanup was completed, the timing of the payments is irrelevant. Neither the agreement nor the arbitration award to which API is bound specify the manner in which payment is to be made, and neither obligate API to pay vendors directly. The manner in which API opted to structure its payment is irrelevant to the ultimate fact that – as API has repeatedly argued - API's only obligation was to indemnify NCR for response costs incurred by NCR.

8

its argument, there was no dispute that the party permitted to bring a CERCLA § 107 claim (due to the absence of a § 113 claim) had itself incurred costs of response.  *See* API Br., Dkt. # 1490, at 8-9; *Bernstein v. Bankert*, 702 F.3d 964 (7th Cir. 2012) (response costs were incurred for work undertaken pursuant to Administrative Orders on Consent); *Solutia, Inc. v. McWane, Inc.*, 726 F.Supp.2d 1316 (N.D. Ala. 2010) (plaintiff incurred response costs by conducting cleanup work itself); *Morrison Enterprises, LLC v. Dravo Corp.*, No, 08-CV-3142, 2009 WL 4330224 (D, Neb. Nov. 24, 2009) (same); *W.R. Grace & Co. – Conn. v. Zotos Int'l, Inc*., 559 F.3d 85 (2d Cir. 2009) (plaintiff PRP itself incurred costs by investigating and remediating the site); *Ford Motor Co. v. Mich. Consol. Gas Co.*, No. 08-CV-13503, 2009 WL 3190418 (E.D. Mich. Sept. 29, 2009) (plaintiffs incurred costs by conducting response activities).  That is not the case here, where API as indemnitor has not itself incurred response costs.

API's citations to this Court's prior opinions are similarly irrelevant.  When this Court first dismissed API's CERCLA § 107 claim in August 2008, it did so because CERCLA § 113 was available to API.  Dkt. 227 at 11.  At that time, API alleged that it was jointly and severally liable with the other PRPs and the effect of API's status as NCR's indemnitor was not before the Court.  API eventually asserted its indemnitor status.  In April 2012, this Court concluded in the enforcement action that API is not liable under CERCLA for Fox River costs.  EA Dkt. 349; API Br. at 6.  API's briefing of its motion for non-liability under CERCLA clearly asserted that its only obligation for Fox River costs was in its capacity as NCR's indemnitor pursuant to a private agreement.  *See supra* at 6-7.   In light of API's position as indemnitor, this Court must now conclude that API cannot have a CERCLA § 107 claim because it has not itself incurred response costs.

9

## IV. API'S RELIEF UNDER CERCLA IS TO PURSUE REIMBURSEMENT FROM THE SUPERFUND UNDER § 106(B)(2)(C)

If API has, as it claims, incurred response costs as an innocent party, its remedy is reimbursement from the Superfund under CERCLA § 106(b)(2). Section 106(b)(2) allows any person who has complied with an administrative order issued by EPA or another federal agency under section 106(a) of CERCLA to petition for reimbursement of the reasonable costs incurred in complying with the order, plus interest. 42 U.S.C. § 9606(b)(2). To establish a claim for reimbursement, a petitioner must demonstrate it was not liable for response costs under CERCLA § 107(a).

The Seventh Circuit has expressly recognized CERCLA § 106(b)(2) as the appropriate mechanism for relief for a party wrongfully forced to incur response costs. *Employers Ins. v. Browner*, 52 F.3d 656, 662 (7th Cir. 1995) (identifying CERCLA § 106(b)(2) as an available route of recovery for an allegedly innocent party to recover cleanup costs incurred under a government order); see also *Kelley v. EPA*, 15 F.3d 1100 (D.C. Cir. 1994) (recognizing the ability of parties who have incurred response costs to seek reimbursement under CERCLA § 106(b)(2)). No party is more aware of this avenue of relief than API, who has already petitioned EPA for reimbursement of response costs.

On June 8, 2012, API filed with the Environmental Appeals Board a Petition for Reimbursement of Costs under CERLCA § 106(b)(2)(C) seeking reimbursement of $174 million in costs. EA Dkt. #436 at Ex. 1. API's Petition was dismissed without prejudice as not ripe for review on December 18, 2012, because this Court's order on non-liability was subject to revision before entry of final judgment or reversal on appeal. *Id*. at 5. If API truly believes that it was wrongfully forced to incur response costs in compliance with the EPA's 2007 UAO, it can re-

assert that claim before the Environmental Appeals Board when the matter is ripe for review. API is in no way precluded from re-filing its Petition when the matter is ripe for review. *Id*. at 7.

## CONCLUSION

API has already fully prosecuted the CERCLA § 113 claim that this Court held in 2008 was available to it. Neither this Court's order on non-liability nor any intervening case law changes that. API cannot have a CERCLA § 107 claim because, as an indemnitor, API has merely reimbursed NCR for response costs and stands in the shoes of NCR. API cannot now claim that it has, in fact, itself incurred response costs and is entitled to a claim under CERCLA § 107. Permitting a CERCLA § 107 claim here would allow API to shift its own contractual obligations to other parties, who the court has here concluded should not be responsible for any of the costs of cleaning up the Fox River Site. The proper mechanism for API to seek relief is a petition for reimbursement under CERCLA is § 106(b)(2), which API is already pursuing.

This 13th day of May, 2013.                                       Respectfully Submitted,

Georgia-Pacific Consumer Products
LP (f/k/a Fort James Operating
Company), Fort James Corporation
and Georgia-Pacific LLC
By its Counsel

s/ Mary Rose Alexander

Mary Rose Alexander
*IL Bar No. 6205313*
*CA Bar No. 143899*
Margrethe K. Kearney
*IL Bar No. 6286559*
LATHAM & WATKINSLLP
233 S. Wacker Dr.
Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700

Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com
Margrethe.Kearney@lw.com