**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

APPLETON PAPERS INC. and
NCR CORPORATION,

        Plaintiffs,

        v.                                                 No. 08-CV-0016

GEORGE A. WHITING PAPER COMPANY, *et al.*,

        Defendants.

---

NCR CORPORATION,

        Plaintiff,

        v.                                                 No. 08-CV-0895

KIMBERLY-CLARK CORPORATION, et al.

        Defendants.

---

**AMENDED JUDGMENT**

---

        WHEREAS, NCR Corporation ("NCR") and Appleton Papers Inc. ("API") (collectively, "Plaintiffs") filed their Complaint on January 7, 2008 (Dkt. #1)[1];

        WHEREAS, Plaintiffs jointly filed the Seventh Amended Complaint on September 29, 2008 (Dkt. #265), and API individually filed the Eighth Amended Complaint on October 5, 2012 (Dkt. #1438), with leave of Court;

---

[1] Unless otherwise noted, references herein to "Dkt. ___" are to the indicated document filed under Case No. 08-cv-0016-WCG.

WHEREAS, NCR filed a Complaint on October 22, 2008, against Kimberly-Clark Corporation, Lafarge North America Inc, Union Pacific Railroad Company and the United States of America (the "United States") in Case No. 08-cv-895 (No. 08-cv-895, Dkt. #1);

WHEREAS, the Court granted NCR's motion to consolidate Case No. 08-cv-895 into Case No. 08-cv-00016 on January 7, 2009 (Dkt. #375);

WHEREAS, NCR filed an Amended Complaint against Kimberly-Clark Corporation, Lafarge North America Inc, Union Pacific Railroad Company and the United States in the consolidated case on January 20, 2009 (Dkt. #384);

WHEREAS, the Defendants filed responsive pleadings, some of which included counterclaims, as follows: Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation and Georgia-Pacific LLC (collectively, "GP") (Dkt. #310); CBC Coating, Inc. ("CBC") (Dkt. #302, #327, #1081); Menasha Corporation ("Menasha") (Dkt. #293); P.H. Glatfelter Company ("Glatfelter") (Dkt. #298); U.S. Paper Mills Corporation ("U.S. Paper") (Dkt. #240, #283); WTM I Company ("WTM") (Dkt. #300); the City of Appleton (Dkt. #258); Neenah-Menasha Sewerage Commission ("NMSC") (Dkt. #261); NewPage Wisconsin System Inc. ("NewPage") (Dkt. #359); Kimberly-Clark Corporation (Dkt. #389); City of Green Bay (Dkt. #268); Brown County (Dkt. #288); United States (Dkt. #415); and the "*De Minimis* Defendants"[2] (collectively, "Defendants");

---

[2] The "*De Minimis* Defendants" are: City of De Pere; George A. Whiting Paper Company; Green Bay Metropolitan Sewerage District; Green Bay Packaging, Inc.; Heart of the Valley Metropolitan Sewerage District; International Paper Company; Lafarge North America Inc.; Leicht Transfer & Storage Co.; Neenah Foundry Company; the Procter & Gamble Paper Products Company; Union Pacific Railroad Company; and Wisconsin Public Service Corp.

2

WHEREAS, all claims raised in Plaintiffs' Seventh Amended Complaint and related pleadings have been resolved by this Court (Dkt. #227, #751, #795, #850, #851, #856, #1055, #1080, #1462, #1463);

WHEREAS, all counterclaims filed by Defendants[3] have been resolved by this Court (Dkt. #1080, Dkt. # 1114; #1191, #1405, #1422, #1423, #1429, #1437, #1461, #1463, #1464, #1465, #1457, #1482, #1502);

NOW, THEREFORE, following the orders set forth above and trial before the Court, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Judgment is entered in favor of each Defendant and against each Plaintiff on (a) the claim for relief under 42 U.S.C. § 9607 asserted in Plaintiffs' Fifth Amended Complaint (Dkt. #149); (b) all claims asserted in Plaintiffs' Seventh Amended Complaint (Dkt. #265); and (c) all claims asserted in NCR's Amended Complaint (Dkt. #384).

2. Judgment is entered in favor of each Defendant and against API on the claim of subrogation asserted in the alternative in API's Eighth Amended Complaint (Dkt. #1438) on the ground that such subrogation claim is derivative of the rights and claims of NCR and is predicated upon NCR's right to a recovery in this action, which right the Court has denied through this Judgment and underlying rulings.

---

[3] The Defendants that filed counterclaims against NCR and API are referred to collectively herein as the "Counterclaim Defendants". The United States is not one of the Counterclaim Defendants. Rather than asserting counterclaims and/or cross-claims in this action, the United States filed a separate civil action, *United States and the State of Wisconsin v. NCR Corp.*, No. 10-C-910 (E.D. Wis.).

3

Case 2:08-cv-00016-WCG   Filed 06/27/13   Page 3 of 7   Document 1505

3. Judgment is entered in favor of API and against each Counterclaim Defendant on all of those Defendants' counterclaims.

4. Judgment is entered in favor of Plaintiffs and against each Counterclaim Defendant on all of those Defendants' counterclaims predicated on liability under 42 U.S.C. § 9607(a)(3) (Dkt. #1320 at 4-5; Dkt. #1405).[4]

5. Judgment is entered in favor of NCR and against each Counterclaim Defendant on all of those Defendants' counterclaims arising under the laws of the State of Wisconsin or any other state. (Dkt. #1437)

6. On GP's counterclaim for contribution under CERCLA, judgment is entered in favor of GP and against NCR in the amount of $70,804,912, which includes the final insurance offset amount agreed to by GP and NCR (Dkt. #1080, #1405, #1343 (Sealed), #1427).

7. On CBC's counterclaim for contribution under CERCLA, judgment is entered in favor of CBC and against NCR in the amount of $116,593.70, which includes the insurance offset of $233,500 decided by the Court (Dkt. #1080, #1405, #1450, #1461).

8. On NMSC's counterclaim for contribution under CERCLA, judgment is entered in favor of NMSC and against NCR in the amount of $37,041.53 (Dkt. #1080, #1405, #1420, #1423).

---

[4] Nothing in this Final Judgment shall modify or supersede the Court's ruling concerning liability under 42 U.S.C. § 9607 in Civil Action No. 10-CV-0910, Dkt. #668.

9. On WTM's counterclaim for contribution under CERCLA, judgment is entered in favor of WTM and against NCR in the amount of $750,000, which includes a stipulated insurance/indemnity offset of $1,430,930 (Dkt. #1080, #1405, #1456, #1473; *In re Canal Corp.*, 08-36642-DOT (Bankr. E.D. Va.), Dkt. #1857 (Bankruptcy Court Order approving the NCR/WTM stipulation).

10. On Glatfelter's counterclaim for contribution under CERCLA, judgment is entered in favor of Glatfelter and against NCR in the amount of $4,283,114.13. (Dkt. #1080, #1405, #1502).

11. On U.S. Paper's counterclaim for contribution under CERCLA, judgment is entered in favor of U.S. Paper and against NCR in the amount of $0, because U.S. Paper was reimbursed for its past counterclaim costs by its insurers (Dkt. #1479, #1501).

12. All other Counterclaim Defendants shall recover nothing from NCR for past response costs.

13. A declaratory judgment is entered in favor of each Counterclaim Defendant declaring that NCR is liable for future response costs incurred by each Counterclaim Defendant in connection with Operable Unit ("OU") 2-5 of the Lower Fox River Site (the "Site") that are properly recoverable under CERCLA, subject to any insurance/indemnity offsets that apply to those future response costs as determined by the Court (*see* Dkt. #1080, #1405) (except as set forth in the confidential agreement between Plaintiffs and GP concerning the insurance offset amount (Dkt. #1343) (sealed)).

14. A declaratory judgment is entered in favor of each Counterclaim Defendant declaring that NCR is liable for future natural resource damages (Dkt. #1191 at 6) incurred by each Counterclaim Defendant in connection with OU2-5 of the Site that are properly recoverable under CERCLA, subject to any insurance/indemnity offsets that apply to those future damages as determined the Court (*see* Dkt. #1080, #1405) (except as set forth in the confidential agreement between Plaintiffs and GP concerning the insurance offset amount (Dkt. #1343) (sealed)).

15. This Court shall retain jurisdiction over any disputes concerning recoverability of future response costs related to the Site, recoverability of future natural resource damages (Dkt. #1191 at 6) related to the Site and/or future insurance/indemnity offsets related to those future costs and damages, including to resolve any motion for additional relief based on a declaratory judgment pursuant to 28 U.S.C. § 2202.

16. For the Counterclaim Defendants specified in Paragraphs 6-10, NCR shall pay post-judgment interest on the specified judgment amount for that Counterclaim Defendant from the date of judgment to the date of payment, as provided under 28 U.S.C. § 1961.

17. Nothing in this Final Judgment shall affect the right of any party to appeal any of the Court's orders in this action or to seek to stay enforcement of any judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(d) and Civil L.R. 62 (except as set forth in the stipulation between Plaintiffs and the Pending/Dismissed *De Minimis* Defendants (Dkt. #1457), and in the Order approving that stipulation (Dkt. #1482); and the stipulation between NCR and WTM (Dkt. #1456), and in the Order approving that stipulation (Dkt. #1473)). If NCR files a notice of appeal from this Final Judgment, NCR and the Counterclaim Defendants listed in Paragraphs 6-10 shall negotiate in good faith to fix the amount of the supersedeas bond.

In the event that an agreement cannot be reached, those parties will notify the Court and seek relief if needed. Except as set forth herein, the parties shall comply with any requirements in Federal Rule of Civil Procedure 62(d) and Civil L.R. 62.

18. This Final Judgment is without prejudice to any rights that parties may have under the Fox River Group agreements, except that the amount of any judgment awarded in this Final Judgment shall not be recovered twice.

19. Pursuant to Civil L. R. 54(a)(2), the parties agree that the filing of the bill of costs shall be delayed until after the appeal is decided.

20. Nothing in this Final Judgment shall modify or supersede the terms of the Stipulation Between Plaintiffs and the Pending/Dismissed *De Minimis* Defendants (Dkt. #1457), and the Order approving that stipulation (Dkt. #1482).

Dated this   27th   day of June, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court