# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

APPVION, INC. and NCR CORP.,

        Plaintiff,

    v.                                    Case No. 08-C-16

P.H. GLATFELTER CO., et al.,

        Defendants.

## DECISION AND ORDER

Defendant P.H. Glatfelter Co. has moved for sanctions and to compel production of documents it says Plaintiff Appvion is wrongfully withholding. For the reasons given below, the motion will be denied.

The parties debate whether the documents in question were already ordered to be produced in this court's order of November 10, 2015. Glatfelter says that the documents are responsive to one of its interrogatories and several of its requests for production. Appvion disagrees, stating that Glatfelter's prior motion to compel identified specific documents being requested without mentioning any of the documents now being sought. At best, it appears that the previous decision, in which I denied Appvion's motion for a protective order, only *arguably* applied to the documents now being sought explicitly. Because it is unclear, I could not conclude that Glatfelter is entitled to sanctions, nor that Appvion has been in violation of a clear order to produce documents.

The bigger question is relevance. Glatfelter seeks the documents in order to explore in what capacity Appvion was making various payments during the period it was deemed a PRP. Was it

making payments as an indemnitor, in which case § 107(a) is not available, or was it doing so as a PRP? Appvion argues that the Seventh Circuit has already ruled on this issue, finding that during the time period when Appvion was deemed a PRP by the government, it was acting as a "constructive volunteer" and thus its payments were being made in that capacity, rather than as an indemnitor. At that stage of the case, the problem the court was addressing was the fact that Appvion, no longer considered a PRP, was not jointly liable with the other PRPs and thus could not resort to § 113 to recover its payments. The Seventh Circuit's discussion of that complicated problem is worth quoting at length:

> [T]he district court decided that Appvion had not assumed Appleton Coated Paper Company's CERCLA liability when it was sold by NCR, and that the liability remained with NCR as a matter of contract.
> This ruling created a conceptual problem, because Appvion already had incurred costs of compliance under the 2007 order. The district court sidestepped the question—apparently of first impression—whether a party formerly identified as a PRP but later found not to have that status (and thus not to be liable under CERCLA) could recoup its costs under section 107(a), 113(f), neither, or both. Instead, the court found that Appvion had agreed to indemnify NCR for CERCLA costs as part of an earlier settlement agreement between the companies. . . . The court held that whatever costs Appvion had incurred could not be traced to CERCLA; they were incurred instead pursuant to the indemnity agreement. . . .
> In the run-of-the-mill case, a rule that a CERCLA indemnitor (here, Appvion) is limited to proceeding through its indemnitee would be sound.
> . . .
> This case, however, does not fit the normal pattern. Appvion was not acting as an indemnitor when it paid the response costs it now seeks to recover; as of then, it was a PRP.

*NCR Corp. v. George A. Whiting Paper Co.,* 768 F.3d 682, 693 (7th Cir. 2014).

Thus, the Seventh Circuit concluded that the best "fit" for Appvion's situation was a cost recovery claim under § 107.

> That leaves us with section 107(a). It turns out to be a reasonably good fit, if one characterizes Appvion's response payments as constructively voluntary. When it

2

turned out that Appvion could not legally be bound to pay the response costs that it had already paid under the order, the nature of those payments had to be reconsidered. Had Appvion been properly characterized from the start, any payments it might have made would have been wholly voluntary. It makes sense, we think, to apply that lack of compulsion retroactively. . . . Appvion is therefore entitled to bring a section 107(a) action against the PRPs sharing liability for the Lower Fox River site. . . . We stress that this action is available not because Appvion is NCR's indemnitor, but precisely because it was *not* indemnifying NCR when it incurred these response costs. Section 107(a) is not available for the recovery of any costs that arise through Appvion's indemnity agreement; we agree with the Ninth Circuit's holding in Chubb that the company qua indemnitor is limited to its indemnitee's CERCLA remedies.

*Id.* at 694 (emphasis in original).

Appvion views the above discussion as conclusively ruling that the costs it incurred while erroneously deemed a PRP were costs that did not arise pursuant to its indemnity agreement. Glatfelter, however, believes that the issue is still open, or at least that a discovery motion is not the proper place to resolve the question. In its view, the key question remains, which is whether the expenses Appvion paid were paid as indemnity payments or as a PRP. For support, Glatfelter seizes on two sentences quoted above: "Section 107(a) is not available for the recovery of any costs that arise through Appvion's indemnity agreement; we agree with the Ninth Circuit's holding in Chubb that the company *qua* indemnitor is limited to its indemnitee's CERCLA remedies." *Id.* In its view, there is still a distinction between "costs that arise through Appvion's indemnity agreement" and costs it incurred as a PRP.

Upon examination, it is difficult to read the Seventh Circuit's decision in a way that leaves the question open. At some length, the court discussed *this* court's conclusion that Appvion had acted as an indemnitor, and it found that such a conclusion might have been sound in a "run-of-the-mill case." "This case, however, does not fit the normal pattern. Appvion was not acting as an

3

indemnitor when it paid the response costs it now seeks to recover; as of then, it was a PRP." *Id.* at 693. It later reiterated (emphasis in original) that Appvion "was *not* indemnifying NCR when it incurred these response costs." This is as clear a holding as can be expected on the issue. First, the court of appeals explicitly disagreed with this court's conclusion that Appvion *had* been acting as an indemnitor, and then it ruled that Appvion was *not* indemnifying NCR when it incurred the costs it was seeking. Accordingly, I agree with Appvion that the documents sought are not relevant.

The motion for sanctions is therefore **DENIED**.


SO ORDERED this 4th day of May, 2016.


                                           /s William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court