# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APPVION, INC. and NCR CORP.,

        Plaintiff,

    v.                               Case No. 08-C-16

P.H. GLATFELTER CO., et al.,

        Defendants.

## ORDER GRANTING MOTION TO CLARIFY

On May 4, 2016, this court issued a decision denying P.H. Glatfelter's motion to compel documents from Appvion. In that decision, I concluded that the Seventh Circuit's decision was a clear holding that Appvion "was not acting as an indemnitor when it paid the response costs it now seeks to recover; as of then, it was a PRP." *NCR Corp. v. George A. Whiting Paper Co.,* 768 F.3d 682, 693 (7th Cir. 2014). Glatfelter, joined by U.S. Paper and the United States, now seeks "clarification" of the May 4 ruling, in effect asking for reconsideration of its premise that the Seventh Circuit had conclusively ruled on the question of the nature of Appvion's payments.

The language the Seventh Circuit employed in its decision was quite clear. However, as Glatfelter and others have pointed out, the context of that court's statements is important as well. Specifically, the court was reversing this court's conclusion that Appvion could not sue under section 107(a): "Because the district court held that Appvion could not sue under section 107(a), we must reverse its decision and remand for further proceedings." *Id.* at 694. In essence, the Seventh Circuit was concluding that Appvion could *sue* under section 107—not that it would *win*

such a lawsuit.  That court was taking the allegations in Appvion's complaint as true, as courts must at that stage of the proceedings.  The factual questions involved in Appvion's ability to recover under that section have not yet been resolved, and therefore Glatfelter is correct that continued discovery on those questions is appropriate.  Accordingly, the motion to clarify is **GRANTED**, as set forth above.

SO ORDERED this 11th day of July, 2016.

  /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2