UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

APPVION, INC. and NCR CORP.,

    Plaintiffs,

v.                                                    Case No. 08-C-16

P.H. GLATFELTER COMPANY, et al.,

    Defendants.

---

### ORDER DENYING RULE 56(d) MOTION

---

Plaintiff Appvion filed a motion for partial summary judgment seeking a ruling that, at the time it incurred the costs it now seeks in this action, it was acting in its role as a potentially responsible party (PRP) rather than pursuant to an indemnity agreement it had with NCR. In response, Defendants P.H. Glatfelter and Georgia-Pacific filed a motion under Fed. R. Civ. P. 56(d), arguing that they need to conduct additional discovery to address some of Appvion's summary judgment arguments. For example, citing the testimony of Paul Karch, its former general counsel, Appvion's summary judgment brief discusses Appvion's subjective reasons for entering into a 1998 settlement. In Karch's view, Appvion's decision to settle was motivated largely by the government's decision to designate Appvion as a PRP. In their Rule 56(d) motion, the Defendants argue that during discovery Appvion cut off many attempts to ask Karch questions about his testimony, and so it would be unfair at this stage to allow Appvion to rely on such evidence in its summary judgment brief.

Appvion argues that its motion is not premised in any way on the subjective mental

impressions of Paul Karch. Instead, it states that judgment may be granted in its favor based solely on undisputed objective facts showing that it was acting as a PRP, and not an indemnitor, when it incurred the costs in question. For example, Appvion did not sit back and wait for NCR to ask for reimbursement, the way a typical indemnitor might. Instead, it paid the costs directly, either in advance or when the invoices came due, just as any directly liable party would pay them. In addition, Appvion was an active participant in the remediation effort, not merely a source of funds.

Without ruling on these arguments, it is now clear that Appvion was not intending to rely in any material fashion on the company's subjective intent in entering into the 1998 settlement agreement. To the extent its argument could be construed otherwise, Appvion's reply brief makes explicit that it is foregoing any reliance on Karch's testimony about corporate motives to show it was a PRP at the time it incurred the costs at issue. (ECF No. 1897.) Accordingly, Georgia-Pacific's and Glatfelter's desire to conduct more discovery on such questions appears motivated by a need that does not exist. In truth, it is difficult to envision how a company's subjective beliefs or intentions could impact the outcome of the question before us, which is whether Appvion was acting as a PRP or an indemnitor. Although that question is admittedly novel within the CERCLA universe, there is nothing within the Seventh Circuit's opinions on these questions that suggests the outcome should turn on subjective factors like intent. Accordingly, the Defendants' Rule 56(d) motion [1880] is **DENIED**. The Defendants may respond to Appvion's motion for summary judgment on or before February 1, 2017. A reply may be filed on or before February 14, 2017.

**SO ORDERED** this 10th day of January, 2017.

          /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2