# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

NCR CORPORATION, *et al.*,

        Plaintiffs,                No. 08-CV-00016-WCG

vs.

GEORGE A. WHITING PAPER COMPANY, *et al.*,

        Defendants.

## STIPULATED PROTECTIVE ORDER

NCR Corporation ("NCR"), Appvion, Inc. ("Appvion"), Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, Georgia-Pacific LLC, P.H. Glatfelter Company, U.S. Paper Mills Corporation, Menasha Corporation, WTM I Company, CBC Coating, Inc., City of Appleton, Neenah-Menasha Sewerage Commission, the United States of America and the State of Wisconsin (individually a "Party" or collectively the "Parties"), recognize that in the course of discovery proceedings it may be necessary for the Parties to disclose certain confidential information, but all Parties wish to ensure that such confidential information shall not be used for any purpose other than the proceedings in this case and case No. 10-910 before this Court (collectively, the "Litigation").

Specifically, the Parties recognize that in the course of discovery proceedings it may be necessary for the Parties to disclose confidential business information, such as materials that a Party believes in good faith contain trade secrets, non-public information relating to customers of any Party, personal information regarding that Party or current and former employees of that

Party, information that the Party has otherwise agreed to keep confidential, or sensitive commercial, financial, technical, marketing or proprietary business information ("Confidential Business Information"). Each Party wishes to ensure that such Confidential Business Information shall not be used for any purpose other than the proceedings in the Litigation.

The Parties further recognize that in the course of discovery proceedings it may be necessary for Plaintiffs to disclose to Defendants, the United States, and the State of Wisconsin certain confidential insurance information such as insurance settlement agreements, policies, and related documents ("Confidential Insurance Information"). Plaintiffs' settlement agreements with their insurers may contain confidentiality provisions imposing various restrictions upon the disclosure of their terms to third parties, and therefore, subject to Paragraph 8, below, Plaintiffs wish to protect the confidentiality of such Confidential Insurance Information to the greatest extent feasible and to ensure that such Confidential Insurance Information shall not be used for any purpose other than the proceedings in the Litigation.

Therefore, to comply with the confidentiality provisions of settlement agreements and for the protection of Confidential Business Information and Confidential Insurance Information (collectively "Confidential Information"), the Parties agree that the handling of all documents and other forms of information in the Litigation shall be subject to the applicable privacy rules set forth in Federal Rule of Civil Procedure 5.2. In addition, the Parties to this Stipulated Protective Order explicitly agree to the following conditions and procedures (which shall also be binding on all parties to the Litigation):

1) <u>Designation and Marking of Documents.</u> Designation of Confidential Information under this Protective Order shall be made by placing or affixing on the document in a manner that will not interfere with its legibility the words "WHITING CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER," or the word "CONFIDENTIAL" accompanied by the case number or other reference sufficient to identify the Litigation.

a) With respect to documents, each page of any document to be covered by this Protective Order that is delivered to any Party shall be stamped or marked with the legend "WHITING CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". With respect to documents produced by NCR prior to the date of execution of this Protective Order, any document bearing a stamp of "CONFIDENTIAL" shall be treated under this Protective Order as if it were stamped "WHITING CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". With respect to documents that were produced in *Georgia-Pacific Consumer Products LP v. NCR Corp.*, No. 11-cv-483 (W.D. Mich.) (the "Kalamazoo Litigation") with a "CONFIDENTIAL" designation and are re-produced in this action, such documents shall be treated under this Protective Order as if it were stamped "WHITING CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Nothing in this order shall prohibit Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation, and Georgia-Pacific LLC (collectively, "Georgia-Pacific") or NCR from producing documents produced by Georgia-Pacific, NCR, or Appvion stamped "WHITING CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in response to reasonable discovery requests made in the Kalamazoo Litigation, provided that the documents are treated as "CONFIDENTIAL" under the protective order entered in the Kalamazoo Litigation (Dkt. 447). For the avoidance of doubt, no document produced by Appvion shall be deemed

3

Case 2:08-cv-00016-WCG   Filed 06/14/19   Page 3 of 10   Document 1929

Confidential Information under this Protective Order unless it is stamped or marked with the legend "WHITING CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". It shall be the duty of all Parties to comply with this Protective Order from the time of such notice that information is to be considered confidential.

b) It shall be the duty of the Party producing Confidential Information (the "Producing Party") to mark or otherwise indicate that such information is covered by this Protective Order and is to be considered Confidential Information.

c) The designation of information as Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

d) A Producing Party is only obligated to provide Confidential Business Information to the Parties requesting or otherwise properly receiving such Confidential Business Information, and is only obligated to provide Confidential Insurance Information to the Parties requesting such Confidential Insurance Information (the "Receiving Parties"). (For the avoidance of doubt, the term "Receiving Parties" refers to both the Party that propounded the discovery request, any other Parties who properly received the Producing Party's Confidential Business Information consistent with Dkt. 252, and any other Parties who propound a subsequent discovery request that seeks the same Confidential Insurance Information previously sought by another Party (in which case, the Producing Party shall respond to the discovery request in the same manner as to the original Receiving Party within five days of either the date of the response to the original Receiving Party or the date of the subsequent Receiving Party's request, whichever is later).)

4

Case 2:08-cv-00016-WCG   Filed 06/14/19   Page 4 of 10   Document 1929

No Receiving Party shall provide any Producing Party's Confidential Information to anyone else, unless it is determined pursuant to Paragraph 5, below, that the confidentiality designation is unwarranted, either by ruling of a court, or by agreement (i) between the Producing Party and the Receiving Party, for Confidential Business Information, or (ii) among the Producing Party, its insurer and the Receiving Party, for Confidential Insurance Information.

e) Disclosure of information extracted from documents or deposition testimony that contains Confidential Information is authorized only with written consent from the Producing Party, absent a ruling of a court or agreement in accordance with subparagraph d), above. All copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated as Confidential Information shall also be deemed Confidential Information. Unauthorized disclosure of information extracted from documents or deposition testimony designated as Confidential Information is prohibited.

2) <u>Depositions.</u> All testimony taken by deposition in the Litigation that is related to any Party's Confidential Information, whether by subpoena or notice of taking deposition, will be subject to the terms of this Protective Order. Only the Producing Party, the Receiving Parties and their respective counsel, employees, consultants or experts, as identified in Paragraph 3, below, may attend such depositions (or portions of a deposition relating to a Producing Party's Confidential Information). In addition, transcripts of such depositions shall be presumed to be Confidential Information for ten business days after the receipt of transcript, during which time the Producing Party may designate portions of

5

the testimony as Confidential Information by providing to counsel for the Party who took the deposition a written description, specifying the pages and line numbers that are to be designated as Confidential Information. A Producing Party also may make that designation on the record at the time of the deposition. The cover and each page of a deposition transcript containing testimony that is Confidential Information shall be marked as required by Paragraph 1. Counsel for any Party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this Protective Order.

3) Material designated as Confidential Information shall be viewed only by the Producing Party, the Receiving Parties, and their counsel, except that disclosures may be made in the following circumstances:

   a) Disclosure may be made to employees of counsel for the Producing Party or Receiving Parties who are assisting with or working on the Litigation. Any such employee to whom counsel for the Producing Party or Receiving Parties makes a disclosure shall be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

   b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

   c) Disclosure may be made to vendors, consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Producing Party or Receiving Parties, or by counsel for the Producing Party or Receiving

6

Parties, to assist in their work on the Litigation. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

4) <u>Filing With Court.</u>

    a) Written material containing Confidential Information shall be e-filed with the Court in accordance with the rules on "Filing Restricted and Sealed Documents" published by the Eastern District of Wisconsin in March 2015 (the "Rules"). The parties shall e-file all such material as either "restricted to the case participants" or "sealed", as those terms are described in the Rules. All pages of such material shall be stamped or marked with the legend "WHITING CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".

    b) Pursuant to General L.R. 79(d)(4) the Court finds that good cause exists for the submission under seal of written materials, deposition excerpts, motions, declarations, testimony and exhibits which contain Confidential Insurance Information and no further motion to seal is required.

5) <u>Challenge to Confidentiality Designation.</u> If a Receiving Party wishes to challenge a designation of a document or deposition testimony as Confidential Information, counsel for the Receiving Party shall first request of the Producing Party's counsel in writing one or more of the following: (1) consent to a specified disclosure of the document or deposition testimony, or a portion thereof, or (2) the voluntary withdrawal of the designation. For Confidential Insurance Information, the Producing Party shall respond to such a request in consultation with its insurer. The Producing Party and Receiving

7

Party, together with the Producing Party's insurer for Confidential Insurance Information, shall attempt to resolve such a request by agreement prior to seeking relief from the Court. In the event no resolution is reached, the designation of confidentiality may be challenged by the opponent upon motion, subject to the provisions of Civil L.R. 26(e). Until and unless any challenge to the confidentiality of Confidential Information is resolved in the movant's favor, all documents and/or deposition testimony shall remain protected under this Order as set forth herein.

6) <u>Final Determination.</u> On or before July 30, 2019, all Parties in receipt of Confidential Information, shall use reasonable efforts to destroy all Confidential Information in their possession, subject to any state or federal record keeping obligations such as the Federal Records Act, 44 U.S.C. Chapter 31 or the Wisconsin Public Records Law, Wis. Stat. §§ 13.31-37. The receiving Party's reasonable efforts shall not require the return or destruction of Confidential Information from: (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) departed employee data, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Information, but such retained information shall continue to be treated in accordance with this Protective Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), internal and external correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information to any person, except

pursuant to court order or as otherwise required by law. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Further, at the request of any Party, and again upon final determination of the Litigation, the Clerk of the Court shall return any item filed under seal to the filing Party. After the final determination of the Litigation, the provisions of this Protective Order shall continue to be binding upon all counsel, and the Parties and their officers and employees, witnesses, and all others subject to this Protective Order.

7) <u>Disclosure.</u> The inadvertent or unintentional disclosure of Confidential Information by any Party shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed. In the event of such an inadvertent disclosure, the Producing Party may thereafter assert a claim or designation of confidentiality and promptly provide replacement media containing documents properly marked as Confidential Information. Thereafter, the Receiving Party must immediately return or destroy the original documents and all copies of the same to the Producing Party and make no use of such documents.

8) <u>Privilege and Non-Waiver of Rights.</u> Nothing in this Protective Order shall require (a) production of Confidential Insurance Information or Confidential Business Information, or (b) disclosure of material that counsel for a Party or a third party contends is (1) protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, the mediation privilege, the settlement privilege and/or any other applicable privilege, or (2) not subject to discovery or disclosure under Federal Rule of Civil Procedure 26 or any other applicable discovery protection. No party's consent to entry of this Protective Order shall constitute, or be

9

deemed to constitute, a waiver of any ground or basis for objecting to a discovery request.

SO, ORDERED on June 14, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court